DAVID L. ANDERSON (CABN 149604)
United States Attorney

BENJAMIN KINGSLEY (CABN 314192)
Acting Criminal Chief

KYLE F. WALDINGER (CABN 298752)
NICHOLAS J. WALSH (CABN 314290)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Email: kyle.waldinger@usdoj.gov
    Email: nicholas.walsh@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 20-0266 WHA |
| Plaintiff, | UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS INFORMATION WITH PREJUDICE |
| v. | |
| MICHAEL BRENT ROTHENBERG, a/k/a MIKE ROTHENBERG, | |
| Defendant. | |

    The United States respectfully submits its Opposition to defendant Michael Rothenberg's *pro se* Motion to Dismiss Information with Prejudice. *See* Dkt. 8. For the reasons set forth below, the Court should deny the requested relief.

**I.    Instituting this Criminal Case by Filing an Information was Appropriate and Rothenberg's Motion to Dismiss Should Be Denied or Held in Abeyance**

    Rothenberg's Motion assumes that the Information is unconstitutional because Rothenberg did not waive his right to prosecution by indictment. But this assertion assumes too much. No one questions that, absent a waiver, the Fifth Amendment to the U.S. Constitution and Federal Rule of Criminal Procedure 7(b) require that offenses punishable by imprisonment for more than one year be

USA'S OPP. TO MTN. TO DISMISS
CR 20-0266 WHA

prosecuted by indictment. It does not follow, however, that the filing of an information without a waiver from the defendant "should be deemed [an] unconstitutional" violation warranting immediate dismissal of that information with prejudice. *See* Dkt. 8, at 4 (seeking dismissal "with prejudice and without delay"). To the contrary, "Rule 7(b) does not forbid filing an information without a waiver; it simply establishes that prosecution may not proceed without a valid waiver." *United States v. Burdix-Dana*, 149 F.3d 741, 742 (7th Cir. 1998) (citing *United States v. Cooper*, 956 F.2d 960, 962 (10th Cir. 1992)); *id.* ("[W]e do not believe that the absence of [a] waiver makes the filing of an information a nullity.").

The Information here accomplishes two important purposes. First, along with the Criminal Complaint, *see* Dkt. 1, it permits the Court to require the defendant to appear for further proceedings on the specific charges. Second, the Information provides formal notice of the charges and satisfies the statute of limitations. As several courts have held, "filing a 'waiverless' criminal information with the clerk's office 'institutes' it for purposes of . . . [the] statute of limitations." *United States v. Stewart*, 425 F. Supp. 2d 727, 729 (E.D. Va. 2006); *see also Burdix-Dana*, 149 F.3d at 742 ("[T]he filing of the information is sufficient to institute it within the meaning of 18 U.S.C. § 3282."); *United States v. Marifat*, 17-CR-189, 2018 WL 1806690, at *2-*3 (E.D. Cal. Apr. 17, 2018) (holding that information was timely for purposes of statute of limitations, regardless of whether prior waiver of indictment was valid); *United States v. Pennant*, 04-CR-828, 2009 WL 364974, at *3 n.7 (E.D. Pa. Feb. 11, 2009) (noting that information was "arguably valid" under *Burdix-Dana* and similar cases); *United States v. Watson*, 941 F. Supp. 601, 603 (N.D. W. Va. 1996) ("an information is 'instituted' when it is filed with the clerk of court"); 18 U.S.C. § 3282(a) (providing that, for most non-capital offenses, "no person shall be prosecuted . . . unless the indictment is found or *the information is instituted* within five years next after such offense shall have been committed") (emphasis added). *But see United States v. Machado*, 04-CR-10232, 2005 WL 288621, at *3 (D. Mass. Nov. 3, 2015) (holding that information filed "before the statute of limitations had run[] was not properly 'instituted' because it was not accompanied by a valid waiver of indictment"). This is not a theoretical exercise here; at least one charged wire was arguably subject to being time-barred absent the institution of a formal charging document. *See, e.g.*, Dkt. 2, Ct. 18.[1] For all of the above reasons, the Court need not dismiss the Information on the grounds

---

[1] The United States and the defendant also had previously entered into a tolling agreement that

asserted by the defendant.

In addition, the United States anticipates obtaining an indictment in the near future, which would both overcome the hurdle presented by Rule 7(b) and address the defendant's objections. Moreover, there is still a pending Criminal Complaint as to which a magistrate court appearance is scheduled later this month, and, absent the return of an indictment or continued waiver of time by the defendant under Rule 5.1 and the Speedy Trial Act, proceedings with respect to the charge in the Criminal Complaint will continue to take place. Furthermore, defense counsel has yet to be identified with respect to the Criminal Complaint and Information. Accordingly, for all of the reasons set forth above, the United States requests that the Court deny defendant Rothenberg's Motion at this time. In the alternative, the United States requests that the Court hold the motion in abeyance for a short period to allow the United States to obtain an indictment and to allow counsel to be identified.

