MICHAEL ROTHENBERG

[Redacted]
San Francisco, CA
Phone: [Redacted]
mrothenberg@rothenberg.co

United States of America *Pro Se* Citizen

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO:    CR 20-0266 WHA |
| a/k/a USA | **REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS INFORMATION WITH PREJUDICE** |
| Plaintiff, | |
| v. | |
| MICHAEL ROTHENBERG, | Hon. William Alsup |
| Defendant. | |

        As Defendant and United States of America citizen, I, Michael Rothenberg, respectfully submit my Reply Brief in Support of Motion to Dismiss Information with Prejudice in response to the United States Opposition.  *See* Dkt. 8, 13. For the reasons set forth in my initial Motion to Dismiss with Prejudice and below, for the hundreds of people who've helped and are praying for me, and who I've helped and tried to help throughout my life, and for the humanity in addressing the suffering I have been enduring due to the government's very public investigation into (predominantly disproven) accusations into my company Rothenberg Ventures and now prosecution of me personally, expanding into its fifth unrelentless year of damaging every aspect of my life, the Court should please grant the requested relief.

        "This matter provides an unfortunate case study in how a prolonged [government] investigation, however well-intentioned, can have a devastating impact on a promising start-up and its investors."
                *– Fmr San Francisco S.E.C. Head Marc Fagel, 4/27/18 (Ex. A)*

I.      **Instituting this Criminal Case by Filing an Information was Inappropriate.**
**Yet It Still Happened and Prejudiced the Defendant Irreparably.**

On the morning of June 26, 2020 and with a tolling agreement still in place and active, with knowledge that no statutes of limitations were running, the government first revealed their plan to charge me via waiverless information rather than demonstrating probable cause to a Grand Jury. Despite the COVID-19 pandemic, the option to obtain an indictment via Grand Jury was clearly available to the government by their own admission that the Grand Jury "has commenced limited proceedings" at that time, and as evidenced by the June 18, 2020 indictment by Grand Jury of Rowland Marcus Andrade (CR20-249 RS).  That same morning, in response to the government's interest in charging me via waiverless information, specially appearing counsel Eugene Ilovsky cautioned/reminded the government on June 26, 2020 with U.S. Magistrate Judge Kandis A. Westmore as witness that a prosecution conducted or instituted by waiverless information has maximum punishment capped at one year of imprisonment.  In fact, in their Opposition the government immediately concedes that "No one questions that, absent a waiver, the Fifth Amendment….[and Rule 7(b)] require that offenses punishable by imprisonment for more than one year be prosecuted by indictment."

The government asserts awkwardly that "instituting a criminal case through means other than indictments carries not even a whiff of misconduct".   That may be a true statement with respect to criminal misdemeanor prosecutions, but it does not mean that charging felonies via a waiverless information is odorless when it comes to misconduct.

Indeed, the government had multiple options at their disposal to preserve statutes without capping punishment at one year of imprisonment by using a waiverless information.  For example, to toll statutes for certain counts without initiating prosecution, the government had the option of including those counts in a Criminal Complaint – which is not a charging document and does not initiate prosecution – as they demonstrated they were willing and able to do on June 25, 2020, the day immediately prior.  As mentioned previously, obtaining an indictment was an option available to the government even in June 2020 as well. Additionally, via counsel Eugene Ilovsky, I also conveyed to the government my willingness to extend the existing tolling agreement, if statutes were of concern. Had the government been interested in preserving

REPLY BRIEF IN SUPPORT OF MOTION
TO DISMISS INFORMATION WITH PREJUDICE
CR 20-0266 WHA

both statutes of limitations as well as the option to seek more than one year of imprisonment, without violating my right to indictment by a Grand Jury, the government could simply have extended the existing active tolling agreement.

Unlike filing a Criminal Complaint, a prosecutor filing charging documents - an Information or an Indictment - does initiate a prosecution.  Indeed, regardless of whether performed correctly or not, the filing by a prosecutor of an Information or Indictment with the Court is the first act in a prosecution, a powerful and deliberate action entrusted to the prosecutors of our government…in fact the filing of a charging document is *the* act initiating prosecution.

