MICHAEL ROTHENBERG

[Redacted]
San Francisco, CA
Phone: [Redacted]
mrothenberg@rothenberg.co

United States of America *Pro Se* Citizen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  vs.<br><br>MICHAEL ROTHENBERG<br><br>  Defendant. | CASE NO:   3:20-cr-00266 WHA |
| UNITED STATES OF AMERICA (S.E.C.),<br><br>  Plaintiff,<br><br>  vs.<br><br>MICHAEL ROTHENBERG ET AL.,<br><br>  Defendants. | CASE NO:   4:18-cv-05080 JST<br><br>**NOTICE OF DEFENDANT'S OBJECTION TO PLAINTIFF'S RELATED CASE DESIGNATION**<br><br>Hon. William Alsup |

Michael Rothenberg hereby notifies the Court of his objection to the transfer of the USAO Case to any courthouse outside of San Francisco. Furthermore, for the purposes of the prosecution's request to change venue to Oakland and/or to re-assign this case to Judge Tigar (who is based in Oakland), Mr. Rothenberg objects to the designation of case numbers 3:20-cr-00266 WHA (the "USAO Case") and 4:18-cv-05080 JST (the "SEC Case") as related. Finally, Mr. Rothenberg notes for the benefit of the court that this filing is partly in response to Chief

NOTICE OF DEFENDANT'S OBJECTION TO PLAINTIFF'S RELATED CASE DESIGNATION
3:20-cr-00266 WHA

Magistrate Judge Joseph Spero's comment during the September 21, 2020 hearing that a response to the plaintiff's July 6, 2020 Notice of Related Case may also facilitate a ruling by the court to his Motion to Dismiss with Prejudice, which was filed July 2, 2020 (prior to the plaintiff's Notice of Related Case in a Criminal Action).  Mr. Rothenberg again urges the court to please grant his July 2, 2020 Motion to Dismiss with Prejudice.

### San Francisco is the Only Appropriate Venue for the USAO Case

Mr. Rothenberg has a **clear right to venue in San Francisco** in accordance with Rule 18 of the Federal Rules of Criminal Procedure, which states as follows:

> *"The court must set the place of trial within the district with **due regard for the convenience of the defendant**, any victim, and the witnesses, and the prompt administration of justice" [emphasis added].*

All of the entities contemplated in the USAO Complaint were at all relevant times domiciled in San Francisco, *e.g.* Rothenberg Ventures, LLC and River Studios, LLC, and neither Mr. Rothenberg nor any of the mentioned entities are or were ever based in Oakland, California. Furthermore, many of the potential witnesses in the USAO Case are residents of San Francisco and Mr. Rothenberg is unaware of any potential witness who resides in Oakland, California. The San Francisco courthouse is not only the most convenient location for witnesses and for Mr. Rothenberg, but in fact is also the *only* federal courthouse that Mr. Rothenberg is presently able to go to without incurring additional expense by taking public transportation or hiring a taxi-equivalent, as well as unnecessarily incurring pandemic exposure risk to SARS-CoV-2 (a deadly disease killing 250,000+ Americans in 2020 alone for which there is no known vaccine or cure).

Additionally, all of the allegations set forth in the Information "involve offenses allegedly committed in the count[y]" of San Francisco, California. Accordingly, the San Francisco courthouse is the only proper location for the USAO Case pursuant to Local Rule 18-1, regarding "Intradistrict Assignment of Criminal Actions" and which states as follows:

NOTICE OF DEFENDANT'S OBJECTION TO PLAINTIFF'S RELATED CASE DESIGNATION
3:20-cr-00266 WHA

> *"(a)  **Assignment to San Francisco**. Unless otherwise ordered, the Clerk shall assign all criminal actions and proceedings involving offenses allegedly committed in the counties of Del Norte, Humboldt, Lake, Marin, Mendocino, Napa, San Francisco, San Mateo or Sonoma to a Judge assigned to the San Francisco Courthouse.*
> **(b)**     **Assignment to Oakland**. *Unless otherwise ordered, the Clerk shall assign all criminal actions and proceedings involving offenses allegedly committed in the counties of Alameda and Contra Costa to a Judge assigned to the Oakland Courthouse.*

