STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

KYLE F. WALDINGER (CABN 298752)
NICHOLAS J. WALSH (CABN 314290)
Assistant United States Attorneys
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Fax: (415) 436-7234
Email: Kyle.Waldinger@usdoj.gov
Nicholas.Walsh@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL BRENT ROTHENBERG,<br>　　　a/k/a MIKE ROTHENBERG,<br><br>　　　Defendant. | CASE NO. 3:20-CR-00266 JST<br><br>STIPULATED [PROPOSED] PROTECTIVE ORDER |

WHEREAS during the course of discovery in the above-captioned criminal case, the United States may produce certain documents and other items containing information that might be claimed by the third party Rothenberg Ventures Management Company ("RVMC") to be protected by the attorney-client privilege or the attorney work product doctrine;

WHEREAS these documents and other items consist of materials from the computer systems of RVMC that were originally provided to the Securities and Exchange Commission ("SEC") in or about 2016 and as to which RVMC has not conducted a review to determine if any of those materials are protected by the attorney-client privilege or the attorney work product doctrine ("RVMC Materials");

1  WHEREAS electronic copies of the RVMC Materials are now in the possession of the U.S. Attorney's Office, which intends to produce the RVMC Materials in discovery to Defendant Michael Rothenberg upon entry of an appropriate protective order; and,

WHEREAS the United States and Defendant Rothenberg deem it appropriate for the purpose of completing discovery production and to provide for the protection of such documents and other items: (1) without agreeing between them that any documents and other items are in fact protected by the attorney-client privilege or the attorney work product doctrine; (2) with the further understanding that nothing in this Stipulated Protective Order creates any presumption regarding whether the specific information is in fact protected by the attorney-client privilege or the attorney work product doctrine; (3) preserving both party's rights to challenge any such designation at a later time; and, lastly, (4) preserving RVMC's rights to assert attorney-client privilege and attorney work product protections over the documents and other items.

IT IS HEREBY STIPULATED AND AGREED by and between the United States and Defendant Rothenberg and his counsel that the following definitions and procedures will govern the handling and use of certain documents and other items to be produced by the United States, while reserving the question of how those documents and other items should be handled at trial, and during pre-or post-trial hearings and motions practice, for a future time:

1. Definitions:

    a. "RVMC Materials" shall mean the documents and other items from the computer systems of RVMC originally provided to the SEC in or about 2016 and which RVMC has not conducted a review to determine if any of those materials are protected by the attorney-client privilege or the attorney work product doctrine. When producing the RVMC Materials in discovery, the United States will inform counsel for the defense that the RVMC Materials are being produced and that they are subject to this Stipulated Protective Order.

    b. "Attorney" shall mean any of the following individuals and any individual employed by the following law firms or law offices:

        i. Bret Bechis;

|   |   |       |                                                        |
|---|---|-------|--------------------------------------------------------|
| 1 |   | ii.   | Neil Devani;                                           |
| 2 |   | iii.  | J.R. Eppler;                                           |
| 3 |   | iv.   | Miranda Kane;                                          |
| 4 |   | v.    | William Kimball;                                       |
| 5 |   | vi.   | Robert Lott;                                           |
| 6 |   | vii.  | Martin Mayo;                                           |
| 7 |   | viii. | David Presser;                                         |
| 8 |   | ix.   | Geoff Rapoport;                                        |
| 9 |   | x.    | Cooley LLP (f/k/a Cooley Godward LLP);                 |
| 10|   | xi.   | Kane + Kimball LLP;                                    |
| 11|   | xii.  | Orrick Herrington & Sutcliffe LLP (a/k/a Orrick);      |
| 12|   | xiii. | Wilson Sonsini Goodrich & Rosati PC;                   |
| 13|   | xiv.  | Manatt, Phelps & Phillips LLP;                         |
| 14|   | xv.   | Kasra S. Torabi;                                       |
| 15|   | xvi.  | InHouse Co. Law Firm;                                  |
| 16|   | xvii. | Liz Oliner;                                            |
| 17|   | xviii.| Justin Allamano;                                       |
| 18|   | xix.  | Neal, Gerber & Eisenberg LLP                           |
| 19|   | xx.   | Marc Fagel;                                            |
| 20|   | xxi.  | Gibson, Dunn & Crutcher LLP;                           |
| 21|   | xxii. | Oliner Law; and,                                       |
| 22|   | xxiii.| David Herzog.                                          |

