1  MOEL LAH FAKHOURY LLP
   Hanni M. Fakhoury (State Bar No. 252629)
2  1300 Clay Street, Suite 600
   Oakland, CA 94612
3  Telephone:   (510) 500-9994
   Email:       hanni@mlf-llp.com
4
5  Attorneys for Michael Rothenberg

6

7              IN THE UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                      OAKLAND DIVISION

10

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No.:** 3:20-CR-266-JST |
| Plaintiff, | **DEFENDANT'S MOTION TO DISMISS COUNTS 16, 17 AND 18 OF THE INDICTMENT AS TIME BARRED** |
| v. | |
| MICHAEL ROTHENBERG, | **Court:**  Courtroom 6, 2nd Floor |
| Defendant. | **Hearing Date:**  June 11, 2021 |
| | **Hearing Time:**  9:30 a.m. |

17  **TO:  STEPHANIE M. HINDS, ACTING UNITED STATES ATTORNEY;**
18       **KYLE F. WALDINGER, ASSISTANT UNITED STATES ATTORNEY; AND**
         **NICHOLAS J. WALSH, ASSISTANT UNITED STATES ATTORNEY.**

19       PLEASE TAKE NOTICE that Defendant Michael Rothenberg hereby moves this Court to

20  dismiss Counts 16, 17 and 18 of the Indictment as time barred. This motion is based upon this

21  memorandum of points and authorities and accompanying exhibits, the Fifth Amendment to the U.S.

22  Constitution, Federal Rule of Criminal Procedure 12(b)(1), 18 U.S.C. § 3282, all other applicable

23  constitutional, statutory, and case authority, and all evidence and argument that may be presented at

24  the hearing of this motion, to be held on June 11, 2021 at 9:30 a.m. in Courtroom 6 on the 2nd floor

25  of the Oakland courthouse.

26

27

28

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ............................................................................................................. 1

STATEMENT OF FACTS ................................................................................................. 1

    A.    The Allegations Against Mr. Rothenberg. ........................................................ 1

    B.    Procedural History. ............................................................................................ 1

ARGUMENT ................................................................................................................... 4

    A.    The Complaint did not toll the statute of limitations. ...................................... 5

    B.    The filing of a waiverless Information did not toll the statute of limitations. ................. 6

        1.    The mere filing of a waiverless Information does not "institute" it. .................... 8

        2.    The Supreme Court has rejected the government's argument in a similar context. ................................................................................................ 11

        3.    Statutes of limitations must be "liberally interpreted in favor of repose" .......... 13

    C.    The circumstances did not warrant filing a waiverless Information. .............................. 15

CONCLUSION ................................................................................................................ 16

1

**TABLE OF AUTHORITIES**

2

**Cases**

3    *Dolan v. U.S. Postal Serv.*, 546 U.S. 481 (2006) ..................................................8

4    *Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068 (9th Cir. 2016) ...................8

5    *Hooks v. Kitsap Tenant Support Services, Inc.*, 816 F.3d 550 (9th Cir. 2016). ...................9

6    *Jaben v. United States*, 381 U.S. 214 (1965)..................................................11, 12, 13

7    *Jones v. United States*, 529 U.S. 848 (2000) ..................................................15

8    *Keene Corp. v. United States*, 508 U.S. 200 (1993) ..................................................9

9    *Smith v. United States*, 360 U.S. 1 (1959) ..................................................10

10    *Toussie v. United States*, 397 U.S. 112 (1970)..................................................4, 13, 14

11    *United States v. Barger*, 178 F.3d 844 (7th Cir.1999) ..................................................4

12    *United States v. Burdix-Dana*, 149 F.3d 741 (7th Cir. 1998)..................................................7

13    *United States v. Clemenic,* 1988 WL 121575 (N.D. Ill. Oct. 24, 1988)..................................................10

14    *United States v. Gonsalves*, 675 F.2d 1050 (9th Cir. 1982) ..................................................14

15    *United States v. Holmes*, 5:18-CR-258-EJD, 2020 WL 6047232 (N.D. Cal. Oct. 13, 2020) ...............7

16    *United States v. Liu*, 731 F.3d 982 (9th Cir. 2013) ..................................................5

17    *United States v. Machado*, 2005 WL 2886213 (D. Mass. 2005)..................................................8, 10

18    *United States v. Maciel-Alcala*, 612 F.3d 1092 (9th Cir. 2010)..................................................8

19    *United States v. Marion*, 404 U.S. 307 (1971) ..................................................4, 14

20    *United States v. Moore*, 37 F.3d 169 (5th Cir. 1994) ..................................................10

21    *United States v. O'Bryant*, 998 F.2d 21 (1st Cir.1993)..................................................14

22    *United States v. Podde*, 105 F.3d 813 (2d Cir. 1997)..................................................4

23    *United States v. Ratcliff*, 245 F.3d 1246 (11th Cir. 2001)..................................................14

24    *United States v. Scarano*, 975 F.2d 580 (9th Cir. 1992) ..................................................4, 5

25    *United States v. Scharton*, 285 U.S. 518 (1932)..................................................14

26    *United States v. Sharma*, 2016 WL 2926365 (S.D. Tex. 2016) ..................................................7, 11

27    *United States v. Smith*, 740 F.2d 734 (9th Cir. 1984)..................................................4

28    *United States v. Stewart*, 425 F. Supp. 2d 727 (E.D. Va. 2006)..................................................7

*United States v. Teran*, 98 F.3d 831 (5th Cir. 1996) ..................................................................10

*United States v. Watson*, 941 F. Supp. 601 (N.D.W.Va. 1996) ..............................................7

