1  STEPHANIE M. HINDS (CABN 154284)
   Acting United States Attorney
2
   BENJAMIN KINGSLEY (CABN 314192)
3  Acting Criminal Chief

4  KYLE F. WALDINGER (CABN 298752)
   NICHOLAS J. WALSH (CABN 314290)
5  Assistant United States Attorneys

6      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495
7      Telephone: (415) 436-7200
       FAX: (415) 436-7234
8      Email: Kyle.Waldinger@usdoj.gov
       Email: Nicholas.Walsh@usdoj.gov
9
   Attorneys for the United States of America
10

11                          UNITED STATES DISTRICT COURT

12                         NORTHERN DISTRICT OF CALIFORNIA

13                                  OAKLAND DIVISION

14  UNITED STATES OF AMERICA,            ) CASE NO. CR 20-0266 JST
                                          )
15         Plaintiff,                     ) UNITED STATES' OPPOSITION TO
                                          ) DEFENDANT'S MOTION TO DISMISS COUNTS
16     v.                                 ) 16, 17, AND 18 AS TIME BARRED
                                          )
17  MICHAEL BRENT ROTHENBERG,             ) Hearing Date:   June 11, 2021
         a/k/a MIKE ROTHENBERG,           ) Hearing Time:   9:30 a.m.
18                                        )
           Defendant.                     )
19  _____)

The United States respectfully submits its Opposition to defendant Michael Rothenberg's Motion to Dismiss Counts 16, 17, and 18 as Time Barred. *See* Dkt. 52. For the reasons set forth below, the Court should deny the motion.

## RELEVANT PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Because the defendant's pending Motion to Dismiss focuses on the federal statute of limitation for three counts in the Indictment, a series of dates is relevant:

Count 16 of the Indictment alleges that on or about April 6, 2015, the defendant committed wire fraud, pursuant to 18 U.S.C. §§ 1343 and 2. Because the statute of limitation for wire fraud is five years, *see* 18 U.S.C. § 3282(a), an appropriate pleading charging the acts described in Count 16 needed to be brought against the defendant by April 6, 2020, absent a tolling agreement.

Count 17 of the Indictment alleges that on or about April 28, 2020, the defendant committed wire fraud, pursuant to 18 U.S.C. §§ 1343 and 2. Again, because the statute of limitation for wire fraud is five years, *see* 18 U.S.C. § 3282(a), an appropriate pleading charging the acts described in Count 17 needed to be brought against the defendant by April 28, 2020, absent a tolling agreement.

Count 18 of the Indictment in this case alleges that on or about July 31, 2015, the defendant committed wire fraud, pursuant to 18 U.S.C. §§ 1343 and 2. As before, because the statute of limitation for wire fraud is five years, *see* 18 U.S.C. § 3282(a), an appropriate pleading charging the acts described in Count 18 needed to be brought against the defendant by July 31, 2020, absent a tolling agreement.

Importantly, the United States and the defendant entered into a Tolling Agreement on April 2, 2020. Def. Mtn., Ex. A (Dkt. 52-1). By its terms, the time between April 2, 2020, and June 30, 2020, "shall be excluded from any calculation of time for purposes of the application of any federal statute of limitations." Def. Mtn., Ex. A, ¶ 4. The time between April 2, 2020, and June 30, 2020, is exactly 90 days. The Tolling Agreement thus changed the statute of limitation date to July 5, 2020 (April 6, 2020, plus 90 days) for Count 16, July 27, 2020 (April 28, 2020, plus 90 days) for Count 17, and October 29, 2020 (July 31, 2020, plus 90 days) for Count 18.

