MOEEL LAH FAKHOURY LLP
Hanni M. Fakhoury (State Bar No. 252629)
1300 Clay Street, Suite 600
Oakland, CA 94612
Telephone: (510) 500-9994
Email: hanni@mlf-llp.com

Attorneys for Michael Rothenberg

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ROTHENBERG,<br><br>Defendant. | Case No.: 3:20-CR-266-JST<br><br>**DEFENDANT'S REPLY TO UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNTS 16, 17 AND 18 OF THE INDICTMENT AS TIME BARRED**<br><br>**Court:** Courtroom 6, 2nd Floor<br>**Hearing Date:** June 11, 2021<br>**Hearing Time:** 9:30 a.m. |

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ...................................................................................................... ii

INTRODUCTION ....................................................................................................................... 1

ARGUMENT ............................................................................................................................... 1

      A.      *Burdix-Dana* is Nonbinding and Unpersuasive. ................................................ 2

      B.      The Supreme Court's Decision in *Jaben* Supports Mr. Rothenberg. ............... 5

      C.      The Statutory Context Support Mr. Rothenberg's View. ................................ 6

      D.      This is the only case in the Northern District where a waiverless Information was filed when the Grand Jury was sitting. ........................................................................ 8

CONCLUSION .......................................................................................................................... 10

# TABLE OF AUTHORITIES

## Cases

*Dolan v. U.S. Postal Serv.*, 546 U.S. 481 (2006) .................................................................................6

*Jaben v. United States*, 381 U.S. 214 (1965)..................................................................................5, 6

*Russello v. United States*, 464 U.S. 16 (1983)....................................................................................4

*Smith v. United States*, 360 U.S. 1 (1959) .........................................................................................4

*United States v. Bortnovsky*, 683 F. Supp. 449 (S.D.N.Y. 1988)........................................................7

*United States v. Burdix-Dana*, 149 F.3d 741 (7th Cir. 1998).....................................................*passim*

*United States v. Charnay*, 537 F.2d 341 (9th Cir. 1976)....................................................................7

*United States v. Clemenic*, 1988 WL 121575 (N.D. Ill. Oct. 24, 1988).............................................3

*United States v. Cooper*, 956 F.2d 960 (10th Cir. 1992)....................................................................2

*United States v. Machado*, 09-CR-10232, 2005 WL 2886213 (D. Mass. 2005).................................3

*United States v. Moore*, 37 F.3d 169 (5th Cir. 1994) .........................................................................3

*United States v. Sharma*, 14-CR-61-KMH, 2016 WL 2926365 (S.D. Tex. 2016)..............................3

*United States v. Teran*, 98 F.3d 831 (5th Cir. 1996) ..........................................................................3

*United States v. Thompson*, 287 F.3d 1244 (10th Cir. 2002) .............................................................3

*United States v. Watson*, 941 F. Supp. 601 (N.D.W.Va. 1996)..........................................................4

*United States v. Wessels*, 139 F.R.D. 607 (M.D. Pa. 1991) ...............................................................3

## Statutes

18 U.S.C. § 3282 ........................................................................................................................*passim*

18 U.S.C. § 3288 ..............................................................................................................................6, 7

18 U.S.C. § 3293 .................................................................................................................................4

18 U.S.C. § 3294 .................................................................................................................................4

18 U.S.C. § 3300 .................................................................................................................................4

26 U.S.C. § 6531 .................................................................................................................................5

## Federal Rules of Criminal Procedure

Fed. R. Crim. P. 7 ...............................................................................................................................2

DEFENDANT'S REPLY TO U.S. OPPOSITION TO MOTION TO DISMISS COUNTS 16, 17 AND 18 AS TIME BARRED
*United States v. Rothenberg*, 3:20-CR-266-JST

ii

## INTRODUCTION

Michael Rothenberg moved to dismiss Counts 16, 17 and 18 of the Indictment as time barred under the applicable five-year statute of limitations in 18 U.S.C. § 3282(a). *See* Dkt. 52, Defendant's Motion to Dismiss Counts 16, 17 and 18 of the Indictment as Time Barred ("Def. Mot."). He argued that neither the tolling agreement, criminal complaint or the waiverless information cured the government's failure to return a grand jury indictment within five years of the wires charged in the respective counts.

