*ORIGINAL*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable KANDIS A. WESTMORE, Magistrate Judge

```
UNITED STATES OF AMERICA,     )
                              )
            Plaintiff,        )
                              )
   vs.                        )          NO. CR 20-70834 MAG
                              )             CR 20-266 WHA
                              )
MICHAEL BRENT ROTHENBERG,     )          Pages 1 - 34
                              )
            Defendant.        )          Oakland, California
_____)          Friday, June 26, 2020
```

**REPORTER'S TRANSCRIPT OF ZOOM WEBINAR PROCEEDINGS**

**APPEARANCES VIA ZOOM WEBINAR:**

```
For Plaintiff:           David L. Anderson, Esq.
                         United States Attorney
                         1301 Clay Street, Suite 340S
                         Oakland, California  94612
                   BY:   KYLE F. WALDINGER,
                         NICHOLAS J. WALSH,
                         Assistant United States Attorneys

For Defendant            Boersch Illovsky, LLP
(Specially appearing):   1611 Telegraph Avenue, Suite 806
                         Oakland, California  94612
                   BY:   EUGENE ILLOVSKY, ATTORNEY AT LAW

Reported By:             Raynee H. Mercado
                         CSR. No. 8258
```

     Proceedings reported by electronic/mechanical stenography;
transcript produced by computer-aided transcription.

```
 1   Friday, June 26, 2020                           11:21 a.m.
 2                    P R O C E E D I N G S
 3                       (Zoom webinar)
 4        THE COURT:  Okay.  And then if you are appearing on
 5   the Rothenberg case, please raise your hand.
 6        I show Mr. Rothenberg, are you participating in the
 7   hearing?  Please raise your hand.
 8        I'll just promote him in; how about that?
 9        THE CLERK:  Calling cases 20-70834 and 20-266, U.S.A.
10   versus Michael Brent Rothenberg.
11        Would parties state their appearances starting with the
12   government counsel.
13        MR. WALDINGER:  Good morning, Your Honor.  Kyle
14   Waldinger on behalf of the United States.
15        THE COURT:  Good morning, Mr. Waldinger.
16        MR. WALSH:  And good morning, Your Honor.  Michael
17   Walsh also appearing on behalf of the United States.
18        THE COURT:  Okay.  Good morning.  Mr. Walsh.
19        MR. ILLOVSKY:  Good morning, Your Honor.  Eugene
20   Illovsky appearing specially on behalf of Mr. Rothenberg.
21        THE COURT:  Okay.  Good morning, Mr. Illovsky.
22        And then we have Mr. Rothenberg present.
23        Good morning, Mr. Rothenberg.
24        THE DEFENDANT:  Good morning.
25        THE PRETRIAL SERVICES OFFICER:  Good morning, Your
```

*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR, CCRR (510) 565-7228*

1    Honor.  Sean Hamel, U.S. Pretrial.

2              **THE COURT:**  Good morning, Mr. Hamel.

3         Okay.  So I just want to get some clarification here.  We

4    have a criminal complaint matter for Mr. Rothenberg, and then

5    we also have an information that I just received in another

6    matter, so are they completely separate matters, or is he just

7    initially charged by the complaint but now he's waiving

8    indictment and going to be charged by information?

9              **MR. WALDINGER:**  Your Honor, we -- this is Kyle

10   Waldinger for the government.

11        We charged Mr. Rothenberg by complaint.  The

12   information -- one of the charges under the information

13   overlaps with that in the complaint.  Instead of doing a large

14   complaint, we did what we call a skinny complaint with a more

15   fulsome a information.

16        We had reasons for needing to file the information in

17   terms of preserving some charges, and so that's the reason for

18   that.

19        The cases will be merged.  We indicated on the penalty

20   sheet on the information the case number for the complaint, so

21   we anticipate that they'll be merged.

22        Mr. Rothenberg has not waived indictment, and so we'll

23   proceed either -- if that changes, then we'll proceed on that.

24   If not, then we'll have to proceed in due course to the grand

25   jury when it's available to us.

1   **THE COURT:**  Okay.

2       And since he has not waived indictment, then he's really,

3   I mean, not -- it's not possible for him to be arraigned.

4       **MR. WALDINGER:**  I -- I think the defendant can be he

5   arraigned pursuant to Rule 10.  Think Rule 10 says that we

6   should.  He can't proceed to trial -- we can't proceed to

7   trial on the information without his waiver, but I think he

8   should be arraigned on that document today.

9       **THE COURT:**  Okay.  But he won't be able to enter a

10  plea, can he, without waiving indictment?  I mean, my -- my

11  understanding --

12      **MR. WALDINGER:**  That might be -- that might --

13      **THE COURT:**  Yes --

14      **MR. WALDINGER:**  That might be true, Your Honor.

15      **THE COURT:**  We can get as far as advising him of the

16  charges on the maximum penalties and the information.  But

17  then I can't -- I need to advise him of his rights to an

18  indictment, and then if he waives his right to indictment,

19  then he can enter his plea.  But if he does not, that's kind

20  of where we stop.

21      **MR. WALDINGER:**  I think that that's fair -- right,

22  Your Honor.

23      **THE COURT:**  Okay.

24      All right.  So that's fine.

25      So does it make the most sense, then, for us to start with

1      the criminal complaint?

