MOEEL LAH FAKHOURY LLP
Hanni M. Fakhoury (State Bar No. 252629)
1300 Clay Street, Suite 600
Oakland, CA 94612
Telephone: (510) 500-9994
Email: hanni@mlf-llp.com

Attorneys for Michael Rothenberg

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ROTHENBERG,<br><br>Defendant. | **Case No.:** 3:20-CR-266-JST<br><br>**DEFENDANT'S MOTION FOR INTRADISTRICT VENUE TRANSFER**<br><br>**Court:** Courtroom 6, 2nd Floor<br>**Hearing Date:** August 13, 2021<br>**Hearing Time:** 9:30 a.m. |

TO: STEPHANIE M. HINDS, ACTING UNITED STATES ATTORNEY; KYLE F. WALDINGER, ASSISTANT UNITED STATES ATTORNEY; AND NICHOLAS J. WALSH, ASSISTANT UNITED STATES ATTORNEY.

PLEASE TAKE NOTICE that Defendant Michael Rothenberg hereby moves this Court for an intradistrict venue transfer to the San Francisco courthouse. This motion is based upon this memorandum of points and authorities and accompanying exhibits, Federal Rule of Criminal Procedure 18, Northern District Criminal Local Rule 18-2, and all other applicable constitutional, statutory, and case authority, and all evidence and argument that may be presented at the hearing of this motion, to be held on August 13, 2021, at 9:30 a.m. in Courtroom 6 on the 2nd floor of the Oakland Courthouse.

**INTRODUCTION**

Pursuant to Federal Rule of Criminal Procedure 18 and Northern District Criminal Local Rule 18-2, Michael Rothenberg moves this Court to transfer his criminal case back to the San Francisco courthouse, where it was originally docketed.

**STATEMENT OF FACTS**

A.   The SEC Civil Case.

Mr. Rothenberg managed Rothenberg Ventures Management Company, LLC ("RVMC"), a venture capital fund.[1] On August 20, 2018, the Securities and Exchange Commission ("SEC") filed a civil complaint against Mr. Rothenberg and RVMC, alleging Mr. Rothenberg "misappropriate[d] fund and fund investor money," "create[d] the false appearance that the money was used for legitimate fund expenses or investments or had otherwise been paid back," and "used the misappropriated funds to finance Rothenberg's personal business ventures." *See SEC v. Rothenberg*, 4:18-CV-05080-JST, Dkt. 1, Complaint at ¶ 1.

The SEC complaint noted that under Northern District Civil Local Rule 3-2(d), "this case should be assigned to the San Francisco Division because a substantial part of the events or omissions that give rise to the claims alleged herein occurred in San Francisco County, and Defendant Rothenberg resides in San Francisco," and noted that RVMC had "its principal place of business…in San Francisco." *Id.* at ¶¶ 11, 13.

There was no motion practice or trial in the civil suit; in fact, the parties appeared before this Court for a total of 8 minutes, at two separate telephonic case management conferences, each four minutes long, on September 5, 2018, and November 28, 2018. *See SEC v. Rothenberg*, 4:18-CV-05080-JST, Dkt. 14, 29. Instead, a consent judgment was entered, and the only litigated issue was the SEC's request for disgorgement and penalties, which Mr. Rothenberg opposed pro se after his prior counsel withdrew. *See SEC v. Rothenberg*, 4:18-CV-05080-JST, Dkt. 83, 90. The Court ultimately ordered disgorgement and penalties without any motion hearing, overruling Mr. Rothenberg's pro se

---

[1] As detailed in the Indictment, RVMC later changed its name to Frontier Technology Venture Capital LLC, and then Rothenberg Ventures LLC. The Indictment uses "RVMC" to "refer to the entity at any relevant time, regardless of the entity's name at that time," and for clarity this motion does the same. *See* Dkt. 15, Superseding Indictment at 1-2, ¶ 1.

request to appear in person to argue the motion. See Dkt. 94, 95, 100.

