Pages 1 - 22

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Joseph C. Spero, Magistrate Judge

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | )   **NO. CR 20-00266 JST (JCS)** |
| | ) |
| MICHAEL BRENT ROTHENBERG, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

San Francisco, California
Monday, September 21, 2020

### TRANSCRIPT OF REMOTE ZOOM VIDEO CONFERENCE PROCEEDINGS

**APPEARANCES VIA ZOOM:**

For Plaintiff:
           DAVID L. ANDERSON
           UNITED STATES ATTORNEY
           450 Golden Gate Avenue, 11th Floor
           San Francisco, California  94102
    BY: **NICHOLAS J. WALSH**
           **KYLE F. WALDINGER**
           **ASSISTANT UNITED STATES ATTORNEYS**

For Defendant:
           **MICHAEL BRENT ROTHENBERG, PRO SE**
           712 Bryant Street, Unit 6
           San Francisco, California 94107

Also Present:     **Magistrate Judge Tse**
           **Elba Romero, Pretrial Services**
           **Candice Mitchell, Federal PD Office**

Reported Remotely By: Ana Dub, RMR, RDR, CRR, CCRR, CRG, CCG
           CSR No. 7445, Official U.S. Reporter

1    <u>**Monday, September 21, 2020**</u>                          <u>**10:39 a.m.**</u>

2                    P R O C E E D I N G S

3                        ---o0o---

4          **CLERK YBARRA:**  The next matter to be called is going

5    to be U.S.A. versus Rothenberg.

6       Is Mr. Rothenberg on the platform?

7          **CLERK MAHER:**  Let me see, make sure he's here.

8       I don't see him.  There's a couple of people with phone

9    numbers.  I don't know who they are.  So it could be one --

10         **CLERK YBARRA:**  Someone has raised their hand and I

11   just promoted them.  Perhaps that's Mr. Rothenberg.

12         **CLERK MAHER:**  Maybe, yes.

13      Mr. Rothenberg, can you hear me?  Mr. Rothenberg?

14      Mr. Rothenberg, can you hear us?

15         **CLERK YBARRA:**  Is counsel for Mr. Rothenberg on the

16   platform?

17         **MR. WALDINGER:**  He does not have counsel at this time,

18   I believe.  That was one of the issues we were going to deal

19   with today.

20         **CLERK MAHER:**  There are three phone calls, but they're

21   only listening, so I can't promote them.  So it's just not

22   allowing that.  Let me see.

23         **MR. WALDINGER:**  Your Honor, Kyle Waldinger for the

24   United States.  I'm joined by Nick Walsh for the United States.

25         **THE COURT:**  Yes.

1        **MR. WALDINGER:**  We were in front of Judge van Keulen

2   about a month ago.  Mr. Rothenberg was on when this date was

3   set.  We were in front of Judge van Keulen on August 27th.

4        **THE COURT:**  And was Eugene Illovsky also on at that

5   time?

6        **MR. WALDINGER:**  No, he was not.  Mr. Illovsky made a

7   special appearance on June 26th, but he was not retained by

8   Mr. --

9        **THE COURT:**  I see.

10        **MR. WALDINGER:**  -- Rothenberg.

11        And so when we appeared on August 27th, Mr. Rothenberg

12   told Judge van Keulen that he would still like to retain

13   counsel.  He did not seek appointed counsel.  And so she set it

14   on for today.

15        **THE COURT:**  All right.

16        **MR. WALDINGER:**  So we do have Mr. Rothenberg's

17   address, and I think he's on Pacer.  He's getting the

18   notifications.

19        **THE COURT:**  And so he may be on, but we just don't

20   know that because, Rose, there are telephone numbers?

21        **CLERK MAHER:**  There are three telephone callers but

22   they're only listeners; so I can't promote them to a panelist.

23        **THE COURT:**  And can they raise their hands if they

24   want?

25        **CLERK MAHER:**  Yes.

1          **THE COURT:**  All right.  Mr. Rothenberg, if you're on,

2     would you please raise your hand?  It's very important that you

3     do so because it may be that if you are on and you don't raise

4     your hand, that the Government will seek to have an arrest

5     warrant issued.

