**Pages 1 - 15**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Joseph C. Spero, Magistrate Judge

```
UNITED STATES OF AMERICA,       )
                                )
          Plaintiff,            )
                                )
   VS.                          )     NO. CR 20-00266 JST (JCS)
                                )
MICHAEL BRENT ROTHENBERG, also  )
known as Mike Rothenberg,       )
                                )
          Defendant.            )
_____)
```

San Francisco, California
Wednesday, October 21, 2020

**TRANSCRIPT OF PROCEEDINGS BY ZOOM WEBINAR**

**APPEARANCES BY ZOOM WEBINAR**:

For Plaintiff:
        DAVID L. ANDERSON
        United States Attorney
        450 Golden Gate Avenue
        San Francisco, California  94102
  **BY: KYLE F. WALDINGER**
        **NICHOLAS WALSH**
        **ASSISTANT UNITED STATES ATTORNEY**

For Defendant:
        STEVEN KALAR
        Federal Public Defender
        450 Golden Gate Avenue
        San Francisco, California  94102
  **BY: DAVID RIZK**
        **ASSISTANT FEDERAL PUBLIC DEFENDER**
          **(specially appearing)**

Reported By: Jo Ann Bryce, CSR No. 3321, RMR, CRR, FCRR
               Official Reporter

```
 1   Wednesday - October 21, 2020                           11:21 a.m.
 2                           P R O C E E D I N G S
 3                                 ---oOo---
 4          THE CLERK:  Okay.  So we are calling Case
 5   Number 20-cr-0266, U.S.A. vs. Michael Brent Rothenberg.
 6      Appearances, please, first from the Government, then
 7   Defense counsel.
 8          MR. WALDINGER:  Good morning, Your Honor.  Kyle
 9   Waldinger and Nicholas Walsh for the United States.
10          MR. RIZK:  Good morning.  David Rizk from the Federal
11   Public Defender's Office.  With the Court's permission, I'd
12   like to specially appear for today only to speak for
13   Mr. Rothenberg about the status regarding counsel.
14          THE COURT:  Okay.  And Mr. Rothenberg is present by
15   Zoom.
16      And do you agree that it's okay to have this appearance by
17   Zoom rather than in person?
18          DEFENDANT ROTHENBERG:  Yes, Your Honor.
19          THE COURT:  Thank you.
20      So what's the status with respect to counsel, Mr. Rizk?
21          MR. RIZK:  Your Honor, as of now, Mr. Rothenberg
22   hasn't been able to retain counsel.  He's continuing to attempt
23   to retain counsel; but I think having spoken to him a little
24   bit this morning, it may make sense at this point for my office
25   to get involved.
```

1    The way that I would envision doing it and what I'd like
2 to propose is:  Mr. Rothenberg and I only had a few minutes to
3 speak before court this morning.  I contacted him, as well as
4 Mr. Walsh, yesterday to see what the status was; and
5 Mr. Rothenberg and I had a little bit of time to talk about
6 what it would mean for my office to represent him, but I think
7 we would like a little bit more time.
8    So what I would like to do, if everybody is amenable to
9 it, is to ask for a brief continuance of one or two weeks and
10 then come back for ID of counsel with the understanding that
11 the likely result will be my office will be asked to be
12 provisionally appointed, and we will ask the Government for
13 some discovery related to submission of a financial affidavit.
14         **THE COURT:**  Well, let me just ask some questions about
15 that.
16    Mr. Rizk, is it your opinion that Mr. Rothenberg, based on
17 what you know, will be eligible?
18         **MR. RIZK:**  I think so, Your Honor.  I don't know
19 everything about his finances; but based on what I know from
20 him, I think he may be.
21         **THE COURT:**  And what discovery did you envision
22 getting from the United States regarding that matter?
23         **MR. RIZK:**  Well, we'd just like -- I believe our
24 offices have an agreement that in cases such as a fraud case
25 like this, we're entitled to discovery from their office about

1   the defendant's finances and what the Government knows about
2   them to ensure that -- obviously that the financial affidavit
3   is truthful and that the Court can make an informed decision
4   based on the truth about his finances.
5           **THE COURT:** Mr. Walsh, Mr. Waldinger, do you have a
6   view on this?
7           **MR. WALDINGER:** I'm just trying to formulate one as
8   I'm listening to Mr. Rizk.
9           I mean, I don't know that there is a defined subset of
10  discovery that would give an easy answer on Mr. Rothenberg's
11  finances.  He managed a series of venture capital funds that I
12  assume he still has some interest in and that there's some
13  value there, but I don't -- we've not had a quantification of
14  that -- of his net worth so I don't -- I don't know that
15  there's going to be that much that will be able to help
16  Mr. Rizk on.
17          In preparing for today, Your Honor, I was having a
18  flashback to a case that I think that you ultimately had
19  something to do with, which was the Mills case, which is
20  similar, in which that defendant for several appearances before
21  the magistrate court did not have an attorney.
22          What I was going to suggest today is that this just be
23  sent to Judge Alsup to decide whether -- what to do.  That's
24  who it's assigned to at the moment.
25          In the Mills case it was Judge Seeborg.  Judge Seeborg

