**Pages 1 - 11**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE JOSEPH C. SPERO, MAGISTRATE JUDGE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| VS. | ) ) | **No. CR 20-0266 JST (JCS)** |
| MICHAEL BRENT ROTHENBERG, | ) ) ) | |
| Defendant. | ) ) | San Francisco, California Wednesday, October 28, 2020 |

**TRANSCRIPT OF PROCEEDINGS VIA ZOOM WEBINAR**

**APPEARANCES:** (via Zoom Webinar)

For Plaintiff:
        DAVID L. ANDERSON
        UNITED STATES ATTORNEY
        450 Golden Gate Avenue, 11th Floor
        San Francisco, California  94102
  **BY: NICHOLAS J. WALSH**
      **KYLE F. WALDINGER**
      **ASSISTANT UNITED STATES ATTORNEYS**

For Defendant:
        STEVEN KALAR
        FEDERAL PUBLIC DEFENDER
        450 Golden Gate Avenue, Floor 19
        San Francisco, California  94102
  **BY: ANGELA CHUANG**
      **ASSISTANT FEDERAL PUBLIC DEFENDER**

Also Present:     Josh Libby, U.S. Pretrial

Reported by:    Katherine Powell Sullivan, CSR #5812, CRR, RMR
               Official Reporter - U.S. District Court

```
 1   Wednesday - October 28, 2020                          10:32 a.m.
 2                          P R O C E E D I N G S
 3                               ---oOo---
 4        THE CLERK: We're calling Criminal 20-0266, USA versus
 5   Michael Brent Rothenberg.
 6        Okay. Appearances, please, first from the Government then
 7   defense counsel and then Pretrial.
 8           MR. WALSH: Good morning, Your Honor. Nicholas Walsh
 9   for the United States. And with me today is Kyle Waldinger.
10           MS. CHUANG: Good morning, Your Honor. Angela Chuang
11   from the Public Defendant's Office.
12        I am specially appearing for Mr. Rothenberg today and
13   seeking provisional appointment, at least for now, for the
14   purpose of assisting him in filling out the financial
15   declaration to see if he qualifies for appointment of counsel.
16        And we are appearing over Zoom, and Mr. Rothenberg is out
17   of custody.
18           THE COURT: And does Mr. Rothenberg consent to Zoom?
19           MS. CHUANG: Yes, he consents.
20           THE COURT: You do? Thank you very much.
21           PRETRIAL OFFICER: Josh Libby, U.S. Pretrial. Good
22   morning, Your Honor.
23           THE COURT: Good morning.
24        All right. So this was a continued hearing to talk about
25   counsel. I understand that you want to seek appointment of
```

counsel, and so that's fine.  I'll provisionally appoint the Federal Defender's Office as your counsel.  They can prepare a financial affidavit.

We should set it for ID of counsel at some point so that you can present that financial affidavit.

What's your preference, Ms. Chuang?

**MS. CHUANG:**  Your Honor, just to update the Court, I have been in discussions with the Government about producing discovery relevant to -- to Mr. Rothenberg's finances, that they have in their possession, to assist us in filling out the affidavit.

Mr. Walsh did provide some information on bank account balances that were somewhat outdated because that was the scope of their investigation.

Then I further requested any information that the Government might have in their possession about other holdings and entities or funds that are related to this case that they are aware of.

Mr. Walsh emailed me this morning, just before court, and informed me that they do not have in their possession information about Mr. Rothenberg's present holdings.

I would request, though, that if they have information about his holdings in their possession from within the scope of their investigation, which I think ended in 2018 -- and they can correct me if I'm wrong -- that they do produce that to us

1  as well.  I think it would assist us in expeditiously filling
2  out the financial paperwork to get this case moving.
3       **THE COURT:**  Mr. Walsh.
4       **MR. WALSH:**  Your Honor, while we, like everyone on
5  this call, are vested in wanting Mr. Rothenberg to obtain
6  counsel, the issue before the Court and for Mr. Rothenberg
7  today is what is his present financial status.
8       And, as Mr. Chuang points out, the course of conduct that
9  forms the basis of these charges is historical in nature.  So
10 the Government has information with regard to Mr. Rothenberg
11 from 2013 to 2018, approximately, but whatever information we
12 may have from that time frame is not particularly relevant to
13 what his current status is.
14      **THE COURT:**  What is the problem?  You're not going to
15 produce this information anyways?
16      **MR. WALSH:**  No, I'm happy -- we have -- we have
17 produced it.  We have produced that information.
18      **THE COURT:**  All right.  I disagree with your
19 assessment of its relevance to his current financial statement,
20 at least to counsel's trying to investigate a current financial
21 statement to make sure he doesn't make a false statement on his
22 financial affidavit.
23      So is there -- I mean, is there anything that counsel is
24 asking for that you won't produce?
25      **MR. WALSH:**  No.

