MOEEL LAH FAKHOURY LLP
Hanni M. Fakhoury (State Bar No. 252629)
1300 Clay Street, Suite 600
Oakland, CA 94612
Telephone:   (510) 500-9994
Email:         hanni@mlf-llp.com

Attorneys for Michael Rothenberg

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ROTHENBERG,<br><br>Defendant. | Case No.: 3:20-CR-266-JST<br><br>**DEFENDANT'S REPLY TO UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR INTRADISTRICT VENUE TRANSFER**<br><br>**Court:**  Courtroom 6, 2nd Floor<br>**Hearing Date:**  August 13, 2021<br>**Hearing Time:**  9:30 a.m. |

## INTRODUCTION

Michael Rothenberg moved to have his case transferred back to the San Francisco courthouse, where it was originally and properly venued. *See* Dkt. 66, Defendant's Motion for Intradistrict Venue Transfer ("Transfer Motion"). He explained San Francisco was the most convenient venue for him, most of the events, purported victims and witnesses are in San Francisco, and transferring the case there would not undermine the administration of justice. *See* Transfer Motion at 4-6.

The government acknowledged in both the SEC civil case and this criminal case that venue was proper in San Francisco. The SEC complaint specifically noted venue was San Francisco under Civil Local Rule 3-2(d). *See SEC v. Rothenberg*, 4:18-CV-05080-JST, Dkt. 1, Complaint at ¶¶ 11, 13. Likewise, the criminal complaint, waiverless Information and Indictment were all venued in San Francisco consistent with Northern District Criminal Rule 18-1(a), which assigns offenses allegedly committed in San Francisco County to the San Francisco courthouse. *See* Dkt. 2, Information at ¶ 1; Dkt. 2-2, Criminal Cover Sheet; Dkt. 15, Indictment at ¶ 1.

Nonetheless, the government opposes Mr. Rothenberg's transfer request. *See* Dkt. 73, United States Opposition to Defendant's Motion for Intradistrict Venue Transfer ("Gov. Oppo."). As detailed below, the government's arguments are unpersuasive, and this case should be transferred back to San Francisco.

## ARGUMENT

Federal Rule of Criminal Procedure 18 dictates the "court must set the place of trial *within* the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Fed. R. Crim. P. 18 (emphasis added). Northern District Local Rule 18-2 authorizes a court "to transfer a criminal case to a different courthouse if it appears…that a transfer would be in the interest of justice based upon the convenience of the defendant and the witnesses and the prompt administration of justice."

"Nothing in Rule 18 places the burden on the defendant to establish the reason for the change of venue, rather Rule 18 mandates that district courts consider the factors of convenience to the defendant, convenience to the witnesses, and the prompt administration of justice when considering where trial should be held." *United States v. Stanko*, 528 F.3d 581, 584–85 (8th Cir. 2008).

As Mr. Rothenberg argued in his original motion, venue is proper in San Francisco because it is the most convenient venue for him, the events, alleged victims, and witnesses are there, and it would not thwart the prompt administration of justice as there have been no intensive fact-based motions or evidentiary hearings in the case so far, and no trial date is set. *See* Transfer Motion at 4-6.

In its opposition, the government argues judicial efficiency, factual overlap between the SEC civil case and this criminal case, and the lack of *in*convenience to Mr. Rothenberg, victims and witnesses warrant keeping the case in Oakland. Gov. Oppo. at 4-13. This Court should reject these arguments.

A. **Judicial Efficiency Does Not Support Maintaining Venue in Oakland.**

Both Rule 18 and Northern District Rule 18-2 note one relevant consideration for the Court to consider is "the prompt administration of justice." That term is undefined, and the government cites to cases analogizing Rule 18 *intra*district transfers to motions for *inter*district transfers under Federal Rule of Criminal Procedure 21. *See* Gov. Oppo. at 4. Courts generally consider several factors, detailed by the Supreme Court in *Platt v. Minnesota Min. & Mfg. Co.*, 376 U.S. 240 (1964), in deciding whether to transfer a case to another district, specifically "(1) location of the defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of the place of trial; and (9) docket conditions in each district involved." *United States v. Brockman*, 3:20-CR-00371-WHA, 2021 WL 28374, at *3 (N.D. Cal. Jan. 4, 2021) (citing *Platt*, 376 U.S. at 243-44).

Whether it is proper to analyze a Rule 18 motion under the Rule 21 *Platt* factors is an open question in the Ninth Circuit, and Mr. Rothenberg does not concede it is the correct approach. Even the cases cited by the government note "courts have denied Rule 21(a) motions for transfer outside of the district, while allowing a transfer within the district to a different division." *United States v. Joyce*, 2008 WL 2367307, *3 (W.D. Pa. Jun. 10, 2008) (citing *United States v. Addonizio*, 313 F. Supp. 486, 494 (D.N.J. 1970); *United States v. Wittig*, 2005 WL 758605, *1 (D. Kan. 2005)); *see also* Gov. Oppo. at 4 (citing *Joyce*). Such an approach undermines the idea that the inquiries are identical.

