UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>MICHAEL BRENT ROTHENBERG,<br><br>  Defendant. | Case No. 20-cr-00266-JST-1<br><br>**ORDER DENYING MOTION TO DISMISS COUNTS 16, 17, AND 18**<br><br>Re: ECF No. 52 |

Defendant Michael Brent Rothenberg has filed a motion to dismiss counts 16, 17, and 18 of the indictment as time barred. ECF No. 52. The Court held a hearing on June 11, 2021 and will now deny the motion.

The parties agree that the only issue to be decided is whether the information filed on June 26, 2020 tolled the statute of limitations for counts 16 and 17 despite Rothenberg not waiving his right to a grand jury. There is no binding Ninth Circuit authority on this question. However, an unpublished Ninth Circuit opinion held that a waiverless information tolled the statute of limitations because it provided the defendant with sufficient notice to "prepare a defense." *U.S. v. Avery*, 747 Fed. Appx. 482, 484 (9th Cir. 2018). In addition, several district courts and one court of appeals have explicitly addressed the question of whether a waiverless information can toll the statute of limitations,[1] and the majority of courts have favored the Government's position. *See, e.g.*, *United States v. Burdix-Dana*, 149 F.3d 741, 743 (7th Cir. 1998); *United States v. Holmes*, No. 18-cr-00258-EJD, 2020 WL 6047232, at *9-10 (N.D. Cal. Oct. 13, 2020); *United States v.*

---

[1] The parties differ on whether the Tenth Circuit also "supported" the holding of *Burdix-Dana* in *United States v. Thompson*, 287 F.3d 1244 (2002). *See* ECF No. 54 at 4; ECF No. 55 at 6 n.2. The resolution of this disagreement has no bearing on the Court's decision.

*Stewart*, 425 F. Supp 2d 727, 731-35 (E.D. Va. 2006); *United States v. Hsin-Yung*, 97 F. Supp. 2d 24, 28 (D.D.C. 2000); *United States* v. *Watson*, 941 F. Supp. 601, 603 (N.D. W.Va. 1996); *but see United States v. Sharma*, No. 4:14-CR-61, 2016 WL 2926365, at *4 (S.D. Tex. 2016) ("To be clear, a criminal information is not a 'charging' instrument upon which the government can automatically proceed to prosecution after the statute of limitations has run its course."); *United States v. Machado*, No. CRIM.A.04-10232-RWZ, 2005 WL 2886213, at *1 (D. Mass. Nov. 3, 2005) ("[I]t defies logic and reason that the court may accept an information without waiver for the purpose of applying the statute of limitations."). For the reasons discussed below, the Court concludes that the waiverless information here tolled the statute of limitations and denies Rothenberg's motion to dismiss.

**I.   BACKGROUND**

Rothenberg has been charged with 23 counts of criminal conduct stemming from his alleged fraudulent activities as founder of Rothenberg Ventures Management Company, LLC.[2] ECF No. 15 ¶ 25.[3] Among other charges, Rothenberg is accused of misrepresenting his investment activities to and misusing funds provided by his investors. *Id.* On April 2, 2020, the Government and Rothenberg entered an agreement to toll the statute of limitations from April 2, 2020 to June 30, 2020 for any criminal offenses related to Rothenberg's "employment at and management of" Rothenberg Ventures Management Company. ECF No. 52-1. The Government filed a criminal complaint alleging wire fraud on June 25, 2020. ECF No. 1. A 23 count waiverless information and grand jury indictment followed on June 26, 2020 and August 20, 2020 respectively.[4] ECF Nos. 2, 15.

---

[2] Rothenberg Ventures Management Company subsequently changed its name to Frontier Technology Venture Capital LLC and then to Rothenberg Ventures LLC. ECF No. 15 at 1. The Court uses Rothenberg Ventures Management Company to refer to the entity at any relevant time.

[3] The SEC filed a related civil complaint against Rothenberg in 2018. *See SEC v. Rothenberg*, 428 F. Supp. 3d 246 (2019). A subsequent appeal of this Court's order granting the SEC's motion for disgorgement and penalties against Rothenberg was dismissed for failure to prosecute. *See* Order to Dismiss for Failure to Prosecute, *SEC v. Rothenberg*, No. 4:18-CV-05080-JST, ECF No. 107.

[4] On July 2, 2020, Rothenberg filed a motion to dismiss the information with prejudice, ECF No. 8. Following the Government's filing of a grand jury indictment, the Court denied the motion as moot. ECF No. 46 at 1.

