UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br>MICHAEL BRENT ROTHENBERG,<br>    Defendant. | Case No. 20-cr-00266-JST-1<br><br>**ORDER DENYING MOTION FOR INTRADISTRICT VENUE TRANSFER**<br><br>Re: ECF No. 68 |

Defendant Michael Brent Rothenberg has filed a motion for intradistrict venue transfer. ECF No. 68. The Court will deny the motion.

## I.   BACKGROUND

Rothenberg has been charged with 23 counts of criminal conduct stemming from his alleged fraudulent activities as founder of Rothenberg Ventures Management Company, LLC ("RVMC"). ECF No. 15 ¶ 25. Among other charges, Rothenberg is accused of misrepresenting his investment activities to and misusing funds provided by his investors.

These criminal charges follow civil proceedings brought against Rothenberg by the SEC for fraudulent conduct related to RVMC. *See SEC v. Rothenberg*, No. 18-CV-05080-JST, ECF No. 1. The Court first presided over the civil proceedings when it sat in San Francisco. In its initial filing, the SEC "noted that under Northern District Civil Local Rule 3-2(d), '[the civil] case should be assigned to the San Francisco Division because a substantial part of the events or omissions that give rise to the claims alleged herein occurred in San Francisco County, and Defendant Rothenberg resides in San Francisco.'" ECF No. 68 at 2 (quoting *SEC v. Rothenberg*, No. 18-CV-05080-JST, ECF No. 1, Complaint ¶ 11). The civil case resolved in a consent judgment "order[ing] disgorgement and penalties" to be determined later. *Id.*; *see also SEC v.*

*Rothenberg*, No. 18-CV-05080-JST, ECF Nos. 18-20.  By the time the Court granted the SEC's motion for disgorgement and penalties in late 2019, the Court had moved to Oakland.  *SEC v. Rothenberg*, No. 18-CV-05080-JST, ECF Nos. 89, 100.

The instant matter was originally assigned to Judge Alsup in San Francisco.  ECF No. 68 at 3.  However, the Government filed a notice of related case under Local Rule 8-1, arguing that this case has "substantial factual overlap" with the prior SEC case.  ECF No. 7 at 3.  After allowing Rothenberg's appointed counsel time to file a statement regarding the notice of related case, this Court issued an order relating the cases over Rothenberg's *pro se* objection.  ECF No. 68 at 4; *see* ECF No. 32.

Rothenberg has filed two motions to dismiss in this case.  The Court ruled that the first, a motion to dismiss the Information with prejudice, ECF No. 8, was moot.  ECF No. 46.  The second, Rothenberg's motion to dismiss three counts of the Indictment as time barred, ECF No. 52, is the subject of a separate order issued today.

On July 2, 2021, Rothenberg filed a motion for intradistrict venue transfer to move this case to the San Francisco courthouse.  ECF No. 68.  The Government filed an opposition, ECF No. 73, and Rothenberg replied, ECF No. 74.

## II.    LEGAL STANDARD

The Constitution requires a criminal defendant be tried in "the State and district wherein the crime shall have been committed."  U.S. Const., amend. VI.  A division of a federal district, however, is "not a unit of venue in criminal cases."  *United States v. Betancourt*, 734 F.2d 750, 756 (11th Cir. 1984).

A federal court must "set the place of [criminal] trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice."  Fed. R. Crim. P. 18.  While cases in this district are assigned to courthouses based on the county of the alleged conduct, under Criminal Local Rule 18-2, "a Judge may . . . transfer a criminal case to a different courthouse if it appears that . . . a transfer would be in the interest of justice based upon the convenience of the defendant and the witnesses and the prompt administration of justice."  A district court has broad discretion over such matters.  *See United*

*States v. Scholl*, 166 F.3d 964, 969 (9th Cir. 1999) (reviewing intradistrict transfer for abuse of discretion).

