MOEEL LAH FAKHOURY LLP
Hanni M. Fakhoury (State Bar No. 252629)
1300 Clay Street, Suite 600
Oakland, CA 94612
Telephone: (510) 500-9994
Email: hanni@mlf-llp.com

Attorneys for Michael Rothenberg

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ROTHENBERG,<br><br>Defendant. | Case No.: 3:20-CR-266-JST<br><br>**DEFENDANT'S MOTION TO DISMISS COUNTS 1, 3, AND 5-23 FOR FAILURE TO STATE AN OFFENSE OR ALTERNATIVELY TO STRIKE THE OMISSIONS THEORY AS INSUFFICIENTLY PLEADED**<br><br>**Court:** Courtroom 6, 2nd Floor<br>**Hearing Date:** October 22, 2021<br>**Hearing Time:** 9:30 a.m. |

**TO: STEPHANIE M. HINDS, ACTING UNITED STATES ATTORNEY; KYLE F. WALDINGER, ASSISTANT UNITED STATES ATTORNEY; AND NICHOLAS J. WALSH, ASSISTANT UNITED STATES ATTORNEY.**

PLEASE TAKE NOTICE that Defendant Michael Rothenberg hereby moves this Court to dismiss counts 1, 3, and 5-23 of the superseding indictment for failure to state an offense or, alternatively, to strike the omissions theory contained in these counts as insufficiently pleaded. This motion is based upon this notice, the accompanying memorandum of points and authorities, Federal Rule of Criminal Procedure 7, the Fifth and Sixth Amendments to the U.S. Constitution, and all other applicable constitutional, statutory, and case authority, and all evidence and argument that may be presented at the hearing of this motion, to be held on October 22, 2021, at 9:30 a.m. in Courtroom 6 on the 2nd floor of the Oakland Courthouse.

**INTRODUCTION**

Counts 1, 3, 5-7 and 12-23 of the superseding indictment charge Mr. Rothenberg with bank fraud, in violation of 18 U.S.C. § 1344, and wire fraud, in violation of 18 U.S.C. § 1343. Counts 8-11 charge him with money laundering, in violation of 18 U.S.C. § 1957, specifically tied to the wire fraud charged in counts 5-7. The fraud counts allege Mr. Rothenberg executed fraudulent schemes by allegedly (1) making "material false and fraudulent presentences, representations, and promises," and (2) "by omitting and concealing material facts." *See* Dkt. 15, Superseding Indictment ("SI") at ¶ 27, *see also id.* at ¶ 32, 37, 43, 45, 47, 49. But the superseding indictment's second theory of fraud—that Mr. Rothenberg omitted and concealed material facts—fails to allege that he had any duty to disclose, a prerequisite to pursuing an omissions-based theory of fraud. Because the superseding indictment fails to properly allege omissions theory of fraud, the fraud counts—and associated money laundering counts—should be dismissed or, alternatively, the omissions allegations stricken from the indictment.

**STATEMENT OF FACTS**

On August 20, 2020, a 23-count superseding indictment was filed charging Mr. Rothenberg with a variety of crimes stemming from five different alleged fraudulent "schemes" in connection with his management of Rothenberg Ventures Management Company, LLC ("RVMC"), a venture capital fund.

Counts 1 and 3 of the superseding indictment allege bank fraud, in violation of 18 U.S.C. § 1344, accusing Mr. Rothenberg of obtaining a personal loan, a mortgage and a line of credit from Silicon Valley Bank ("SVB") "by means of material false and fraudulent pretenses, representations, and promises, *and by concealment of material facts*." SI at ¶¶ 27, 32 (emphasis added). Counts 5 through 7 charge Mr. Rothenberg with wire fraud, in violation of 18 U.S.C. § 1343, accusing him of scheming to defraud "P LLC," a potential investor, "by means of material false and fraudulent pretenses, representations, and promises, *and by concealment of material facts*." SI at ¶¶ 37, 39 (emphasis added). None of these counts allege Mr. Rothenberg owed any duty to disclose material information to either SVB or P LLC. Counts 8-11 charge Mr. Rothenberg with money laundering, in violation of 18 U.S.C. § 1957, alleging he engaged in monetary transactions derived from the unlawful wire fraud activity charged in counts 5-7. SI at ¶ 41.

