MOEEL LAH FAKHOURY LLP
Hanni M. Fakhoury (State Bar No. 252629)
1300 Clay Street, Suite 600
Oakland, CA 94612
Telephone: (510) 500-9994
Email: hanni@mlf-llp.com

Attorneys for Michael Rothenberg

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ROTHENBERG,<br><br>Defendant. | Case No.: 3:20-CR-266-JST<br><br>**DEFENDANT'S MOTION TO STRIKE SURPLUSAGE FROM THE SUPERSEDING INDICTMENT OR, ALTERNATIVELY, FOR A BILL OF PARTICULARS**<br><br>Court: Courtroom 6, 2nd Floor<br>Hearing Date: October 22, 2021<br>Hearing Time: 9:30 a.m. |

**TO: STEPHANIE M. HINDS, ACTING UNITED STATES ATTORNEY; KYLE F. WALDINGER, ASSISTANT UNITED STATES ATTORNEY; AND NICHOLAS J. WALSH, ASSISTANT UNITED STATES ATTORNEY.**

PLEASE TAKE NOTICE that Defendant Michael Rothenberg hereby moves this Court to strike surplusage from the superseding indictment or, alternatively, for a bill of particulars. This motion is based upon this notice, accompanying memorandum of points and authorities, Federal Rules of Criminal Procedure 7 and 12, the Fifth and Sixth Amendments to the U.S. Constitution, and all other applicable constitutional, statutory, and case authority, and all evidence and argument that may be presented at the hearing of this motion, to be held on October 22, 2021, at 9:30 a.m. in Courtroom 6 on the 2nd floor of the Oakland Courthouse.

## INTRODUCTION

Mr. Rothenberg is charged in an expansive 23 counts superseding indictment with bank fraud, false statements to a financial institution, wire fraud and money laundering. As detailed below, because the superseding indictment contains numerous unidentified "aiders and abettors" and "investors," it fails to provide him with sufficient notice of the charges. This surplusage must therefore be stricken from the indictment or, alternatively, a bill of particulars ordered so Mr. Rothenberg can defend himself from these allegations in the indictment.

## STATEMENT OF FACTS

On August 20, 2020, a 23-count superseding indictment was filed charging Mr. Rothenberg with a variety of crimes stemming from five different alleged fraudulent "schemes" in connection with his management of Rothenberg Ventures Management Company, LLC ("RVMC"), a venture capital fund. More specifically, the five alleged "schemes" are (1) a 2014 scheme to defraud Silicon Valley Bank ("SVB") (counts 1-2); (2) a 2015 scheme to defraud SVB (counts 3-4); (3) a 2015 scheme to defraud "P LLC" (counts 5-7) plus money laundering connected to that scheme (counts 8-11); (4) a scheme to defraud investors concerning shares of a software company (counts 12-15); and (5) a scheme to defraud Rothenberg Ventures 2015 Fund, LLC ("2015 Fund"), "multiple related funds named Rothenberg Ventures 2016 Fund, LP, Rothenberg Ventures 2016 Feeder Fund, LP, and Rothenberg Ventures 2016 Accredited Fund, LP (collectively the "2016 Fund")," and "certain investors" (counts 16-23). *See* SI ¶ 3. In addition to the substantive offenses, every count in the superseding indictment charges Mr. Rothenberg with aiding and abetting under 18 U.S.C. § 2.

More specifics about the individual charges are detailed below.

## ARGUMENT

Among the rights in the Sixth Amendment is that "the accused shall…be informed of the nature and cause of the accusation." U.S. Const. AMEND. VI. Federal Rule of Criminal Procedure 7 states an "indictment…must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). It must "must furnish the defendant with a sufficient description of the charges against him to enable him to prepare his defense, to ensure that the defendant is prosecuted on the basis of facts presented to the grand jury, to enable him to plead

jeopardy against a later prosecution, and to inform the court of the facts alleged so that it can determine the sufficiency of the charge." *United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979).

A defendant may contest a "defect in the indictment" including "lack of specificity. Fed. R. Crim. P. 12(b)(3)(B)(iii). Under Rule 7(d), "[u]pon the defendant's motion, the court may strike surplusage from the indictment." Generally, a "bill of particulars cannot save an invalid indictment," *Cecil*, 608 F.2d at 1296, although Rule 7(f) states "the Court may direct the government to file a bill of particulars."

As detailed below, this Court should strike surplusage in the superseding indictment or, at a minimum, direct the government to file a bill of particulars.

### A. References to aiding and abetting liability should be stricken in the absence of allegations someone else committed the underlying substantive offenses.

Every single count in the superseding indictment alleges Mr. Rothenberg committed a substantive crime as well as aided and abetted the same crime. Despite alleging an aiding and abetting theory of criminal liability, the indictment does not identify—by name or otherwise—any alleged aiders and abettors. Mr. Rothenberg is not charged with conspiracy and there are no co-defendants listed in the superseding indictment.

