MOEEL LAH FAKHOURY LLP
Hanni M. Fakhoury (State Bar No. 252629)
1300 Clay Street, Suite 600
Oakland, CA 94612
Telephone:   (510) 500-9994
Email:   hanni@mlf-llp.com

Attorneys for Michael Rothenberg

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | Case No.: 3:20-CR-266-JST |
|---|---|
| Plaintiff, | **DEFENDANT'S MOTION TO SEVER COUNTS 1-4** |
| v. | |
| MICHAEL ROTHENBERG, | **Court:** Courtroom 6, 2nd Floor |
| Defendant. | **Hearing Date:** October 22, 2021 |
| | **Hearing Time:** 9:30 a.m. |

**TO: STEPHANIE M. HINDS, ACTING UNITED STATES ATTORNEY; KYLE F. WALDINGER, ASSISTANT UNITED STATES ATTORNEY; AND NICHOLAS J. WALSH, ASSISTANT UNITED STATES ATTORNEY.**

PLEASE TAKE NOTICE that Defendant Michael Rothenberg hereby moves this Court to sever counts 1-4 of the superseding indictment from counts 5-23. This motion is based upon this notice, accompanying memorandum of points and authorities, Federal Rules of Criminal Procedure 8, 12 and 14, and all other applicable constitutional, statutory, and case authority, and all evidence and argument that may be presented at the hearing of this motion, to be held on October 22, 2021, at 9:30 a.m. in Courtroom 6 on the 2nd floor of the Oakland Courthouse.

## INTRODUCTION

Pursuant to Federal Rules of Criminal Procedure 8 and 14, Mr. Rothenberg requests this Court sever counts 1-4 from the remaining Counts in the Superseding Indictment ("SI"). Counts 1-4, which charge Mr. Rothenberg with two counts of bank fraud, in violation of 18 U.S.C. § 1344, and two counts of making a false statement to a financial institution, in violation of 18 U.S.C. § 1014, involve completely separate allegations of criminal conduct not implicated in the remaining counts, which involve allegations of fraud involving investors. Because these counts were improperly joined together in the superseding indictment, they should be severed should the case proceed to trial.

## STATEMENT OF FACTS

Mr. Rothenberg managed Rothenberg Ventures Management Company, LLC ("RVMC"), a venture capital fund. On August 20, 2018, the Securities and Exchange Commission ("SEC") filed a civil complaint against Mr. Rothenberg and RVMC, alleging Mr. Rothenberg "misappropriate[d] fund and fund investor money," "create[d] the false appearance that the money was used for legitimate fund expenses or investments or had otherwise been paid back," and "used the misappropriated funds to finance Rothenberg's personal business ventures." *See SEC v. Rothenberg*, 4:18-CV-05080-JST, Dkt. 1, Complaint at ¶ 1.

On June 25, 2020, a criminal complaint was filed against Mr. Rothenberg, charging him with wire fraud in violation of 18 U.S.C. § 1343. The complaint alleged a fraudulent scheme—referenced in the SEC civil suit—allegedly taking place in July 2016 in San Francisco involving the purchase of shares in a San Francisco software company. *See* Dkt. 1, Complaint at 1.

On August 20, 2020, a 23-count superseding indictment was filed charging Mr. Rothenberg with a variety of crimes stemming from five different alleged "schemes."[1] Counts 1-4 charged Mr. Rothenberg with bank fraud, in violation of 18 U.S.C. § 1344, and making false statements to a

---

[1] The five alleged "schemes" are (1) a 2014 scheme to defraud Silicon Valley Bank ("SVB") (counts 1-2); (2) a 2015 scheme to defraud SVB (counts 3-4); (3) a 2015 scheme to defraud "P LLC" (counts 5-7); (4) a scheme to defraud investors concerning shares of a software company (counts 12-15); and (5) a scheme to defraud the Rothenberg Ventures 2015 Fund, LLC ("2015 Fund") and "multiple related funds named Rothenberg Ventures 2016 Fund, LP, Rothenberg Ventures 2016 Feeder Fund, LP, and Rothenberg Ventures 2016 Accredited Fund, LP (collectively the '2016 Fund')" and "certain investors" of those funds (counts 16-23). *See also* SI at ¶ 3.

financial institution, in violation of 18 U.S.C. § 1014, alleging he made misrepresentations and omissions to Silicon Valley Bank ("SVB") in 2014 and 2015 to obtain a loan and a line of credit. The remaining counts in the indictment allege multiple counts of wire fraud, in violation of 18 U.S.C. § 1343, and money laundering, in violation of 18 U.S.C. § 1957, concerning alleged misrepresentations and omissions made to potential RVMC investors in 2015 and 2016 concerning how investments would be used. The conduct alleged in counts 12 through 23 were detailed in the SEC civil complaint; the conduct alleged in the remaining counts were not referenced in the civil SEC suit.[2]

