1  STEPHANIE M. HINDS (CABN 154284)
   Acting United States Attorney
2
   BENJAMIN KINGSLEY (CABN 314192)
3  Acting Criminal Chief

4  KYLE F. WALDINGER (CABN 298752)
   NICHOLAS J. WALSH (CABN 314290)
5  Assistant United States Attorneys

6       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
7       Telephone: (415) 436-7200
        Facsimile: (415) 436-7234
8       E-mail:    Kyle.Waldinger@usdoj.gov
                   Nicholas.Walsh@usdoj.gov
9
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 20-CR-00266 JST |
| Plaintiff, | UNITED STATES' OPPOSITION TO DEFENDANT'S LETTER REQUESTING RETURN OF PASSPORT FOR AN INTERNATIONAL VACATION |
| v. | |
| MICHAEL ROTHENBERG, | AND [PROPOSED] ORDER |
| Defendant. | |

Pursuant to the Order of the Court, dated September 14, 2021 (Dkt. 89), the United States respectfully files this Opposition to the Defendant's Letter Requesting Return of Passport for an International Vacation and an accompanying Proposed Order attached as Exhibit 1.

In August 2018, the United States Securities and Exchange Commission filed suit in the Northern District of California against Defendant Michael Rothenberg and his venture capital company alleging various violations of the Investment Advisors Act of 1940 in connection with his alleged acts to defraud many investors in Rothenberg's business ventures. See Dkt. 1 (Criminal Complaint), ¶ 19. On December 20, 2019, United States District Judge Jon S. Tigar entered a disgorgement order of $18,776,800, plus prejudgment interest of $3,663,323.47, for a total of $22,440,123.47, and further

ordered Rothenberg to pay an additional civil penalty of $9 million. See id. ¶ 22.

Thereafter, Rothenberg was charged by criminal complaint with wire fraud on June 25, 2020. See Dkt. 1. At his initial appearance on June 26, 2020, at the recommendation of both the United States and Rothenberg, Rothenberg was released by Magistrate Judge Kandis Westmore on a $250,000 unsecured personal recognizance bond with no sureties and with no location restrictions except those that followed as a result of being ordered to surrender his passport. Rothenberg subsequently surrendered his passport to United States Pretrial Services. Rothenberg has since been indicted on 23 counts, charging bank fraud, false statements to a financial institution, wire fraud, and money laundering, all stemming from alleged acts to defraud Silicon Valley Bank and many investors in Rothenberg's business ventures of more than $18 million. See Dkt. 15 (Indictment).

On September 13, 2021, by letter to the Court, Rothenberg requested a modification of his already limited conditions of release to return his passport to him temporarily "so he can go on an international vacation with his significant other." Dkt. 83 at 1. He pledged to "provide his itinerary ahead of time to Pretrial Services and his significant other is willing to serve as a custodian while [he] is abroad." Id. As described below, the United States opposes this ill-defined and unwarranted request because Rothenberg's current conditions of release are the least restrictive combination of conditions that will reasonably assure the appearance of Rothenberg as required. See 18 U.S.C. § 3142(c)(1)(B).

**Rothenberg Has Not Provided The Court With Any Details About His International Vacation.**

At the outset, Rothenberg's request itself is so vague and ill-defined that the Court (and Pretrial Services) has no information on which to make factual findings, and for that reason alone, the request should be denied. Rothenberg has not disclosed his vacation destination. Rothenberg has not disclosed the timing of his proposed vacation. Rothenberg has not disclosed the length of his proposed vacation. Rothenberg has not identified his significant other who might serve as a custodian. Rothenberg, who has appointed counsel, has not identified how he is paying for his proposed vacation. In short, Rothenberg has provided nothing to reassure the Court that his proposal warrants consideration.

**Rothenberg's Conditions of Release Allow Him To Take A Vacation Anywhere In The United States, And Thus, Rothenberg's Request Is Not For A Vacation, But For Access To His Passport.**

Rothenberg currently can travel without permission to anywhere in the United States. Thus, were he to seek a beach vacation, Hawaii and Florida and California are available to him; were he to seek a mountain vacation, the Rocky Mountains and Sierra Nevada Mountains are available to him; were he to seek a city vacation, New York and Chicago and Washington D.C. are available to him. In short, there is no need for Rothenberg to leave the country for any type of vacation he might wish to take.

And yet, Rothenberg seeks his passport for an "international vacation." Dkt. 83 at 1. Rothenberg's interest in his passport, given all of his options for travel inside the United States, is itself indicative of his flight risk, particularly in conjunction with the fact that Rothenberg has now had time to assess the state of the evidence against him in the criminal case. See 18 U.S.C. § 3142(g)(2). The Court should therefore conclude that Rothenberg's risk of flight is too great given Rothenberg's non-existent need for an international vacation and deny his request.

**The COVID-19 Pandemic Creates An Unwarranted Risk Of Rothenberg's Non-Appearance At Future Court Proceedings.**

Rothenberg has not identified where he wishes to travel. However, reference to the United States Department of State's website setting out Travel Advisories for United States citizens shows that, because of the COVID-19 pandemic and other factors, wide swaths of the globe, including much of the Caribbean, for example, are listed as "Level 4: Do Not Travel." See https://travel.state.gov/content/travel/en/traveladvisories/traveladvisories.html/ (visited September 16, 2021). The pandemic is relevant for Rothenberg – beyond emphasizing how ill-advised such a trip is – because it raises the possibility of Rothenberg being subject to an involuntary quarantine imposed by another country. Already, travelers are denied boarding on flights and subject to quarantines for a positive COVID test, and currently the United States prohibits entry without proof of a negative test or recovery. See https://www.cdc.gov/coronavirus/2019-ncov/travelers/testing-international-air-

travelers.html (visited September 16, 2021).  If subject to such a quarantine, Rothenberg, despite even his own efforts to appear, may be unable to appear.  These rules are constantly changing as the severity of the pandemic ebbs and flows, and even with Rothenberg's best efforts to identify a "safe" international destination, he cannot predict the future.  The Court should therefore conclude that Rothenberg's risk of non-appearance is too great given Rothenberg's non-existent need for an international vacation and deny his request.  See 18 U.S.C. § 3142.

## Conclusion

The minimal conditions of release set by Judge Westmore on June 26, 2020, at the joint recommendation of the United States and Rothenberg, are the least restrictive combination of conditions that will reasonably assure the appearance of Rothenberg as required.  See 18 U.S.C. § 3142(c)(1)(B).  Accordingly, Rothenberg's letter request for a modification of those conditions by returning his passport to him should be denied.

DATED:  September 17, 2021               STEPHANIE M. HINDS
                                         Acting United States Attorney


                                          */s/ Nicholas Walsh*
                                         KYLE F. WALDINGER
                                         NICHOLAS J. WALSH
                                         Assistant United States Attorneys