1    MOEEL LAH FAKHOURY LLP
     Hanni M. Fakhoury (State Bar No. 252629)
2    1300 Clay Street, Suite 600
     Oakland, CA 94612
3    Telephone:   (510) 500-9994
     Email:       hanni@mlf-llp.com
4

5    Attorneys for Michael Rothenberg

6

7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                             OAKLAND DIVISION

10

11   UNITED STATES OF AMERICA,              Case No.: 3:20-CR-00266-JST (NC)

12                Plaintiff,                 DEFENDANT'S MOTION FOR LEAVE
                                            TO FILE MOTION FOR
13         v.                               RECONSIDERATION OF ORDER
                                            DENYING DEFENDANT'S
14   MICHAEL ROTHENBERG,                    INTERNATIONAL TRAVEL REQUEST
                                            AND [PROPOSED] ORDER
15                Defendant.

16

17   TO:  STEPHANIE M. HINDS, ACTING UNITED STATES ATTORNEY;
          KYLE F. WALDINGER, ASSISTANT UNITED STATES ATTORNEY; AND
18        NICHOLAS J. WALSH, ASSISTANT UNITED STATES ATTORNEY.

19         PLEASE TAKE NOTICE that pursuant to Northern District Local Civil Rule 7-9, Michael

20   Rothenberg seeks leave of this Court to reconsider its September 21, 2021 order denying his request

21   for modification of his pretrial release conditions to take an international vacation.

22         Dated:    September 21, 2021            Respectfully submitted,

23                                                 MOEEL LAH FAKHOURY LLP

24

25

26                                                 Hanni M. Fakhoury
                                                   Attorneys for Michael Rothenberg
27

28

DEFENDANT'S MOTION FOR RECONSIDERATION AND [PROPOSED] ORDER
*United States v. Rothenberg*, 3:20-CR-00266-JST (NC)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

On September 13, 2021, Mr. Rothenberg requested a bail hearing for the Court to consider his request—unopposed by Pretrial Services—that he be given his passport back temporarily so he can take an international vacation with his significant other. *See* Dkt. 83. As directed by the courtroom deputy, he filed a brief letter on that day detailing the basis for his request, and the position and availability of the parties. The hearing was tentatively scheduled for September 16, 2021, and then continued to September 23, 2021. *See* Dkt. 84. Mr. Rothenberg requested the hearing be advanced because he had planned to be on an airplane to visit his family in Texas on September 23, but the request to advance the hearing was denied. Mr. Rothenberg rearranged his travel plans to attend the hearing on the 23rd. On September 21, 2021, the Court denied the request without a hearing, before Mr. Rothenberg had an opportunity to reply to the government's opposition to his request, and vacated the hearing set for September 23. *See* Dkt. 90, United States' Opposition to Defendant's Letter Requesting Return of Passport for an International Vacation ("Gov. Oppo.").

He now seeks the Court's leave to reconsider its decision.

**ARGUMENT**

I.     **Mr. Rothenberg had provided an itinerary to Pretrial Services.**

In its opposition the government complained that Mr. Rothenberg's request was "ill-defined" and that he has not provided "information on which to make factual findings." Gov. Oppo. at 2.

Mr. Rothenberg reached out to Pretrial Services and the government on August 20, with general dates and locations, and was informed by the government that it would oppose the request on August 24. Once it was anticipated the request would have to be dealt with in court, Mr. Rothenberg provided a more specific itinerary to Pretrial Services via email on September 13, 2021, containing specific dates of travels, locations, and proposed flights. *See* Exhibit A.

As the Court can see from the email, Mr. Rothenberg hoped to leave the United States on September 27 and return on October 12, travelling to Belize, Guatemala, and Mexico. After he was unable to advance the bail hearing, Mr. Rothenberg has scrapped that proposal. But if the Court were to consider letting Mr. Rothenberg travel internationally in the future, he would provide similarly specific information ahead of time to Pretrial Services, including specific dates, locations, and flights.

1    The government calls into question Mr. Rothenberg's ability to pay for a vacation, noting he is

2    represented by court appointed counsel. Gov. Oppo. at 2. But any trip would be paid for by his

3    significant other who was—and continues to be—willing to attend the bond hearing, serve as a

4    custodian, and be interviewed and vetted by Pretrial Services. Moreover, Mr. Rothenberg's proposal

5    was to travel to places demonstrably cheaper than the United States and particularly the Bay Area. In

6    other words, Mr. Rothenberg was not proposing a luxury trip to Europe and would not make such a

7    proposal in the future if permitted to travel abroad.

