STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

BENJAMIN KINGSLEY (CABN 314192)
Acting Criminal Chief

KYLE F. WALDINGER (CABN 298752)
NICHOLAS J. WALSH (CABN 314290)
Assistant United States Attorneys

     450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102-3495
     Telephone: (415) 436-7200
     Fax: (415) 436-7234
     Email: Kyle.Waldinger@usdoj.gov
     Email: Nicholas.Walsh@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 20-0266 JST |
| Plaintiff, | UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE SURPLUSAGE OR, ALTERNATIVELY, FOR A BILL OF PARTICULARS |
| v. | |
| MICHAEL BRENT ROTHENBERG, a/k/a MIKE ROTHENBERG, | Hearing Date:   October 22, 2021 Hearing Time:   9:30 a.m. |
| Defendant. | |

1

## <u>TABLE OF CONTENTS</u>

2   **RELEVANT ALLEGATIONS OF THE INDICTMENT** ...................................................1

3   **STATUS OF DISCOVERY** .................................................................................................2

4   **ARGUMENT** ........................................................................................................................3

5   I.      ROTHENBERG HAS NOT DEMONSTRATED THAT HE IS ENTITLED TO
           HAVE ANY "SURPLUSAGE" DELETED FROM THE INDICTMENT ...................................3

6
           A.      Legal Standards Governing Motions to Strike Surplusage....................3

7
           B.      Rothenberg Has Not Shown that any of the Allegations of Which He
8                  Complains are Prejudicial or Inflammatory..........................................5

9   II.     THE INDICTMENT'S ALLEGATIONS REGARDING "AIDING AND
           ABETTING" REFLECT BLACK LETTER LAW AND SHOULD NOT BE
10         STRICKEN .............................................................................................................6

11         A.      The Law of "Aiding and Abetting" ........................................................6

12         B.      Because Aiding-and-Abetting Liability is Implicit in Every Indictment, the
                   Aiding-and-Abetting Allegations in the Indictment are Non-Prejudicial
13                 Surplusage..............................................................................................7

14  III.    ROTHENBERG IS NOT ENTITLED TO A BILL OF PARTICULARS .....................................8

15         A.      The Legal Standards .............................................................................8

16         B.      The Indictment Sufficiently Apprises Rothenberg of the Charged Offenses
                   and There has been Voluminous Discovery and, Thus, a Bill of Particulars is
17                 Unnecessary and Unwarranted ............................................................10

18  **CONCLUSION** ..................................................................................................................13

19

20

21

22

23

24

25

26

27

28

1

## <u>TABLE OF AUTHORITIES</u>

2

Page(s)

3

**Cases**

4

5

*Hamling v. United States*,
   418 U.S. 87 (1974) ................................................................................................................ 9

6

*Morgan v. United States*,
   380 F.2d 686 (9th Cir. 1967) ............................................................................................. 10

7

*United States v. Anderson*,
   2006 WL 8444315 (D. Minn. Mar. 1, 2006) ................................................................... 12

8

*United States v. Armstrong*,
   909 F.2d 1238 (9th Cir. 1990) ........................................................................................ 6, 7

9

*United States v. Awan*,
   966 F.2d 1415 (11th Cir. 1992) .......................................................................................... 5

10

*United States v. Ayers*,
   924 F.2d 1468 (9th Cir. 1991) ......................................................................................... 10

11

*United States v. Beery*,
   2000 WL 1290406 (D. Kan. Aug. 1, 2000) .................................................................... 12

12

*United States v. Calvi*,
   830 F. Supp. 221 (S.D.N.Y. 1993) .............................................................................. 11, 12

13

*United States v. Cecil*,
   608 F.2d 1294 (9th Cir. 1979) ......................................................................................... 13

14

*United States v. Chaverra-Cardona*,
   667 F. Supp. 609 (N.D. Ill. 1987) ...................................................................................... 4

15

16

*United States v. Chenaur*,
   552 F.2d 294 (9th Cir. 1997) ............................................................................................. 9

17

*United States v. Critzer*,
   951 F.2d 306 (11th Cir. 1992) ........................................................................................... 8

18

*United States v. Crow*,
   824 F.2d 761 (9th Cir. 1987) ........................................................................................... 11

19

*United States v. Davis*,
   336 F.3d 920 (9th Cir. 2003) ............................................................................................. 9

20

*United States v. DeLeon*,
   468 F. Supp. 2d 290 (D.N.H. 2007) ................................................................................ 12

21

*United States v. DiCesare*,
   765 F.2d 890 (9th Cir. 1985) ............................................................................................. 9

22

*United States v. Edwards*,
   72 F.Supp.2d 664 (M.D. La. 1999) ................................................................................... 4

23

*United States v. Fitzgerald*,
   882 F.2d 397 (9th Cir. 1989) ............................................................................................. 9

24

25

*United States v. Garcia*,
   400 F.3d 816 (9th Cir. 2005) ............................................................................................. 7

26

*United States v. Gaskins*,
   849 F.2d 454 (9th Cir. 1988) ............................................................................................. 7

27

*United States v. Giese*,
   597 F.2d 1170 (9th Cir. 1979) ...................................................................................... 9, 10

28

*United States v. Hedgepeth*,
   434 F.3d 609 (3d Cir. 2006) ............................................................................... 4

