MOEEL LAH FAKHOURY LLP
Hanni M. Fakhoury (State Bar No. 252629)
1300 Clay Street, Suite 600
Oakland, CA 94612
Telephone: (510) 500-9994
Email: hanni@mlf-llp.com

Attorneys for Michael Rothenberg

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ROTHENBERG,<br><br>Defendant. | Case No.: 3:20-CR-266-JST<br><br>**DEFENDANT'S REPLY TO UNITED STATES' OPPOSITION TO MOTION TO DISMISS COUNTS 1, 3 AND 5-23 FOR FAILURE TO STATE AN OFFENSE OF ALTERNATIVELY TO STRIKE THE OMISSIONS THEORY AS INSUFFICIENTLY PLEADED**<br><br>**Court:** Courtroom 6, 2nd Floor<br>**Hearing Date:** October 22, 2021<br>**Hearing Time:** 9:30 a.m. |

**INTRODUCTION**

Mr. Rothenberg moved to dismiss counts 1, 3, 5-7 and 12-23 of the superseding indictment ("SI") for failure to properly allege an omissions theory of fraud or alternatively, strike any omissions based theory of fraud from the indictment. *See* Dkt. 85, Defendant's Motion to Dismiss Counts 1, 3 and 5-23 for Failure to State an Offense or Alternatively to Strike the Omissions Theory as Insufficiently Pleaded ("Omissions Motion"). Mr. Rothenberg explained that counts 1, 3 and 5-7 failed to allege he owed any duty to disclose, and that while counts 12 through 23 alleged a generic duty of disclosure, it did not allege the basis for the duty. Omissions Motion at 4.

The government opposes the motion, arguing it "intends to rely on an 'omissions theory' *only* with respect to the fraud schemes alleged in Counts Twelve through Fifteen and Counts Sixteen through Twenty-Three." *See* Dkt. 94, United States Opposition to Defendant's Motion to Dismiss Counts 1, 3 and 5-23 for Failure to State an Offense or Alternatively to Strike the Omissions Theory as Insufficiently Pleaded ("Gov. Omissions Oppo.") at 8 (emphasis in original). As for Counts 1, 3 and 5-7, it argues it is not relying on an omissions theory, but rather "'misrepresentation fraud,' which can consist not only of affirmative misrepresentations, but also half-truths and concealment of material facts." *Id.* at 9.

As explained below, the government is wrong. To the extent it intends to rely on "concealment of material facts" to prove the fraud alleged in counts 1, 3 and 5-7, it needed to allege a duty to disclose in the indictment, which the government candidly admits it did not do. As for counts 12-23, while the indictment alleges a duty to disclose, it does not allege the factual basis for the duty and as such fails to properly allege an omissions theory of fraud liability. The counts should thus be dismissed to the extent they rely solely on an omissions theory of fraud; to the extent they rely on both misrepresentation and omissions theories, then the omissions theories must be stricken.

**ARGUMENT**

**A.** **A misrepresentation based on the "concealment of material facts" is omissions fraud.**

The bank fraud charged in counts 1 and 3, and the wire fraud charged in counts 5, 6 and 7 accuse Mr. Rothenberg of obtaining money "by means of material false and fraudulent pretenses, representations, and promises, *and by concealment of material facts*." SI at ¶¶ 27, 32, 37, 39

DEFENDANT'S REPLY TO U.S. OPPOSITION TO MOTION TO DISMISS OMISSIONS THEORY
*United States v. Rothenberg*, 3:20-CR-266-JST

1

(emphasis added). None of these counts allege Mr. Rothenberg owed any duty—fiduciary or otherwise—to either SVB or P LLC. The government itself acknowledges as much. On counts 1 and 3, it writes that "because individuals who obtain loans from financial institutions have no fiduciary-like relationship with the lenders," it did not include "allegations regarding Rothenberg's 'omissions' or any 'duty to disclose.'" Gov. Omissions Oppo. at 4-5. As for counts 5-7 dealing with P LLC, because the investment was "in the form of a 'convertible promissory note'" which the "government understands…to have been akin to a loan," it also did not "include 'omissions' and 'duty to disclose' allegations." *Id.* at 5.

