MOEEL LAH FAKHOURY LLP
Hanni M. Fakhoury (State Bar No. 252629)
1300 Clay Street, Suite 600
Oakland, CA 94612
Telephone:   (510) 500-9994
Email:       hanni@mlf-llp.com

Attorneys for Michael Rothenberg

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ROTHENBERG,<br><br>Defendant. | Case No.: 3:20-CR-266-JST<br><br>**DEFENDANT'S REPLY TO UNITED STATES' OPPOSITION TO MOTION TO STRIKE SURPLUSAGE OR, ALTERNATIVELY, FOR A BILL OF PARTICULARS**<br><br>**Court:**  Courtroom 6, 2nd Floor<br>**Hearing Date:**  October 22, 2021<br>**Hearing Time:**  9:30 a.m. |

# INTRODUCTION

Mr. Rothenberg moved to strike references to unidentified "aiders and abettors" and "investors" in the expansive 23 count superseding indictment ("SI"), or alternatively requested the Court direct the government provide a bill of particulars as to who these "aiders and abettors" and "certain investors" are. *See* Dkt. 86, Defendant's Motion to Strike or Alternatively for a Bill of Particulars ("Motion to Strike"). The government opposes this request, arguing that because it has produced "475,000 Bates-numbered pages or items" and because Mr. Rothenberg "has had the benefit of the information generated….in the SEC's related civil case" and in other civil cases in California Superior Court, Mr. Rothenberg is on notice as to who these individuals are, and no bill of particulars is necessary. *See* Dkt. 95, United States Opposition to Defendant's Motion to Strike or Alternatively for a Bill of Particulars ("Gov. Strike Oppo.") at 3. As explained below, the significant amount of material produced in discovery and generated in ancillary legal proceedings is precisely why Mr. Rothenberg is prejudiced by references to unidentified "aiders and abettors" and "investors," and precisely why that language must be stricken, or a bill of particulars issued.[1]

# ARGUMENT

A. **Aiders and abettors should be stricken or identified.**

Every single count in the superseding indictment alleges Mr. Rothenberg committed a substantive crime as well as aided and abetted the same crime. However, the indictment neither identifies who these aiders and abettors are, does not charge any co-defendants, and does not allege a conspiracy.

---

[1] The government notes Federal Rule of Criminal Procedure 7(f) requires a motion for a bill of particulars be filed "within 14 days after arraignment or at a later time if the court permits," and complains Mr. Rothenberg did not file his motion within 14 days of arraignment, and has "cited no reason why this Court should allow him to do so many months after it initially was due to be filed under Rule 7(f)." Gov. Strike Oppo. at 10 n. 6. But there are myriad reasons why this Court could and should entertain a motion for a bill of particulars at this time. While the superseding indictment was issued on August 20, 2020, Mr. Rothenberg was proceeding pro se for several months and did not have counsel formally appointed to represent him until November 16, 2020. *See* Dkt. 15, 30. Undersigned counsel did not make an appearance in the matter until January 21, 2021 and has spent the last months catching up on the voluminous materials and perfecting the record on prior legal issues raised by Mr. Rothenberg when he was pro se concerning the waiverless Information and venue. *See* Dkt. 37, 52, 68. Mr. Rothenberg is not raising the bill of particulars issue on the eve of trial and the government has not been prejudiced in the delayed filing of the motion in any way.

DEFENDANT'S REPLY TO U.S. OPPOSITION TO MOTION TO STRIKE OR BILL OF PARTICULARS
*United States v. Rothenberg*, 3:20-CR-266-JST

1

The "aiding and abetting statute, 18 U.S.C. § 2, provides a means of establishing liability but does not itself define a crime." *Baumann v. United States*, 692 F.2d 565, 571–72 (9th Cir. 1982). "[T]o prove liability as an aider and abettor the government must establish beyond a reasonable doubt that the accused had the specific intent to facilitate the commission of a crime *by someone else*." *United States v. Garcia*, 400 F.3d 816, 819 (9th Cir. 2005) (emphasis added). The aider and abettor must have "the requisite intent of the underlying substantive offense." *United States v. Ching Tang Lo*, 447 F.3d 1212, 1227 (9th Cir. 2006). Or as the Supreme Court has put it more recently, "a person is liable under § 2 for aiding and abetting a crime if (and only if) he (1) takes an affirmative act in furtherance of that offense, (2) with the intent of facilitating the offense's commission." *Rosemond v. United States*, 572 U.S. 65, 71 (2014) (citing 2 W. LaFave, Substantive Criminal Law § 13.2, p. 337 (2003)).

The government argues that because aiding and betting liability is implicit in every indictment, references to it in the superseding indictment are not surplusage, and no bill of particulars is necessary because of the voluminous discovery it has produced. It is wrong.

