MOEEL LAH FAKHOURY LLP
Hanni M. Fakhoury (State Bar No. 252629)
1300 Clay Street, Suite 600
Oakland, CA 94612
Telephone: (510) 500-9994
Email: hanni@mlf-llp.com

Attorneys for Michael Rothenberg

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | Case No.: 3:20-CR-266-JST |
|---|---|
| Plaintiff, | **DEFENDANT'S REPLY TO UNITED STATES' OPPOSITION TO MOTION TO SEVER COUNTS 1-4** |
| v. | |
| MICHAEL ROTHENBERG, | **Court:** Courtroom 6, 2nd Floor |
| Defendant. | **Hearing Date:** October 22, 2021 |
| | **Hearing Time:** 9:30 a.m. |

**INTRODUCTION**

Mr. Rothenberg moved to sever counts 1-4 of the superseding indictment ("SI")—accusing him of bank fraud, in violation of 18 U.S.C. § 1344, and making a false statement to a financial institution, in violation of 18 U.S.C. § 1014—from the remaining counts of the indictment, accusing him of defrauding investors. *See* Dkt. 87, Defendant's Motion to Sever Counts 1-4 ("Severance Motion"). The government opposes this request, arguing that "every count in the Indictment goes to th[e] overarching 'common scheme or plan'" to "defraud the investors in his various Funds between 2013 and 2016." *See* Dkt. 96, United States Opposition to Motion to Sever Counts 1-4 ("Gov. Severance Oppo."). As explained below, the government is wrong and counts 1-4 should be severed from the remaining counts of the indictment.

**ARGUMENT**

**A.  Counts 1-4 were improperly joined to the remaining counts.**

Federal Rule of Criminal Procedure 8(a) allows an indictment to "charge a defendant in separate counts with 2 or more offenses if the offenses charged…are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." The "validity of the joinder is determined solely by the allegations in the indictment." *United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990). "At least one of Rule 8(a)'s three conditions must be satisfied for proper joinder, and 'those conditions, although phrased in general terms, are not infinitely elastic.'" *United States v. Jawara*, 474 F.3d 565, 573 (9th Cir. 2007) (quoting *United States v. Randazzo*, 80 F.3d 623, 627 (1st Cir. 1996)).

The government claims all three of Rule 8's conditions are met, primarily arguing that because Mr. Rothenberg allegedly had an "overarching plan to defraud," all "deceptive acts and practices," whether directed at the bank or investors, were part of that "plan to defraud." Gov. Severance Oppo. at 3. But the Ninth Circuit has already rejected an approach that considers mere "subject matter similarity" or a "general thematic commonality," noting "extend[ing] the rule so broadly" would leave no "meaningful limits" to joinder. *Jawara*, 474 F.3d at 579.

The Ninth Circuit has explained a "common scheme or plan" requires the Court to determine whether the "counts 'grow out of related transactions,'" "whether 'commission of one of the offenses

either depended upon or necessarily led to the commission of the other," or "'proof of one act either constituted or depended upon proof of the other.'" *Jawara*, 474 F.3d at 574 (quoting *Randazzo*, 80 F.3d at 627 and *United States v. Halper*, 590 F.2d 422, 429 (2d Cir. 1978) (brackets omitted)). Acknowledging these factors, the government claims they "are neutral as to joinder." Gov. Severance Oppo. at 7. Indeed, as the government notes, "the physical location of the acts does vary," "the identity of the victims varies," and while claiming "the modus operandi of the crimes alleged in counts 1 through 4 mirror one another," the government makes no effort to link that modus operandi to the investor related charges in counts 5-23. *Id.*

