UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL BRENT ROTHENBERG,<br><br>Defendant. | Case No. 20-cr-00266-JST-1<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO SEVER COUNTS 1-4**<br><br>Re: ECF No. 87 |

Before the Court is Defendant Michael Brent Rothenberg's motion to sever counts 1-4 of the superseding indictment from the remaining counts. ECF No. 87. The Government filed an opposition, ECF No. 96, and Rothenberg replied, ECF No. 99. The Court will grant the motion in part and deny it in part.

**I.    BACKGROUND**

A grand jury charged Rothenberg with twenty-three counts of criminal conduct stemming from fraudulent activities he allegedly committed as founder of Rothenberg Ventures Management Company, LLC[1] and his management of various investment funds.[2] ECF No. 15. The superseding indictment alleges the following: In July and August of 2014, Rothenberg defrauded

---

[1] Rothenberg Ventures Management Company subsequently changed its name to Frontier Technology Venture Capital LLC and then to Rothenberg Ventures LLC. ECF No. 15 at 1. The Court uses "Rothenberg Ventures Management Company" or "RVMC" to refer to the entity at any relevant time.

[2] These funds include: Rothenberg Ventures Fund I, LLC (later known as Rothenberg Ventures 2013 Fund, LLC) ("2013 Fund"); Rothenberg Ventures Fund II, LLC (later known as Rothenberg Ventures 2014 Fund, LLC) ("2014 Fund"); Rothenberg Ventures 2015 Fund, LLC ("2015 Fund"); and multiple related funds named Rothenberg Ventures 2016 Fund, LP, Rothenberg Ventures 2016 Feeder Fund, LP, and Rothenberg Ventures 2016 Accredited Fund, LP (collectively, the "2016 Fund").

Silicon Valley Bank ("SVB") by obtaining two loans through false statements and representations. ECF No. 15 ¶¶ 26-30. Over a year later, in December 2015, Rothenberg defrauded SVB again when he obtained a $4 million line of credit through false statements and representations. ECF No. 15 ¶¶ 31-35. From October 2015 to August 2016, Rothenberg "used a variety of means and methods" to defraud a limited liability corporation identified as "P LLC," including representations that capital from P LLC would be used to "fund production of content and to fund acquisitions of other companies." ECF No. 15 ¶¶ 36-39. In reality, Rothenberg used the money to repay the funds he had previously taken from the 2013 Fund and the 2014 Fund to obtain the $4 million dollar line of credit from SVB in December 2015. *Id*. From April 2015 to July 2016 Rothenberg continued to mislead investors and misuse their funds. ECF No. 15 ¶¶ 40-50.

## II.   LEGAL STANDARD

Under Federal Rule of Criminal Procedure 8(a), multiple offenses may be joined against a single defendant in an indictment if the offenses charged are (1) "of the same or similar character"; (2) "based on the same act or transaction"; or (3) "connected with or constitute parts of a common scheme or plan." Though Rule 8 has been broadly construed in favor of initial joinder, "[a]t least one of Rule 8(a)'s three conditions must be satisfied for proper joinder, and 'those conditions, although phrased in general terms, are not infinitely elastic.'" *United States v. Jawara*, 474 F.3d 565, 573 (9th Cir. 2007) (quoting *United States v. Randazzo*, 80 F.3d 623, 627 (1st Cir. 1996)). "Even if counts are properly joined under Rule 8(a), courts may order severance if it appears that joinder would prejudice the defendant" under Rule 14(a). *United States v. Hill*, No. CR 13-00765 SI, 2014 WL 3767075, at *1 (N.D. Cal. July 24, 2014).

## III.   DISCUSSION

In this case, the Government invokes all three bases for joinder: it claims that all counts are "of the same or similar character" and "part of a common scheme or plan" and, further, that counts 3 and 4 are "based on the same act or transaction" as counts 19-22. ECF No. 96 at 6-12. The Government also argues that the Court should reject Rothenberg's Rule 14 claim because (1) Rothenberg has not fully assessed whether joinder would lead to prejudice; and (2) Rothenberg's "garden variety" concerns do not establish prejudice. *Id.* at 14-17.

### A. "Common Scheme or Plan"

In evaluating whether multiple offenses arise out of a "common scheme or plan," the proper inquiry is whether the counts "grow out of related transactions." *Jawara*, 474 F.3d at 574. The offenses must contain more than "mere thematic similarity" for joinder. *Id.* In making this determination, courts consider whether the "commission of one of the offenses either depended upon or necessarily led to the commission of the other; proof of the one act either constituted or depended upon proof of the other." *Id.* Courts also ask whether "the joined counts are logically related" or involve "a large area of overlapping proof." *Id.* (quoting *United States v. Anderson*, 642 F.2d 281, 284 (9th Cir. 1981).

