UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL BRENT ROTHENBERG,<br><br>　　　　Defendant. | Case No. 20-cr-00266-JST-1<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE SURPLUSAGE OR, ALTERNATIVELY, FOR A BILL OF PARTICULARS**<br><br>Re: ECF No. 86 |

Before the Court is Defendant Michael Brent Rothenberg's motion to strike surplusage or, alternatively, for a bill of particulars. ECF No. 86. The Court will grant the motion in part and deny it in part.

I. **BACKGROUND**

A grand jury charged Rothenberg with 23 counts of criminal conduct stemming from fraudulent activities he allegedly committed as founder of Rothenberg Ventures Management Company, LLC.[1] ECF No. 15 ¶ 25. The charges include accusations that Rothenberg defrauded investors by misrepresenting his investment activities and misusing investors' funds. *Id.* The indictment identifies some investor victims by name, but also refers to "certain investors" and "potential investors" generically. On September 13, 2021, Rothenberg filed this motion to strike references to both aiding and abetting liability as well as "potential" and "certain" investors from the indictment or, in the alternative, to order a bill of particulars on the grounds that the indictment fails to provide him with sufficient notice of the charges. ECF No. 86. The Government filed an

---

[1] Rothenberg Ventures Management Company subsequently changed its name to Frontier Technology Venture Capital LLC and then to Rothenberg Ventures LLC. ECF No. 15 at 1. The Court uses "Rothenberg Ventures Management Company" or "RVMC" to refer to the entity at any relevant time.

opposition, ECF No. 95, and Rothenberg replied, ECF No. 98.

**II.    LEGAL STANDARD**

"Upon the defendant's motion, the court may strike surplusage from the indictment . . . ." Fed. R. Crim. P. 7(d). "The purpose of Rule 7(d) is to protect a defendant against prejudicial or inflammatory allegations that are neither relevant nor material to the charges." *United States v. Ramirez*, 710 F.2d 535, 544-45 (9th Cir. 1983).

Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the government to file a bill of particulars" if made "before or within 14 days after arraignment or at a later time if the court permits." A bill of particulars serves three purposes:

> [1] to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, [2] to avoid or minimize the danger of surprise at the time of trial, and [3] to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.

*United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (internal quotation marks and citation omitted). A defendant "is not entitled to know all the *evidence* the government intends to produce but only the *theory* of the government's case." *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986) (emphases in original). Likewise, "[a] bill of particulars, unlike discovery, is not intended to provide the defendant with the fruits of the government's investigation. Rather, it is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation." *United States v. Hsuan Bin Chen*, No. 09-CR-110-SI, 2011 WL 332713, at *7 (N.D. Cal. Jan. 29, 2011) (internal quotations and citations omitted) (emphasis in original).

In determining whether to direct the government to file a bill of particulars, the "court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). "To the extent that the indictment or information itself provides details of the alleged offense, a bill of particulars is, of course, unnecessary." *Giese*, 597 F.2d at 1180

(internal quotations and citation omitted). "The decision whether to grant a request for a bill of particulars is directed to the trial court's discretion." *Long*, 706 F.2d at 1054.

### III.   DISCUSSION

Rothenberg moves to strike references to "aiding and abetting liability" and "potential" and "certain" investors in the superseding indictment as prejudicial surplusage. Alternatively, Rothenberg moves the Court to require the Government to provide a bill of particulars identifying "potential investors," "certain investors," and anyone he is alleged to have aided and abetted.[2]

####   A.   "Potential Investors" and "Certain Investors"[3]

Although an indictment "need not identify . . . fraud victims by name," it must provide enough information to assure the defendant "that the indictment and the prosecution were in fact for the same violations." *United States v. Lonich*, No. 14-CR-00139-SI-1, 2016 WL 324039, at *7 (N.D. Cal. Jan. 27, 2016) (quoting *United States v. Loayza*, 107 F.3d 257, 261 (4th Cir. 1997)).

