UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL BRENT ROTHENBERG,<br><br>  Defendant. | Case No. 20-cr-00266-JST-1<br><br>**DENYING DEFENDANT'S MOTION TO DISMISS COUNTS 1, 3, AND 5-23 OR ALTERNATIVELY TO STRIKE OMISSIONS THEORY**<br><br>Re: ECF No. 85 |

Before the Court is Defendant Michael Brent Rothenberg's motion to dismiss counts 1, 3, and 5-23 for failure to state an offense or, alternatively, to strike the omissions theory as insufficiently pled. ECF No. 85. The Court will deny the motion.

I. **BACKGROUND**

In this case, a grand jury charged Rothenberg with 23 counts of criminal conduct stemming from fraudulent acts he allegedly committed as founder of Rothenberg Ventures Management Company, LLC.[1] Counts 1, 3, and 5-7 accuse Rothenberg of obtaining money by, among other things, "concealment of material facts." ECF No. 15 ¶¶ 27, 32, 37. Counts 8-11 charge Mr. Rothenberg with money laundering and involve monetary transactions derived from the wire fraud claims in counts 5-7. *Id.* ¶ 41. Counts 12-23 include allegations that Rothenberg defrauded potential and actual investors by, "omitting and concealing material facts with a duty to disclose." ECF No. 15 ¶ 43.

On September 13, 2021, Rothenberg filed the instant motion to dismiss counts 1, 3, and 5-

---

[1] Rothenberg Ventures Management Company subsequently changed its name to Frontier Technology Venture Capital LLC and then to Rothenberg Ventures LLC. ECF No. 15 ¶ 1. The Court uses "Rothenberg Ventures Management Company" or "RVMC" to refer to the entity at any relevant time.

23 for failure to state an offense or, in the alternative, to strike the omissions theory contained in these counts as insufficiently pled. ECF No. 85. The Government filed an opposition, ECF No. 94, and Rothenberg replied, ECF No. 97.

## II.     LEGAL STANDARD

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." An indictment must:

> furnish the defendant with a sufficient description of the charges against him to enable him to prepare his defense, to ensure that the defendant is prosecuted on the basis of facts presented to the grand jury, to enable him to plead jeopardy against a later prosecution, and to inform the court of the facts alleged so that it can determine the sufficiency of the charge.

*United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979) (per curiam) (citations omitted).

"Because it is a drastic step, dismissing an indictment is a disfavored remedy." *United States v. Rogers*, 751 F.2d 1074, 1076 (9th Cir. 1985). "[A]n indictment setting forth the elements of the offense is generally sufficient" to survive a motion to dismiss. *United States v. Fernandez*, 388 F.3d 1199, 1219 (9th Cir. 2004). In the Ninth Circuit, "[t]he use of 'bare bones' information—that is one employing the statutory language alone—is quite common and entirely permissible so long as the statute sets forth fully, directly and clearly all essential elements of the crime to be punished." *United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995) (quotations and citation omitted). In evaluating its sufficiency, an indictment "should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." *United States v. Berger*, 473 F.3d 1080, 1103 (9th Cir. 2007) (quotation and citation omitted). "In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002).

## III.    DISCUSSION

In the operative motion, Rothenberg argues that counts 1, 3, 5-7 and 12-23 of the superseding indictment should be dismissed for failure to properly allege an omissions theory of

1   fraud. He notes that counts 1, 3, and 5-7 fail to state any duty to disclose, while counts 12-23
2   simply state that there was a "duty to disclose" without including the factual basis for this duty.
3   Rothenberg further argues that counts 8-11 must be dismissed if counts 5-7 are dismissed because
4   "the money laundering counts are specifically connected to the wire fraud activity." ECF No. 85
5   at 5. In its opposition, the Government argues that Rothenberg confuses omissions fraud and
6   misrepresentation fraud. Because counts 1, 3, and 5-7 involve misrepresentation fraud but not
7   omissions fraud, the Government maintains that it need not allege a duty to disclose. As to counts
8   12-23, the Government argues that no court has ever required an indictment to allege the factual
9   basis for a duty to disclose, and that it need not do so here.

### A.   Sufficiency of Counts 1, 3, 5-7

All parties agree that counts 1, 3, and 5-7 do not state that Rothenberg owed a duty to his alleged victims. The only question is whether the failure to allege a duty dooms these claims. Rothenberg argues that it does because an independent duty is an essential element of an omission-based fraud theory and must be pleaded in the superseding indictment. The Government argues that it does not because it is not alleging an omission-based fraud theory for these counts.

