UNITED STATES DISTRICT COURT        **ORIGINAL**

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable JON S. TIGAR, Judge

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **Status Conference** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CR 20-00266JST |
| | ) | |
| MICHAEL BRENT ROTHENBERG, | ) | Pages 1 - 12 |
| a/k/a MIKE ROTHENBERG, | ) | |
| | ) | |
| Defendant. | ) | Oakland, California |
| _____ | ) | Friday, January 29, 2021 |

**REPORTER'S TRANSCRIPT OF ZOOM WEBINAR PROCEEDINGS**

**APPEARANCES VIA ZOOM WEBINAR:**

| | |
|---|---|
| For Plaintiff: | David L. Anderson, Esq. |
| | United States Attorney |
| | 1301 Clay Street, Suite 340S |
| | Oakland, California  94612 |
| BY: | KYLE F. WALDINGER, |
| | NICHOLAS J. WALSH, |
| | ASSISTANT UNITED STATES ATTORNEYS |
| For Defendant: | Steven G. Kalar |
| | Federal Public Defender |
| | 1301 Clay Street, Suite 1350N |
| | Oakland, California  94612 |
| BY: | HANNI M. FAKHOURY, |
| | ASSISTANT FEDERAL PUBLIC DEFENDER |
| Reported By: | Raynee H. Mercado |
| | CSR. No. 8258 |

Proceedings reported by electronic/mechanical stenography; transcript produced by computer-aided transcription.

```
 1    Friday, January 29, 2021                        10:14 a.m.
 2                        P R O C E E D I N G S
 3                           (Zoom Webinar)
 4           THE CLERK:  Your Honor, now calling criminal matter
 5    20-266, United States of America v. Michael Brent Rothenberg.
 6       If counsel could please state their appearances for the
 7    record starting with the government.
 8           MR. WALDINGER:  Good morning, Your Honor.  Kyle
 9    Waldinger for the United States.  I would also note that my
10    colleague Nicholas Walsh is in the waiting room.  If I could
11    ask that he be admitted as well.
12           THE CLERK:  Your Honor --
13           THE COURT:  Thank you.  Good morning.  Nice to see
14    you again.  I'm sure Ms. Lee can promote Mr. Walsh.
15           MR. WALDINGER:  Good to see you, Your Honor.
16           MR. FAKHOURY:  And good morning again, Your Honor.
17    Hanni Fakhoury on behalf of Mr. Rothenberg.  Mr. Rothenberg's
18    out of custody.  He's present by Zoom, and he consents to have
19    a video appearance this morning, Your Honor.
20           THE COURT:  Very good.  Good morning again,
21    Mr. Fakhoury.
22       Good morning, Mr. Walsh.
23       Mr. Rothenberg, can you hear me okay?
24           THE DEFENDANT:  Yes, Your Honor, I can.
25           THE COURT:  All right.  Very good.
```

