```
                                               Pages 1 - 10

                   UNITED STATES DISTRICT COURT

                 NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Jon S. Tigar, Judge

UNITED STATES OF AMERICA,       )
                                )
          Plaintiff,            )
                                )
  VS.                           )       NO. CR 20-00266-1-JST
                                )
MICHAEL BRENT ROTHENBERG,       )
                                )
          Defendant.            )
_____)

                                Oakland, California
                                Friday, January 21, 2022

                   TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

For Plaintiff:
                    OFFICE OF THE UNITED STATES ATTORNEY
                    450 Golden Gate Avenue
                    San Francisco, CA  94102
              BY:   KYLE F. WALDINGER
                    NICHOLAS J. WALSH
                    ASSISTANT UNITED STATES ATTORNEYS

For Defendant:
                    MOEEL LAH FAKHOURY LLP
                    1300 Clay Street, Suite 600
                    Oakland, CA  94612
              BY:   HANNI M. FAKHOURY, ESQUIRE


                    DEPUTY FEDERAL PUBLIC DEFENDER

Reported By:  Pamela Batalo-Hebel, CSR No. 3953, RMR, FCRR
              Official Reporter
```

|    |                                                                              |
|----|------------------------------------------------------------------------------|
| 1  | **Friday - January 21, 2022**                                  **10:20 a.m.** |
| 2  | **P R O C E E D I N G S**                                                    |
| 3  | ---oOo---                                                                    |

     **THE CLERK:** Your Honor, now calling CR 20-266, United States of America vs. Michael Brent Rothenberg.

    If counsel could please state their appearances for the record, starting with the Government.

     **MR. WALDINGER:** Good morning, Your Honor. Kyle Waldinger and Nicholas Walsh on behalf of the United States.

     **MR. FAKHOURY:** Good morning, Your Honor. Hanni Fakhoury on behalf of Mr. Rothenberg. He is present appearing by video. We consent to a video appearance this morning, Your Honor.

     **THE COURT:** Very good. The Court will proceed by video. We are in the midst of the COVID pandemic, and the Omicron variant rates of transmission within the Northern District are too high for us to safely proceed in person without endangering your health, the health of the Court, court staff, and the general public, so it's in the interests of justice to proceed by video.

    I apologize for my lassitude in deciding the motion that appears at Docket No. 85, which is a motion to dismiss Counts 1, 3 and 5 through 23 or alternatively to strike the Government's omissions theory. That motion is now denied. I will issue an opinion, a short opinion, next week that sets

1     forth the Court's reasoning.
2         I had intended -- and I almost got there -- to have the
3     written work product in your hands before this hearing, but I
4     didn't quite succeed, but I am sufficiently close that I know
5     how it's going to turn out.
6         And for Speedy Trial -- I don't want to toll the clock any
7     longer so for Speedy Trial Act purposes, the motion will be
8     shown as having been denied as of today, and then we can move
9     forward.
10              **MR. WALDINGER:**  Very good, Your Honor.  Thank you.
11              **THE COURT:**  What's your pleasure, gentleman?
12              **MR. WALDINGER:**  I do think, speaking of the Speedy
13    Trial clock, I spent some time today -- between exclusions of
14    time and pending motions, I don't think any time has run until
15    today on the Speedy Trial clock.  One of the orders that we did
16    get from Your Honor was a severance motion with respect to
17    Counts 1 and 2, and so I did want to raise the issue of whether
18    it makes sense to try that case first, and I -- we're in an
19    unusual time.  The Court has said Omicron five or six times in
20    the course of today.  So, you know, it's hard to push for a
21    trial date.
22        I know the Court -- there are people in custody who are
23    looking for trials, but I wonder if we should just try to get
24    on the Court's calendar for that case sometime in the fall.  My
25    suspicion is the other -- the rest of the case is more complex,

