*ORIGINAL*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable JON S. TIGAR, Judge

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **Trial Setting** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CR 20-00266 JST |
| | ) | |
| MICHAEL BRENT ROTHENBERG, | ) | Pages 1 - 12 |
| | ) | |
| Defendant. | ) | Oakland, California |
| _____ | ) | Friday, March 18, 2022 |

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

| | |
|---|---|
| For Plaintiff: | Stephanie M. Hinds, Esq. |
| | United States Attorney |
| | 1301 Clay Street, Suite 340S |
| | Oakland, California  94612 |
| BY: | KYLE F. WALDINGER, |
| | ASSISTANT UNITED STATES ATTORNEY |
| | |
| For Defendant: | Moeel Lah Fakhoury LLP |
| | 1300 Clay Street, Suite 600 |
| | Oakland, California  94612-1427 |
| BY: | HANNI M. FAKHOURY, ATTORNEY AT LAW |
| | |
| Reported By: | Raynee H. Mercado |
| | CSR. No. 8258 |

   Proceedings reported by electronic/mechanical stenography; transcript produced by computer-aided transcription.

*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR (510) 451-7530*

```
 1    Friday, March 18, 2022                              9:36 a.m.
 2                         P R O C E E D I N G S
 3              THE CLERK:  Your Honor, now calling criminal matter
 4    20-266, United States of America v. Michael Brent Rothenberg.
 5       If counsel could please come forward and state their
 6    appearances for the record, starting with the government.
 7              MR. WALDINGER:  Good morning, Your Honor.  Kyle
 8    Waldinger on behalf of the United States.
 9              MR. FAKHOURY:  Good morning, Your Honor.  Hanni
10    Fakhoury on behalf of Mr. Rothenberg, who's present before the
11    Court, Your Honor.
12              THE COURT:  The matter's on calendar for trial
13    setting.  Gentlemen, what's your pleasure?
14              MR. WALDINGER:  Your Honor, I had discussed with
15    Mr. Fakhoury an October 31st trial date would be the
16    government's preference.  I think Mr. Fakhoury has a different
17    preference.
18       The trial, I think, would -- would probably be -- could be
19    finished in one week on the severed counts, which are counts
20    one and two.  But I think there's also a possibility that it
21    will spill over into the following week, and -- so that would
22    be the government's request, an October 31st trial date.
23              THE COURT:  Mr. Fakhoury.
24              MR. FAKHOURY:  Your Honor, I did speak to
25    Mr. Waldinger about this, and then I spoke to Mr. Rothenberg
```

1  about it.  And what we had wanted to propose was actually a
2  December 12 trial date.  That's -- in order to help
3  Mr. Rothenberg's family, his parents basically who live in --
4  out of state, to have them be able to fly in and be present
5  for the -- for the trial.  And again, this is assuming we're
6  talking about a trial for just counts one and two.  The first
7  two severed counts.
8      So our preference is for a little bit extra time out in
9  December which gives his family some time to make it here for
10 the trial.
11         **THE COURT:**  Well, they're going to be airplanes in
12 the sky on October whatever it is, so what is it about the
13 difference in time that makes it possible for them to attend
14 the trial they otherwise would not be able to attend?
15         **MR. FAKHOURY:**  It's just their own schedules, Your
16 Honor.  That's just the -- a better time for them.
17         **THE COURT:**  I see.
18         **MR. WALDINGER:**  Your Honor, the one thing that I
19 would say is that with respect to those severed counts, the
20 witnesses and the alleged victim -- the alleged victim is
21 Silicon Valley Bank.  There will be witnesses from
22 Silicon Valley Bank and Merrill Lynch.  Knowing those
23 industries, I think end of the year makes it hard for those
24 companies to provide witnesses, and so that would be one of
25 reasons why I wouldn't want to go to December.  I also -- the

1   government is asking for the fall date because of
2   Mr. Fakhoury's schedule already instead of something earlier.
3           **THE COURT:**  I have other criminal cases set in
4   December.
5           **MR. WALDINGER:**  Okay.
6           **THE COURT:**  You'll beat anything on calendar that's
7   not an in-custody criminal case, but I can't -- I can -- I
8   don't have to worry about that on October 31.  I have to worry
9   about that for the bulk of December.  I'm going to set this
10  case for trial on October 31.
11          **THE CLERK:**  Yes, sir.
12          **THE COURT:**  2022.  Counsel are here at 8:00; the
13  jury's here at 8:30.  When shall we set a pretrial conference?
14          **MR. WALDINGER:**  I'm pretty available throughout
15  October, Your Honor.
16      Do you do those two weeks before trial?
17          **THE COURT:**  It really -- I don't have a fixed
18  pattern.  It depends on the case and how complicated it is.
19  What I want to do is I want to have enough -- sometimes you
20  don't need to have much time between the pretrial conference
21  and the trial.  I want to have enough time that two things can
22  happen first.  We all have time to work on any motions in
23  limine that can't get done that Friday afternoon.  Secondly,
24  some cases settle in that window, and the parties are waiting
25  for rulings from the Court in order to evaluate their

