STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

KYLE F. WALDINGER (CABN 298752)
NICHOLAS J. WALSH (CABN 314290)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    Email: Kyle.Waldinger@usdoj.gov
    Email: Nicholas.Walsh@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. CR 20-00266 JST |
| Plaintiff, | ) ) ) | **UNITED STATES' MOTIONS *IN LIMINE*** |
| v. | ) ) | |
| MICHAEL BRENT ROTHENBERG, | ) ) | Trial Date:   October 31, 2022, 8:00 a.m.<br>Pretrial Date: October 6, 2022, 2:30 p.m. |
| Defendant. | ) ) | Court:       Hon. Jon S. Tigar, Courtroom 6 |

UNITED STATES' MOTIONS *IN LIMINE*
CR 20-00266 JST

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................................2

THE ALLEGATIONS OF COUNTS ONE AND TWO OF THE INDICTMENT ............................2

THE UNITED STATES' MOTIONS *IN LIMINE* ...........................................................................3

    I.    MOTION *IN LIMINE* NO. 1 – The Court Should Exclude Defense Evidence and Argument Suggesting that the Alleged Victim Silicon Valley Bank was Negligent in Granting Rothenberg's Loan Applications. ........................................3

        A.    The "Materiality" Inquiry Under the Bank Fraud Statute is an Objective One that is Focused on the Defendant's Statements and State of Mind; Reliance and Damages are not Elements of the Offense. .........................4

        B.    Rothenberg Should Be Precluded from Putting Forth Evidence or Argument that Silicon Valley Bank was Negligent with Respect to his 2014 Loan Applications. ........................................................................................6

    II.    MOTION *IN LIMINE* NO. 2 – All Fact Witnesses Should Be Excluded from the Courtroom During the Trial Except the Case Agents. ...........................................8

    III.    MOTION *IN LIMINE* NO. 3 – The Court Should Admit into Evidence Various Self-Authenticating Business Records Under Federal Rule of Evidence 902(11). .............................................................................................................10

CONCLUSION ..................................................................................................................................12

# TABLE OF AUTHORITIES

## Cases

*Carpenter v. United States*,
    484 U.S. 19 (1987) .................................................................................................................. 5

*Crawford v. Washington*,
    541 U.S. 36 (2004) ................................................................................................................ 11

*Lemon v. United States*,
    278 F.2d 369 (9th Cir. 1960) .................................................................................................. 7

*Neder v. United States*,
    527 U.S. 1 (1999) ........................................................................................................... 4, 5, 6

*Parle v. Runnels*,
    387 F.3d 1030 (9th Cir. 2004) .............................................................................................. 11

*United States v. Alvarado*,
    647 F.2d 537 (5th Cir. 1981) .................................................................................................. 9

*United States v. Blixt*,
    548 F.3d 3d 882 (9th Cir. 2008) ............................................................................................. 5

*United States v. Colton*,
    231 F.3d 890 (4th Cir. 2000) .................................................................................................. 7

*United States v. Coyle*,
    63 F.3d 1239 (3d Cir. 1995) ................................................................................................... 7

*United States v. Ellison*,
    704 Fed. Appx. 616 (9th Cir. 2017) ....................................................................................... 7

*United States v. Evans*,
    178 Fed. Appx. 747 (9th Cir. 2006) ..................................................................................... 11

*United States v. Halbert*,
    640 F.2d 1000 (9th Cir. 1981) ................................................................................................ 5

*United States v. Jenkins*,
    633 F.3d 788 (9th Cir. 2011) .................................................................................................. 5

*United States v. Kuzmenko*,
    775 Fed. Appx. 272 (9th Cir. 2019) ....................................................................................... 7

*United States v. Lewis*,
    67 F.3d 225 (9th Cir. 1995) .................................................................................................... 4

*United States v. Lindsey*,
    850 F.3d 1009 (9th Cir. 2017) ............................................................................................ 5, 7

