# Exhibit 2

FILED
Superior Court of California
County of San Francisco

JUL 01 2022

CLERK OF THE COURT
BY: _____
Deputy Clerk

1  MICHAEL ROTHENBERG
   Phone: (415) 774-6468
2  mrothenberg@rothenberg.co

3  *Pro Se Defendant*

SUPERIOR COURT – LIMITED JURISDICTION

OF THE STATE OF CALIFORNIA

CITY & COUNTY OF SAN FRANCISCO

| | |
|---|---|
| SILICON VALLEY BANK, A CORPORATION, | Case No. CUD-21-668198 |
| Plaintiffs, | **DEFENDANT MICHAEL ROTHENBERG'S, MOTION TO SET ASIDE FORECLOSURE SALE** |
| vs. | |
| MICHAEL ROTHENBERG, | Date: July 27, 2022 |
| Defendant. | Time: 9:30 a.m. |
| | Dept: 501 |
| | Judge: Charles F. Haines |

COMES NOW, the Defendant Michael Rothenberg ("Mr. Rothenberg"), and in support of the above petition states as follows:

## I.  INTRODUCTION

1. Michael Rothenberg ("Mr. Rothenberg") received a loan (the "SVB Mortgage") from Silicon Valley Bank (the "Bank" or "SVB") which was collateralized by his condominium, located at 712 Bryant St, Apt 6, San Francisco, CA 94107 (the "Rothenberg Home"). The SVB Mortgage was ultimately subjected to non-judicial foreclosure on or about September 21, 2020.

2. On June 15, 2020, the City of San Francisco issued a mandate limiting in-person gatherings to no more than twelve people, which precluded the possibility of a lawful in-person public auction. A true and correct copy of the San Francisco mandate can be found at www.sf.gov/news/small-outdoor-gatherings-indoor-retail-and-other-businesses-allowed-under-new-health-directive.

3. On or about September 21, 2020 a live in-person foreclosure auction (the "Sham Auction") was purportedly conducted in San Francisco, California.

## II.  ARGUMENT

4. SVB failed to follow the proper process for conducting a foreclosure auction thus denying Mr. Rothenberg of his procedural due process rights. SVB procured title to the Rothenberg Home by a Sham Auction that was conducted unlawfully and/or did not actually take place.

5. The Sham Auction was a fraud on Mr. Rothenberg and the public because there was no auction and/or there were no bidders. Indeed, the Rothenberg Home was not sold to a third party at the Sham Auction. The Bank took title to the property claiming it had "bid" $1,100,000 which resulted in the transfer of title of the Rothenberg Home to the Bank.

6. The notion that an actual auction took place on or about September 21, 2020 in the City of San Francisco is a legal impossibility. Any such "auction" would have been carried out in violation of law and would thus be void for impossibility.

7. Furthermore, even if there were bidders present at the Sham Auction, the notion that a public auction took place is absurd. The public would be expected to violate the City of San Francisco's mandate against public gatherings, as well as risk exposure to Covid-19. Under

normal circumstances, when public auctions are permitted to take place and ample notice is provided, it is reasonable to consider an auction viable and valid when properly conducted.

8. However, under the circumstances of the Sham Auction, there is no possibility of having a viable or fair auction. Indeed, the Rothenberg Home was not sold to a third party bidder, and there is no evidence that any third party bidders were actually present. SVB used the pretense of an auction as a means of taking title to the Rothenberg Home and depriving Mr. Rothenberg of the fair market price for the property, which was in excess of the amount owed on the SVB Mortgage, and thus deprived Mr. Rothenberg of a return of his equity in the Rothenberg Home.

