MOEEL LAH FAKHOURY LLP
Hanni M. Fakhoury (State Bar No. 252629)
1300 Clay Street, Suite 600
Oakland, CA 94612
Telephone:  (510) 500-9994
Email:  hanni@mlf-llp.com

Attorneys for Michael Rothenberg

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ROTHENBERG,<br><br>Defendant. | Case No.: 4:20-CR-00266-JST<br><br>**DEFENDANT'S MOTIONS IN LIMINE FOR TRIAL ON COUNTS ONE & TWO**<br><br>**Court:** Courtroom 6, 2nd Floor<br>**Hearing Date:** October 6, 2022<br>**Hearing Time:** 9:30 a.m. |

TO:  STEPHANIE M. HINDS, UNITED STATES ATTORNEY; KYLE F. WALDINGER, ASSISTANT UNITED STATES ATTORNEY; AND NICHOLAS J. WALSH, ASSISTANT UNITED STATES ATTORNEY.

PLEASE TAKE NOTICE that Defendant Michael Rothenberg hereby moves this Court *in limine* for various orders excluding evidence. These motions are based upon this memorandum of points and authorities and accompanying exhibits, the Federal Rules of Evidence, all other applicable constitutional, statutory, and case authority, and all evidence and argument that may be presented at the hearing of these motions, to be held on October 6, 2022 at 9:30 a.m. in Courtroom 6 on the 2nd floor of the Oakland courthouse.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ................................................................................................................................ 1

ARGUMENT ........................................................................................................................................ 1

    A.    Motion *in Limine* #1: Evidence of Mr. Rothenberg's alleged need for "large cash requirements" is inadmissible. ............................................................................................. 1

    B.    Motion *in Limine* #2: The Court should exclude references to SVB's foreclosure of the property. ............................................................................................................................... 2

    C.    Motion *in Limine* #3: Evidence about the remaining charges in the superseding indictment should be excluded. ........................................................................................... 3

    D.    Motion *in Limine* #4: References to the civil SEC case should be excluded. .................. 4

    E.    Motion *in Limine* #5: Prosecutors and witnesses should not refer to SVB as a "victim." 5

    F.    Motion *in Limine* #6: Witnesses should be excluded. ....................................................... 6

    G.    Motion *in Limine* #7: The superseding indictment should not be sent to the jury room. . 7

CONCLUSION .................................................................................................................................... 8

# TABLE OF AUTHORITIES

### Cases

*Coffin v. United States*, 156 U.S. 432 (1895) .................................................................................5

*In re Winship*, 397 U.S. 358 (1970)..................................................................................................5

*Perry v. Leeke*, 488 U.S. 272 (1989) ................................................................................................7

*United States v. Brewer*, 947 F.2d 404 (9th Cir. 1991) ....................................................................7

*United States v. Ell*, 718 F.2d 291 (9th Cir. 1983) ...........................................................................6

*United States v. Juarez*, 573 F.2d 267 (5th Cir. 1978) .....................................................................7

*United States v. Mitchell*, 172 F.3d 1104 (9th Cir. 1999) ................................................................2

*United States v. Polizzi*, 500 F.2d 856 (9th Cir. 1974) ....................................................................7

*United States v. Robertson*, 895 F.3d 1206 (9th Cir. 2018) .............................................................7

*United States v. Romero-Avila*, 210 F.3d 1017 (9th Cir. 2000) ......................................................2

*United States v. Sena*, No. 19-CR-01432, 2021 WL 4129247 (D.N.M. Sept. 9, 2021) ..................5

*United States v. Shaver*, 607 F. Supp.2d 1168 (S.D. Cal. 2009) .....................................................7

*United States v. Unruh*, 855 F.2d 1363 (9th Cir. 1987) ..................................................................2

*United States v. Young*, 470 U.S. 1 (1985) .....................................................................................6

### Federal Rules of Evidence

Federal Rule of Evidence 401 ....................................................................................................2, 4, 5

Federal Rule of Evidence 403 ....................................................................................................2, 4, 5

Federal Rule of Evidence 404 .......................................................................................................3, 4

Federal Rule of Evidence 615 .......................................................................................................6, 7

