# EXHIBIT A

**IN SUPPORT OF DEFENDANT'S MOTIONS IN LIMINE FOR TRIAL ON COUNTS ONE AND TWO**



U.S. Department of Justice

*United States Attorney*
*Northern District of California*

*11th Floor, Federal Building*      *(415) 436-7200*
*450 Golden Gate Ave., Box 36055*      *FAX: (415) 436-7234*
*San Francisco, CA 94102-3495*

September 7, 2022

**BY EMAIL ONLY**

Hanni M. Fakhoury
Moeel Lah Fakhoury LLP
1300 Clay Street, Suite 600
Oakland, CA 94612
hanni@mlf-llp.com

        Re:    **United States v. Michael Brent Rothenberg**,
                N.D. Cal. No. 20-CR-00266 JST

Dear Mr. Fakhoury:

      Pursuant to our telephone call late this morning, this letter is to memorialize our conversation about evidence that the United States plans to introduce regarding Michael Rothenberg's reasons for seeking and obtaining two loans from Silicon Valley Bank ("SVB") in the summer of 2014. These loans form the basis of Counts One and Two.

      In addition to the normal reasons that anyone wants to obtain money from a cash-out refinancing of a mortgage loan or a personal loan, the United States anticipates presenting evidence that Mr. Rothenberg had a capital contribution commitment to one of the venture capital funds managed by Rothenberg Ventures Management Company. We believe that the evidence will show that the capital contribution requirement that Mr. Rothenberg faced in 2014 was to Fund II (a/k/a the 2014 Fund). *See, e.g.*, SVB-0006636, SVB-0007621, & SVB-0007683. We believe that the fund documents required a $100,000 investment by Mr. Rothenberg, as he indicated in the email to Michelle Jandu at SVB. *See* SVB-0007621; *see also, e.g.*, RV_Inv_Grp_000073. We believe the evidence will show that the $300,000 personal loan made by SVB was disbursed on or about August 12, 2014, and was wired directly to Fund II. The amount was $297,000 (which we believe represents the net principal of the loan after origination fees and charges). *See* SVB-0001355; RVMC-00001781; RVMC-00001789. Accordingly, we believe that the evidence will show that one of the reasons that Mr. Rothenberg sought the $300,000 loan from SVB was to use that money to meet his required capital contribution to, and to invest in, Fund II.

      We also believe that the evidence at trial will show that, prior to obtaining both loans from SVB, Mr. Rothenberg regularly faced large cash requirements in his personal accounts. These cash demands included payments to American Express in thousands (or even tens of thousands) of dollars. *See, e.g.*, BOA-0000235 to BOA-0000256.

      None of this evidence constitutes so-called "prior bad acts" under Federal Rule of Criminal Procedure 404(b) because, although the evidence does establish Mr. Rothenberg's motive, it does not constitute "any other crime, wrong, or act." It is simply a fact that Mr. Rothenberg owed money – and thus had a reason to obtain it from SVB – in the ways described above. Even if that fact was somehow construed to be "any other crime, wrong, or act," Rule 404(b) would still not apply as the evidence is inextricable intertwined with the crimes charged. *See United States v. Ripinsky*, 109 F.3d 1436, 1442 (9th Cir.), amended on other grounds, 129 F.3d 518 (9th Cir. 1997) (holding that "[e]vidence should not be treated as 'other crimes' evidence, however, and may therefore be admitted for all purposes, when the evidence concerning the other act and the evidence concerning the crime are 'inextricably intertwined'").

      Please let us know if you have any questions.

      Very truly yours,

      STEPHANIE M. HINDS
      United States Attorney

      KYLE F. WALDINGER
      NICHOLAS J. WALSH
      Assistant United States Attorneys