# EXHIBIT 1

1   MICHAEL ROTHENBERG
    Phone: (415) 774-6468
2   mrothenberg@rothenberg.co

3   *Pro Se Defendant*

4
              SUPERIOR COURT – LIMITED JURISDICTION
5
                  OF THE STATE OF CALIFORNIA
6
                 CITY & COUNTY OF SAN FRANCISCO
7

8
9   SILICON VALLEY BANK,                  Case No. ǂᵤᵦ-21-668198
    A CORPORATION,
10                                         **DEFENDANT
                       Plaintiffs,         MICHAEL ROTHENBERG'S,
11                                         MOTION TO SET ASIDE
                                           FORECLOSURE SALE**
        vs.
12                                         Date:  July 6, 2022 [requested]
    MICHAEL ROTHENBERG,                    Time: 10:00 a.m. [requested]
13                                         Dept:  501
                       Defendant.
14                                         Judge: Charles F. Haines
15
16
17
18
19
20
21
22
23
24
25
26
27
28                    EXHIBIT

COMES NOW, the Defendant Michael Rothenberg ("Mr. Rothenberg"), and in support of the above petition states as follows:

## I.    INTRODUCTION

1.    Michael Rothenberg ("Mr. Rothenberg") received a loan (the "SVB Mortgage") from Silicon Valley Bank (the "Bank" or "SVB") which was collateralized by his condominium, located at 712 Bryant St, Apt 6, San Francisco, CA 94107 (the "Rothenberg Home"). The SVB Mortgage was ultimately subjected to non-judicial foreclosure on or about September 21, 2020.

2.    On June 15, 2020, the City of San Francisco issued a mandate limiting in-person gatherings to no more than twelve people, which precluded the possibility of a lawful in-person public auction. A true and correct copy of the San Francisco mandate can be found at www.sf.gov/news/small-outdoor-gatherings-indoor-retail-and-other-businesses-allowed-under-new-health-directive.

3.    On or about September 21, 2020 a live in-person foreclosure auction (the "Sham Auction") was purportedly conducted in San Francisco, California.

## II.    ARGUMENT

4.    SVB failed to follow the proper process for conducting a foreclosure auction thus denying Mr. Rothenberg of his procedural due process rights. SVB procured title to the Rothenberg Home by a Sham Auction that was conducted unlawfully and/or did not actually take place.

5.    The Sham Auction was a fraud on Mr. Rothenberg and the public because there was no auction and/or there were no bidders. Indeed, the Rothenberg Home was not sold to a third party at the Sham Auction. The Bank took title to the property claiming it had "bid" $1,100,000 which resulted in the transfer of title of the Rothenberg Home to the Bank.

6.    The notion that an actual auction took place on or about September 21, 2020 in the City of San Francisco is a legal impossibility. Any such "auction" would have been carried out in violation of law and would thus be void for impossibility.

7.    Furthermore, even if there were bidders present at the Sham Auction, the notion that a public auction took place is absurd. The public would be expected to violate the City of San Francisco's mandate against public gatherings, as well as risk exposure to Covid-19. Under

normal circumstances, when public auctions are permitted to take place and ample notice is provided, it is reasonable to consider an auction viable and valid when properly conducted.

8.    However, under the circumstances of the Sham Auction, there is no possibility of having a viable or fair auction. Indeed, the Rothenberg Home was not sold to a third party bidder, and there is no evidence that any third party bidders were actually present. SVB used the pretense of an auction as a means of taking title to the Rothenberg Home and depriving Mr. Rothenberg of the fair market price for the property, which was in excess of the amount owed on the SVB Mortgage, and thus deprived Mr. Rothenberg of a return of his equity in the Rothenberg Home.

9.    In *Bank of America etc. Assn. v. Reidy*, 15 Cal.2d 243, 248, the court stated as follows: "[1] It is the general rule that courts have power to vacate a foreclosure sale where there has been fraud in the procurement of the foreclosure decree or where the sale has been improperly, unfairly or unlawfully conducted, or is tainted by fraud, or where there has been such a mistake that to allow it to stand would be inequitable to purchaser and parties. Sham bidding and the restriction of competition are condemned, and inadequacy of price when coupled with other circumstances of fraud may also constitute ground for setting aside the sale." *Id.* at 248.

