MOEEL LAH FAKHOURY LLP
Hanni M. Fakhoury (State Bar No. 252629)
1300 Clay Street, Suite 600
Oakland, CA 94612
Telephone:  (510) 500-9994
Email:  hanni@mlf-llp.com

Attorneys for Michael Rothenberg

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ROTHENBERG,<br><br>Defendant. | **Case No.:** 4:20-CR-00266-JST<br><br>**DEFENDANT'S RESPONSE TO UNITED STATES' MOTIONS IN LIMINE**<br><br>**Court:** Courtroom 6, 2nd Floor<br>**Hearing Date:** October 6, 2022<br>**Hearing Time:** 9:30 a.m. |
|---|---|

# INTRODUCTION

Michael Rothenberg files this response to the United States' Motions *in Limine*, filed on September 8, 2022. *See* Dkt. 143 ("Gov. In Lims")

# ARGUMENT

A. ***Lindsey*** **does not prohibit Mr. Rothenberg from introducing evidence about "lending standards generally."**

Relying on *United States v. Lindsey*, 850 F.3d 1009 (9th Cir. 2017), the government seeks to preclude Mr. Rothenberg from arguing and introducing evidence "that Silicon Valley Bank engaged in careless lending practices and that it could have prevents the fraud had it exercised more care." Gov. In Lims at 6. It explains that *Lindsey* held that that "a victim's negligence is not a defense to wire fraud" and that "the materiality inquiry in this case turns on [Mr.] Rothenberg's statements and state of mind and not on those of SVB." *Id.* at 5-6 (quotations and citations omitted).

As an initial matter, "[w]hether grounded in the Sixth Amendment's guarantee of compulsory process or in the more general Fifth Amendment guarantee of due process, the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." *United States v. Stever*, 603 F.3d 747, 755 (9th Cir. 2010) (internal citations and quotation marks omitted). That includes the right to present evidence at trial and the right to argue one's defense to the jury in closing argument. *See United States v. Brown*, 859 F.3d 730, 737 (9th Cir. 2017) ("[P]reventing a defendant from arguing a legitimate defense theory constitutes structural error" requiring reversal) (internal quotation marks and citations omitted).

In *Lindsey*, the Ninth Circuit explained that evidence that "lenders here might have intentionally disregarded [a defendant's] false statements has little relevance to whether those statements are intrinsically able to influence a decision" because "materiality is an objective element, and an absence of reliance does not affect its presence." 850 F.3d at 1015. Thus it adopted a "prophylactic rule against all evidence of individual lender behavior" in a mortgage fraud case. *Id.* at 1018.

But the Ninth Circuit also made clear its decision did "not leave defendants powerless to challenge the materiality of false statements made in connection with securing mortgages. Among

other things, defendants can disprove materiality through evidence of the lending standards generally applied in the mortgage industry." *Id.* at 1016. And it noted in the specific case under review, that "the district court properly allowed evidence of the lending standards generally present in the industry" when it allowed "defense counsel to elicit testimony from a Government witness that 'stated income' and 'no document' loans were common in the market at the time of [the] alleged offenses." *Id.* at 1018.

Thus, when the government requests exclusion of evidence or argument that "SVB would have funded the loans even had it been aware of Rothenberg's false statements or because SVB negligently failed to root out the defendant's misrepresentations," it goes too far. Gov. In Lims at 8. Evidence of "lending standards generally" that show SVB would have funded the loans—and thus any purported false statements by Mr. Rothenberg are immaterial—is admissible under *Lindsey*.

The government's motion *in limine* should thus be denied, or alternatively, deferred until trial when the Court can rule on specific objections raised by the government to testimony or argument presented by Mr. Rothenberg.

**B.   Only one case agent should be exempt from exclusion.**

The government seeks leave to have two testifying case agents present throughout the trial, including before their testimony. Gov. In Lims at 8-10. Its request should be denied.

A federal agent, or a local law enforcement officer working with federal agents, qualifies for exemption from an exclusion order under Federal Rule of Evidence 615(b). *See United States v. Thomas*, 835 F.2d 219, 222-23 (9th Cir. 1987) (trial court did not err in allowing FBI agent who also testified to sit at counsel table throughout trial, since agent qualified as officer representing the government). The plain language of Rule 615(b), however, as well as the notes of the Advisory Committee, indicate that only *one* agent can be exempted under this provision.

The rule speaks of an officer or employee of a party who is not a natural person being designated as, "its representative." Fed. R. Evid. 615(b). The drafters chose the singular, rather than the plural—the rule does not speak of an entity's right to designate "its representatives." In fact, the Advisory Committee stated that, "[a]s the equivalent of the right of a natural-person party, a party which is not a natural person is entitled to have a representative present." Fed. R. Evid. 615 Advisory

Committee's note (emphasis added). As the Sixth Circuit has observed, "'[a]' representative, like 'a' natural person, . . . and 'an' officer or employee, is singular. . . we can discern no reason to convert the singular into the plural." *United States v. Pulley*, 922 F.2d 1283, 1286 (6th Cir. 1991). The Advisory Committee's note, as well as the analysis of this note, supports a literal reading of the rule.

