STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

KYLE F. WALDINGER (CABN 298752)
NICHOLAS J. WALSH (CABN 314290)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    Email: Kyle.Waldinger@usdoj.gov
    Email: Nicholas.Walsh@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 20-CR-00266 JST |
| Plaintiff, | **UNITED STATES' REPLY BRIEF IN SUPPORT OF ITS MOTIONS *IN LIMINE*** |
| v. | |
| MICHAEL BRENT ROTHENBERG, a/k/a MIKE ROTHENBERG, | Trial Date: October 31, 2022, 8:00 a.m.<br>Pretrial Date: October 6, 2022, 9:30 a.m.<br>Court: Hon. Jon S. Tigar, Courtroom 6 |
| Defendant. | |

    A jury trial for Counts One and Two is scheduled to begin on October 31, 2022. The parties are set to appear on October 6, 2022, for the Pretrial Conference. Based on the schedule previously set by the Court, *see* Dkt. 120, the government now files its Reply Brief in Support of its Motions *in Limine*.

**I.    MOTION *IN LIMINE* NO. 1 – The Court Should Exclude Defense Evidence and Argument Suggesting that the Alleged Victim Silicon Valley Bank was Negligent in Granting Rothenberg's Loan Applications.**

    The only significant daylight between the parties' respective positions on Motion *in Limine* No. 1 may be encapsulated in the defendant's reference as to whether Silicon Valley Bank "would have funded the loans." Dkt. 146, at 3:7-11. Although the government agrees that "evidence of the general

lending standards applied in the mortgage industry is admissible to disprove materiality," *United States v. Lindsey*, 850 F.3d 1009, 1014 (9th Cir. 2017); *see also* Dkt. 146, at 3:10 (citing the term "lending standards generally"), Rothenberg misses the point by suggesting either that (1) the government must prove that SVB *would not* have funded the loans but for Rothenberg's false statements or that (2) it is a defense that "SVB *would have* funded the loans." Dkt. 146, at 3:7-11 (emphasis added). It is simply not the law that the government must prove whether the alleged victim would or would not have funded a particular loan. *Lindsey*, 850 F.3d at 1014 ("the government does not have to prove actual reliance upon the defendant's misrepresentations") (quotation omitted). After all, the applicable legal standard for materiality is only whether the statement at issue had "a natural tendency to influence, or [was] capable of influencing, the decision of the decisionmaking body to which it was addressed," *Neder v. United States*, 527 U.S. 1, 16 (1999), not whether that statement *actually* influenced the lender.

For these reasons, and for the reasons set forth in its prior briefing, the government asks the Court to grant its Motion *in Limine* No. 1 and exclude evidence and argument that SVB was negligent in granting Rothenberg's loan application. The government recognizes, however, that the defendant should not be precluded from cross-examining witnesses about "general lending standards" and about the decisionmaking process of the particular decisionmaker here, Silicon Valley Bank.

**II.    MOTION *IN LIMINE* NO. 2 – All Fact Witnesses Should Be Excluded from the Courtroom During the Trial Except the Case Agents.**

Rothenberg's objection to having Special Agent Anthony Ghio in the courtroom is *not* that Agent Ghio will improperly "parrot" the testimony of prior witnesses or improperly change his testimony. This is so because Rothenberg does not seek an order (1) prohibiting the prosecutors and Agent Barnard from relating witness testimony to Agent Ghio; (2) prohibiting the prosecutors from asking Agent Ghio to conduct research or investigation based on witness testimony they describe to Agent Ghio; or (3) prohibiting Agent Ghio from reading transcripts of trial testimony. *See* Dkt. 146, at 5:8-11 ("Nor is there any need for a witness to be 'acquainted with [] testimony' when the government can obtain daily court reporter transcripts and just simply relay information to the agents . . . .").

Rather, Rothenberg's position is simply that (1) Rule 615(b) allows the government to designate only one representative and (2) Agent Ghio is not "essential" under Rule 615(c). The United States

believes that it has overcome this technical objection by previously explaining (1) that both Agent Barnard and Agent Ghio are case agents and part of the trial team and thus essential to its case presentation; (2) that both agents may be required to conduct investigation or research based on the testimony given by trial witnesses; and (3) that there is at least some degree of complexity to the government's case, as reflected in the defendant's movements of funds between accounts and the number of marked exhibits.  *See* Dkt. 143, at 9:11-13; Dkt. 145, at 10:18-23.  It is Agent Ghio that the government expects will testify about some of the bank records and movements of money in this case.

For all of these reasons, and for the reasons stated in its prior filings, the government requests that the Court deem Agent Ghio essential and exempt under Rule 615(c).

**III.   MOTION *IN LIMINE* NO. 3 – The Court Should Admit into Evidence Various Self-Authenticating Business Records Under Federal Rule of Evidence 902(11).**

As it noted in its Motion *in Limine* No. 3, the government recognizes that simply because certain business records are deemed authentic and admissible under Rules 803(6) and 902(11) does not mean that they must automatically be admitted, in light of relevance and prejudice considerations.  The government is simply seeking a ruling before trial that will allow it to get records admitted in evidence without having to subpoena and bring to court various witness custodians whose testimony will not be challenged and bears merely on the collateral matter of whether certain documents qualify as business records.

DATED:  September 22, 2022                                  Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney


          /s/
KYLE F. WALDINGER
NICHOLAS J. WALSH
Assistant United States Attorneys