MOEEL LAH FAKHOURY LLP
Hanni M. Fakhoury (State Bar No. 252629)
1300 Clay Street, Suite 600
Oakland, CA 94612
Telephone: (510) 500-9994
Email: hanni@mlf-llp.com

Attorneys for Michael Rothenberg

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ROTHENBERG,<br><br>Defendant. | Case No.: 4:20-CR-00266-JST<br><br>**DEFENDANT'S REPLY TO UNITED STATES' RESPONSES AND OPPOSITIONS TO DEFENDANT'S MOTIONS IN LIMINE**<br><br>**Court:** Courtroom 6, 2nd Floor<br>**Hearing Date:** October 6, 2022<br>**Hearing Time:** 9:30 a.m. |

**INTRODUCTION**

Michael Rothenberg submits this brief reply to the United States' Responses and Opposition to Defendant's Motions *in Limine*. *See* Dkt. 145 ("Gov. Oppo."); *see also* Dkt. 144, Defendant's Motions *in Limine* for Trial on Counts One and Two ("Def. In Lims"). The government does not object to Mr. Rothenberg's Motion *in Limine* #3, seeking to exclude evidence about the remaining charges in the superseding indictment, Motion *in Limine* #4, seeking to exclude evidence regarding the civil SEC case, and Motion *in Limine* #7, seeking to preclude the superseding indictment from being sent to the jury room, and so those motions *in limine* are not addressed in this reply brief.

**ARGUMENT**

A.  **Motion in Limine #1: Evidence about Mr. Rothenberg's "personal and business bills" is inadmissible.**

Mr. Rothenberg moved to exclude the government from introducing evidence that Mr. Rothenberg had "large cash requirements," which it claims is evidence of motive. Def. In Lims at 1-2. Mr. Rothenberg acknowledged that evidence that proceeds from the loan were intended to be used to fund his capital commitment to the investment funds was admissible. But evidence that Mr. Rothenberg needed to pay certain bills was inadmissible "evidence of poverty or poor financial condition." *United States v. Romero-Avila*, 210 F.3d 1017, 1022 (9th Cir. 2000).

The government claims evidence that Mr. Rothenberg "used the proceeds of the loans to pay…personal and business bills…is inseparably entangled with and necessary to describe what happened in 2014," and that it "intends to introduce that evidence merely as part of its description of the events at issue at trial." Gov. Oppo. at 2. But that is both unnecessary and prejudicial.

It is unnecessary because there is no connection with the loan proceeds and the payment of personal and business bills. It is irrelevant to the charged offenses what the purpose of the loans were and there is no evidence provided by the government that supports its claim that Mr. Rothenberg's purported motive in obtaining the loans was to pay bills. The Ninth Circuit has noted "evidence of an imminent financial burden is admissible to prove motive," but the need to make regular payments on bills that predate and post date the loan is not that kind of specific expenditure. *United States v. Jackson*, 882 F.2d 1444, 1449 (9th Cir. 1989). In contrast, the government has provided evidence that

DEFENDANT'S REPLY TO UNITED STATES' RESPONSES AND OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE
*United States v. Rothenberg*, 4:20-CR-00266-JST

1

SVB itself understood Mr. Rothenberg was seeking the loans to satisfy his impending capital commitment, a one time and imminent expenditure, and thus evidence about the capital commitment is "entangled with…what happened in 2014" as claimed by the government. Gov. Oppo. at 2. But the same is not true of the payment of "personal and business bills."

Even if relevant, evidence of bills paid by Mr. Rothenberg after the loan closed is unduly prejudicial under Federal Rule of Evidence 403 because it would lead to jury antipathy. The government claims that Mr. Rothenberg mistakenly believes "the United States intends to tar him as impoverished," and that Mr. Rothenberg "was not impoverished in 2014, nor will the United States contend that he was." Gov. Oppo. at 2. But that misses the point.

"Lack of money gives a person an interest in having more. But so does desire for money, without poverty. A rich man's greed is as much a motive to steal as a poor man's poverty. Proof of either, without more, is likely to amount to a great deal of unfair prejudice with little probative value." *United States v. Mitchell*, 172 F.3d 1104, 1108–09 (9th Cir. 1999). However the government wants to label it, the bottom line is that the government seeks to admit evidence of Mr. Rothenberg's financial situation untethered from the circumstances surrounding the loan. The government's letter states it seeks to admit the evidence to show Mr. Rothenberg "regularly faced large cash requirements in his personal accounts," and in its opposition to Mr. Rothenberg's motion *in limine*, that he "used the money to pay his personal and business debts." Dkt. 144-1, Def. In Lims, Exh. A at 1-2; Gov. Oppo. at 2. This could be inadmissible evidence of "poor financial condition," or inadmissible evidence of "desire for money without poverty." Either way, it is irrelevant, prejudicial and inadmissible. This evidence should thus be excluded.

