STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

KYLE F. WALDINGER (CABN 298752)
NICHOLAS J. WALSH (CABN 314290)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    Email: Kyle.Waldinger@usdoj.gov
    Email: Nicholas.Walsh@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 20-CR-00266 JST |
| Plaintiff, | **UNITED STATES' PRETRIAL CONFERENCE STATEMENT** |
| v. | |
| MICHAEL BRENT ROTHENBERG, | Trial Date: October 31, 2022, 8:00 a.m. |
| Defendant. | Pretrial Date: October 6, 2022, 9:30 a.m. |
| | Court: Hon. Jon S. Tigar, Courtroom 6 |

Trial in this matter is set for October 31, 2022. The parties are scheduled to appear before the Court on October 6, 2022, at 9:30 a.m. for a pretrial conference. In anticipation of that pretrial conference, the United States respectfully submits this Pretrial Conference Statement addressing the matters set forth in Criminal Local Rule 17.1-1(b).

**I.      MATTERS CONCERNING THE CONDUCT OF THE TRIAL.**

    **A.**    <u>**Proposed Summary of the Indictment**</u>: In order to establish a context for the voir dire questions that will be asked of the prospective jurors, the United States proposes that the Court give the

///

following summary of the Indictment to the jury venire at the outset of jury selection:

    The defendant Michael Brent Rothenberg is charged with crimes in a document called an Indictment.

    Count One of the Indictment alleges that Mr. Rothenberg committed the crime of Bank Fraud. That count of the Indictment alleges that, in or about and between July 2014 and August 2014, Mr. Rothenberg knowingly and with the intent to defraud engaged in a scheme to defraud a financial institution, Silicon Valley Bank. In summary, Count One alleges that Mr. Rothenberg materially misrepresented his assets and liabilities as part of the application process to obtain two loans from Silicon Valley Bank. One of those loans was a "cash out" mortgage refinancing loan of approximately $1,480,000 regarding Mr. Rothenberg's condominium located on Bryant Street in San Francisco. The other loan was a loan of approximately $300,000 to be used by Mr. Rothenberg to help satisfy his capital commitment to a venture capital fund that he managed.

    Count Two of the Indictment alleges that Mr. Rothenberg committed the crime of False Statements to a Financial Institution. That count of the Indictment alleges that, on or about August 21, 2014, Mr. Rothenberg knowingly made false statements to Silicon Valley Bank regarding his assets and liabilities in connection with the above-mentioned application for a mortgage loan, and that he made those false statements for the purpose of influencing the actions of Silicon Valley Bank.

    Mr. Rothenberg has pleaded not guilty to both charges.

    The Indictment is simply the description of the charges made by the government against the defendant; it is not evidence of anything. The defendant has pleaded not guilty to the charges and is presumed innocent unless and until proved guilty beyond a reasonable doubt. A defendant in a criminal case has the absolute right to rely on this presumption. He may

remain silent and is not required to prove his innocence or present any evidence on his behalf.

### B. JENCKS ACT, GRAND JURY, *BRADY*, AND *GIGLIO* DISCLOSURES (Crim. L. R. 17.1-1(b)(1–3)).

#### 1. United States' Discovery

The United States represents it has provided to the defendant copies of all currently available reports of law enforcement authorities regarding the crimes, scheme, and events alleged in Counts One and Two of the Indictment. As it prepares for trial, the government will be generating, collecting, and Bates-numbering additional law enforcement reports of witness interviews. As new final reports, business records, and other documents are obtained, they will be provided to the defense as appropriate.

At present, the United States does not believe that any witnesses called to testify before the grand jury also will be called to testify at trial. If the United States determines that it will call a witness at trial that previously gave sworn testimony before the grand jury, the United States will produce to the defendant the grand jury testimony of that witness. The United States will submit an *ex parte* application to the Court seeking authority to disclose any such testimony.

The United States believes that it has supplied all materials that may be *Brady* material, and it recognizes its obligation to continue to provide any such materials within its possession, custody, or control. The United States also understands its continuing duty to comply with Rule 16 and will do so.

As of this date, the United States is not aware of any exculpatory material or impeachment information concerning the witnesses expected to testify in its case-in-chief that would be subject to disclosure pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Bagley*, 473 U.S. 667 (1985), and/or *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), that is not already in the possession of or available to the defense. The United States continues to review the materials in its possession for exculpatory or impeachment information.

#### 2. Reciprocal Discovery from the Defendant

The United States has requested, but has not received, reciprocal discovery from the defendant pursuant to Federal Rule of Criminal Procedure 16(b). The United States requests that the Court direct the defendant to provide Rule 16(b) reciprocal discovery as appropriate.

The United States has received no witness statements from the defendant pursuant to Federal Rule of Criminal Procedure 26.2. The United States requests that the defendant be directed to comply with Rule 26.2 as appropriate.