## II. Should the Court Dismiss the Information, Dismissal with Prejudice is Inappropriate

If the Court does dismiss the Information, it should do so *without* prejudice, despite the defendant's request that it do otherwise. *See* Dkt. 8, at 4 (requesting dismissal "with prejudice"). The Ninth Circuit has held that such a "harsh remedy" is warranted only when the record contains "facts or allegations of misconduct by the government" or "demonstrable prejudice or substantial threat thereof" to the defendant if dismissal is not without prejudice. *United States v. Hattrup*, 763 F.2d 376, 378 (9th Cir. 1985). Rothenberg's motion does not allege any misconduct by the government, nor does he explain how a dismissal *without* prejudice would cause him "demonstrable prejudice." Rather, Rothenberg merely argues that, because he did not waive his right to prosecution by indictment, the Information must violate Rule 7 and the Fifth Amendment, and that it meets a threshold for dismissal with prejudice. *See* Dkt. 8, at 4. He cites no authority for this drastic relief of dismissal with prejudice. On the contrary, the weight of the case law is that any dismissal should be without prejudice.

For example, the Ninth Circuit has noted that, even in cases involving prosecutorial misconduct, the presumption is that dismissals of indictments should not be with prejudice. *See United States v. Reed*, 726 F.2d 570, 578 (9th Cir. 1984) ("Our recent cases indicate a presumption that dismissal of an indictment for prosecutorial misconduct does not bar reindictment.") (citing cases); *cf. also United*

---

preserved the statute of limitations for Counts 16 and 17, but only for a short period.

*States v. Martinez*, CR 15-00031, 2019 WL 943377, at *2 (D. Guam Feb. 25, 2019) ("[D]ismissal [with prejudice due to consecutive hung juries] pursuant to inherent authority is proper only if (1) the Government engaged in misconduct, (2) the defendant was prejudiced, and (3) no less severe remedy exists to address the prejudice.") (citing *United States v. Wright*, 913 F.3d 364, 371 (3d Cir. 2019)). Similarly, in assessing whether dismissals under Rule 48 should be with or without prejudice, courts in this Circuit have looked to bad faith on the part of the government. *See United States v. Maximov*, CR-08-368-PHX-DGC, 2009 WL 5174983, at *2 (D. Ariz. Dec. 17, 2009) ("The standard for holding that a Rule 48(a) dismissal is with prejudice, and thereby blocking re-prosecution of a defendant, is essentially the same as the standard for denying a Rule 48(a) motion. Both require some showing of bad faith on the part of the prosecution.").

The flexible balancing test for determining whether a case should be dismissed with or without prejudice under the Speedy Trial Act ("STA") is also instructive here. That test's factors are codified in 18 U.S.C. § 3162(a)(2), which provides that, "[i]n determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2). Because of this balancing test, speedy trial questions are considered on an "ad hoc basis," and the bar for imposing on the government the harsh remedy of dismissal with prejudice is high. *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *see also United States v. Klanseck*, 246 F. Supp. 2d 1198 (E.D. Mich. 2017) ("Under the STA, dismissal of charges with prejudice is a high burden for the Defendant to meet. Dismissal with prejudice requires a showing of a 'truly neglectful attitude,' 'bad faith,' a 'pattern of neglect, or other serious misconduct, as well as prejudice to the defendant.'") (quoting *United States v. Gaskin*, 364 F.3d 438, 451 n.3 (2d Cir. 2004)).

Here, in the time of the COVID-19 pandemic, when the grand jury was not in session for two months and only recently has commenced limited proceedings, instituting a criminal case through means other than indictments carries not even a whiff of misconduct. Dismissal with prejudice under such circumstances would therefore be both a miscarriage of justice and an unwarranted windfall for Rothenberg.

**III.   Conclusion**

For the foregoing reasons, Rothenberg's *pro se* Motion to Dismiss Information with Prejudice should be denied.

DATED:  August 4, 2020                              Respectfully submitted,

DAVID L. ANDERSON
United States Attorney


_____/s/_____
KYLE F. WALDINGER
NICHOLAS J. WALSH
Assistant United States Attorneys

# CERTIFICATE OF SERVICE

I, KATHY TAT declare:

That I am a citizen of the United States of America and employed in San Francisco County, California; that my business address is Office of United States Attorney, 450 Golden Gate Avenue, Box 36055, San Francisco, California 94102; that I am over the age of eighteen years, and am not a party to the above-entitled action.

I am employed by the United States Attorney for the Northern District of California and discretion to be competent to serve papers. The undersigned further certifies that I caused a copy of the following:

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS INFORMATION WITH PREJUDICE**

to be served this date upon the party(ies) in this action by placing a true copy thereof in a sealed envelope, and served as follows:

_X___ FIRST CLASS MAIL by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____ PERSONAL SERVICE (BY MESSENGER/HAND DELIVERED)

_____ SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)

_X___ EMAIL: nirothenberg@rothenberg.co

to the parties addressed as follows:

MICHAEL ROTHENBERG
712 Bryant St, Suite 6
San Francisco, OA 94107
nirothenberg@rothenberg.co
Pro Se

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on 8/4/20 at San Francisco, California.

_____/S/_____
KATHY TAT
Legal Assistant

USA'S OPP. TO MTN. TO DISMISS
CR 20-0266 WHA                                                  6