The Government is again in vehement agreement on this point, stating that for an information, "prosecution may not proceed without a valid waiver", but also that "we do not believe that the absence of a wavier makes the filing of an information a nullity." Indeed, as evidence that filing an information is not a nullity, there is no dispute that a waiverless information may be used for prosecutions for misdemeanor offenses with potential sentences not exceeding one year.  We also know what *cannot* be associated with an information filed without a waiver, for example maximum prison time for any charges brought by waiverless information *cannot* exceed one year.

However just because an information may participate in the act of being filed does not mean that the one doing the filing is without fault, nor does it mean that an information filed incorrectly it automatically a nullity.  Logically, an action taken, whether correct or incorrect, may still have consequences. For example, let's imagine that my golden doodle Biggie is forbidden from leaving my house due to a "Forbidden from Leaving My House" order I have instituted.  Let's imagine further that Biggie one day engages in the forbidden action leaving my house.  It does not follow therefore that just because it was forbidden, his leaving action is a nullity and there can be no consequence to it.  On the contrary, Biggie may face cars in the street or worse, and even upon his safe return he may have to deal with the aftermath of his buddy's worry and concern for his absence (Ex. B).

Once a forbidden action is initiated, such as the filling of a waiverless information in this case, we must examine further the consequences of such an unauthorized action, rather than concluding erroneously

REPLY BRIEF IN SUPPORT OF MOTION
TO DISMISS INFORMATION WITH PREJUDICE
CR 20-0266 WHA

that it must be a nullity or could not have happened just because it was disallowed or not the right thing to do.  To take the nullity concept one step further, if it were to become the Court's opinion that the alleged taking of unauthorized actions (such as issuing public felony charges via a waiverless information filing) renders such actions nullities because they are unauthorized, and that there are no adverse consequences for decisions made to engage in such unauthorized actions, then it would be a valid defense to come before this Court and declare that one may not be held responsible for the charges the government has very publicly asserted in my direction, because any alleged action that is not allowed must in fact be a nullity.  Yes, a prosecutor may file a waiverless information and prosecute on it, but that does not make it right.

The government cites *United States v. Burdix-Dana*, 149 F.3d 741 (7th Cir. 1998) in support of its contention that the filing of a waiverless criminal information is not unconstitutional in this case. However, the instant case is distinguished from Burdix-Dana because the court in that case discussed the question of a waiverless information only in the context of whether such lack of waiver would render an information a nullity for statute of limitations purposes. We will circle back to *United States v. Cooper*, 956 F.2d 960 (10th Cir. 1992), which the *Burdix-Dana* court cited in support of its conclusion that a waiverless information satisfies the statute of limitations.

The government asserts that prosecution may not proceed without a valid waiver, and yet also asserts that a waiverless information may be filed (the first act of a prosecution), stating that the information filing "permits the court to require the defendant to appear for further proceedings on the specific charges" - furthering the prosecution - and that the filing "institutes it for the purposes of…[the] statute of limitations".  Prosecution - including the acts of initiating prosecution, announcing charges publicly (and tainting the incomplete Grand Jury process), relying on the charging documents to require the defendant to appear, and relying on the same documents for calculating statutes of limitations - clearly may occur without a valid waiver, and in fact prosecution on the information has proceeded now for 61 days, just shy of the 70 day standard maximum length of time between charging and trial outlined by the Speedy Trial Act.

Thus we see that the government's inability to catch a whiff of their own misconduct is not due to

REPLY BRIEF IN SUPPORT OF MOTION
TO DISMISS INFORMATION WITH PREJUDICE
CR 20-0266 WHA

4

the absence of misconduct, but attributable instead to a defunct olfactory.  What remedies, then, does the law provide a defendant in the extraordinary circumstance of being prosecuted on felony charges in contempt of his constitutional right to the prior establishment of probable cause via Grand Jury (Ex. C)?