The USAO case would have been improperly assigned if it were assigned to Oakland or any courthouse other than San Francisco. In 2018, the SEC case was also correctly initially assigned to San Francisco, and in fact the defendant is unclear how the venue in that case was moved to Oakland[1]. Local Rule 18-2, regarding "Intradistrict Transfer" states as follows:

> *"Upon a Judge's own motion or the motion of any party, unless the case was specially assigned pursuant to the Assignment Plan, a Judge may order the Clerk to transfer a criminal case to a different courthouse **if it appears that the case was not properly assigned** under Crim. L.R. 18-1(a), (b), (c) or (d) or that a transfer would be in the interest of justice based upon the **convenience of the defendant** and the witnesses and the prompt administration of justice"[emphasis added].*

The bases for intradistrict transfer are not met, and Local Rule 18-2 does not permit the assignment of the USAO Case to the Oakland courthouse. In fact if the USAO Case were assigned to any courthouse other than San Francisco, Local Rule 18-2 would require a transfer to the San Francisco courthouse.

### The USAO and SEC cases are not related for the Purposes of the Venue Change Request, or for Allowing the Prosecution to Judge-Shop

The government cites factual commonality between the Information filed in the USAO Case (the "Information") and the complaint filed in the SEC Case (the "SEC Complaint") as a basis for related case designation. However, the court in the SEC Case did not even attempt to consider the merits of any of the allegations set forth in the SEC Complaint. Furthermore, the

---

[1] The defendant does not recall consenting to the venue change to Oakland nor remembers either party requesting a venue change to Oakland, either before or after defendant was deprived of counsel in 2019.

SEC's assertion that Rothenberg "eventually chose not to dispute" the allegations in the SEC Complaint is an inaccurate and misleading characterization of what has transpired (Ex. A). Rather, it was agreed that Mr. Rothenberg did not admit to any of the allegations in the SEC Complaint, allegations which the SEC also failed to prove. However, for the purposes of calculating any potential disgorgement liability, the court treated the SEC's allegations as true. This judgement conflicts directly with the Supreme Court's 2020 "Liu vs SEC" decision and is now under appeal at the 9th Circuit, where Mr. Rothenberg anticipates it to be overturned.

Additionally, the USAO Case does not even involve the type of damages calculation that should be made in a civil case. Rather, this Court is obligated to treat Mr. Rothenberg as innocent of all charges and all factual assertions made in the USAO Case. There is no judicial benefit to making a related case designation between: (i) a case in which the merits are not considered by the court, and (ii) a new case that is to be determined on the merits. In fact the only potential applications of the SEC Case to the USAO Case would be (a) to consider how severely the government has already punished Mr. Rothenberg for what the government purports to be the same set of activities, and (b) to review the relevant transactional accounting through the lens of pre-determined liability against Mr. Rothenberg, which **severely prejudices** his defense in the USAO Case.  The government's venue change request in this instance provides no material benefits to a court which has not reviewed merits but has only ruled against Mr. Rothenberg without any oral arguments or hearings (Ex. B), resulting in a perfect judge-shopping exercise which would appear to benefit the prosecution at the potential detriment of Mr. Rothenberg.

Indeed, for the reasons set forth above, Mr. Rothenberg is entitled to venue in San Francisco, and for the purposes of the venue issue and/or judge-shopping, the USAO Case and the SEC Case are not related. Therefore, if the USAO case proceeds it must remain in the San Francisco courthouse and assigned to Judge Alsup.

1  DATED: October 21, 2020                    Respectfully submitted,

3                                              /s/ Michael B. Rothenberg
4                                              Michael B. Rothenberg, Defendant

NOTICE OF DEFENDANT'S OBJECTION TO PLAINTIFF'S RELATED CASE DESIGNATION
3:20-cr-00266 WHA

5