c.  "Potentially Privileged/Protected Material" shall mean any documents or other items within the RVMC Materials that meet any of the following criteria:

  i.  correspondence in which any Attorney is the sender, direct recipient, or copied recipient.

  ii. any document bearing the letterhead of an Attorney;

  iii. any other document or correspondence, such as a legal

|   |   |   |   |
|---|---|---|---|
| | | | memoranda, that contains an Attorney's legal analysis, mental impressions, or legal advice; and, |
| | | iv. | any document or correspondence quoting, relating, or discussing communications made to, or received from, an Attorney. |
| | d. | | The protections conferred by this Stipulated Protective Order cover not only Potentially Privileged/Protected Material (as defined above) but also include: |
| | | i. | any information copied or extracted from Potentially Privileged/Protected Material; |
| | | ii. | all copies, excerpts, summaries, or compilations of Potentially Privileged/Protected Material; and |
| | | iii. | any case filings (including exhibits), trial or hearing exhibits, testimony, conversations, or presentations by the parties and their counsel that might reveal Potentially Privileged/Protected Material. |
| | e. | | If certain documents and other items that do not meet this Stipulated Protective Order's definition of Potentially Privileged/Protected Material are nevertheless discovered by RVMC to exist within the RVMC Materials and deemed by RVMC to constitute materials protected by the attorney-client privilege and/or the attorney work product doctrine, RVMC's right to secure protection under this Stipulated Protective Order for such material is not waived.  Upon timely notification by RVMC, the parties must make reasonable efforts to assure that such materials are treated in accordance with the provisions of this Stipulated Protective Order. |

2. Subject to the limitations described in this Stipulated Protective Order, both parties may review and use the RMVC Materials in the investigation and litigation of this case.  Both parties may use any documents that are not Potentially Privileged/Protected Material in the ordinary course, and subject to whatever evidentiary objections the opposing party may raise.  Use of Potentially Privileged/Protected Material is subject to the limitations described below.

3. Potentially Privileged/Protected Material shall be retained by counsel for the United

States in the above-captioned case and furnished, at this time, to no one other than the lawyers, special agents, and the staff supporting those individuals in the above-captioned case, such as interpreters, investigators, accountants, analysts, paralegal assistants, and secretarial, stenographic, and clerical employees who are working on this case under the direction of counsel for the United States and to whom it is necessary that the materials be disclosed for purposes of the investigation and prosecution of this case.  Counsel for the United States and special agents may further show documents to any custodian, creator, sender, recipient, or addressee listed on the face of such documents but shall not leave any such Potentially Privileged/Protected Material with the custodian, creator, sender, recipient, or addressee.

4.      Potentially Privileged/Protected Material shall be retained by the defendant's counsel in the above-captioned case and furnished, at this time, to no one other than the defendant's counsel in the above-captioned case, Defendant Rothenberg, the staff supporting the defendant's counsel in the above-captioned case such as interpreters, investigators, accountants, analysts, paralegal assistants, and secretarial, stenographic, and clerical employees who are working on this case under the direction of the defendant's counsel and to whom it is necessary that the materials be disclosed for purposes of the defense of this case.  The defendant's counsel may further show documents to any custodian, creator, sender, recipient, or addressee listed on the face of such documents but shall not leave any such Potentially Privileged/Protected Material with the custodian, creator, sender, recipient, or addressee.