*United States v. Wessels*, 139 F.R.D. 607 (M.D. Pa. 1991) .................................................10

## Constitutional Provisions

U.S. Const. amend. V ............................................................................................................6

## Statutes

18 U.S.C. § 1343 ........................................................................................................1, 2, 4, 5

18 U.S.C. § 2198 (repealed) ....................................................................................................9

18 U.S.C. § 3282 ...........................................................................................................*passim*

18 U.S.C. § 3286 (amended) ...................................................................................................9

18 U.S.C. § 3290 ..................................................................................................................14

26 U.S.C. § 6531 ..................................................................................................................11

## Federal Rules of Criminal Procedure

Rule 3..................................................................................................................................11

Rule 4..................................................................................................................................11

Rule 5..................................................................................................................................11

Rule 7.......................................................................................................................6, 7, 8, 13

Rule 58..................................................................................................................................9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

Michael Rothenberg moves to dismiss Counts 16, 17 and 18 of the Indictment as time barred. Each of these Counts charge him with wire fraud, in violation of 18 U.S.C. § 1343, and were thus subject to a five-year statute of limitations. *See* 18 U.S.C. § 3282(a). The dates of the wires were April 6, 2015, April 28, 2015, and July 31, 2015, respectively, and yet the indictment was not retuned until August 20, 2020, more than five years after the conduct alleged in the challenged counts of the Indictment. *See* Dkt. 15. Neither the existence of a tolling agreement in effect from April 2, 2020 to June 30, 2020, the filing of a criminal complaint on June 24, 2020, nor the filing of a waiverless Information on June 26, 2020 cured the defect. Thus, Counts 16, 17 and 18 should be dismissed.

**STATEMENT OF FACTS**

**A.    The Allegations Against Mr. Rothenberg.**

Relevant to this motion, the indictment alleges in Counts 16 through 23 that Mr. Rothenberg engaged in a scheme to defraud investors of Rothenberg Ventures Management Company, LLC ("RVMC"), a venture capital fund he managed.[1] According to the Indictment, Mr. Rothenberg "induced certain investors to contribute capital through false and misleading representations about the use to which Rothenberg would make of that capital." *See* Dkt. 15, Indictment at 18, ¶ 48(a). Counts 16, 17 and 18 allege that investors wired money on specific dates into investment funds for investment purposes, and that money was later used for other purposes. Count 16 alleges a wire on April 6, 2015, Count 17 a wire on April 28, 2015, and Count 18 a wire on July 31, 2015. *Id.* At p. 19-20, ¶ 49.

**B.    Procedural History.**

Mr. Rothenberg had been under government scrutiny for quite some time, and on August 20, 2018 the Securities and Exchange Commission filed a civil complaint against Mr. Rothenberg and RVMC. *See SEC v. Rothenberg*, 4:18-CV-05080-JST.

---

[1] As detailed in the Indictment, RVMC later changed its name to Frontier Technology Venture Capital LLC and then Rothenberg Ventures LLC. The Indictment uses "RVMC" to "refer to the entity at any relevant time, regardless of the entity's name at that time," and for clarity this motion does the same. *See* Dkt. 15, Superseding Indictment at 1-2, ¶ 1.

On April 2, 2020 Mr. Rothenberg entered into an agreement with the government to toll the statute of limitations from April 2, 2020 to June 30, 2020. *See* Exh. A, Statute of Limitations Tolling Agreement ("Tolling Agreement"). The agreement noted its "sole purpose" was to "acknowleg[e] the National Emergency that has been declared in response to the COVID-19 outbreak and the District Court for the Northern District of California's General Order 72 limiting certain court and grand jury proceedings." *Id.* at 2. General Order 72 was issued on March 16, 2020 and suspended grand jury proceedings in the district until May 1, 2020. *See* Northern District of California General Order ("GO") no. 72 at 2.[2] The suspension of grand jury proceedings was extended on April 30, 2020. *See* GO no. 72-2 at 2 (extending suspension until June 1, 2020).[3] On May 21, 2020, the Court indicated in that grand jury proceedings would resume in June 2020. *See* GO no. 72-3 at 2.[4] It appears by June 18, 2020, grand jury proceedings had resumed in the District.[5]

On June 24, 2020, an FBI agent swore out a criminal complaint against Mr. Rothenberg charging him with wire fraud in violation of 18 U.S.C. § 1343. *See* Dkt. 1. The complaint alleged one fraudulent scheme that purportedly took place in July 2016. *Id.* at 7, ¶ 24. The complaint, however, did not mention or allege any of the conduct covered in counts 16, 17 and 18 of the indictment, concerning the 2015 wires.[6] The complaint was assigned a magistrate court docket number (3:20-70834-MAG) and a summons was issued, directing Mr. Rothenberg to appear in court the following day for an initial appearance on a "complaint" alleging wire fraud; the summons did not refer to

---

[2] *Available at* https://www.cand.uscourts.gov/wp-content/uploads/general-orders/abrogated-general-orders/GO_72_3-16-2020.pdf.

[3] *Available at* https://www.cand.uscourts.gov/wp-content/uploads/general-orders/abrogated-general-orders/GO_72-2_4-30-2020.pdf.

[4] *Available at* https://www.cand.uscourts.gov/wp-content/uploads/general-orders/abrogated-general-orders/GO_72-3_5-21-2020.pdf.