On June 24, 2020, a criminal complaint, Dkt. 1, was issued by Magistrate Judge Thomas S. Hixson at the request of the United States, charging the defendant with wire fraud not part of eventual Indictment Counts 16, 17, or 18. The next day, June 25, 2020, an Information, Dkt. 2, was filed with the

Clerk's Office, which stamped it the following day, June 26, 2020. The Information contained the same allegations in Counts 16, 17, and 18 of the Indictment. If the filing of an Information with the Clerk's Office meets the requirements of 18 U.S.C. § 3282(a), the filing deadline, as modified by the Tolling Agreement, was met for Counts 16, 17, and 18.

The defendant did not waive his right to indictment. Thus, on August 20, 2020, an Indictment, Dkt. 15, was returned by the Grand Jury, meeting the filing deadline for Count 18. However, if the Information filed on June 25, 2020, was insufficient to meet the statute of limitation deadlines, the Indictment would miss the filing deadlines for Counts 16 and 17.

Resolution of the defendant's current Motion to Dismiss[1] then turns on whether the filing of the Information in this case on June 25, 2020 (and stamped by the Clerk's Office on June 26, 2020), meets the requirements of 18 U.S.C. § 3282(a). As described below, it did, and the defendant's Motion to Dismiss should therefore be denied.

**ARGUMENT**

**I.     THE FILING OF THE INFORMATION SATISFIED THE STATUTE OF LIMITATION.**

**A.     Section 3282(a) Provides that the Statute of Limitation is Satisfied Upon the Filing of an Information.**

As the defendant correctly notes, the applicable statute of limitation with respect to the charged wire fraud offenses is five years. *See* 18 U.S.C. § 3282(a) ("no person shall be prosecuted . . . unless the indictment is found or the information is instituted within five years next after such offense shall have been committed"). Here, the government filed the Information on June 25, 2020, during the period when the statute of limitation was tolled pursuant to the Tolling Agreement. Because the statute of limitation on the three counts at issue in the defendant's Motion had not expired when the Tolling Agreement went into effect on April 2, 2020, all of those counts were still viable at the time of the filing of the Information.[2] It is undisputed that, if the Grand Jury had returned the Indictment on June 25,

---

[1] The defendant filed a prior Motion to Dismiss on July 2, 2020, based on some of the same issues raised in the instant Motion to Dismiss. Dkt. 8. The Court denied that first Motion to Dismiss on April 21, 2021. Dkt. 46.

[2] The government agrees that the filing of the Criminal Complaint on June 24, 2020, did not toll the statute of limitation. *See* Def. Mtn., at 5-6. Section 3282(a) provides that, "[e]xcept as otherwise expressly provided by law," a person may not be "prosecuted, tried, or punished for any offense" unless

UNITED STATES' OPP. MTN. DISMISS            2
CR 20-0266 JST

2020, the three counts would have been properly brought within the applicable statute of limitation, as tolled by the Tolling Agreement. Rothenberg argues, however, that, absent a waiver of indictment under Federal Rule of Criminal Procedure 7(b), the mere filing of the Information on June 25, 2020, did not "institute" it. Def. Mtn., at 8. Although there is no controlling Ninth Circuit case law, the weight of authority and a plain reading of Section 3282(a) demonstrate that the defendant's argument must fail.

The Seventh Circuit—without contradiction by any other Circuit and supported by the Tenth Circuit—has concluded that the filing of an information, even without defendant's waiver of indictment, qualifies as "institut[ing]" the information under Section 3282(a). In *United States v. Burdix-Dana*, the Seventh Circuit reasoned that although the "absence of a valid waiver of prosecution by indictment bars the acceptance of a guilty plea or trial," it does not "mak[e] the filing of an information a nullity." 149 F.3d 741, 742 (7th Cir. 1998). Applying the statute's text, the *Burdix-Dana* court held that the "filing of the information," even without the valid waiver of an indictment, was "sufficient to institute it within the meaning of" Section 3282. *Id.* at 743; *see also United States v. Thompson*, 287 F.3d 1244, 1249-50, 1251 n.4 (10th Cir. 2002) (analyzing *Burdix-Dana* at length and adopting its logic with respect to indictments under Fed. R. Crim. P. 6(f)).