The government concedes the tolling agreement could not save counts 16 and 17 because the Indictment was returned after the expiration of the agreement. *See* Dkt. 54, United States' Opposition to Defendant's Motion to Dismiss ("Gov. Oppo.") at 9 ("Since the Indictment was found on August 20, 2020, it was not brought early enough to preserve the April 6 (Count 16) and April 28, 2015 (Count 17), wires absent the effect of filing the Information.").[1] It concedes the filing of the complaint did not toll the statute of limitations either. *Id.* at 2, n. 2 ("The government agrees that the filing of the Criminal Complaint on June 24, 2020, did not toll the statute of limitation.").

Mr. Rothenberg's motion thus turns on whether the waiverless information tolled the statute of limitations. The government claims the mere filing of the waiverless Information was sufficient to "institute" this criminal case but not to prosecute it. This proposition has never been adopted by the Ninth Circuit—also conceded by the government—so this Court must decide for itself whether the government can unilaterally ignore the plain text of 18 U.S.C. § 3282(a) and Federal Rule of Criminal Procedure 7(b) and permit the government to extend the statute of limitations as it wishes. This Court should decline the government's request to automatically expand the statute of limitations' set by Congress and dismiss Counts 16 and 17 of the Indictment as time barred.

## ARGUMENT

The Fifth Amendment to the U.S. Constitution guarantees a criminal defendant's right to be tried only upon "a presentment or indictment of a Grand Jury." U.S. Const. amend. V. The Federal

---

[1] The government notes the tolling agreement saves count 18, because including the 90 days tolled due to the agreement, the government had until October 29, 2020, to return an indictment. *See* Gov. Oppo. at 10. Mr. Rothenberg concedes the point.

Rules of Criminal Procedure elaborate that an "An offense (other than criminal contempt) *must be prosecuted by an indictment* if it is punishable…by imprisonment for more than one year." Fed. R. Crim. P. 7(a)(1)(B) (emphasis added).

The applicable statute of limitations for the counts challenged here states "no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." 18 U.S.C. § 3282(a). The filing of an information charging a felony is only permissible "if the defendant—in open court and after being advised of the nature of the charge and of the defendant's rights—waives prosecution by indictment." Fed. R. Crim. P. 7(b). Mr. Rothenberg did not waive prosecution by indictment or consent to the filing of an Information, and so as the government notes, "if the Information filed on June 25, 2020, was insufficient to meet the statute of limitations deadlines, the Indictment would miss the filing deadlines for Counts 16 and 17." Gov. Oppo. at 2.

Relying on a Seventh Circuit case, the government claims, "the filing of an information, even without defendant's waiver of indictment, qualified as 'institut[ing]' the information under section 3282(a)." *Id.* at 3 (quoting *United States v. Burdix-Dana*, 149 F.3d 741, 742 (7th Cir. 1998)); *see also id.* at 4 ("Rule 7(b) does not 'prohibit the *filing* of an information in the absence of a waiver by the defendant. Instead, the rule proscribes *prosecution* without waiver. Therefore, [an] information [can be] filed within the period of limitations, thus providing a valid basis for the prosecution.'") (quoting *United States v. Cooper*, 956 F.2d 960, 962-63 (10th Cir. 1992)) (emphases in original). As argued below—and as at least two district courts have ruled—the Seventh Circuit and the government are both wrong.