2                **MR. WALDINGER:**  Yes.

3                **THE COURT:**  Okay.

4          All right.  So, Mr. Rothenberg, the U.S. Attorney's office

5      has filed a criminal complaint charging you with a violation

6      of federal law.  So today, I will advise you of your

7      constitutional rights.  I will make sure that the charge filed

8      against you as well as the maximum penalties for the charge

9      are explained to you.

10         We will also address the question of whether you will be

11     released or detained while you await trial on the charge and

12     set your future court date in this case.

13         First, I'll start by advising you that you have the right

14     to remain silent.  You are not required to make any statements

15     or answer any questions.

16         If you make a statement, you are not required to say any

17     more.  If you start to make a statement, you can stop at any

18     time.  You have a right to consult an attorney before any

19     questioning and have an attorney present during any

20     questioning.  If you do make a statement, it may be used

21     against you.

22         You have the right to an attorney.  Your attorney will

23     consult with you and represent you through all stages of your

24     case, both in and out of court.  If you can't afford to hire

25     your own attorney, the court can appoint one for you.

1   So, Mr. Rothenberg, will you be hiring -- well, we have

2   Mr. Illovsky present.  He said he's specially appearing.

3   Are you going to be retained, or what's the status?

4   **MR. ILLOVSKY:**  Your Honor, that's un- -- that's

5   undetermined right now.  But as soon as that arrangement is

6   solidified, we'll advise the government and -- and the court.

7   **THE COURT:**  Okay.

8   But you're anticipating being retained; is that what the

9   plan is?

10   **MR. ILLOVSKY:**  I don't -- I don't know, Your Honor.

11   I over I don't want to make a representation about it.

12   **THE COURT:**  So Mr. Illovsky is specially appearing

13   this morning.  But, Mr. Rothenberg, I guess if you do not

14   retain him and you can't afford to hire your own attorney,

15   then the court can appoint one for you.

16   But if you have sufficient means to retain your own

17   attorney, you may -- you may not qualify for appointment of

18   counsel, and then you'll need to retain someone to represent

19   you.

20   So we will proceed this morning with Mr. Illovsky

21   specially appearing, but you -- you'll probably need to get

22   that resolved by your next appearance.

23   **THE DEFENDANT:**  (Nods head.)

24   **THE COURT:**  Okay.

25   In addition, because you are charged by a criminal

1    complaint in this matter, if the grand jury does not return an

2    indictment against you within 14 days, if you're in custody,

3    or 21 days if you're out of custody, you're entitled to a

4    preliminary hearing, otherwise known as a probable cause

5    hearing where the government would have to show probable cause

6    of a crime, and you would be entitled to be present at that

7    hearing, to be represented by an attorney, to introduce

8    evidence as well as confront and cross-examine any witnesses

9    there.  You can also waive the preliminary hearing.

10       Mr. Illovsky, do you and your potential client have a copy

11    of the criminal complaint?

12           **MR. ILLOVSKY:**  Yes, we do, Your Honor.

13           **THE COURT:**  Okay.

14       Would the government please summarize the charge and the

15    maximum penalties in the complaint?

16           **MR. WALDINGER:**  Yes, Your Honor.

17       Mr. Rothenberg is charged in the criminal complaint with a

18    violation of Title 18, United States Code Section 1343 and

19    section Two that prohibits wire fraud.  The maximum punishment

20    for wire fraud is 20 years imprisonment, 3 years of supervised

21    release, a $250,000 fine, or twice the gross gain or gross

22    loss, whichever is greater, and a $100 special assessment.

23           **THE COURT:**  Okay.

24       So, Mr. Rothenberg, those are the maximum penalties that

25    you face, not necessarily the actual penalties you would

1    receive if you were to be convicted.

2          Do you understand the charge that's been brought against

3    you and the maximum penalties that you face?

4                THE DEFENDANT:  Yes, Your Honor.

5                THE COURT:  Okay.

6          And I understand on the issue of detention, there's some

7    agreement by the parties?

8                MR. WALDINGER:  Yes, that's right, Your Honor.

9                THE COURT:  Okay.  So the government's not seeking

10   detention.

11               MR. WALDINGER:  That's correct.

12               THE COURT:  Okay.

13         And I received in that regard a prebail report from

14   Pretrial Services.  And based on all of the information

15   contained in that report, Pretrial Services recommends that

16   the defendant be released on an unsecured bond to be

17   determined by the -- an amount to be determined by the court

18   with six conditions of release.

19         And then I received after that -- I received a proposed

20   bond for this matter.  The parties agreed to, indicating that

21   it would be a bond -- an unsecured bond in the amount of

22   $250,000, and all of the conditions checked off there would be

23   that the defendant must appear at all proceedings as ordered

24   by the court and surrender for service of any sentence

25   imposed; that he not commit any federal, state, or local

1    crime; that he not harass, threaten, intimidate, injure,

2    tamper with or retaliate against any witness, victim,

3    informant, juror, or officer of the court or obstruct any

4    criminal investigation; that defendant must submit to

5    supervision by Pretrial Services; and must report immediately

6    upon release and thereafter as directed to Pretrial Services;

7    and that he must surrender all passports and other travel

8    documents to Pretrial Services by July 2nd, 2020; and must not

9    apply for other passports or other travel documents; and the

10   defendant must not possess any firearm, destructive device or

11   other dangerous weapon; and he may not change his residence or

12   telephone number without prior approval of Pretrial Services.