B.   **The Criminal Case.**

On June 25, 2020, a criminal complaint was filed against Mr. Rothenberg, charging him with wire fraud in violation of 18 U.S.C. § 1343. The complaint alleged a fraudulent scheme—referenced in the SEC civil suit—allegedly taking place in July 2016 in San Francisco involving the purchase of shares in a San Francisco software company. See Dkt. 1, Complaint at 1 (Cover Sheet), *see also id.* at ¶ 24. The complaint was given a San Francisco prefix (i.e., the number 3) before the case number and issued by Magistrate Judge Hixson in San Francisco. See Dkt. 1, Complaint at 1 (Cover Sheet).

Two days later, the government filed a 23 count waiverless Information, substantially broadening the scope of the criminal allegations against Mr. Rothenberg. Counts 1 through 11 of the Information charged Mr. Rothenberg with bank fraud, false statements to a financial institution, wire fraud and money laundering, none of which was alleged in the SEC civil complaint. The remaining counts, 12 through 23, charged Mr. Rothenberg with wire fraud as alleged in the SEC civil complaint.[2] Like the complaint, the waiverless Information noted Mr. Rothenberg lived in San Francisco, RVMC had its offices in San Francisco, and repeatedly noted venue was proper in San Francisco. *See* Dkt. 2, at ¶ 1; *see also* Dkt. 2-2, Criminal Cover Sheet (venue under Criminal Local Rule 18-1 in San Francisco). The case was assigned to the Honorable William H. Alsup, in San Francisco. When the Indictment was returned by the grand jury on August 20, 2020, it too noted venue was proper in San Francisco, and made the same factual recitals about Mr. Rothenberg residing in San Francisco and RVMC being headquartered there, contained in the waiverless Information. *See* Dkt. 15.

After the waiverless Information was filed, but before the Indictment was returned, the government filed a notice of related case in a criminal action under Local Rule 8-1, seeking to relate the San Francisco criminal case to the civil SEC case. *See* Dkt. 7, Notice of Related Case in a Criminal Action. In its notice, the government claimed the two cases were related because "there is substantial factual overlap between the two cases," this Court "expended significant effort in

---

[2] The conduct alleged in the criminal complaint was alleged in the waiverless Information in counts 12, 13, 14 and 15.

resolving the SEC's contested motion for disgorgement and penalties" and "it is likely that some of the issues that arose in the SEC's case will arise in the criminal case." *Id.* at 3. It acknowledged, however, that at least half of the charges in the waiverless Information (and ultimately the Indictment) involved conduct not at issue in the SEC civil case. *Id.* ("two of the schemes to defraud alleged in the Information (counts Twelve through Twenty-Three) relate directly to allegations in the SEC's Complaint.").

Mr. Rothenberg filed a pro se objection to the notice of related case on October 21, 2020, arguing San Francisco was the proper venue for the criminal case. *See* Dkt. 22. On December 8, 2020, this Court signed an order relating the criminal case to the SEC civil case, and Judge Alsup was no longer assigned to the criminal case. *See* Dkt. 32, 33.

## ARGUMENT

Venue in a criminal case involves "matters that touch closely the fair administration of criminal justice and public confidence in it." *United States v. Johnson*, 323 U.S. 273, 276 (1944). *Intra*district venue does not implicate constitutional or statutory concerns anymore. *See United States v. Betancourt*, 734 F.2d 750, 756 (11th Cir. 1984) ("there is no constitutional right to trial within a division" and "a division of a federal judicial district is not a unit of venue in criminal cases."); *see also United States v. Sloan*, 1998 WL 123118, *1 (9th Cir. 1998) (unpublished) (citing *Betancourt*).[3]

Yet Federal Rule of Criminal Procedure 18 nonetheless dictates the "court must set the place of trial *within* the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Fed. R. Crim. P. 18 (emphasis added). Likewise, Northern District Local Rule 18-2 authorizes a court "to transfer a criminal case to a different courthouse if it appears…that a transfer would be in the interest of justice based upon the convenience of the defendant and the witnesses and the prompt administration of justice." "Nothing

---

[3] That was not always the case, at least with respect to statutory concerns. The Supreme Court ruled almost a century ago that a prior version of the venue statute, "require[d], where a district contains more than one division, that the trial be had in the division where the offense was committed, unless the accused consents to be tried in another." *Salinger v. Loisel*, 265 U.S. 224, 237 (1924). And until 1966, Rule 18 stated "the prosecution shall be had in a district in which the offense was committed, but if the district consists of two or more divisions the trial shall be had in a division in which the offense was committed." *See Betancourt*, 734 F.2d at 755, n. 4; *see also id.* at 755-756.