6          So, Mr. Rothenberg, are you on?

7          **CLERK YBARRA:**  And, Judge, if it's a phone caller, if

8     they hit star 6, they can utilize the "raise hand" feature.

9          **CLERK MAHER:**  They can hear us.  They just --

10         **THE COURT:**  Right.  I understand that.

11         So what is the -- someone is telephone number 650, ending

12    in 190 who's been promoted.  Can that person -- can you unmute

13    that person and find out who it is?

14         **CLERK MAHER:**  Hello.  Can you hear me?

15         No.  They're just listeners.  I can't --

16         **THE COURT:**  Well, they're already promoted because I

17    can see them.

18         **CLERK MAHER:**  Yeah.  They just aren't answering.

19         **MR. WALDINGER:**  There's another number ending 590 that

20    just popped up.

21         **THE COURT:**  Right.  That's the one we're talking

22    about.

23         **MR. WALDINGER:**  Oh, okay.

24         **THE COURT:**  So will the person --

25         **CLERK MAHER:**  They're hanging up now.

1          **THE COURT:**  All right.  That's fine.

2      All right.  Well, any suggestions?

3          **MR. WALDINGER:**  I think we can put it over a day.

4   Mr. Walsh and I can e-mail Mr. Rothenberg and remind him of the

5   appearance, if that's okay, Your Honor.  A day or two I think

6   is fine from the Government's perspective.

7          **THE COURT:**  Okay.  Hang on one second.

8          **MAGISTRATE JUDGE TSE:**  I can also call the case at the

9   end of the calendar too, since I think this is a case I can

10  handle.  I can easily just wait until the entire calendar, and

11  then, if necessary, we can text the Government and let them

12  know that defendant has shown up.

13         **THE COURT:**  All right.  If you're able to do that,

14  that's great.

15         **MAGISTRATE JUDGE TSE:**  Yes, we can.

16         **THE COURT:**  And then, if they're not there, you can

17  set it over.

18         **MAGISTRATE JUDGE TSE:**  We'll set it over.

19         **MR. WALSH:**  Judge Tse, I do believe this case is an

20  old matter.  So it may be, if we're doing it by USAO number,

21  I believe my understanding is you may be --

22         **THE COURT:**  You might be, right.

23         **MAGISTRATE JUDGE TSE:**  Okay.

24         **THE COURT:**  So Ms. Mitchell is going to e-mail and

25  text the numbers listed on Pacer right now.  So maybe that will

```
1   result in some progress.
2         Why don't you go ahead and do that, Ms. Mitchell, and see
3   if you get any response.
4         We'll wait a second, see if that works.  I apologize to
5   everyone for our delay in the calendar here.
6     (Court Reporter interrupts for clarification of the record.)
7               THE COURT:  Yes, Ms. Mitchell; Candis Mitchell.
8               CLERK YBARRA:  I see a Mike Rothenberg.
9               THE COURT:  Where?  Oh, yeah.
10              CLERK MAHER:  Okay.  Let's promote him.
11        Mr. Rothenberg?  Mr. Rothenberg?
12              (Defendant present via Zoom, out of custody.)
13              THE DEFENDANT:  Hello.
14              CLERK MAHER:  Hi.  Mr. Rothenberg?
15              THE DEFENDANT:  Yes.  Hi.
16              CLERK MAHER:  This is the courtroom deputy.
17              THE COURT:  Mr. Rothenberg, you made it.  Great.
18              THE DEFENDANT:  Hello.  I apologize.  I'm having
19  trouble with my video.
20              CLERK MAHER:  I think everybody is.
21              THE COURT:  Well, I'm glad you're on.
22        So why don't you call the case.
23              CLERK YBARRA:  Now calling Criminal Action 20 CR-266,
24  U.S.A. versus Rothenberg.
25        Please state your appearances now.
```

1          **MR. WALSH:**  Good morning, Your Honor.  Nicholas Walsh

2    and Kyle Waldinger for the United States.