1  sent it back down to you for a *Ferretta* hearing.
2       I guess, you know, we've been going for -- this is the
3  second or third continuance so I think we're sort of getting
4  impatient about moving the case forward.
5       And that being said, this is the first time that we've had
6  a lawyer involved so I'm somewhat optimistic that in two weeks
7  we could have an answer on whether Mr. Rothenberg is going to
8  represent himself or he was going to retain counsel or whether
9  the Public Defender is going to be appointed.
10      But in terms of giving the Public Defender discovery for
11 them to be able to assess the truthfulness of Mr. Rothenberg's
12 financial affidavit, that could take forever --
13           **MR. RIZK:**  Well, Your Honor --
14           **MR. WALDINGER:**  -- because there's a lot of discovery.
15           **MR. RIZK:**  Pardon me, Mr. Waldinger.
16      Mr. Rothenberg does not want to proceed *per se*.  He's
17 going to answer that question no.  So I don't think that
18 sending it to Judge Alsup for an inquiry or a hearing on that
19 makes a lot of sense.
20      You know, the reason that my office is offering to get
21 involved on his behalf is because the case has been stalled.
22 And I was present at the last hearing, I happened to be, and I
23 understand that it puts everybody in a difficult position and
24 so I think it might assist for my office to get involved.
25      And I hear Mr. Waldinger's concerns about the scope of

1  discovery that might be provided.  I mean, that's something
2  that I think it makes sense for us to discuss and meet and
3  confer over.  You know, we're not going to be asking for
4  something that's impractical, but we are asking for some
5  information; and that's consistent with our office's practice
6  in other cases, and I'm happy to provide -- I believe there's a
7  standing MOU, in fact, between the offices, which I can provide
8  the Government.
9           **THE COURT:**  Is there a pending notice of related case?
10          **MR. WALDINGER:**  There is a pending notice of related
11 case before Judge Tigar.  Mr. Rothenberg filed today *pro se* a
12 response to that notice of related case objecting to it.  I
13 don't know if that means that Judge Tigar -- Judge Tigar was
14 waiting on a response before he ruled on the notice of related
15 case so I don't know if that means that he will now rule on it.
16          **THE COURT:**  Right.
17          **MR. WALDINGER:**  The circumstances that he was asking
18 for have not necessarily come to light.  I think he was saying
19 whether -- that a response should be filed once the
20 representation issue was settled, and it clearly is not.
21          **MR. RIZK:**  Yeah, so Mr. Rothenberg told me this
22 morning that he filed that sort of in an attempt because he
23 thought it was -- he thought it would be helpful and
24 productive, and he heard the Court's comments and the
25 Government's comments about some response being needed and so

1   he filed that in an effort to sort of cooperate.
2          And I can't speak to it more than that obviously.  I
3   haven't looked at it, and I'm not familiar with the case.
4          **THE COURT:**  And the related case is because there is a
5   civil case pending in front of Judge Tigar?
6          **MR. RIZK:**  That's right, Your Honor.
7          **THE COURT:**  All right.
8          **MR. WALDINGER:**  There was an SEC case arising out of
9   many of the same facts that are alleged in the Indictment,
10  Your Honor.
11         **THE COURT:**  Right.
12         **MR. WALDINGER:**  And Judge Tigar entered a judgment
13  against Mr. Rothenberg that's now on appeal, but it was a long
14  written decision.
15         **THE COURT:**  All right.  Well, he'll rule on that when
16  he rules on that.
17         Well, I don't know.  Let's -- I'm willing to give you a
18  little time with the notation that it's just a little time
19  because, you know, Judge Alsup will want to proceed with this
20  case if it's his, Judge Tigar will want to proceed with this
21  case if it's his, and the Government obviously wants to proceed
22  with it as well so it can't -- so we need to make a decision
23  here on who was --
24         I understand Mr. Rothenberg wants to have a lawyer, and I
25  think that's a smart decision but, you know, he needs to figure