1           **THE COURT:** Okay. Well, then, go ahead and do that.
2       And then we'll set it down for ID of counsel an
3  appropriate period of time in the future. And that's my
4  question. What is that?
5           **MS. CHUANG:** Right. So I think that depends on when
6  the Government thinks they can produce that. We would want a
7  few days, at the least, after the production to be able to go
8  through it and review it.
9       I don't know how much there is. That may be something
10 Mr. Walsh can answer. But if they can provide an estimate of
11 when they can turn that over, then I think maybe setting it for
12 the week after that would be prudent.
13          **MR. WALSH:** I think we could put it on for next week,
14 Your Honor.
15          **THE COURT:** Why don't we put it on for late next week,
16 like really late next week, like a week from Friday. That will
17 give you at least some period of time to do it.
18      And, obviously, if you're not ready, you're not ready.
19 But we'll put it down for ID of counsel on Friday the -- what
20 is that, the 6th of November?
21          **MS. CHUANG:** Your Honor, I have a conflicting hearing
22 scheduled that morning. Could we do the 9th?
23          **THE COURT:** Sure. Is there appearance scheduled
24 before Judge Alsup?
25          **MR. WALSH:** No, Your Honor.

1  **THE COURT:** Okay. So we'll do the 9th for ID of
2  counsel, at 10:30 in the morning, by Zoom. And we will also
3  set it to set a date before Judge Alsup at that time.
4  **MR. WALSH:** And, Your Honor, one further matter.
5  Mr. Rothenberg has not yet been arraigned on the indictment in
6  this matter.
7  **THE COURT:** Oh.
8  **MS. CHUANG:** Yes, Your Honor. I think Mr. Rothenberg
9  wants to suss out the issue of counsel and have that worked out
10 before entering a plea on the indictment.
11 **THE COURT:** I'm not going to delay anything here.
12 If you want a provisional appointment I'll give it to you,
13 but I want to proceed as if -- with you as counsel now until we
14 decide that he's not eligible. If you don't want to do that,
15 then we'll have to move up the schedule because this has been
16 dragging out while Mr. Rothenberg tries to figure out any
17 number of things.
18 I'm not going to drag it out anymore. So if you're not
19 prepared to, based on your being counsel now, have arraignment
20 on the indictment, then I don't know what to tell you. I'm not
21 going to give you until a week from Friday, a week from
22 Thursday, until the 9th, to figure this out.
23 **MS. CHUANG:** I think what might help, Your Honor, is
24 that if you confirm to Mr. Rothenberg that entering a plea on
25 the indictment doesn't preclude any opportunity or right on his

1  behalf to attack or file a motion to dismiss the indictment for
2  a variety of reasons, including that it may or may not be an
3  invalid charging document.
4       **THE COURT:** I'm sorry, the Court does not give legal
5  advice.
6       You know, as I said to Mr. Rothenberg, I didn't comment on
7  his original motions that he's made.  I don't comment on those
8  original motions.  It's up to him to seek advice.  That's for
9  lawyers to tell him about.
10      The Court does not give advice.  I don't know -- I think I
11 do know, but I'm certainly not going to give legal advice on
12 that question.
13      **MS. CHUANG:** Mr. Rothenberg --
14      **THE COURT:** So here's what we're going to do.  We're
15 going to do an arraignment on the indictment right now.  I'm
16 not going to put you to the task of even having to object to
17 it.
18      Get it in front of me.
19      So, Mr. Rothenberg, you've been charged in an indictment.
20 And the indictment has a number of charges against you, and I'm
21 just going to briefly summarize them.
22      Counts One and Three charge bank fraud, in violation of
23 18 U.S.C. Section 1344 and Section 2.
24      Maximum possible penalty for that charge -- each of those
25 charges is 30 years in prison; a supervised release, after you