But even if this Court analyzed the *Platt* factors, they weigh in favor of San Francisco. Critically, one commentator has noted "Rule 21(b)… implements the policy that venue should be chosen to minimize the inconvenience to the defense." Wright & Miller, 2 Fed. Prac. & Proc. Crim. § 344 Transfer for Convenience and in the Interest of Justice—When Available (4th ed.). Under that rubric, the most convenient venue for Mr. Rothenberg is San Francisco, as he lives there and travelling to Oakland is disruptive.

As for location of possible witnesses, events, and documents, San Francisco is the proper venue as the government itself acknowledged when it listed San Francisco as the venue on the complaint, waiverless Information and Indictment. *See* Dkt. 2, Information at ¶ 1; Dkt. 2-2, Criminal Cover Sheet; Dkt. 15, Indictment at ¶ 1. Although "convenience of the Government is not a factor" in deciding a Rule 18 motion, government counsel is in San Francisco. *Dupoint v. United States*, 388 F.2d 39, 44 (5th Cir. 1967). Defense counsel has no issue with handling the case in San Francisco and has litigated and tried cases in the San Francisco courthouse. There will be no additional expense to transfer the case to San Francisco, and both are relatively accessible. While it is difficult to know the docket conditions of the San Francisco courthouse as opposed to the Oakland courthouse, this Court has already indicated in prior proceedings how busy it is, and that it has a backlog of jury trials caused by the COVID-19 pandemic.

The government claims "judicial efficiency" warrants keeping the case in Oakland, noting that "transferring the case to another judge may require that judge repeat this [Court's] labor, effectively disrupting the 'prompt administration of justice,' not just for Mr. Rothenberg but also for other cases on that judge's docket." Gov. Oppo. at 8. For sure, transferring a case to another judge and courthouse entails some amount of inefficiency. But that cannot be the basis to deny a transfer motion because then no case would ever be transferred under Rule 18 or Rule 21, a result clearly not contemplated by the law. The one Ninth Circuit case on the issue cited by the government relied on other factors beyond efficiency—including convenience to witnesses, unavailability of a courtroom and pretrial publicity—in affirming a district court's decision to keep the case in one division over another. *See United States v. Scholl*, 166 F.3d 964, 970 (9th Cir. 1999); *see also* Gov. Oppo. at 8 (citing *Scholl*).

What the government really means by "judicial efficiency" is the fact this Court found the criminal case was "related" to the civil SEC case under Northern District Criminal Local Rule 8-1, which states two cases are "related" when "(1) Both actions concern one or more of the same defendants and the same alleged events, occurrences, transactions or property; or (2) Both actions appear likely to entail substantial duplication of labor if heard by different Judges or might create conflicts and unnecessary expenses if conducted before different Judges."

But "avoiding duplication of labor" is not listed anywhere in Rules 18 or 21 or discussed at all in *Platt*. As Mr. Rothenberg noted in his opening brief, the Ninth circuit has explained "district courts [can] formulate local rules, but only insofar as they are not inconsistent with the federal rules themselves." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 949 (9th Cir. 1993); *see* Transfer Motion at 6-7. And as the Fifth Circuit has noted, a court commits legal error "by including an impermissible consideration in its Rule 18 balancing" when it "perceive[s] from past transfers a generalized but informal policy regarding transfers as a matter of course, without reference to the permissible considerations under Rule 18 that may have supported those transfers." *United States v. Lipscomb*, 299 F.3d 303, 341 (5th Cir. 2002).

The fact this District has a "policy regarding transfers" for a "related case" should not be the basis for keeping venue in Oakland instead of San Francisco when the other factors in Rule 18 (or Rule 21 for that matter) support transferring venue to San Francisco. Again, this situation is unique because when the SEC case was filed in 2018, this Court sat in San Francisco but in 2019, this Court relocated to Oakland, before the criminal case was filed in 2020. In almost any other instance, an order relating two cases would not lead to a person having their civil case heard in a different courthouse than their criminal case. But given these unique circumstances and the fact Rules 18 and 21 both focus on convenience to the defendant, it is clear this criminal case should be returned to San Francisco.

**B.  This Criminal Case Involves Issues Not Raised in the SEC Civil Suit.**

Related to its judicial efficiency argument—and tied to its arguments why the criminal case was "related" to the civil case—the government claims because there is "substantial factual overlap" between this criminal prosecution and the SEC case, venue should stay in Oakland. Gov. Oppo. at 6.