Counts 16, 17, and 18 of the indictment charge Rothenberg with wire fraud in violation of 18 U.S.C. § 1343.  ECF No. 15 ¶¶ 46-49.  These wire fraud charges are subject to a five-year statute of limitations.  *See* 18 U.S.C. § 3282(a).  The statute of limitations expired on July 5, 2020 for count 16; July 27, 2020 for count 17; and October 29, 2020 for count 18.  ECF No. 54 at 2; ECF No. 55 at 4 n.1.

On May 7, 2021, Rothenberg filed the instant motion to dismiss counts 16, 17, and 18, on the grounds that a waiverless information cannot toll the statute of limitations and therefore the claims were untimely.  ECF No. 52.  The Government filed an opposition, ECF No. 54, and Rothenberg replied, ECF No. 55.  In their opposition brief, the Government agrees that the criminal complaint did not toll the statute of limitations, ECF No. 54 at 3 n.2, and does not argue that the circumstances surrounding the Covid-19 pandemic made the filing of an information without Rothenberg's waiver of his right to a grand jury necessary, *id*. at 11.  Rothenberg concedes in his reply brief that count 18 is timely due to the tolling agreement.  ECF No. 55 at 4 n.1.  Therefore, whether the information filed on June 26, 2020 tolled the statute of limitations for counts 16 and 17 is the only issue before the Court.

## II. DISCUSSION

The Fifth Amendment guarantees a defendant the right to be tried only upon "a presentment or indictment of a Grand Jury."  U.S. Const. amend. V.  A felony such as the alleged wire fraud at issue here "must be prosecuted by indictment if it is punishable . . . by imprisonment for more than one year," Fed. R. Crim. P. 7(a)(1), and "may be prosecuted by information [only] if the defendant – in open court and after being advised of the nature of the charge and of the defendant's rights – waives prosecution by indictment," Fed. R. Crim. P. 7(b).  Rothenberg did not waive his right to be charged by grand jury indictment.  The Government maintains, however, that under 18 U.S.C. Section 3282(a), an information tolls the statute of limitations even when a defendant has not waived his right to a grand jury.  18 U.S.C. § 3282(a) states in relevant part that "no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found *or the information is instituted* within five years next after such offense shall have been committed," (emphasis added).

### A.   Interpreting Section 3282(a)

"A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *United States v. Maciel-Alcala*, 612 F.3d 1092, 1096 (9th Cir. 2010). The Court's interpretation therefore necessarily begins with the statutory language of 18 U.S.C. § 3282(a). The Court also considers Section 3282(a)'s statutory context because the "[i]nterpretation of a word or phrase depends upon reading the whole statutory text, considering the purpose and context of the statute, and consulting any precedents or authorities that inform the analysis." *Dolan v. U.S. Postal Serv.,* 546 U.S. 481, 486 (2006).

#### 1.   Defining "Institute"

The ability of a waiverless information to toll a statute of limitations hinges on the meaning of "institut[ing]" an information under Section 3282(a). The Government argues that according to the "ordinary and natural meaning" of the word, to "institute" an information "means no more than to 'start' or 'commence' the information by filing it with the Clerk of the Court." ECF No. 54 at 5. The Government emphasizes the difference between instituting an "information" and an "entire criminal prosecution" and asserts that an information can be filed – i.e. "instituted" – even if the government cannot yet proceed with prosecution because the defendant has not waived their right to an indictment. *Id.* at 5-6.

The Government finds support for its interpretation of Section 3282(a) in *United States v. Burdix-Dana*, in which the Seventh Circuit emphasized the difference between instituting an information and instituting a prosecution. 149 F.3d at 743. That court explained that "[t]here is nothing in the statutory language of 18 U.S.C. § 3282 that suggests a *prosecution* [as opposed to an *information*] must be instituted before the expiration of the five year period." *Id*. In *United States v. Holmes*, another court in this district subscribed to the Seventh Circuit's reading of Section 3282(a), noting that while a waiver is required to advance an information to prosecution, one "is not required for an information to come into being." 2020 WL 6047232, at *8-10 (holding that "the filing of an information without an accompanying waiver is sufficient to toll the statute of limitations – even though it may not be effective for other purposes.").

4

1   Rothenberg argues that the filing of an information does not "institute" it because an
2   information can only be "instituted" if it allows the government to advance the prosecution of a
3   defendant.  ECF No. 52 at 10-11.  Because Rothenberg "did not waive prosecution by indictment,"
4   he argues, "the Information was null and void and could not have tolled the statute of limitations."
5   *Id.* at 11.