**III.     DISCUSSION**

Rothenberg makes two arguments in support of transfer.  He first contends that San Francisco is the proper venue because he resides in the city and "the events, victims and witnesses are in San Francisco."  ECF No. 68 at 5.  He also asserts that an intradistrict venue transfer would not impact the "prompt administration of justice" because "the case is not so far along . . . that transfer[] . . . would cause significant delays."  *Id*. at 6.[1]

The Court first notes that geographic convenience presents a threshold to be met rather than a strict requirement.  *See, e.g.*, *United States v. Afflerbach*, 754 F.2d 866, 869 (10th Cir. 1985) ("[T]he mere fact that a defendant's home is nearer one trial site than another is insufficient to merit transfer."); *United States v. Scott-Emuakpor*, 2000 WL 288443, at *13 (W.D. Mich. Jan. 25, 2000) ("Rule 18 does not mandate absolute convenience to a defendant.").  While Rothenberg may live closer to the San Francisco courthouse, there is no meaningful inconvenience in requiring him to travel to Oakland, a short commute that many individuals residing in both cities make daily with the aid of public transportation.  Given the proximity of the two courthouses, Rothenberg's characterization of Oakland as a "strange locality" where he should not be required "to defend himself against the powerful prosecutorial resources of the Government" is unpersuasive.  ECF No. 68 at 5 (quoting *United States v. Burns*, 662 F.2d 1378, 1382 (11th Cir. 1981) (using this language to describe a venue "almost 100 miles" away from defendants' place of residence)).

Similarly, Rothenberg fails to show that San Francisco is more convenient for the victims and witnesses.  The minimal inconvenience in requiring any San Francisco-based victims or

---

[1] Rothenberg also argues that Local Rule 8-1, which permitted the transfer to Oakland, conflicted in this case with Federal Rule of Criminal Procedure 18.  ECF No. 68 at 7-8.  He contends that a court acts improperly when it looks beyond the Rule 18 factors in making a transfer decision.  *Id.* at 7 (citing *United States v. Lipscomb*, 299 F.3d 303, 341 (5th Cir. 2002)).  This argument is unavailing.  *Lipscomb* explicitly permitted district courts to "consider other factors" beyond those enumerated in Rule 18 and instead cautioned courts against following a "generalized but informal policy regarding transfers as a matter of course."  299 F.3d at 341-42.  Moreover, judicial efficiency – the rationale for Local Rule 8-1 – undoubtably contributes to the "prompt administration of justice" as conceived by Rule 18.

3

witnesses to travel to Oakland does not weigh strongly in favor of transferring the case for the reasons discussed above. In addition, as Rothenberg notes, "several of the alleged victims are companies not headquartered in California, or even the United States at all." *Id*. at 6. As to these parties, the two venues are equally convenient. *See, e.g.*, *United States v. Schock*, No. 16-CR-30061, 2016 WL 7156461, at *4 (C.D. Ill. Dec. 7, 2016) (The fact that "the majority of potential witnesses reside[d] outside of Illinois" did not support defendant's request for intradistrict venue transfer.).

Finally, the Court finds that an intradistrict venue transfer could negatively impact the "prompt administration of justice" given the time and effort the Court has already devoted to understanding the facts of this case. See *United States v. Scholl*, 166 F.3d 964, 970 (9th Cir. 1999) (affirming district court relying on "the efficiency to be gained by not transferring the matter to another judge" in evaluating intradistrict venue transfer). Rothenberg suggests that transferring this case to San Francisco would involve little duplication of work because the criminal case is "substantially broader than the SEC case and involves conduct . . . not at all raised in [that] case." ECF No. 68 at 6. However, this argument discounts that this is the third motion the Court has considered in these proceedings. It also ignores the time this Court spent on the SEC's motion for disgorgement and penalties in Rothenberg's civil case and that the SEC case, as the Government observes, may still be ongoing: the agency recently "served [Rothenberg] with discovery requests . . . aimed at determining the assets he has available to pay the judgment against" him. ECF No. 73. at 11. Rothenberg has failed to respond to these requests, and court intervention may therefore be necessary. *Id*.[2]

As a result, the Court finds that the "prompt administration of justice" supports continuing this case in Oakland. This consideration outweighs the limited convenience factors Rothenberg relies on.

---

[2] In a footnote of his reply brief, Rothenberg asks the Court to stay the SEC case. *See* ECF No. 74 at 6 n.1. Because that relief requires the filing of a separate motion, the Court does not consider the request further in this order.

4

**CONCLUSION**

For the foregoing reasons, Rothenberg's motion for intradistrict venue transfer is DENIED.

**IT IS SO ORDERED.**

Dated: August 13, 2021



JON S. TIGAR
United States District Judge