|   |   |
|---|---|
| 1 | Counts 12-15 of the superseding indictment charge Mr. Rothenberg with wire fraud, alleging |
| 2 | he defrauded "potential investors by means of material false and fraudulent pretenses, |
| 3 | representations, and promises, *and by omitting and concealing material facts with a duty to disclose*." |
| 4 | SI at ¶¶ 43, 45 (emphasis added). The remaining counts in the indictment, 16-23, also charge Mr. |
| 5 | Rothenberg with wire fraud, alleging he defrauded the Rothenberg Ventures 2015 Fund, LLC ("2015 |
| 6 | Fund") and "multiple related funds named Rothenberg Ventures 2016 Fund, LP, Rothenberg |
| 7 | Ventures 2016 Feeder Fund, LP, and Rothenberg Ventures 2016 Accredited Fund, LP (collectively |
| 8 | the '2016 Fund')," as well as "certain investors" of those funds "by means of material false and |
| 9 | fraudulent pretenses, representations, and promises, *and by omitting and concealing material facts* |
| 10 | *with a duty to disclose*." SI at ¶¶ 3, 47, 49 (emphasis added). While these counts state Mr. Rothenberg |
| 11 | had "a duty to disclose," the basis for that duty is missing from the superseding indictment. |

## ARGUMENT

Among the rights in the Sixth Amendment is that "the accused shall…be informed of the nature and cause of the accusation." U.S. Const. AMEND. VI. Federal Rule of Criminal Procedure 7 states an "indictment…must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). It must "must furnish the defendant with a sufficient description of the charges against him to enable him to prepare his defense, to ensure that the defendant is prosecuted on the basis of facts presented to the grand jury, to enable him to plead jeopardy against a later prosecution, and to inform the court of the facts alleged so that it can determine the sufficiency of the charge." *United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979).

A defendant may contest a "defect in the indictment" including "lack of specificity" and "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(iii), (v). "In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002).

The Ninth Circuit has made clear "an indictment missing an essential element that is properly challenged before trial *must* be dismissed." *United States v. Qazi*, 975 F.3d 989, 991 (9th Cir. 2020) (emphasis in original). "[A]n indictment is inadequate when it fails to allege an essential element of the offense even when it tracks the language of the statute." *United States v. Keith*, 605 F.2d 462, 464

(9th Cir. 1979). Even "[i]mplied, necessary elements, not present in the statutory language, must be included in an indictment." *United States v. DuBo*, 186 F.3d 1177, 1179 (9th Cir. 1999).

A defective indictment that lacks an element of the offense "could not be cured by the trial court by amendment or through jury instructions." *Id*. Similarly, a "bill of particulars cannot save an invalid indictment." *Cecil*, 608 F.2d at 1296. That is because if "the charges within the indictment fail to state a offense against the United States, a district court is deprived of jurisdiction and must dismiss the defective claims." *United States v. Carroll*, 13-CR-566 EMC, 2015 WL 2251206, at *1 (N.D. Cal. May 13, 2015) (citing *United States v. Broncheau*, 597 F.2d 1260, 1262 n. 1 (9th Cir. 1979). Thus, "if properly challenged prior to trial, an indictment's complete failure to recite an essential element of the charged offense is not a minor or technical flaw subject to harmless error analysis, but a fatal flaw requiring dismissal of the indictment." *Du Bo*, 186 F.3d at 1179.

"Mail and wire fraud can be premised on either a non-disclosure or an affirmative misrepresentation," but "[a] non-disclosure, however, can support a fraud charge only when there exists an independent duty that has been breached by the person so charged." *Eller v. EquiTrust Life Ins. Co.*, 778 F.3d 1089, 1092 (9th Cir. 2015) (citations and quotations omitted); *see also United States v. Shields*, 844 F.3d 819, 822 (9th Cir. 2016). "That rule is not limited to 'pure omissions' cases, where the allegations of fraud are only based on non-disclosures," and a duty to disclose exists in fraud cases "based on affirmative misrepresentations, half-truths, *and* omissions." *United States v. Spanier*, 744 Fed. Appx. 351, 353 (9th Cir. 2018) (emphasis in original).