The "aiding and abetting statute, 18 U.S.C. § 2, provides a means of establishing liability but does not itself define a crime." *Baumann v. United States*, 692 F.2d 565, 571–72 (9th Cir. 1982). Nonetheless "to prove liability as an aider and abettor the government must establish beyond a reasonable doubt that the accused had the specific intent to facilitate the commission of a crime *by someone else*." *United States v. Garcia*, 400 F.3d 816, 819 (9th Cir. 2005) (emphasis added). A "defendant can be convicted of aiding and abetting even if a principal is never identified or convicted, so long as the evidence established that the criminal offense was committed by someone." *United States v. Lynch*, 437 F.3d 902, 915 (9th Cir. 2006) (quotations and citation omitted). Obviously, a "defendant could not aid and abet himself." *United States v. Yost*, 24 F.3d 99, 104 (10th Cir. 1994).

Here, the indictment alleges Mr. Rothenberg both committed substantive crimes and aided and abetted those same crimes, necessarily committed by someone else with the specific intent to defraud. *See United States v. Ching Tang Lo*, 447 F.3d 1212, 1227 (9th Cir. 2006) (elements of aiding and

abetting include aider and abettor "had the requisite intent of the underlying substantive offense"). The government cannot have it both ways. The Ninth Circuit has recognized that a defendant is entitled to know "the theory of the government's case." *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986). If Mr. Rothenberg is alleged to have assisted someone else in committed the underlying offenses, the indictment need identify "that the criminal offense was committed by someone" other than Mr. Rothenberg. *Lynch*, 437 F.3d at 915. In the absence of any such allegation, references to aiding and abetting liability are surplusage and should be stricken.

Alternatively, the government should be directed to file a bill of particulars alleging someone else committed the underlying substantive offenses and identifying in particular who it alleges Mr. Rothenberg aided and abetted.

**B.  References to unidentified "certain investors" should be stricken.**

Counts 5-7 allege a scheme to defraud P LLC. Yet, the indictment alleges Mr. Rothenberg provided information to a third party—identified as D.F.—who in turn provided that information to "potential investors" including P LLC. SI at ¶ 38(a). The phrase "potential investors" should thus be stricken from the superseding indictment. Alternatively, to the extent "potential investors" refers to anyone other than P LLC, the government should be directed to file a bill of particulars identifying who such "potential investors" are so Mr. Rothenberg is able to prepare his defense.

Counts 12-15 allege a scheme to defraud "certain potential investors." SI at ¶¶ 42-43. It identifies several specific investors, including "G Inc. and its directors, B.F. Limited Partnership and its representatives, S.K. and E.J., and R.G. and L.G." *Id.* at ¶ 43. Later, however, the superseding indictment makes broader, open-ended allegations that Mr. Rothenberg "represented to at least five investors" and "represented to various individuals and entities" how investments would be used, caused an employee to send documents to "certain potential investors," "made statements to certain potential investors," and "later lulled certain investors." *Id.* at ¶¶ 44(b), (c), (d), (f). Because the specific wire fraud counts reference G Inc. (count 12), B.F. Limited (count 13), S.K. (count 14), and R.G. (count 15), references to "potential" or "certain" investors should be stricken. Alternatively, the Court should direct the government to provide a bill of particulars as to who these "potential" or "certain" investors are beyond the specifically identified investors referenced in specific wire fraud

DEFENDANT'S MOTION TO STRIKE OR FOR BILL OF PARTICULARS
*United States v. Rothenberg*, 3:20-CR-266-JST

counts 12-15.

Counts 16-23 allege a scheme to defraud the 2015 fund, the 2016 fund and "certain investors" in each fund. SI at ¶¶ 46-47. The description of the scheme claims Mr. Rothenberg "induced certain investors to contribute capital," "did not use funds provided to RVMC by certain investors" as intended, and "omitted to tell, and concealed from, certain investors" information. SI at ¶ 48(a), (b), (d). Like counts 12-15, because the specific wire fraud counts reference specific individuals and entities—namely, M.A. (count 16), G Inc. (count 17), H Corp. (count 18), D.F.V. Ltd. (count 19), N.M. (count 20), C Capital (count 21), A Capital (count 22) and K Capital (count 23)—references to "certain" investors should be stricken. Alternatively, the Court should direct the government to provide a bill of particulars as to who these "certain" investors are beyond the specific identified individuals and entities in specific wire fraud counts 16-23.

## CONCLUSION

Mr. Rothenberg respectfully requests strike surplusage in the indictment or, alternatively, direct the government to file a bill of particulars.

Dated:   September 13, 2021          Respectfully submitted,

                                     MOEEL LAH FAKHOURY LLP

                                     Hanni M. Fakhoury
                                     Attorneys for Michael Rothenberg