## ARGUMENT

Federal Rule of Criminal Procedure 8(a) allows an indictment to "charge a defendant in separate counts with 2 or more offenses if the offenses charged…are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." The "validity of the joinder is determined solely by the allegations in the indictment." *United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990). "At least one of Rule 8(a)'s three conditions must be satisfied for proper joinder, and 'those conditions, although phrased in general terms, are not infinitely elastic.'" *United States v. Jawara*, 474 F.3d 565, 573 (9th Cir. 2007) (quoting *United States v. Randazzo*, 80 F.3d 623, 627 (1st Cir. 1996)).

"Rule 8 has been 'broadly construed in favor of initial joinder.'" *Jawara*, 474 F.3d at 573 (quoting *United States v. Friedman*, 445 F.2d 1076, 1082 (9th Cir. 1971)). Nonetheless, Federal Rule of Criminal Procedure 12(b)(3)(B)(iv) permits a defendant challenge "a defect in the indictment" including "improper joinder." Additionally, Federal Rule of Criminal Procedure 14 states "If the joinder of offenses…in an indictment…or a consolidation for trial appears to prejudice a defendant…the court may order separate trials of counts…or provide any other relief that justice requires." "Thus, '[e]ven if joinder is permissible under Rule 8, a party who feels prejudiced by joinder may move to sever pursuant to [Rule] 14.'" *Jawara*, 474 F.3d at 572 (quoting *United States v. Smith*, 795 F.2d 841, 850 (9th Cir. 1986).

---

[2] The conduct in the criminal complaint was alleged in counts 12-15 of the superseding indictment.

Here, there is no question that the bank related counts are not "based on the same act or transaction" involved in the remaining counts. Fed. R. Crim. P. 8(a). Thus, the bank counts could only be joined to the investor counts if they "are of the same or similar character," or "are connected with or constitute parts of a common scheme or plan." *Id.* As explained below, counts 1-4 satisfy neither of these criteria and were improperly joined to the remaining counts in the superseding indictment. This Court should sever counts 1-4 from the remaining counts if this case proceeds to trial.

### A. Counts 1-4 allege a different "scheme or plan" from the remaining counts.

In assessing whether offenses are part of a "common scheme or plan" to support joinder, courts look to determine whether the "counts 'grow out of related transactions,'" "whether 'commission of one of the offenses either depended upon or necessarily led to the commission of the other,'" or "'proof of one act either constituted or depended upon proof of the other.'" *Jawara*, 474 F.3d at 574 (quoting *Randazzo*, 80 F.3d at 627 and *United States v. Halper*, 590 F.2d 422, 429 (2d Cir. 1978) (brackets omitted)). "Mere thematic similarity" is not enough for offenses to be joined together. *Jawara*, 474 F.3d at 574.

Here, the bank related offenses have no connection to the investor related offenses. The bank charges involve different purported victims, and the earliest bank fraud related conduct took place in July 2014, more than a year before the bulk of the investor related fraud charges. The Ninth Circuit has found it "significant" in deciding whether joinder is justified by a "common scheme or plan" when "the alleged acts underlying the two offenses had no temporal connection and were separated by several years." *Jawara*, 474 F.3d at 575. There is no allegation in the indictment that any funds obtained from the bank necessarily led to the commission of the investor related offenses, or that evidence necessary to prosecute the investor related charges depend upon proof of the bank related charges. Indeed, the government itself designated the bank related charges as a separate alleged "scheme" from the investor related conduct (itself separated into separate "schemes"), and apart from the presence of Mr. Rothenberg, nothing connects the bank related charges to the investor related charges. Thus, there was no "common scheme or plan" that justified joining the bank charges to the investor charges.

**B.    The bank related charges are of a different "character" than the investor related charges.**

In deciding whether offenses are of a similar "character" to support joinder, the Ninth Circuit has adopted a "comprehensive review" that looks at "the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims." *Jawara*, 474 F.3d at 578. "[T]he similar character of the joined offenses should be ascertainable—either readily apparent or reasonably inferred—from the face of the indictment. Courts should not have to engage in inferential gymnastics or resort to implausible levels of abstraction to divine similarity." *Id.* Considering these factors make clear the bank related charges should be severed from the investor related charges.