8    **II.    Mr. Rothenberg is not a flight risk.**

9    The government complains about Mr. Rothenberg's choice of vacation, noting he can "seek a

10   mountain vacation, the Rocky Mountains…Sierra Nevada Mountains…New York and Chicago and

11   Washington D.C." Gov. Oppo. at 3. Its real complaint is that Mr. Rothenberg's request is really "for

12   access to his passport" which "is itself indicative of his flight risk." *Id.*

13   But the government itself concluded Mr. Rothenberg was not a flight risk when it issued a

14   summons and agreed to a bond without a surety or any travel restrictions at all. The government

15   claims Mr. Rothenberg is a flight risk because he has had "time to assess the state of the evidence

16   against him in the criminal case." *Id.* But the case against Mr. Rothenberg did not originate in 2020; it

17   began with an SEC investigation in 2016, culminating in the filing of a civil SEC suit in 2018. In

18   other words, the criminal case was not a sudden prosecution sprung on him by surprise, but

19   something anticipated. Mr. Rothenberg has had ample opportunity to assess the state of the evidence

20   against him in the last three years, and through previously retained attorneys, agreed to toll the statute

21   of limitations, and even met with prosecutors in person before the criminal complaint was filed. *See*

22   Dkt. 52-1, Tolling Agreement.

23   So, if Mr. Rothenberg wanted to flee prosecution, the time for that would have been *before* the

24   criminal case was filed, when there was no bond issued, and he had his passport. Mr. Rothenberg did

25   not do that because—as the Court can see from browsing both the SEC and criminal dockets—he has

26   an intense interest in seeing his case through. He has appeared at nine different Zoom and in person

27   court appearances since his initial appearance on June 26, 2020. *See* Dkt. 6, 18, 20, 23, 24, 30, 38, 56,

28   78. Numerous motions have been filed, and he has an upcoming motion hearing on October 22, 2021

1    on several motions filed on September 13, 2021. *See* Dkt. 82, 85, 86, 87. And of course, he has

2    complied with all bond conditions imposed upon him and had no problems reporting to Pretrial

3    Services.

4         If Mr. Rothenberg is foolish enough to flee—something he could do without his passport—then

5    there will be major problems for him, including forfeiture of his bond, in absentia court proceedings,

6    and potential criminal charges for failure to appear. Because of those potential consequences, his

7    proposal of having his significant other act as a custodian—meaning she would be in contempt of

8    court if she did not report a bond violation, as well as prosecuted for harboring a fugitive if Mr.

9    Rothenberg did not return—would further provide the Court with assurances that he will stick to his

10   itinerary and comply with Court orders.

11   **III.    The COVID-19 pandemic is not a reason to deny the request.**

12        Finally, the government complained that the COVID-19 pandemic makes any trip "ill-advised"

13   because Mr. Rothenberg could possibly be subject to a quarantine imposed by another country. Gov.

14   Oppo. at 3. It noted the State Department has issued travel advisories for "wide swaths of the globe,

15   including much of the Caribbean." *Id.* But the bottom line is one of the most dangerous countries in

16   the world for COVID-19 exposure risk is the United States, which unfortunately continues to have

17   the highest daily case rate in the world, and is 23rd in the world with 41 cases per 100,000 people.[1]

18        More to the point concerning flight risk, the Northern District has anticipated that COVID-19

19   quarantines will interfere with court operations, and thus in person court appearances—particularly

20   for things like motion hearings and status conferences—can be converted to Zoom appearances to

21   account for quarantines, or even defendants or attorneys who are currently positive for COVID-19. In

22   other words, COVID-19 is something all litigants and court actors will have to deal with, and there

23   are procedures in place to account for COVID-19 related developments.

24        Thus, the pandemic is not a basis to deny Mr. Rothenberg's request, when he is free to

25   otherwise travel across the United States and Pretrial Services does not oppose the travel request.

26

27   _____

28   [1] *See New York Times*, "Coronavirus World Map: Tracking the Global Outbreak,"
     https://www.nytimes.com/interactive/2021/world/covid-cases.html. Incidentally, the U.S. has a
     higher case rate per 100,000 than Guatemala (16) and Mexico (6), and a similar rate to Belize (42).

DEFENDANT'S MOTION FOR RECONSIDERATION AND [PROPOSED] ORDER
*United States v. Rothenberg*, 3:20-CR-00266-JST (NC)

3

1

2

3

4    Dated:    September 21, 2021              Respectfully submitted,

5                                             MOEL LAH FAKHOURY LLP

6

7                                             Hanni M. Fakhoury
                                              Attorneys for Michael Rothenberg

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S MOTION FOR RECONSIDERATION AND [PROPOSED] ORDER
*United States v. Rothenberg*, 3:20-CR-00266-JST (NC)

4

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No.:** 3:20-CR-00266-JST (NC) |
| Plaintiff, | |
| v. | **[PROPOSED] ORDER GRANTING LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| MICHAEL ROTHENBERG, | |
| Defendant. | |

For good cause show, the defendant's motion for leave to file a motion for reconsideration is hereby GRANTED.

**IT IS SO ORDERED.**

DATED:_____          _____

HONORABLE NATHANAEL COUSINS
United States Magistrate Judge

[PROPOSED] ORDER GRANTING LEAVE TO FILE MOTION FOR RECONSIDERATION
*United States v. Rothenberg*, 3:20-CR-00266-JST (NC)

1