*United States v. Islam*,
   2021 WL 312580 (E.D. Pa. Jan. 29, 2021) ...................................................... 12

*United States v. Jenkins*,
   785 F.2d 1387 (9th Cir. 1986) ..................................................................... 3, 4

*United States v. Johnson*,
   2019 WL 2453825 (E.D. Mo. Mar. 28, 2019) ................................................... 5

*United States v. Kail*,
   2018 WL 6511154 (N.D. Cal. Dec. 11, 2018) ................................................... 5

*United States v. Long*,
   706 F.2d 1044 (9th Cir. 1983) ................................................................. 9, 10

*United States v. Manafort*,
   2018 WL 10394893 (D.D.C. June 12, 2018) .................................................. 13

*United States v. McCloud*,
   2011 WL 13356074 (S.D. Ga. Mar. 21, 2011) ............................................... 12

*United States v. McKay*,
   70 F.Supp.2d 208 (E.D.N.Y. 1999) ............................................................... 10

*United States v. Meech*,
   487 F.Supp.2d 946 (D. Mont. 2020) ............................................................ 5, 6

*United States v. Miller*,
   250 F.R.D. 588 (D. Kan. 2008) ................................................................... 13

*United States v. Mitchell*,
   744 F.2d 701 (9th Cir. 1984) ........................................................................ 9

*United States v. Musacchio*,
   968 F.2d 782 (9th Cir. 1991) ........................................................................ 9

*United States v. Parga-Rosas*,
   238 F.3d 1209 (9th Cir. 2001) ...................................................................... 9

*United States v. Pollack*,
   534 F.2d 964 (D.C. Cir. 1976) .................................................................... 12

*United States v. Poore*,
   594 F.2d 39 (4th Cir. 1979) .......................................................................... 4

*United States v. Ramirez*,
   710 F.2d 535 (9th Cir. 1983) ........................................................................ 4

*United States v. Renteria*,
   557 F.3d 1003 (9th Cir. 2009) ...................................................................... 7

*United States v. Rezaq*,
   134 F.3d 1121 (D.C. Cir. 1998) .................................................................... 4

*United States v. Roselli*,
   432 F.2d 879 (9th Cir. 1970) ........................................................................ 8

*United States v. Ryland*,
   806 F.2d 941 (9th Cir. 1986) ...................................................................... 10

*United States v. Scarpa*,
   913 F.2d 993 (2d Cir. 1990) .......................................................................... 4

*United States v. Sutcliffe*,
   505 F.3d 944 (9th Cir. 2007) ...................................................................... 12

*United States v. Terrigno*,
   838 F.2d 371 (9th Cir. 1988) ........................................................................ 4

*United States v. Williams*,
    445 F.3d 724 (4th Cir. 2006) ................................................................................ 5

*United States v. Woodruff*,
    50 F.3d 673 (9th Cir. 1995) ........................................................................... 9, 11

*Yeargain v. United States*,
    314 F.2d 881 (9th Cir. 1963) ............................................................................. 10

**Statutes**

18 U.S.C. § 2 ................................................................................................. 1, 8, 11, 12
18 U.S.C. § 2(a) ....................................................................................................... 1
18 U.S.C. § 2(b) ...................................................................................................... 2

**Rules**

Fed. R. Crim. P. 7(c)(1) ....................................................................................... 8, 9
Fed. R. Crim. P. 7(d) ........................................................................................... 3, 4
Fed. R. Crim. P. 7(f) ......................................................................................... 9, 10
Fed. R. Crim. P. 12(b)(3) ...................................................................................... 5, 6

The United States respectfully submits its Opposition to the defendant Michael Rothenberg's Motion to Strike Surplusage or, Alternatively, for a Bill of Particulars.  Dkt. 86.  For the reasons set forth below, the Court should deny the motion in its entirety.

## RELEVANT ALLEGATIONS OF THE INDICTMENT

The United States herein incorporates the descriptions of the Indictment set forth in its Opposition to the defendant's Motion to Dismiss (Dkt. 85) and its Opposition to the defendant's Motion to Sever (Dkt. 87).  In addition to those descriptions, and as relevant to the instant Motion to Strike, the government notes the following regarding the Indictment's allegations.

As an initial matter, the Indictment alleges that defendant Michael Rothenberg was associated with at least two companies – Rothenberg Ventures Management Company ("RVMC") and River Studios – and that, through RVMC and other entities (such as "Rothenberg Group"), Rothenberg managed various investment funds.  *See* Indict., ¶¶ 1-10.  The evidence at trial will show that RVMC, River Studios, and other entities controlled by Rothenberg employed numerous individuals who were subordinate to Rothenberg and who, as his employees, took actions at his direction.