Despite making clear it is not relying on an omissions theory on counts 1, 3 and 5-7, and despite admitting it did not include any allegation that Mr. Rothenberg owed any duty to SVB or P LLC, the government nonetheless maintains it can convict Mr. Rothenberg of wire fraud on these counts by proving "concealment of material facts," which it claims is not "omissions fraud."

But that is a distinction without a difference. As one judge in this district has noted, there is "no meaningful distinction between 'omission,' 'non-disclosure,' and 'concealment,'" and "[e]ven the dictionary definitions do not reveal a meaningful distinction among the terms." *United States v. Galloway*, CR 14-607 PJH, 2016 WL 4269961, at *3 (N.D. Cal. Aug. 15, 2016).[1] The government itself acknowledges "any half-truth is in some sense an omission," and "it is not the *withholding* of information that distinguishes misrepresentation fraud from fraud by omission—some element of withholding is common to each." Gov. Omissions Oppo. at 13 (emphasis in original).

Instead, it claims the "key is whether the government accuses the defendant of speaking only some truth while withholding or concealing the rest in order to create a false impression." *Id.* at 13-14. But that of course is simply restating that the defendant must have the intent to defraud, which is true regardless of whether the government pursues a misrepresentation or omissions theory of fraud. And so again, the government's claim that "concealing information in a misleading way is part of a

---

[1] While the Court did not indicate which dictionaries it was relying on, it noted the following definitions: "omission ('non-performance or neglect of an action which one has a moral duty or legal obligation to perform'), non-disclosure ('failure to reveal or disclose information') and concealment ('crime of concealing or suppressing information so as to cause injury or disadvantage to another')." *Galloway*, 2016 WL 4269961, at *3.

half-truths misrepresentation fraud, not a signal of fraud by omission" is wrong. *Id.* at 14.

Moreover, to the extent the government argues a duty to disclose is only implicated when a fraud prosecution is based *solely* on an omissions theory, it is flat wrong. *See* Gov. Omissions Oppo. at 12 ("Ninth Circuit law will require the Court to instruct the jury that it must find such a [fiduciary or fiduciary-like] relationship in order to convict the defendant based *solely* on pure omissions.") (emphasis added). In *United States v. Shields*, 844 F.3d 819 (9th Cir. 2016), the Ninth Circuit explained "it was error to not instruct the jury that it must find a relationship creating a duty to disclose before it could conclude that a material non-disclosure supports a wire fraud charge." 844 F.3d at 823. *Shields* did not distinguish between fraud cases predicated *solely* on omissions as opposed to cases involving both misrepresentations and omissions. Interpreting *Shields*, a later panel of the Ninth Circuit has explained the duty to disclose "rule is not limited to 'pure omissions' cases, where the allegations of fraud are only based on non-disclosures." *United States v. Spanier*, 744 Fed. Appx. 351, 353 (9th Cir. 2018) (citing *Shields*, 844 F.3d at 823). Indeed, in *Spanier* the Ninth Circuit found it was error to not give a jury instruction concerning an omissions theory when "the indictment, the district court's summary of the case to the jury, the jury instructions, and the evidence presented at trial show that the government's fraud case was based on affirmative misrepresentations, half-truths, *and* omissions." 744 Fed. Appx. at 353-54 (emphasis in original).

Thus, whether phrased as "concealment" or "omissions," any government effort to prosecute Mr. Rothenberg for fraud based on supplying incomplete information must include an allegation that he owed a duty to disclose. In its absence, any count in the indictment predicated solely on "concealment" or "omissions" must be dismissed. Because the government has disclaimed reliance on an omissions theory on counts 1, 3 and 5-7, the allegations in the indictment that Mr. Rothenberg allegedly engaged in fraud by "concealment of materials facts" should thus be stricken and prosecution on those counts must proceed solely on the theory that Mr. Rothenberg allegedly used "material false and fraudulent pretenses, representations and promises." SI at ¶¶ 27, 32, 37, 39.[2]

---

[2] The government agrees the Court should give the portion of Ninth Circuit Model Instruction 8.124 dealing with the duty to disclose with respect to counts 12-23. Gov. Omissions Oppo. at 15. But if the Court does not strike the omissions theory on Counts 1, 3 and 5-7 then, at a minimum, it should instruct any potential jury on the duty to disclose on *all* fraud counts.