As one court in this district has noted, "'aiding and abetting is not a separate and distinct offense from the underlying substantive crime, but is a *different theory* of liability for the same offense,'" and "disclosure of the Government's *theories*—as opposed to evidence—is one of the primary purposes of a bill of particulars." *United States v. Vargas*, 15-CR-00530-BLF-2, 2016 WL 1446773, *4 (N.D. Cal. Apr. 13, 2016) (quoting Manual of Model Criminal Jury Instructions for the Ninth Circuit, § 5.1, Comment) (emphasis in original).

The government's decision to call out aiding and abetting liability in the cryptic way it has done here—without any reference or indication to who Mr. Rothenberg aided and abetted—is simply an effort to force Mr. Rothenberg to speculate who the government believes, amongst the myriad number of individuals involved in the case, had the "intent of facilitating the offense's commission." *Rosemond*, 572 U.S. at 71. Perhaps in a simple case with a limited amount of discovery and individuals, the need for more particular information would be less compelling. But in a complex case like this one—with almost half a million documents produced by the government—the need for particularity is stronger. For that reason specifically—the need "to prepare for a complex trial with a

voluminous record"—courts have ordered the government provide the names of unidentified individuals in the indictment who aided and abetted the commission of a crime. *United States v. Manafort*, 17-CR-0201-01 (ABJ), 2018 WL 10394893, *3 (D.D.C. Jun. 12, 2018).[2]

The government complains Mr. Rothenberg is making "a back-door attempt to prevent the Court from giving an aiding-and-abetting instruction at trial." Gov. Strike Oppo. at 8. The government surely knows it is not simply entitled to an aiding and abetting instruction in every single criminal case—even if that theory is implied in every indictment—and must make an offer of proof before a jury can be instructed on that theory. *See United States v. Foreman*, 914 F. Supp. 385, 386 (C.D. Cal. 1996) (rejecting government's request for aiding and abetting jury instruction). In short, then, if the government is unwilling to identify who it believes aided and abetted the offenses Mr. Rothenberg is charged with in sufficient particularity to allow Mr. Rothenberg to prepare a defense, it should not be permitted to proceed under that theory at trial and references to it in the indictment should be stricken.

**B.**     **If "certain investors" are not identified, they should be stricken from the indictment.**

For the same reasons, the superseding indictment's references to "certain investors" who are unnamed should be either identified or stricken. The government notes "the Indictment already identifies no less than 12 investors in Rothenberg's venture capital funds." Gov. Strike Oppo. at 5. And yet, it believes "the trial may also include evidence of representations made to, and actions taken vis-à-vis, other investors and potential investors" which is "inextricably intertwined with the offense conduct and as conduct that is part of the schemes to defraud." Gov. Strike Oppo. at 2. Given the volume of materials and the complexity of the case, such an open-ended claim makes it impossible for Mr. Rothenberg to anticipate who the government is referring to and challenging to prepare a defense.

---

[2] The government notes it has "no objection to the Court *not* reading the Indictment to the jury and does not currently intend to request the Indictment be sent to the jury room in deliberations." Gov. Strike Oppo. at 5 n. 5. While Mr. Rothenberg concurs with that approach, it is somewhat beside the point. Mr. Rothenberg's primary complaint was that the superseding indictment did not provide enough detail as to who these individuals were to allow him to prepare a defense.

DEFENDANT'S REPLY TO U.S. OPPOSITION TO MOTION TO STRIKE OR BILL OF PARTICULARS
*United States v. Rothenberg*, 3:20-CR-266-JST

The government claims it has produced voluminous discovery, including almost half a million Bates numbered pages or items," and that a result of the SEC civil suit and other state court lawsuits filed by and against Mr. Rothenberg, he has notice "of the charges with sufficient precision to enable him to prepare for trial." Gov. Strike Oppo. at 3, 11.[3]

But as one district court has noted, the government's position that a "defendant knows what the government alleges that he did and with whom he dealt and therefore has all the information he needs" is "inconsistent with the presumption of innocence" and "smacks of gamesmanship. A defendant…should not have to waste precious pre-trial preparation time guessing" the government's case "when the government knows precisely….on wh[at]…it intends to rely and can easily provide the information." *United States v. Trie*, 21 F. Supp. 2d 7, 21 (D.D.C. 1998). A bill of particulars identifying who these specific "certain investors" are enables Mr. Rothenberg to focus on the most relevant aspects of the voluminous discovery to effectively prepare a trial. In the absence of such particularity, references to "certain investors" in the indictment should be stricken.

## CONCLUSION

Mr. Rothenberg respectfully requests this Court strike references to "aiding and abetting" and "certain investors" from the indictment or, alternatively, order the government to file a bill of particulars.

Dated:   October 8, 2021

Respectfully submitted,

MOEEL LAH FAKHOURY LLP

Hanni M. Fakhoury
Attorneys for Michael Rothenberg

---

[3] The government's claim that Mr. Rothenberg can rely on ancillary state court proceedings is particularly misplaced, because it is the *indictment* that is supposed to "furnish the defendant with a sufficient description of the charges against him to enable him to prepare his defense." *United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979).