Most problematic for the government is the lack of temporal proximity between the bank related charges in counts 1 and 2, and the investor related charges. Counts 1 and 2 took place in July and August 2014, before not just the investor related counts took place, but before there was even a "scheme and artifice" to defraud (1) P-LLC (the basis of counts 5-11), which began in October 2015, according to the indictment, SI at ¶ 37; (2) "certain potential investors" (the basis of counts 12-15), which began in July 2016, according to the indictment, SI at ¶ 43; (3) and the 2015 and 2016 Funds and its investors (the basis of counts 16-23), which began in April 2015 according to the indictment, SI at ¶ 47. The government claims, "the Indictment sets out a pattern of allegedly fraudulent behavior every few months," but that again is nothing more than "subject matter similarity" or a "general thematic commonality," which is not a proper basis for joinder. *Jawara*, 474 F.3d at 579; *see also* Gov. Severance Oppo. at 8.[1]

B. **Even if properly joined, the bank counts should be severed from the investor counts.**

Even if the Court disagrees that the bank counts were improperly joined to the investor counts, it can still sever the counts under Federal Rule of Criminal Procedure 14, which states "If the joinder of offenses…in an indictment…or a consolidation for trial appears to prejudice a defendant…the

---

[1] Relatedly, the government suggests that Mr. Rothenberg is somehow arguing that counts 1 and 2 should be further severed from counts 3 and 4 because bank fraud and making false statements to a financial institution have different elements. Gov. Severance Motion at 7. But that misunderstands Mr. Rothenberg's argument and to be clear, he is not proposing counts 1-4 be further severed into separate trials. In fact, the government's complaint only proves Mr. Rothenberg's point: counts 1 and 2, as well as 3 and 4, are clearly part of the same alleged scheme—to defraud SVB—and involve the same acts and witnesses, temporal proximity and alleged acts and omissions, and thus are properly joined together.

court may order separate trials of counts…or provide any other relief that justice requires." The Ninth Circuit has explained severance is appropriate if joinder is "so manifestly prejudicial that it outweigh[s] the dominant concern with judicial economy and compel[s] exercise of the court's discretion to sever." *United States v. Nolan*, 700 F.2d 479, 482 (9th Cir. 1983). Joinder may be prejudicial if "the jury may consider that the defendant must be bad" because of the number of crimes alleged against him, "inadmissible proof of one offense may be admissible through a joined offense," or "the defendant may wish to testify on one count but not another." *United States v. Ragghianti*, 527 F.2d 586, 587 (9th Cir. 1975); *see generally United States v. Farley*, 3:15-CR-00092-TEH, 2015 WL 6871920, at *2 (N.D. Cal. Nov. 9, 2015).

The government complains that Mr. Rothenberg's concerns about the number of charges in the indictment amounts to nothing more than a "garden variety" argument that is insufficient on its face to support a severance. Gov. Severance Oppo. at 11. But Mr. Rothenberg is not making a "garden variety" argument. As explained earlier, the bank related counts were improperly joined with the investor related counts, prejudicing him by requiring him to defend against a panoply of charges unconnected to each other. No rational juror could ignore the number of charges and even the Ninth Circuit has treated jury instructions instructing jurors to consider each count separately with skepticism. *See United States v. Lewis*, 787 F.2d 1318, 1323 (9th Cir. 1986) ("We share the D.C. Circuit's skepticism of the efficacy of such instructions").

Beyond that initial concern, Mr. Rothenberg has flagged the issue more broadly with the caveat that the defense is still reviewing the voluminous materials in the case and developing a trial strategy and it might be more appropriate to revisit the issue down the road. The government suggests the Court deny Mr. Rothenberg's Rule 14 motion without prejudice to renewing it later. Gov. Severance Oppo. at 10. Mr. Rothenberg suggests holding the motion in abeyance or deferring ruling on a Rule 14 motion closer to a potential jury trial date, when the government will have produced witness and exhibit lists, and defense counsel has a more complete understanding of how a trial would proceed.

## CONCLUSION

Mr. Rothenberg respectfully requests this Court sever counts 1-4 from the remaining counts in the superseding indictment should the case proceed to trial.

Dated:   October 8, 2021                                      Respectfully submitted,

                                                              MOEEL LAH FAKHOURY LLP

                                                              Hanni M. Fakhoury
                                                              Attorneys for Michael Rothenberg