The parties essentially agree that the "common scheme or plan" alleged in the indictment is "an overarching plan to defraud the investors in his various Funds." ECF No. 96 at 5. Rothenberg argues that the bank-related offenses in counts 1-4 and the investor-related offenses in counts 5-23 are not part of this "common scheme or plan" because "apart from the presence of Mr. Rothenberg, nothing connects the bank-related charges to the investor-related charges." ECF No. 87 at 4. He argues that the two categories of charges involve different purported victims and lack a temporal connection, and that the indictment fails to allege a connection between any bank funds and the investor offenses. The Government responds that all the counts in the superseding indictment – whether they involve acts against the bank or investors – are properly joined because they "are part of Rothenberg's overarching plan to defraud." ECF No. 96 at 6. The Court agrees with the Government as to counts 3 and 4 and with Defendant as to counts 1 and 2.

Counts 3 and 4 are properly joined even though these counts involve different victims because they were part of Rothenberg's alleged plan to misappropriate and misuse investor funds. The superseding indictment includes three examples that demonstrate how the alleged bank fraud in counts 3 and 4 and the misuse of investor funds alleged in later counts form a common plan. First, it alleges that Rothenberg cobbled together the $4.25 million cash collateral "from the bank accounts of the 2013 Fund and the 2014 Fund and from the capital contributions of recent investors to the 2015 Fund and the 2016 Fund." ECF No. 15 ¶ 33.d. Second, it states that "one purpose of obtaining the line of credit from SVB was to obtain funds to place in the 2015 Fund's

3

bank account . . . that falsely led those investors to believe that RVMC had not taken funds in excess of those authorized under the 2015 Fund's operating agreement." ECF No. 15 ¶ 33.c. Finally, and most significantly, the indictment describes how Rothenberg used funds obtained by P LLC to repay the money he had taken from the 2013 Fund and 2014 Fund to obtain the $4 million line of credit from SVB. ECF No. 15 ¶ 37.e. These examples demonstrate how the bank fraud in counts 3 and 4 "result[ed] in large part from the necessity of concealing" the investor fraud. *U.S. v. Whitworth*, 856 F.2d 1268, 1277 (9th Cir. 1988).

In *Whitworth*, the Ninth Circuit found that charges of tax offenses and espionage conspiracy formed a "common plan" even though they occurred at different times and involved different witnesses. *Id*. The court reasoned that "where tax evasion flows directly from other criminal activity and such evasion results in large part from the necessity of concealing the illegal proceeds of that activity, joinder of the substantive and tax charges is proper under Rule 8(a)." *Id*.; *see also United States v. Roberts*, 783 F.2d 767, 769 (9th Cir. 1985) ("In this case all of Roberts' offenses involved the assets of his bankrupt cookie company. He committed bank fraud to obtain financing for the company, and then committed bankruptcy fraud and perjury to conceal assets from the trustee of the bankruptcy estate. The counts were logically related with a large area of overlapping proof, and their joinder in one indictment and one trial was proper.").

By contrast, the bank fraud described in counts 1 and 2 does not involve the misuse or misappropriation of investor funds. The indictment alleges that Rothenberg used one of the loans described in counts 1 and 2 to refinance the mortgage on his condominium, a purpose wholly unrelated to the misuse of investor funds. *See* ECF No. 15 ¶¶ 28.c, 30. Rothenberg obtained the second loan "to help satisfy his capital commitment to the 2014 Fund as a general partner." *Id.* ¶ 28.a. Also, the events in counts 1 and 2 ended more than a year before any of the other counts in the indictment. There is no allegation that the scheme to defraud SVB in order to keep the 2014 Fund operating flowed directly from the scheme to misuse investor funds or that Rothenberg later misused investor funds due to the acts described in counts 1 and 2. Because the Government must demonstrate more than "general thematic similarity" of a "plan to defraud," the Court finds that counts 1 and 2 may not be joined as part of a "common scheme or plan."

### B. Same or Similar Character

The same or similar character prong of Rule 8(a) is the "most amorphous and controversial of the three grounds for joinder" and it can be difficult to discern the dividing line between the "common scheme" and "similar character" prongs. *See Jawara*, 474 F.3d at 575-76. The Ninth Circuit has "offered little guidance in the application of this test" other than the fact that it is a "comprehensive review" that includes "the elements of the statutory offenses, the temporal proximity of the act, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims . . . ." *Id.* at 576, 578. Although "the weight given to a particular factor will depend on the specific context of the case and the allegations in the indictment . . . the bottom line is that the similar character of the joined offenses should be ascertainable—either readily apparent or reasonably inferred—from the face of the indictment." *Id.* at 578.