In *Loayza*, a case cited with approval by courts in this circuit, the Fourth Circuit held that an indictment provided enough information about unnamed victims where the indictment included the number of unnamed investors that had been defrauded, the amount of money involved, the dates and amounts of the checks, and the identification of the investment company that sent the

---

[2] The Government argues that Rothenberg's request for a bill of particulars should be denied because it is untimely under Rule 7(f). ECF No. 95 at 15 n.6; *see* Fed. R. Crim. P. 7(f) ("The defendant may move for a bill of particulars before or within 14 days after arraignment *or at a later time* if the court permits.") (emphasis added). The Court disagrees. Rothenberg's motion was filed within the filing period set by the Court pursuant to the parties' stipulations. *See* ECF No. 82; *United States v. Taylor*, No. 17-CR-00191-JST-1, 2018 WL 4961608, at *3 (N.D. Cal. Oct. 12, 2018). The Court will consider the motion on the merits.

[3] The Government argues that the prejudicial effect of any surplusage can be cured by withholding the indictment from the jury. Other circuits, as well as courts within this circuit, have approved of this approach. *See, e.g., United States v. Awan*, 966 F.2d 1415, 1426 (11th Cir. 1992) (finding no prejudice where "the jury was unaware of the language stricken from the indictment" five months into trial); *United States v. Williams*, 445 F.3d 724, 734 (4th Cir. 2006) ("we fail to see how Williams could have been prejudiced by the inclusion of those allegations in the indictment, particularly since the indictment was not given to the jury"); *U.S. v. Hedgepeth*, 434 F.3d 609, 613 (3d Cir. 2006) ("we need not address whether the sentencing factors were relevant to the charged offense because the Government claims that the third superseding indictment was neither shown nor read to the jury"); United *States v. Bordewick*, No. CR-06-00022-DLJ, 2007 WL 4287333, at *4 (N.D. Cal. Dec. 5, 2007) ("[a]llegations in the indictment that are never read to the jury are not prejudicial and therefore need not be stricken"). Therefore, the Court focuses this order on Rothenberg's "primary complaint" that the superseding indictment lacks sufficient information to allow him to prepare a defense. *See* ECF No. 98 at 4 n.2.

checks. 107 F.3d at 261. In *Lonich*, on the other hand, a court in this district struck the phrase "and others" from portions of the indictment because the court found the indictment "open-ended and unclear as to the number of victims." 2016 WL 324039, at *7.

This case is more like *Lonich* than *Loayza*. The references to "certain investors" and "potential investors" in counts 5-7 and 12-23, unaccompanied by any additional information about the victims or transactions in question, also render the superseding indictment "open-ended and unclear." *See id.* Such vague language is problematic because it "permit[s] the prosecution to go beyond the specific charge . . . made by the grand jury when presenting evidence at trial." *Id.* at *6 (quoting *United States v. Menendez*, 137 F. Supp. 3d 688, 707 (D.N.J. 2015), *aff'd*, 831 F.3d 155 (3d Cir. 2016)). Therefore, the Court finds that if the Government intends to prove that Rothenberg harmed victims described in the indictment as "potential investors" or "certain investors," it must provide additional information. *See id.* at *7. However, the counts still stand as to the identified victims.[4]

The Government is correct that, in some circumstances, access to full discovery may obviate any need for a bill of particulars. *See Long*, 706 F.2d at 1054 (holding that even where an indictment does not apprise the defendant of the charges against him, "full discovery will obviate the need for a bill of particulars"). However, there are situations where courts have required a bill of particulars despite voluminous discovery. For example, in *United States v. Wong*, the court found that 150,000 to 200,000 pages of discovery and additional non-documentary evidence did not obviate the need for a bill of particulars where the case was "factually and legally complex, encompass[ed] numerous alleged conspiracies, and involve[d] dozens of defendants and alleged grow-sites." No. CR 06-428 SI, 2007 WL 404807, at *2 (N.D. Cal. Feb. 2, 2007).