Mail, wire, and bank fraud claims may be premised on either omissions or affirmative misrepresentations. *Eller v. EquiTrust Life Ins. Co.*, 778 F.3d 1089, 1092 (9th Cir. 2015); *United States v. Yates*, 16 F.4th 256, 275 (9th Cir. 2021). A plaintiff alleging an omission-based fraud claim must establish that "an independent duty [] has been breached by the person so charged." *United States v. Shields*, 844 F.3d 819, 822 (9th Cir. 2016) (internal quotation and citation omitted). Thus, an indictment that includes omission-based fraud "must allege facts giving rise to a duty to disclose." *United States v. Holmes*, No. 5:18-cr-00258-EJD, 2020 WL 666563, at *14 (N.D. Cal. Feb. 11, 2020); *see United States v. DuBo*, 186 F.3d 1177, 1179 (9th Cir. 1999) ("[I]mplied, necessary elements, not present in the statutory language, must be included in an indictment.") (internal quotation and citation omitted).

However, "[h]alf-truths and omissions are distinct concepts." *Holmes*, 2020 WL 666563, at *14 (citing *United States v. Sumeru*, 449 F. App'x 617, 621-22 (9th Cir. 2011). Unlike an omission-based fraud claim, a plaintiff need not prove an "independent duty" for

3

misrepresentation-based fraud. *See United States v. Benny*, 786 F.2d 1410, 1418 (9th Cir. 1986) ("Proof of an affirmative, material misrepresentation supports a conviction of mail fraud without any additional proof of a fiduciary duty."). "Regarding half-truths, 'even in the absence of a trust relationship,' one 'cannot affirmatively tell a misleading half-truth about a material fact.'" *Holmes*, 2020 WL 666563, at *15 (quoting *United States v. Laurienti*, 611 F.3d 530, 541 (9th Cir. 2010)). Rothenberg's motion to dismiss asks the Court to conflate these concepts and to hold that "a misrepresentation based on the 'concealment of material facts' is omissions fraud." ECF No. 97 at 2. The Court declines the invitation.[2] Because fraud based on concealment or half-truths does not require proof of a duty to disclose, the Government is not required to allege such a duty as to these counts. The Court therefore denies the motion to dismiss counts 1, 3, and 5-7. The Court also denies as moot the motion to strike the omissions theory as insufficiently pleaded in counts 1, 3, and 5-7 because the Government is not asserting an omission-based fraud theory for those counts.

### B. Sufficiency of Counts 12-23

Counts 12-23 include allegations of omission-based fraud. As to these counts, the Government does allege a duty to disclose. *See, e.g.*, ECF No. 15 ¶ 43 (Rothenberg "knowingly devised a scheme and artifice to defraud potential investors in Software Company . . . as to a material matter and to obtain money and property from those potential investors . . . by omitting and concealing material facts with a duty to disclose."). Defendant moves to dismiss these counts, or, in the alternative, to strike the omissions allegations because "[a]lthough these counts allege a bare bone[s] 'duty to disclose,' they do not allege the basis for this duty." ECF No. 85 at 5.

Defendant cites no authority requiring an indictment to set forth the factual basis for a duty to disclose and the Court is aware of none. Defendant argues that "in the absence of an allegation in the indictment of either 'a fiduciary or statutory duty to disclose,' an indictment 'fails to allege a

---

[2] In *United States v. Galloway*, the Court found "no meaningful distinction between 'omission,' 'non-disclosure,' and 'concealment' of the fact that defendants conducted rounds and payoffs, in the absence of any duty to disclose that fact to the trustees or beneficiaries." No. CR 14-607 PJH, 2016 WL 4269961, at *3 (N.D. Cal. Aug. 15, 2016), *aff'd sub nom. United States v. Joyce*, 895 F.3d 673 (9th Cir. 2018). To the extent *Galloway* can be read to support Defendant's position, it departs from the other authorities cited in this order and this Court declines to follow it.

scheme to defraud' under an omissions theory." ECF No. 97 at 5 (citing *United States v. Steffen*, 687 F.3d 1104, 1116 (8th Cir. 2012)). Given that the Government *does* allege a duty to disclose, however, this point does not assist the Defendant. Counts 12-23 sufficiently allege a breach of duty to disclose.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss or strike counts 1, 3, 5-7, and 12-23 is denied.

**IT IS SO ORDERED.**

Dated: January 24, 2022

_____
JON S. TIGAR
United States District Judge