1   We are going to proceed by video.  I find it in the public
2   interest to do that.  The court currently is not conducting
3   any in-court proceedings of any kind or any hybrid court
4   proceedings for that matter because the COVID-19 virus is so
5   prevalent right now in our communities that it would not be
6   safe to do that either for the parties or court staff or the
7   court or members of the public so we are going to proceed by
8   video.
9       This, I want to say, is the first time this case has been
10  in the district court, this criminal case.  So, Mr. Waldinger,
11  maybe I'll just start with you.
12          **MR. WALDINGER:**  Yes, Your Honor.  The government
13  filed a complaint back in June.  It wasn't until about
14  November that Mr. Rothenberg was able to obtain counsel.  My
15  understanding was he was looking for retained counsel.
16  Ultimately, the court appointed counsel.  I believe it was
17  Judge Corley.
18      At that time, that was when Your Honor approved the
19  related case order, and so originally a different public
20  defender was appointed in San Francisco.  Once Your Honor took
21  the case, Mr. Fakhoury got the case.  So that's where we are.
22      In the meantime, while we were waiting on the counsel
23  issue, the government filed an information followed by an
24  indictment in August.
25      Since counsel's been appointed, we've produced discovery

```
 1   in about three large tranches of about 325,000 documents.  We
 2   still have additional documents to produce.  I think they'll
 3   take some time -- what's been produced and what will be
 4   produced will take time for Mr. Fakhoury to -- to go through.
 5        The other thing I would add is that I think no time has
 6   expired on the Speedy Trial clock, so I think we still have 70
 7   days on that clock.
 8        And with that, I would -- I would turn it over to my
 9   co-counsel or to Mr. Fakhoury, if there's anything that they
10   think we should add for the court.
11            MR. WALSH:  (Shakes head.)
12            THE COURT:  Very good.
13        Well, why don't I hear from the government in one fell
14   swoop.  Mr. Walsh, anything you want to add to what
15   Mr. Waldinger had to say?
16            MR. WALSH:  I think Mr. Waldinger's encapsulated our
17   position at the moment, Your Honor.  Thank you.
18            THE COURT:  All right.  Very good.  Thank you.
19        Mr. Fakhoury?
20            MR. FAKHOURY:  Thank you, Your Honor.
21        Mr. Waldinger is right.  The Federal Public Defender was
22   appointed to represent Mr. Rothenberg in the fall.  And when
23   the case made its way to Oakland, I am the one who took it
24   over.  And so unfortunately, I'm sort of the newest player to
25   the saga, and it's going to take me a little bit of time to
```

1   get up to speed on the -- on the discovery.
2       As Mr. Waldinger indicated, it's voluminous.  As the court
3   knows, this is a -- this is a complex fraud case with a lot of
4   moving parts and a lot of documents and a lot of kind of balls
5   in the air, and so I need time to just simply process and get
6   through the discovery, let alone discuss it with
7   Mr. Rothenberg and, you know, kind of walk through his
8   different options.
9       What I had proposed we -- to Mr. Waldinger this morning
10  that we do is that effectively if we could put this out for a
11  further status -- I was going to suggest -- we had kind of
12  thrown around -- potentially at the end of April, which would
13  be -- I know typically the court likes to kind of stick to,
14  like, a every-30-days sort of check-in.  I think --
15           **THE COURT:**  No, not for a case like this, I don't.
16           **MR. FAKHOURY:**  Yeah, exactly.
17           **THE COURT:**  I think I have -- I think I have a good
18  handle on what the discovery probably looks like, so an April
19  request doesn't surprise me at all.
20           **MR. FAKHOURY:**  Well, I appreciate that, Your Honor.
21      And so basically coming back at the end of April to check
22  in and see, you know, how much additional time I'm going to
23  need to process discovery, review it with Mr. Rothenberg if
24  there's other materials that get produced, if there are other
25  materials that I request that have not been produced, so it

1   will -- it will take me a little bit of time on that.
2       And so in terms of the discovery and setting a further
3   status, that would be my request. And I would agree that time
4   should be excluded under the Speedy Trial Act for effective
5   preparation of counsel because there's no way I could be ready
6   for a trial in 70 days.
7       There is one other issue I did want to raise to the court,
8   which is at the time that Mr. Rothenberg was proceeding
9   pro se, he did file a motion to dismiss, which at the time the
10  case was assigned to Judge Alsup, who ordered the government
11  to respond and so they filed a response or an opposition, and
12  Mr. Rothenberg filed a pro se reply, and that motion has not
13  been adjudicated on. It has not been ruled on.
14      And I know Mr. Rothenberg is anxious to have that issue
15  resolved. What I would like to ask the court to do on that
16  motion is to not rule on it just yet. And what I would
17  propose we do -- and I mentioned this to Mr. Waldinger this
18  morning as well -- that what I propose we do is effectively
19  allow me to supplement that motion, with the -- with the hope
20  that perhaps when we come back for that further status at the
21  end of April, we could adju- -- we could have a hearing on
22  that motion as well so that there can be some resolution to
23  it.
24      And to kind of speak more generally, Your Honor, the way I
25  sort of envision this case, because it is so big and somewhat