1  and I don't think that Mr. Fakhoury, based on my discussions
2  with him, is going to be ready to try that case in 2022.  And
3  so I thought if -- the Count 1 and 2 case I think is a
4  five-trial-day case, Your Honor.  I don't think there are that
5  many witnesses.  It's a discrete event with respect to a
6  refinance.
7  　　　　So I want to throw that out there as an initial -- as an
8  initial thing to bring up with Your Honor.
9  　　　　**THE COURT:**  Let me just say a couple things, not to
10 indicate that I will or will not do that because I need to hear
11 from Mr. Fakhoury, but just to state as a general matter, in
12 all of my cases, I appreciate what Mr. Waldinger said about the
13 uncertainty created by the COVID pandemic as it relates to
14 whether any individual trial on my docket can go forward on the
15 date it's been set on.  But the way that our court has, I
16 think, successfully managed the trial calendar through the
17 pandemic is by establishing a priority system which
18 Mr. Waldinger recognized in his reference to in-custody
19 defendants.  And notwithstanding that priority system, last
20 year, 2021, Ms. Lee and I tried six jury trials, including four
21 civil cases and two criminal cases, and actually from April
22 through fairly late in the year, we were more or less
23 continually in trial.
24 　　　　And it is true that some of my colleagues -- and it's true
25 for me, too -- that sometimes we were not able to get a trial

1   out when we wanted, but usually that was because we were in a
2   period where no trials were going out, and the number of trials
3   that didn't go out because of actual conflicts and limitation
4   of resources was relatively few.
5       And the way to get a case tried in that world and to
6   acknowledge the COVID pandemic is not to not set a case for
7   trial.  The way to -- to keep the machinery moving is to set
8   the cases for trial and then try them.  And do we -- do we
9   sometimes shut down and then that case has to be continued?
10  Yes.  I'm supposed to be in trial right now on a patent case
11  which, because of the Court's order last week, did not go
12  forward the week before.
13      So I -- it's a long-winded way of saying I'm happy to set
14  any case for trial when the lawyers think they can be ready,
15  and then just see where that leads us.
16      Mr. Fakhoury, what do you think about the advisability of
17  trying the smaller of the two cases that my order created
18  sometime in the fall of this year?
19      **MR. FAKHOURY:**  Your Honor, I would say I am -- I think
20  we are -- in my opinion, I think we're closer to setting a
21  trial date for those two discrete counts.  I would still ask
22  perhaps we come back for a further status in 60 to 90 days and
23  at that point, set that date, that smaller case for trial.
24      I wholeheartedly agree with Mr. Waldinger that --
25  regarding the rest of the case.  There is no chance that I

1  would be ready to try that in 2022.  I would also add I am set
2  for trial in another case on May 2nd in front of Judge Alsup in
3  San Francisco, and so I have some concerns with committing to
4  the fall, whatever -- whether that's September or October or
5  however the Court conceives of it just because of that other
6  trial, which is not -- I don't anticipate it being a very
7  lengthy trial, but I'm a little worried about jamming things
8  up.  And that trial is for an in-custody defendant.
9      So my preference would be coming back in approximately 60
10 days or 90 days and at that point set the first two counts for
11 trial.
12     The Court's aware that the case is extraordinarily
13 complex.  There is a significant amount of material.  And while
14 I agree with Mr. Waldinger that the first two counts are much
15 more discrete than the remainder of the counts, I still --
16 there is still a significant amount of work to be done just
17 even on those first two counts.  And so I would like a little
18 bit more time to prepare before setting that trial date with
19 the understanding, you know, that once the trial date is set,
20 it really, you know -- barring a courthouse closer or something
21 remarkable, I don't want it to move.  I want to be able to say
22 these are the days set aside for this case, for this trial.
23     I'm going to prepare on this schedule, and I know the
24 Court is going to issue a very detailed pretrial order that has
25 all sorts of deadlines that flow from that, and so that would

1    be my request.
2        And I think there would be ample basis to exclude time
3    under the Speedy Trial Act as I'm preparing and as, you know --
4    as we get closer to the actual trial date, there will be all
5    sorts of motions in limine filed and jury instructions issues,
6    I'm sure, so that would be my request and my preference,
7    Your Honor, if the Court would accommodate that.
8        **THE COURT:**  Mr. Waldinger, I'm going to construe
9    Mr. Fakhoury's request as that we put the matter on calendar
10   March 18th at 9:30 a.m. for trial setting.  It's just a couple
11   days short 60 days.  So construed.
12       What's the state of the bidding?
13       **MR. WALDINGER:**  Well, I would just be concerned that
14   when we come back on March 18th, the Court's trial calendar
15   for, say, October, which is five months after Mr. Fakhoury's
16   May trial in front of Judge Alsup, will be filled up, and I
17   don't think it's unreasonable to set it now for October, but
18   it's really Your Honor's preference.  You've heard what
19   Mr. Fakhoury said, and he's willing to come back on March 18th
20   and set it for trial then.
21       We can keep our fingers crossed and hope that we can find
22   a date in late 2022 in the fall to get on you Your Honor's
23   trial calendar on March 18th.
24       **THE COURT:**  Here is what we're going to do.  If you
25   come back on March 18th, I've -- I will just tell everybody --