1  position.  So I would say two and a half weeks is the minimum.
2          **MR. WALDINGER:**  Government's fine for either the 7th
3  or the 14th, Your Honor.
4     And backing up from that, the briefing schedule for
5  motions in limine I think would be sometime throughout
6  September.
7          **THE COURT:**  I would suggest -- we also could set
8  on -- the problem is that I have other pretrial conferences
9  set in cases that I think are perhaps likely to go trial.  And
10 even if you would -- even if they -- the trial dates won't
11 conflict with yours; I want to get the pretrial conferences
12 done.  The 14th is available; it feels a little close.  We
13 could do that.  We also could set you on a non-Friday, so, for
14 example, we could set you on the morning of Thursday, October
15 6th if that were available on everybody's calendar.
16         **MR. WALDINGER:**  That's available for the government,
17 Your Honor.
18         **MR. FAKHOURY:**  I'm available, and I would actually
19 prefer more time -- a bigger gap between the pretrial
20 conference and the jury trial.
21         **THE COURT:**  So would I in a trial involving Kyle
22 Waldinger and Hanni Fakhoury.  The lawyers are likely to get
23 up to a lot of things that will require some effort on the
24 Court's part.  Let's set this for pretrial conference at 9:30
25 a.m. on Thursday, October the 6th.

1      And let's set -- I don't recall my own standing order for
2  criminal cases well enough to know whether just by setting
3  that pretrial conference date --
4      **MR. WALDINGER:**  And I forgot to look, Your Honor,
5  on -- on motions.  I'm sure Mr. Fakhoury and I can come up
6  with a briefing schedule if you tell us how much time you need
7  before October 6th to consider motions in limine I think is
8  the big thing.
9               (Pause in the proceedings.)
10     **THE COURT:**  I often -- well, I regularly do not
11 provide for replies on motions in limine, but then I sometimes
12 wished I had.  This strikes me as a case where -- and there
13 will be some instances where I wished I had, so I'd like to
14 set a schedule that does provide for reply briefs.  Perhaps I
15 could suggest motions in limine September 8, oppositions the
16 15th, replies the 22nd.
17     **MR. WALDINGER:**  I think that will work, Your Honor.
18 9/8, 9/15, 9/22?
19     **THE COURT:**  Yes, sir.
20    Mr. Fakhoury, what do you think?
21     **MR. FAKHOURY:**  That's fine, Your Honor.  Thank you.
22     **THE COURT:**  Let's do that.  And that gives me enough
23 and my chamber staff enough time to work those up so that
24 we'll be ready for you on the sixth.
25    And then I've just looked at my standing order for

1   criminal cases.  I think everything else we need to do is
2   already in there.  So --
3            **MR. WALDINGER:**  Yeah, the pretrial conference
4   statement is just filed pursuant to the local rules, it looks
5   like, Your Honor.
6            **THE COURT:**  Yes, I think the local rules and my
7   standing order address everything else that we need.
8       Is there anything else that we should be discussing -- two
9   questions:  Anything else for discussion this morning;
10  secondly, would you like an intervening case management
11  conference?
12           **MR. WALDINGER:**  I think it may be worthwhile, Your
13  Honor, to check in on the remainder of the case to see whether
14  Mr. Fakhoury has any additional motions to -- with respect to
15  counts three, et seq.  So I think it would -- it would be good
16  perhaps in the summertime to -- or late spring to set a -- a
17  date.
18      The other thing that I had -- I haven't had a chance to
19  talk with Mr. Fakhoury about, is the government did file a
20  bill of particulars since our last appearance and whether that
21  sufficed pursuant to the Court's order from December 6th, and
22  so I -- I wanted to raise that issue as well.
23           **THE COURT:**  I think you're asking me whether
24  Mr. Fakhoury thinks it suffices.
25           **MR. WALDINGER:**  Yeah.  I guess.  I'm talking through

1  to you to Mr. Fakhoury.
2          **THE COURT:**  As one does in the court.
3          **MR. FAKHOURY:**  I'm happy to answer that question.
4          **THE COURT:**  Sure.
5          **MR. FAKHOURY:**  Well, actually let me start by
6  answering the Court's question which is I also agree with
7  Mr. Waldinger that it does make sense to have a check-in
8  status regarding the remainder of the case.  And with respect
9  to the bill of particulars, I did review it.  And I've had my
10 paralegal dig through the discovery on it.  In terms of
11 whether I'm satisfied, I think at this point I'm -- I don't
12 have a good answer to that.  Not -- not -- mostly because I
13 haven't had enough of a chance to really dig into it.  I've
14 been focused more on the first two counts which are sort of
15 not at issue with regards to the bill of particulars, and I
16 think that's actually a good reason to have a status because I
17 suspect by the time we have that status, whether that's in two
18 or three months, I'll have a much better sense of that.
19     And so in terms of setting a status, I think we should set
20 a status, and I can have -- and I will make sure that by the
21 time of that status I will be able to more clearly answer
22 whether the bill of particular is satisfactory or whether
23 there is other litigation that needs to stem from it.  And
24 again, I'll say that I think the bill of particulars does not
25 really go to the first two counts in any of them, so I don't