*United States v. Little*,
  753 F.2d 1420 (9th Cir. 1984) ................................................................................................ 9

*United States v. Lussier*,
  929 F.2d 25 (1st Cir. 1991) .................................................................................................. 10

*United States v. Miller*,
  953 F.3d 1095 (9th Cir. 2020) ................................................................................................ 4

*United States v. Palamarchuk*,
  791 Fed. Appx. 658 (9th Cir. 2019) ....................................................................................... 7

*United States v. Peterson*,
  538 F.3d 1064 (9th Cir. 2008) ................................................................................................ 5

*United States v. Ratfield*,
  342 Fed. Appx. 510 (11th Cir. 2009) ................................................................................... 10

*United States v. Rhynes*,
  218 F.3d 310 (4th Cir. 2000) .................................................................................................. 9

*United States v. Rodriguez-Rodriguez*,
  840 F.2d 697 (9th Cir. 1988) .................................................................................................. 5

*United States v. Svete*,
  556 F.3d 1157 (11th Cir. 2009) ......................................................................................... 5, 7

*United States v. Valencia-Riascos*,
  696 F.3d 938 (9th Cir. 2012) .................................................................................................. 9

*United States v. Weiland*,
  420 F.3d 1062 (9th Cir. 2005) .............................................................................................. 11

*United States v. Yeley-Davis*,
  632 F.3d 673 (10th Cir. 2011) .............................................................................................. 12

**Statutes**

18 U.S.C. § 1014 ........................................................................................................................ 2, 4

18 U.S.C. § 1344 ............................................................................................................................ 2

Pub.L. 93-595 ................................................................................................................................ 9

**Rules**

Fed. R. Evid. 104 ................................................................................................................... 11

Fed. R. Evid. 615 ............................................................................................................ 8, 9, 10

Fed. R. Evid. 803(6) ................................................................................................... 10, 11, 12

Fed. R. Evid. 902(11) ................................................................................................. 10, 11, 12

UNITED STATES' MOTIONS *IN LIMINE*
CR 20-00266 JST                                    iii

## INTRODUCTION

Defendant Michael Brent Rothenberg is charged in Count One with bank fraud, in violation of 18 U.S.C. § 1344, and in Count Two with making false statements to a financial institution, in violation of 18 U.S.C. § 1014. On October 25, 2021, the Court ordered those counts severed from the other counts in the Indictment pursuant to Rule 8 of the Federal Rules of Criminal Procedure. Dkt. 101. On March 18, 2022, the Court scheduled trial for Counts One and Two to commence on October 31, 2022, and set a briefing schedule for motions *in limine*. Dkt. 120. The parties are set to appear on October 6, 2022, at 2:30 p.m., for the Pretrial Conference. Based on the schedule previously set by the Court, the government now files the United States' Motions *in Limine*.

## THE ALLEGATIONS OF COUNTS ONE AND TWO OF THE INDICTMENT

Counts One and Two of the Indictment allege that the defendant Michael Brent Rothenberg engaged in a scheme to defraud, and made false statements to, Silicon Valley Bank ("SVB"). Those charges relate to two loans that Rothenberg applied for and received from SVB in or about August 2014. One of those loans was a $1.48 million "cash out" mortgage refinancing loan for Rothenberg's condominium located on Bryant Street in San Francisco. The other loan was a $300,000 cash loan intended to help Rothenberg make a capital contribution to one of the venture capital funds he managed and for which he acted as the general partner. *See* Indict. (Dkt.15) ¶¶ 28.a & 28.g. Both loans are the subject of Count One. Only the mortgage refinance loan is at issue in Count Two.