9. In *Bank of America etc. Assn. v. Reidy*, 15 Cal.2d 243, 248, the court stated as follows: "[1] It is the general rule that courts have power to vacate a foreclosure sale where there has been fraud in the procurement of the foreclosure decree or where the sale has been improperly, unfairly or unlawfully conducted, or is tainted by fraud, or where there has been such a mistake that to allow it to stand would be inequitable to purchaser and parties. Sham bidding and the restriction of competition are condemned, and inadequacy of price when coupled with other circumstances of fraud may also constitute ground for setting aside the sale." *Id.* at 248.

## III. CONCLUSION

10. In the present case the "sale" of the Rothenberg Home falls precisely within the description of grounds for setting aside a foreclosure sale because it was "improperly, unfairly [and] unlawfully conducted..." *Id.* at 248. The *Bank of America* court's further statement that "[s]ham bidding and the restriction of competition are **condemned** [Emphasis Added]." *Id.* at 248. Indeed, the illegality of the Sham Auction renders it a non-event with no power to transfer title to real property.

11. The Bank's willful taking of the Rothenberg Home by an illegal event is a fraud on the court, as well as a fraud against Mr. Rothenberg with the only effect of rendering its outcome void. It is important to distinguish between that which is "voidable" and that which is "void." In the present case we are not simply dealing with procedural flaws as to how an auction was carried out. On the contrary, when the outcome of an event is the transfer of property, such transfer is cannot possibly be the result of an auction if auctions cannot be lawfully conducted at the time of

the event that rendered the transfer of property. Mr. Rothenberg is entitled to a public auction in accordance with the foreclosure process required under California law.

12. Mr. Rothenberg is severely damaged by the fraudulent taking of the Rothenberg Home in an amount of approximately $750,000 which represents the difference between the price the Bank "paid" at the Sham Auction of $1,100,000 and market value of $1,850,000 as of 2014 as stated in SVB's own property appraisal report, a true and correct copy of the first two pages of which is attached hereto as "**Exhibit A.**" Market prices for San Francisco residential real estate increased significantly between 2014 and the 2020 date of the Sham Auction. The present situation in which SVB holds title and possession of the Rothenberg Home without having held an actual public auction for its sale and transfer is grossly unjust and unlawful, and requires the immediate remedy of setting aside such sale and transfer of property.

13. To allow a bank the ability to use its immense power and resources to deprive its borrowers of their rights to a proper foreclosure sale process, in retaliation for exposing their fraudulent activity or otherwise, sends a chilling message to other borrowers and potential borrowers. To further allow SVB the ability to unilaterally seize a homeowner's equity in excess of the mortgage owed, and unlawfully enrich itself with ill-gotten gains, would be a further miscarriage of justice. In the interest of fairness and justice to the public generally, the citizens of San Francisco, this Court, and as well as to Mr. Rothenberg in the present case, the purported foreclosure sale of the Rothenberg Property must be set aside.

**WHEREFORE**, Defendant, Michael Rothenberg prays for this Court to set aside the foreclosure sale and restore Mr. Rothenberg's rights to such real estate as existed prior to the Sham Auction.

Dated: June 30, 2022

By: MICHAEL ROTHENBERG
*In Pro Per*

# EXHIBIT A





## PROOF OF SERVICE

I am a California resident. I am over the age of 18 years. On June 30, 2022, I caused to be electronically served the following document(s) :

**DEFENDANT, MICHAEL ROTHENBERG'S, MOTION TO SET ASIDE FORECLOSURE SALE; DECLARATION IN SUPPORT OF DEFENDANT, MICHAEL ROTHENBERG'S, MOTION TO SET ASIDE FORECLOSURE SALE**

N

by e-service, email (and phone call voicemail), as follows::

Attorney for Plaintiff, SILICON VALLEY BANK:

Breck E. Milde
Hopkins & Carley, ALC
San Jose, CA 95113

**bmilde@hopkinscarley.com**

I declare under penalty of perjury under the laws of the state of California that the foregoing is correct.

Executed on June 30, 2022, at San Francisco, California.

Name: Michael Rothenberg         Signature: _[signature]_

## PROOF OF SERVICE