DEFENDANT'S MOTIONS IN LIMINE FOR TRIAL ON COUNTS ONE AND TWO
*United States v. Rothenberg*, 4:20-CR-00266-JST
ii

## INTRODUCTION

Michael Rothenberg is charged in a 23-count superseding indictment with a variety of fraud offenses. Dkt. 15. Counts One and Two of that indictment have been severed by this Court for trial, which is set to begin on October 31, 2022. Dkt. 101. As alleged in the superseding indictment, Counts One and Two involve a purported 2014 scheme to defraud Silicon Valley Bank ("SVB") in connection with two loans: a cash out refinance of his condominium resulting in a $1.48 million mortgage loan, and a $300,000 personal loan. Dkt. 15 at ¶¶ 26-30.

The following motions *in limine* pertain to these two counts set for trial. Mr. Rothenberg reserves the right to file additional motions *in limine* ahead of the jury trial on the remaining counts which is scheduled to begin on July 24, 2023. Additionally, as to the two counts set for trial on October 31, 2022, these motions *in limine* are being filed after the government has produced an informal witness list to Mr. Rothenberg, but before the government has filed its exhibit list. Thus, Mr. Rothenberg may file additional motions *in limine* to raise objections with exhibits the government intends to introduce into evidence.

## ARGUMENT

**A.   Motion *in Limine* #1: Evidence of Mr. Rothenberg's alleged need for "large cash requirements" is inadmissible.**

The government has notified Mr. Rothenberg that it intends to introduce evidence "regarding Mr. Rothenberg's reasons for seeking and obtaining two loans from [SVB] in the summer of 2014." Exh. A. It specifically intends to introduce evidence that (1) "Mr. Rothenberg had a capital contribution commitment to one of the venture capital funds managed by Rothenberg Ventures Management Company" ("RVMC") and (2) "prior to obtaining both loans from SVB, Mr. Rothenberg regularly faced large cash requirements in his personal accounts," specifically highlighting "payments to American Express in thousands (or even tens of thousands) of dollars." *Id.* at 1-2. The indictment had specifically alleged that Mr. Rothenberg used the funds from the loans "to help satisfy his capital commitment to the 2014 Fund as a general partner." *Id.* at ¶ 28(b).

The Ninth Circuit has made clear that "evidence of poverty or poor financial condition is inadmissible to prove motive where it is offered to show 'the mere fact that the defendant is poor.'"

1   *United States v. Romero-Avila*, 210 F.3d 1017, 1022 (9th Cir. 2000). Since "it is in anyone's interest
2   to be richer rather than poorer," evidence of "mere financial interest" unconnected with "inclination,
3   desperation, or other evidence that the person was likely to commit the crime does not add much, in
4   most cases, to the probability that the defendant committed a crime." *United States v. Mitchell*, 172
5   F.3d 1104, 1109 (9th Cir. 1999); *see also United States v. Unruh*, 855 F.2d 1363, 1377 (9th Cir.
6   1987) (admonishing that evidence of a defendant's wealth "should not be offered unless clearly
7   connected" to the specific charges or conduct at issue).
8       While evidence supporting the government's first claimed motive is likely admissible, its
9   second claimed motive—Mr. Rothenberg's "large cash requirements"—is not. Such evidence
10  amounts to nothing more than the kind of unconnected "mere financial interest" evidence that the
11  Ninth Circuit has deemed inadmissible. Such evidence is thus irrelevant under Federal Rule of
12  Evidence 401 because it does not have "any tendency to make a fact more or less probable" that "is
13  of consequence in determining the action." It is also unfairly prejudicial under Federal Rule of
14  Evidence 403 because statements concerning Mr. Rothenberg's spending and financial commitments
15  could lead to jury antipathy.
16      Moreover, the government's claim that Mr. Rothenberg had "large cash requirements" is
17  speculative. There is no evidence that Mr. Rothenberg was unable to meet his financial commitments
18  at the time of the loans in 2014; there is no indication he was in financial ruin, was about to default
19  on his loans, or have his credit card bills sent to collection. Indeed, the fact Mr. Rothenberg had
20  equity in his own home undermines the government's claim.
21      This purported motive evidence should thus be excluded.
22  **B.**     **Motion *in Limine* #2: The Court should exclude references to SVB's foreclosure of the property.**
23
24      In its motions *in limine*, the government notes that SVB foreclosed on Mr. Rothenberg's home
25  in September 2020 but "Due to the pandemic-based eviction moratorium that was in place until
26  December 31, 2021, SVB's unlawful detainer (*i.e.*, eviction) action could not proceed until early
27  2022…Between the time of SVB's foreclosure in September 2020 and the date that Rothenberg left
28  the condominium in June 2022, SVB, as the owner of the property, was required to pay taxes, HOA