## III.    CONCLUSION

10.    In the present case the "sale" of the Rothenberg Home falls precisely within the description of grounds for setting aside a foreclosure sale because it was "improperly, unfairly [and] unlawfully conducted…" *Id.* at 248. The *Bank of America* court's further statement that "[s]ham bidding and the restriction of competition are **condemned** [Emphasis Added]." *Id.* at 248. Indeed, the illegality of the Sham Auction renders it a non-event with no power to transfer title to real property.

11.    The Bank's willful taking of the Rothenberg Home by an illegal event is a fraud on the court, as well as a fraud against Mr. Rothenberg with the only effect of rendering its outcome void. It is important to distinguish between that which is "voidable" and that which is "void." In the present case we are not simply dealing with procedural flaws as to how an auction was carried out. On the contrary, when the outcome of an event is the transfer of property, such transfer is cannot possibly be the result of an auction if auctions cannot be lawfully conducted at the time of

1  the event that rendered the transfer of property. Mr. Rothenberg is entitled to a public auction in

2  accordance with the foreclosure process required under California law.

3       12.     Mr. Rothenberg is severely damaged by the fraudulent taking of the Rothenberg

4  Home in an amount of approximately $750,000 which represents the difference between the price

5  the Bank "paid" at the Sham Auction of $1,100,000 and market value of $1,850,000 as of 2014 as

6  stated in SVB's own property appraisal report, a true and correct copy of the first two pages of

7  which is attached hereto as "**Exhibit A.**" Market prices for San Francisco residential real estate

8  increased significantly between 2014 and the 2020 date of the Sham Auction. The present situation

9  in which SVB holds title and possession of the Rothenberg Home without having held an actual

10 public auction for its sale and transfer is grossly unjust and unlawful, and requires the immediate

11 remedy of setting aside such sale and transfer of property.

12       13.     To allow a bank the ability to use its immense power and resources to deprive its

13 borrowers of their rights to a proper foreclosure sale process, in retaliation for exposing their

14 fraudulent activity or otherwise, sends a chilling message to other borrowers and potential

15 borrowers.  To further allow SVB the ability to unilaterally seize a homeowner's equity in excess

16 of the mortgage owed, and unlawfully enrich itself with ill-gotten gains, would be a further

17 miscarriage of justice.  In the interest of fairness and justice to the public generally, the citizens of

18 San Francisco, this Court, and as well as to Mr. Rothenberg in the present case, the purported

19 foreclosure sale of the Rothenberg Property must be set aside.

20       **WHEREFORE**, Defendant, Michael Rothenberg prays for this Court to set aside the

21 foreclosure sale and restore Mr. Rothenberg's rights to such real estate as existed prior to the

22 Sham Auction.

Dated:  June 30, 2022

By:  MICHAEL ROTHENBERG
     *In Pro Per*

# EXHIBIT A



3000001862
File No.510951

Property Sciences
Silicon Valley Bank
2770 Sand Hill Rd
Menlo Park, CA 94025

File Number:   510951

In accordance with your request, I have appraised the real property indicated below:

712 Bryant St
San Francisco, CA 94107

The purpose of this appraisal is to estimate the market value of the subject, as improved. The property rights appraised are the fee simple interest. In our opinion, the estimated market value as of the specified date is:

August 5, 2014

$1,850,000
One Million Eight Hundred Fifty Thousand Dollars

The attached report contains the description, analysis and supportive data for the conclusions, final estimate of value, descriptive photographs, limiting conditions and appropriate certifications.

Respectfully Submitted,

Mike Stickel
Staff Appraiser
AR029935

The Property Sciences Group, Inc.