Significantly, the majority of Circuit Courts that have addressed the issue of multiple witness-representatives have concluded that only one agent, officer or employee should be designated under Rule 615(b). *See Pulley*, 922 F.3d at 1286; *see also United States v. Farnham*, 791 F.2d 331, 334–35 (4th Cir. 1986) (holding as error trial court's decision to allow two government agent-witnesses to remain in courtroom throughout trial); *United States v. Causey*, 609 F.2d 777, 777–78 (5th Cir. 1980) ("from its language it would reasonably be argued that [Rule 615(b)] does not grant counsel for a party the right to designate more than one representative."). Accordingly, the Court should permit no more than one "case agent" to be designated as the government's representative under Rule 615(b).

The government attempts to skirt this result and have two case agents present throughout the trial by designating FBI Special Agent Jennifer Barnard as its 615(b) "representative," and then claiming the presence of IRS special agent Anthony Ghio is "essential" to the presentation of its case under Rule 615(c). Gov. In Lims at 9. Its request should be denied.

"Demonstrating that an additional agent is, in fact, 'essential' is no easy task. Criminal defendants…have a substantial interest in 'discouraging and exposing fabrication, inaccuracy, and collusion' related to in-court testimony." *United States v. Phibbs*, 999 F.2d 1053, 1073 (6th Cir. 1993) (quoting Advisory Committee Notes to Fed. R. Evid. 615). Thus, allowing two case agents to be present throughout trial should be reserved for cases that are "complex enough that the aid of more than one law enforcement officer is needed to sort through extensive, technical evidence, and to help map out strategy." *Id.* at 1072 (quotations and citation omitted). In *Phibbs*, the Sixth Circuit found the district court did not abuse its discretion when it allowed two case agents to sit through trial because the trial "was scheduled for approximately one month, involving several defendants and a great deal of evidence, not all of which was readily accessible," and the agents were "responsible for distinct aspects of a far-flung investigation." *Id.* at 1073. Nonetheless, the district court "directed that when one [case agent] was on the stand, the other was to be outside the courtroom" so that the agents

1  "would not parrot each other's testimony." *Id.*

2  This first trial does not require the presence of two case agents throughout trial. This part of the case involves one defendant accused of two counts concerning one transaction with one bank. The trial is scheduled to last two weeks and the government has anticipated introducing less than 100 exhibits. The government's motion *in limine* provides no reasoning whatsoever as to why it needs two case agents in court instead of one; excluding one of the case agents from court would not preclude that case agent (or the other case agent for that matter) from "conduct[ing] additional investigation or research based on the testimony given by trial witnesses." Gov. In Lims at 9. Nor is there any need for a witness to be "acquainted with that testimony" when the government can obtain daily court reporter transcripts and just simply relay information to the agents during breaks in the case or via email or text message from the courtroom. *Id.*

The government's request to have two case agents present throughout trial should be denied.

**C.    Merely self-authenticating business records does not necessarily render them admissible.**

The government seeks to self-authenticate certain business records under Federal Rule of Evidence 902(11). Gov. In Lims at 10-11. Mr. Rothenberg acknowledges the government has provided sufficient notice for self-authentication under Rule 902 and is satisfied the certificates comply with the requirements of 902(11). *See also* Gov. In Lims at 11.

But although the government has satisfied the requirements of Rule 902(11), that does not mean the records are necessarily admissible. The government itself recognizes that its "motion *in limine* assumes that the records are relevant under Rule 402 and not excludable under Rule 403," "is not seeking a pretrial ruling on Rule 402 and Rule 403 issues, and acknowledges that, even if the Court grants the instant motion, the defendant could still raise objections to the admissibility of records at issue." Gov. In Lims at 10 n. 5.

The records identified by the government in its notice total approximately 9,500 pages, and without the benefit of the government's exhibit list indicating what specific portion of these records it seeks to admit, it is impossible to say at this stage which, if any, of the records—or specific documents within the tranche of records—are relevant to the issues at this first trial, and whether admission of all or some of the records should be excluded under Rule 403. Given the volume of

material and the relatively discrete issues in this first trial, there is no question the probative value of admitting all or even many records is outweighed by the dangers of undue delay and would lead to the presentation of cumulative evidence. Conversely, under the Rule of Completeness in Federal Rule of Evidence 106, more than just the government's selective snapshot of the records it wishes to introduce may need to be admitted into evidence in order "to avert misunderstanding or distortion caused by introduction of only part of a document." *United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014) (quotations omitted). And finally, to the extent the government intends to introduce bank records to supports its theory that Mr. Rothenberg "regularly faced large cash requirements in his personal accounts," then they should be excluded for the reasons detailed in Mr. Rothenberg's Motion in Limine #1. *See* Dkt. 144, Defendant's Motions in Limine for Trial on Counts One and Two at 1-2.

Ultimately, regardless of the fact the government has sufficiently self-authenticated the records, this Court must still analyze the admissibility of the records under Rules 402 and 403. The Court should thus defer ruling on the admissibility of the business records until the government has identified what specific records it intends to admit into evidence, and Mr. Rothenberg has an opportunity to raise objections to specific records.

## CONCLUSION

For the foregoing reasons, Mr. Rothenberg respectfully requests the Court deny all the government motions *in limine* or, at a minimum, deny government motion *in limine* two, and defer ruling on government motions *in limine* one and three. He also requests leave to file additional motions *in limine* once the government has filed its exhibit list.

Dated:   September 15, 2022                    Respectfully submitted,

                                               MOEEL LAH FAKHOURY LLP

                                               Hanni M. Fakhoury
                                               Attorneys for Michael Rothenberg