**B.    Motion *in Limine* #2: Because the government does not intend to introduce evidence of the foreclosure, Exhibits 79-81 must be excluded.**

Mr. Rothenberg moved to exclude references to SVB's foreclosure of the property subject to the mortgage loan at issue in this case. Def. In Lims at 2-3. The government responds that it "does not intend to offer evidence of the fact that Rothenberg defaulted on either of the loans at issue in this case, that SVB foreclosed on his condo, that SVB ultimately had to file an eviction action to eject him from the property, and that SVB will likely suffer a loss on the loan." Gov. Oppo. at 3.

Yet in its exhibit list—filed after Mr. Rothenberg filed his motions *in limine*—the government identifies three exhibits related to the foreclosure process: (1) Exhibit 79, a notice of default regarding the condominium dated December 2019; (2) Exhibit 80, a second notice of default regarding the condominium, dated June 2020; and (3) Exhibit 81, the trustee's deed upon sale concerning the condominium, dated September 2020. *See* Dkt. 147 at 4. These exhibits unnecessarily put before the jury the fact that SVB foreclosed on the condominium.

Evidence about the foreclosure process is irrelevant because the bank fraud statute does not require a showing of financial loss. *See Shaw v. United States*, 580 U.S. 63, 137 S. Ct. 462, 467 (2016). It is also unduly prejudicial because it is effectively impermissible "bad character" evidence under Federal Rule of Evidence 404(a) as Mr. Rothenberg explained in his motions *in limine*. *See* Def. In Lims at 3. Because the government has expressly indicated it does not seek to introduce evidence about the foreclosure process, Exhibits 79, 80 and 81 should be excluded.

C.   **Motion *in Limine* #5: SVB should not be referred to as a "victim" during the trial.**

Mr. Rothenberg moved to preclude the government from referring to SVB as a "victim" during trial, because the term assumes the occurrence of a criminal act which is the ultimate issue for the jury to decide. *See* Def. In Lims at 5. Given that the government states, "that in questioning witnesses it will refer to SVB as 'Silicon Valley Bank,' 'SVB,' 'the lender,' and 'the bank,' or by similar terms" and "anticipates that it will use the term 'victim' sparingly, if at all," there is no prejudice in granting Mr. Rothenberg's motion *in limine* precluding the government from referring to the bank as a "victim." Gov. Oppo. at 6.

Nonetheless, the government opposes Mr. Rothenberg's request as a "gag" to its "ability to describe its own case and make its own arguments." Gov. Oppo. at 7. It claims that "whether or not SVB suffered losses, it was still the victim of the alleged fraud scheme and the alleged false statements because it was the entity to whom the fraudulent conduct and false statements were directed." Gov. Oppo. at 7-8. But again, allowing SVB to be referred to as a "victim" just presupposes there was in fact fraudulent conduct and false statements, which is for the jury to decide, and under Rule 403, is potentially misleading and confusing because the jury will also be instructed that the bank fraud statute does not require "the government to prove that the defendant was actually

successful in defrauding any financial institution" or "that any financial institution lost any money or property as a result of the scheme to defraud." Ninth Circuit Manual of Model Criminal Jury Instructions 15.36 Bank Fraud—Scheme to Defraud Bank (18 U.S.C. § 1344(1)).[1]

Thus, SVB should not be referred to as a "victim" through the trial.

### D. Motion in Limine #6: Only one case agent should be permitted at trial.

Mr. Rothenberg moved to exclude witnesses, a request the government does not oppose. Def. In Lims at 6-7; Gov. Oppo. at 8. The only disagreement concerning exclusion of witnesses comes from the government's request to have two case agents present throughout the case. Mr. Rothenberg responded to that argument in his response to the government's motions *in limine*, filed on September 15, 2022. *See* Dkt. 146 at 3-4.

In its opposition to Mr. Rothenberg's motions *in limine*, the government continues to provide no reason why it needs two case agents present in court in this relatively straightforward trial. It claims two agents are needed because of "movements of funds between accounts" and "numerous exhibits," but neither of those are compelling reasons. There is ultimately only one financial transaction involving the movement of money that is relevant in this case: the transfer of money from the Merrill Lynch credit line ("LMA") to the Merrill Lynch checking account ("CMA"). *See* Dkt. 15, Superseding Indictment at ¶ 28(b), (d)-(f). As for the exhibits, they consist primarily of straightforward business records from SVB and Merrill Lynch. Coupled with the government's efforts to self-authenticate business records which would shorten its witness list, this case is not the kind of complex case that requires the presence of two case agents throughout trial. Thus the government's request to have two case agents present during trial should be denied.

---

[1] Available at https://www3.ce9.uscourts.gov/jury-instructions/node/1047.

# CONCLUSION

For these reasons, Mr. Rothenberg respectfully requests that the Court grant his motions *in limine* in their entirety.

Dated:   September 22, 2022				Respectfully submitted,

							MOEEL LAH FAKHOURY LLP

							Hanni M. Fakhoury
							Attorneys for Michael Rothenberg