C. **STIPULATIONS (Crim. L.R. 17.1-1(b)(4)).**

To date, the parties have not agreed to any stipulations of facts or stipulations of testimony. The United States will endeavor to reach stipulations regarding certain facts and evidentiary matters that are not in dispute in an effort to eliminate the need to call multiple foundation witnesses and multiple records custodians, or to call witnesses to establish facts that will not be disputed by the defendant. For example, the United States intends to seek a stipulation from defense counsel regarding the authenticity of certain business records. In addition, the United States intends to seek a stipulation from defense counsel regarding the status of Silicon Valley Bank, including the following:

(1) Silicon Valley Bank was insured by the Federal Deposit Insurance Corporation ("FDIC") at the time of the alleged offenses and therefore (a) qualified as a "financial institution" under 18 U.S.C. § 1344 because it was an "insured depository institution" under 18 U.S.C. § 20(1) and (b) qualified as an "institution the accounts of which [we]re insured by the [FDIC]" under 18 U.S.C. § 1014;

(2) Silicon Valley Bank was an organization that "finance[d] or refinance[d] debt secured by an interest in real estate" at the time of the alleged offenses and therefore (a) qualified as a "financial institution" under 18 U.S.C. § 1344 because it was a "mortgage lending business" under 18 U.S.C. §§ 20(10) and 27 and (b) qualified as a "mortgage lending business" under 18 U.S.C. § 1014.

Any stipulations reached by the parties will be reduced to writing, signed by the parties, filed with the Court, and published to the jury as Trial Exhibits at the appropriate time during the trial.

D. **NEED FOR INTERPRETERS (Crim. L.R. 17.1-1(b)(5)).**

At present, the United States does not anticipate requiring interpreters for any of its witnesses.

E. **DISMISSAL OF COUNTS AND ELIMINATION OF CERTAIN ISSUES (Crim. L.R. 17.1-1(b)(6).**

The United States does not anticipate dismissing any counts. Other than the parties' possible stipulations to testimony and/or facts, to foundational evidentiary issues, or to the admissibility of

certain records, the United States is not aware of any issues that can be eliminated prior to trial.

### F.  JOINDER/SEVERANCE ISSUES (Crim. L.R. 17.1-1(b)(7)).

The Court previously severed Counts One and Two from the other counts in the Indictment. There are no remaining joinder or severance issues. Trial is proceeding on Counts One and Two only.

### G.  INFORMANTS/IDENTIFICATION EVIDENCE/PRIOR CONVICTIONS (Crim. L.R. 17-1(b)(8)).

The United States will not rely on any informants or cooperating defendants in this matter. The government does not believe that the identity of the defendant is at issue. At present, the United States is not aware that the defendant or any of the government's witnesses have prior convictions.

### H.  WITNESS LISTS (Crim. L.R. 17.1-1(b)(9)).

The government will file its Witness List separately. Previously, on August 25, 2022, the government provided the defendant with a substantially similar draft list of witnesses. The United States reserves its right to amend its Witness List as appropriate as trial preparations progress.

The government has not received a witness list from the defense.

### I.  EXHIBITS AND OTHER DOCUMENTS (Crim. L.R. 17.1-1(b)(10)).

The United States is using exhibits beginning at Exhibit No. 1. The defendant is using exhibits beginning at Exhibit No. 1001.

The United States filed its Exhibit List on September 15, 2022. Some of the exhibits on the Exhibit List may be used only for the purpose of refreshing the witness's recollection, on re-direct examination if the defendant's cross-examination opens the door to any issues, or in the government's rebuttal case (if any). The Bates numbers and other descriptors set forth on the United States' Exhibit List are for defense counsel's reference at this pretrial stage of proceedings; the United States may use "clean" copies of the documents listed on its Exhibit List at trial (*i.e.*, documents without Bates numbers and/or *un*redacted documents). The United States may mark and use additional exhibits at trial, and it reserves its right to amend or supplement its list as appropriate as trial preparations progress.