## II.      Prejudice is Warranted and Motion to Dismiss with Prejudice Should Be Granted

The government correctly points out that "with prejudice" is warranted only when the record contains "facts or allegations of misconduct by the government" or "demonstrable prejudice or substantial threat thereof" to the defendant if dismissal is not without prejudice.  The government's motion goes on to invite any identification of misconduct by the government and/or to explain how a dismissal without prejudice would cause me "demonstrable prejudice".   I accept the government's invitation to expound.

On June 25th, 2020, the government's bad faith was revealed in the context of this court, when AUSA Nicholas Walsh first informed counsel Eugene Ilovsky that he had not obtained a "docketed summons", which was true, and then on the same day declared that he had in fact obtained a "docketed summons" (Ex. D), which turned out to be false, and that I was required to appear on the basis of that "docketed summons".  Despite the active tolling agreement and my requests to not subject me to potential exposure of Covid-19 during the pandemic, the government then compelled me to appear physically to the courthouse by informing me that my appearance would occur that same day regardless of my requests, reservations, or choice in the matter.

The next day on June 26th, 2020, after compelling my appearance on the basis of fraud (there was no docketed summons), AUSA Walsh and AUSA Kyle Waldinger publicly shared matters before the Grand Jury in informed and deliberate violation of my rights without first demonstrating probable cause or obtaining a waiver.  The government irreparably tainted due process in violating my sacred constitutional right to indictment by Grand Jury, as we can never again be certain of an untainted Grand Jury pool.

Earlier that same day on June 26th, 2020, AUSA Waldinger made the deliberately misleading representation to Magistrate Judge Kandis Westmore at that morning's hearing that the government was in a hurry "because of statutes of limitations issues", while concealing that in fact, statues of limitations were not running *at all* due to the tolling agreement effective even as of that hearing date and as of the date the

REPLY BRIEF IN SUPPORT OF MOTION
TO DISMISS INFORMATION WITH PREJUDICE
CR 20-0266 WHA

information was filed in this case.  Furthermore, we informed the government that I was willing to extend the tolling period while trying to have discussions with them to dissuade their intention to bring charges.

The government fails to mention in its opposition the fact that, pursuant to a tolling agreement, I had already provided a waiver of statute of limitations rights, rendering statutes of limitations irrelevant to this motion. Thus, the government's reliance on the Cooper citation in *Burdix-Dana* is misleading and fails to provide a complete picture of the court's analysis in Cooper. The government relies on that court's conclusion that the absence of a waiver does not render an information a nullity. However, the court in *Cooper* addressed the question of whether an information was a nullity when there was a waiver of indictment after the filing of the information. So *Cooper* does not even address the question of an information filed when indictment is never waived, like the present case. Furthermore, the *Cooper* court decided in favor of the defendant and dismissed the criminal case because the defendant did not explicitly waive the statute of limitations and the information was filed after the statute had run.

As discussed above, statutes of limitations are irrelevant to this motion due to the tolling agreement in place in June 2020.  The government finally disclosed the tolling agreement to the court in their August 4, 2020 filing and attempts to cover its tracks by the addition of the word "continued" when stating that "absent a continued waiver, the statute would run." This is clearly designed to provide some plausible deniability to the fact that the government did not want to recognize my willingness to waive statute of limitations in the same document that justifies filing a waiverless information as necessary due to a statute of limitations problem and "not just a theoretical exercise." The government has misled the court: there was no statute of limitations problem.

The government makes another false claim in stating that statute of limitations concerns are "not just a theoretical exercise here".  Such claim is a brazen attempt to justify an unconstitutional filing of a waiverless information after requesting a waiver and being informed several times that I did not waive indictment, showing full-well the government's knowledge of the importance of obtaining that waiver and their conscience, deliberate decision to violate my rights anyway. The government had perfectly viable means of preserving the statute of limitations on all counts it intended to bring against me, but instead

REPLY BRIEF IN SUPPORT OF MOTION
TO DISMISS INFORMATION WITH PREJUDICE
CR 20-0266 WHA

chose to violate my rights, charge by waiverless information, publish the information on its website for all the world to see, and thereby prejudice me with respect to any future grand jury as well as my ability to obtain advancement of legal fees under the indemnity obligations of Rothenberg Ventures, LLC, among other prejudicial effects derived from the government's conduct.