5.      Should the United States or Defendant Rothenberg dispute that any Potentially Privileged/Protected Materials are in fact protected by the attorney-client privilege or the attorney work product doctrine, the relevant counsel shall notify the other party and also shall notify RVMC in writing at all of the following email addresses and telephone numbers:

> J.R. Eppler
> Rothenberg Ventures
> jr@rothenberg.vc
> 415-574-0775
>
> Jahan P. Raissi
> Shartsis Friese LLP
> jraissi@sf.law.com
> (415) 773-7219

6.      Within fourteen business days from receiving the notice, RVMC shall respond to the

STIPULATED [PROPOSED] PROTECTIVE ORDER     5
3:20-CR-00266 JST

notice in writing and, thereafter, the relevant party and RVMC shall meet and confer with respect to whether certain Potentially Privileged/Protected Materials are in fact protected by the attorney-client privilege or attorney work product doctrine. If, after this exchange of correspondence and after meeting and conferring, the relevant party and RVMC cannot resolve their dispute, one or both may apply to the Court to do so. The burden shall be on RVMC to demonstrate that the material at issue is in fact protected by the attorney-client privilege or the attorney work product doctrine. During the pendency of the dispute and any court resolution thereof, including an appeal of the Court's decision on such motion, the Potentially Privileged/Protected Materials shall be deemed properly designated and shall be covered by the provisions of this Stipulated Protective Order.

7. All motions and pleadings that contain any Potentially Privileged/Protected Material and that are filed with the Court shall be filed and kept under seal until further order of the Court. Potentially Privileged/Protected Material filed under seal shall be filed with the Clerk of the Court in sealed envelopes prominently marked with the caption of this case and the notation:

FILED UNDER SEAL
Contains Confidential Material
To Be Opened Only As Directed By The Court

8. The recipient of any Potentially Privileged/Protected Material that is provided under this Stipulated Protective Order shall keep such information in a manner reasonably intended to preserve and maintain the confidentiality of the information and shall not disclose such information to any individuals except as authorized by this Stipulated Protective Order.

9. Nothing herein shall prevent the parties from using Potentially Privileged/Protected Material or from referring to, quoting, or reciting from any information contained in such Potentially Privileged/Protected Material in connection with pleadings or motions filed in this case, provided that such materials be filed under seal and/or submitted to the Court for *in camera* inspection.

10. The use of Potentially Privileged/Protected Material at trial or pre- or post-trial hearings will be resolved at or before the time of the trial or hearing. Both parties agree that each shall give notice to RVMC, at the contact information disclosed above, regarding the potential use of Potentially Privileged/Protected Material at trial or pre- or post-trial hearings.

11. The parties understand that this Stipulated Protective Order is primarily intended to

1  facilitate discovery.  Accordingly, the parties' agreement to this Stipulated Protective Order does not
2  constitute a waiver on either party's part to challenge the designation of any materials as privileged or
3  protected or a concession by either party that any of the RVMC Materials are in fact protected by the
4  attorney-client privilege or the attorney work product doctrine.

5      12.    Nothing in this Stipulated Protective Order shall preclude the parties from applying to the
6  Court for further relief or modification.

7      13.    Undersigned counsel for the government certifies that he has obtained approval from
8  counsel for the defendant to file this stipulation and proposed order.

**SO STIPULATED.**

DATED:  April 13, 2021            STEPHANIE HINDS
                                  Acting United States Attorney

                                  *Kyle F. Waldinger*
                                  _____
                                  KYLE F. WALDINGER
                                  NICHOLAS J. WALSH
                                  Assistant United States Attorneys


DATED:  April 13, 2021                    /s/
                                  _____
                                  HANNI FAKHOURY
                                  Attorney for Defendant Michael Rothenberg


**IT IS SO ORDERED.**

DATED:  April 13, 2021
                                  _____
                                  THE HONORABLE JON S. TIGAR
                                  United States District Judge