[5] *See, e.g., United States v. Music*, 4:20-CR-239-YGR (N.D. Cal.), Dkt. 8 (Indictment issued June 18, 2020); *United States v. McMillon*, 4:20-CR-242-JSW (N.D. Cal.), Dkt. 1 (same); *see also United States v. Andrade*, 3:20-CR-249-RS (N.D. Cal.), Dkt. 1 (indictment issued June 22, 2020); *United States v. Wang*, 3:20-CR-251-JD (N.D. Cal.), Dkt. 4 (same); *United States v. Brown*, 3:20-CR-252-CRB (N.D. Cal.), Dkt. 4 (same); *United States v. Carter*, 3:20-CR-253-VC (N.D. Cal.), Dkt. 10 (same); *United States v. Barela, et al.*, 3:20-CR-254-CRB (N.D. Cal.), Dkt. 34 (same).

[6] The conduct alleged in the Complaint was ultimately alleged in the Indictment in counts 12, 13, 14 and 15, which are not subject to this motion.

1    either an indictment or an information. *See* Dkt. 19, Executed Summons in a Criminal Case.

2         Mr. Rothenberg made his initial appearance in magistrate court on June 26, 2020 on the

3    complaint only. *See* Dkt. 5, Minute Entry for Proceedings on June 26, 2020. The minute entry, which

4    lists the complaint case number alone, indicates Mr. Rothenberg was advised of his rights and

5    charges, and a status conference regarding preliminary hearing or arraignment was set for August 27,

6    2020.

7         Sometime during that same day, June 26, 2020, the government filed a 23 count Information,

8    alleging significantly more criminal conduct than alleged in the Complaint. Before filing the

9    Information, however, the government did not seek from Mr. Rothenberg any waiver of his right to

10    be charged by grand jury indictment. Mr. Rothenberg appeared on the Information that same day in a

11    separate proceeding. *See* Dkt. 6, Minute Entry for Proceedings on June 26, 2020. The minute entry,

12    which lists the current docket number (3:20-CR-266-WHA),[7] indicated a status hearing regarding

13    arraignment on the Information was set for August 27, 2020. *Id.*

14         On July 2, 2020, Mr. Rothenberg filed a pro se motion to dismiss the Information, arguing that

15    he had not waived his right to be charged by grand jury indictment. *See* Dkt. 8. The government filed

16    an opposition to the motion on August 4, 2020. *See* Dkt. 13, United States' Opposition to

17    Defendant's Motion to Dismiss Information With Prejudice. In its opposition, the government noted a

18    reason for filing a waiverless Information was to "satisf[y] the statute of limitations," explaining

19    "[t]his is not a theoretical exercise here; at least one charged wire was arguably subject to being time-

20    barred absent the institution of a formal charging document." *Id.* at 2. The government cited to count

21    18 of the Information, which involved the July 31, 2015 wire. *Id.* It also noted the "tolling

22    agreement…preserved the statute of limitations for Counts 16 and 17, but only for a short period." *Id.*

23    at 2-3, n. 1.

24         The grand jury returned an Indictment on August 20, 2020, which alleged the same 23 crimes

25    detailed in the Information. *See* Dkt. 15. Mr. Rothenberg was arraigned on the Indictment on October

---

[7] The indictment was initially assigned to the Honorable William H. Alsup but reassigned to this Court when the government filed a notice of related case to the SEC case previously before the Court. *See* Dkt. 7, 32.

1   28, 2020. *See* Dkt. 24. On April 21, 2021, this Court denied Mr. Rothenberg's motion to dismiss the
2   information with prejudice as moot due to the filing of the Indictment. *See* Dkt. 46.

3                                        **ARGUMENT**

4           Under 18 U.S.C. § 3282(a), "no person shall be prosecuted, tried, or punished for any offense,
5   not capital, unless the indictment is found or the information is instituted within five years next after
6   such offense shall have been committed." 18 U.S.C. § 3282(a). The purpose of the statute of
7   limitations is "to protect individuals from having to defend themselves against charges when the
8   basic facts may have become obscured by the passage of time and to minimize the danger of official
9   punishment because of acts in the far-distant past." *Toussie v. United States*, 397 U.S. 112, 114-15
10  (1970). Such statutes "represent legislative assessments of relative interests of the State and the
11  defendant in administering and receiving justice," and "provide predictability by specifying a limit
12  beyond which there is an irrebuttable presumption that a defendant's right to a fair trial would be
13  prejudiced." *United States v. Marion*, 404 U.S. 307, 322 (1971). While the statute of limitations "may
14  also have the salutary effect of encouraging law enforcement officials promptly to investigate
15  suspected criminal activity," *Toussie*, 397 U.S. at 114-15, "diligence and good faith by the
16  government does not toll or otherwise negate the operation of the statute of limitations." *United*
17  *States v. Podde*, 105 F.3d 813, 820 (2d Cir. 1997) (quotations and citation omitted).

18          Wire fraud in violation of § 1343 falls within the general five-year statute of limitations in §
19  3282(a). The limitations period begins to run when the crime is complete, which means when "each
20  element of the crime has occurred." *See United States v. Smith*, 740 F.2d 734, 736 (9th Cir. 1984).
21  For wire fraud, the critical event for purposes of the statute of limitations is the use of the wires in
22  furtherance of the alleged scheme. *See, e.g., United States v. Scarano*, 975 F.2d 580, 586 (9th Cir.
23  1992) (mail and wire fraud are "complete when the fraudulent matter is placed in the mail or
24  transmitted by wire"); *see also United States v. Barger*, 178 F.3d 844, 847 (7th Cir.1999) (statute of
25  limitations for mail fraud begins running on the date of the mailing, not when criminal scheme is
26  complete).