Section 3282(a) contains no requirement that, before expiration of the statute of limitation, the government must not only file an information, but also obtain the defendant's waiver of indictment. Because the term "institute" is not defined in the statute, it must be construed according to its "ordinary and natural meaning." *See, e.g.*, *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 476 (1994); *see also United States v. Yoshida*, 303 F.3d 1145, 1151 (9th Cir. 2002) (interpreting term "bring" "broadly, using its ordinary meaning") (citing *Muscarello v. United States*, 524 U.S. 125, 139 (1998)). The word "institute" means, *inter alia*, "[t]o inaugurate or commence; as to institute an action." Black's Law Dictionary Free Online Legal Dictionary (2d ed.), https://thelawdictionary.org/institute-v/, accessed 5/20/2021; *see also* Merriam-Webster.com Dictionary ("to originate and get established : ORGANIZE";

---

"the indictment is found or the information is instituted" within five years after the offense was committed. 18 U.S.C. § 3282(a). Section 3282(a) does not mention complaints, and no other "express provi[sion]" of law provides that the filing of a complaint tolls the statute of limitation for wire fraud offenses in these circumstances. *But cf.* 26 U.S.C. § 6531 (providing for nine-month extension of statute of limitation for tax offenses through filing of complaint).

UNITED STATES' OPP. MTN. DISMISS        3
CR 20-0266 JST

1  "to set going : INAUGURATE"; "*instituting* an investigation"), https://www.merriam-webster.com/dictionary/institute, accessed 5/20/2021.  Albeit in a different statutory context, the Supreme Court has construed "instituted" in exactly that fashion.  *See Gollust v. Mendell*, 501 U.S. 115, 124 (1991).  Institution requires only "commencement[.]" *Id.*  Thus, to "institute" an information means no more than to "start" or "commence" the information by filing it with the Clerk of the Court.

In his Motion, the defendant essentially cites the same definitions of "institute," but then argues that a waiverless information "does not 'originate,' 'get established,' 'set going,' 'begin,' 'start,' or 'commence' anything."  Def. Mtn., at 8.  This argument misconstrues what must be "instituted" under Section 3282(a).  Under Section 3282(a), the thing that must be "instituted" is not the entire criminal prosecution but only the "information."  That happens, as several district courts have agreed, when it is "filed with the clerk of the court." *United States v. Watson*, 941 F. Supp. 601, 603 (N.D. W.Va. 1996); *United States v. Rosecan*, 20-CR-80052, 2021 WL 1026070, at *3 (S.D. Fla. Mar. 17, 2021) ("The terms 'prosecuted' and 'instituted' are not equivalent, and an information is 'instituted' when it is properly filed . . . .").  Thus, "filing a 'waiverless' criminal information with the clerk's office 'institutes' it for purposes of . . . the statute of limitations." *United States v. Stewart*, 425 F. Supp. 2d 727, 729 (E.D. Va. 2006); *accord United States v. Marifat*, No. 17-CR-189, 2018 WL 1806690, at *2-*3 (E.D. Cal. Apr. 17, 2018) (same); *United States v. Hsin-Yung*, 97 F. Supp. 2d 24, 28 (D.D.C. 2000) (same); *see also United States v. Holmes*, 18-CR-00258-EJD, 2020 WL 6047232, at *9 (N.D. Cal. Oct. 13, 2020) (recognizing that "[n]otice to the defendant is the central policy underlying the statutes of limitations" and that "a properly instituted information gives the defendant notice of the allegations of the charges").