A.     ***Burdix-Dana* is Nonbinding and Unpersuasive.**

In *Burdix-Dana*, the government filed a waiverless information then obtained an indictment two weeks later. 149 F.3d at 742. The information was filed within the statute of limitations, but the indictment was not. The district court denied the defendant's motion to dismiss the indictment as untimely and the Seventh Circuit affirmed. *Id.* Declining to "equate 'institute' with the ability to proceed with a prosecution," it held although "the absence of a valid waiver of prosecution by indictment bars the acceptance of a guilty plea or a trial on the relevant charges," the absence of a

DEFENDANT'S REPLY TO U.S. OPPOSITION TO MOTION TO DISMISS COUNTS 16, 17 AND 18 AS TIME BARRED
*United States v. Rothenberg*, 3:20-CR-266-JST

2

1    waiver did not make "the filing of an information a nullity." *Id.*

2    The government touts the fact that the Seventh Circuit "without contradiction by any other
3    Circuit" has affirmed this practice. Gov. Oppo. at 4; *see also id.* at 6 ("no other court of appeals has
4    reached a conclusion different than the one at which the *Burdix-Dana* arrived"). But it can point to no
5    other Circuit court opinion agreeing with it.[2] At least two district courts have rejected it outright. *See*
6    *United States v. Sharma*, 14-CR-61-KMH, 2016 WL 2926365, at *2 (S.D. Tex. 2016) ("The fact is,
7    an offense of a felony nature can only proceed to prosecution by an indictment, unless the indictment
8    is waived by the defendant. No waiver was obtained within the limitations period; therefore, no case
9    was 'initiated' that the government was 'able to prosecute'"); *United States v. Machado*, 09-CR-
10   10232, 2005 WL 2886213, at *3 (D. Mass. 2005) ("the court has no subject matter jurisdiction over a
11   prosecution in which the government has filed an information without obtaining a valid waiver of
12   indictment. The jurisdictional nature of the waiver is grounded in the Fifth Amendment, which
13   requires the government to prosecute felonies by indictment.").

14   Other courts have held they lacked jurisdiction over a criminal case prosecuted by information
15   where the government had not obtained a waiver. *See, e.g., United States v. Teran*, 98 F.3d 831, 835
16   (5th Cir. 1996) ("In the absence of a valid waiver, the lack of an indictment in a felony prosecution is
17   a defect affecting the jurisdiction of the convicting court."); *United States v. Moore*, 37 F.3d 169, 173
18   (5th Cir. 1994) ("Unless there is a valid waiver, the lack of an indictment in a federal felony case is a
19   defect going to the jurisdiction of the court." (quotations omitted)); *United States v. Wessels*, 139
20   F.R.D. 607, 609 (M.D. Pa. 1991) ("Unless there is a valid waiver, the lack of an Indictment in a
21   federal felony case is a defect going to the jurisdiction of the court. Without the waiver required by
22   Rule 7(b) of the Federal Rules of Criminal Procedure, an Information charging a felony offense is
23   virtually meaningless."); *United States v. Clemenic*, 1988 WL 121575, at *3 (N.D. Ill. Oct. 24, 1988),
24   aff'd, 886 F.2d 332 (7th Cir. 1989) ("It is a well-settled rule that, unless there is a valid waiver, the

---

[2] The government claims the Tenth Circuit has "supported" the reasoning of *Burdix-Dana*. *See* Gov. Oppo. at 4. The case it cites for that proposition, *United States v. Thompson*, 287 F.3d 1244 (10th Cir. 2002), did not deal with a waiverless Information—or any Information at all for that matter—and cited *Burdix-Dana* in a footnote. *See Thompson*, 287 F.3d at 1251, n. 4. Thus, the Tenth Circuit certainly did not "support" the Seventh Circuit and *Thompson* is irrelevant.

DEFENDANT'S REPLY TO U.S. OPPOSITION TO MOTION TO DISMISS COUNTS 16, 17 AND 18 AS TIME BARRED
*United States v. Rothenberg*, 3:20-CR-266-JST
3

lack of an indictment in a felony case is a defect going to the jurisdiction of the court.") (citing cases); *see also Smith v. United States*, 360 U.S. 1, 10 (1959) (in capital case prosecuted by information after obtaining waiver in violation of Rule 7(a) in effect, finding the "the United States Attorney did not have authority to file an information in this case and the waivers made by petitioner were not binding and did not confer power on the convicting court to hear the case.").