13        Those conditions are consistent with Pretrial Services'

14   recommendation except for it leaves out the recommendation

15   that the condition -- that the defendant shall not use alcohol

16   to excess and shall not use or possess any narcotics or other

17   controlled substance without a legal prescription.  That was

18   one of the recommendations.

19             **MR. ILLOVSKY:**  Your Honor?

20             **THE COURT:**  Yes.

21             **MR. ILLOVSKY:**  There's also no travel restriction in

22   the agreed-upon conditions.  There is one that Mr. Libby had

23   proposed, but it's not in the agreed-upon conditions.

24             **THE COURT:**  Okay.

25             **MR. WALSH:**  And, Your Honor, Nicholas Walsh for the

```
 1    United States.
 2         The reason those two conditions didn't appear in what
 3    counsel -- at least the parties negotiated and discussed is
 4    foremost, the United States does not have any indication that
 5    Mr. Rothenberg has a drug or alcohol problem.
 6         Perhaps in the pretrial interview, something was
 7    disclosed.  But there's no information the United States has
 8    with regard to that.
 9         With regard to the travel conditions, the -- ordinarily,
10    as Your Honor knows, we do seek to restrict the defendant to
11    the Northern District of California.  In this instance -- and
12    maybe Mr. Illovsky can provide greater detail to the court, we
13    understand that Mr. Rothenberg may be very shortly losing his
14    house to foreclosure and may then be relocating.
15         Mr. Illovsky, if you want to provide details of that, that
16    would be helpful.
17              MR. ILLOVSKY:  Thank you.
18         Your Honor, as I -- as I discussed with the government on
19    Tuesday of this week, I believe, there's going to be a
20    foreclosure proceeding and auction and consequently,
21    Mr. Rothenberg will -- will likely -- not clear yet -- likely
22    wind up residing back in Texas with his family or maybe even
23    in Southern California.  Not -- not -- not sure.  But I
24    explained that to the government, and the government was kind
25    enough to release that travel condition.
```

1          **THE COURT:**  I see.  Okay.

2          And that also answers one of my questions, that I had on

3     the Pretrial Services report, because there wasn't any

4     information about his financial situation.  But I noted that

5     he lived in that residence in San Francisco, and so my

6     question was going to be how does he afford to live there.

7          So --

8                         (Simultaneous colloquy.)

9          **THE COURT:**  That -- the fact that he's going to be

10    losing it to foreclosure, answers my question.

11         Okay.  So the government is comfortable with not having

12    the travel restriction in light of him giving up his passport

13    so he can't travel internationally, and then not having any

14    restrictions on travel because he might have to go to Texas or

15    Southern California.

16         **MR. WALSH:**  That's correct, Your Honor.  The

17    surrender of the passport does alleviate the principle

18    principal flight risk concern.  And I provided defense counsel

19    with the -- the new procedures during the COVID-19 pandemic

20    for mailing in the passport, the procedure that's been set up,

21    so that's our principal concern.

22         We -- we did insist on and believe it's appropriate to

23    have the -- the condition that Pretrial Services recommends,

24    which is not the change address or phone number without

25    notification and discussion with the Pretrial Services.

```
 1          Obviously if and when this foreclosure happens, he'll have

 2     to go somewhere, and it's -- we do want him to be required to

 3     tell Pretrial so that we know where he is, wherever that is,

 4     whether it's Texas or Southern California or he has some other

 5     circumstances here in the Bay Area.

 6          THE COURT:  Okay.

 7          So that's good, then, because that will make sure that

 8     Pretrial Services is informed before he makes any such move.

 9          Okay.

10          THE CLERK:  Sorry, Your Honor.  This is Doug.  Were

11     you making a condition regarding the use of alcohol and --

12          THE COURT:  No.

13                         (Simultaneous colloquy.)

14          THE COURT:  No, I'm not going to add that based on

15     the Pretrial Services report clearly indicates that there is

16     no history of substance abuse.

17          THE CLERK:  Okay.

18          THE COURT:  And then based on the parties' agreement

19     that that's not necessary.

20          These conditions seem to be sufficient to the court for

21     Mr. Rothenberg's release.  And I'm prepared to sign off on it.

22          I just want to inform you, Mr. Rothenberg, that although

23     this is an unsecured bond in the amount of $250,000, and so

24     you're not having to post any cash or property to secure the

25     bond for your release, if you fail to comply with the
```

1   conditions that I just went over, your release can be revoked

2   and you can be taken into custody.  And you could be charged

3   with separate crimes of bail-jumping and contempt of court.

4        In addition to that, the financial consequences to you

5   would be that the government could file a motion for nurture

6   against you for the full amount of the $250,000, including

7   interest and costs.  And then the government could relatively

8   easily obtain a judgment in that amount, and then collect that

9   from you for many years to come until that full amount is paid

10  by you either paying it voluntarily or they could use whatever

11  legal means to enforce judgment, like garnishing wages and

12  other sources of income.

13       You understand?

14            **THE DEFENDANT:**  Yes, Your Honor.

15            **THE COURT:**  Okay.

16       And so I'm prepared to sign on the bond.

17       Mr. Rothenberg, do you give me permission to sign on this

18  bond on your behalf?