in Rule 18 places the burden on the defendant to establish the reason for the change of venue, rather Rule 18 mandates that district courts consider the factors of convenience to the defendant, convenience to the witnesses, and the prompt administration of justice when considering where trial should be held." *United States v. Stanko*, 528 F.3d 581, 584–85 (8th Cir. 2008). Additionally, "[t]The convenience of the Government is not a factor" in deciding a Rule 18 motion. *Dupoint v. United States*, 388 F.2d 39, 44 (5th Cir. 1967).

Considering the factors in Rule 18 and Local Rule 18-2—the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice—venue is proper in San Francisco not Oakland.

### A.     San Francisco is a more convenient venue for Mr. Rothenberg.

Because Mr. Rothenberg lives in San Francisco and can even walk to the San Francisco courthouse, venue is obviously more convenient for him there. While he acknowledges the Oakland courthouse is just a bridge away from San Francisco, courts have recognized that "it is the public policy of this Country that one must not arbitrarily be sent, without his consent, into a strange locality to defend himself against the powerful prosecutorial resources of the Government." *United States v. Burns*, 662 F.2d 1378, 1382 (11th Cir. 1981). Regardless of its proximity to San Francisco, Oakland is nonetheless a "strange locality" to Mr. Rothenberg as he does not live there, has never appeared in court there, and none of the events giving rise to this case took place there.

### B.     The events, victims and witnesses are in San Francisco.

"That a defendant should be tried in the division in which the offense was committed, especially when he resides there, is not lightly to be evaded." *Dupoint*, 388 F.2d at 44. The government acknowledged in both the SEC civil case and in the criminal case that venue lay in San Francisco. The SEC complaint specifically noted venue was proper in San Francisco under Civil Local Rule 3-2(d). *See SEC v. Rothenberg*, 4:18-CV-05080-JST, Dkt. 1, Complaint at ¶¶ 11, 13. Likewise, the criminal complaint, waiverless Information and Indictment were all venued in San Francisco consistent with Northern District Criminal Rule 18-1(a), which assigns offenses allegedly committed in San Francisco County to the San Francisco courthouse. *See* Dkt. 2, Information at ¶ 1; Dkt. 2-2, Criminal Cover Sheet; Dkt. 15, Indictment at ¶ 1. That conclusion stems naturally from the

fact that Mr. Rothenberg lived in San Francisco, RVMC was headquartered there, and the events and witnesses were there as well, including one of the software companies mentioned in the Indictment. *See* Dkt. 15, Indictment at ¶ 13.

As for the alleged victims in the case, none have any connection to Oakland that would support keeping venue there as opposed to San Francisco. Several of the alleged victims are companies not headquartered in California, or even the United States at all. *See* Dkt. 15, Indictment at ¶ 14 ("G Inc." headquartered in Cayman Islands); ¶ 15 ("B.F. Limited Partnership" registered in Arizona); ¶ 19 ("H Corporation" headquartered in Taiwan); ¶ 22 ("C Capital" headquartered in China); ¶ 23 ("A Capital" headquartered in China); ¶ 24 ("K Capital" headquartered in South Korea). Thus, there is no added *in*convenience to the victims to relocate the case from Oakland to San Francisco.

C.  **<u>Moving the case to San Francisco will not thwart the prompt administration of justice.</u>**

Finally, the administration of justice is served by transferring the case to San Francisco. That factor "is in part a literal command that trials comply with the Speedy Trial Act." *United States v. Lipscomb*, 299 F.3d 303, 341 (5th Cir. 2002). The case is not so far along in the court process that transferring the case now would cause significant delays. Mr. Rothenberg has only made two brief appearances before this Court, and the motion practice in the criminal case thus far has been limited to pure legal challenges. There have been no intensive fact-based motions, evidentiary hearings, and no trial date is set; given the breadth of discovery and anticipated motion practice, it will likely take months before the parties are in a posture to know whether the case will proceed to trial or not.