3          **THE COURT:**  Go ahead, Mr. Rothenberg.

4          **THE DEFENDANT:**  Okay.  This is Mike Rothenberg.

5          **THE COURT:**  Welcome.

6          **THE DEFENDANT:**  Thank you.

7          **MS. ROMERO:**  Good morning, Your Honor.  Elba Romero

8    with Pretrial Services.

9          **THE COURT:**  Welcome.

10      All right.  So we're here in the first instance to talk

11   about counsel.  At the last calling of the case,

12   Mr. Rothenberg, you indicated you were still going to retain

13   counsel.  What's going on with that?

14         **THE DEFENDANT:**  Yes, Your Honor.

15      I do need more time.  The Government has brought 46

16   charges against me, and I believe it has prejudiced me in that

17   it has raised the perceived cost of defense so high that

18   there's been a chilling effect on potential defense counsel.

19   So I am doing everything I can to try to cross that burden --

20   cross that hurdle.

21      I also have a July 2nd motion pending in front of

22   the Honorable Judge Alsup which outlines and details

23   the Government's illegal prosecution which has led to this

24   prejudice, and I have been hoping for a decision on that

25   motion.

1          **THE COURT:**  Well, I appreciate that.  We can't wait

2    for a decision on that motion.  I don't know what Judge Alsup

3    will do with that motion.  He asked for the briefing.  He'll

4    decide what he's going to decide.

5          In the meantime, the Government has returned an Indictment

6    which I think has 23 counts, as I recall.

7          **MR. WALSH:**  Your Honor, that is correct.

8    Mr. Rothenberg is adding the Information and the Indictment to

9    get to 43.

10          **THE COURT:**  Oh, yes.  I see.  The Information is

11    superseded by the Indictment.  So it's not combined.  It's

12    instead of.

13          But, in any event, the case will proceed in front of

14    Judge Alsup.  And even with respect to the motion that you have

15    presently before him, which he may or may not want further

16    argument on, you need to have a lawyer.  So you can't really

17    wait.  You need to get a lawyer right away.

18          It's the same 23 counts it was, that number, at least by

19    count number; but they're now charged in an Indictment because

20    the United States has been able to convene a grand jury, which

21    they weren't able to do earlier in the year.

22          So I'm happy to give you some time, I think, or at least

23    my inclination would be to give you some time.  But you had a

24    month to do this.  Are you making any progress in retaining

25    counsel?

1      **THE DEFENDANT:**  Well, I have -- I have identified

2   counsel that is interested, should I be able to cross their

3   increasing retainer hurdles.

4      The -- the excitement -- the way this has been portrayed

5   to me by potential counsel is that the Government has shown a

6   zeal for prosecuting me in this case that they don't see that

7   often; and hence, the desire -- or the interest in defending me

8   is dependent on, you know, large sums of money.  So I'm doing

9   the best I can.

10      But I do believe I've been prejudiced here.  And this is

11   one of the, you know, big problems I've had with the -- you

12   know, with the illegal prosecution.  I didn't waive my right

13   to -- and I was charged with a waiverless Information.  It was

14   broadcast publicly.  That got to pretty much everyone I know

15   and anyone who might work with me almost immediately.  And

16   I think that was the intended effect, but it was -- either way,

17   it was certainly the outcome.

18      And then COVID has really exacerbated all of this, which

19   is why I had offered to the Government to --

20      **THE COURT:**  Let's not get into -- there's some things

21   that -- and I just want to caution you.  I know you're

22   representing yourself at the moment, or you're thinking of

23   representing yourself and you want to have a lawyer; but I want

24   to caution you that every time you speak in court,

25   the Government is listening and so anything you say can be used

1  against you.  So you want to be very careful about that, number

2  one.

3       Number two is, discussions between you and the Government

4  about things related to the case, we need to be very careful

5  about, because I am forbidden and all judges are forbidden from

6  knowing anything related to what we'd call, globally, plea

7  discussions between the Government and the defendant.  Judges

8  are not allowed to know that material.  So we need to be very

9  careful about what we say in open court.  I mean, it's fine for

10 you to know.  It's fine for anyone you want to know, except you

11 can't get the judge involved in those things.