1  out whether or not he's eligible; and if he's eligible, prove
2  it to the Court; and if he's not eligible, hire a lawyer
3  whatever that takes.
4      And we've been going down this road for a couple of
5  hearings now and the road has to end.  So I'll give you a
6  little time to figure that out, but I'm not sure you need two
7  weeks to figure that out.
8      **MR. RIZK:**  Well, that was the -- this case was
9  originally -- my colleague Angela Chuang was tapped to take it
10 over, and that's the date that she asked for is November 5th to
11 come back for ID of counsel.  So if the Court wants to set it
12 in a week, that's fine.  We can live with that.
13     **THE COURT:**  Good.  Let's set it in a week for
14 submission of financial affidavit and ID of counsel.  If you
15 decide you want to apply for -- you don't want to submit a
16 financial affidavit yet, I guess, that's what you're saying.
17     **MR. RIZK:**  Yeah.  I'd like to -- here's the issue,
18 Your Honor, to cut to the chase.  Mr. Rothenberg has been
19 representing himself *pro se* and so he's been filing things as
20 he did this morning, and he's reluctant to give up that right.
21     And as I told him this morning, if we come into the case,
22 we're going to have to take over entirely all the filings and
23 things, and so there's just some things like that that I think
24 we need to discuss, my office and him, about the ground rules
25 of representation.

And then once we're in agreement on that, which I expect we will be, we come back, we do an ID of counsel. We'd ask for provisional appointment, and then we would -- I would -- or Angela Chuang would make a request to the Government for any discovery. We can preview that with Mr. Waldinger and Mr. Walsh in the week between now and then and talk to them a little bit about it.

And then once we're provisionally appointed, if they have something to give us, they can formally give it to us; and then we'll come back and confirm it with the financial affidavit and the Court can decide whether Mr. Rothenberg is really eligible or not.

**THE COURT:** Yeah. Okay. So we'll do that in a week. We'll set it down for ID of counsel in a week. That's a week from today in front of me; and at that point you have to decide if you want to try to seek the Public Defender or have someone else be your lawyer.

But in a complicated case like this, it's extremely important that you have a lawyer. It does come with -- you know, you think of it as a burden because the lawyer does the filings and the lawyer does the speaking. That's actually a good thing because they will know where the pitfalls are and the minefields lie, and they need to be the ones to do that sort of thing and advise you about it. But that's a good thing.

1       So I need to get a decision a week from today.  If you've
2  retained a lawyer, great.  If you want -- if you and the Public
3  Defender decide that you want to go down that road, we can go
4  down the Public Defender road.  The Public Defender, Mr. Rizk
5  in particular and actually the entire office, has got some
6  extraordinary lawyers so you will be well represented.
7       So I'll see you a week from today, 10:30, on the 28th,
8  Wednesday the 28th, and for ID of counsel.
9          **MR. WALDINGER:**  Thank you, Your Honor.
10      Go ahead.  I interrupted you.
11         **THE COURT:**  Nothing.  You might want to get out ahead
12  of this, Mr. Waldinger, in terms of if there is some portion of
13  discovery related to value or something that might be useful
14  for Mr. Rizk to see.
15         **MR. WALDINGER:**  Yes.  So I don't know -- Mr. Rizk,
16  shall we talk to Ms. Chuang today, Mr. Walsh and I?
17         **MR. RIZK:**  Yes.  You copy me if you want, but she is
18  going to be lead counsel.  And I do this to level set.  You
19  know, the reason we're doing this is because Mr. Rothenberg
20  does want counsel.  He needs counsel, he knows that, and he's
21  been unable to secure counsel and so we're trying to, you know,
22  dislodge it and move it forward.
23         **THE COURT:**  Right.
24         **MR. WALDINGER:**  We'll reach out to Ms. Chuang.
25      Your Honor, I would ask for a finding of exclusion of

1  time.  I think it's appropriate because Mr. Rothenberg is
2  trying to obtain counsel.  He also has a pending motion to
3  dismiss so I think time is automatically excluded.  So I think
4  on those two bases, I would ask for an exclusion of time
5  between now and next Wednesday.
6       **THE COURT:**  Okay.  Have we done an exclusion of time
7  before, Mr. Rothenberg?  We might have.  And so you understand
8  that there are time limitations within which the Government has
9  to bring this case to trial now that it's been indicted; and
10 what they've asked for is in light of your efforts to get a
11 lawyer to represent you, that the Court exclude the time from
12 that calculation of how long they have to try the case from the
13 Speedy Trial Act calculation.  Is that okay with you?
14      **MR. RIZK:**  Your Honor, I talked to Mr. Rothenberg
15 about this --
16      **THE COURT:**  Yes?
17      **MR. RIZK:**  -- and he has some objections to the way
18 that charges were brought in this case, and so --
19      **THE COURT:**  Fine.  Then I'm going to have -- I want an
20 appearance tomorrow instead of a week from today.  If you're
21 going to not waive time, we're going to do this right away.
22      **MR. RIZK:**  Okay.  Let me consult -- the way that we
23 handled it last time was that he didn't stipulate to waive time
24 just in an abundance of caution, in order to preserve his
25 objections the way the charges were filed, which I honestly