1  got out, of up to five years; a fine of the greater of
2  $1 million or twice the gross gain or loss; as well as
3  restitution; a special assessment of $100; and forfeiture.
4      Charges Two and Four charge false statements to a
5  financial institution, under 18 U.S.C. Section 1014 and Section
6  2.  The maximum penalties for those charges is the same as for
7  Counts One and Three.
8      Charges Five, Six, Seven, and charges Twelve through
9  Twenty-three are wire fraud charges, in violation of 18 U.S.C.
10 1343 and Section 2.
11     The maximum sentence available under the -- the maximum
12 prison sentence under those charges is, for each charge, 20
13 years in prison; supervised release of up to three years; a
14 fine of the greater of $250,000 or twice the gross gain or loss
15 involved; restitution; special assessment of a hundred dollars
16 per felony count; and forfeiture.
17     And, finally, Charges Eight to Eleven is the money
18 laundering charge, engaging in monetary transactions, and
19 property derived from specific unlawful activity.
20     The maximum sentence for those charges is up to ten years
21 in prison; supervised release of up to three years; a fine of
22 up to $250,000 or twice the amount of the criminally derived
23 property involved in the transaction, whichever is greater;
24 restitution; forfeiture; and a hundred dollar special
25 assessment.

1  So those are the charges. Do you have a copy --
2  Mr. Rothenberg, do you have a copy of the indictment?
3  **THE DEFENDANT:** I was given one at one time. I do not
4  have it in front of me.
5  This was scheduled to be an ID of counsel. It was not
6  scheduled to be an arraignment, so I have not had a chance to
7  talk to counsel about it. I intended to do that before an
8  arraignment. I have not been able to do that. And I don't
9  have that in front of me.
10  **THE COURT:** Okay. Counsel, do you have a copy of it?
11  **MS. CHUANG:** Yes, I do, Your Honor.
12  **THE COURT:** All right. Do you want to enter a not
13  guilty plea to the indictment?
14  **MS. CHUANG:** I would enter a not guilty plea, at this
15  time, with Mr. Rothenberg's objection noted.
16  **THE COURT:** I don't understand the objection.
17  You don't have the right to have -- to have a specific
18  notice that there's going to be an arraignment. Plus, you're
19  just reading too much into this situation.
20  All right. I'm going to --
21  **THE DEFENDANT:** Well, I can respond, if you would
22  like, or I cannot, if you don't want me to.
23  **THE COURT:** So you have a lawyer now. If your lawyer
24  wants to respond, your lawyer can respond.
25  Ms. Chuang, do you want to enter a plea? You decide.

1    **MS. CHUANG:**  Not guilty plea.

2    **THE COURT:**  Okay.  A plea of not guilty is entered as
3 to all charges in the indictment.

4    All right.  So at the next calling of the case we're going
5 to set this before Judge Alsup, without fail, because this has
6 dragged on too long.

7    Is there anything else we need to do?

8    **MR. WALSH:**  Your Honor -- sorry.

9    **THE CLERK:**  Are you doing this matter on the 9th?

10   **THE COURT:**  No.

11   **THE CLERK:**  Duty calendar?

12   **THE COURT:**  Duty calendar.

13   **THE CLERK:**  Okay.  Thank you.

14   **MR. WALSH:**  Your Honor, there is the matter of time as
15 well.  We would ask that time be excluded for effective
16 preparation of counsel, and, in this instance, although counsel
17 has been provisionally appointed, for the acquiring and
18 continuity of counsel with regard to determining permanent
19 counsel.

20   **MS. CHUANG:**  Yes, that's fine.

21   **THE COURT:**  I'll find that the interests of justice
22 outweigh the interests of the defendant and the public in a
23 speedy trial, and exclude the time from now until the 9th of
24 November, under the Speedy Trial Act.  And that will be
25 reflected in the minutes.

1    Is there anything else we need to do?
2        **MR. WALSH:** No, Your Honor.
3        **THE COURT:** Okay.  Thank you, all.
4        **MR. WALDINGER:** Thank you, Your Honor.
5        **MS. CHUANG:** Thank you.
6    (At 12:05 p.m. the proceedings were adjourned.)
7                    - - - - -

## CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: Thursday, July 15, 2021

_____
*Katherine Sullivan*

Katherine Powell Sullivan, CSR #5812, RMR, CRR
U.S. Court Reporter