But as the government itself notes, "the conduct alleged in the criminal case may be broader than that at issue in the SEC civil case." *Id.* Indeed, the criminal case involves conduct—alleged in counts 1 through 11—not raised at all in the SEC case. Moreover, the government overstates the extent to which there was factual development in the SEC case, or that transferring the case would require a different judge to repeat that labor. As already noted, almost half of the criminal charges in the indictment involve allegations not at all raised in the SEC case. The factual development and issues litigated in the SEC case—the amount of disgorgement and penalties—involved materials and legal issues unlikely to arise or be litigated in this criminal case as they are not elements of the charged crimes. Since the SEC case was settled, there was no summary judgment litigation or trial, and the Court itself noted that it had to "accept as true" the "allegations in the SEC's complaint," and rejected Mr. Rothenberg's attempt's "to relitigate many of the allegations in the SEC's complaint." *See SEC v. Rothenberg*, 4:18-CV-05080-JST, Dkt. 100, Order Granting Plaintiff's Motion for Disgorgement and Penalties, at 4.[1]

The same is true with the previous motion practice in the criminal case, which has been limited to two legal challenges, one of which was denied as moot in a three-sentence order, and the other which is currently under submission. Neither motion involved an evidentiary hearing, let alone any contested facts, and instead focused on competing interpretations of the law. Thus, the litigation that has occurred thus far in both the civil SEC case and this criminal case do not justify keeping the case venued in Oakland when weighed against the convenience to Mr. Rothenberg to having the case proceed in San Francisco, and the lack of *in*convenience to the other parties with having the case proceed in San Francisco.

---

[1] The government notes the SEC may "return to this Court with respect to obtaining a motion to compel discovery responses and, later, enforcing the judgment it obtained" to enforce the civil judgment. *See* Gov. Oppo. at 7. Given the fact Mr. Rothenberg was indicted after the SEC case concluded, he asks this Court to stay the civil case pending completion of the criminal case, particularly because any order compelling Mr. Rothenberg to respond to government discovery demands in that case could implicate his Fifth Amendment right against compelled testimony.

DEFENDANT'S REPLY TO U.S. OPPOSITION TO MOTION FOR INTRADISTRICT VENUE TRANSFER
*United States v. Rothenberg*, 3:20-CR-266-JST

C. **The Fact that San Francisco and Oakland are Equally Convenient to Purported Victims and Witnesses Weigh in Favor of San Francisco.**

The government claims that Mr. Rothenberg "lives within such proximity to the Oakland courthouse that travel to that location poses essentially no inconvenience whatsoever." Gov. Oppo. at 9. Mr. Rothenberg, as noted in his opening motion, strongly disagrees. *See* Transfer Motion at 4. The government focuses on the 12-mile distance between the two courthouses, but the issue is not merely geography but the concern "[t]hat a defendant should be tried in the division in which the offense was committed, especially when he resides there." *Dupoint v. United States*, 388 F.2d 39, 44 (5th Cir. 1967); *see also United States v. Burns*, 662 F.2d 1378, 1382 (11th Cir. 1981) ("it is the public policy of this Country that one must not arbitrarily be sent, without his consent, into a strange locality to defend himself against the powerful prosecutorial resources of the Government.").

As for the alleged victims and witnesses, the government notes they "face minimal or no inconvenience by traveling to Oakland, as opposed to San Francisco" and suggests that it "cuts against granting a transfer to San Francisco if there are other considerations that favor Oakland as the venue." Gov. Oppo. at 11. But that is backwards: since it is Mr. Rothenberg who is being prosecuted and it is more convenient for him to have the case in San Francisco, then the scales tilt toward San Francisco as the proper venue, especially as it will not inconvenience anyone else.

The same is true of the other considerations mentioned by the government, such as "courthouse space and security, pretrial publicity, expenses of the parties, location of counsel…relative accessibility of place of trial, and disruption of the defendant's business," that the government notes are either "generally inapplicable to the facts of this case or equally satisfied by Oakland and San Francisco." Gov. Oppo. at 12. Weighed against the inconvenience to Mr. Rothenberg with having the case venued in Oakland, this factor weights toward transfer back to San Francisco.

## CONCLUSION

Mr. Rothenberg respectfully requests this Court transfer his case back to San Francisco.

Dated: July 30, 2021

Respectfully submitted,

MOEEL LAH FAKHOURY LLP

Hanni M. Fakhoury
Attorneys for Michael Rothenberg

DEFENDANT'S REPLY TO U.S. OPPOSITION TO MOTION FOR INTRADISTRICT VENUE TRANSFER
*United States v. Rothenberg*, 3:20-CR-266-JST

7