6   Rothenberg relies on the Supreme Court's decision in *Jaben v. United States* – which
7   considered 26 U.S.C. § 6531 – to support his interpretation of the word "institute."  381 U.S. 214
8   (1965).  Section 6531 enumerates the statute of limitations for various tax-related offenses and
9   permits a nine-month extension to the statute of limitations following the "institut[ing]" of a
10  complaint.[5]  26 U.S.C. § 6531.  Under Section 6531 and a then-active version of Federal Rule of
11  Criminal Procedure 3, the commissioner (now magistrate) was required to make a determination
12  of probable cause as part of the process of instituting the complaint.  *Jaben*, 381 U.S. at 218.  The
13  Supreme Court rejected the government's argument that filing a complaint was sufficient to
14  "institute" the complaint under Section 6531 because that interpretation would reduce the role of
15  the commissioner to merely "rubberstamp[ing] the [government's] complaint."  *Id.*  *Jaben* held
16  that the purpose of Section 6531 was not to "grant the Government greater time in which to make
17  its case (a result which could have been accomplished simply by making the normal period of
18  limitation six years and nine months)," but instead to "deal with the situation in which the
19  Government has its case made within the normal limitation period but cannot obtain an indictment
20  because of the grand jury schedule."  *Id.* at 219-20.  The Supreme Court therefore held that a
21  criminal complaint for tax evasion was not "instituted" if it lacked the requisite probable cause to
22  advance the prosecution.  *Id.* at 220.

23  *Burdix-Dana* and *Holmes* declined to apply *Jaben* in interpreting Section 3282(a) because

---

[5] The relevant language of 26 U.S.C. § 6531 reads:

> Where a complaint [stemming from the aforementioned offenses] is instituted before a commissioner of the United States within the period above limited, the time shall be extended until the date which is 9 months after the date of the making of the complaint before the commissioner of the United States.

5

those courts understood the Supreme Court's reasoning to be limited to 26 U.S.C. Section 6531. 149 F.3d at 742 n.1; 2020 WL 6047232, at *9. In distinguishing *Jaben*, *Holmes* pointed to the decision's emphasis on Section 6531's requirements – including a showing of probable cause and the role of the commissioner – and emphasized that "there are no analogous requirements for filing an information." 2020 WL 6047232, at *9.

The Court concludes that the text of Section 3282(a) supports holding that an information can be instituted when it is filed. First, the language of Section 3282(a) refers to instituting an "information," not a "prosecution." According to the plain meaning of the word "institute," an information is instituted when it comes into being (i.e., is filed). Second, for the reasons articulated by *Burdix-Dana* and *Holmes*, *Jaben* does not bear on the question at bar. Given *Jaben*'s emphasis on the role of the commissioner as a governmental check in Section 6531, that holding is specific to its circumstances. 381 U.S. at 217-220. And as discussed below, the statutory context of Section 3282 bolsters the Court's determination that an information can be instituted under Section 3282(a) when it is filed.

### 2. Statutory Context

Both Rothenberg and the Government contend that Section 3282(a)'s statutory context supports their interpretations of "institute." Rothenberg argues that Congress would have used the word "file" in Section 3282(a) if that had been its intent. ECF No. 52 at 13. He relies on a previous version of 18 U.S.C. § 3286, which provided the statute of limitations for the misdemeanor of seduction on a vessel and stated that "[n]o person shall be prosecuted . . . in violation of [now repealed] section 2198 of this title unless the indictment is found or the information is *filed*." (emphasis added).[6] Rothenberg argues that the use of "file" in other sections of the criminal code reflects that Congress recognized the difference between "file" and "institute," and that Section 3282(a) would contain the word "file" if Congress had intended for the filing of a waiverless information alone to toll the statute of limitations. *Id.*

The Government argues that Section 3282(a) must be read to be consistent with 28 U.S.C.

---

[6] As Section 2198 referred to a misdemeanor, the crime could have been prosecuted by waiverless information in accordance with Rule 7(a)(2).