"Absent an independent duty, such as a fiduciary duty or an explicit statutory duty, failure to disclose cannot be the basis of a fraudulent scheme." *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir.1987); *see also Chiarella v. United States*, 445 U.S. 222, 229 (1980) ("one who fails to disclose material information prior to the consummation of a transaction commits fraud only when he is under a duty to do so."). Omissions based fraud prosecutions require a "fiduciary relationship or similar relationship of trust and confidence," not just "persons involved in arms-length transactions." *United States v. Laurienti*, 611 F.3d 530, 540 (9th Cir. 2010). As the Eighth Circuit has critically noted, although non-disclosure may support a fraud prosecution when there exists an "independent legal duty to disclose," that duty must "be independent

of any duty imposed by the contract." *United States v. Steffen*, 687 F.3d 1104, 1116 (8th Cir. 2012). In other words, an omission that merely breaches a contractual duty does not, as a matter of law, constitute criminal fraud.

Here, the indictment does not properly allege fraud by omission. Thus, counts 1, 3, 5-23 should be dismissed to the extent they rely on an omissions theory of liability or, alternatively, the omissions theories in the indictment should be stricken.

### A.  Counts 1, 3, 5, 6 and 7 fail to allege any duty to disclose.

The bank fraud charged in counts 1 and 3, and the wire fraud charged in counts 5, 6 and 7 accuse Mr. Rothenberg of obtaining money "by means of material false and fraudulent pretenses, representations, and promises, *and by concealment of material facts*." SI at ¶¶ 27, 32, 37, 39 (emphasis added). Despite clearly alleging an omissions theory of criminal fraud liability, none of these counts allege that Mr. Rothenberg owed any duty—fiduciary or otherwise—to either SVB or P LLC. Because "an indictment is inadequate when it fails to allege an essential element of the offense," these counts must be dismissed or, alternatively, the omissions theory of liability stricken. *Keith*, 605 F.2d at 464.

If counts 5-7 are dismissed then counts 8-11, charging Mr. Rothenberg with money laundering, must be dismissed as well to the extent they rely on an omissions theory of liability, because the money laundering counts are specifically connected to the wire fraud activity charged in counts 5-7. *See United States v. Garrido*, 713 F. 3d 985, 998-99 (9th Cir. 2013) (reversing money laundering convictions when illegal proceeds were derived from reversed wire fraud convictions).

### B.  Counts 12-23 fail to allege the basis for any disclosure duty.

Counts 12-23 allege Mr. Rothenberg defrauded potential investors, the 2015 Fund and the 2016 Fund "by means of material false and fraudulent pretenses, representations, and promises, *and by omitting and concealing material facts with a duty to disclose*." SI at ¶¶ 43, 45, 47, 49 (emphasis added). Although these counts allege a bare bone "duty to disclose," they do not allege the basis for this duty.

The Ninth Circuit has noted that it is reversible error for a district court "to not instruct the jury that it must find a relationship creating a duty to disclose before it could conclude that a material non-

disclosure supports a wire fraud charge." *Shields*, 844 F.3d at 823; *see also Laurienti*, 611 F.3d at 543 (finding error when district court "fail[ed] to give a 'trust relationship' jury instruction"). Because an element of an omissions-based fraud theory is the existence of a "trust relationship," the indictment must allege the existence of such a relationship and the basis for why that triggers a disclosure duty.

Critically, this Court "is bound by the four corners of the indictment" in assessing whether the indictment states an offense. *Boren*, 278 F.3d at 914. And the indictment here does not allege any basis for a duty to disclose, including no allegation at all that Mr. Rothenberg owed a fiduciary duty to investors or the fund under securities law. Because the indictment fails to adequately allege the basis for any purported "duty to disclose" on its face, counts 12-23 fail to state an omissions theory fraud offense. The counts should be dismissed or, alternatively, the omissions theory must be stricken from the indictment.

## CONCLUSION

Mr. Rothenberg respectfully requests this Court dismiss counts 1, 3 and 5-23 for failure to allege an omissions theory of fraud or, alternatively, strike the omissions theory allegations from the superseding indictment.

Dated:   September 13, 2021               Respectfully submitted,

                                          MOEEL LAH FAKHOURY LLP

                                          Hanni M. Fakhoury
                                          Attorneys for Michael Rothenberg