As to the elements, the false statement charges are significantly different from the bank and wire fraud charges. The most critical distinction is that a § 1014 false statement offense does not require materiality, a marked contrast from both bank and wire fraud statutes, and other false statement statutes generally. *See United States v. Wells*, 519 U.S. 482, 489-499 (1997). The Ninth Circuit has held that an indictment charging both a § 1014 false statement and a § 1344 bank fraud is not multiplicitous because the offenses have different elements. *United States v. Nash*, 115 F.3d 1431, 1438 (9th Cir. 1997) ("Although there are probably few cases of bank fraud that do not involve making a false statement to a federally insured institution, section 1014 requires that the statement be made to influence action on a loan. The bank fraud statute, which is written more broadly, technically does not. It is enough that the defendant attempt to obtain money under the custody or control of a bank; the statement need not be intended to influence action on a loan, even if that is a principal way of obtaining money from a bank."). Because of those distinctions, at least two Circuits have held that a § 1014 false statement offense is not a lesser included offense of § 1344 bank fraud. *See United States v. Morrow*, 177 F.3d 272, 293 (5th Cir. 1999); *United States v. Fraza*, 106 F.3d 1050, 1054 (1st Cir. 1997).

Even though wire and bank fraud have the same general elements—both require a scheme to defraud, the specific intent to defraud, and material misrepresentations or omissions when there was a duty to disclose—there are also differences. Wire fraud requires the use of the wires; bank fraud does

not. Meanwhile, bank fraud requires the statement be made to a financial institution insured by the FDIC, a requirement missing in the wire fraud statute.

But most importantly, on the indictment before the Court and as explained in more detail earlier, the alleged "scheme" concerning SVB is vastly different than the alleged "scheme" concerning investors. The acts alleged in the indictment are not temporally connected and there is no evidentiary overlap alleged in the indictment. The alleged "schemes" involve different victims, witnesses, and modus operandi, and "do not stem from common events." *Jawara*, 474 F.3d at 579. It is true the allegations involve "fraud," but mere "subject matter similarity" or a "general thematic commonality does not make the offenses of the 'same or similar character'" because "to extend the rule so broadly would lead to absurd results and render the 'same or similar' test without meaningful limits." *Id.*

### C. Joining the offenses is prejudicial to Mr. Rothenberg.

Because the bank related counts are not part of a "common scheme or plan," or of the "same or similar character" as the investor related counts, counts 1-4 were improperly joined to Counts 5-23 under Rule 8, and should be severed if the case proceeds to trial.

Even if the Court disagrees the counts were improperly joined, however, severance is still warranted because joining the bank counts to the fraud counts would be prejudicial under Rule 14. A severance is appropriate when joinder is "so manifestly prejudicial that it outweigh[s] the dominant concern with judicial economy and compel[s] exercise of the court's discretion to sever." *United States v. Nolan*, 700 F.2d 479, 482 (9th Cir. 1983). Joinder may be prejudicial if "the jury may consider that the defendant must be bad" because of the number of crimes alleged against him, "inadmissible proof of one offense may be admissible through a joined offense," or "the defendant may wish to testify on one count but not another." *United States v. Ragghianti*, 527 F.2d 586, 587 (9th Cir. 1975); *see generally United States v. Farley*, 3:15-CR-00092-TEH, 2015 WL 6871920, at *2 (N.D. Cal. Nov. 9, 2015).

The first factor is clearly implicated here: the government has charged Mr. Rothenberg in 23 counts, involving numerous purported victims over an extended period. While jurors will be given Ninth Circuit Model Instruction 3.11 concerning separate consideration of multiple counts, even "the

Ninth Circuit has expressed skepticism as to the efficacy of such instructions in cases where a single defendant is charged with multiple counts." *Farley*, 2015 WL 6871920, at *4 (quoting *United States v. Lewis*, 787 F.2d 1318, 1323 (9th Cir. 1986) ("We share the D.C. Circuit's skepticism of the efficacy of such instructions"). That is especially true here given the complicated set of facts and voluminous materials likely to be presented at any jury trial.

The other two factors are also potentially implicated, particularly given the fact, as explained earlier, that the bank related crimes carry different elements and arise from a different set of facts, than the investor related crimes. At this stage, there is no trial date, no government exhibit or witness lists, and defense counsel is still reviewing the voluminous discovery and determining a potential trial strategy. But given the stark differences between the bank and investor related charges, this Court should sever counts 1-4 from 5-23 if the case proceeds to trial.

## CONCLUSION

Mr. Rothenberg respectfully requests this Court sever counts 1-4 from the remaining counts in the superseding indictment should the case proceed to trial.

Dated: September 13, 2021

Respectfully submitted,

MOEEL LAH FAKHOURY LLP

Hanni M. Fakhoury
Attorneys for Michael Rothenberg