As a result, the Indictment contains allegations that Rothenberg took actions both "personally," as well as "through others acting at his direction."  *Id.*, ¶¶ 44.a, 44.b & 44.d.  The Indictment also alleges that Rothenberg caused an employee to send materials to potential investors in one instance, *see id.*, ¶ 44.c, and that he engaged another individual ("D.F.") to solicit investments into River Studios, *see id.*, ¶ 38.a.  Moreover, the Indictment contains allegations that Rothenberg either "directed" actions be taken, or "caused" actions to be taken.  *See id.*, ¶¶ 28.f, 38.e, 44.e, 48.b & 48.c.  Accordingly, because of the size and variety of the defendant's business enterprises and because of the breadth and ubiquity of his alleged fraudulent conduct, this is not a case where the evidence at trial will consist of actions taken by the defendant alone.  Rather, the government expects that much of the trial evidence will reflect that Rothenberg had others take actions or make representations at his direction and request.  This case is the quintessential situation in which either subsection of 18 U.S.C. § 2 may come into play.  *See* 18 U.S.C. § 2(a) (so-called "aiding and abetting" liability); 18 U.S.C. § 2(b) (so-called "causing" liability).

Furthermore, the Indictment alleges that Rothenberg and his companies managed four main investment funds, as well as other "co-funds."  Indict., ¶¶ 3-4.  In all, the Indictment alleges that

Rothenberg raised a net amount of nearly $46 million from about 200 investors.  *Id.*, ¶ 8.  The

Indictment also contains allegations about "potential investors," *see, e.g.*, *id.*, ¶¶ 38.a & 43, and the

government expects that the evidence at trial will show that not every potential investor became an

actual investor.  Paragraphs 13 through 24 of the Indictment contain specific allegations about no less

than 12 separate actual investors in the various venture capital funds; paragraphs 12 and 37 contain

allegations about two related companies that invested in Rothenberg's company River Studios through a

convertible promissory note.  Again, because of the size and variety of Rothenberg's business

enterprises and because of the breadth and ubiquity of his alleged fraudulent conduct, the government

expects that, although its evidence at trial will focus on the investors identified in the Indictment, the

trial may also include evidence of representations made to, and actions taken vis-à-vis, other investors

and potential investors.  Such evidence is admissible as conduct inextricably intertwined with the

offense conduct and as conduct that is part of the schemes to defraud.  Such evidence may also be

relevant to proving Rothenberg's intent to defraud and knowing participation in the alleged schemes.

### STATUS OF DISCOVERY

The government has provided a wealth of discovery to the defendant.  The government has

provided extensive materials pursuant to Rule 16(a)(1), as well as additional materials not required by

Rule 16(a)(1), such as reports of witness interviews.  Some of the significant categories of materials that

the government has produced are the following:

- Reports of witness interviews;[1]

- Business records obtained by the United States in its investigation,
  including but not limited to records obtained from alleged victims such as
  Silicon Valley Bank, P LLC, G Inc., and others, as well as bank and other
  records establishing the loans and line of credit at issue in Counts One
  through Four and the monetary transactions and wire transmissions
  alleged in Counts Five through Twenty-Three; and

- Materials obtained by the SEC in its parallel civil investigation, including
  but not limited to voluminous records provided to the SEC by RVMC,[2]
  other records obtained by the SEC in its investigation, the report of the

---

[1]  Although such witness-interview reports are generally excepted from discovery under Rule
16(a)(2), the United States believes that it has provided the defendant with all available reports and that,
therefore, the defendant has in his possession the substance of virtually all (if not all) statements made
by witnesses that have been memorialized and that are in the government's possession.

[2]  The RVMC records include email correspondence and records regarding the individuals and
entities who invested in RVMC's venture capital funds, as well as internal RVMC correspondence.

UNITED STATES' OPP. MTN. STRIKE          2
CR 20-0266 JST

SEC's expert witness, and a hard drive containing ~300 GB of data from RVMC that was provided by a third-party to the SEC.

The government estimates that the discovery produced to the defendant includes more than 348,000 "hard" Bates-numbered pages or items. The government also understands that the hard drive containing ~300GB of data referred to above likely includes a significant number of RVMC emails and other RVMC business records; the emails and other records on that hard drive have been produced in "native" form and are "soft" Bates numbered up to 131,257.[3] Accordingly, (1) the materials generated and obtained by the government and the SEC in their parallel investigations and (2) the RVMC materials provided to the SEC by the third party amount to more than 475,000 Bates-numbered pages or items.

In addition to the discovery provided by the government to the defendant in this criminal case, Rothenberg has had the benefit of the information generated about Rothenberg and his companies in the SEC's related civil case pending before this Court, *see* CV 18-05080 JST, and in the civil cases that the defendant has filed against Silicon Valley Bank and against other individuals.[4]

## ARGUMENT

### I.    ROTHENBERG HAS NOT DEMONSTRATED THAT HE IS ENTITLED TO HAVE ANY "SURPLUSAGE" DELETED FROM THE INDICTMENT

#### A.    Legal Standards Governing Motions to Strike Surplusage

Federal Rule of Criminal Procedure 7(d) provides that, "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." The Ninth Circuit has said that surplusage is language that "goes beyond alleging elements of the crime." *United States v. Jenkins*, 785 F.2d 1387,

---

[3] On September 28, 2021, a letter sent to the Court by a friend of the defendant was filed on the docket. *See* Dkt. 93. In that letter, the defendant's friend reports that the defendant told him in August 2021 that his attorney had not yet received "300gb of discovery" promised by the government. Upon reviewing that letter, counsel for the United States confirmed with defense counsel that the defense had in fact received the hard drive containing these materials from the government in April 2021.