**B.  The factual basis for the duty to disclose must be alleged in the indictment.**

Counts 12-23 accuse Mr. Rothenberg of fraud "by means of material false and fraudulent pretenses, representations, and promises, *and by omitting and concealing material facts with a duty to disclose*." SI at ¶¶ 43, 45, 47, 49 (emphasis added). Although these counts allege a bare bone "duty to disclose," they do not allege the basis for this duty.

The government claims it has no obligation to disclose the "factual basis for the alleged duty," and that "in any event, the Indictment here alleges that Rothenberg 'managed various investment funds' and that he and his company RVMC 'purported to act in the best interests of investors' in those funds." Gov. Omissions Oppo. at 12-13 (citing SI at ¶¶ 3, 7). It is wrong on both points.

An indictment "must furnish the defendant with a sufficient description of the charges against him to enable him to prepare his defense, to ensure that the defendant is prosecuted on the basis of facts presented to the grand jury, to enable him to plead jeopardy against a later prosecution, and to inform the court of the facts alleged so that it can determine the sufficiency of the charge." *United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979). An omission theory of fraud requires a "fiduciary relationship or similar relationship of trust and confidence," not just "persons involved in arms-length transactions." *United States v. Laurienti*, 611 F.3d 530, 540 (9th Cir. 2010).[3] Thus, the basis of the relationship supporting an omission theory must be alleged in the indictment. And in the absence of an allegation in the indictment of either "a fiduciary or statutory duty to disclose," an indictment "fails to allege a scheme to defraud" under an omissions theory. *United States v. Steffen*, 687 F.3d 1104, 1116 (8th Cir. 2012).

As for the sufficiency of the indictment here, this Court "is bound by the four corners of the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). The government's claim that

---

[3] The government incredibly claims there is no "Ninth Circuit authority stating that a defendant's 'duty to disclose' is an 'implied, necessary element' that must be included in the indictment." Gov. Omissions Oppo. at 8 (citing *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999)). Later in its opposition, however, it notes "Ninth Circuit law will require the Court to instruct the jury that it must find such a relationship in order to convict the defendant based solely on pure omissions." Gov. Omissions Oppo. at 12. And indeed, the Ninth Circuit model jury instruction for wire fraud—a statement of the elements of the crime a jury must find to convict a defendant—states "To convict defendant[s] of wire fraud based on omission[s] of material fact[s], you *must* find that defendant[s] had a duty to disclose the omitted fact[s] arising out of a relationship of trust." Ninth Circuit Model Criminal Jury Instruction 8.124 (emphasis added).

DEFENDANT'S REPLY TO U.S. OPPOSITION TO MOTION TO DISMISS OMISSIONS THEORY
*United States v. Rothenberg*, 3:20-CR-266-JST

4

Mr. Rothenberg "'managed various investment funds' and that he and his company RVMC 'purported to act in the best interests of investors' in those funds" is insufficient. Gov. Omissions Oppo. at 12-13 (citing SI at ¶¶ 3, 7). Fiduciary duties do not arise automatically; indeed all "[c]ontractual relationships require a degree of trust and confidence between the contracting parties," but "imposing a fiduciary duty any time a relationship of trust and confidence exists would result in the imposition of a fiduciary duty in nearly every contractual setting. Clearly the law does not extend this far." *Cork v. CC-Palo Alto, Inc.*, ___ F. Supp. 3d ___, 2021 WL 1561644, *11 (N.D. Cal. 2021). While securities law or the state law of California or Delaware may have created a fiduciary duty here, the indictment says nothing about the source of the alleged duty to "act in the best interests of the investors." SI at ¶ 7. In the absence of any allegation of what law triggered a fiduciary duty, counts 12-23 fail to adequately state an omissions theory fraud offense. The counts should be dismissed or, alternatively, the omissions theory must be stricken from the indictment.

## CONCLUSION

Mr. Rothenberg respectfully requests this Court strike the omissions theory of fraud alleged in counts 1, 3, 5-7 and 12-23 in the superseding indictment.

Dated: October 8, 2021

Respectfully submitted,

MOEEL LAH FAKHOURY LLP

Hanni M. Fakhoury
Attorneys for Michael Rothenberg