Although counts 1 and 2 do share some similarities with counts 3 and 4 – both schemes involve the same victim and the same statutory elements – other factors counsel against finding "same or similar character" here. First, Rothenberg is not alleged to have used the same modus operandi for both schemes. Counts 1 and 2 allege that Rothenberg defrauded the bank by misrepresenting his current financial status and the balance of the credit line on one of his accounts. Counts 3 and 4, on the other hand, allege that Rothenberg defrauded the bank by misrepresenting that investors in the 2015 Fund prepaid their future management and administrative fees, the amount of prepaid fees he was owed, and his method of funding the collateral account. Thus, the two schemes do not share the same modus operandi. *See United States v. Ruiz*, No. 2:18-CR-00182-KJM, 2020 WL 7239600, at *3 (E.D. Cal. Dec. 9, 2020) (possession of two handguns manufactured by same entity not sufficient to show modus operandi where guns were of different calibers); *United States v. Kennon*, No. CRIM. 3:08CR42, 2009 WL 799631, at *5 (W.D.N.C. Mar. 24, 2009) (defendant's modus operandi not the same with regard to three different counts of witness tampering where he told one witness to ignore a subpoena and absent herself from a trial; suborned perjury from another witness in the courtroom during a suppression hearing; and told a third witness not to cooperate with law enforcement and tried to

prevent the testimony of that witness).

Second, there is no reason to think that there would be substantial evidentiary overlap for both schemes: the events in counts 1 and 2 occurred more than a year before counts 3 and 4 and do not contain allegations of overlapping misrepresentations. Finally, while it is possible that the bank-related schemes both took place at the same physical location, the indictment is silent on that point, rendering the last factor neutral. *See* ECF No. 15 ¶¶ 27, 30, 32, 35 (describing the location of the conduct in counts 1-4 as "the Northern District of California, and elsewhere"). Because the evidentiary overlap, modus operandi, and temporal scope factors all weigh against Rothenberg's position and because it does not appear that joining these counts together will promote judicial efficiency, the Court finds that the "same or similar character" is not met as to counts 1 and 2.[3]

### C.  Rule 14 Prejudice

"Even if counts are properly joined under Rule 8(a), courts may order severance if it appears that joinder would prejudice the defendant" under Rule 14(a). *Hill*, 2014 WL 3767075, at *1. To justify severance under Rule 14(a), a defendant must demonstrate that joinder is "so manifestly prejudicial that it outweigh[s] the dominant concern with judicial economy and compel[s] exercise of the court's discretion to sever." *United States v. Nolan*, 700 F.2d 479, 482 (9th Cir. 1982). Cases in the Ninth Circuit have found prejudice in cases where "the jury may consider that the defendant must be bad" because of the number of crimes alleged against him. *United States v. Ragghianti*, 527 F.2d 586, 587 (9th Cir. 1975).

Here, Rothenberg argues that joinder is "manifestly prejudicial" since "the jury may consider [Rothenberg bad]" because the indictment "includes 23 counts, involving numerous purported victims over an extended period." ECF No. 87 at 6. The Court is not persuaded. First, the jury will be instructed as follows:

> A separate crime is charged against the defendant in each count.
> You must decide each count separately. Your verdict on one count
> should not control your verdict on any other count.

---

[3] The Court does not address whether counts 1 and 2 are part of the "same act or transaction" because the parties do not raise this argument in their papers.

6

"A jury is presumed to follow its instructions." *Weeks v. Angelone*, 528 U.S. 225, 234 (2000) (citation omitted).  Second, the challenged counts add only modestly to the totality of the case against the defendant.  Counts 3 and 4 – the only counts still at issue in this motion – are part of the same scheme as the so-called investor fraud counts, add only one additional victim, and the events alleged in counts 3 and 4 occurred at the same time as counts 19-22.  If prejudice of this magnitude this were enough to satisfy Rule 14, Rule 8(a) would cease to exist.  *See United States v. Johnson*, No. 14-CR-00412-TEH, 2015 WL 1967239, at *7 (N.D. Cal. Apr. 30, 2015) ("inherent prejudice is not enough to require severance—otherwise, joinder would never be permissible").[4]

## CONCLUSION

For the reasons set forth above, the Court will grant Rothenberg's motion to sever counts 1 and 2 and will deny Rothenberg's motion to sever counts 3 and 4.

**IT IS SO ORDERED.**

Dated: October 25, 2021

    _____
    JON S. TIGAR
    United States District Judge

---

[4] Rothenberg also argues that two other bases for prejudice "are also potentially implicated."  The Court will not address potential arguments that are not sufficiently pleaded in the briefs.