Ultimately, the Court finds that "the volume of materials and the complexity of the case" weigh in favor of granting a bill of particulars. ECF No. 98 at 4; *see Wong*, 2007 WL 404807, at

---

[4] Counts 5-7 identify only P LLC as a victim of the alleged scheme. ECF No. 15 ¶¶ 36-39. Counts 12-15 identify G Inc. and its directors, B.F. Limited Partnership and its representatives, S.K., E.J., R.G., and L.G. ECF No. 15 ¶ 43. Counts 16-23 identify the 2015 Fund, the 2016 Fund, H Corporation, M.A., G. Inc., D.F.V. Limited Partnership, N.M., C Capital, A Capital, and K Capital. *Id.* ¶ 49.

4

\*2. To date, the Government has provided Rothenberg with "more than 475,000 Bates-numbered pages or items," including emails, business records, reports of witness interviews, and a "hard drive containing ~300 GB of data from RVMC that was provided by a third-party to the SEC." ECF No. 95 at 8. Due to the complexity of this case—which involves "a net amount of nearly $46 million from about 200 investors"—the Court finds it unreasonable to expect Rothenberg to try and identify unenumerated victims in this mountain of discovery. *Id.* at 2.

Under these circumstances, the Court finds it appropriate to strike references to "potential investors" and "certain investors" in Counts 5-7 and 12-23. If the Government wishes to supplement the superseding indictment with additional information about the victims, it may do so. The Court notes that if the government chooses not to identify victims by name, it must include enough information to provide assurance "that the indictment and [potential] prosecution [are] in fact for the same violations." *See Lonich*, 2016 WL 324039, at \*7.

### B. Aiding and Abetting Liability

"Aiding and abetting is implied in every federal indictment for a substantive offense." *United States v. Armstrong*, 909 F.2d 1238, 1241 (9th Cir. 1990). Accordingly, an "indictment may charge a defendant with being both a principal and an aider and abettor." *United States v. Ellis*, 121 F. Supp. 3d 927, 941 (N.D. Cal. 2015), *supplemented*, No. 13-CR-00818 PJH, 2015 WL 6551628 (N.D. Cal. Oct. 29, 2015). A defendant is entitled to knowledge of the Government's *theories*, not evidence. *Ryland*, 806 F.2d at 942. Thus, a defendant is "entitled to know whether the Government is proceeding on an aiding and abetting theory," but not "the particular aiding and abetting conduct that the Government may intend to present at trial . . . ." *United States v. Vargas*, No. 15-CR-00530-BLF-2, 2016 WL 1446773, at \*4 (N.D. Cal. Apr. 13, 2016).

The Court will not exercise its discretion to strike "aiding and abetting" from the superseding indictment. The presence of both principal and aider and abettor liability in each count of the superseding indictment is an accepted practice. *See Armstrong*, 909 F.2d at 1241-42; *Ellis*, 121 F. Supp. 3d at 941. There is no prejudice from Rothenberg from the inclusion of a charge that is already implicit in the indictment. Thus, the motion to strike "aiding and abetting liability" is denied.

5

Rothenberg requests, in the alternative, that the Court direct the Government to identify whom he allegedly aided and abetted through a bill of particulars. Rothenberg does not claim that the Government's theories are unclear in the superseding indictment. *See* ECF No. 86 at 3 ("every single count in the superseding indictment alleged Mr. Rothenberg committed a substantive crime as well as aided and abetted the same crime"). Instead, Rothenberg argues that the Government must *also* provide the identity of anyone included in the aiding and abetting charges. Rothenberg asks too much. Unlike the references to "certain" and "prospective" investors, the "aiding and abetting liability" charges are described in sufficient detail. *See* ECF No. 15 ¶¶ 28.f, 38.e, 44.b, 44.c, 44.d, 44.e, 48.b & 48.c. Because the counts include dates, identifiable victims, and the amount of money at issue in each scheme, the Court finds that Rothenberg can reasonably search the discovery in his possession for more information on the aiding and abetting charges.

## CONCLUSION

For the reasons set above, the Court grants Rothenberg's motion to strike references to "certain investors" and "potential investors" as victims in Counts 5-7 and 12-23. In all other respects, Rothenberg's motion to strike is denied.

**IT IS SO ORDERED.**

Dated: December 6, 2021

JON S. TIGAR
United States District Judge