1    unwieldy, I guess, is -- my -- my hope is that to the extent
2    that there are discrete issues that could be resolved in the
3    interim while I am processing discovery and reviewing
4    materials and -- and going through -- through that whole part
5    of the case, that I could -- we could still have progress on,
6    for example, Mr. Rothenberg's motion or other items that can
7    be resolved or, you know, raised and opposed -- and resolved
8    in the meantime.
9         In other words, to sort of understand that we need time to
10   get through a large chunk of the case, but to the extent that
11   there are discrete issues that could be handled independently
12   of other issues, to start raising them so they can be resolved
13   and so the case doesn't just linger around forever, which is
14   sometimes the fear in these kinds of cases.
15        So I'd mentioned that to Mr. Waldinger, and obviously --
16   so I'm mentioning it to the court to see if that's amenable to
17   the court.  Obviously, if the court doesn't agree with that,
18   I'm happy to proceed however the court wants to proceed.  But
19   I did want to raise that because I know that's something that
20   Mr. Rothenberg is particularly anxious about.
21             **THE COURT:**  Let me offer a few thoughts in response
22   before I hear from the government.
23        First of all, you don't need my permission to seek a
24   hearing on an existing motion.  I would discourage you from --
25   from filing something that's intended to be a supplement to a

1   motion that's already been filed.  If you think the motion
2   doesn't stand on its own as it's been written, you should
3   withdraw the motion and file a new motion.
4        You can incorporate -- not by reference, but you can
5   incorporate as much of the earlier motion as you want.  But
6   what I need is just a clean set of moving papers:  a motion,
7   an opposition, and a reply.
8        And if you're not going to be asking -- I'm repeating
9   myself now, but if you're not going to be asking me to resolve
10  Mr. Rothenberg's pro se motion, then after consulting with
11  him, you should file a motion over your own name.  And if you
12  today know that you want to do that and you want a hearing at
13  our next conference, we can accommodate that request.  So
14  that's what I would say about that motion.
15       About the subject of resolving other things, what I'm
16  about to say is going to sound like a
17  woe-is-me-world's-smallest-violin complaint, and I don't
18  intend it that way, but it's probably going to sound like that
19  anyway.
20       I have 300 cases.  One of them is a case in which I have
21  jurisdiction over the entire California State Prison health
22  care system where COVID has turned into a very substantial
23  management challenge with extremely high stakes.  That case
24  alone takes up about 10 to 15 percent of my time now.
25       So I'm happy to resolve any motions in any of my cases,

1   but two things are true.  In a criminal case, we're going to
2   schedule them in advance.  So we're going to have a hearing
3   like we're having now.  Someone's going to tell me what
4   motions they want to file.  We're going to discuss them
5   briefly, and then we're going to set a hearing date.
6       And, in general in all my cases, civil and criminal,
7   things are now taking a little longer to resolve sometimes
8   than I want.  And that's not because I enjoy having a
9   reputation as somebody who's slower than he should be.  The
10  opposite is true.  But it's just a function of how much work
11  there is on the plate.
12      So I got the sense, Mr. Fakhoury, that you didn't actually
13  have anything specific in mind.  You were just trying to
14  manage my expectations, and -- nor do I have anything specific
15  in mind.  I'm just trying to manage everyone else's
16  expectations.
17      If you think that there are additional issues beyond those
18  presented by Mr. Rothenberg's motion to dismiss that could
19  sensibly be resolved prior to our next hearing, which taking
20  my cue from you, will probably occur on or about April 30th,
21  we should have a hearing before that and you could say, Your
22  Honor, I haven't made my way through all the discovery yet,
23  but I've already identified the following issues that should
24  be resolved by motion.  And then we can try figure out what a
25  sensible schedule is.