1    this is so I can hopefully have one of you -- one of you can
2    have the cake and the other one can eat it.  I will be able to
3    set you in the fall.  I will, because we have an internal
4    priority system here.  The only person that would take -- well,
5    I can't do anything about another judge's case taking priority
6    over mine using our internal scheduling system, but I wouldn't
7    be able to do that -- anything about that regardless of when I
8    set the trial.  That's just -- that's an exogenous -- that's an
9    external condition to us.
10       What I can do is just look right now at that calendar and
11   say an out-of-custody criminal proceeding is going to beat a
12   civil case ten times out of ten.  I don't have any other
13   criminal cases set for trial then.  So you would -- your case
14   would go forward.  And so I can say that now.  You can all hold
15   me to it when you come back.
16       And Mr. Fakhoury can digest this information and have
17   discussions with his clients about their posture vis-à-vis the
18   prosecution and maybe even talk to the Government about where
19   in the fall it makes sense to set the case.  I think I would
20   rather do that than set it today on a pop-quiz basis.
21            **MR. WALDINGER:**  That's fine with the Government then,
22   Your Honor.
23            **MR. FAKHOURY:**  That's fine, Your Honor.  I appreciate
24   that.  Thank you.
25            **THE COURT:**  All right.  Let's set this for trial

1    setting on March 18th, 2022, at 9:30 a.m.  Mr. Rothenberg is
2    ordered to be present at that time.
3        I will, as Mr. Fakhoury suggests, exclude time for
4    effective preparation of counsel.  This is an unusually complex
5    case so I don't have any problem under the statute making that
6    finding.
7        And I will ask the Government to prepare a time-exclusion
8    order.
9            **MR. WALDINGER:**  We will, Your Honor.  And the basis
10   would be for effective preparation of Mr. Fakhoury?
11           **THE COURT:**  Correct.
12           **MR. WALDINGER:**  Just one more thing.  I think before
13   March 18th -- I started speaking yesterday with Mr. Fakhoury
14   about one of the Court's other rulings with respect to his
15   request regarding the allegations in the indictment regarding
16   other investors, and the way that I read that order was that
17   the Court was ordering a bill of particulars, but we may have
18   to come back to the Court for clarification on that and the
19   scope of that order.  That's what the Government plans to do
20   rather than supersede the indictment to name -- to name various
21   investors as to whom there are no particular wire fraud counts
22   relating to --
23           **THE COURT:**  I -- I -- you are partially refreshing my
24   recollection as to the contents of a prior order.
25   Unfortunately I issue so many orders I'm not able to keep the

1  specifics of all of them in my head at any one time.  So I'm
2  happy to assist the parties with that.  You would need to file
3  something in advance that points me to what I would need to
4  read.
5       It also sounds possible that you and Mr. Fakhoury will
6  reach agreement on -- on what needs to be done to satisfy the
7  terms of the Court's order, and if you are able to do that, I
8  am sure I would think it was fine.
9            **MR. WALDINGER:**  Okay.  Very good, Your Honor.
10           **THE COURT:**  I think that's it.
11           **MR. WALDINGER:**  I think that's it from the Government
12  as well, Your Honor.
13           **THE COURT:**  All right.
14       Mr. Fakhoury, other matters this morning?
15           **MR. FAKHOURY:**  No, Your Honor.  I appreciate it.
16  Thank you.
17           **THE COURT:**  Okay.  Thanks.  See you guys in March.
18           **THE CLERK:**  Your Honor, if I could note for parties
19  that March 18th is an in-person date.
20           **THE COURT:**  Yes.  Stay tuned as to all of our
21  in-person dates, but for now, it's an in person date.
22                  (Proceedings adjourned at 10:33 a.m.)
23
24
25

<pre>
 1
 2
 3                    CERTIFICATE OF REPORTER
 4         I certify that the foregoing is a correct transcript
 5   from the record of proceedings in the above-entitled matter.
 6
 7   DATE:    Tuesday, March 29, 2022
 8
 9   /s/ Pamela Batalo Hebel
     _____
10   Pamela Batalo Hebel, CSR No. 3593, RMR, FCRR
     U.S. Court Reporter
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
</pre>