1    think that's going to kind of detract from the -- the trial
2    date that's now been set.
3         In terms of whether there's other things to raise, one
4    thing that Mr. Rothenberg asked me to raise was he did want to
5    ask the Court to request the grand jury testimony in
6    transcript be produced.  And I have to confess I haven't had a
7    chance to look at the Court's standing order that closely or
8    scheduling order rather, but I will obviously.  And -- and
9    some courts order disclosure of the grand jury transcript just
10   kind of -- in the course of the pretrial schedule.  And to the
11   extent that the Court --
12            **THE COURT:**  Let me just jump in.
13            **MR. FAKHOURY:**  Sure.
14            **THE COURT:**  I don't recall ever having had to
15   adjudicate that dispute.  I recall having resolved every prior
16   request for grand jury testimony by stipulation.
17            **MR. FAKHOURY:**  And that --
18            **THE COURT:**  So why don't you talk about it with
19   Mr. Waldinger; and if he doesn't give you satisfaction, you
20   can approach the Court.
21            **MR. FAKHOURY:**  Absolutely.
22            **THE COURT:**  Let's also do this.  If counsel are
23   available, let's set the matter for a case management
24   conference on June 10th, 2022, at 9:30 a.m., and let's have a
25   case management statement by June the 3rd.  And then you can

1   just tell me what's at issue in the case.
2           **MR. FAKHOURY:**  Your Honor.
3           **THE COURT:**  That state -- excuse me.  If we do this,
4   that statement must include a proposal as to a deadline for
5   the filing of any pretrial motions with relate -- with regard
6   to the severed counts.
7      Mr. Fakhoury.
8           **MR. FAKHOURY:**  I'm story to interrupt the Court.  I
9   don't have a problem with that process.  What my request was
10  going to be if we could perhaps either extend that date either
11  a week forward -- actually, definitely a week forward because
12  I'm going to be out of town on June 3rd, so I just want to --
13  if we could have the case management conference statement due
14  on the 10th and then have that status on the 17th.  That would
15  work a little bit better for my schedule.
16          **THE COURT:**  Mr. Waldinger, are you available for that
17  date?
18          **MR. WALDINGER:**  The 17th will be a day in which I'm
19  out of town, Your Honor.
20          **THE COURT:**  I see.  There's no magic to any of this.
21          **MR. FAKHOURY:**  That's fine.
22          **THE COURT:**  Keep going.  How about June the 24th?
23          **MR. WALDINGER:**  I -- I am just checking that, Your
24  Honor.  I think that that will work for the government, June
25  24th.

1  **MR. FAKHOURY:** And that's fine with me, Your Honor.
2  Thank you.
3  **THE COURT:** Case management conference on the terms I
4  previously described on June 24th, 9:30 a.m.  Mr. Rothenberg
5  is ordered to be personally present.  A case management -- a
6  joint case management statement is due June the 17th.
7  **THE CLERK:** Yes, sir.
8  **MR. WALDINGER:** I think that's it, Your Honor.  Other
9  than the fact that we have a speedy trial clock.  I would
10  propose that the Court exclude time between now and either the
11  trial or the pretrial conference based on Mr. Fakhoury's
12  effective preparation and his conflicts.  He's got another
13  case that's going to trial at the moment.  Alternatively, we
14  could.
15  **THE COURT:** I've never had any problem excluding time
16  through a trial date.  You have to get ready for a trial.
17  **MR. WALDINGER:** Yeah.
18  **THE COURT:** Mr. Fakhoury.
19  **MR. FAKHOURY:** No objection.
20  **THE COURT:** The Court proposes to exclude time
21  through the trial date for your effective preparation.
22  **MR. FAKHOURY:** I have no issue with that.  There's --
23  there's plenty of work to do, and I would obviously appreciate
24  that time.  So thank you.
25  **MR. WALDINGER:** Right.

```
1            THE COURT:  That will be the Court's order.
2   Mr. Waldinger, will your office prepare a time exclusion
3   order, please.
4            MR. WALDINGER:  I will, and exclusion order will go
5   to October 31st, Your Honor.  Thank you.
6            THE COURT:  Yes, sir.  Very good.  Thank you.
7            MR. FAKHOURY:  Thank you, Your Honor.
8            MR. WALDINGER:  Thank you, Your Honor.
9               (Proceedings were concluded at 9:51 A.M.)
10                              --o0o--
```

### CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter. I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken, and further that I am not financially nor otherwise interested in the outcome of the action.

_____

Raynee H. Mercado, CSR, RMR, CRR, FCRR, CCRR

Sunday, May 29, 2022

*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR (510) 451-7530*