Among other allegations, Count One alleges that Rothenberg engaged in a scheme to defraud SVB by misrepresenting his liabilities and assets. *See* Indict. ¶¶ 28.d-28.f. These misrepresentations were accomplished, among other ways, through the submission of an updated loan application, *id.* ¶ 28.e; through an affidavit affirming that the financial status that Rothenberg had previously represented to SVB had not changed, *id.* ¶ 28.c; and by virtue of Rothenberg's movement of funds between accounts to make it appear that he had more unrestricted assets and fewer liabilities than he actually had, *id.* ¶¶ 28.d & 28.f. *See also id.* ¶ 25 (alleging that Rothenberg "commingl[ed] money and [] mov[ed] money between various entities and bank accounts"). The government expects to prove at trial that Rothenberg took these actions in order to create bank statements that gave SVB the impression that Rothenberg had personal wealth sufficient to justify issuing him the two loans under certain terms.

UNITED STATES' MOTIONS *IN LIMINE*
CR 20-00266 JST                                       2

Specifically, the government anticipates that, among other things, the evidence at trial will show that Rothenberg moved money between various personal and business accounts at SVB, Bank of America, and Merrill Lynch in order given SVB a false impression of his assets, liabilities, and net worth.

The false statements charge in Count Two alleges that Rothenberg knowingly and falsely represented to SVB that he had only $73,000 in non-real-estate-related liabilities.  In fact, at that time, Rothenberg had an additional undisclosed liability to Merrill Lynch in the amount of approximately $350,000.  *See* Indict. ¶ 30.  The government expects to prove at trial that Rothenberg made these false representations to SVB for the purpose of influencing the bank's actions.

As indicated above, SVB funded the two loans at issue on separate dates in August 2014.  Rothenberg has since defaulted on both of those loans.  The mortgage refinancing loan was secured by the Bryant Street condominium.  Because of Rothenberg's default on the mortgage loan, SVB foreclosed on that loan in or about September 2020 and obtained the deed for the property at that time.  SVB thereafter served notices requiring Rothenberg to deliver possession of the premises to SVB.  Rothenberg did not comply.  Due to the pandemic-based eviction moratorium that was in place until December 31, 2021, SVB's unlawful detainer (*i.e.*, eviction) action could not proceed until early 2022.  The state court issued a Writ of Possession to SVB in or about April 2022.  Between the time of SVB's foreclosure in September 2020 and the date that Rothenberg left the condominium in June 2022, SVB, as the owner of the property, was required to pay taxes, HOA dues, and other expenses related to the property, while Rothenberg lived there free of charge.

## THE UNITED STATES' MOTIONS *IN LIMINE*

**I.     MOTION *IN LIMINE* NO. 1 – The Court Should Exclude Defense Evidence and Argument Suggesting that the Alleged Victim Silicon Valley Bank was Negligent in Granting Rothenberg's Loan Applications.**

The evidence at trial will establish that Rothenberg submitted false and/or fraudulent information to Silicon Valley Bank as part of his applications for a mortgage refinancing loan of approximately $1,480,000 and a personal loan of approximately $300,000.  Specifically, the evidence will establish that Rothenberg engaged in elaborate transfers of funds between various personal and business accounts at SVB, Bank of America, and Merrill Lynch in order to deceive SVB regarding his assets, liabilities, and net worth, thereby falsely and fraudulently inflating his creditworthiness.

The government moves the Court to preclude Rothenberg from arguing, or introducing evidence suggesting, the following:

> Silicon Valley Bank and its employees should have been more diligent in their dealings with the defendant, or the defendant's scheme to defraud or false statements could only have deceived a negligent, gullible, or incompetent lender.

Rothenberg should be precluded from advancing such a defense because, as set forth in detail below, it is clearly not recognized at law. Evidence and argument that SVB was negligent rests on the faulty premise that the defendant's false statements could not have been "material" because the bank would have made the loans even if it had been aware of the false statements. However, evidence that a lender may have been negligent in reviewing a loan application is irrelevant because the Ninth Circuit's test for materiality focuses on the *defendant's* – not the lender's – mental state and does not require proof that the lender actually relied on the defendant's false statements. As a matter of law, a lender's negligence is not a defense to a fraud charge. Indeed, it is well-settled that the common-law fraud concepts of "reliance" and "damages" are not subsumed in the federal fraud statutes, and it is no defense to a fraud charge that the victim did not rely on the defendant's misrepresentations or did not suffer any damages.