1    dues, and other expenses related to the property, while Rothenberg lived there free of charge." Dkt.
2    143, United States' Motions *in Limine* at 3.
3         It is unclear whether the government is mentioning this merely as factual background or
4    because it will be a part of its presentation of this case before the jury, but in any event this Court
5    should exclude any reference to the foreclosure process, costs borne by the bank during the process,
6    or the fact that Mr. Rothenberg "lived…free of charge" at the home while an eviction moratorium
7    was in place.
8         First, this evidence is irrelevant to the task before the jury: determining whether Mr.
9    Rothenberg committed bank fraud and made a false statement to the bank years earlier, in 2014.
10   Events occurring much later in time that have nothing to do with the procurement of the loans do not
11   make it more or less probable that Mr. Rothenberg committed the crimes at issue in this first trial.
12   Moreover, evidence that the bank prevailed in an unlawful detainer action would be unduly
13   prejudicial and confuse the jury, as they could assume that since a Superior Court judge determined
14   Mr. Rothenberg could legally be evicted from his home, then he must have committed the crimes
15   before it in the first trial. That is particularly true when there is no evidence that the foreclosure had
16   anything to do with the allegedly false or misleading statements that Mr. Rothenberg is accused of
17   making to obtain the loan in the first place, as opposed to a straightforward default on the loan
18   because of a failure to pay the mortgage. Finally, such evidence is effectively impermissible "bad
19   character" evidence under Federal Rule of Evidence 404(a), inviting the jury to fault Mr. Rothenberg
20   for refusing to leave the house after the bank obtained title of the property, notwithstanding the
21   existence of a statewide eviction moratorium. Thus, any evidence about the foreclosure process that
22   took place six years after the mortgage was obtained.

23   C.    **Motion *in Limine* #3: Evidence about the remaining charges in the superseding indictment should be excluded.**
24

25        Mr. Rothenberg is only standing trial on two of the 23 counts alleged in the superseding
26   indictment. The remaining counts are scheduled to be tried in July 2023. The government's witness
27   list includes witnesses from both SVB and RVMC, two entities that play a prominent role in the
28   remainder of the counts to be tried next year, as well as law enforcement case agents. Neither the

1   government nor any witnesses should be permitted to reference or discuss any of the allegations or
2   conduct involved in the remaining counts.

3   First, such evidence is irrelevant under Rule 401. This Court severed these first two counts
4   from the remainder of the charges because they were significantly different than the allegations in the
5   remainder of the case. This Court noted "the bank fraud described in counts 1 and 2 does not involve
6   the misuse or misappropriation of investor funds," "the events in counts 1 and 2 ended more than a
7   year before any of the other counts in the indictment," does not involve the "same modus operandi"
8   as the other alleged schemes, and "there is no reason to think that there would be substantial
9   evidentiary overlap for both schemes." Dkt. 101, Order Granting in Part and Denying in Part
10  Defendant's Motion to Sever Counts 1-4 at 4-6. Evidence about the other counts would thus be
11  irrelevant to the issues implicated in this first trial.

12  Second, even if deemed relevant, the evidence should still be excluded under Rule 403. Such
13  evidence would certainly confuse and mislead the jury, as juror would be perplexed as to why other
14  charges discussed by witnesses or mentioned by prosecutors were not before them. It would also be
15  unfairly prejudicial to Mr. Rothenberg, who would have the cloud of other charges hanging over him
16  without the ability to defend against the charges. The jury would likely speculate and draw negative
17  inferences from the absence of the charges, believing that Mr. Rothenberg "must be a bad person" or
18  "must have committed this crime" because of the presence of other criminal allegations not before it,
19  or alternatively that it must convict Mr. Rothenberg in this case because it cannot convict him of the
20  other conduct. Given that the government has not provided any notice under Rule 404(b) of its intent
21  to admit evidence other act evidence, this evidence should be excluded. *See* Fed. R. Evid. 404(b)(3)
22  ("prosecutor must provide reasonable notice" of other act evidence "in writing before trial" and
23  "articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence
24  and the reasoning that supports the purpose").