395 Taylor Boulevard, Suite 250, Pleasant Hill, CA 94523   TEL: 925-246-7300 / FAX: 925-349-7200



3000001862
File No.510951

**APPRAISAL OF**

An Individual Condominium Unit

**LOCATED AT:**

712 Bryant St
San Francisco, CA 94107

**FOR:**

Silicon Valley Bank
2770 Sand Hill Rd
Menlo Park, CA 94025

**BORROWER:**

Michael Rothenberg

**AS OF:**

August 5, 2014

**BY:**

Mike Stickel
Staff Appraiser

395 Taylor Boulevard, Suite 250, Pleasant Hill, CA 94523   TEL: 925-246-7300 / FAX: 925-349-7200

1   MICHAEL ROTHENBERG
     Phone: (415) 774-6468
2   mrothenberg@rothenberg.co

3   *Pro Se Defendant*

4

5                  SUPERIOR COURT – LIMITED JURISDICTION

6                        OF THE STATE OF CALIFORNIA

7                    CITY & COUNTY OF SAN FRANCISCO

8

9   SILICON VALLEY BANK,                Case No. CV-21-668198
     A CORPORATION,
10                                       **DECLARATION
                          Plaintiffs,    IN SUPPORT OF DEFENDANT,
11                                       MICHAEL ROTHENBERG'S, MOTION
                vs.                      TO SET ASIDE FORECLOSURE SALE**
12
     MICHAEL ROTHENBERG,                 Date:  July 6, 2022 [requested]
13                                       Time: 10:00 a.m. [requested]
                          Defendant.     Dept:  501
14
                                         Judge: Hon. Charles F. Haines
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                        Case No. CV-21-668198
     ————————————————————————————————————————————————————————————
     DECLARATION IN SUPPORT OF DEFENDANT MICHAEL ROTHENBERG'S MOTION TO SET ASIDE FORECLOSURE SALE

1    I, Michael Rothenberg, declare:

2    I am the defendant in this matter. I have personal knowledge regarding the matters stated

3    herein.

4    1.    Michael B. Rothenberg ("Mr. Rothenberg") and Rothenberg Ventures, LLC

5    ("RVMC"), Rothenberg Ventures 2015 Fund, LLC ("2015 Fund") and Rothenberg Ventures 2016

6    Accredited Fund LP ("2016 Fund," and with the 2015 Fund, the "Funds") filed a lawsuit against

7    Silicon Valley Bank (the "Bank" or "SVB") on August 20, 2018, alleging that SVB committed

8    fraud by secretly creating a new account in the name of RVMC to which SVB transferred $4.25

9    million of funds belonging to the 2015 Fund - without permission - in order to better position such

10   funds as collateral for a loan to RVMC of equal amount (the "Fraud Complaint").

11   2.    Since the filing of the Fraud Complaint, SVB has engaged in a campaign to destroy

12   Mr. Rothenberg's life as retaliation for exposing their fraudulent activity, to silence him, and to

13   avoid the consequences of its actions against the Funds and against Mr. Rothenberg personally.

14   Even prior to the filing of the Fraud Complaint, Mr. Marc Fagel (former office head in San

15   Francisco of the U.S. Securities & Exchange Commission "SEC"), Mr. John Potter (former U.S.

16   Attorney), and Mr. Rothenberg (and others) foreshadowed the awareness of what the bank had

17   done, which caused the Bank to begin winding down its relationship with Mr. Rothenberg and

18   aligning with the SEC and other government agencies with a view toward discrediting and

19   destroying Mr. Rothenberg.

20   3.    As part of the Bank's campaign against Mr. Rothenberg, Mr. Rothenberg is

21   informed and believes that SVB: (i) provided a false narrative of Mr. Rothenberg's management

22   of RVMC and its associated funds to the press; (ii) encouraged other banks to refuse to do

23   business with Mr. Rothenberg; and (iii) used its influence to pressure government agencies to

24   pursue investigations against Mr. Rothenberg that would cost many millions of dollars for him to

25   defend against, and would ultimately render him insolvent and unable to pay his bills, including

26   his mortgage (the "SVB Mortgage") payments to the Bank, which was collateralized by his

27   condominium, located at 712 Bryant St, Apt 6, San Francisco, CA 94107 (the "Rothenberg

28   Home").

4.      Indeed, Mr. Rothenberg's home loan from SVB Mortgage, which resulted in non-judicial foreclosure and a live in-person foreclosure auction (the "Sham Auction") which was purportedly conducted in San Francisco, CA on or about September 21, 2020.

5.      At the time of the purported auction, City of San Francisco had issued a mandate forbidding public gatherings, which precluded the possibility of a lawful live in-person auction.

Dated:  June 30, 2022

By:   MICHAEL ROTHENBERG
*In Pro Per*