1    On or about September 15, 2022, the United States provided the defense with digital copies of all
2 of the exhibits on its Exhibit List that were in its possession at that time.
3    The United States will provide the Court with binders (three sets) containing its proposed Trial
4 Exhibits at least five days before trial, pursuant to this Court's standing order. The United States also
5 will provide the defense with a binder containing its proposed Trial Exhibits at that time.
6    The United States may present summary financial exhibits to the jury through Internal Revenue
7 Service – Criminal Investigation Special Agent Anthony Ghio. The United States will provide the
8 defense with copies of any such summary exhibits prior to Agent Ghio's testimony.
9    In its opening statement, the United States may show the jury several of the Trial Exhibits that it
10 expects to introduce in evidence. Government counsel will advise defense counsel of the Trial Exhibits
11 that they anticipate using during the opening statement by October 31, 2022.
12    The defense has requested that the government use redacted copies of documents provided to the
13 victim Silicon Valley Bank by the defendant. Specifically, the defense has requested that information
14 such as the defendant's Social Security number and date of birth be redacted from these documents.
15 However, the United States prefers to use unredacted documents at trial. To the extent that any of the
16 United States' Trial Exhibits contain the defendant's Social Security number or date of birth, the
17 government requests that those documents not be displayed to the courtroom gallery when they are
18 published to the jury. In the alternative, the United States requests that the government be able to show
19 witnesses unredacted "hard" copies of Trial Exhibits and to have those unredacted copies be the actual
20 Trial Exhibits that go to the jury at the end of the case.
21    The defendant also raised other objections upon receipt of the United States' Exhibit List.
22 Having reviewed those objections, the United States believes that they may be resolved between the
23 parties without the Court's intervention.
24
25    **J.    OBJECTIONS TO EXHIBITS OR TESTIMONY (Crim. L.R. 17.1-1(b)(11)).**
26    The United States is not aware of any objections that the defendant has to any of its proposed
27 exhibits or witnesses, other than those set forth in the defendants' briefs regarding his Motions *in*
28 *Limine*. Specifically, in his Motion *in Limine* #2, Dkts. 144 & 149, the defendant seeks to exclude

UNITED STATES' PRETRIAL CONF. STMT.
CR 22-00266 JST                                      6

United States Trial Exhibits 79 to 81 because they relate to the process that Silicon Valley Bank undertook to foreclose on the defendant's condominium. As set forth in its Response to that motion, the government does not anticipate affirmatively introducing evidence of the foreclosure process. Dkt. 149, at 3-4. However, the government reserves its right to present such evidence if the defendant makes that issue relevant in his cross-examination of the government's witnesses, opening statement, requests for jury instructions, or otherwise.

The United States has not been apprised of the defendant's exhibits or witnesses, and, therefore, is not in a position to raise any objections at this time.

### K. LEGAL ISSUES LIKELY TO ARISE AT TRIAL (Crim. L.R. 17.1-1(b)(12)).

Other than the issues set forth in the parties' motions *in limine*, the United States is not aware of any other significant legal issues likely to arise at trial.

The parties filed motions *in limine* on September 8, 2022. Responses and/or oppositions to the motions *in limine* were filed on September 15, 2022, and replies were filed on September 22, 2022. The government anticipates that the Court will hear any argument on those motions at the pretrial conference on October 6, 2022.

### L. SCHEDULING OF THE TRIAL AND OF WITNESSES (Crim. L.R. 17.1-1(b)(13)).

The United States anticipates that jury selection will be completed on October 31, 2022. Because of the uncertainty around the amount of time it takes to pick a jury following the COVID procedures, the United States requests guidance from the Court about whether it should be prepared to give its opening statement that day. Because of logistical issues, the United States requests that the testimony of witnesses begin on November 1, 2022.

The government advises the Court that due to witness scheduling issues (including pre-planned vacations on the part of witnesses), the government may request that some witnesses testify out of order (*e.g.*, during or immediately after the direct examination of another witness or at a time that does not necessarily make sense in the timeline of events).

The parties understand that this Court's trial schedule will be from 8:30 a.m. to 1:30 p.m.,

Monday through Thursday, and that the attorneys for the parties should be present in the courtroom beginning at 8:00 a.m.

The United States believes that a reasonable estimate for presentation of its case-in-chief is six days, not including the day for jury selection. Given the Court's schedule, the United States therefore believes that its case-in-chief will conclude no later than on or around November 9, 2022. The government believes that it may be safe to tell the jury that the trial will last through the week of November 7, 2022, and that it may continue to early in the week of November 13, 2022.

### M.  PROPOSED VOIR DIRE, JURY INSTRUCTIONS, AND VERDICT FORMS (Crim. L.R. 17.1-1(b)(14)).

The parties will file their joint proposed voir dire questions separately. The government respectfully request that the parties be afforded an opportunity to address the jury directly if they believe that the need arises during voir dire.

The parties also will file a list of joint proposed and disputed jury instructions separately. The United States is not proposing any forfeiture jury instructions. Although the Indictment contains a forfeiture allegation, the United States intends only to seek a forfeiture money judgment upon any conviction for Counts One and Two. The Ninth Circuit has held that "Federal Rule of Criminal Procedure 32.2 does not require a jury determination for forfeiture in the form of a personal money judgment." *United States v. Christensen*, 828 F.3d 763 (9th Cir. 2015) (citing *United States v. Phillips*, 704 F.3d 754 (9th Cir. 2012)); *see also* Fed. R. Crim. P. 32.2(b)(1)(A) ("If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay."); Fed. R. Crim. P. 32.2(b)(5)(A) ("[T]he court must determine before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of *specific property* if it returns a guilty verdict.") (emphasis added).

/ / /

/ / /

/ / /

/ / /

/ / /

Finally, the government will file separately its proposed forms of verdict for Counts One and Two.

DATED: September 29, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

_____/s/_____
KYLE F. WALDINGER
NICHOLAS J. WALSH
Assistant United States Attorneys