Even if there was no tolling agreement in place, the government could have filed a sealed information and refrained from publicizing its contents to the world.  And yet instead, by opting to violate my rights as defendant, any future indictment sought by the government for the charges set forth in the information would now forever be tainted by public disclosures the government made without appropriate permission and with full knowledge of its violations, clearly motivated by bad faith.  The government's prior disclosure and highly prejudicial characterization of the facts underlying such charges, actions that the government undertook knowing full well the consequences of prejudicing any potential grand jury pool, prejudicing any relationships I may be relying on for defense or survival, and revealing the government's blatant bad faith scheme to afford the prosecution a more favorable opportunity to convict.

More than three years have passed since ASUA Waldinger first informed then-counsel Miranda Kane of the government's intent to prosecute in Spring of 2017.  This excessive pre-indictment delay underscores the government's bad faith in its determination to prejudice me as defendant, for example to compel my counsel to instruct me to at that time (Spring 2017) not to testify in my own defense, a strategy I disagreed with so adamantly that I replaced Ms. Kane with Mr. Fagel subsequently.  Mr. Fagel recounts on April 27, 2018 (Ex. A), "Despite repeated attempts, the USAO has been unwilling to discuss the status of its investigation with counsel or to consider a witness proffer. As such, Mr. Rothenberg followed the advice of counsel when he invoked his Fifth Amendment privilege under the U.S. Constitution during SEC testimony".  My understanding is that the DoJ's presence led to me taking the 5th, which prejudiced me in the SEC civil matter, and then subsequently the DoJ cited the SEC's judgement obtained from that prejudice in the charges brought against me in 2020, in fact even filing a notice of related case. *See* Dkt. 7. This appears to be the government's strategy all along, first to prejudice me in the civil matter and then to use the result of that prejudice to accuse me in a criminal matter, as they have done here, causing

REPLY BRIEF IN SUPPORT OF MOTION
TO DISMISS INFORMATION WITH PREJUDICE
CR 20-0266 WHA

irreparable prejudice.  There is no legitimate justification for this excessive pre-indictment delay that has directly led to other prejudice as well, such as when a key exculpatory witness in this matter, Firdavs Abdunazarov, an analyst familiar with transactions and wires identified by the government, left the country for good in 2020 due to Visa concerns, and when the government deprived me of property by filing the information without probable cause and by doing so rendered me ineligible (Ex. E) for more than $40,000 in CARES Act forgivable PPP loans I would otherwise be entitled to benefit from but for the information.

The inapplicability of the statute of limitations to this case, coupled with the foreseeable and irreparable damage that I have incurred as a result of the government's actions, constitutes misconduct by the government. Furthermore, the government's false claims about statute of limitations concerns in its opposition brief constitute "bad faith" as set forth in the cases cited by the government, *United States v. Martinez*, CR 15-00031, 2019 WL 943377, at *2 (D. Guam Feb. 25, 2019), citing *United States v. Wright*, 913 F.3d 364 (3d Cir. 2019). Indeed, for the reasons set forth above, the three-prong test relied on by the government as set forth in *Martinez* and *Wright* is fully met and, therefore, renders dismissal with prejudice proper in this case.

The misconduct is ongoing and the prejudice continues to build while the defendant waits for the requested relief from the Court.  For example, based on the one charge in the initial complaint, the parties stipulated to excluding time for that one charge under the Speedy Trial Act.  *See* Dkt. 1, 3.  However, the government mislead the Court into substantially altering that stipulated document by crossing out the agreed-upon docket number at the top and replacing it with a new docket number added post-facto, and in doing so adding 22 charges not contemplated in the stipulated agreement.  The government accomplished this deception by i) merging the original docket based on the Criminal Complaint (CR 20-70834) into a new docket based on the waiverless information (CR 20-0266), then ii) changing the case number on the stipulated document itself to the new case number, iii) thereby creating the deception that the original document stipulated to all 23 charges instead of the 1 charge via Criminal Complaint that the agreement was actually based on.  This altered document was filed on July 7, 2020.   *See* Dkt. 9.