27          Here, the challenged Counts involve conduct alleged to have occurred on April 6, 2015 (Count
28  16), April 28, 2015 (Count 17) and July 31, 2015 (Count 18) respectively. The tolling agreement

1  tolled the statute of limitations from April 2, 2020 to June 30, 2020. Excluding that tolled time, the

2  government needed to indict Mr. Rothenberg for the conduct in Counts 16 and 17 by July 1, 2020,

3  and for the conduct in Count 18 by July 31, 2020.[8] Yet the indictment was not returned until August

4  20, 2020.

5       Because Counts 16, 17 and 18 of the Indictment were not returned within five years, they must

6  be dismissed as time barred. As detailed below, the fact the government filed a complaint on June 24,

7  2020 and a waiverless Information on June 26, 2020 did not cure this defect or extend the time for the

8  government to indict Mr. Rothenberg.

9  **A.    <u>The Complaint did not toll the statute of limitations.</u>**

10      As an initial matter, the filing of the criminal complaint on June 24, 2020 did not toll the statute

11  of limitations. As noted earlier, § 3282(a) states "no person shall be prosecuted, tried, or punished for

12  any offense, not capital, *unless the indictment is found or the information is instituted* within five

13  years next after such offense shall have been committed." 18 U.S.C. § 3282(a) (emphasis added).

14  Section 3282(a) says nothing about a complaint, making clear the filing of a complaint does not toll

15  the statute of limitations.

16      Even if a complaint could toll the statute of limitations, the specific complaint filed against Mr.

17  Rothenberg could not with respect to the conduct in Counts 16, 17 and 18. In a similar context, the

18  Ninth Circuit has explained that tolling resulting from the filing of an indictment "continues when a

19  superseding indictment on the same charges is returned while a previous indictment is still pending."

20  *United States v. Liu*, 731 F.3d 982, 996 (9th Cir. 2013). But if the superseding indictment

21  "broaden[ed] or substantially amend[ed] the charges in the original indictment, the statute of

22

23  _____

24  [8] The Indictment alleges the date of the crime as the day specific investors wired money into RVMC
   accounts. But since § 1343 is "complete[d] when the fraudulent matter is placed in the mail or
25  transmitted by wire," *Scarano*, 975 F.2d at 586, it is likely the relevant date for the statute of
   limitations is *earlier* than the day the money was transferred. Because the Indictment does not
26  indicate the purported fraudulent statements—let alone the date those statements were made—and
   because defense counsel is still catching up to speed on the voluminous amount of discovery in this
27  case, this motion is based on the dates contained in the Indictment. Mr. Rothenberg reserves the right
   to renew this motion or challenge other counts as time barred—as well as raise other challenges to the
28  Indictment—at a later date.

1   limitations would not have been tolled as to those charges." *Id*. (alterations in original) (internal

2   quotation marks omitted).

3      Applying those principles here, the complaint alleged a completely separate and distinct crime

4   involving different purported victims that took place more than a year after the conduct detailed in

5   Counts 16, 17 and 18. In other words, the Indictment "broaden[ed] or substantially amend[ed] the

6   charges in the original" Complaint, meaning the statute of limitations was not tolled between the

7   filing of the Complaint on June 24, 2020 and the return of the Indictment on August 20, 2020.

8   **B.   The filing of a waiverless Information did not toll the statute of limitations.**

9      On June 26, 2020, the government filed an Information charging Mr. Rothenberg with a variety

10  of crimes but without obtaining a waiver from Mr. Rothenberg. The government did the same thing

11  in two other cases in the Northern District in the spring of 2020, a practice it had *never* done before

12  and does not appear to have done since. *See United States v. Abouammo*, 3:19-CR-621-EMC (N.D.

13  Cal.), Dkt. 42 (superseding Information filed April 7, 2020); *United States v. Holmes*, 5:18-CR-258-

14  EJD (N.D. Cal.), Dkt. 391 (superseding Information filed May 8, 2020).[9] The government has

15  already indicated in Mr. Rothenberg's specific case that it filed the Information to "satisf[y] the

16  statute of limitations," noting this was "not a theoretical exercise here" because Counts 16, 17 and 18

17  were "arguably subject to being time-barred." *See* Dkt. 13, United States' Opposition to Defendant's

18  Motion to Dismiss Information With Prejudice at 2-3, n. 1.

19     The Fifth Amendment to the U.S. Constitution guarantees a criminal defendant's right to be

20  tried only upon "a presentment or indictment of a Grand Jury." U.S. Const. amend. V. The Federal

21  Rules of Criminal Procedure elaborate that an "An offense (other than criminal contempt) *must be*

22  prosecuted by an indictment if it is punishable…by imprisonment for more than one year." Fed. R.

23  Crim. P. 7(a)(1)(B) (emphasis added). The filing of an Information charging a felony is only

24  permissible "if the defendant—in open court and after being advised of the nature of the charge and

25

26

27   [9] One crucial difference between Mr. Rothenberg's case and the other cases where the government
    filed a superseding Information is that in both *Abouammo* and *Holmes*, the government had already
28   obtained an Indictment before filing a superseding Information. In contrast, Mr. Rothenberg had
    never been indicted before the Information was filed, and the Complaint that initiated the criminal
    case did not involve the conduct alleged in Counts 16, 17 and 18.