This is consistent with courts' interpretation of Federal Rule of Criminal Procedure 7(b).  Rule 7(b) does not "prohibit the *filing* of an information in the absence of a waiver by the defendant.  Instead, the rule proscribes *prosecution* without waiver.  Therefore, [an] information [can be] filed within the period of limitations, thus providing a valid basis for the prosecution." *United States v. Cooper*, 956 F.2d 960, 962-63 (10th Cir. 1992) (emphases in original).  As Wright and Miller have thus recognized, "[i]t is inconsequential whether the information is filed before or after the defendant has waived indictment.  The fact that the information was filed first and the waiver was made later does not invalidate the pleading."  Wright & Miller, § 122 Waiver of Indictment, 1 Fed. Prac. & Proc. Crim.

§ 122 (4th ed. 2019) (1982 edition quoted in *Cooper*).[3]

The defendant relies on two district courts that have come to the contrary conclusion. *See* Def. Mtn., at 7-8 (citing *United States v. Sharma*, No. 4:14-CR-61, 2016 WL 2926365 (S.D. Tex. May 19, 2016) and *United States v. Machado*, No. CRIM.A.04-10232-RWZ, 2005 WL 2886213 (D. Mass. Nov. 3, 2005)). As an initial matter, these opinions of other district court judges are not binding on this Court. Furthermore, the government submits that these memorandum opinions fail to take proper account of the plain language of Section 3282(a) and of how their holdings are inconsistent with a close reading of Rule 7(b). Moreover, and as noted above, no other court of appeals has reached a conclusion different than the one at which the *Burdix-Dana* arrived.

For all of the reasons set forth above, the government submits that a plain reading of Section 3282(a) means that the filing of the Information in this case satisfied the applicable statute of limitation, as tolled by the Tolling Agreement.

**B.   The Defendant's Attempt to Extend Supreme Court Precedent Does Not Square with the Other Relevant Statutory Provision Regarding Dismissal of Charging Documents.**

The defendant argues that the Supreme Court has rejected the government's argument in another context, citing *United States v. Jaben*, 381 U.S. 214 (1965). *See* Def. Mtn., at 11-13. However, the defendant's proposed extension of that case law does not make sense when taking into account 18 U.S.C. § 3288, while the government's interpretation of the effect of the filing of the Information is fully consistent with *Jaben*.

In *Jaben*, the Court examined 26 U.S.C. § 6531, which set forth the statute of limitation for the felony of willfully attempting to evade federal income taxes. Under that limitations provision, the government had six years to obtain an indictment for the offense, plus an additional nine months "'[w]here a complaint is instituted before a commissioner of the United States'" within the six-year period. *Jaben*, 381 U.S. at 215 (quoting 26 U.S.C. § 6531 (1954)). The *Jaben* Court held that, to trigger the nine-month extension, the government had to file a complaint that demonstrated probable cause to

---

[3] The government notes that the traditional practice in this District has been to always file an information before obtaining a defendant's waiver of indictment. Filing the information first generates a district court docket number and assigns a district court judge to the matter, which facilitates the ability of the magistrate court to move the case forward if a defendant then later waives his right to indictment.

UNITED STATES' OPP. MTN. DISMISS                        5
CR 20-0266 JST

believe the defendant had committed the offense. *Jaben*, 381 U.S. at 217-18. Importantly, in concluding that the mere filing of any complaint, without regard to probable cause, was insufficient to initiate the extension, the Court did not look to the ordinary meaning of the word "institute" but to the unique requirements of the criminal complaint procedures. *See id.*

Those procedures, which were set forth in Federal Rules of Criminal Procedure 4 and 5, provided, *inter alia*, that the complaint could not be used to secure a warrant for a defendant's arrest unless a Commissioner determined that it established probable cause. *Id.* The Court concluded that, unless the government was required to file a complaint based on probable cause, it could use the complaint procedure to obtain a nine-month extension of the period of limitations while reducing the Commissioner's function to the "mere [] rubberstamp[ing] [of] the complaint." *Id.* at 218. The Court thus concluded that, in order to initiate the time extension, the complaint must be sufficient to "justify the next steps in the [criminal] process – those of notifying the defendant and bringing him before the Commissioner for a preliminary hearing." *Id.* at 220. The Court did not, however, hold that to *initiate* the extension, the government must also take steps – such as obtaining an indictment or an information and a waiver – that would be sufficient to commence prosecution.