This Court should not adopt the flawed reasoning of *Burdix-Dana*. The issue turns on the meaning of the word "institute," and both the government and Mr. Rothenberg agree that word means originating or commencing something. *See* Def. Mot. at 8; Gov. Oppo. at 5. The government's position, supported by *Burdix-Dana*, is that "under Section 3282(a), the thing that must be in 'instituted' is not the entire criminal prosecution but only the 'information,'" which happens "when it is 'filed with the clerk of the court.'" Gov. Oppo. at 5 (quoting *United States v. Watson*, 941 F. Supp. 601, 603 (N.D.W.Va. 1996)).

But that interpretation substitutes the word "institute" with "file." Congress knows how to write a statute of limitations triggered by the "filing" of an indictment or information and has done so in other places. *See, e.g.,* 18 U.S.C. § 3293 ("No person shall be prosecuted, tried, or punished for a violation of, or conspiracy to violate [various laws relating to financial institutions] . . . unless the indictment is returned, or the information is *filed* within 10 years after the commission of the offense.") (emphasis added); 18 U.S.C. § 3294 ("No person shall be prosecuted, tried, or punished for a violation of or conspiracy to violate section 668 [regarding the theft of major artwork] unless the indictment is returned or the information is *filed* within 20 years after the commission of the offense.") (emphasis added); 18 U.S.C. § 3300 ("No person may be prosecuted, tried, or punished for a violation of section 2442 [regarding the recruitment or use of child soldiers] unless the indictment or the information is *filed* not later than 10 years after the commission of the offense.") (emphasis added). It notably did not do that in § 3282(a). When "Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983) (quotations and citation omitted). While the Seventh Circuit and the government may wish "institute" means "filed," the "short answer is that Congress did not write the

1  statute that way," and this reading should be rejected. *Id.*

2  **B.     The Supreme Court's Decision in *Jaben* Supports Mr. Rothenberg.**

3  Mr. Rothenberg noted in his opening brief that the Supreme Court's decision in *Jaben v. United States*, 381 U.S. 214 (1965) rejected the government's central argument. *See* Def. Mot. at 11-13. There the government argued that to obtain a nine-month extension of the statute of limitations in certain tax cases under 26 U.S.C. § 6531, the statutory phrase "instituted" was satisfied by the mere filing of a complaint regardless of whether the complaint was sufficient to trigger the next steps in the court process under the Federal Rules of Criminal Procedure. 381 U.S. at 216-17. The Supreme Court rejected that argument, holding the word "instituted" should not be construed "to grant the Government greater time in which to make its case (a result which could have been accomplished simply by making the normal period of limitation six years and nine months)." *Id.* at 219.

The government claims the Supreme Court did not "hold that to initiate the extension, the government must also take steps—such as obtaining an indictment or an information and a waiver—that would be sufficient to commence prosecution." Gov. Mot. at 7. It is flat wrong. The Supreme Court interpreted "instituted" to require the complaint be "adequate to begin effectively the criminal process prescribed by the Federal Criminal Rules." 381 U.S. at 220. Thus, only a complaint that was "sufficient to justify the next steps in the process—those of notifying the defendant and bringing him before the Commissioner for a preliminary hearing"—could invoke the nine-month grace period. *Id; see also id.* at 227 (Goldberg, J., concurring in part and dissenting in part) ("[T]he view that I would accept as correct is that the only complaint that tolls the statute is one that begins effectively the criminal process prescribed by the Federal Rules.").

The court's primary concern was that the government's position "would deprive the institution of the complaint before the Commissioner of any independent meaning which might rationally have led Congress to fasten upon it as the method for initiating the nine-month extension." *Id*. Although the government pointed out the Commission would still receive the complaint, ensure that it states sufficient facts to allege an offense, and administer the oath, the Court held that these are "essentially formalities." *Id.* at 218. Instead, the Commissioner's fundamental functions "are to make the judgment that probable cause exists and to warn defendants of their rights." *Id*.