19            **THE DEFENDANT:**  Yes, Your Honor.

20            **THE COURT:**  Okay.

21       Okay.  I have signed the bond and signed on behalf of

22  Mr. Rothenberg.

23            **THE CLERK:**  Your Honor, just one more housekeeping

24  matter.  I don't recall Mr. Rothenberg indicating he consented

25  to video appearance today.

1          **THE COURT:**  Oh, that's true.  That is true.

2     Thank you for that reminder, Doug.

3     So, Mr. Rothenberg, you are entitled to appear at these

4     proceedings in person normally, but because of the pandemic,

5     it's been determined that it's a danger to health and safety

6     right now to have these proceedings in person, and so video

7     conference is the best means that we have available to us

8     right now.

9     And so I'd like to confirm for the record that you consent

10     to appearing at this proceeding by video.

11          **THE DEFENDANT:**  If my counsel's okay with it, I am.

12          **MR. ILLOVSKY:**  Yes.

13          **THE COURT:**  Okay.

14     Thank you.

15     All right.  So that's addressed.  I've signed the bond.

16          **THE PRETRIAL SERVICES OFFICER:**  Your Honor, just

17     one -- I apologize.

18          **THE COURT:**  Go ahead.

19          **THE PRETRIAL SERVICES OFFICER:**  We ask that --

20     Mr. Rothenberg to please call the San Francisco office

21     Monday -- Monday morning to find out who is assigned officers

22     is, because it does not appear he has been assigned one yet.

23          **THE COURT:**  Okay.  And does he have the phone number

24     to call?

25          **THE PRETRIAL SERVICES OFFICER:**  I can provide it to

 1   him if he needs it.

 2          **THE COURT:**  Why don't you give it to him just to make

 3   sure he has it.

 4          **THE PRETRIAL SERVICES OFFICER:**  Mr. Rothenberg, are

 5   you ready?

 6          **THE DEFENDANT:**  I am.

 7          **THE PRETRIAL SERVICES OFFICER:**  (415)436-7501.

 8          **THE DEFENDANT:**  436-7501.

 9          **THE PRETRIAL SERVICES OFFICER:**  Correct.

10          **THE DEFENDANT:**  Thank you.

11          **THE COURT:**  All right.  Thank you.

12     So, Mr. Rothenberg, just make sure that you do get in

13   touch with Pretrial Services and find out who's assigned to

14   you and then make sure that you are in full compliance with

15   the conditions of your release and that you follow all of the

16   instructions of your assigned Pretrial Services officer.

17          **THE DEFENDANT:**  (Nods head.)

18          **THE COURT:**  Any violations are reported to the court

19   no matter how small.

20     Okay.  And -- and so then on the complaint matter, we

21   should schedule a date for status regarding preliminary

22   hearing or arraignment, or would you just schedule

23   arraignment?

24          **MR. ILLOVSKY:**  Your Honor?

25          **THE COURT:**  We merged that so I don't know how -- how

1    that should work.

2        **MR. ILLOVSKY:**  Your Honor, as the -- as court noted

3    and I -- there is this information.  Mr. Rothenberg has not

4    waived indictment, but it is a topic of continued discussion

5    with the government, and I spoke to Mr. Walsh before the

6    proceeding, and we discussed kicking -- kicking the next date

7    out sufficiently so that we would be able to have time to

8    discuss things before the government had to take additional

9    action.

10       And so I'm -- as far as the particular date, whatever

11   suits the government and the court.  But we anticipate that

12   that date should be, you know, a little bit out -- a little

13   bit out there.

14       **THE COURT:**  Okay.  Does the government have an idea

15   about how far out we should be going and -- in light of the

16   planned merging of these matters?  I imagine they will be

17   before Judge Alsup.  The information is assigned to

18   Judge Alsup.

19       **MR. WALSH:**  Your Honor, that does raise another

20   complicating factor, which is we do plan with regard to the

21   information filing a notice of related case because nothing is

22   ever simple.  There is an underlying or a previous SEC matter

23   with regard to Mr. Rothenberg that was before Judge Tigar, and

24   so now that we have the right docket numbers to make such a

25   filing, we will shortly be making that filing so I do believe

1    that eventually this case will make its way not to Judge Alsup

2    but to Judge Tigar in whatever format that ends up looking

3    like.  So the -- so that's an additional complicating factor.

4         With regard to a time for a date, I'm somewhat at the

5    mercy of Mr. Illovsky about how long he thinks he needs in

6    order to prepare whatever he needs to do.  I -- we're open to

7    whatever dates.  I would think a month or two out would be

8    fine with the government, but, Mr. Illovsky, you also are in

9    control of some information.  And, indeed, it somewhat depends

10   on whether or not Mr. Illovsky ends up representing

11   Mr. Rothenberg.

12        **THE COURT:**  Correct.

13        **MR. ILLOVSKY:**  That's -- that's true.  I think -- I

14   think that if the government would agree to an -- and the

15   court -- it would suit the court, I think 60 days would be

16   enough time to continue the -- continue the discussions.  And

17   even if Mr. Rothenberg doesn't retain me for actual court

18   proceedings, I anticipate, you know, being involved in any

19   discussions with the government between now and the next date.

20        So I think 60 days would be -- would be good, if that --

21   if that suits all involved.