The fact that this Court handled the SEC civil case does not justify transferring the case from San Francisco to Oakland. Criminal Local Rule 8-1 states:

> (b) Definition of Related Case for Criminal Action. Any pending criminal action is related to another civil or criminal action when:
>
> > (1) Both actions concern one or more of the same defendants and the same alleged events, occurrences, transactions or property; or
> >
> > (2) Both actions appear likely to entail substantial duplication of labor if heard by different Judges or might create conflicts and unnecessary expenses if conducted before different Judges.

The government claimed the criminal case was related to the SEC civil case because "there is substantial factual overlap between the two cases," this Court "expended significant effort in

resolving the SEC's contested motion for disgorgement and penalties," and "it is likely that some of the issues that arose in the SEC's case will arise in the criminal case." *See* Dkt. 7 at 3. But that is incorrect.

While obviously the SEC civil case and the criminal case both involve Mr. Rothenberg, the criminal case is substantially broader than the SEC case and involves conduct—specifically counts 1 through 11—not raised at all in the SEC case. Moreover, the SEC case was concluded without any factual development, pretrial motion practice or trial, which in turn limits overlapping issues between the two cases. That is particularly true on the one issue that was litigated, albeit with Mr. Rothenberg proceeding pro se: the SEC's motion for disgorgement and penalties. This Court specifically noted that it had to "accept as true" the "allegations in the SEC's complaint," and rejected Mr. Rothenberg's attempt's "to relitigate many of the allegations in the SEC's complaint." *See SEC v. Rothenberg*, 4:18-CV-05080-JST, Dkt. 100, Order Granting Plaintiff's Motion for Disgorgement and Penalties, at 4. At the same time, the amount of disgorgement and penalties is unlikely to arise at any potential jury trial in this case because such amounts are not elements of any of the crimes Mr. Rothenberg is charged with. So, the "prompt administration of justice" did not call for relating the criminal case to the SEC civil case.

D. **Local Rule 8-1 Conflicts with Federal Rule of Criminal Procedure 18.**

Ultimately, but for the government's effort to relate the criminal case to the SEC case, Mr. Rothenberg's criminal case would be in San Francisco, as even the government itself acknowledged when it filed the complaint, waiverless Information and Indictment. That is due to unique circumstances: when the SEC case was filed in 2018, this Court sat in San Francisco but in 2019, this Court relocated to Oakland, before the criminal case was filed in 2020. So, to the extent Local Rule 8-1 dictated that Mr. Rothenberg's case be moved from properly venued San Francisco to Oakland to avoid "substantial duplication of labor if heard by different Judges," it conflicts with Federal Rule of Criminal Procedure 18. *See* N.D. Cal. L. Crim. R. 8-1(b)(2); *see also* Dkt. 7, Notice of Related Case in a Criminal Action, at 3.

"[D]istrict courts [can] formulate local rules, but only insofar as they are not inconsistent with the federal rules themselves." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 949 (9th Cir. 1993). Federal

Rule of Criminal Procedure 18, along with Rule 18-1, speaks only of convenience to the defendants, victims and witnesses, and the prompt administration of justice. To the extent Local Rule 8-1 looks beyond those factors—at least in deciding to assign a criminal case to a different division—there is a clear conflict with Federal Rule of Criminal Procedure 18. The Fifth Circuit has noted a court commits legal error "by including an impermissible consideration in its Rule 18 balancing" when it "perceive[s] from past transfers a generalized but informal policy regarding transfers as a matter of course, without reference to the permissible considerations under Rule 18 that may have supported those transfers." *Lipscomb*, 299 F.3d at 341.

That is precisely what happened here. The unique circumstances of this case allowed the Local Rule concerning related cases—which would typically not result in a change in intradistrict venue—to control over the Rule 18 consideration. As explained above, the "prompt administration of justice" would not be served by relating the case given the narrow issues ultimately litigated in the SEC case, and the breadth of criminal conduct charged in the Indictment. Because venue is proper in San Francisco, this case should be transferred there.

## CONCLUSION

Mr. Rothenberg respectfully requests this Court transfer his case to the San Francisco courthouse.

Dated:   July 2, 2021

Respectfully submitted,

MOEEL LAH FAKHOURY LLP

Hanni M. Fakhoury
Attorneys for Michael Rothenberg