12      But I appreciate the situation you're in.  It's very

13 expensive to retain a lawyer.  It's very expensive to retain a

14 lawyer in a fraud case.

15      And the question is -- the only question that really

16 concerns me, because the other question will be addressed by

17 Judge Alsup, is whether or not you're going to be able to do

18 so.  And that's the question.  And I know you want to.

19      And I know that you don't want this prosecution to be

20 here.  I appreciate that as well.  But it is here.  And the

21 question going forward is:  Are you going to be able to retain

22 a lawyer?

23      If you are, then I'll give you some time to do that.  If

24 you're not, then we have to figure out another path.

25           **THE DEFENDANT:**  Yes, Your Honor, I do believe I'll be

```
 1    able to.  I think that -- I think the -- you know, people

 2    aren't even really going in their offices, and they don't want

 3    to meet and things like that.  So there's a lot of -- there's a

 4    lot of -- I think we have a shelter-in-place in California

 5    still.  There's a national emergency.  People are really not

 6    excited about trying to meet to discuss anything.

 7         And, you know --

 8         THE COURT:  Well, I think that's not strictly correct.

 9    You are correct that COVID affects this and it's much more

10    difficult to have meetings because you have to do it this way.

11    You can't go into an office, just generally, although some

12    people are going into offices.

13         But lawyers are still taking cases.  Lawyers still have

14    their offices open.  They're still earning a living.  So you

15    should continue -- oh, now I can see you.  Excellent.  Well

16    done.  Your video is working.

17         So, but I'll give you a little time.  Do you think within

18    two weeks you can have a lawyer?

19         THE DEFENDANT:  I will do the best I can with any time

20    I'm given, but I'm --

21         THE COURT:  Well, you know what's been asked of you by

22    these lawyers, and you know what it's going to take you to try

23    to raise that kind of money.

24         THE DEFENDANT:  Right.

25         THE COURT:  Okay.  How long will it take to do that?
```

1          **THE DEFENDANT:**  A very good scenario, and one that I

2     have in my mind to do, is in a month.  I mean, I -- I will do

3     it as fast as I can.  I'd like to do it tomorrow.

4          **THE COURT:**  Of course.

5          And if I can ask counsel for the United States, what's the

6     schedule that Judge Alsup has the case on?

7          **MR. WALSH:**  Well, Your Honor, it's actually more

8     complicated.  The matter has -- the United States filed a

9     Notice of Related Case because Mr. Rothenberg had a matter

10    before Judge Tigar when the SEC proceeded against him.

11    Judge Tigar issued an order indicating that Mr. Rothenberg need

12    not reply to the Notice of Related Case until his counsel

13    status was resolved.  And so it's not yet been before

14    Judge Alsup either.  It's been before neither district court

15    judge.

16         And we're somewhat in an evolving pattern, frankly,

17    because we haven't resolved counsel for Mr. Rothenberg;

18    therefore, there's been no response to the Notice of Related

19    Case to determine whether or not Judge Tigar is going to take

20    it from Judge Alsup or not.  And so there is --

21         **THE COURT:**  My suspicion is that you may or may not --

22    you may not get a ruling on the Motion to Dismiss, either, in

23    the meantime.

24         **MR. WALSH:**  That's very possible, Your Honor.

25         **THE COURT:**  Right.

1        What we're talking about, Mr. Rothenberg, is since it may

2   be that this case will ultimately be assigned to Judge Tigar,

3   we don't know that Judge Alsup will actually rule on the motion

4   that's before you, thinking that it may end up being

5   Judge Tigar's case.

6        Judge Tigar is waiting to figure out what the counsel

7   status is before he requires a response to the Notice of

8   Related Case, at which time he would rule on it, and then we'll

9   know which judge has got it.

10       So it's really important that we resolve the status.  And

11  we will resolve it one way or another.  Either you will retain

12  a lawyer or you won't.  Either way, the case will go forward.