1  don't understand at this point just having arrived in the case,
2  but I think he would prefer to waive time probably until next
3  week if it means that the Court is otherwise inclined to set
4  this tomorrow.
5       **THE COURT:**  Yeah.  If we're going to -- if the
6  defendant insists on a speedy trial, we will give him a speedy
7  trial, but that means everything has to happen fast and I would
8  insist on a decision tomorrow instead of a week from today.
9  Those are the choices.
10      **DEFENDANT ROTHENBERG:**  Let me clarify here because
11 this is not -- I'm, of course, okay with the time for a week
12 excluding it provided that it doesn't conflict with any earlier
13 claims.  That's it.  That's all I'm trying to say.
14      **THE COURT:**  I have no idea whether it conflicts with
15 your earlier claims.  I have my own views on those earlier
16 claims, but I'm not the person who rules on those earlier
17 claims and so I'm not -- and I'm not the person who's going to
18 advise you about whether or not it conflicts.  You and whoever
19 your lawyer is would make that decision, but I'm not willing to
20 have you -- give you extra time if it's going to eat into the
21 time that the United States has to try the case.  I'm just not
22 willing to do that.
23      So you have to decide.  You either waive time or you don't
24 waive time.  If you don't waive time, we're going to have this
25 discussion -- that discussion for ID of counsel will happen

1  tomorrow instead of a week from today.
2      It's totally up to you, and either way is fine with me.
3  Those are your options.  You either decide that you don't want
4  to waive time, in which case you have a conversation with
5  Ms. Chuang today and get yourself comfortable with how you want
6  to proceed with the Public Defender's Office and make a
7  decision and tell Judge Cousins tomorrow; or you decide to
8  waive time for that week and it goes -- and that will be -- and
9  then we'll do that a week from today.
10     But, you know, we've been going round and round on this
11 counsel thing so -- and I'm perfectly happy to continue it but,
12 you know, it's -- I mean, I guess I could look to Mr. Waldinger
13 and say:  Can we do this?  Can the Government agree that to the
14 extent that this one-week waiver of time would otherwise have
15 any impact on the pending motions in front of Judge Alsup, the
16 Government waives that argument?
17     **MR. WALDINGER:**  What I would say is that I don't
18 think -- I don't think that the waiver of time has any effect
19 with respect to Mr. Rothenberg's pending motion to dismiss.
20     **THE COURT:**  No, I agree with that, but I'm not in a
21 position to advise him of that obviously; but if the Government
22 would surrender that argument, that would probably be of some
23 comfort to Mr. Rothenberg in making a time waiver.
24     **MR. WALDINGER:**  The only thing in the Government's
25 view that this waiver of time relates to is the time required

1  to bring the case to trial under 18 United States Code,
2  Section 3161.
3      **MR. RIZK:** So, I think, Mr. Rothenberg, what the
4  Government has said is sufficient and on balance it makes sense
5  for you, based on what I know, to just waive time until next
6  week.
7      **DEFENDANT ROTHENBERG:** I'm okay with that.
8      **THE COURT:** All right.  I'll find the interests of
9  justice outweigh the interests of the defendant and the public
10 in a speedy trial and exclude the time from now until a week
11 from today under the Speedy Trial Act for effective preparation
12 of counsel.
13    We'll put this down for ID of counsel one week from today.
14     **MR. WALDINGER:** And, Your Honor, I have a Judge Donato
15 appearance so it will just be -- not just but it will be
16 Mr. Walsh for the Government.
17     **THE COURT:** Just be.
18     **MR. WALDINGER:** Just be Mr. Walsh for the Government.
19     **MR. WALSH:** I'll do my best, Your Honor.
20     **THE COURT:** I don't think I'll comment on that.
21     **MR. WALDINGER:** Thank you, Your Honor.
22     **THE COURT:** All right.  I'll see you-all one week from
23 today at 10:30, and the minutes will reflect the time waiver.
24 You don't have to prepare an order.
25     **MR. WALDINGER:** All right.  Thank you, Your Honor.

1          **THE COURT:**  Thank you, Mr. Rothenberg.
2          **THE CLERK:**  Mr. Rothenberg, it will still be the same
3  Zoom link just so you know.  Okay.
4          **THE COURT:**  Great.  Thanks a lot.
5          **MR. RIZK:**  Yep.  Thank you.
6               (Proceedings adjourned at 11:42 a.m.)
7                        ---oOo---

10                    **CERTIFICATE OF REPORTER**
11       I certify that the foregoing is a correct transcript
12  from the record of proceedings in the above-entitled matter.

14  DATE:   Sunday, July 11, 2021

18  _____
19       Jo Ann Bryce, CSR No. 3321, RMR, CRR, FCRR
              U.S. Court Reporter