6

§ 3288 and that Section 3288 supports its interpretation of Section 3282(a).  ECF No. 54 at 7-8. Section 3288 allows for a reprosecution when there was an initial deficiency in an indictment or information filed within the statute of limitations.  Under Section 3288, if a charging instrument is dismissed "for any reason" other than a failure to meet the statute of limitations, a new indictment may be filed within six months of the dismissal date.  18 U.S.C. § 3288.[7]  Rothenberg argues that Section 3288 is irrelevant here because the information was never dismissed, and that if Section 3288 is relevant, the statute's legislative history supports Rothenberg's interpretation of Section 3282(a).  ECF No. 55 at 9-10.  The Court concludes that an analysis of Section 3288, and particularly its legislative history, can aid in determining whether filing an interpretation can satisfy the requirements of Section 3282(a).

"'The underlying concept of § 3288 is that if the defendant was indicted within time, then approximately the same facts may be used for the basis of any new indictment obtained after the statute has run, if the earlier indictment runs into legal pitfalls.'  *United States v. Clawson*, 104 F.3d 250, 251 (9th Cir. 1996) . . . .  Further, by its express terms, Section 3288 applies regardless of whether the original charging document was an indictment or an information."  *United States v. Marifat*, No. CR 2:17-0189 WBS, 2018 WL 1806690, at *2 (E.D. Cal. Apr. 17, 2018).

As both parties observe, Congress has revised Section 3288 numerous times since its enactment in 1948.  ECF No. 54 at 8; ECF No. 55 at 9-10.  The law originally applied only to

---

[7] The full text of 18 U.S.C. § 3288 reads:

> Whenever an indictment or information charging a felony is dismissed for any reason after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment or information, or, in the event of an appeal, within 60 days of the date the dismissal of the indictment or information becomes final, or, if no regular grand jury is in session in the appropriate jurisdiction when the indictment or information is dismissed, within six calendar months of the date when the next regular grand jury is convened, which new indictment shall not be barred by any statute of limitations. This section does not permit the filing of a new indictment or information where the reason for the dismissal was the failure to file the indictment or information within the period prescribed by the applicable statute of limitations, or some other reason that would bar a new prosecution.

1  dismissed indictments.  *See* Law of June 25, 1948, c. 645, 62 Stat. 828 (current version at 18

2  U.S.C. § 3288); *Hattaway v. United States*, 304 F.2d 5, 6 (5th Cir. 1962).  However, the Second

3  Circuit understood the 1964 amendment to legislatively overrule *Hattaway*'s holding that Section

4  3288 did not apply to a waiverless information:

> [*Hattaway*] had held that where the paper filed (an information) was a nullity because the defendant could be prosecuted only by indictment, the saving clause [Section 3288] did not apply. In recommending the 1964 amendment, the Senate report . . . indicated that the purpose of the proposed amendment to Section 3288 was to permit reprosecution by indictment of a defendant whose conviction had been vacated even when the court had been without jurisdiction to proceed under the original information.

10 *United States v. Macklin*, 535 F.2d 191, 193 (2d Cir. 1976).  Rothenberg does not address *Macklin*

11 or *Hattaway*, but notes that the 1964 amendment made Section 3288 apply only to an information

12 that was filed "*after the defendant waives in open court prosecution by indictment.*"  ECF No. 55

13 at 9-10 ((quoting Pub. L. 88-520, § 1, 78 Stat. 699 (1964)) (emphasis added)).

14  However, regardless of the effect of the 1964 amendment, Congress confirmed its intent to

15 legislatively overrule *Hattaway* in 1988 by removing the language in Section 3288 that required a

16 defendant to first waive in open court prosecution by indictment.  *See* 134 Cong. Rec. S17360-02,

17 1988 WL 182529 (1988) (Senate Section Analysis of Judiciary Committee Issues in H.R. 5210).

18 While Rothenberg contends that the 1988 amendment was merely a technical rewriting, ECF No.

19 55 at 10, he acknowledges that its purpose was to expand Section 3288 "to encompass the

20 dismissal of an indictment or information *for any reason that would not bar further prosecution*."

21 *Id.* at 11 (quoting 134 Cong. Rec. S17360-02) (emphasis added).  The Senate report for the 1988

22 amendment reflects that it was not merely a "technical" rewriting.  The report explains that "[t]he

23 reason a charge is dismissed (unless the reason for the dismissal would independently bar further

24 prosecution such as a dismissal on grounds of double jeopardy or a dismissal 'with prejudice'

25 under a statute) should not determine whether the government is given additional time to bring a

26 new prosecution."  134 Cong. Rec. S17360-02.