[4] These other lawsuits include (1) *Rothenberg et al. v. Haase et al.*, CGC-19-578429 (San Francisco Sup. Ct.) (in which Rothenberg sued former employees and other individuals and entities) and (2) *Rothenberg et al. v. Silicon Valley Bank*, CV-19-355568 (Sta. Clara Sup. Ct.) (in which Rothenberg sued SVB related to the events alleged in Counts Three and Four). In addition, it is the government's understanding that Rothenberg was the defendant in suits filed in San Francisco by former employees and by at least one victim. *See, e.g., Haase v. RVMC et al.*, CGC-16-553970; *Fanelli v. RVMC et al.*, CGC-16-554609 & CGC-18-567199; *Transcend VR, LLC v. Rothenberg et al.*, CGC-17-557005. Because these other lawsuits relate at least in part to the allegations of the Indictment, the defense has the benefit of that litigation and factfinding.

1392 (9th Cir. 1986).  Surplusage is not *per se* improper, but nonetheless may be stricken if it works

prejudice on the defendant.  *Id.* ("[t]he inclusion of surplusage must not be allowed to prejudice a

defendant in the context of his case").  Thus, a court may exercise its discretion to strike surplusage from

an indictment where necessary "to protect a defendant against 'prejudicial or inflammatory allegations

that are neither relevant nor material to the charges.'"  *United States v. Terrigno*, 838 F.2d 371, 373 (9th

Cir. 1988) (quoting *United States v. Ramirez*, 710 F.2d 535, 544-45 (9th Cir. 1983)); *accord United

States v. Scarpa*, 913 F.2d 993, 1013 (2d Cir. 1990) ("Motions to strike surplusage from an indictment

will be granted only where the challenged allegations are not relevant to the crime charged and are

inflammatory and prejudicial.") (internal citations and quotation marks omitted).

"[I]f evidence of the allegation is admissible and relevant to the charge, then regardless of how

prejudicial the language is, it may not be stricken." *Id.* (quotation omitted); *see also United States v.

Rezaq*, 134 F.3d 1121, 1134 (D.C. Cir. 1998) ("a motion to strike surplusage [from the indictment]

should be granted only if it is clear that the allegations are not relevant to the charge and are

inflammatory and prejudicial") (quotation omitted); *United States v. Hedgepeth*, 434 F.3d 609, 612 (3d

Cir. 2006) ("[I]nformation that is prejudicial, yet relevant to the indictment, must be included for any

future conviction to stand and information that is irrelevant need not be struck if there is no evidence

that the defendant was prejudiced by its inclusion."); 1 Charles Alan Wright & Andrew D. Leipold,

Federal Practice and Procedure § 128, at 643 (4th ed. 2008) (court should grant motion to strike

surplusage "only if it is clear that the allegations are not relevant to the charge and are inflammatory and

prejudicial").  "As noted by courts and commentators, this is a rather exacting standard, and only rarely

has surplusage been ordered stricken." *United States v. Chaverra-Cardona*, 667 F. Supp. 609, 611

(N.D. Ill. 1987) (quotation omitted); *see also* Wright & Leipold, § 128 ("[N]o matter how framed, it is

an exacting standard, and courts are often slow to grant a motion to strike surplusage.").

The burden of showing that surplusage should be stricken as inflammatory and/or prejudicial

rests with the defendant.  *See United States v. Edwards*, 72 F. Supp. 2d 664, 667 (M.D. La. 1999) ("the

court should not grant a defendant's motion to strike surplusage as prejudicial unless it is clear that the

information is not relevant and is prejudicial").  Whether to grant a motion under Rule 7(d) is a decision

that rests in the discretion of the district court. *Terrigno*, 838 F.2d at 373 (citing *United States v. Poore*,

594 F.2d 39, 41 (4th Cir. 1979)).

### B.   Rothenberg Has Not Shown that any of the Allegations of Which He Complains are Prejudicial or Inflammatory

As an initial matter, there is nothing prejudicial or inflammatory about aiding-and-abetting allegations, as other courts have recognized. *See, e.g.*, *United States v. Johnson*, 2019 WL 2453825, at *5 (E.D. Mo. Mar. 28, 2019) ("[T]here is nothing particularly inflammatory in the government's use of terms such as 'acting together and with others.'  Rather, this language is innocuous.").  So, too, with respect to the allegations about "certain investors."  Indeed, the Indictment already identifies no less than 12 investors in Rothenberg's venture capital funds; it is hard to see how additional references to "certain investors" can be inflammatory or unfairly prejudicial.

To the extent that Rothenberg contends that the allegations of the Indictment regarding "aiding and abetting" and regarding "certain investors" would work to his prejudice if known at the outset of the case by the petit jury, the government has no objection to the Court *not* reading the Indictment to the jury and does not currently intend to request the Indictment be sent to the jury room in deliberations. Rather, at the outset of the case, the government believes that the jury venire and petit jury can be apprised of the general nature of the charges in this case by the Court reading a summary of those charges.  (Indeed, this procedure is what is typically done in this District.)  Other courts have taken this approach when defendants have complained that "surplusage" in an indictment is prejudicial or inflammatory.  *See United States v. Awan*, 966 F.2d 1415, 1426 (11th Cir. 1992) ("it is proper to reserve ruling on a motion to strike surplusage until the trial court has heard evidence that will establish the relevance of the allegedly surplus language"); *United States v. Williams*, 445 F.3d 724, 734 (4th Cir. 2006) (holding that district court did not abuse discretion in denying motion to strike when indictment was not given to jury and court specifically instructed jury that indictment was not evidence).