1    I don't know if I've -- if I've completely met your points
2    or -- there might have been a little bit of a
3    two-ships-passing-in-the-night thing there, but those are my
4    thoughts.
5        **MR. FAKHOURY:**  That makes perfect sense, Your Honor.
6    And what I would say is let me -- for the time being, let's
7    not -- let me speak to Mr. Rothenberg after court and sort of
8    decide with him how best to proceed.
9        And if it turns out that I feel like there is a motion I
10   want noticed, I can -- we can -- I can meet and confer with
11   Mr. Waldinger and Mr. Walsh.  We could even submit a
12   stipulation with a proposed order.  I can clear dates with
13   Madam Courtroom Deputy, and we could do it as efficiently as
14   possible and make sure it gets adjudicated.
15       But I need to -- let me speak to Mr. Rothenberg about it
16   ahead of time.  But now that I know the court's kind of view
17   on it, that would obviously inform what I do in my
18   conversation with Mr. Rothenberg, so that's fine --
19       **THE COURT:**  And I should also say, notwithstanding
20   the opportunity cost of time and so forth, I never mind having
21   status conferences.  They're almost always productive.
22   There's always something -- there's almost always a benefit to
23   everybody getting together, even if it's by video, and talking
24   about a case for a few minutes.  So if you -- if we set our
25   next conference, and it's about three months away as you

1   requested, but you determine in the interim, gosh, I'd really
2   like to get in front of the court before that, I would welcome
3   that.
4       Another comment I would make is that some of my absolutely
5   favorite institutional lawyers are all on this case on both
6   sides. And I have absolutely no desire for you to settle this
7   case at all. I think it would be a great trial. I would
8   enjoy it, and the jury would enjoy it, so to your point about
9   looking forward to resolution, that makes two of us.
10      So, gentlemen, how about April the 30th at 9:30 a.m.?
11          **MR. WALDINGER:** Your Honor --
12          **MR. FAKHOURY:** Your Honor --
13          **MR. WALDINGER:** -- think that was the one date that
14  Mr. Fakhoury was not available.
15          **MR. FAKHOURY:** That's --
16          **THE COURT:** I beg your pardon. April 23rd is also
17  available.
18          **MR. FAKHOURY:** The 23rd is fine with me, Your Honor.
19          **MR. WALDINGER:** That works for the government.
20              (Simultaneous colloquy.)
21          **THE COURT:** Very good April 30 [sic] at 9:30 a.m. --
22          **MR. FAKHOURY:** 23rd.
23          **THE COURT:** I accept Mr. Fakhoury's invitation to
24  exclude time until that date for effective preparation of
25  counsel. I have no doubt that you'll need the time.

```
 1            Mr. Waldinger, can your office prepare a time exclusion
 2   order, please?
 3            MR. WALDINGER:  Yes, we will based on effective
 4   preparation of counsel, Your Honor.
 5            THE COURT:  Thank you.  That's the basis of the
 6   court's ruling.
 7       Gentlemen, anything further this morning?
 8            MR. WALDINGER:  Your Honor, I do not believe so from
 9   the government.
10            THE COURT:  All right.  Very good.
11                 (Off-the-record discussion.)
12            THE COURT:  Oh, I beg your pardon.  Thanks for the
13   correction.  I meant to say April 23rd.
14       Gentlemen, I want to raise a point of personal privilege
15   with Mr. Fakhoury about a case I was just affirmed in, which I
16   was actually hoping to be reversed, so if -- if there's
17   nothing further regarding Mr. Rothenberg's case, I'm going to
18   continue that conversation for just one second.
19       And I'll see everybody in April.
20            MR. WALDINGER:  That's it, Your Honor.  Thank you
21   very much.
22            MR. FAKHOURY:  Nothing further on Mr. Rothenberg.
23       Thank you.
24                 (Proceedings were concluded at 10:28 A.M.)
25                           --o0o--
```

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter. I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken, and further that I am not financially nor otherwise interested in the outcome of the action.

*Raynee H. Mercado*
_____

Raynee H. Mercado, CSR, RMR, CRR, FCRR, CCRR

Sunday, March 6, 2022