These points are set out in more detail below.

### A.  The "Materiality" Inquiry Under the Bank Fraud Statute is an Objective One that is Focused on the Defendant's Statements and State of Mind; Reliance and Damages are not Elements of the Offense.

To prove the bank fraud charge in Count One, the government must show (among other elements) that the defendant's statements were "material."[1] Materiality is objectively measured as whether the statements "had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property." 9th Cir. Model Crim. Jury Instr. 15.39; *Neder v. United States*, 527 U.S. 1, 16 (1999) (statement is material if it has "a natural tendency to influence, or [is] capable of influencing, the decision of the decisionmaking body to which it was addressed") (citations omitted).[2] Because "capable of influencing" is an objective inquiry, the test looks at the false

---

[1] The defendant is also charged with making false statements to a financial institution under 18 U.S.C. § 1014. Materiality is not an element of that charge. *See* 9th Cir. Model Crim. Jury Instr. 24.11.

[2] Because the mail, wire, and bank fraud statutes contain "highly similar language," courts apply the reasoning in cases interpreting one of those statutes to cases involving any other of those statutes. *See United States v. Miller*, 953 F.3d 1095, 1102 n.7 (9th Cir. 2020); *see also United States v. Lewis*, 67 F.3d 225, 233 n.12 (9th Cir. 1995) ("Cases interpreting the mail fraud statute are relevant in construing the wire and bank fraud statutes."); *accord Neder*, 527 U.S. at 20-21 (explaining that "scheme or artifice

statement's "intrinsic capabilities" and not to "the possibility of the actual attainment" of the false statement's intended ends. *United States v. Peterson*, 538 F.3d 1064, 1072 (9th Cir. 2008) (citation omitted). In the context of a bank fraud case, for a statement to be "material," it "need only have the propensity or capacity to influence or affect [a lender's] decision." *United States v. Lindsey*, 850 F.3d 1009, 1014 (9th Cir. 2017) (quoting *United States v. Rodriguez-Rodriguez*, 840 F.2d 697, 700 (9th Cir. 1988) (bracketed text added by *Lindsey*). Thus, the materiality inquiry in this case turns on Rothenberg's statements and state of mind and not on those of SVB.

As the Ninth Circuit noted in *Lindsey*, this objective focus of the materiality inquiry also means that "the government does not have to prove actual reliance upon the defendant's misrepresentations" in order to establish that those misrepresentations were material. *Lindsey*, 850 F.3d at 1014 (quoting *Neder*, 527 U.S. at 25); *see also United States v. Jenkins*, 633 F.3d 788, 802 n.3 (9th Cir. 2011) ("There is no requirement that the statements actually influence those to whom they are addressed."); *United States v. Blixt*, 548 F.3d 3d 882, 889 (9th Cir. 2008) ("The Supreme Court has confirmed that the government need not prove reliance to establish materiality."). The relevant question is the objective tendency or capability of a false statement to influence a decision, not the subjective or actual reliance on that statement by the victim. That is because the focus of fraud statutes "like any criminal statute, is on the violator, [and] the purpose of the element of materiality is to ensure that a defendant actually intended to create a scheme to defraud." *United States v. Svete*, 556 F.3d 1157, 1165 (11th Cir. 2009); *see also Blixt*, 548 F.3d at 889 ("'A misrepresentation may be material without inducing any actual reliance. What is important is the intent of the person making the statement that it be in furtherance of some fraudulent purpose.'") (quoting *United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir. 1981)).

As noted above, the Ninth Circuit in *Lindsey* relied on the Supreme Court's decision in *Neder*. In *Neder*, the Court held that materiality was an essential element of the federal fraud statutes. In so holding, however, the Court noted that "the government does not have to prove actual reliance upon the defendant's misrepresentations." *Neder*, 527 U.S. at 24-25 (quotations omitted). The Court explained that the federal criminal fraud statutes "did not incorporate *all* the elements of common law fraud. The

---

to defraud" is interpreted analogously in wire, mail, and bank fraud statutes); *Carpenter v. United States*, 484 U.S. 19, 25 n.6 (1987) ("The mail and wire fraud statutes share the same language in relevant part, and accordingly we apply the same analysis to both sets of offenses here.").