25  D.   **Motion *in Limine* #4: References to the civil SEC case should be excluded.**

26  This criminal case is not the only federal case filed against Mr. Rothenberg; in 2018, the SEC
27  filed a civil suit against Mr. Rothenberg that this Court presided over. *See SEC v. Rothenberg*, 18-
28  5080-JST. In that case, Mr. Rothenberg entered into a consent judgment approved by the Court,

1  which did not require him to "admit[] or deny[] the allegations of the complaint," but nonetheless
2  stated that—at least for purposes of disgorgement and civil penalties—that "the allegations of the
3  complaint shall be accepted as and deemed true." *SEC v. Rothenberg*, 18-5080-JST, Dkt. 5, ¶¶ 2, 5.

4      The government should be prohibited from referencing or discussing the SEC settlement,
5  including any allegations made by the SEC, or admissions made by Mr. Rothenberg. Federal Rule of
6  Evidence 408 prohibits the admission of offers to compromise a "disputed claim" as well as
7  statements "made during compromise negotiations about the claim." Moreover, evidence about the
8  SEC settlement is irrelevant under Rule 401 as it has no tendency to make a critical fact in this
9  unrelated bank fraud prosecution more or less probable. Critically, Mr. Rothenberg did not admit the
10 allegations in the complaint, and only accepted the complaint as true for purposes of disgorgement
11 and civil penalties in the SEC suit, and for no other purposes.

12     Even if the Court disagrees and believes the SEC settlement is relevant, the evidence should
13 still be excluded under Rule 403 because any probative value of that evidence is outweighed by the
14 danger of unfair prejudice, confusing the issues and misleading the jury. The SEC case involved
15 conduct not at issue in this bank fraud case and could veer into impermissible and prejudicial
16 character evidence. In addition to inviting the jury to speculate about conduct involving RVMC not at
17 issue in this bank fraud prosecution, the jury could infer that Mr. Rothenberg must be guilty in this
18 case because he had previously been sued by the SEC and entered into a consent judgment with the
19 government.

20     E.    **Motion *in Limine* #5: Prosecutors and witnesses should not refer to SVB as a "victim."**

21     The presumption of innocence is "axiomatic and elementary," and its "enforcement lies at the
22 foundation of the administration of our criminal law." *Coffin v. United States*, 156 U.S. 432, 453
23 (1895). "Due process commands that no man shall lose his liberty unless the Government has borne
24 the burden of convincing the factfinder of his guilt." *In re Winship*, 397 U.S. 358, 364 (1970)
25 (citation omitted).

26     The term "victim" presupposes the occurrence of a criminal act, which is the ultimate issue for
27 the jury to decide, and thus the government's use of the term is prejudicial. *United States v. Sena*, No.
28 19-CR-01432, 2021 WL 4129247, at *2 (D.N.M. Sept. 9, 2021) ("the term is prejudicial when the

core issue at trial is whether a crime has been committed—and, therefore, whether there is a victim."). Additionally, allowing the government or witnesses to refer to SVB as a "victim" presumes that Mr. Rothenberg not only committed the charged crime, but that SVB was somehow harmed despite the fact, as the Ninth Circuit's jury instruction makes clear, "it is not necessary for the government to prove that any financial institution lost any money or property as a result of the scheme to defraud." Ninth Circuit Manual of Model Criminal Jury Instructions 15.36 Bank Fraud—Scheme to Defraud Bank (18 U.S.C. § 1344(1)).[1] Use of the word "victim" also impermissibly allows the government to vouch for the strength of its case and the credibility of its witnesses, while expressing an impermissible statement of personal belief in Mr. Rothenberg's guilt. Such vouching poses two dangers. First, it conveys the impression that evidence not presented to the jury, but known to the prosecutor, supports the case against the defendant, jeopardizing the defendant's right to be tried solely on the basis of the evidence presented to the jury. Second, the prosecutor's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence. *United States v. Young*, 470 U.S. 1, 18–19 (1985).