Additionally, the government's suggestion that my current *pro se* status is a reason to deny this

REPLY BRIEF IN SUPPORT OF MOTION
TO DISMISS INFORMATION WITH PREJUDICE
CR 20-0266 WHA

motion is absurd. Although I do not wish to be *pro se*, I am entitled to represent myself if I so choose. However, the fact is that the filing and publication of the government's waiverless information has made it significantly more difficult to obtain counsel of my choosing as would normally be my right, compelling me to expend virtually all of my time and energy fighting for my life in this matter. In addition to how the information and its publication has prejudiced my ability to access legal defense funds, it has highlighted the government's zeal for publicly branding me as a criminal fraud without presenting its case to an unbiased grand jury and thus raises the perceived defense cost.

### III.   Should the Court Dismiss the Information, only Dismissal with Prejudice is Appropriate

Dismissing without Prejudice would harm me even more.  In US v Dinitz, the Court acknowledged that "Underlying this constitutional safeguard is the belief that "the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty."

Additionally, dismissing without prejudice would actually reward the government for their bad faith behavior so far.  As the government acknowledges in their brief, there is precedent for dismissing with prejudice in extraordinary circumstances like this one, rife with bad faith on the part of the government.  In US v Taylor, the District Court found that, "although respondent was charged with serious offenses, there was 'no excuse for the government's lackadaisical behavior in this case.'"… '[T]he court concludes that the administration of the [Act] and of justice would be seriously impaired if the court were not to respond sternly to the instant violation. If the government's behavior in this case were to be tacitly condoned by dismissing the indictment without prejudice, then the [Act] would become a hollow guarantee."  The court dismissed the original counts with prejudice to reprosecution."

One final note to the court on this motion: please excuse any time delays in my *Pro Se* filing, or any other good faith errata.  It has been one of the most difficult tasks of my life to try to learn enough Criminal Law to write a motion like this under the pressure I am experiencing.  Additionally for some inexplicable reason, the government incorrectly listed my email address not once but twice as

REPLY BRIEF IN SUPPORT OF MOTION
TO DISMISS INFORMATION WITH PREJUDICE
CR 20-0266 WHA

"nirothenberg@rothenberg.co" wrt their opposition service (Dkt. 13), an email address I have never seen nor used.  However, I have no reason to believe this mistake by the government is intentional and have obviously received their opposition (as this reply indicates).

**IV.     Conclusion**

Given the swelling stench of the government's misconduct, along with the resulting irreparable prejudice, there is no justiciable way to subject me to a non-prejudicial prosecution that was initiated by a waiverless information for any of the twenty-three felonies brought in this manner.  The government's ability to catch not even a whiff of their own overwhelming bad faith may be a necessary cognitive dissonance coping mechanism, but their olfactory impairment has festered into a grave issue when attempting to sniff out actual misconduct in this matter.

It is impossible to go back in time and first establish probable cause via a Grand Jury as is my right – there is no remedy for depriving me of this right forever (as the government clearly intended to do). Therefore, the information must be dismissed with prejudice.

*However*, in the event the Court decides not to dismiss the information with prejudice at this time, then the Government should be required to continue to prosecute on the waiverless information, where the maximum penalty is capped at one year.  To dismiss the information without prejudice and subject me to further prosecution by subsequent indictment that may have been tainted by the government's very public accusations would even further prejudice me.

Therefore the Court should dismiss the information with prejudice, or in the alternative require the government to prosecute via information with maximum one year penalty.

//

DATED: August 26, 2020

Respectfully submitted,


/s/ Michael B. Rothenberg

Michael Rothenberg, Defendant

REPLY BRIEF IN SUPPORT OF MOTION
TO DISMISS INFORMATION WITH PREJUDICE
CR 20-0266 WHA

10