1    of the defendant's rights—waives prosecution by indictment." Fed. R. Crim. P. 7(b). Here, because

2    Mr. Rothenberg did not waive prosecution by indictment, under the Fifth Amendment and Rule 7 the

3    Information was null and void and could not have tolled the statute of limitations.

4        The government's position in Mr. Rothenberg's case—and in *Abouammo* and *Holmes*—is that

5    "Rule 7(b) does not forbid filing an information without a waiver; it simply established that

6    prosecution may not proceed without a valid waiver." *See* Dkt. 13, United States' Opposition to

7    Defendant's Motion to Dismiss Information With Prejudice at 2 (quoting *United States v. Burdix-*

8    *Dana*, 149 F.3d 741, 742 (7th Cir. 1998) (quotations omitted)).

9        The Ninth Circuit has never addressed this issue of whether the filing of a waiverless

10    Information is sufficient to "institute" a prosecution under 18 U.S.C. § 3282(a). The few courts who

11    have analyzed the issue have reached different conclusions.

12        The Seventh Circuit and a handful of district courts have ruled the mere filing of a waiverless

13    information is sufficient to "institute" a prosecution under § 3282. *See Burdix-Dana*, 149 F.3d at 743;

14    *see also United States v. Holmes*, 5:18-CR-258-EJD, 2020 WL 6047232, at *9-10 (N.D. Cal. Oct. 13,

15    2020) ( "the filing of an information without an accompanying waiver is sufficient to toll the statute

16    of limitations—even though it may not be effective for other purposes."); *United States v. Stewart*,

17    425 F. Supp. 2d 727, 731 (E.D. Va. 2006) ( "plain and common-sense reading of Rule 7(b) and §

18    3282" preclude waiverless Information but "the relatively sparse case law addressing this issue

19    indicates otherwise"); *United States v. Watson*, 941 F. Supp. 601, 603 (N.D.W.Va. 1996) ("the

20    absence of a valid waiver of prosecution by indictment is a jurisdictional defect that bars the

21    acceptance of a guilty plea or the commencement of trial on the relevant charges" but "[i]t does not

22    follow from that proposition, however, that a waiverless information cannot therefore be 'instituted'

23    within the meaning of § 3282.").

24        Other district courts have reached the opposite result. *See United States v. Sharma*, 14-CR-61-

25    KMH, 2016 WL 2926365, at *2 (S.D. Tex. 2016) ("The fact is, an offense of a felony nature can only

26    proceed to prosecution by an indictment, unless the indictment is waived by the defendant. No waiver

27    was obtained within the limitations period; therefore, no case was 'initiated' that the government was

28    'able to prosecute'"); *United States v. Machado*, 09-CR-10232, 2005 WL 2886213, at *3 (D. Mass.

1   2005) ("the court has no subject matter jurisdiction over a prosecution in which the government has

2   filed an information without obtaining a valid waiver of indictment. The jurisdictional nature of the

3   waiver is grounded in the Fifth Amendment, which requires the government to prosecute felonies by

4   indictment.").

5       As explained below, the filing of the waiverless Information did not toll the statute of

6   limitations for counts 16, 17 and 18, and those Counts must therefore be dismissed as time barred.

7       **1.    The mere filing of a waiverless Information does not "institute" it.**

8       To decide what Congress meant by "institute" in 18 U.S.C. § 3282(a), this Court must start

9   with the statutory text. "A fundamental canon of statutory construction is that, unless otherwise

10  defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *United*

11  *States v. Maciel-Alcala*, 612 F.3d 1092, 1096 (9th Cir. 2010).

12      To "institute" something means to "to originate and get established" or "to set going."

13  Webster's Collegiate Dictionary (2020) (online version); *see also* Merriam-Webster's Dictionary

14  (2020) (online version) ("to originate and get established;" "to set going"). Similarly, Black's Law

15  Dictionary defines "institute" as "[t]o begin or start; commence." Black's Law Dictionary (2020)

16  (online version). Absent a waiver of indictment under Rule 7(b), an information purporting to charge

17  a felony does not "originate," "get established," "set going," "begin," "start," or "commence"

18  anything; it is a legal nullity.

19      This interpretation is consistent with the statutory context as a whole. "In deciphering the

20  meaning of a statute, [courts] do not look at its words in isolation." *Hernandez v. Williams, Zinman &*

21  *Parham PC*, 829 F.3d 1068, 1073 (9th Cir. 2016). "Interpretation of a word or phrase depends upon

22  reading the whole statutory text, considering the purpose and context of the statute, and consulting

23  any precedents or authorities that inform the analysis." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 486

24  (2006). Section 3282 says "no person shall be prosecuted, tried, or punished for any offense, not

25  capital, unless the indictment is found or the information is instituted within five years next after such

26  offense shall have been committed." 18 U.S.C. § 3282(a). The clause starting with "unless" is a

27  negative conditional clause that modifies the antecedent clause, "no person shall be prosecuted, tried,

28  or punished for any offense, not capital." Specifically, the conditional clause sets forth the *only*

1  circumstances allowing a prosecution. In other words, the indictment must be found or the

2  information must be "instituted" within five years so that prosecution, trial, and punishment may

3  proceed.

4      Tellingly, Congress did not use the word "filed" in § 3282. This was not an oversight. "Where

5  Congress includes particular language in one section of a statute but omits it in another…it is

6  generally presumed that Congress acts intentionally and purposely in the disparate inclusion or

7  exclusion." *Keene Corp. v. United States*, 508 U.S. 200, 208 (1993) (internal quotations omitted).