Here, the defendant seeks to extend *Jaben* to require the government to obtain an indictment or an information with a waiver that is sufficient to support a criminal prosecution before it may toll the statute of limitation under Section 3282(a). Such a requirement, however, is inconsistent with 18 U.S.C. § 3288, which provides that "[w]henever an indictment or information charging a felony is dismissed for *any reason* . . . a new indictment may be returned within six calendar months of the date of dismissal . . . which new indictment shall not be barred by any statute of limitations." 18 U.S.C. § 3288 (emphasis added). The only exception to that provision is "where the reason for the dismissal was the failure to file the indictment or information within the period prescribed by the applicable statute of limitations, or some other reason that would bar a new prosecution." *Id.* It is well established that when the reason for dismissal of the indictment or information was not its untimeliness, but some other defect that makes the indictment or information insufficient to support a prosecution, a new indictment may still be returned under Section 3288. *See, e.g.*, *United States v. Macklin*, 535 F.2d 191, 192-93 (2d Cir. 1976) (holding that a new indictment could issue under Section 3288 when the original indictment returned against the

defendant was issued by a grand jury whose term had expired).

The purpose of Section 3288 is to permit re-indictment when there is a defect or irregularity in the original indictment or information that makes it insufficient to support a prosecution. *See Macklin*, 535 F.3d at 192-93; *see also United States v. Clawson*, 104 F.3d 250, 252 (9th Cir. 1996) ("Allowing a second indictment to remedy legal deficiencies present in the first is the very purpose for which § 3288 was enacted.") (internal quotation and citation omitted). If one took the defendant's reading of Section 3282(a) to its logical extreme conclusion, however, there could not be a valid original indictment or information upon which Section 3288 could operate unless that first indictment or information was *itself* sufficient to support a prosecution. Thus, Section 3288 would only apply when there was no need to dismiss the indictment or information in the first place. Nothing in *Jaben* or the text of Section 3282(a) requires such an absurd result and reading of Section 3288.

On the contrary, by its terms, Section 3288 should apply where an underlying information is dismissed under Rule 7 because the defendant has not waived indictment. That is, the statute applies to dismissal "for *any reason* after the period prescribed by the applicable statute of limitations has expired[.]" 18 U.S.C. § 3288 (emphasis added). This applies to an "information that was a nullity because only an indictment would suffice…." *Macklin*, 535 F.2d at 193. Indeed, in 1964 Congress amended Section 3288 to "permit reprosecution by indictment of a defendant whose conviction had been vacated even when the court had been without jurisdiction to proceed under the original information," legislatively overruling *Hattaway v. United States*, 304 F.2d 5 (5th Cir. 1962), which had held that when the original charging information was a "nullity," "the saving clause did not apply." *Macklin*, 535 F.2d at 193 (citing legislative history).

For all of these reasons, the defendant's reliance on *Jaben* is misplaced, and this Court should follow the better interpretation of Section 3288(a) set forth in *Burdix-Dana*.

**C.    Canons of Statutory Construction do not Support the Defendant's Argument.**

The defendant incorrectly relies on the principle that statutes of limitation are to be "liberally interpreted in favor of repose" to argue that his erroneous reading of Section 3282(a) should control. Def. Mtn., at 13-15. Foremost, the interpretive principle that the defendant invokes does not apply where, as here, the language of the statute of limitation is unambiguous. *See United States v. Habig*, 390

U.S. 222, 226-27 (1968). As the government argued in Section I.A, *supra*, Section 3282(a) is unambiguous as to what it means to "institute" an information.