The government's interpretation of § 3282 leads to the same concerns. Accepting that the filing of a waiverless information "institutes" a case for the statute of limitations but not for a prosecution turns the filing of an information into an empty formality, allowing the government to unilaterally extend the statute of limitations as it sees fit. That is not what Congress intended for the reasons identified by the Supreme Court in *Jaben*.

### C.  The Statutory Context Supports Mr. Rothenberg's View.

The statutory context confirms this Mr. Rothenberg's reading of the statute too. Interpreting "a word or phrase depends upon reading the whole statutory text, considering the purpose and context of the statute, and consulting any precedents or authorities that inform the analysis." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 486 (2006). The Seventh Circuit never analyzed that context, and although Mr. Rothenberg raised the issue in his opening brief, the government never addressed or grappled with it. *See* Def. Mot. at 8-9.

The government discusses 18 U.S.C. § 3288, which extends the statute of limitations by up to six months when an indictment or information is dismissed after the applicable statute of limitations has lapsed, provided the dismissal was not due to the original indictment or information being time barred, or some other reason barring a new prosecution. According to the government, taking Mr. Rothenberg's position "to its logical extreme conclusion" would mean "there could not be a valid original indictment or information upon which Section 3288 could operate unless that first indictment or information was *itself* sufficient to support a prosecution." Gov. Oppo. at 8 (emphasis in original).

As an initial point, § 3288 is irrelevant because the waiverless Information was never dismissed, and the Court denied Mr. Rothenberg's motion to dismiss as moot. *See* Dkt. 46. But even if interpreting § 3288 is crucial to understanding and interpreting § 3282, the legislative history of § 3288 supports Mr. Rothenberg. When codified in 1948, § 3288 allowed for reindictment after the statute of limitations lapsed only if "the indictment is dismissed for any error, defect or irregularity with respect to the grand jury, or is found otherwise defective or insufficient for any cause." Act of June 25, 1948, c. 645, 62 Stat. 683, 828 (emphasis added). In 1964, Congress amended § 3288 to permit indictment after the statute of limitations lapsed "[w]henever an indictment is dismissed for any error, defect, or irregularity with respect to the grand jury, or an indictment *or information filed*

DEFENDANT'S REPLY TO U.S. OPPOSITION TO MOTION TO DISMISS COUNTS 16, 17 AND 18 AS TIME BARRED
*United States v. Rothenberg*, 3:20-CR-266-JST

6

*after the defendant waives in open court prosecution by indictment* is found otherwise defective or insufficient for any cause…" Pub. L. 88-520, § 1, 78 Stat. 699 (1964) (emphasis added).

Thus, between 1948 and 1964, indictment after the statute of limitations expired was not permitted under § 3288 if the government relied on *an information* to meet the statute of limitations. If the government wanted to proceed by information in felony cases, it had to obtain a waiver of indictment in open court. The mere filing of an information would have accomplished nothing: no prosecution, no trial, and no extension of the statute of limitations under § 3288. As a result, in 1948, it would have been absurd for Congress to provide that the statute of limitations can be met in felony cases by the mere filing of an information, which could not sustain a prosecution, trial, or even an extension of the statute of limitations to obtain an indictment.

In other words, the government is partially correct that before a dismissed indictment or information can support application of § 3288, it first must satisfy § 3282, that is, it must be timely. *See, e.g., United States v. Charnay*, 537 F.2d 341, 354 (9th Cir. 1976) ("[The] underlying concept of § 3288 is that if the defendant was indicted within time, then approximately the same facts may be used for the basis of any new indictment within the next term, if the earlier indictment runs into legal pitfalls.") (internal quotations omitted); *United States v. Bortnovsky*, 683 F. Supp. 449, 451 (S.D.N.Y. 1988) ("What Congress must be saying in 18 U.S.C. § 3288 is that whatever happens to the statute of limitations once an indictment is timely filed, if that timely indictment is dismissed, and the period of limitations would otherwise have run, it is only the statute that permits a new indictment to be filed."). Because of this close relationship between §§ 3282 and 3288, Congress's specification in Pub. L. 88-520 that the information must be "filed after the defendant waives in open court prosecution by indictment" confirms that, in felony cases, waiver of indictment is also required for an information to be timely for § 3282 purposes.