22        **MR. WALSH:**  There is an additional benefit, Your

23   Honor, of picking that date, which as Your Honor can probably

24   glean from the -- the information, there are tens of thousands

25   of pages of discovery to turn over, and so it -- getting

```
 1   every -- the defense's head wrapped around all of that
 2   discovery is going to take some time in this case.
 3        And so the most orderly way to product would be to put
 4   this out, even independent of the issue of -- of the precise
 5   mechanism of how we're going to go forward, so a 60-day date
 6   is amenable with the government.
 7             THE COURT:  Okay.
 8             MR. WALSH:  Whatever that works out to be.  I guess
 9   the end of August, I guess.
10             THE COURT:  Right.
11        Doug, what is -- what is it, 60 days?
12             THE CLERK:  Well, Your Honor, it's August 25th, but
13   who would be -- we be setting this before?
14             MR. WALSH:  The complaint I would think, Your Honor,
15   would still be in the magistrate --
16             THE COURT:  Would have to -- whoever's on duty.
17   Whichever magistrate judge is on duty that day.
18             THE CLERK:  Okay.  Yeah, I don't know who -- it's a
19   Tuesday.  I don't know --
20             THE COURT:  So why don't we just indicate that it's
21   going to be put on August -- it's 25th, is that what we --
22             THE CLERK:  Yes, Your Honor.
23             THE COURT:  -- August 25th at 10:30 before the --
24             MR. WALSH:  Your Honor --
25             THE COURT:  -- duty magistrate judge.
```

1          **MR. WALSH:**  Your Honor, if I may just be slightly

2    frustrating, could -- could we pick either the 26th or the

3    27th of that week?

4          **THE COURT:**  Okay.

5          **MR. WALSH:**  Since I have a conflict on the 25th.

6          **MR. WALDINGER:**  And I have a conflict on a the 26th.

7          **MR. WALSH:**  The 25th, then, Your Honor.

8          **THE COURT:**  So that leaves the 27th.  Okay.

9          **MR. WALSH:**  Is that okay, Mr. Illovsky?

10         **MR. ILLOVSKY:**  Yes.  Thank you.

11         **THE COURT:**  So August 27th at 10:30.

12         **MR. WALSH:**  Your Honor, with regard to the complaint,

13   since we're sort of focusing on the complaint matter at this

14   moment, there also -- the government followed this new

15   forthwith summons process by which both a -- a summons issued

16   and an arrest warrant issued.

17      Mr. Rothenberg has complied with the summons side of that

18   by appearing before the Marshal Services yesterday and being

19   processed and then appearing here today in court for his

20   initial appearance.

21      And so as a result, at this time, the United States would

22   like to withdraw that arrest warrant so that it is no longer

23   operative.

24         **THE COURT:**  Okay.  And you said he was processed by

25   the marshals yesterday.  Okay.

```
 1              MR. WALSH:  That is correct.  I have received
 2   confirmation from the Marshal Service that that occurred, as
 3   well as I heard from defense counsel.
 4              THE COURT:  Okay.
 5         So then the arrest warrant is rescinded.  Okay.  Taken
 6   care of that.
 7         And we've got --
 8              MR. WALDINGER:  In terms of a waiver, I think
 9   Mr. Walsh and Mr. Illovsky have already drafted a -- an
10   exclusion of time waiver, both under the Speedy Trial Act and
11   Rule 5.1 for the charge in the complaint that we can get to
12   the court or -- I don't know how we do that with the
13   electronic signatures.
14              THE CLERK:  You e-file it.
15              THE COURT:  You can just e-file, yeah.
16              MR. WALDINGER:  Okay.
17              THE COURT:  -- the standard stipulation.
18              MR. WALSH:  Yes, Your Honor.  It's -- Your Honor, it
19   is the form that I believe Your Honor uses regularly that we
20   can file.  I -- I prepared it 'cause I wasn't sure if
21   Mr. Merry wanted it emailed to him or e-filed.  I'm now
22   hearing he wants it e-filed, so we'll follow that process.
23              THE COURT:  Okay.  So if you e-file that -- and
24   Mr. Walsh you've already stated the factual basis for --
25              MR. WALSH:  Yes.
```

1      **THE COURT:**  -- excluding time between now and August

2   27th.  It seems like a sufficient factual basis to me to

3   exclude time between now and then for effective preparation of

4   counsel and based on the defendant's waiver of time under

5   Rule 5.1 for indictment as well.

6      **MR. WALSH:**  Thank you, Your Honor.

7      **THE COURT:**  Okay.

8      So as soon as I receive that filed stipulation, I will

9   sign off on it so that time can be so excluded.

10      **THE CLERK:**  Your Honor?

11      **MR. WALDINGER:**  I have a question that I still have,

12   Your Honor, is whether we need to set a control date for

13   identification of counsel.

14      **THE COURT:**  Yeah, that is a good question.  We could

15   just include that with status, you know, for the hearing date

16   we just set, August 27th for -- 'cause that's status regarding

17   preliminary hearing on arraignment, and it can be

18   identification of counsel as well, because it sounds like

19   Mr. Rothenberg and Mr. Illovsky have a lot of talking to do to

20   work that out.