13  But we need to resolve the status.  That's why it is critical

14  and I'll give you another chance.

15       What's the United States' position on another month

16  continuance for resolving the ID of counsel?

17       **MR. WALSH:**  Your Honor, we're fine with that, though

18  we are cognizant of the various timelines and would want to be

19  sure that if we agreed to such a lengthy date, that time would

20  be waived under the Speedy Trial Act, all the provisions, so

21  that no one is prejudiced by the delay Mr. Rothenberg is

22  seeking.

23       **THE COURT:**  Right.  And why don't you tell

24  Mr. Rothenberg what the provisions are that you're talking

25  about so that we can make sure we get a clear waiver on the

1    record.

2         **MR. WALSH:**  So, Mr. Rothenberg, you may or may not be

3    aware, there's a federal statute called the Speedy Trial Act;

4    and it provides that a criminal defendant, absent all sorts of

5    exceptions to the calculation of this date, be tried within

6    70 days of an initial appearance.  There are many, many

7    exceptions to the 70-day rule, including the one that I am

8    discussing right now, which is the parties agree to waive the

9    calculation or the passage of time under that act.

10        In this instance as well, there is another provision that

11   theoretically could be in play, which is pursuant to the

12   Federal Rules of Criminal Procedure 5.1 with regard to your

13   right to have a preliminary hearing.  In this instance, it

14   would be the Government's position that that is no longer truly

15   in play.  But I want to make you aware of the fact that you

16   were arraigned on a Criminal Complaint; an Information was

17   filed at the same time and you were not arraigned on it; and an

18   Indictment has since returned but you have not been arraigned

19   on that.

20        And so under one formulation, you might have a right to

21   have a preliminary hearing on the Criminal Complaint.  It would

22   not be the United States' position that that is the case, but

23   I'm just making you aware of it.

24        And I would ask -- and there is a requirement under

25   Rule 5.1 that an individual who is charged by complaint can

1   have what's called a preliminary hearing before a magistrate

2   judge, like Judge Spero, to determine whether or not there is

3   probable cause for the charges alleged in the criminal

4   complaint.  Because you are not in custody, that would be

5   required to be held within 21 days, unless an indictment is

6   obtained, which must be obtained within 30 days.  And we have

7   obtained an Indictment.  But I'm just making you aware of the

8   fact that that is lurking out there.

9       As a result, when I am talking to the judge about the

10  waiver of time, it is the same waiver of time that was already

11  imposed before, waiving both the 70-day clock under the

12  Speedy Trial Act, as well as the Rule 5.1 waiver with regard to

13  a preliminary hearing, to the extent that even applies.

14      **THE DEFENDANT:**  Your Honor, may I add a couple of

15  things?

16      **THE COURT:**  Well, so the question is, if you want

17  30 days to retain counsel, which you do, are you willing to

18  waive time as described by the Assistant United States

19  Attorney?

20      **THE DEFENDANT:**  The Assistant United States Attorney

21  made at least two false representations to the Court that I

22  would like to correct, if I may.

23      **THE COURT:**  Well, so let me get -- yes, go ahead.

24  Tell me what you think is a mistake in what he said.

25      **THE DEFENDANT:**  Thank you.

1    He did mention that an Indictment --

2         **THE COURT:**  Oh, you're frozen, Mr. Rothenberg.

3    Wait till he comes back.

4    Mr. Rothenberg, if you could just be on audio, turn off

5    your video, because your Internet is unstable.

6         **CLERK MAHER:**  I think he's gone.

7    Mr. Rothenberg, this is the courtroom deputy.

8    He just went off.

9         **THE COURT:**  Ms. Mitchell, if you're still on, can you

10   text him and tell him we're going to wait for him to come back

11   on.  And he should come on with just his -- he doesn't have to

12   enable his video because it may slow things down.

13        **CLERK MAHER:**  There's a Tricia Rothenberg on the line

14   as well.  Should I promote her?  Maybe he's on her phone.

15        **MR. WALSH:**  Your Honor, it's my understanding that

16   might be the defendant's mother.