27  Although Section 3288 was not invoked in this case, it was amended to address this very

28 circumstance.  For example, had the information against Rothenberg been dismissed, Section 3288

8

would have allowed the Government to file a superseding indictment within six months bringing the same charges. It seems unreasonable at best to interpret Section 3282(a) to prohibit the very prosecution that Section 3288 was amended to allow. Although the Court finds persuasive Rothenberg's argument regarding Congress's ability to have chosen the word "file," the context and history of Section 3288 carries more weight in the Court's analysis. The Court therefore concludes that the statutory context of Section 3282(a) supports holding that a waiverless information can toll the statute of limitations here.

### B. Notice and Statute of Limitations

Most courts that have considered whether a waiverless information can toll the state of limitations have identified the underlying purpose of statutes of limitations to be providing notice to the defendant so they can prepare a defense. *See Avery*, 747 Fed. Appx. at 483 (upholding an indictment as timely because it "related back to the earlier information" which had provided defendant notice within the statute of limitations); *Burdix-Dana,* 149 F.3d at 743 n.3 (acknowledging that a person charged by waiverless information without notice could not reasonably "assert her rights" by moving to dismiss the information); *Holmes*, 2020 WL 6047232, at *9 ("Regardless whether the defendant has executed a waiver of indictment, a properly instituted information gives the defendant notice of the allegations of the charges contained therein."). There are no notice-related concerns here. The language detailing counts 16 and 17 in the information is identical to the indictment. *Compare* ECF No. 2 ¶¶ 47-49 *with* ECF No. 15 ¶¶ 47-49. The waiverless information therefore provided Rothenberg notice of the charges against him before the statute of limitations expired. The Court can identify no prejudice to Rothenberg from receiving that notice via an information rather than an indictment.[8]

---

[8] Conversely, there would likely be prejudice to a defendant if the Government filed an information as a strategy to obtain more time to develop a case, or otherwise acted in bad faith. While filing a waiverless information to toll the statute of limitations is a concerning practice in general, there is no evidence of bad faith here. As Rothenberg notes, this case is the only instance in this district of a waiverless information being filed in a felony case while a grand jury was in session. ECF No. 52 at 10. It is also relevant that grand jury proceedings had just restarted after a two-month hiatus prompted by the Covid-19 pandemic. ECF No. 13 at 4. While the pandemic did not make the filing of an information without Rothenberg's wavier of his right to a grand jury strictly necessary, the Court concludes that the Government's irregular filing procedure here was likely related to the pandemic's interference with daily operations.

1  The Court does recognize that a waiverless information could fail to provide a defendant
2  with adequate notice under certain circumstances. First, if an information filed within the statute
3  of limitations were sealed, the defendant would not be informed of the charges against them and
4  would not have access to the protections afforded by the statute of limitations. The Court notes
5  that both district courts that have held that a waiverless information does not toll the statute of
6  limitations under Section 3282(a) were considering informations that had been filed under seal.
7  *United States v. Sharma*, 2016 WL 2926365, at * 4 ("An information that is filed within the
8  limitations period is not automatically timely filed, particularly when the filing is hidden from the
9  defendant and public scrutiny."); *United States v. Machado*, 2005 WL 2886213, at *1 ("[T]he
10 government inexplicably allowed the case to languish for nearly four years" apparently forgetting
11 "that a sealed information against defendant was pending . . . .").[9]  Second, a waiverless
12 information could fail to provide adequate notice if a subsequent indictment brought charges that
13 meaningfully differed from those stated in the information. Because neither circumstance is
14 present here, those possibilities do not alter the Court's ultimate conclusion that the waiverless
15 information provided Rothenberg with adequate notice of the charges against him.
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /

---

[9] *Sharma* and *Machado* concluded that an information is not "instituted" unless it can advance a prosecution. 2016 WL 2926365, at * 4; 2005 WL 2886213, at *2. Although *Sharma* and *Machado* did not rely on the sealed nature of the informations in reaching this conclusion, the Court finds their reasoning less persuasive because they were decided in that context. Moreover, the plain meaning of Section 3282(a) and the context of the statute contradict the conclusion reached by *Sharma* and *Machado* for the reasons explained above.

# CONCLUSION[10]

For the foregoing reasons, Rothenberg's motion to dismiss is DENIED.

**IT IS SO ORDERED.**

Dated: August 13, 2021



JON S. TIGAR
United States District Judge

---

[10] The Court notes that an extension permitted by the filing of a waiverless information – and/or 18 U.S.C. Section 3288 – may infringe upon a defendant's right to a speedy trial. *See* 18 U.S.C. § 3161(c)(1). The Court does not consider this issue in its analysis because the parties have not raised it.

11