As set forth above, because the defendant has not established that any of the allegations that he alleges are "surplusage" are prejudicial or inflammatory, the Court should deny his Motion to Strike.[5]

---

[5]  Rothenberg also refers to Rule 12(b)(3)(B)(iii), and notes that a defendant may argue that an indictment is defective for "lack of specificity."  Dkt. 86, at 2:3-4.  However, Rule 12(b) motions for "lack of specificity" typically seek dismissal of the indictment, which the defendant does not explicitly do in the instant motion.  *See, e.g.*, *United States v. Kail*, 2018 WL 6511154, at *2 (N.D. Cal. Dec. 11, 2018) (Freeman, J.) (noting that Rule 12(b)(3) permits motion to dismiss for "lack of specificity"); *United States v. Meech*, 487 F.Supp.2d 946, 949 (D. Mont. 2020).  In any event, to the extent that the

## II.    THE INDICTMENT'S ALLEGATIONS REGARDING "AIDING AND ABETTING" REFLECT BLACK LETTER LAW AND SHOULD NOT BE STRICKEN

### A.    The Law of "Aiding and Abetting"

The so-called aiding-and-abetting statute provides in full:

> (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
>
> (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

18 U.S.C. § 2.

The Ninth Circuit has explained the "conceptual difference" between the two subsections of the aiding-and-abetting statute.  Under the first subsection,

> the government must prove that someone committed the substantive crime, although the failure to prosecute or to obtain a prior conviction of that individual does not preclude the conviction of the aider and abettor.

*United States v. Armstrong*, 909 F.2d 1238, 1241 (9th Cir. 1990).  As the Ninth Circuit explained, this first subsection applies, for example, when another person (or the defendant) was a "knowing participant" in the crime.  *Id.*

In contrast, under the second subsection, "the government need not prove that someone *other than* the defendant was guilty of the substantive crime."  *Armstrong*, 909 F.2d at 1241 (quotation omitted) (emphasis added).  This subsection applies, for example, when the person who committed the criminal acts did not possess the requisite *mens rea*, but the defendant caused the acts to be done by that person.  In such a circumstance, a defendant is treated as the so-called "principal."  *Id.* ("[I]f McGerty was unaware that the firearm transaction records were falsified, Armstrong [the defendant] would have caused the offense.").

The Ninth Circuit has long held that "[a]iding and abetting is implied in every federal indictment for a substantive offense," and an indictment need not specifically charge "aiding and abetting" or

---

defendant is seeking dismissal of the Indictment here because of "lack of specificity," the Court should deny any such motion for the same reasons that it should deny his alternative request for a bill of particulars.  *See id.* at 950-51 (holding that indictment tracking language of the statute and alleging facts was sufficiently specific to warrant denial of Rule 12(b)(3) motion); *see also* Section III, *infra*.

"causing" the commission of an offense in order to support a jury verdict based upon a finding of either. *Armstrong*, 909 F.2d at 1241 (citation omitted) ("courts have implied both subsections of § 2 in a federal indictment, whether or not they have been specifically charged").

All indictments must be read in effect, then, as if the alternatives provided by § 2 were embodied in each count thereof. *See United States v. Gaskins*, 849 F.2d 454, 459 (9th Cir. 1988) ("all indictments for substantive offenses must be read as if the alternative provided by 18 U.S.C. § 2 were embodied in the indictment"). Although the elements necessary to convict an individual as a traditional principal differ from the elements necessary to show the individual aided and abetted that crime, this difference does not prevent aiding and abetting from being implied in every indictment for a substantive offense. *See id.* at 459-60; *Armstrong*, 909 F.2d at 1242.

Moreover, the "difference between causing and aiding and abetting alone [] does not prevent either or both theories from being implied in an indictment." *Armstrong*, 909 F.2d at 1242. That is how every charge is made, since it is black letter law that 18 U.S.C. § 2 is "embedded" in every criminal charge, regardless of whether specified in the indictment or not. *United States v. Garcia*, 400 F.3d 816, 820 (9th Cir. 2005) ("Aiding and abetting is simply one means of committing a single crime. Indeed, we have often referred to aiding and abetting as a theory of liability. . . . We have also held a number of times in different contexts that aiding and abetting is embedded in every federal indictment for a substantive crime") (citations omitted) (collecting cases); *id.* ("[A]iding and abetting is a different means of committing a single crime, not a separate offense itself, for otherwise it could not be implicit in a substantive charge."). Thus, every substantive count is alleged to have been committed by each defendant charged in that count as principal, as aider and abettor, and as causer. The government is permitted to charge and proceed on multiple theories of liability. *Cf. United States v. Renteria*, 557 F.3d 1003, 1008 (9th Cir. 2009).