1  common-law requirements of 'justifiable reliance' and 'damages,' for example, plainly have no place in
2  the federal fraud statutes. . . . By prohibiting the 'scheme to defraud,' rather than the completed fraud,
3  the elements of reliance and damage would clearly be inconsistent with the statutes Congress enacted."
4  *Id.* In this regard, the proof required to establish criminal fraud under the mail fraud and wire fraud
5  statutes is entirely different than proving fraud in a civil case. *See id.*

6  As set forth below, the Courts of Appeals have routinely affirmed district court rulings
7  precluding testimony relating to the question of whether the defendant's fraudulent statements actually
8  misled the intended victim, as well as whether the alleged victim was negligent or careless with respect
9  to the defendant.

   **B.   Rothenberg Should Be Precluded from Putting Forth Evidence or Argument that Silicon Valley Bank was Negligent with Respect to his 2014 Loan Applications.**

12  The government anticipates that Rothenberg may attempt to argue and introduce evidence
13  suggesting that Silicon Valley Bank engaged in careless lending practices and that it could have
14  prevented the fraud had it exercised more care. Although Rothenberg has not disclosed to the
15  government the theory of his defense, the government believes that it is possible or even likely that
16  Rothenberg may seek to argue that the alleged victim SVB did not properly underwrite his loans or that
17  it did not follow its own procedures in granting him the loans. The government believes this in part
18  because, with respect to the loan transaction that is at issue in Counts Three and Four of the Indictment,
19  Rothenberg has made just such allegations in the past. Specifically, in a state court civil complaint that
20  he filed against SVB in 2018, Rothenberg pointed to "Silicon Valley Bank's circumvention of internal
21  controls to engage in an unauthorized financial transaction" with him in the very first paragraph. Ex. 1,
22  ¶ 1. Rothenberg then went on to allege two causes of action grounded in negligence theories. *See id.*,
23  ¶¶ 34-38 & ¶¶ 49-53. In a related vein, with respect to SVB's foreclosure of the condominium involved
24  in this case, Rothenberg claimed that "SVB failed to follow the proper process for conducting a
25  foreclosure auction." Ex. 2, ¶ 4. Accordingly, Rothenberg has developed a track record of alleging
26  negligence or other wrongdoing on the part of SVB, and it is not a leap to conclude that he may argue
27  that SVB was negligent with respect to the loans at issue in this case.
28  The Court should exclude any such argument and evidence regarding SVB's alleged negligence.

UNITED STATES' MOTIONS *IN LIMINE*
CR 20-00266 JST                                    6

Because SVB's failure to detect the fraud does not tend to prove or disprove any element of the charged offenses, whether it acted negligently is irrelevant to whether Rothenberg committed fraud.