Thus, the Court should order the government and its witnesses to not refer to SVB as a "victim."

F.      **Motion *in Limine* #6: Witnesses should be excluded.**

Federal Rule of Evidence 615 provides that "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses." Rule 615 makes the exclusion of witnesses mandatory upon request and the Ninth Circuit has referred to witness exclusion as a "right." *United States v. Ell*, 718 F.2d 291, 292 (9th Cir. 1983) ("The rule makes the exclusion of witnesses a matter of right and the decision is no longer committed to the court's discretion as it once was.").

Rule 615 requires non-exempt witnesses be excluded from the courtroom during all witness testimony, including after their testimony is done. *Ell*, 718 F.2d at 293 (finding error when court failed to exclude prosecution witness who had already testified). The Ninth Circuit has explained that

---

[1] Available at https://www3.ce9.uscourts.gov/jury-instructions/node/1047.

DEFENDANT'S MOTIONS IN LIMINE FOR TRIAL ON COUNTS ONE AND TWO
*United States v. Rothenberg*, 4:20-CR-00266-JST
6

Rule 615 also precludes excluded witnesses from reading transcripts from earlier proceedings. *See United States v. Robertson*, 895 F.3d 1206, 1215 (9th Cir. 2018) ("We join those circuits that have determined there is no difference between reading and hearing testimony for purposes of Rule 615.").

There is also substantial authority stating that under Rule 615 and the court's inherent powers, the period of exclusion can be extended in order to promote a fair trial. *See United States v. Brewer*, 947 F.2d 404, 407-11 (9th Cir. 1991) (holding witness exclusion under Rule 615 applies during evidentiary hearings, such as those in a motion to suppress); *United States v. Juarez*, 573 F.2d 267, 281 (5th Cir. 1978) (affirming decision to exclude witnesses during closing arguments).

Finally, courts have acknowledged a district court must direct excluded witnesses not to discuss the case or their testimony with anyone other than counsel. *See Perry v. Leeke*, 488 U.S. 272, 279 (1989) ("It is a common practice for a judge to instruct a witness not to discuss his or her testimony with third parties until the trial is completed."); *see also United States v. Shaver*, 607 F. Supp.2d 1168, 1175 (S.D. Cal. 2009) ("it is a general understanding that when Rule 615 is invoked at the beginning of the trial…trial information is not to be revealed by witnesses to other witnesses, whether that witness is a case agent or not.") (emphasis in original).

Mr. Rothenberg requests this Court exclude witnesses from all stages of the trial, both before and after their testimony, and direct witnesses to not read transcripts of testimony or discuss their testimony with anyone other than counsel.

**G.      Motion *in Limine* #7: The superseding indictment should not be sent to the jury room.**

The indictment is not evidence. It presents only accusations, and nothing more. While the Court maintains discretion as to whether to submit the Indictment to the jury, *United States v. Polizzi*, 500 F.2d 856, 876 (9th Cir. 1974), the Ninth Circuit's Jury Procedure Manual cautions against it. See Jury Instructions Committee of the Ninth Circuit, A Manual on Jury Trial Procedures § 4.6 (2013) ("the Committee believes that great caution should be exercised in providing a jury with the indictment since it is frequently cast in highly prejudicial language.").[2]

The potential for prejudice recognized by the Ninth Circuit is particularly amplified in this case

---

[2] Available at https://cdn.ca9.uscourts.gov/datastore/district/MJTP.pdf.

where the indictment contains additional criminal charges severed from this case and not before the jury. Thus, the indictment should not be sent to the jury room.

## CONCLUSION

For the foregoing reasons, Mr. Rothenberg respectfully requests that the Court grant his motions *in limine*. He also requests the opportunity to file additional motions *in limine* once the government has filed its exhibit list.

Dated:   September 8, 2022

Respectfully submitted,

MOEEL LAH FAKHOURY LLP

Hanni M. Fakhoury
Attorneys for Michael Rothenberg