8  When Congress codified § 3282 in 1948, it also provided for a one-year statute of limitations in 18

9  U.S.C. § 3286 (since amended) for the crime of seduction on vessel of United States, in violation of

10  18 U.S.C. § 2198 (now repealed): "No person shall be prosecuted, tried, or punished for seduction in

11  violation of section 2198 of this title unless indictment is found or the information is *filed* within one

12  year after the vessel on which the offense was committed arrives at its port of destination." Act of

13  June 25, 1948, c. 645, 62 Stat. 683, 828 (emphasis added).

14      Congress's choice to base the statute of limitations for seduction on the "filing" of an

15  information reflects careful consideration. Seduction on vessel was a misdemeanor, punishable by a

16  fine of not more than $1,000 or imprisonment not more than one year, or both. *See* Act of June 25,

17  1948, c. 645, 62 Stat. 683, 802. In the misdemeanor context, prosecution and trial may proceed by

18  virtue of the mere filing of an information. *See* Fed. R. Crim. P. 58(b)(1) ("The trial of a

19  misdemeanor may proceed on an indictment, information, or complaint."). Congress's decision to

20  provide in since repealed § 3286 that the statute of limitations is tolled by the mere filing of an

21  information charging seduction is consistent with this rule.

22      Unlike now repealed § 3286 which governed a specific misdemeanor, § 3282 applies to both

23  misdemeanors and felonies. Congress' choice of the word "institute" reflects this broader scope.

24  Congress knew in 1948 (and still knows) how to write statute of limitations that are satisfied by the

25  mere "filing" of an information. Courts must "give effect to the unambiguous words Congress

26  actually used" and must "apply statutes on the basis of what Congress has written, not what Congress

27  might have written." *Hooks v. Kitsap Tenant Support Services, Inc.*, 816 F.3d 550, 562 (9th Cir.

28  2016). Thus, while the filing of an information suffices to initiate for prosecution and trial for a

1    misdemeanor, it does not for a felony. Instead, an information must be effective to support a

2    prosecution and trial, which requires waiver of indictment in the felony context.

3         As a result of this commonsense interpretation of the word "instituted," numerous courts have

4    held they lacked jurisdiction over a criminal case prosecuted by Information where the government

5    had not obtained a waiver. *See, e.g., United States v. Teran*, 98 F.3d 831, 835 (5th Cir. 1996) ("In the

6    absence of a valid waiver, the lack of an indictment in a felony prosecution is a defect affecting the

7    jurisdiction of the convicting court."); *United States v. Moore*, 37 F.3d 169, 173 (5th Cir. 1994)

8    ("Unless there is a valid waiver, the lack of an indictment in a federal felony case is a defect going to

9    the jurisdiction of the court." (quotations omitted)); *United States v. Wessels*, 139 F.R.D. 607, 609

10   (M.D. Pa. 1991) ("Unless there is a valid waiver, the lack of an Indictment in a federal felony case is

11   a defect going to the jurisdiction of the court. Without the waiver required by Rule 7(b) of the Federal

12   Rules of Criminal Procedure, an Information charging a felony offense is virtually meaningless.");

13   *United States v. Clemenic,* 1988 WL 121575, at *3 (N.D. Ill. Oct. 24, 1988), *aff'd*, 886 F.2d 332 (7th

14   Cir. 1989) ("It is a well-settled rule that, unless there is a valid waiver, the lack of an indictment in a

15   felony case is a defect going to the jurisdiction of the court.") (citing cases); *see also Smith v. United

16   States*, 360 U.S. 1, 10 (1959) (in capital case prosecuted by information after obtaining waiver in

17   violation of Rule 7(a) in effect, finding the "the United States Attorney did not have authority to file

18   an information in this case and the waivers made by petitioner were not binding and did not confer

19   power on the convicting court to hear the case.").

20        Indeed, "it defies logic and reason that the court may accept an information without waiver for

21   the purpose of applying the statute of limitations, when the same document is 'meaningless' for

22   purposes of subject matter jurisdiction and prosecution." *Machado*, 2005 WL 2886213, at *2

23   (internal citation omitted). The district court in *Machado* rejected the government's argument that

24   "something less is required for an information to be 'instituted'" for § 3282 than is required to

25   prosecute a defendant on the charges contained in the Information. *Id*. It found no meaningful

26   distinction for statutes of limitations purposes between the word "prosecution"—used in Rule 7(b)—

27   and the word "institution"—used in § 3282 because both terms "are commonly used to describe the

28   commencement of a criminal action." *Id.* Accordingly, because a waiverless information is

1   undoubtedly insufficient to "prosecute" a felony defendant, it must similarly be insufficient to

2   "institute" such an action within the limitations period. *Id*. at \*3; *see also Sharma*, 2016 WL

3   2926365, at \*2 ("[W]hen the indictment is not 'found' within five years the charge cannot be

4   prosecuted. Likewise, when the charge is 'instituted' within five years, the charged party must waive

5   formal indictment within the statutory period, otherwise the charge(s) cannot be prosecuted after

6   limitations is exhausted, with few or exigent exceptions.").

7          Thus, the waiverless Information was null and void and did not toll the statute of limitations on

8   Counts 16, 17 and 18.

9          **2.     The Supreme Court has rejected the government's argument in a similar context.**

10         Supreme Court precedent construing the word "institute" in a different statute of limitations

11  confirms this conclusion. In *Jaben v. United States*, 381 U.S. 214 (1965), the Court interpreted the

12  word "instituted" in the statute of limitations governing felony tax evasion, which provided that

13  "[w]here a complaint is instituted before a commissioner of the United States within the period above

14  limited, the time shall be extended until the date which is 9 months after the date of the making of the

15  complaint before the commissioner of the United States." *Id*. at 215-16 (quoting 26 U.S.C. § 6531).