Just as importantly, however, is the fact that, even if the language were ambiguous, the Supreme Court "long ago pronounced the standard: 'Statutes of limitation sought to be applied to bar rights of the Government, must receive a strict construction *in favor* of the Government.'" *Badaracco v. Commissioner*, 464 U.S. 386, 391 (1984) (quoting *E.I. Dupont de Nemours & Co. v. Davis,* 264 U.S. 456, 462 (1924) and citing *Lucas v. Pilliod Lumber Co.,* 281 U.S. 245, 249 (1930)) (emphasis added). Thus, the canon of statutory construction for a statute of limitation applied against the government is strictly construed to allow the government to go forward.

Adopting the government's, *Burdix-Dana*'s, and other courts' common-sense interpretation of Section 3282(a) does not "contreven[e] the careful limits drafted by Congress" in that provision, as the defendant argues. Def. Mtn., at 14. Section 3282(a) sets forth the five-year limitation period in which "the indictment [must be] found or the information . . . instituted." If the government neither obtains a true bill on an indictment from a grand jury nor files an information with the clerk of the court before the statute of limitation has expired, a criminal defendant may move for dismissal of the charges. And upon such a dismissal for failure to meet the statute of limitation, Section 3288 does not permit the filing of a new indictment. *See* Section I.B, *supra*. These clear guideposts and the resulting sanctions for straying outside them faithfully follow the "careful limits" enacted by Congress in Sections 3282 and 3288.

## II. EVEN IF THE COURT REJECTS *BURDIX-DANA* AND THE MANY DECISIONS THAT FOLLOW THE SEVENTH CIRCUIT, COUNT 18 WAS FILED WITHIN THE APPLICABLE STATUTE OF LIMITATION.

Even if the Court rejects the *Burdix-Dana* interpretation of Section 3282(a) and finds that the statute of limitation was not tolled by the filing of the Information—which it should not—Count 18 (which alleges a violation on July 31, 2015) survives the defendant's challenge. It survives because, by its plain terms, the Tolling Agreement excluded from the calculation of the statutory period by which the government must bring charges the 90 days between and including April 2, 2020, and June 30, 2020 (*i.e.*, the "Tolling Period"). Specifically, the Tolling Agreement provides that those 90 days "shall be excluded from any calculation of time for purposes of the application of any federal statute of limitations." Def. Mtn., Ex. A, ¶ 4. Although the Tolling Agreement provides that the statute of

limitation clock began to run after June 30, 2020, *see id.*, ¶ 5 (providing that "the running of any federal statute of limitations . . . shall be tolled during the Tolling Period"), the Tolling Agreement does not provide that the 90 days constituting the tolling period would be added back into the statute of limitation calculations upon expiration of the Tolling Agreement. Accordingly, by the terms of the Tolling Agreement, the government had until 90 days after the dates of the wires in question to bring charges related to those separate executions of the wire fraud scheme. The Tolling Agreement thus changed the statute of limitation dates to July 5, 2020, for Count 16 (April 6, 2020, plus 90 days), July 27, 2020 (April 28, 2020, plus 90 days) for Count 17, and October 29, 2020 (July 31, 2020, plus 90 days) for Count 18. Since the Indictment was found on August 20, 2020, it was not brought early enough to preserve the April 6 (Count 16) and April 28, 2015 (Count 17), wires absent the effect of filing the Information. However, even under the defendant's reading of the law, the Indictment was brought before the previously tolled statute of limitation expired for the July 31, 2015, wire (Count 18).

Accordingly, for the reasons stated above, and based on the plain language of the Tolling Agreement, even if the Court rejects the government's reading of Section 3282(a) regarding the effect of the filing of the Information, it should dismiss only Counts 16 and 17 for failure to satisfy the statute of limitation. Count 18 survives.[4]

---

[4] The defendant states that "it is likely that the relevant date for the statute of limitations is *earlier*" than the dates of the wire transfers in the Indictment. Def. Mtn., at 5 n.8. In so stating, he relies on *United States v. Scarano*, 975 F.2d 580, 586 (9th Cir. 1992), to suggest that, because the funds contained in the alleged wire transfers are not themselves "fraudulent matter," the true date of the crimes occurred sometime prior to the transfers. *See* Def. Mtn., at 5 n.8 ("§ 1343 is 'complete[d] when the fraudulent matter is . . . transmitted by wire'") (quoting *Scarano*).