Although § 3288 was amended in 1988 to remove the qualification that the information must be "filed after the defendant waives in open court prosecution by indictment," *see* Pub. L. 100-690, Title VII, § 7081(a), 102 Stat 4407 (1988), the legislative history indicates this was simply a technical rewriting. *See* 134 Cong. Rec. S17360-02, 1988 WL 182529 (1998) (Senate Section Analysis of Judiciary Committee Issues in H.R. 5210) (explaining purpose for the amendment was to "clarify that

the extended period begins to run when the dismissal 'becomes final'" and "expands the statutes to encompass the dismissal of an indictment or information for any reason that would not bar further prosecution"). Most importantly, Congress did not amend § 3282 which still requires, as it did in 1948, that the information be "instituted." And as already explained, both the statutory language and the statutory context demonstrates that a felony information is "instituted" for statute of limitations purposes only when accompanied by a waiver of indictment.

### D. This is the only case in the Northern District where a waiverless Information was filed when the Grand Jury was sitting.

There is no ignoring the fact that the waiverless Information was filed during the uncertain times in the summer of 2020, when the COVID-19 pandemic disrupted court proceedings, along with most other facets of life. But the pandemic was no excuse and even before the Information was filed, the grand jury had already been meeting and returning indictments.[3] Moreover, Congress specifically declined to suspend the statute of limitations although it approved other changes to the court process to account for the pandemic. *See* Def. Mot. at 15-16.

The government argues "there is no 'necessity' requirement regarding the filing of an Information," and that it has always taken the position that "Section 3282(a) simply states that the institution of an information is sufficient to meet the statute of limitations." Gov. Mot. at 10. Earlier in its brief, it notes "that the traditional practice in this District has been to always file an information before obtaining a defendant's waiver of indictment. Filing the information first generates a district court docket number and assigns a district court judge to the matter, which facilitates the ability of the magistrate court to move the case forward if a defendant then later waives his right to indictment." *Id.* at 5, n.3.

But that is an incomplete picture of the practice in the District. No doubt the government proceeds by information and files before the defendant executes a waiver in open court. But that is

---

[3] *See, e.g., United States v. Music*, 4:20-CR-239-YGR (N.D. Cal.), Dkt. 8 (Indictment issued June 18, 2020); *United States v. McMillon*, 4:20-CR-242-JSW (N.D. Cal.), Dkt. 1 (same); *see also United States v. Andrade*, 3:20-CR-249-RS (N.D. Cal.), Dkt. 1 (indictment issued June 22, 2020); *United States v. Wang*, 3:20-CR-251-JD (N.D. Cal.), Dkt. 4 (same); *United States v. Brown*, 3:20-CR-252-CRB (N.D. Cal.), Dkt. 4 (same); *United States v. Carter*, 3:20-CR-253-VC (N.D. Cal.), Dkt. 10 (same); *United States v. Barela, et al.*, 3:20-CR-254-CRB (N.D. Cal.), Dkt. 34 (same).

typically done once the defendant and the government have reached the terms of a plea agreement, conditioned upon a defendant waiving his or her right to be indicted. Thus, a defendant executes a waiver of indictment in open court within a few days of the filing of the information.[4] That is of course not what happened here.

Nor is it surprising that the *only* times beyond this case where the government resorted to file a waiverless information was in two cases in the spring of 2020 when grand jury proceedings had been suspended, and it sought a superseding information after it had already obtained an indictment *before* the pandemic. *See United States v. Abouammo*, 3:19-CR-621-EMC (N.D. Cal.), Dkt. 42 (superseding Information filed April 7, 2020); *United States v. Holmes*, 5:18-CR-258-EJD (N.D. Cal.), Dkt. 391 (superseding Information filed May 8, 2020); *see also* Northern District of California General Order ("GO") no. 72 at 2 (suspending grand jury proceedings in the district until May 1, 2020);[5] GO no. 72-2 at 2 (extending suspension until June 1, 2020).[6] Again, neither of those things are present here: the government filed the information after the grand jury had already returned and issued indictments, and it had never indicted Mr. Rothenberg before filing the information.