21      And then at his next appearance, he can either be

22   identified as his attorney or, if not, Mr. Rothenberg can

23   request appointment of counsel if he's gotten to that point

24   where he needs appointment of counsel, or he can indicate that

25   he has retained someone else.  So I think that --

```
 1          MR. WALSH:  Your Honor -- thank you, Your Honor, that
 2    makes sense to me.
 3          MR. WALDINGER:  That's fine, although I guess the
 4    date for August 27th would be preliminary hearing, so I think
 5    Mr. Walsh and I will just keep track of it and -- because
 6    if -- if it's not Mr. Illovsky, and it's going to have to be
 7    somebody else, then we'll need to do something with that date
 8    'cause I don't think an appointed counsel would be ready to
 9    go --
10          THE COURT:  Right.
11          MR. WALDINGER:  -- with a preliminary hearing that
12    day.
13          THE COURT:  Right.
14          MR. WALDINGER:  So we'll just keep track of it, Your
15    Honor.
16          THE COURT:  And then there may be need to further
17    exclude time, you know, for continuity of counsel if that ends
18    up being the case.
19          MR. WALDINGER:  Okay.
20          MR. WALSH:  Just so I'm clear, are we actually
21    putting down the 27th for a preliminary hearing, or we putting
22    a status regarding --
23                     (Simultaneous colloquy.)
24          THE COURT:  I thought it was going to be status
25    regarding preliminary hearing or arraignment because we don't
```

```
1     know yet what we're doing.

2           MR. WALSH:  I think if we keep it as a status on all

3     matters rather than an actual preliminary hearing, then I

4     think it will alleviate the concerns that Mr. Waldinger just

5     raised.

6           THE COURT:  Right.

7        So yes, it will be status regarding preliminary hearing or

8     arraignment on that date and identification of counsel.

9           THE CLERK:  And, Your Honor, what are we doing with

10    the other case, the information?

11          THE COURT:  We're about to do something with it.

12          THE CLERK:  Oh, great.  Okay.

13          THE COURT:  Okay.

14       So we are done with the complaint matter and now moving to

15    the information.

16       So, Mr. Rothenberg, additionally, the U.S. Attorney's

17    office has filed an information charging you with multiple

18    violations of federal law, and the same constitutional rights

19    that I explained to you regarding the criminal complaint apply

20    to the filing of the information as well.

21       And you also are entitled to counsel in the information

22    matter, and I -- I'm assuming that Mr. Illovsky, since he's

23    specially appearing in this matter as well, that the -- you're

24    in the same circumstances in terms of determining whether or

25    not he will be officially retained to represent you in this
```

1    matter as well.

2        Is that right, Mr. Illovsky?

3            **MR. ILLOVSKY:**  Yes, Your Honor.

4            **THE COURT:**  Okay.

5        So we'll just note his special appearance on your behalf

6    for today on the information.

7        And, Mr. Illovsky, do you and Mr. Rothenberg have a copy

8    of the information?

9            **MR. ILLOVSKY:**  Yes, Your Honor, we do.  And we waive

10   any reading of it, if that's required.  I'm not precisely sure

11   the -- what kind of a thing it is, but we -- we'd waive any

12   full reading of it.

13           **THE COURT:**  You can waive a detailed reading of the

14   information, but I would like to have the government just

15   summarize the charges and the maximum penalties for the

16   record.

17           **MR. WALDINGER:**  We'll do that, Your Honor.  I'll take

18   it in groups with respect to the penalties.  In counts one and

19   three, Mr. Rothenberg is charged with bank fraud in violation

20   of Title 18, United States Code Section 1344 and 2.  And then

21   in counts two and four, he's charged with making false

22   statements to a financial institution in violation of Title

23   18, United States Code Section 1014 and 2.

24       The maximum penalties for each of those counts, one

25   through four, is 30 years imprisonment; a term of supervised

1   release of 5 years; a fine of $1 million or twice the gross

2   gain or gross loss, whichever is the greater; restitution;

3   forfeiture; and a $100 special assessment.

4        Mr. Rothenberg is also charged in counts five through

5   seven and twelve through twenty-three with wire fraud in

6   violation of Title 18, United States Code Section 1343 and

7   Section 2.

8        The maximum term of imprisonment for each of those counts

9   is 20 years; maximum fine of $250,000 or twice the gross gain

10  or gross loss, whichever is greater; a maximum term of

11  supervised release of 3 years; restitution; forfeiture; a $100

12  special assessment per count.

13       And, finally, in counts eight through eleven,

14  Mr. Rothenberg is charged with engaging in monetary -- excuse

15  me -- monetary transactions with the proceeds as specified

16  unlawful activity, which is also referred to as money

17  laundering, in violation of Title 18, United States Code

18  Section 1957 and 2.

19       The maximum penalties for those counts per count are a

20  maximum term of imprisonment of 10 years; a maximum fine of

21  $250,000 or twice the amount of property involved in the

22  transaction; this term of supervised release of 3 years;

23  restitution; forfeiture; and again the $100 per count special

24  assessment.

25            THE COURT:  Okay.

 1              **MR. WALDINGER:**  There are forfeiture allegations in

 2    the information as well.

 3              **THE COURT:**  Okay.  So, Mr. Rothenberg, that was a

 4    lot.  But, again, those are the maximum penalties that you

 5    face, not necessarily the actual penalties you would receive

 6    if you were to be convicted.