17        **THE COURT:**  All right.

18        **MR. WALSH:**  Or another relative.

19        **THE COURT:**  Let's wait.

20        **CLERK MAHER:**  Okay.

21              (Pause in proceedings.)

22        **CLERK MAHER:**  Ms. Mitchell is trying to get him.

23        **THE COURT:**  Yes.

24              (Pause in proceedings.)

25        **CLERK MAHER:**  There he is.

1          **THE COURT:**  Great.

2          **CLERK MAHER:**  Okay.  He's coming, Judge.

3          **THE COURT:**  Thank you.

4          **CLERK MAHER:**  Hi, Mr. Rothenberg.  We can see you

5    again.  Can you hear me?  This is the courtroom deputy.

6          **THE DEFENDANT:**  Yes, I can.

7          **THE COURT:**  So, Mr. Rothenberg, it might be better if

8    you stopped your video, just because the Internet connection

9    might be somewhat unstable.

10       So you were saying -- we were talking about time waiver,

11   and you were going to say some statements in response to what

12   AUSA Walsh had said.

13         **THE DEFENDANT:**  Thank you, Your Honor.

14       Well, as AUSA Walsh said, the Indictment was not returned

15   within 30 days, and I did not waive my -- any kind of speedy

16   trial with respect to the Indictment.  So I wanted to point

17   that out.

18       And --

19         **THE COURT:**  You mean with respect to the timing of

20   when the Indictment was obtained?

21         **THE DEFENDANT:**  Yes, Your Honor.  You mentioned

22   that there --

23         **THE COURT:**  I understand that.

24         **THE DEFENDANT:**  Okay.  And also, I don't believe I was

25   arraigned on the initial charge, because what I believe I heard

1    in the hearing on the date that he's referring to, there was

2    supposed to be an initial hearing -- or, I'm sorry.  I forgot

3    the language but -- some kind of hearing about probable cause.

4    And so I was not asked, for example, how I plead, which I think

5    is part of an arraignment.  So an arraignment didn't happen on

6    that.

7         **THE COURT:**  Well, you don't plead to a complaint.  You

8    don't enter a plea with respect to a complaint.  That only

9    happens with respect to an indictment or information.  But

10   that's not really what we're talking about.

11        We're talking about whether or not you will stipulate to

12   waive time for the trial in the matter to occur within 70 days

13   of initial appearance or for a preliminary hearing to occur

14   within the time set forth under Rule 5.1 with respect to the

15   Complaint so that this -- including the time under both

16   calculations from now until the next hearing in this case, to

17   give you an opportunity to obtain counsel.  That's the

18   question.

19        **THE DEFENDANT:**  I -- sorry.  My priority is getting

20   counsel, and so I will agree to whatever the Court needs me to

21   agree to.

22        But I'm stating, for the record, that more than 30 days

23   passed.  I don't believe the Indictment is valid.

24        **THE COURT:**  Well, I appreciate that, and you've said

25   that in your Motion to Dismiss, and that's already teed up.

1          But you're waiving the time from now until -- you're not

2     waiving the time -- you haven't waived the time to bring the

3     Indictment.  That's not what we're talking about here.  The

4     Indictment has been brought.

5          As I understand it, what the Government is seeking is

6     waiving the time for a preliminary hearing on the Complaint and

7     for the trial in the matter on the Indictment that has already

8     been brought.  You've still got whatever arguments you have,

9     valid or invalid, with respect to whether the Indictment was

10    timely brought.

11         Mr. Walsh, am I saying that correctly?

12         **MR. WALSH:**  That is correct, Your Honor.  And although

13    Mr. Rothenberg is pointing out what he believes to be the prior

14    state of the waivers, Dockets Number 3 and 9 do clearly

15    indicate a waiver of both 5.1 and the Speedy Trial Act, just

16    for the record.

17         **THE COURT:**  No, I understand that.  But he's talk- --

18    he's not focusing on the post-Indictment waiver or the 5.1

19    waiver.  He's focused on the time for bringing an indictment.