### B. Because Aiding-and-Abetting Liability is Implicit in Every Indictment, the Aiding-and-Abetting Allegations in the Indictment are Non-Prejudicial Surplusage

Based on the black letter law set forth in Section II.A, *supra*, it is true, then, that the Indictment's allegations regarding "aiding and abetting" are surplusage and its citation to 18 U.S.C. § 2 a tautology. As noted in Section I, *supra*, however, this is not the kind of surplusage that is prejudicial or

1   inflammatory.   Indeed, the Ninth Circuit has specifically rejected the argument that an indictment's

2   "aiding and abetting" allegations could work prejudice on a defendant with respect to his chosen

3   defense.  *See United States v. Roselli*, 432 F.2d 879, 895 (9th Cir. 1970) ("[Defendant] appears to

4   complain [that] the allegation that he aided and abetted the commission of the offenses caused him to

5   come forward with a defense, and a successful one, specifically directed to that theory of liability, but

6   since he would have been exposed to liability on this theory in any event, the particularization did him

7   no harm.").  Furthermore, as set forth in this subsection, striking this "surplusage" can have no legal

8   effect because both "aiding and abetting" liability and "causing" liability are implied, embedded, and

9   included in every indictment.  *See id.* at 895 n.27 (noting that indictment's language charging "aiding

10  and abetting" was "simply surplusage").

11      The defendant's request to strike the aiding-and-abetting allegations appears to be a back-door

12  attempt to prevent the Court from giving an aiding-and-abetting instruction at trial.  However, as noted

13  above, aiding and abetting is implied in all offenses, and the defendant's motion should be denied for

14  that reason alone.  By seeking to strike aiding and abetting from the Indictment (and thereby attempting

15  to prevent the government from proceeding on that theory at trial), the defendant is essentially moving

16  for summary judgment.  However, "[t]here is no summary judgment procedure in criminal cases," and

17  the Federal Rules of Criminal Procedure do not "provide for a pre-trial determination of sufficiency of

18  the evidence."  *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992).  The government will be

19  entitled to an aiding-and-abetting instruction at trial.  The Court should reject the defendant's attempt to

20  seek "summary judgment" on that theory by striking allegations in the Indictment.

21  **III.      ROTHENBERG IS NOT ENTITLED TO A BILL OF PARTICULARS**

22      **A.      The Legal Standards**

23          **1.      Sufficiency of the Indictment**

24  Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides in relevant part that

25          [t]he indictment or information must be a plain, concise, and definite
            written statement of the essential facts constituting the offense
26          charged. . . .   A count may allege that the means by which the defendant
            committed the offense are unknown or that the defendant committed it by
27          one or more specified means.  For each count, the indictment or
            information must give the official or customary citation of the statute, rule,

28

1    regulation, or other provision of law that the defendant is alleged to have
2    violated.

3    Fed. R. Crim. P. 7(c)(1).

4          An indictment is sufficient if it "first, contains the elements of the offense charged and fairly

5    informs a defendant of the charge against which he must defend, and, second, enables him to plead an

6    acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*,

7    418 U.S. 87, 117 (1974); *United States v. Chenaur*, 552 F.2d 294, 301 (9th Cir. 1997) (indictment

8    sufficiently apprises defendant of charges against him when words of indictment fully, directly, and

9    expressly, without any uncertainty or ambiguity, set forth all elements necessary to constitute offense

10   intended to be punished).  The Ninth Circuit has held repeatedly that an indictment tracking the charged

11   offenses' statutory language is generally sufficient.  *See, e.g.*, *United States v. Davis*, 336 F.3d 920, 922

12   (9th Cir. 2003) (indictment tracking statutory language is generally sufficient); *United States v. Parga-*

13   *Rosas*, 238 F.3d 1209, 1213 (9th Cir. 2001) (no reason to invalidate indictment because it did not go

14   further than charging statutory elements of offense); *United States v. Woodruff*, 50 F.3d 673, 676 (9th

15   Cir. 1995) ("bare bones" information that tracked statutory language was generally sufficient); *United*

16   *States v. Musacchio*, 968 F.2d 782, 787 (9th Cir. 1991) ("[A]n indictment that sets forth the charged

17   offense in the words of the statute itself is generally sufficient."); *United States v. Fitzgerald*, 882 F.2d

18   397, 399 (9th Cir. 1989) (where indictment tracks words of statute charging offense, indictment will be

19   held sufficient so long as words unambiguously set forth all elements necessary to constitute offense).

20                          **2.      Bill of Particulars**

21         Rule 7(f) provides, "[t]he court may direct the government to file a bill of particulars."  The bill

22   of particulars serves "to apprise the defendant of the specific charges being presented to minimize the

23   danger of surprise at trial, to aid in preparation and to protect against double jeopardy."  *United States v.*

24   *Long*, 706 F.2d 1044, 1054 (9th Cir. 1983); *see also United States v. Giese*, 597 F.2d 1170, 1180 (9th

25   Cir. 1979); *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984).

26         A bill of particulars is appropriate "when the indictment is insufficient to permit the preparation

27   of an adequate defense."  *United States v. DiCesare*, 765 F.2d 890, 897 (9th Cir. 1985).  When deciding

28   whether to order a bill of particulars, a court "should consider whether the defendant has been advised

adequately of the charges through the indictment and all other disclosures made by the government." *Long*, 706 F.2d at 1054. A defendant may not use a motion for a bill of particulars to obtain full discovery of the prosecution's evidence. *Giese*, 597 F.2d at 1181; *see also United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986) ("A defendant is not entitled to know all the *evidence* the government intends to produce at trial but only the *theory* of the government's case.") (emphasis in original) (citation omitted); *id.* (defendant "is not entitled to know the content of the testimony of each of the government witnesses before trial").