*As an initial matter*, the Ninth Circuit has squarely held that "a victim's negligence is not a defense to wire fraud." *Lindsey*, 850 F.3d at 1015; *id.* ("Evidence of lender negligence is thus not admissible as a defense to mortgage fraud."); *see also Lemon v. United States*, 278 F.2d 369, 373 (9th Cir. 1960) ("It is immaterial whether only the most gullible would have been deceived by this technique. Section 1341 [the mail fraud statute] protects the naive as well as the wor[l]dly-wise, and the former are more in need of protection than the latter.  As a matter of fact, '* * * the lack of guile on the part of those solicited may itself point with persuasion to the fraudulent character of the artifice.'") (citations omitted).  Because of the objective nature of the materiality inquiry, the *Lindsey* court held that, while "evidence of the general lending standards applied in the mortgage industry is admissible to disprove materiality," "evidence of individual lender behavior is not admissible for that purpose." *Id.* at 1012.[3] The Ninth Circuit has since reaffirmed this holding regarding the irrelevance of evidence of lender negligence. *See, e.g.*, *United States v. Palamarchuk*, 791 Fed. Appx. 658, 660 (9th Cir. 2019) ("neither individual victim lender negligence nor an individual victim lender's intentional disregard of relevant information is a defense to mail fraud") (citing *Lindsey)*; *United States v. Kuzmenko*, 775 Fed. Appx. 272, 274 (9th Cir. 2019) ("neither individual victim lender negligence [n]or an individual victim lender's intentional disregard of relevant information are defenses to wire fraud") (citing *Lindsey*); *United States v. Ellison*, 704 Fed. Appx. 616, 620 (9th Cir. 2017) ("[B]ecause materiality is determined objectively, . . . a victim's negligence is not a defense.") (citing *Lindsey*).  The Ninth Circuit is not alone in so holding. *See, e.g.*, *Svete*, 556 F.3d at 1165 ("A perpetrator of fraud is no less guilty of fraud because his victim is also guilty of negligence."); *United States v. Colton*, 231 F.3d 890, 903 (4th Cir. 2000) ("The susceptibility of the victim of the fraud, in this case a financial institution, is irrelevant to the analysis . . . ."); *United States v. Coyle*, 63 F.3d 1239, 1244 (3d Cir. 1995) ("The negligence of the victim in failing to discover a fraudulent scheme is not a defense to criminal conduct.").

*Second*, the Court could not admit evidence or allow argument regarding what SVB should have

---

[3] Indeed, in *Lindsey*, the court held that even a lender's "*intentional* disregard of relevant information is not a defense" and that evidence of such intentionality was inadmissible. *See, e.g.*, *id.* at 1016 (emphasis added).

done in the face of Rothenberg's statements (as opposed to evidence of whether those statements had the capability of influencing lending decisions) without accepting the faulty premise that the materiality element requires proof of actual reliance. Applying the cases discussed above, whether SVB should have funded the loans or should have known of Rothenberg's false statements is irrelevant because the materiality element does not require proof of actual reliance on the part of the lending institution. And because the materiality element focuses on the intent of the individual who made the false statements – and not the party to which the statements were addressed – the law does not permit Rothenberg to shift the jury's focus away from himself and to the lender.

In sum, the Court should exclude evidence or argument that SVB was negligent and that Rothenberg's false statements were immaterial either because SVB would have funded the loans even had it been aware of Rothenberg's false statements or because SVB negligently failed to root out the defendant's misrepresentations. Even if Silicon Valley Bank were at fault for not identifying the defendant's false statements – which it was not – such evidence would still be irrelevant and immaterial, and it could not provide any defense to the charged fraud scheme in Count One.

**II.    MOTION *IN LIMINE* NO. 2 – All Fact Witnesses Should Be Excluded from the Courtroom During the Trial Except the Case Agents.**

Pursuant to Federal Rule of Evidence 615, the government moves the Court for an order excluding all fact witnesses from the trial, except when testifying, with two exceptions. Those exceptions are the assigned case agents from the two investigative agencies: (1) Federal Bureau of Investigation ("FBI") Special Agent Jennifer Barnard and (2) Internal Revenue Service – Criminal Investigation ("IRS-CI") Special Agent Anthony Ghio. Agent Barnard and Agent Ghio may testify as to business records and/or Internal Revenue Service filings obtained by the government during the course of its investigation. As set forth in more detail below, Agent Barnard and Agent Ghio should be allowed to be in the courtroom prior to their testimony because Rule 615 provides for several exceptions to the general rule of sequestration. At least two of these exceptions apply here.