16  The day before the statute of limitations expired, the government filed a complaint against the

17  defendant. *Id*. The complaint stated the essential facts constituting the offense of attempted tax

18  evasion and was made upon oath before a commissioner of the United States, as Rule 3 of the Federal

19  Rules of Criminal Procedure required; a grand jury then returned an indictment after the statute of

20  limitations had expired and the government invoked the 9-month grace period to argue that the

21  indictment was timely. *Id*. at 216. The government argued the mere filing of a complaint as defined in

22  Rule 3 invoked the 9-month grace period under § 6531. *Id*. at 217. The government argued it was

23  irrelevant whether the complaint was sufficient to trigger further proceedings under Rules 4 and 5,

24  specifically whether it showed probable cause, a necessary condition to the issuance of an arrest

25  warrant and a preliminary hearing. *Id*.; *see also* Fed. R. Crim. P. 4, 5.

26         The Supreme Court emphatically rejected the government's argument. It explained, "[t]he

27  Government would…totally ignore the further steps in the complaint procedure required by [the]

28  Rules." *Jaben*, 381 U.S. at 217. By ignoring "the requirements of the Rules that follow," the

DEFENDANT'S MOTION TO DISMISS COUNTS 16, 17 AND 18 AS TIME BARRED
*United States v. Rothenberg*, 3:20-CR-266-JST

11

1    government's position "would deprive the institution of the complaint before the Commissioner of

2    any independent meaning which might rationally have led Congress to fasten upon it as the method

3    for initiating the nine-month extension." *Id*. Although the government pointed out the Commission

4    would still receive the complaint, ensure that it states sufficient facts to allege an offense, and

5    administer the oath, the Court held that these are "essentially formalities." *Id*. at 218. Instead, the

6    Commissioner's fundamental functions "are to make the judgment that probable cause exists and to

7    warn defendants of their rights." *Id*.

8         More importantly, "the evident statutory purpose of the nine-month extension provision is to

9    afford the Government an opportunity to indict criminal tax offenders in the event that a grand jury is

10   not in session at the end of the normal limitation period," and "was not meant to grant the

11   Government greater time in which to make its case (a result which could have been accomplished

12   simply by making the normal period of limitation six years and nine months)." *Id*. at 219. By

13   contrast, the government's interpretation "provides no safeguard whatever to prevent the Government

14   from filing a complaint at a time when it does not have its case made, and then using the nine-month

15   period to make it." *Id*. at 220. The Court highlighted the dangerous implications of this position,

16   noting "the Government need not further pursue the complaint procedure at all, and, in the event that

17   the defendant pressed for a preliminary hearing and obtained a dismissal of the complaint, that the

18   Government could nonetheless rely upon the complaint . . . as having extended the limitation period."

19   *Id*. at 218.

20        Rejecting the government's position, the Court interpreted "instituted" to require that the

21   complaint be "adequate to begin effectively the criminal process prescribed by the Federal Criminal

22   Rules." *Id*. at 220 (emphasis added). Thus, only a complaint that was "sufficient to justify the next

23   steps in the process—those of notifying the defendant and bringing him before the Commissioner for

24   a preliminary hearing"—could invoke the nine-month grace period. *Id; see also id*. at 227 (Goldberg,

25   J., concurring in part and dissenting in part) ("[T]he view that I would accept as correct is that the

26   only complaint that tolls the statute is one that begins effectively the criminal process prescribed by

27   the Federal Rules.").

28        *Jaben* requires rejecting the government's argument that the filing of a waiverless information

satisfies, and thus tolls, the statute of limitations under § 3282. The Court was concerned that the government's interpretation of the word "institute" threatened to reduce the Commissioner's function to rubberstamping the complaint. Here, too, interpreting "institute" to mean "file" would deprive both defendants and courts of their unique roles in felony prosecutions: defendants, as the only actors who may authorize a felony prosecution and trial by information, by waiving in open court the Fifth Amendment right to indictment by the grand jury, and courts, as the actors entrusted to ensure that the defendants' waiver of this constitutional guarantee is knowing and voluntary. *See* Fed. R. Crim. P. 7(b). As in *Jaben*, then, the Court should hold that for § 3282 to apply, the information "must be adequate to begin effectively" the prosecution and trial which requires the defendant's waiver.

Interpreting "institute" as "file" as advocated by the government would also produce the same concerns that motivated the Supreme Court in *Jaben* to reject that position. The Court explained that the nine-month grace period was not intended "to grant the Government greater time in which to make its case (a result which could have been accomplished simply by making the normal period of limitation six years and nine months)." *Jaben*, 381 U.S. at 219. By construing "instituted" to mean the filing of the complaint supported by probable cause, thus satisfying Rules 4 and 5, the Court read the statute to require a "safeguard" "to prevent the Government from filing a complaint at a time when it does not have its case made." *Id*. at 220. Construing "instituted" in § 3282 to mean the mere filing of an information—absent the defendant's consent—would provide no "safeguard" whatsoever. It would give the government free reign to extend the statute of limitations, on its own, at any time, for any reason in direct contravention of the clear text of § 3282 and Federal Rule of Criminal Procedure 7. As the Court observed in *Jaben*, if Congress had intended to accomplish that radical result, it would have said so expressly, rather than use the word "instituted."