The defendant reads too much into *Scarano* and ignores well-established circuit law. The Ninth Circuit has made clear that "[a]lthough a fraudulent scheme may be an element of the crime of wire fraud, it is using wires and causing wires to be used in furtherance of the fraudulent scheme that constitutes the prohibited conduct." *United States v. Pace*, 314 F.3d 344, 349 (9th Cir. 2002). There is no requirement that the charged wire contain "fraudulent matter." *See United States v. Jinian*, 725 F.3d 954, 960 (9th Cir. 2013) (essential elements of wire fraud are "(1) the existence of a scheme to defraud; (2) the use of wire, radio, or television to further the scheme; and (3) a specific intent to defraud"); *see also United States v. Furminger*, 652 Fed. Appx. 494, 497 (9th Cir. 2016) ("the wire transmissions themselves need not be false or deceptive so long as they are used to further the scheme") (citing *Jinian*); 9th Cir. Model Jury Instr. 8.121 (mail fraud) ("It does not matter whether the material mailed was itself false or deceptive so long as the mail was used as part of the scheme . . . ."); 9th Cir. Model Jury Instr. 8.124, Comment (wire fraud) (incorporating "Comment to Instruction 8.121 [mail fraud]").

Accordingly, the defendant is simply wrong when he suggests that the crimes related to the wire transfers of funds alleged in the Indictment actually occurred sometime *before* the dates alleged. Ninth Circuit law is clear that the date of a wire fraud offense is the date of the wire communication and that the wire communication need not itself contain any misrepresentations. *See, e.g., United States v.*

### III. THERE IS NO "NECESSITY" REQUIREMENT REGARDING THE FILING OF AN INFORMATION.

The defendant argues that the circumstances surrounding the COVID-19 pandemic and the conduct of grand jury proceedings did not require the government to file the Information. Def. Mtn., at 15-16. This invented requirement does not control because Section 3282(a) does not require that the government demonstrate that the circumstances warranted the filing of an information as opposed to an indictment. Rather, Section 3282(a) simply states that the institution of an information is sufficient to meet the statute of limitation.

The government has never taken a contrary position, despite the defendant's suggestion to the contrary. *See* Def. Mtn., at 15:10-13 (quoting government's previous opposition to the defendant's first motion to dismiss referring to COVID-19 pandemic). Those arguments did not address the fact that the filing of the Information was sufficient to meet the statute of limitation, but rather countered the defendant's suggestion in his first motion to dismiss that the Information should be dismissed with prejudice. *See* Dkt. 13, at 3-4. To quote the government in full, it said the following:

> Here, in the time of the COVID-19 pandemic, when the grand jury was not in session for two months and only recently has commenced limited proceedings, instituting a criminal case through means other than indictments carries not even a whiff of misconduct. *Dismissal with prejudice under such circumstances would therefore be both a miscarriage of justice and an unwarranted windfall for Rothenberg.*

Dkt. 13, at 4:24-28 (emphasis added).

### CONCLUSION

The United States therefore respectfully opposes the defendant's Motion to Dismiss because the Information filed on June 25, 2020, met the federal statute of limitation as to Counts 16, 17, and 18.

DATED: May 28, 2021

Respectfully submitted,

STEPHANIE M. HINDS
Acting United States Attorney

_____/s/_____
KYLE F. WALDINGER
NICHOLAS J. WALSH
Assistant United States Attorneys

---

*Garner*, 663 F.2d 834, 838 (9th Cir. 1981) (explaining that telephone call need only "be made 'for the purpose' of committing the unlawful activity").