The government's claim, then, is that filing a waiverless information when the grand jury is

---

[4] Following is a list of recent examples handled by undersigned counsel in that exact manner. *United States v. Nguyen*, 3:21-CR-84-CRB (Information filed March 2, 2021, waiver executed March 23, 2021); *United States v. Gough*, 3:21-CR-136-CRB (Information filed April 5, 2021, waiver executed April 9, 2021); *United States v. Gonzalez*, 4:16-CR-117-JSW (Information filed March 17, 2016, waiver executed March 21, 2016); *United States v. Kaufman*, 4:18-CR-341-HSG (Information filed July 26, 2018, waiver executed July 27, 2018); *United States v. Nalerio*, 4:18-CR-521-HSG (Information filed October 24, 2018, waiver executed November 6, 2018); *United States v. Chung*, 4:19-CR-302-JSW (Information filed July 8, 2019, waiver executed July 9, 2019); *United States v. Moore*, 4:20-CR-187-HSG (Information filed May 5, 2020, waiver executed May 7, 2020); *United States v. Sylvester*, 4:20-CR-256-JSW (Information filed June 22, 2020, waiver executed June 25, 2020); *United States v. Daniels*, 4:20-CR-418-JST (Information filed November 2, 2020, waiver executed November 3, 2020); *United States v. Murray*, 4:21-CR-32-HSG (Information filed January 25, 2021, waiver executed January 28, 2021); *United States v. Bethurum*, 4:21-CR-35-JST (Information filed January 26, 2021, waiver executed January 28, 2021); *United States v. Peat*, 4:21-CR-107-HSG (Information filed March 15, 2021, waiver executed March 16, 2021); *United States v. Cisneros*, 4:21-CR-147-HSG (Information filed April 12, 2021, waiver executed April 15, 2021); *United States v. Magana*, 5:20-CR-348-BLF (Information filed September 10, 2020, waiver executed September 17, 2020).

[5] *Available at* https://www.cand.uscourts.gov/wp-content/uploads/general-orders/abrogated-general-orders/GO_72_3-16-2020.pdf.

[6] *Available at* https://www.cand.uscourts.gov/wp-content/uploads/general-orders/abrogated-general-orders/GO_72-2_4-30-2020.pdf.

sitting is unremarkable. But in addition to citing to no other Circuit court opinion approving the practice, it cannot cite to a single case in the District beyond Mr. Rothenberg's where it proceeded in this manner. That absence suggests the government knows *Burdix-Dana*—a 20-year-old published opinion—was legally fraught and filing a waiverless information in lieu of clearly acceptable means of tolling the statute of limitations—seeking an Indictment, securing a tolling agreement—was a tenuous, unprecedented move not since repeated after this case.

Ultimately, this was not business as usual in the District, casting significant doubts on the government's interpretation of § 3282(a), and its reliance of non-binding and unpersuasive out of Circuit authority. Every charging process contemplated in federal law requires the government obtain outside approval whether it be from the grand jury (for an Indictment), a magistrate judge after a preliminary hearing (for a Complaint), or the defendant him or herself (for an Information). By allowing a waiverless information to "initiate" a criminal prosecution for purposes of the statute of limitations, the government unilaterally extends the statute of limitations, an expansion of prosecutorial power not contemplated by Congress and a process never used outside the spring of 2020 in three cases in the district, and not repeated since.

This Court should find the filing of a waiverless information did not toll the statute of limitations and dismiss counts 16 and 17 as time barred.

## CONCLUSION

Mr. Rothenberg respectfully requests this Court dismiss counts 16 and 17 of the Indictment as time barred.

Dated:   June 4, 2021            Respectfully submitted,

                                 MOEEL LAH FAKHOURY LLP

                                 Hanni M. Fakhoury
                                 Attorneys for Michael Rothenberg