 7         Do you understand the charges that have been brought

 8    against you and the maximum penalties that you face?

 9              **THE DEFENDANT:**  Your Honor, I heard the reading.  I

10    need to talk to counsel because this happened, I believe,

11    minutes ago, so I -- I -- in terms of understanding it all, I

12    need to discuss with counsel, but I heard the reading.

13              **THE COURT:**  Okay.

14         And, Mr. Illovsky, are we going to -- we are going to

15    waive a detailed reading of the charges, I hope.

16              **MR. ILLOVSKY:**  Yes, Your Honor.

17              **THE COURT:**  All right.

18         All right.  And then you have indicated that it is not

19    Mr. Rothenberg's intention to waive indictment at this time.

20              **MR. ILLOVSKY:**  That's true, Your Honor.  Yes.

21              **THE COURT:**  Okay.  So given that he is not waiving

22    indictment at this time, there's no plea to be taken because

23    we can't proceed on the information until he waives his right

24    to an indictment.  But he has been advised of the charges.

25         And we've already addressed the detention issue in the

1    criminal complaint matter, and we already have a bond in the

2    criminal complaint matter, so --

3           **MR. WALDINGER:**  I think that's probably sufficient

4    because these cases will be merged on Pacer, Your Honor.

5           **THE COURT:**  Right.

6           **MR. WALDINGER:**  And so that bond is going to end up

7    showing up on this -- this criminal case number, and I -- I

8    think I'm comfortable with not doing a second bond form, but I

9    haven't talked to my co-counsel about that.

10          **MR. WALSH:**  Your Honor, I submitted one in case we --

11   it got to the position in which we needed to do it, but I

12   believe that under the circumstances that we've just described

13   we're fine with the bond form that we've already completed.

14          **THE COURT:**  Right.  Because I mean, he still has to

15   comply with all those conditions of his release, and he's

16   still on the hook financially for the $250,000 on the original

17   bond so that should be sufficient.

18          **THE CLERK:**  Your Honor, if you like, I can add both

19   case numbers on the bond, or if you don't think that's

20   necessary.

21          **THE COURT:**  That would being -- yeah, you could do

22   that.

23          **MR. WALDINGER:**  I --

24          **THE CLERK:**  All right.

25          **MR. WALDINGER:**  I think that would help, because the

```
 1    one thing that's sort of left off is the -- you know, the

 2    continuing duty to appear in the case.  And I think future

 3    callings in the case may be under that -- the criminal case

 4    number, not the miscellaneous case number.  So thanks very

 5    much for adding the -- the other case number to the bond form.

 6    I think that is the way to do it.

 7              THE COURT:  I think that makes sense.

 8              MR. ILLOVSKY:  Your Honor, I know we're in a

 9    little --

10              MR. WALDINGER:  And then --

11              MR. ILLOVSKY:  Sorry.

12              MR. WALDINGER:  The only thing I was going to say is

13    that either later today or before Monday, the government

14    intends to file a notice of related case.

15       I think we have time for that, given that we have a status

16    in front of the duty magistrate judge in two months.  But

17    presumably when we come back in two months, we'll be able to

18    set then a date before Judge Tigar -- I'm assuming Judge Tigar

19    will take the case.  If he doesn't, we'll proceed in front of

20    Judge Alsup.

21              THE COURT:  Mr. Illovsky, were you going to say

22    something?

23              MR. ILLOVSKY:  I was just going to say I know it's a

24    little bit unusual to have this -- and I -- I can see the two

25    case numbers being related, but since the information has
```

1   not -- since there hasn't been a waiver, I'm not sure that the

2   information can be a basis of any kind of, you know,

3   conditions of release.

4          **THE COURT:**  Hmm.

5          **MR. ILLOVSKY:**  'Cause I don't think it's a basis for

6   holding unless the government were to insist on proceeding by

7   information without a waiver, in which case they would have

8   to, I think, proceed under, like, Rule 7(b), which is the idea

9   that it would be capped -- the defendant's sentencing exposure

10  would be capped at one year.  Then -- then I think it could

11  proceed.

12         But in any event, I just wanted to flag it.  It's a little

13  bit unusual.

14         **THE COURT:**  Yes, it is unusual.  And Mr. Illovsky

15  makes an interesting point.  Since we can't proceed by

16  information without the defendant waiving his right to

17  indictment, maybe we shouldn't put that on the bond.

18         **MR. WALDINGER:**  You know, I think at this time, I --

19  we'd be comfortable with leaving the new -- criminal case

20  number off of the bond form, Your Honor.

21         I think that it's a new world for us all so --

22         **THE COURT:**  Right.

23         **MR. WALDINGER:**  We're really getting into the weeds

24  of Rule 7 and Rule 10 and Rule 5.1 in this time.