20         **MR. WALSH:**  Yes.

21         **THE DEFENDANT:**  Your Honor, with respect to a

22    post-Indictment waiver, yes, Your Honor, I agree.

23         **THE COURT:**  Okay.  All right.  So the minutes will

24    reflect that the defendant has waived time under 5.1, under the

25    Speedy Trial Act, and I exclude the time under both from now

1    until the next calling of the case.

2         So let's set a date for you to, as they say, fish or

3    cut bait here, get a lawyer.

4         I think in a case like this, you have to have a lawyer.

5    It's an immensely complicated case, and you need to have a

6    lawyer on it.  So go ahead and find a lawyer.

7         And let's set it out about a month, Stephen, on the duty

8    calendar.

9              **CLERK MAHER:**  So, Judge, that would be Wednesday,

10   October --

11             **CLERK YBARRA:**  Yes, Your Honor.  October the 21st.

12             **THE COURT:**  So we're going for October the 21st --

13             **CLERK MAHER:**  Before you.

14             **THE COURT:**  -- at 10:30 a.m. on the consolidated duty

15   calendar, which, coincidentally, I will be the judge on.

16        Is that okay with everyone's calendars?

17        Mr. Rothenberg?

18        Mr. Walsh?

19             **MR. WALSH:**  It is, Your Honor.

20             **THE DEFENDANT:**  That was October?

21             **CLERK MAHER:**  21st.

22             **THE COURT:**  October 21, 10:30.  It'll be my Zoom

23   address.

24             **THE DEFENDANT:**  I'm available on that day.

25             **THE COURT:**  Okay.  Great.

1        And, Ms. Romero, you're available?

2            **MS. ROMERO:**  Yes.  Pretrial will be available.

3            **THE COURT:**  Great.  Thank you.

4        All right.  So we'll set the continued ID of counsel and

5    arraignment on the Indictment for that date.

6        And if you want to make sure that you get a ruling on your

7    Motion to Dismiss, my advice would be -- it's not advice, but

8    my request would be as soon as you get a lawyer, have them make

9    an appearance so that we can get the counsel matter resolved in

10   that way and have them make an appearance if they want to

11   respond to a Notice of Related Case in Judge Tigar's case.

12           **THE DEFENDANT:**  Understood.

13           **THE COURT:**  All right.

14       All right.  Is there anything else we should handle today?

15           **MR. WALSH:**  I don't believe so, Your Honor.

16           **THE COURT:**  All right.

17       All right.  Thank you, Mr. Rothenberg.

18       Thank you, Mr. Walsh, Mr. Waldinger, Ms. Romero.

19           **CLERK MAHER:**  Judge?

20           **THE COURT:**  Yes.

21           **CLERK MAHER:**  He didn't consent to the Zoom hearing.

22           **THE COURT:**  Oh.

23           **CLERK MAHER:**  You have to ask him that.

24           **THE COURT:**  Are you okay with this appearance being by

25   Zoom, Mr. Rothenberg?

1          **THE DEFENDANT:**  The one today, Your Honor?

2          **THE COURT:**  Yes, today.

3          **THE DEFENDANT:**  Yes, Your Honor.

4          **THE COURT:**  Okay.  Great.  Thank you.

5     All right.  Thank you, all.

6          **THE DEFENDANT:**  Thank you, Your Honor.

7          **THE COURT:**  Judge Tse, I'll turn it over to you.

8          **MAGISTRATE JUDGE TSE:**  All right.  Thank you.

9          **CLERK MAHER:**  Thank you, everyone.

10    We're off the record on this matter.

11          (Proceedings adjourned at 11:15 a.m.)

12                    ---o0o---

13

14              **CERTIFICATE OF REPORTER**

15          I certify that the foregoing is a correct transcript

16    from the record of proceedings in the above-entitled matter.

17

18    DATE:  Sunday, July 4, 2021

19
                    _Ana Dub_
20    _____

21      Ana Dub, CSR No. 7445, RDR, RMR, CRR, CCRR, CRG, CCG
                Official United States Reporter

22

23

24

25