Furthermore, full discovery obviates the need for a bill of particulars. *See Giese*, 597 F.2d at 1180; *see also United States v. Ayers*, 924 F.2d 1468, 1483-84 (9th Cir. 1991) (upholding denial of motion for bill of particulars based on information alleged in indictment combined with "significant amount of discovery"); *Long*, 706 F.2d at 1054 ("Full disclosure will obviate the need for a bill of particulars."). A defendant may not use a bill of particulars to obtain more information than required by discovery rules. *See Giese*, 597 F.2d at 1180; *see also Morgan v. United States*, 380 F.2d 686, 698 (9th Cir. 1967) (bill of particulars "does not entitle a defendant to explore at will all evidence the government may hold against him").

The denial of a motion for a bill of particulars is reviewed for an abuse of discretion. *Ayers*, 924 F.2d at 1483; *Long*, 706 F.2d at 1054; *Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963).[6]

### B.    The Indictment Sufficiently Apprises Rothenberg of the Charged Offenses and There has been Voluminous Discovery and, Thus, a Bill of Particulars is Unnecessary and Unwarranted

In this case, the Court should conclude that the Indictment is sufficient. It sets out each of the elements of each of the charged offenses, provides far more detail than required under Ninth Circuit law, and sets out facts that adequately inform the defendant of the specific offenses with which he is charged.

---

[6] Rule 7(f) also requires a defendant to file a bill of particulars motion "before or within 14 days after arraignment." The defendant did not do so in this case. While Rule 7(f) permits the filing of such a motion "at a later time as the court may permit," the defendant has cited no reason why this Court should allow him to do so many months after it initially was due to be filed under Rule 7(f). At least one other court has found this to be a proper basis for denying a defendant's motion for a bill of particulars. *See United States v. McKay*, 70 F.Supp.2d 208, 211 (E.D.N.Y. 1999) ("Since McKay has offered no factual circumstances to indicate good cause for extending the 10 day limit of Rule 7(f), McKay's motion is denied as untimely."). Here, the defendant had more than adequate time to review the charges against him and, more importantly, to seek additional information from the government that might have answered any questions he had about the basis of his aiding-and-abetting liability and about the Indictment's allegations regarding investors.

1  "In the Ninth Circuit '[t]he use of a "bare bones" in[dictment] – that is one employing the statutory

2  language alone – is quite common and entirely permissible so long as the statute sets forth fully, directly

3  and clearly all essential elements of the crime to be punished.'"  *Woodruff*, 50 F.3d at 676 (quoting

4  *United States v. Crow*, 824 F.2d 761, 762 (9th Cir. 1987)).  But here, the Indictment goes far beyond

5  "bare bones" allegations and includes many factual details about Rothenberg, his businesses, the alleged

6  victims, and numerous means and methods of each of the alleged schemes to defraud.  In short, the

7  Indictment sufficiently informs the defendant of the nature of the charges with sufficient precision to

8  enable him to prepare for trial.

9      Moreover, the government has produced voluminous discovery, including: (1) its reports of

10  interviews of witnesses, (2) correspondence from RVMC and from Rothenberg and others acting at his

11  direction, (3) financial and business records of Rothenberg, RVMC, and his venture capital funds,

12  (4) records and materials provided by witnesses and alleged victims, and (5) records and materials

13  pertaining to each of the charged transactions.  Included within the financial and business records of

14  RVMC and Rothenberg's venture capital funds are documents pertaining to the individuals and entities

15  who invested in Rothenberg's funds, including agreements entered into with investors and RVMC's and

16  the funds' bank records showing investments coming in from investors.  Moreover, the government has

17  produced a large volume of correspondence (including email correspondence) between Rothenberg,

18  Rothenberg's employees, and investors and potential investors.

19      Where there has been full discovery, and where the indictment otherwise contains all of the

20  essential elements, Rule 7 does not require a bill of particulars to identify: (1) who actually took the acts

21  to commit the offense, (2) who the defendant aided, abetted, counseled, commanded, induced, or

22  procured to commit an offense, (3) who aided, abetted, counseled, commanded, induced, or procured the

23  defendant to commit an offense, and/or (4) who the defendant caused to do an act that constituted an

24  offense.  As the court in *United States v. Calvi*, 830 F. Supp. 221 (S.D.N.Y. 1993), stated in responding

25  to a defendant's motion for a bill of particulars and claim of "confusion" in the face of "bare-boned

26  allegations of aiding and abetting" in an indictment:

27          There is no occasion for such confusion.  The purpose of the reference to
            section 2 [and to aiding and abetting in the indictment] is to advise the
28          defendants that if the proof turns out to show merely assistance in the
            corrupt and extortionate acts charged or the use of interstate wire
            communications, a conviction may be had even if the defendant involved

UNITED STATES' OPP. MTN. STRIKE          11
CR 20-0266 JST

1

2

3

4

5

> did not do these things directly. . . .  An order directing filing of a bill of
> particulars in regard to this rather detailed indictment would be
> inappropriate in view of the United States attorney having responded to all
> other discovery requests of the defense, and no claim of inadequacy of that
> response having been made. . . .  Rule 7(f) of the Federal Rules of
> Criminal Procedure does not require the United States Attorney to furnish
> a three dimensional colored motion picture of the prosecution's proof prior
> to trial.