*First*, under Federal Rule of Evidence 615(b), an "employee of a party that is not a natural person, after being designated as the party's representative by its attorney" is excepted from Rule 615's exclusion provisions. Here, the FBI is the lead investigative agency for this case. The assigned FBI

case agent is Agent Barnard. The United States designates Agent Barnard as its representative and requests permission for her to be present in court during the testimony of other witnesses. *See United States v. Valencia-Riascos*, 696 F.3d 938, 941 (9th Cir. 2012) ("The advisory committee's notes . . . make clear that subsection (b) applies to investigative officers or 'case agents' designated on behalf of the prosecution in criminal cases.").[4]

*Second*, under Federal Rule of Evidence 615(c), "a person whose presence a party shows to be essential to presenting the party's claim" should not be ordered excluded from the court during trial. In this case, Agent Barnard and Agent Ghio each have been assigned to this case since at least August 2021 and are considered by the government to be integral and essential parts of the trial team. When the trial commences, each agent will already be familiar with the facts of the case and the expected testimony of the witnesses. Moreover, during the course of trial, each agent may be asked to conduct additional investigation or research based on the testimony given by trial witnesses, and it is essential that they be acquainted with that testimony in order to perform that investigation and research. Accordingly, the government requests that both Agent Barnard and Agent Ghio be allowed to be present in the courtroom prior to any testimony that they may give because they are essential to presenting the government's case. *See United States v. Little*, 753 F.2d 1420, 1441 (9th Cir. 1984) (finding that "case agent was exempt from sequestration" under Rule 615(2) and (3)); *see also* Pub.L. 93-595, § 1, Jan. 2, 1975, 88 Stat. 1926, 1935 (showing that Rule 615 employed numbered – as opposed to lettered – subsections at time of *Little*); *accord United States v. Rhynes*, 218 F.3d 310, 318 n.8 (4th Cir. 2000) ("In criminal cases the[] exceptions [to Rule 615's sequestration requirement] are applied to allow the prosecution's case agent to remain at counsel table with the prosecutor, hear the other witnesses testify, and nevertheless testify on behalf of the prosecution. In this very case, moreover, the district court's sequestration order specifically exempted the Government's FBI case agent as well as its summary witness."); *United States*

---

[4] Although the *Valencia-Riascos* court "observe[d] that it may be a good practice to require case agent witnesses to testify first," the court "decline[d] to adopt a presumption that would deprive the prosecution of the opportunity to present its own case without interference." 696 F.3d at 943.

The government also notes that at least one Court of Appeals has suggested that the government may designate *more* than one case agent as a representative. *See United States v. Alvarado*, 647 F.2d 537, 540 (5th Cir. 1981) ("The appellants have misconstrued the rule by stating that it allows only one agent to be excused from its purview. We find that the decision as to how many will be excused from sequestration is just as discretionary with the trial judge as who will be excused."). Accordingly, it is arguable that Agent Ghio could also be designated under Rule 615(b).

*v. Lussier*, 929 F.2d 25, 30 (1st Cir. 1991) (finding no error where two agents – the government's case agent and an IRS agent – were excepted from Rule 615 sequestration); *cf. United States v. Ratfield*, 342 Fed. Appx. 510, 513 (11th Cir. 2009) ("The district court did not abuse its discretion in deciding to allow the two IRS agents [who testified as fact, expert, and summary witnesses] to remain in the courtroom during trial. . . . The district court's decision to allow Agent Grimes and Agent Lottman to remain in the courtroom aided the orderly presentation of the case.").

Accordingly, the United States respectfully requests an order excluding all fact witnesses from the trial, except when testifying, with the exception of Agent Barnard and Agent Ghio, both of whom should be excluded from a sequestration order and allowed to observe all portions of the trial.

### III. MOTION *IN LIMINE* NO. 3 – The Court Should Admit into Evidence Various Self-Authenticating Business Records Under Federal Rule of Evidence 902(11).