### 3.     Statutes of limitations must be "liberally interpreted in favor of repose"

If any doubt remained, the well-established principle that "criminal limitations statutes are to be liberally interpreted in favor of repose" would require adopting Mr. Rothenberg's reading of § 3282. *Toussie*, 397 U.S. at 115 (internal quotation omitted). Courts have repeatedly construed statute of limitations narrowly. *See Toussie*, 397 U.S. at 115 (applying principle to find continuing offense doctrine should only applied if "explicit language of the substantive statute compels such a

1    conclusion, or the nature of the crime involved is such that Congress must assuredly have intended

2    that it be treated as a continuing one."); *United States v. Scharton*, 285 U.S. 518, 521-22 (1932)

3    (applying principle and noting limitations "ought not to be extended by construction to embrace so-

4    called frauds not so denominated by the statutes creating offenses"); *United States v. Gonsalves*, 675

5    F.2d 1050, 1055 (9th Cir. 1982) (applying principle to hold that 18 U.S.C. § 3290, which provides for

6    the tolling of the statute of limitations while accused is fleeing from justice, does not apply when

7    accused makes a good-faith effort to surrender).

8        This principle is grounded in the basic purpose of criminal statutes of limitations, which is "to

9    protect individuals from having to defend themselves against charges when the basic facts may have

10   become obscured by the passage of time and to minimize the danger of official punishment because

11   of acts in the far-distant past." *Toussie*, 397 U.S. at 114-15. Construing § 3282 to permit the

12   government to toll the statute of limitations by filing a felony information without the defendant's

13   consent would unilaterally give it the power to extend the statute of limitations in direct contravention

14   to the careful limits drafted by Congress.

15       This principle should apply with special force here considering the constitutional implications

16   of a contrary rule. The requirement of a grand-jury indictment for felonies is guaranteed by the Fifth

17   Amendment. Similarly, "[t]he policies underlying the statutes of limitation are 'grounded in concepts

18   of due process.'" *United States v. Ratcliff*, 245 F.3d 1246, 1252 (11th Cir. 2001) (quoting *United*

19   *States v. O'Bryant*, 998 F.2d 21, 24 (1st Cir.1993)). Indeed, statutes such as § 3282 "specify[] a limit

20   beyond which there is an irrebuttable presumption that a defendant's right to a fair trial would be

21   prejudiced." *Marion*, 404 U.S. at 322.

22       Mr. Rothenberg's reading of § 3282 protects these constitutional rights by ensuring that, within

23   five years of the commission of an offense, the government must either persuade a grand jury to

24   return an indictment as required by the Constitution or persuade the defendant to waive his

25   Constitutional right to indictment. The government's reading, by contrast, would permit the

26   government to extend the statute of limitations unilaterally, even when it has not made its case, by

27   expediently filing an information without the defendant's consent. Given the constitutional concerns,

28   Mr. Rothenberg's interpretation is also supported by the doctrine of constitutional avoidance, which

1   states "where a statute is susceptible of two constructions, by one of which grave and doubtful

2   constitutional questions arise and by the other of which such questions are avoided, our duty is to

3   adopt the latter." *Jones v. United States*, 529 U.S. 848, 857 (2000) (quotations and citation omitted).

4   It is also supported by the rule of lenity, which requires "ambiguity concerning the ambit of criminal

5   statutes" to be resolved in the defendant's favor. *Id.* at 858.

6   **C.   The circumstances did not warrant filing a waiverless Information.**

7          Finally, it is likely that the government will rely on the havoc wreaked by the COVID-19

8   pandemic, particularly during the uncertain times in the spring and summer of 2020 as its reason for

9   filing a waiverless Information. As it argued in its August 4, 2020 opposition to Mr. Rothenberg's

10  pro se motion to dismiss the Information, "in the time of the COVID-19 pandemic, when the grand

11  jury was not in session for two months and only recently has commenced limited proceedings,

12  instituting a criminal case through means other than indictments carries not even a whiff of

13  misconduct." *See* Dkt. 13, United States' Opposition to Defendant's Motion to Dismiss Information

14  With Prejudice at 2.

15         But the pandemic is no excuse. While Congress authorized numerous changes to court process

16  in order to account for the pandemic—including the use of video and telephone for court

17  appearances—it notably did not suspend the statute of limitations, even though the Department of

18  Justice asked Congress for that power.[10] Most importantly, by the time the government filed the

19  Information on June 26, 2020, the grand jury had already resumed operation and numerous

20  Indictments had already been issued in the District.[11] Rather than promptly obtain an Indictment,

21  seek a waiver of Indictment, or negotiate an extension of the tolling agreement that expired on June

22

23

24  [10] *See* Charlie Savage, "In Pandemic, Justice Dept. Seeks Video Court Hearings and Home
    Detention," *New York Times*, Mar. 23, 2020, *available at*

25  https://www.nytimes.com/2020/03/23/us/politics/justice-department-coronavirus.html. The specific
    DOJ proposal is available at https://int.nyt.com/data/documenthelper/6835-combed-doj-coronavirus-

26  legisla/06734bbf99a9e0b65249/optimized/full.pdf#page=1.

    [11] That further distinguishes Mr. Rothenberg's case from both *Abouammo* and *Holmes* because the

27  waiverless Information filed in each of those cases were issued in April and May 2020 respectively,
    when grand jury proceedings had been suspended and before the Court indication they would resume

28  in June 2020. In contrast, the government filed its waiverless Information here after the grand jury
    had met and after it had already started issuing Indictments again.

30, 2020, the government unilaterally decided to file an Information as a way to extend the statute of limitations for its own convenience. Because it should not use the pandemic as a pretext for that improper action, Counts 16, 17 and 18 should be dismissed.

<b><u>CONCLUSION</u></b>

Mr. Rothenberg respectfully requests this Court dismiss counts 16, 17 and 18 of the Indictment as time barred.

Dated:    May 7, 2021                                Respectfully submitted,

                                                    MOEEL LAH FAKHOURY LLP

                                                    Hanni M. Fakhoury
                                                    Attorneys for Michael Rothenberg