25         **THE COURT:**  Right.  Right.  And so -- I mean, I --

```
 1      I'm comfortable with the bond in the criminal complaint
 2      matter.  And there's nothing we can do -- there's nothing more
 3      we can do about the criminal matter filed by information at
 4      this point.
 5          We can -- would you like to schedule some sort of a status
 6      regarding that information just so that it's not hanging out
 7      there somewhere because the -- Mr. Rothenberg is going to have
 8      to make a decision at some point about whether or not he's
 9      going to waive.-
10          MR. WALSH:  From the government's perspective, it
11      seems like putting on a status for that same 8/27/2020 in the
12      magistrate court is imminently reasonable.
13          If, indeed, we're able to reach a situation where
14      Mr. Rothenberg does decide to waive indictment and it would
15      be -- it would -- he would be arraigned on the information on
16      that date, and it would sort of make sense.
17          If other avenues are chosen, it will be worthwhile to know
18      that the case is on on that date and it can be dealt with
19      depending upon what -- if something else has happened in the
20      interim, like an -- an indictment has been returned or
21      something like that, so --
22          THE COURT:  So I could put it on that same date,
23      then, with the other -- with the criminal -- I mean, the
24      criminal complaint matter, and it would be -- it would just
25      indicate that for this matter, it's on for status regarding
```

1    arraignment --

2              **MR. WALSH:**  That makes --

3          **THE COURT:**  -- on the information.

4              **MR. WALSH:**  That makes sense from the government's

5    perspective, Your Honor.

6          **THE COURT:**  Okay.

7              **MR. ILLOVSKY:**  I agree, Your Honor.  We're -- we're

8    not going to get the court tangled up.  We're -- this is going

9    to -- it will take care of itself, believe me.

10         **THE COURT:**  Okay.  I have faith in that

11   representation.

12       All right.  And also I.D. of counsel for that matter as

13   well.

14             **MR. ILLOVSKY:**  Yes.

15         **THE COURT:**  Okay.

16       All right.  So both matters are set before whoever --

17   whichever magistrate judge is on duty at 10:30 a.m. on

18   August 27th 2020.

19       Just don't forget, Mr. Rothenberg, that you have to get

20   your passport -- any passports and other documents turned in

21   to Pretrial Services by July 2nd.

22             **MR. WALSH:**  And, Your Honor, one housekeeping matter.

23   It's not clear to me, given the status of the information,

24   whether or not a waiver of time is requisite.  But for the

25   same reasons for the complaint, if it is required in with

1    regard to the preliminary hearings or any other rights, I

2    would propose to exclude time for those same reasons and would

3    submit a separate form with that docket number for the

4    information.

5          **THE COURT:**  I can't imagine that the clock is ticking

6    on the information given he hasn't even consented.

7          **MR. WALSH:**  Nonetheless, Your Honor, I sort of feel

8    like if we file it, if it's inoperative, then it's

9    inoperative, but there is a technicality that we're unaware of

10   given the new order that we're in, it's no harm or if it's a

11   beneficial thing because that is what the parties contemplate

12   at the moment, sort of holding everything in abeyance until

13   August 27th while we're providing discovery, while we're

14   discussing the next best steps, and perhaps finding new

15   counsel or additional counsel.

16      And so for all of those reasons, I think it's appropriate

17   to exclude time in both matters.  And if it's not technically

18   required for the information, then, no harm.

19         **THE COURT:**  That's true.  It doesn't hurt anything.

20   That's for sure.

21      So if you'd like to go ahead and file a stipulation in

22   that matter, in the information matter as well, that would be

23   fine.

24         **MR. WALDINGER:**  I guess that's assuming Mr. Illovsky

25   consents on that today.

1    **MR. ILLOVSKY:**  So, Your Honor, I think -- I been

2    doing this for a while.  I never run into this kind of issue.

3    I think it's okay.  I'm -- I'm not -- I don't have any

4    interest in, you know, getting the government to do something

5    quicker than it -- than it needs to do.

6        As far as the information, I'm just not sure that it's

7    a -- it's a legally operative thing and it triggers anything

8    because unless the -- I mean, unless the government insisted

9    on proceeding on it even though there's no waiver, so -- but

10   I'll -- I'm going to work with Mr. Walsh cooperatively to --

11   to do that to minimize any burden on the court, for sure.

12       **THE COURT:**  And if the parties discuss it and decide

13   that it's an appropriate thing to stipulate to, you can just

14   go ahead and e-file that stipulation.

15       **MR. WALSH:**  Thank you, Your Honor.

16       **MR. ILLOVSKY:**  Thank you.

17       **THE COURT:**  All right.  So does that take care of

18   everything in this matter?

19       **MR. WALDINGER:**  I have so unless I'm missing

20   something, Mr. Walsh.

21       **MR. WALSH:**  Checked off the boxes on my list, Your

22   Honor.

23       **THE COURT:**  Okay.

24       **MR. ILLOVSKY:**  Nothing else for the defense, Your

25   Honor.

1    **THE COURT:**  Okay.  Well, thank you all.

2    **MR. ILLOVSKY:**  Thank you.

3    **MR. WALDINGER:**  Thank you Your Honor.

4    **MR. WALSH:**  Thank you, Your Honor.

5        (Proceedings were concluded at 12:11 P.M.)

6                    --o0o--

7

8                **CERTIFICATE OF REPORTER**

9

10       I certify that the foregoing is a correct transcript

11   from the record of proceedings in the above-entitled matter.

12   I further certify that I am neither counsel for, related to,

13   nor employed by any of the parties to the action in which this

14   hearing was taken, and further that I am not financially nor

15   otherwise interested in the outcome of the action.

16

17   _____

18   Raynee H. Mercado, CSR, RMR, CRR, FCRR, CCRR

19              Sunday, June 13, 2021

20

21

22

23

24

25