6   *Calvi*, 830 F. Supp. at 222-23.

7        Courts across the country have reached the same conclusion in the face of similar indictments

8   and where the provision of discovery was similarly broad.  *See, e.g.*, *United States v. Islam*, 2021 WL

9   312580, at *1-*2 (E.D. Pa. Jan. 29, 2021) (denying motion for bill of particulars to identify whether

10  defendant was alleged to have "acted directly or aided and abetted a principal" and "who that principal

11  [wa]s"; finding that defendant had sufficient information to prepare defense based on "extensive and

12  detailed Indictment and the Government's discovery production"); *United States v. McCloud*, 2011 WL

13  13356074, at *2 (S.D. Ga. Mar. 21, 2011) (denying motion for a bill of particular regarding defendant's

14  role as principal or aider/abettor, where indictment was "specific and support[ed] each of the requisite

15  elements of the charged offenses" and where government provided "liberal discovery"; stating that

16  "[d]iscovery should cure any need for additional information to adequately defend the charges"); *United

17  States v. DeLeon*, 468 F. Supp. 2d 290, 291-93 (D.N.H. 2007) (denying motion for bill of particulars for

18  "identity of the alleged principals" where there had been "extensive discovery"); *United States v.

19  Anderson*, 2006 WL 8444315, at *3 (D. Minn. Mar. 1, 2006) (denying motion for bill of particulars

20  "because the defendants have access to the necessary details regarding the acts of a principal and/or an

21  aider and abettor as charged in the Indictment through the Indictment and the on-going 'open file'

22  discovery" and finding "no reason to believe the defendants will be hindered in their preparation of a

23  defense or prejudiced by surprise at trial"); *United States v. Beery*, 2000 WL 1290406, at *2 (D. Kan.

24  Aug. 1, 2000) (denying motion for bill of particulars; finding that defendant "can adequately prepare his

25  defense as a principal and as an aider and abettor" and "will not be prejudiced by preparing to meet both

26  theories"); *see also United States v. Pollac*k, 534 F.2d 964, 970-71 (D.C. Cir. 1976) (holding that

27  defendant's "complaint that he was not identified as a principal, aider, or abettor in the indictment" was

28  "frivolous," where "all defendants were in fact charged as principals and aiders or abettors").  *Cf. United*

1  *States v. Sutcliffe*, 505 F.3d 944, 960 (9th Cir. 2007) ("identification of a principal is not even an

2  element for an aiding and abetting conviction"). *But see United States v. Manafort*, 2018 WL 10394893

3  (D.D.C. June 12, 2018) (ordering government to identify the individuals or entities whom Manafort

4  caused and aided and abetted); *United States v. Miller*, 250 F.R.D. 588, 603 (D. Kan. 2008) (granting

5  motion for bill of particulars to an "extent," but stating that "Court is mindful that the government need

6  not particularize all of its evidence" and noting that "partial and conditional granting of the motion for

7  bill of particulars does not require the government to detail all of its evidence").[7]

8      Therefore, the defendant's alternative motion for a bill of particulars should be denied.

9  **CONCLUSION**

10      For all of the reasons set forth above, the Court should deny the defendant's motion to strike

11  surplusage.  Although the aiding-and-abetting and investor allegations go beyond what is required to

12  plead the charged offenses, those allegations are not inflammatory in any way and work no unfair

13  prejudice against the defendant.  Moreover, the allegations regarding aiding and abetting are embedded

14  within the Indictment, whether or not they are explicitly set out.  Accordingly, the defendant's motion to

15  strike those allegations is merely an inappropriate attempt to prevent the government from presenting

16  that theory at trial.

17      Finally, the defendant's alternative motion for a bill of particulars should be denied.  Here, the

18  defendant has a lengthy, detailed, and verbose indictment that has been coupled with voluminous and

19  expansive discovery.  A bill of particulars is unwarranted and unnecessary.

20  / / /

21  / / /

22  / / /

23  / / /

24

25      [7] In his motion, the defendant cites the Ninth Circuit's decision in *United States v. Cecil*, 608

26  F.2d 1294 (9th Cir. 1979).  *See* Dkt. 86, at 1-2.  However, *Cecil* does not support the defendant's request to strike allegations *or* his alternative request for a bill of particulars.  On the contrary, *Cecil* speaks to

27  the question of when an indictment must be found to be insufficient *on its face*.  In *Cecil*, the defendants appealed their convictions, arguing that the underlying indictment was insufficient.  *Cecil*, 608 F.2d at

28  1295.  Even though the district court in *Cecil* apparently had granted a pretrial request for a bill of particulars and even though the government provided "open file" discovery, the court of appeals held that the bare bones allegations of the indictment could not be saved by a bill of particulars or by full discovery.  *See id.* at 1296.

UNITED STATES' OPP. MTN. STRIKE     13
CR 20-0266 JST

1    The defendant's motion (Dkt. 86) should therefore be denied in its entirety.

2

3 DATED:  October 1, 2021        Respectfully submitted,

4                  STEPHANIE M. HINDS
                  Acting United States Attorney
5

6                   /s/

7             _____
                  KYLE F. WALDINGER
8                  NICHOLAS J. WALSH
                  Assistant United States Attorneys

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28