The government moves the Court for an order pursuant to Federal Rule of Evidence 104 that certain documents obtained by the United States in the course of its investigation are (a) authentic because they have been certified pursuant to Federal Rule of Evidence 902(11) and (b) admissible as business records pursuant to Federal Rule of Evidence 803(6).[5] Specifically, the records at issue were provided to the United States by the following businesses:

1. American Express
2. Bank of America
3. Chicago Title Company
4. First American Title Insurance Company
5. Silicon Valley Bank

The United States previously filed a Rule 902(11) Notice regarding these records. *See* Dkt. 142. The records, with the appropriate records custodian declarations, have been produced in discovery to the defendant. A pretrial ruling on the admissibility of these records will permit the trial to proceed more efficiently and expeditiously, and will prevent inconvenience to witnesses who would have to testify for

---

[5] This motion *in limine* assumes that the records are relevant under Rule 402 and not excludable under Rule 403. The United States is not seeking a pretrial ruling on Rule 402 and Rule 403 issues, and acknowledges that, even if the Court grants the instant motion, the defendant could still raise objections to the admissibility of the records at issue on other grounds.

the sole purpose of authenticating business records.

As set forth in the United States' Rule 902(11) Notice, these business records are admissible under the self-authentication provisions of Rule 902(11) because the records custodian declarations show that the records meet the requirements of Federal Rule of Evidence 803(6). The United States has provided appropriate notice to the defendant. *See* Dkt. 142. The Court should allow admission of these documents because the United States has complied with Rule 902(11) and because the certifications meet the requirements of Rule 803(6) and Rule 902(11).

Based on discussions that government counsel has had with counsel for the defendant, it is the government's understanding that the defense (1) will acknowledge that the government has complied with Rule 902(11)'s notice provisions and (2) will not object to the admission of the records at issue on the ground that the certifications do not comply with the requirements of the Rule 902(11). It is also the government's understanding, however, that the defense is not at present stipulating to the authenticity or admissibility of the documents. Accordingly, to avoid calling custodians of records, the United States seeks a pretrial ruling from the Court on the admissibility of the business records at issue.

The Court may determine the admissibility of evidence before the commencement of trial. Fed. R. Evid. 104. The admissibility of business records under Rules 803(6) and 902(11) and the procedure set forth in Rule 104 for determination of the preliminary questions regarding admissibility are unaffected by the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36 (2004). *Crawford* held that "testimonial" hearsay may not be admitted in a criminal trial unless the declarant is unavailable and the defendant had a prior opportunity for cross-examination. The Court, however, noted that business records admitted pursuant to an evidentiary hearsay exception are not testimonial. *Id.* at 56. Such business records are kept in the regular course of business and therefore the confrontation clause is not at issue. *See, e.g.*, *United States v. Evans*, 178 Fed. Appx. 747, 750-51 (9th Cir. 2006) (citing Fed. R. Evid. 803(6); *Crawford*, 541 U.S. at 56; *Parle v. Runnels*, 387 F.3d 1030, 1037 (9th Cir. 2004)). Additionally, Rule 902(11) certifications are not testimonial in nature. *Cf. United States v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005) ("a routine certification by the custodian of a domestic public record . . . and a routine attestation to authority and signature . . . are not testimonial in nature") (citation omitted); *accord United States v. Yeley-Davis*, 632 F.3d 673, 680 (10th Cir. 2011) ("[W]e agree with other circuits

who have held that certificates of authenticity presented under Rule 902(11) are not testimonial.")

Here, all of the business records are admissible pursuant to Rule 803(6) and have been previously provided to the defendant. It is the United States' understanding that each record has been certified by a custodian of records. Those certifications also have been provided to the defendant. If needed, the United States will have the certifications and accompanying records available to the Court for inspection prior to their admission and otherwise will not seek to admit business records under Rule 902(11) if they are not covered by a certification. Finally, notice has been given by the government prior to trial that it intends to admit these records pursuant to Rules 803(6) and 902(11). Therefore, the United States has complied with the necessary rules of evidence to allow the business records to be admitted without having to call each custodian to testify during the trial.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court grant each of its Motions *in Limine*.

DATED: September 8, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

/s/
KYLE F. WALDINGER
NICHOLAS J. WALSH
Assistant United States Attorneys