STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

KYLE F. WALDINGER (CABN 298752)
NICHOLAS J. WALSH (CABN 314290)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    Email: Kyle.Waldinger@usdoj.gov
    Email: Nicholas.Walsh@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 20-00266 JST |
| Plaintiff, | JOINT PROPOSED JURY INSTRUCTIONS AND DISPUTED JURY INSTRUCTIONS |
| v. | |
| MICHAEL BRENT ROTHENBERG, | Trial Date:   October 31, 2022, 8:00 a.m. |
| | Pretrial Date: October 6, 2022, 9:30 a.m. |
| Defendant. | Court:      Hon. Jon S. Tigar, Courtroom 6 |

      The parties hereby submit the following set of jury instructions for the trial in the above-captioned case.

      Modifications or additions to the Ninth Circuit Model Jury Instructions are noted with ~~strikethrough~~ for deletions and <u>underlining</u> for additions.  Bracketed language indicates that the parties are uncertain, at this time, which version of the model language will apply.

      Instructions that may or may not be applicable are marked "if applicable."

/ / /

/ / /

/ / /

JOINT PROPOSED JURY INSTRUCTIONS
CR 20-00266 JST

1    In instances where the parties could not reach agreement on an instruction, the instruction is

2    marked as "Disputed", and each party's argument or objection regarding the disputed instruction is set

3    forth.

4

5    DATED:  September 29, 2022                    Respectfully submitted,

6                                                  STEPHANIE M. HINDS
                                                   United States Attorney
7

8                                                  _____/s/_____
9                                                  KYLE F. WALDINGER
                                                   NICHOLAS J. WALSH
10                                                 Assistant United States Attorneys

11

12                                                 _____/s/_____
                                                   HANNI M. FAKHOURY
13                                                 Attorney for Defendant Michael Rothenberg

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| Stipulated Instruction | Disputed Instruction | Model Instruction No. | DESCRIPTION |
|---|---|---|---|
| **Proposed Preliminary Instructions** | | | |
| 1 | | 1.1 | DUTY OF JURY |
| 2 | | 1.2 | THE CHARGES – PRESUMPTION OF INNOCENCE |
| 3 | | 1.3 | WHAT IS EVIDENCE |
| 4 | | 1.4 | WHAT IS NOT EVIDENCE |
| 5 | | 1.5 | DIRECT AND CIRCUMSTANTIAL EVIDENCE |
| 6 | | 1.6 | RULING ON OBJECTIONS |
| 7 | | 1.7 | CREDIBILITY OF WITNESSES |
| 8 | | 1.8 | CONDUCT OF THE JURY |
| 9 | | 1.9 | NO TRANSCRIPT AVAILABLE TO JURY |
| 10 | | 1.10 | TAKING NOTES |
| 11 | | 1.11 | OUTLINE OF TRIAL |
| 12 | | 1.14 | QUESTIONS TO WITNESSES TO JURORS DURING TRIAL |
| 13 | | 1.16 | BENCH CONFERENCES AND RECESSES |
| **Proposed Instructions During the Course of Trial [As Applicable]** | | | |
| 14 | | 2.1 | CAUTIONARY INSTRUCTION |
| 15 | | 2.2 [if applicable] | STIPULATED TESTIMONY |
| 16 | | 2.3 [if applicable] | STIPULATIONS OF FACT |
| 17 | | 2.4 [if applicable] | JUDICIAL NOTICE |
| 18 | | 2.10 [if applicable] | OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT |
| 19 | | 2.12 [if applicable] | EVIDENCE FOR A LIMITED PURPOSE |
| 20 | | 3.3 [if applicable] | OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT |
| 21 | | 3.16 [if applicable] | CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE |
| 22 | | 3.17 [if applicable] | CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE |
| **Proposed Instructions at the Close of Trial (Jury Deliberations)** | | | |
| 23 | | 6.1 | DUTIES OF THE JURY TO FIND FACTS AND FOLLOW THE LAW |
| 24 | | 6.2 | PRESUMPTION OF INNOCENCE – BURDEN OF PROOF |
| 25 | | 6.3 [if applicable] | DEFENDANT'S DECISION NOT TO TESTIFY |
| 26 | | 6.4 [if applicable] | DEFENDANT'S DECISION TO TESTIFY |
| 27 | | 6.5 | REASONABLE DOUBT – DEFINED |
| 28 | | 6.6 | WHAT IS EVIDENCE |

| | | | |
|---|---|---|---|
| 29 | | 6.7 | WHAT IS NOT EVIDENCE |
| 30 | | 6.8 | DIRECT AND CIRCUMSTANTIAL EVIDENCE |
| 31 | | 6.9 | CREDIBILITY OF WITNESSES |
| 32 | | 6.10 | ACTIVITIES NOT CHARGED |
| 33 | | 6.11 | SEPARATE CONSIDERATION OF MULTIPLE COUNTS – SINGLE DEFENDANT |
| 34 | | 6.18 [modified] | IN OR ABOUT AND ON OR ABOUT – DEFINED |
| | 1 | Disputed | GOVERNMENT PROPOSED INSTRUCTION FOR COUNT ONE: BANK FRAUD (18 U.S.C. § 1344(1) AND (2)) |
| | 2 | Disputed | DEFENSE PROPOSED INSTRUCTION FOR COUNT ONE: BANK FRAUD – SCHEME TO DEFRAUD BY FALSE PROMISES |
| | 3 | Disputed | DEFENSE PROPOSED INSTRUCTION FOR GOOD FAITH |
| | 4 | Disputed | GOVERNMENT PROPOSED INSTRUCTION FOR COUNT TWO: FALSE STATEMENTS TO A FINANCIAL INSTITUTION (18 U.S.C. § 1014) |
| | 5 | Disputed | DEFENSE PROPOSED INSTRUCTION FOR COUNT TWO: FALSE STATEMENT TO A BANK OR OTHER FEDERALLY INSURED INSTITUTION |
| 35 | | 4.2 | AIDING AND ABETTING (18 U.S.C. § 2(B)) |
| 36 | | 6.19 | DUTY TO DELIBERATE |
| 37 | | 6.20 | CONSIDERATION OF THE EVIDENCE – CONDUCT OF THE JURY |
| 38 | | 6.21 | USE OF NOTES |
| 39 | | 6.22 | JURY CONSIDERATION OF PUNISHMENT |
| 40 | | 6.23 | VERDICT FORM |
| 41 | | 6.24 | COMMUNICATION WITH COURT |
| **Proposed Instruction After Discharge** | | | |
| 42 | | 6.31 | POST-DISCHARGE INSTRUCTION |

**PROPOSED PRELIMINARY INSTRUCTIONS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED JURY INSTRUCTION NO. 1

DUTY OF JURY

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial, I will give you more detailed written instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially.  You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.1.

1    STIPULATED JURY INSTRUCTION NO. 2

2    THE CHARGES – PRESUMPTION OF INNOCENCE

3

4    This is a criminal case brought by the United States government.  The government charges the

5    defendant with Bank Fraud and False Statements to a Financial Institution.  The charges against the

6    defendant are contained in the Indictment.  The Indictment simply describes the charges the government

7    brings against the defendant.  The Indictment is not evidence and does not prove anything.

8    The defendant has pleaded not guilty to the charges and is presumed innocent unless and until

9    the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has

10   the right to remain silent and never has to prove his innocence or present any evidence.

11   [To help you follow the evidence, I will now give you a brief summary of the elements of the

12   crimes that the government must prove to make its case: [supply brief statement of elements of

13   crime[s]].]  The government has charged the defendant with two crimes in this trial.

14   The defendant is charged in Count One with Bank Fraud.  To prove that crime, the government

15   must prove:

16   First, that the defendant knowingly executed or attempted to execute a scheme to defraud

17   a financial institution as to something of value, or a scheme or plan to obtain money or property

18   from the financial institution by making false statements or promises,

19   Second, that the defendant knew that the statements or promises were false,

20   Third, that the statements or promises were material; that is, they had a natural tendency

21   to influence, or were capable of influencing, a financial institution to part with money or

22   property,

23   Fourth, that the defendant did so with the intent to defraud, meaning with the intent to

24   deceive and cheat, and

25   Fifth, the financial institution was insured by the Federal Deposit Insurance Corporation

26   ("FDIC"), or was an organization which finances or refinances any debt secured by an interest in

27   real estate, including private mortgage companies and any subsidiaries of such organizations, and

28   whose activities affect interstate or foreign commerce.

1   The defendant is charged in Count Two with Making False Statements to a Financial Institution.
2   To prove that crime, the government must prove:
3          *First*, the defendant made a false statement or report to a federally insured financial
4   institution;
5          *Second*, the defendant made the false statement or report knowing it was false; and
6          *Third*, the defendant did so for the purpose of influencing in any way the action of the
7   financial institution.  It is not necessary, however, to prove that the financial institution was, in
8   fact, influenced or misled, or that the financial institution was exposed to a risk of loss.  What
9   must be proved is that the defendant intended to influence the financial institution by the false
10  statement.

11

12                                   **Authority**

13  NINTH CIRCUIT MODEL JURY INSTRUCTIONS (2022) NOS. 1.2, 15.36, 15.39 (*modified*); 15.41 (*modified*);
14  *United States v. Miller,* 953 F.3d 1095, 1101 (9th Cir. 2020); 18 U.S.C. §§ 20(1), 20(10), and 27.

1                <u>STIPULATED JURY INSTRUCTION NO. 3</u>

2                    WHAT IS EVIDENCE

3

4       The evidence you are to consider in deciding what the facts are consists of:

5       First, the sworn testimony of any witness; ~~[and]~~

6       Second, the exhibits that are received in evidence~~[.]~~[; and]

7       Third, any facts to which the parties agree.~~]~~ <u>have stipulated</u>.

8

9                       **Authority**

10   Ninth Circuit Model Jury Instruction (2022) No. 1.3.

1

2

<u>STIPULATED JURY INSTRUCTION NO. 4</u>

WHAT IS NOT EVIDENCE

3

4     The following things are *not* evidence, and you must not consider them as evidence in deciding

5 the facts of this case:

6          First, statements and arguments of the attorneys;

7          Second, questions and objections of the attorneys;

8          Third, testimony that I instruct you to disregard; and

9          Fourth, anything you may see or hear when the court is not in session even if what you see or

10          hear is done or said by one of the parties or by one of the witnesses.

11

12                              **Authority**

13 NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.4.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## STIPULATED JURY INSTRUCTION NO. 5

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.5.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATED JURY INSTRUCTION NO. 6

RULING ON OBJECTIONS

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.   If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.6.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED JURY INSTRUCTION NO. 7

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.7.

JOINT PROPOSED JURY INSTRUCTIONS
CR 20-00266 JST                    13

STIPULATED JURY INSTRUCTION NO. 8

CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter.  In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting

dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.8.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## STIPULATED JURY INSTRUCTION NO. 9

### NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.   I urge you to pay close attention to the testimony as it is given.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.9.

JOINT PROPOSED JURY INSTRUCTIONS
CR 20-00266 JST                                    16

1

2

3

## STIPULATED JURY INSTRUCTION NO. 10

### TAKING NOTES

4

5

6

7

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.

8

9

10

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

11

12

**Authority**

13

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.10.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>STIPULATED JURY INSTRUCTION NO. 11</u>

OUTLINE OF TRIAL

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.11.

1

STIPULATED JURY INSTRUCTION NO. 12

2

QUESTIONS TO WITNESSES BY JURORS DURING TRIAL

3

4

*Option 1*

5

Only the lawyers and I are allowed to ask questions of witnesses.  A juror is not permitted to ask

6

questions of witnesses.  [*Specific reasons for not allowing jurors to ask questions may be explained.*]  If,

7

however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the

8

situation.

9

*Option 2*

10

~~When attorneys have finished their examination of a witness, you may ask questions of the~~

11

~~witness.  [*Describe procedure to be used*.]  If the rules of evidence do not permit a particular question, I~~

12

~~will advise you.  After your questions, if any, the attorneys may ask additional questions.~~

13

14

**Authority**

15

Ninth Circuit Model Jury Instruction (2022) No. 1.14 (Option 1).

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>STIPULATED JURY INSTRUCTION NO. 13</u>

BENCH CONFERENCES AND RECESSES

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.16.

**PROPOSED INSTRUCTIONS DURING THE COURSE OF TRIAL [AS APPLICABLE]**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED JURY INSTRUCTION NO. 14

CAUTIONARY INSTRUCTION

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the Internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

[ALTERNATIVE 1 (in open court): if you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.]

[ALTERNATIVE 2 (during voir dire with each juror, individually): Have you learned about or shared any information about this case outside of this courtroom? . . . Thank you for your careful adherence to my instructions.]

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 2.1.

JOINT PROPOSED JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>STIPULATED JURY INSTRUCTION NO. 15</u> **[if applicable]**

STIPULATED TESTIMONY

The parties have agreed what [*name of witness*]'s testimony would be if called as a witness.  You should consider that testimony in the same way as if it had been given here in court.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 2.2.

1

<u>STIPULATED JURY INSTRUCTION NO. 16 **[if applicable]**</u>

2

STIPULATIONS OF FACT

3

4

      The parties have agreed to certain facts that have been stated to you.  Those facts are now

5

conclusively established.

6

7

**Authority**

8

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 2.3.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    <u>STIPULATED JURY INSTRUCTION NO. 17</u> [**if applicable**]

2    JUDICIAL NOTICE

3

4    I have decided to accept as proved the fact that [*insert fact noticed*], even though no evidence

5    was presented on this point [,] [because this fact is of such common knowledge].  You may accept this

6    fact as true, but you are not required to do so.

7

8    **Authority**

9    NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 2.4.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

STIPULATED JURY INSTRUCTION NO. 18 **[if applicable]**

2

OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT

3

4        You [[are about to hear] [have heard] testimony] [[are about to see] [have seen] evidence] that

5    the defendant [summarize other act evidence].  This evidence of other acts [was] [will be] admitted only

6    for [a] limited purpose[s].  You may consider this evidence only for the purpose of deciding whether the

7    defendant:

8        [had the state of mind, knowledge, or intent necessary to commit the crimes charged in the

9        Indictment;]

10            or

11       [had a motive or the opportunity to commit the acts charged in the Indictment;]

12            or

13       [was preparing or planning to commit the acts charged in the Indictment;]

14            or

15       [acted with a method of operation as evidenced by a unique pattern [describe pattern];]

16            or

17       [did not commit the acts for which the defendant is on trial by accident or mistake;]

18            or

19       [is the person who committed the crime charged in the Indictment.  You may consider this

20       evidence to help you decide [describe how the evidence will be used to prove identity];]

21            or

22       [describe other purpose for which other act evidence was admitted.]

23       Do not consider this evidence for any other purpose.

24       Of course, it is for you to determine whether you believe this evidence and, if you do believe it,

25   whether you accept it for the purpose offered.  You may give it such weight as you feel it deserves, but

26   only for the limited purpose that I described to you.

27       The defendant is not on trial for committing these other acts.  You may not consider the evidence

28   of these other acts as a substitute for proof that the defendant committed the ~~crime[s]~~ crimes charged.

JOINT PROPOSED JURY INSTRUCTIONS
CR 20-00266 JST                          26

You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes.  Specifically, you may not use this evidence to conclude that because the defendant may have committed the other act[s], [he] [she] must also have committed the act[s] acts charged in the Indictment.

Remember that the defendant is on trial here only for [state charges] Bank Fraud and for Making False Statements to a Financial Institution, not for these other acts.  Do not return a guilty verdict unless the government proves the crime[s] charged in the Indictment beyond a reasonable doubt.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 2.10.

1    <u>STIPULATED JURY INSTRUCTION NO. 19</u> [**if applicable**]

2    EVIDENCE FOR A LIMITED PURPOSE

3        You are about to hear evidence that [describe evidence to be received for limited purpose].   I

4    instruct you that this evidence is admitted only for the limited purpose of [describe purpose] and,

5    therefore, you must consider it only for that limited purpose and not for any other purpose.

6

7    **Authority**

8    NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO.  2.12.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS
CR 20-00266 JST                    28

1

<u>STIPULATED JURY INSTRUCTION NO. 20</u> **[if applicable]**

2

OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT

3

4          You have heard evidence that the defendant committed other [crimes] [wrongs] [acts] not

5   charged here.  You may consider this evidence only for its bearing, if any, on the question of the

6   defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of

7   mistake] [absence of accident] and for no other purpose.  [You may not consider this evidence as

8   evidence of guilt of the crime for which the defendant is now on trial.]

9

10                                        **Authority**

11   NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 3.3.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STIPULATED JURY INSTRUCTION NO. 21 **[if applicable]**

CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 3.16.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>STIPULATED JURY INSTRUCTION NO. 22</u>

CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE

Certain charts and summaries have been admitted into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 3.17.

**PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL (JURY DELIBERATIONS)**

1
2

STIPULATED JURY INSTRUCTION NO. 23

DUTIES OF THE JURY TO FIND FACTS AND FOLLOW THE LAW

3

4   Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on

5 the law that applies to this case.  A copy of these instructions will be available in the jury room for you

6 to consult.

7   It is your duty to weigh and to evaluate all the evidence received in the case and, in that process,

8 to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them,

9 whether you agree with the law or not.  You must decide the case solely on the evidence and the law.

10 You will recall that you took an oath promising to do so at the beginning of the case.  You should also

11 not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation,

12 gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by

13 personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious

14 biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject

15 but may be expressed without conscious awareness, control, or intention.

16   You must follow all these instructions and not single out some and ignore others; they are all

17 important.  Please do not read into these instructions or into anything I may have said or done any

18 suggestion as to what verdict you should return—that is a matter entirely up to you.

19

20                                          **Authority**

21 NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.1.

22
23
24
25
26
27
28

JOINT PROPOSED JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>STIPULATED JURY INSTRUCTION NO. 24</u>

PRESUMPTION OF INNOCENCE – BURDEN OF PROOF

The ~~indictment~~ <u>Indictment</u> is not evidence.  The defendant has pleaded not guilty to the ~~charge[s].~~ <u>charges</u>. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.   In addition, the defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence; the government has the burden of proving every element of the ~~charge[s]~~ <u>charges</u> beyond a reasonable doubt.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.2.

.

1    <u>STIPULATED JURY INSTRUCTION NO. 25 [**if applicable**]</u>

2    DEFENDANT'S DECISION NOT TO TESTIFY

3

4    A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict,

5    the law prohibits you from considering in any manner that the defendant did not testify.

6

7    **Authority**

8    Ninth Circuit Model Jury Instruction (2022) No. 6.3.

JOINT PROPOSED JURY INSTRUCTIONS
CR 20-00266 JST                    35

1

## STIPULATED JURY INSTRUCTION NO. 26 [**if applicable**]

2

DEFENDANT'S DECISION TO TESTIFY

3

4       The defendant has testified.  You should treat this testimony just as you would the testimony of

5   any other witness.

6

7                                          **Authority**

8   NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.4.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## STIPULATED JURY INSTRUCTION NO. 27

2

REASONABLE DOUBT – DEFINED

3

4       Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is

5   guilty.  It is not required that the government prove guilt beyond all possible doubt.

6       A reasonable doubt is a doubt based upon reason and common sense and is not based purely on

7   speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack

8   of evidence.

9       If after a careful and impartial consideration of all the evidence, you are not convinced beyond a

10  reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the

11  other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a

12  reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

13

14                              **Authority**

15  NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.5.

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS
CR 20-00266 JST                          37

STIPULATED JURY INSTRUCTION NO. 28

WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness; [and]

Second, the exhibits received in evidence[.] [; and]

[Third, any facts to which the parties have ~~agreed.~~]stipulated.

**Authority**

Nɪɴᴛʜ Cɪʀᴄᴜɪᴛ Mᴏᴅᴇʟ Jᴜʀʏ Iɴsᴛʀᴜᴄᴛɪᴏɴ (2022) Nᴏ. 6.6.

STIPULATED JURY INSTRUCTION NO. 29

WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony received, the parties' agreed-upon stipulations, and exhibits ~~received in~~ placed in evidence.  The following things are not evidence, and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments, and [have said] at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3.  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.7.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>STIPULATED JURY INSTRUCTION NO. 30</u>

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw, heard, or did.  Circumstantial evidence is indirect evidence; that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) No. 6.8.

STIPULATED JURY INSTRUCTION NO. 31

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and,

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

/ / /

/ / /

/ / /

/ / /

/ / /

JOINT PROPOSED JURY INSTRUCTIONS
CR 20-00266 JST                                          41

1    The weight of the evidence as to a fact does not necessarily depend on the number of witnesses

2    who testify.  What is important is how believable the witnesses were, and how much weight you think

3    their testimony deserves.

4

5                                          **Authority**

6    NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.9.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    <u>STIPULATED JURY INSTRUCTION NO. 32</u>

2    ACTIVITIES NOT CHARGED

3

4         You are here only to determine whether the defendant is guilty or not guilty of the ~~charge[s]~~

5    <u>charges</u> in the ~~indictment~~ <u>Indictment</u>.  The defendant is not on trial for any conduct or offense not

6    charged in the ~~indictment~~ <u>Indictment</u>.

7

8                                **Authority**

9    NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.10.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | <u>STIPULATED JURY INSTRUCTION NO. 33</u>

2 | SEPARATE CONSIDERATION OF MULTIPLE COUNTS – SINGLE DEFENDANT

3

4 |   A separate crime is charged against the defendant in each count.  You must decide each count

5 | separately.  Your verdict on one count should not control your verdict on any other count.

6

7 | **Authority**

8 | Ninth Circuit Model Jury Instruction (2022) No. 6.11.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>STIPULATED JURY INSTRUCTION NO. 34</u>

2

IN OR ABOUT AND ON OR ABOUT – DEFINED

3

4

The ~~indictment~~ <u>Indictment</u> charges that the ~~offense~~ <u>offenses</u> alleged ~~[in Count _____] was~~ <u>in</u>

5

<u>Counts One and Two were</u> committed <u>"in or about" or</u> "on or about" a certain date.  Although it is

6

necessary for the government to prove beyond a reasonable doubt that the offense was committed on a

7

date reasonably near the date alleged in ~~[Count _____~~ <u>Counts One and Two of]</u> the ~~indictment~~

8

<u>Indictment</u>, it is not necessary for the government to prove that the offense was committed precisely on

9

the date charged.

10

11

**Authority**

12

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.18 (*modified*).

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DISPUTED JURY INSTRUCTION NO. 1

**Government Proposed Instruction**

COUNT ONE: BANK FRAUD (18 U.S.C. § 1344(1) AND (2))

The defendant is charged in Count One of the Indictment with Bank Fraud in violation of Section 1344(1) and (2) of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following beyond a reasonable doubt:

First, the defendant knowingly executed, or attempted to execute, a scheme to defraud <u>Silicon Valley Bank</u>, a financial institution, as to something of value, or a scheme or plan to obtain money or property from <u>Silicon Valley Bank</u> by making false statements or promises;

Second, the defendant knew that the statements or promises were false;

Third, the statements or promises were material; that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property;

Fourth, the defendant acted with the intent to defraud <u>Silicon Valley Bank</u> ~~the financial institution~~<u>, that is, with the intent to deceive and cheat.</u>

Fifth, Silicon Valley Bank was insured by the Federal Deposit Insurance Corporation ("FDIC"), <u>or, was an organization which finances or refinances any debt secured by an interest in real estate, including private mortgage companies and any subsidiaries of such organizations, and whose activities affect interstate or foreign commerce.</u>

<u>An act is done "knowingly" if the defendant is aware of the act and does not act (or fail to act) through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.</u>

A "scheme to defraud" means any deliberate plan of action or course of conduct by which someone intends to deceive or cheat a financial institution and deprive it of something of value.  It is not necessary for the government to prove that a financial institution was the only or sole victim of the scheme to defraud.  It is also not necessary for the government to prove that the defendant was actually successful in defrauding any financial institution.  Finally, it is not necessary for the government to

prove that any financial institution lost any money or property as a result of the scheme to defraud.

~~An "intent to defraud" means to act willfully, and with the specific intent to deceive and cheat for the purpose of either causing some financial loss to another, or bringing about some financial gain to oneself.~~

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NOS. 4.8, 4.13, 15.36, 15.39 (*modified*); *United States v. Miller,* 953 F.3d 1095, 1101 (9th Cir. 2020); 18 U.S.C. §§ 20(1), 20(10), and 27.

**Government Argument**

*Incorporation of Definition of "Knowingly" Following Recitation of the Offense Elements*

As with the defense proposed instruction, the government proposed instruction for bank fraud includes the definition of "knowingly" from Model Instruction 4.8, rather than proposing that the Court issue a standalone instruction.

*Incorporation of "Intent to Defraud" in the Fourth Element*

The government proposed instruction also further defines "intent to defraud" in the **fourth element** by including the definition of "intent to defraud" found in recent Ninth Circuit cases, *i.e.*, the intent to deceive **and** cheat. *See United States v. Miller*, 953 F.3d 1095, 1102-03 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1085 (2021) ("wire fraud requires the intent to deceive *and* cheat") (emphasis in original). *Miller* was a wire fraud case, but the decision was based on the reasoning of a bank fraud case, *Shaw v. United States*, 580 U.S. 63, 137 S. Ct. 462 (2016). *Miller* held:

> In *Shaw*, the Supreme Court considered a jury instruction defining "scheme to defraud" for the purpose of the bank fraud statute as "any deliberate plan of action or course of conduct by which someone intends to deceive, cheat, or deprive a financial institution of something of value." [*Shaw*, 137 S. Ct.] at 469. The Court cast serious doubt on the accuracy of this instruction on the ground that "the scheme must be one to deceive the bank and deprive it of something of value." *Id.* We think that this language and reasoning clearly control here. Although the wording of *Shaw*'s instruction was not identical to *Miller*'s, both arguably allowed a jury to convict "if it found no more than that [the defendant's] scheme was one to deceive the [victim] but not to '*deprive*' the [victim] of anything of

JOINT PROPOSED JURY INSTRUCTIONS
CR 20-00266 JST                              47

1
2

value." *Id.* In light of *Shaw*, we therefore overrule our prior cases on this question and hold that wire fraud requires the intent to deceive *and* cheat — in other words, to deprive the victim of money or property by means of deception.

3

4   *Miller*, 953 F.3d at 1102-03 (emphasis in original).  As the defendant notes in his argument in

5   support of his proposed instruction, the Ninth Circuit has changed the "deceive and cheat"

6   language in other Model Instructions, it has not yet done so with respect to the bank fraud

7   instructions.  The parties appear to agree that the correction formulation should be "deceive *and*

8   cheat."

9

10   ***Incorporation of Two Ways that SVB May Be a "Financial Institution" in the Fifth Element***

11          The government proposed instruction in the **fifth element** includes two ways in which

12   the jury may find that Silicon Valley Bank qualifies as a "financial institution" under Section

13   1344.  As set forth in 18 U.S.C. §§ 20(1), 20(10), and 27, a "financial institution" for Title 18

14   offenses is defined to include both "an insured depository institution" *and* "a mortgage lending

15   business (as defined in section 27 of this title)."  Because the government intends to prove at trial

16   that Silicon Valley Bank was both insured by the FDIC at the time of the offenses and was "an

17   organization which finances or refinances any debt secured by an interest in real estate, including

18   private mortgage companies and any subsidiaries of such organizations, and whose activities

19   affect interstate or foreign commerce," the government has modified the fifth element to allow

20   the jury to make these findings.

21

22   ***Combination of Model Instructions 15.36 and 15.39 to Reflect Each Prong of Section 1344***

23          On a broader scale, the government proposed instruction represents a melding of Model

24   Instructions 15.36 and 15.39.  Because Count One of the Indictment alleges both prongs/subsections of

25   Section 1344, and because there are separate Ninth Circuit Model Jury Instructions for each of those

26   prongs/subsections (Instruction 15.36 as to Section 1344(1) and Instruction 15.39 as to Section 1344(2)),

27   the government has endeavored to fashion an instruction that addresses both prongs of the bank fraud

28   statute.  The instruction proffered by the government is substantially similar to the instruction given in a

1  recent bank fraud trial in this District that was brought pursuant to both Section 1344(1) and (2).  *See*

2  *United States v. Makras*, 21-CR-00402 RS, Dkt. 154 at 18 (instruction 17).

3        Despite the defendant's argument below, the Indictment in this case clearly alleges both prongs

4  of the bank fraud statute, *i.e.*, Section 1344(1) and (2).  *As an initial matter*, Section 1344 is alleged in its

5  entirety, without a citation to any specific subsection.  *Second*, the language in which Count One is

6  pleaded clearly address both prongs and subsections because it alleges that the defendant "devised and

7  executed a scheme and artifice to defraud SVB as to a material matter [which is Section 1344(1)] and to

8  obtain moneys, funds, credits, assets, and other property owned by, and under the custody or control of,

9  SVB by means of material false and fraudulent pretenses, representations, and promises, and by

10 concealment of material facts [which is Section 1344(2)]."  *See* Dkt. 15, ¶ 27.

11       Furthermore, in its opposition to the defendant's Motion to Dismiss that sought to strike the

12 "omissions" theory in the Indictment, *see* Dkt. 85, the government set out what it considered the

13 essential elements of the bank fraud charge in Count One that indicated that both prongs/subsections

14 were at issue.  Specifically, when expressing the first essential element of bank fraud, the government

15 described that element as "(1) the defendant knowingly executed or attempted to execute a scheme to

16 defraud (a) a financial institution as to a material matter *or* (b) to obtain any of the moneys or other

17 property owned by, or under the custody or control of, a financial institution by means of material false

18 or fraudulent pretenses, representations, or promises that the defendant knew were false."  Dkt. 94, at 6-

19 7 (citing both Section 1344(1) and Section 1344(2) cases and citing instructions related to both

20 subsections).  The government's explanation made clear at that time that it considered the Section 1344

21 charge in the Indictment to encompass both prongs of the statute.  Moreover, in the same pleading, the

22 government noted that, with respect to Count One and other counts, in addition to proving fraud by

23 "affirmative statements, half-truths, and concealment of facts, it "also intend[ed] to present evidence that

24 Rothenberg deceived the victims by devising schemes reasonably calculated to deceive those victims,"

25 Dkt. 94, at 4:5-14, which is the gravamen of the first prong of Section 1344.

26

27 ***Deletion of Final Paragraph of Model  Instruction 15.36***

28       The government proposed instruction for bank fraud does not include the final paragraph from

Model Instruction 15.36 regarding "intent to defraud."  As an initial matter, as discussed further above, recent Supreme Court (*Shaw*) and Ninth Circuit (*Miller*) case law supports the conclusion that an instruction that simply states that "intent to defraud" means an "intent to deceive and cheat" accurately captures the meaning of the term "intent to defraud."  Furthermore, there are at least two other problems with the deleted paragraph.  First, it includes the term "willfully."  It is undisputed that "willfulness" is not an element of the bank fraud statute, and that the government is not required to show that the defendant acted "willfully."  Second, the paragraph that the government suggests deleting uses the term "specific intent."  The Rules Committee of the Ninth Circuit recommends in Model Instruction 4.5,

> avoiding instructions that distinguish between "specific intent" and "general intent."  The Ninth Circuit has stated: "Both the manual [on jury trial procedures] accompanying the Model Instructions and our case law discourage the use of generic intent instructions." *United States v. Bell*, 303 F.3d 1187, 1191 (9th Cir. 2002).  The "preferred practice" is to give an intent instruction that reflects the intent requirements of the offense charged.  *Id.*"

Here, the government proposes to define "intent to defraud" as suggested in *Miller*.  Because the proposed definition of "intent to defraud" "reflects the intent requirements of the offense charged," the Court should not include the language in the paragraph that the government suggests deleting.

Based on the government's research, it appears that language in the deleted paragraph comes from *United States v. Cloud*, 872 F.2d 846, 852 n.6 (9th Cir. 1989) ("To act with the 'intent to defraud' means to act willfully, and with the specific intent to deceive or cheat for the purpose of either causing some financial loss to another, or bringing about some financial gain to oneself.").  But the Ninth Circuit has clarified that this use of the term "willfully" was "colloquial" and preceded the Supreme Court's construction of the term "willfully" to mean "intent to violate the law" in *Bryan v. United States*, 524 U.S. 184, 191-92 (1998).  *See, e.g.*, *United States v. Larsen*, 810 F. Appx. 508, 509-10 & n.1 (9th Cir. 2020) (collecting cases).

### No Inclusion of Language Regarding "Omissions" Theory of Fraud

The government proposed instruction does not include any language regarding an "omissions" theory.  As the government previously argued, it is not proceeding on an "omissions" theory with respect to Count One.  To the extent that the government intends to show that Rothenberg "concealed"

material facts from Silicon Valley Bank, it "intends to show that Rothenberg accomplished that concealment by taking affirmative acts of concealment or making affirmative statements that served to conceal material facts and to mislead the victims (such as statements involving half-truths)" and by "present[ing] evidence that Rothenberg deceived the victim[] by devising [a] scheme[] reasonably calculated to deceive." Dkt. 94, at 4:5-17.

## Defense Objection

The defendant has incorporated his objection to the government proposed instruction with his argument in support of the defendant's proposed instruction.

1    <u>DISPUTED JURY INSTRUCTION NO. 2</u>

2    **Defense Proposed Instruction**

3    BANK FRAUD – SCHEME TO DEFRAUD BY FALSE PROMISES

4

5    The defendant is charged in Count One of the indictment with bank fraud in violation of Section

6    1344(2) of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the

7    government must prove each of the following elements beyond a reasonable doubt:

8    First, the defendant knowingly carried out a scheme or plan to obtain money or property from ~~the~~

9    <u>Silicon Valley Bank</u> by making false statements or promises;

10   Second, the defendant knew that the statements or promises were false;

11   Third, the statements or promises were material; that is, they had a natural tendency to influence,

12   or were capable of influencing, a financial institution to part with money or property;

13   Fourth, the defendant acted with the intent to defraud; and

14   Fifth, <u>Silicon Valley Bank</u> was federally <u>insured</u>.

15   <u>An act is done knowingly if the defendant is aware of the act and does not act (or fail to act)</u>

16   <u>through ignorance, mistake, or accident. The government is not required to prove that the defendant</u>

17   <u>knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words,</u>

18   <u>acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.</u>

19   <u>An "intent to defraud" means to act willfully, and with the specific intent to deceive ~~or~~ and cheat</u>

20   <u>for the purpose of either causing some financial loss to another, or bringing about some financial gain to</u>

21   <u>oneself.</u>

22   <u>In order to find Mr. Rothenberg guilty of bank fraud based on the omission of a material fact,</u>

23   <u>you must find that he had a duty to disclose the omitted fact arising out of a relationship of trust. That</u>

24   <u>duty can arise either out of the aforementioned formal fiduciary relationship, or an informal, trusting</u>

25   <u>relationship in which one party acts for the benefit of another and induces the trusting party to relax the</u>

26   <u>care and vigilance which it would ordinarily exercise.</u>

27   <u>A "fiduciary" duty exists whenever one entity places special trust and confidence in another</u>

28   <u>person—the fiduciary—in reliance that the fiduciary will exercise his discretion and expertise with the</u>

JOINT PROPOSED JURY INSTRUCTIONS
CR 20-00266 JST                    52

utmost honesty and forthrightness in the interests of the entity, such that the entity relaxes the care and vigilance that it would ordinarily exercise, and the fiduciary knowingly accepts that special trust and confidence and thereafter undertakes to act on behalf of the other person based on such reliance.

The mere fact that a business relationship arises between two persons does not mean that either owes a fiduciary duty to the other. If one person engages or employs another and thereafter directs, supervises, or approves the other's actions, the person so employed is not necessarily a fiduciary. Rather, as previously stated, it is only when one party places, and the other accepts, a special trust and confidence—usually involving the exercise of professional expertise and discretion—that a fiduciary relationship exists.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTIONS (2022) NOS. 4.8, 15.34, 15.36, 15.39, *United States v. Miller*, 953 F.3d 1095, 1101 (9th Cir. 2020).

**Defense Argument**

The government's proposed bank fraud jury instruction combines the two different Ninth Circuit Model Jury Instructions for bank fraud, specifically Instruction 15.36, which defines bank fraud under 18 U.S.C. § 1344(1), and Instruction 15.39, which defines bank fraud under 18 U.S.C. § 1344(2). While the indictment does not indicate which subsection of 18 U.S.C. § 1344 the government is relying on in this prosecution, it is clear the indictment alleges a bank fraud under 18 U.S.C. § 1344(2). The indictment alleges:

> Beginning in or about July 2014, and continuing to at least in or about August 2014, in the Northern District of California, and elsewhere, the defendant, MICHAEL BRENT ROTHENBERG, a/k/a MIKE ROTHENBERG, knowingly, and with intent to defraud, devised and executed a scheme and artifice to defraud SVB as to a material matter and to obtain moneys, funds, credits, assets, and other property owned by, and under the custody or control of, SVB by means of material false and fraudulent pretenses, representations, and promises, and by concealment of material facts. In sum and substance, ROTHENBERG devised and executed a scheme and artifice to provide SVB with materially false and fraudulent information as part of the application process to obtain two loans from SVB.

JOINT PROPOSED JURY INSTRUCTIONS
CR 20-00266 JST                              53

1   Dkt. 15, Superseding Indictment at ¶ 27. This language closely tracks 18 U.S.C. § 1344(2), which

2   criminalizes anyone who "knowingly executes, or attempts to execute, a scheme or artifice— to obtain

3   any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or

4   control of, a financial institution, by means of false or fraudulent pretenses, representations, or

5   promises." 18 U.S.C. § 1344(2).

6       Because the indictment alleges a bank fraud under § 1344(2), Mr. Rothenberg proposes using

7   Ninth Circuit Model Instruction 15.39 which specifically covers bank frauds under § 1344(2). However,

8   Mr. Rothenberg's proposal contains three additions to Model Instruction 15.39.

9       First, because Model Instruction 15.39 does not define the term "intent to defraud," that term's

10  definition contained in Model Instruction 15.36 has been included in the proposed instruction.

11  Moreover, the term "intent to defraud" has been modified to make clear the government must prove the

12  intent to "deceive *and* cheat," not "deceive *or* cheat" as required by *United States v. Miller*, 953 F.3d

13  1095, 1101 (9th Cir. 2020). Although the Ninth Circuit has changed the "deceive and cheat" language in

14  other model fraud jury instructions, including the mail fraud (15.32) and wire fraud (15.35) instructions,

15  it has not changed the bank fraud instruction although phrases like "intent to defraud" and "scheme to

16  defraud" have the same meaning throughout all the federal fraud statutes. *See Neder v. United States*,

17  527 U.S. 1, 20 (1999) (interpreting "scheme to defraud" for mail (§ 1341), wire (§ 1343), and bank (§

18  1344) fraud statutes).

19      Second, the definition of the term "knowingly" contained in Model Instruction 4.8 has been

20  included in this instruction rather than as a standalone instruction.

21      Third, as detailed in Mr. Rothenberg's previous motion to dismiss, Count 1 alleges an omissions

22  theory of criminal fraud liability, which thus requires Mr. Rothenberg owe a duty to Silicon Valley

23  Bank. *See* Dkt. 85 at 3-4; *see also United States v. Shields*, 844 F.3d 819, 822 (9th Cir. 2016). While this

24  Court has rejected the argument, Mr. Rothenberg is nonetheless making the request to preserve the issue

25  for further appellate review. *See* Dkt. 114 at 4.

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS
CR 20-00266 JST                54

1

**Government Objection**

2    The government has incorporated its objection to the defense proposed instruction with its

3 argument in support of the government proposed instruction.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>DISPUTED INSTRUCTION NO. 3</u>

**Defense Proposed Instruction**

GOOD FAITH

To convict Mr. Rothenberg of bank fraud, the government must prove beyond a reasonable doubt that Mr. Rothenberg acted with the intent to defraud, that is, the intent to deceive and cheat. An honest, good faith belief in the truth of the specific misrepresentations alleged in the Indictment is inconsistent with a finding that Mr. Rothenberg acted with the intent to defraud.

Thus, you may determine whether Mr. Rothenberg had an honest, good faith belief in the truth of the specific misrepresentations alleged in the indictment in determining whether or not he acted with the intent to defraud. If the evidence in the case leaves you with a reasonable doubt about whether Mr. Rothenberg acted with the intent to defraud, or instead whether he possessed a good-faith belief that the alleged false statements were in fact accurate, you must find him not guilty of bank fraud.

**Defense Argument**

The Ninth Circuit approved a similar instruction in *United States v. Molinaro*, 11 F.3d 853 (9th Cir. 1993); *see also* Ninth Circuit Model Instruction 15.39 – Bank Fraud (citing *Molinaro*). The issue there was whether the defendant acted in good faith, and therefore did not act with an intent to defraud. The instruction read as follows: "You may determine whether a defendant had an honest, good faith belief in the truth of the specific misrepresentations alleged in the indictment in determining whether or not the defendant acted with intent to defraud." *Id.* at 863; *see also United States v. Gering*, 716 F.2d 615, 622 (9th Cir. 1983).

Here, as in *Molinaro*, a central issue will be whether Mr. Rothenberg acted in good faith when he made the alleged statements to Silicon Valley Bank. Courts have issued similar instructions in comparable circumstances. *See, e.g.*, *United States v. Reyes*, No. CR 06-0556-1 CRB (ECF No. 1158), 2010 WL 1623968 (N.D. Cal. Mar. 23, 2010). In *Reyes*, for instance, the Court gave the following instruction: "It is the government's burden to prove beyond a reasonable doubt that Mr. Reyes acted with an intent to commit the offenses charged. Good faith on the part of Mr. Reyes is inconsistent with a

1   finding that Mr. Reyes knowingly or willfully committed any of the alleged offenses. Thus, if the

2   evidence in the case leaves you with a reasonable doubt about whether Mr. Reyes acted with intent to

3   commit the crime alleged in a particular count, or instead whether he possessed a good-faith belief that

4   the alleged false or misleading statements were in fact accurate, you must find Mr. Reyes not guilty on

5   that count." This Court should issue a similar instruction.

6

7                                      **Government Objection**

8          A defendant is not entitled to a good faith instruction, nor should one be given, when the jury

9   was properly instructed on the intent element.  *United States v. Shipsey*, 363 F.3d 962, 967 (9th Cir.

10  2004) ("Our case law is well settled that a criminal defendant has 'no right' to *any* good faith instruction

11  when the jury has been adequately instructed with regard to the intent required to be found guilty of the

12  crime charged, notwithstanding the normal rules governing "theory of defense" requests."); *see also*

13  *United States v. Belcher*, 857 Fed. Appx. 390, 392 (9th Cir. 2021) ("[t] here was no abuse of discretion

14  in the district court's refusal to give the defendants' requested instructions on good faith, because the

15  jury instructions adequately laid out the crimes' intent requirements)."  Defendant cites to *United States*

16  *v. Molinaro*, 11 F.3d 853 (9th Cir. 1993), but the Ninth Circuit in that case approved a limited, specific

17  instruction tailored to the facts of that case, related to whether the defendant believed that the victim

18  would suffer no loss.  That instruction is inapposite here.  *See id.* at 856 ("The court's instruction

19  accurately stated the law.  'While an honest, good-faith belief in the truth of the misrepresentations may

20  negate intent to defraud, a good-faith belief that the victim will be repaid and will sustain no loss is no

21  defense at all.'").

22         Furthermore, no good faith instruction is warranted at this juncture because the evidence that the

23  government has seen does not provide a basis for Rothenberg's good faith instruction.  "A defendant is

24  entitled to jury instructions presenting his theory of defense as long as the instructions are supported by

25  the law *and have a basis in the evidence presented to the jury*."  *United States v. Fuentes*, 967 F.2d 593

26  (9th Cir. 1992) (emphasis added).

27         Accordingly, the government submits that Rothenberg's request for language about good faith be

28  denied, as it is at best premature at this juncture.

1    DISPUTED JURY INSTRUCTION NO. 4

2    **Government Proposed Instruction**

3    COUNT TWO: FALSE STATEMENTS TO A FINANCIAL INSTITUTION (18 U.S.C. § 1014)

4

5    The defendant is charged in [Count _____ of] Count Two of the Indictment with making a

6    false statement to a federally insured financial institution, Silicon Valley Bank, for the purpose of

7    influencing Silicon Valley Bank in violation of Section 1014 of Title 18 of the United States Code.  For

8    the defendant to be found guilty of that charge, the government must prove each of the following

9    elements beyond a reasonable doubt:

10    First, the defendant made a false statement or report to a federally insured financial institution

11    insured by the Federal Deposit Insurance Corporation ("FDIC"), specifically, Silicon Valley Bank;

12    Second, the defendant made the false statement or report to Silicon Valley Bank knowing it was

13    false; and

14    Third, the defendant did so for the purpose of influencing in any way the action of Silicon Valley

15    Bank.

16    It is not necessary, however, to prove that Silicon Valley Bank was, in fact, influenced or misled,

17    or that Silicon Valley Bank was exposed to a risk of loss.  What must be proved is that the defendant

18    intended to influence Silicon Valley Bank by the false statement.

19    An act is done "knowingly" if the defendant is aware of the act and does not act (or fail to act)

20    through ignorance, mistake, or accident.  The government is not required to prove that the defendant

21    knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words,

22    acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

23

24    **Authority**

25    NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NOS. 4.8, 15.41 (*modified*).

26

27

28

1  **Government Argument**

2  *Incorporation of Definition of "Knowingly" Following Recitation of the Offense Elements*

3       As with the defense proposed instruction, the government proposed instruction for the false

4  statements charge includes the definition of "knowingly" from Model Instruction 4.8, rather than

5  proposing that the Court issue a standalone instruction.

6

7  *No Inclusion of Language Regarding Specific Unanimity*

8       The only significant difference between the government proposed instruction and the defense

9  proposed instruction is that the defense proposed instruction adds a specific unanimity requirement in

10 the **first element**.  The government disagrees with this addition.

11      As noted in Model Instruction 6.27, "[i]n the typical case, a . . . general unanimity instruction to

12 the jury adequately protects a defendant's right to a unanimous jury verdict."  *United States v. Gonzalez*,

13 786 F.3d 714, 717 (9th Cir. 2015) (citing *United States v. Liu*, 631 F.3d 993, 1000 (9th Cir. 2011)).

14 Only alternative *elements* require specific unanimity.  If there are simply alternative *means* to commit

15 the offense, no specific unanimity is required.  *See* Model Instr. 6.27 (citing *United States v. Mickey*, 897

16 F.3d 1173, 1181-82 (9th Cir. 2018).

17      The government disagrees with the defense assertion that the Indictment's allegations are

18 restricted to a single false statement in a Uniform Residential Loan Application ("URLA").  It is true

19 that the Indictment includes as an example of a false statement and representation Rothenberg's

20 submission of an updated URLA that represented that he had only $73,000 in non-real-estate-related

21 liabilities.  But the actual allegation of the Indictment is broader and alleges that "ROTHENBERG

22 knowingly made what he knew were false statements and representations to SVB regarding his assets

23 and liabilities."  Dkt. 15, at 8:2-3.  These allegations are broad enough to allow the government to

24 introduce other evidence of false statements and representations regarding Rothenberg's assets and

25 liabilities.  The "including" does not limit the government's proof to the updated URLA.

26      The government recognizes that Model Instruction 6.27 provides that "a specific unanimity

27 instruction is required 'if it appears that there is a genuine possibility of jury confusion or that a

28 conviction may occur as the result of different jurors concluding that the defendant committed different

1    acts.'"  Model Instr. 6.27 (quoting *Gonzalez*, 786 F.3d at 717).  Here, however, the government expects

2    the evidence to show that Rothenberg made "false statements and representations to SVB regarding his

3    assets and liabilities."  Dkt. 15, at 8:2-3.  The government does not believe that the jury will be confused

4    by the evidence that is presented in this regard.

5        Finally, the government notes that other cases in the Ninth Circuit have rejected the argument

6    that specific unanimity is required with respect to false statements.  *See United States v. Lyons*, 472 F.3d

7    1055, 1068-69 (9th Cir. 2007), *overruling on other grounds recognized by Tamosaitis v. URS Inc.*, 781

8    F.3d 468, 489 n.11 (9th Cir. 2015) ("[A specific unanimity instruction is not] required as to a particular

9    false promise in a mail fraud case or as to a particular theory of liability underlying a 'scheme to

10    defraud' so long as jurors are unanimous that the defendant committed the underlying substantive

11    offense."); *United States v. McCormick*, 72 F.3d 1404, 1409 (9th Cir. 2007) ("there is no general

12    requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict")

13    (citing *Schad v. Arizona*, 501 U.S. 624, 631 (1991)); *United States v. Nash*, 115 F.3d 1431 (9th Cir.

14    1997) ("Nash argues that the district court should have given a specific unanimity instruction on the

15    false statement counts, but he did not request one at trial.  Furthermore, there was no special complexity

16    or ambiguity in the indictment and trial evidence that would have warranted such an instruction.")

17    (Section 1014 case).

18        For the reasons set forth above, the government opposes the defendant's proposed false

19    statements instruction.  In the alternative, the Court should defer the issue of specific unanimity until the

20    close of evidence.

21

22                 **Defense Objection**

23        The defendant has incorporated his objection to the government proposed instruction with his

24    argument in support of the defendant's proposed instruction.

25

26

27

28

1

<u>DISPUTED INSTRUCTION NO. 5</u>

2

**Defense Proposed Instruction**

3

FALSE STATEMENT TO A BANK OR OTHER FEDERALLY INSURED INSTITUTION

4

5      The defendant is charged in Count <u>Two</u> of the indictment with making a false statement to a

6   federally insured <u>bank</u> for the purpose of influencing ~~the~~ Silicon Valley Bank in violation of Section

7   1014 of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the

8   government must prove each of the following elements beyond a reasonable doubt:

9          First, the defendant made a false statement or report ~~[willfully overvalued any land, property or~~

10   ~~security]~~ to a federally insured <u>bank, specifically Silicon Valley Bank</u>, <u>with all of you agreeing as to the</u>

11   <u>specific false statement or report</u>;

12          Second, the defendant made the false statement or report to ~~the~~ <u>Silicon Valley Bank</u> knowing it

13   was false; and

14          Third, the defendant did so for the purpose of influencing in any way the action of the <u>Silicon</u>

15   <u>Valley Bank</u>.

16          It is not necessary, however, to prove that ~~the~~ <u>Silicon Valley Bank</u> involved was, in fact,

17   influenced or misled, or that <u>Silicon Valley Bank</u> was exposed to a risk of loss.  What must be proved is

18   that the defendant intended to influence the <u>Silicon Valley Bank</u> by the false statement.

19          <u>An act is done knowingly if the defendant is aware of the act and does not act (or fail to act)</u>

20   <u>through ignorance, mistake, or accident. The government is not required to prove that the defendant</u>

21   <u>knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words,</u>

22   <u>acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.</u>

23

24                              **Authority**

25   Ninth Circuit Model Jury Instructions (2022) Nos. 4.8, 15.41

26

27                          **Defense Argument**

28          Mr. Rothenberg's proposed instruction differs from Model Instruction 15.41 in two ways. First,

JOINT PROPOSED JURY INSTRUCTIONS

1  it includes the definition of "knowingly" in Model Instruction 4.8 within the instruction instead of as a

2  standalone instruction.

3         Second, it requires specific jury unanimity as to the particular false statement. A defendant has a

4  constitutional right to a unanimous jury verdict. *United States v. Gonzalez*, 786 F.3d 714, 716 (9th Cir.

5  2015). A "specific unanimity instruction is *required* if there is a 'genuine possibility of jury confusion'

6  or a possibility 'that a conviction may occur as the result of different jurors concluding that the

7  defendant committed different acts.'" *United States v. Lapier*, 796 F.3d 1090, 1096 (9th Cir. 2015)

8  (quoting *United States v. Payseno*, 782 F.2d 832, 835 (9th Cir. 1986) (emphasis added)). The comment

9  to Model Instruction 15.41 specifically contemplates that "depending on the facts in evidence, it may be

10  appropriate to amend this instruction with language requiring specific jury unanimity."

11         Here, while there are numerous statements in the loan applications, the government has charged

12  Mr. Rothenberg with only making one false statement: "representing to SVB in his updated URLA that

13  he had only $73,000 in non-real-estate-related liabilities when, in truth, ROTHENBERG then had a

14  liability of $350,000 to Merrill Lynch." Dkt. 15 at ¶ 30. To avoid any jury confusion and ensure that the

15  jury unanimously concludes that this specific statement is false, Mr. Rothenberg requests a specific

16  unanimity instruction. Ninth Circuit Model Jury Instruction Commit 6.27 notes that "When a specific

17  unanimity instruction is necessary, the Committee recommends including in the substantive instruction

18  the phrase "…with all of you agreeing [as to the particular matter requiring unanimity]." Thus Mr.

19  Rothenberg's proposal adds "with all of you agreeing as to the specific false statement or report" at the

20  end of the first element.

21

22  **Government Objection**

23         The government has incorporated its objection to the defense proposed instruction with its

24  argument in support of the government proposed instruction.

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>STIPULATED JURY INSTRUCTION NO. 35</u>

AIDING AND ABETTING

A defendant may be found guilty of the ~~crime(s)~~ <u>crimes</u> charged even if the defendant did not personally commit the ~~act(s)~~ <u>acts</u> constituting the crime if the defendant willfully caused an act to be done that if directly performed by him would be an offense against the United States.  A defendant who puts in motion or causes the commission of an indispensable element of the offense may be found guilty as if he had committed this element himself.

**Authority**

Ninth Circuit Model Jury Instruction (2022) No. 4.2.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>STIPULATED JURY INSTRUCTION NO. 36</u>

DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your [presiding juror] [foreperson] who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.19

JOINT PROPOSED JURY INSTRUCTIONS
CR 20-00266 JST                    64

1

2

3

<u>STIPULATED JURY INSTRUCTION NO. 37</u>

CONSIDERATION OF THE EVIDENCE – CONDUCT OF THE JURY

4       When you begin your deliberations, elect one member of the jury as your foreperson who will

5   preside over the deliberations and speak for you here in court.  Because you must base your verdict only

6   on the evidence received in the case and on these instructions, I remind you that you must not be

7   exposed to any other information about the case or to the issues it involves.  Except for discussing the

8   case with your fellow jurors during your deliberations:

9           Do not communicate with anyone in any way and do not let anyone else

10          communicate with you in any way about the merits of the case or anything to do with it.

11          This restriction includes discussing the case in person, in writing, by phone, tablet,

12          computer, or any other means, via email, text messaging, or any Internet chat room, blog,

13          website or any other forms of social media.  This restriction applies to communicating

14          with your family members, your employer, the media or press, and the people involved in

15          the trial.  If you are asked or approached in any way about your jury service or anything

16          about this case, you must respond that you have been ordered not to discuss the matter

17          and to report the contact to the court.

18          Do not read, watch, or listen to any news or media accounts or commentary about

19          the case or anything to do with it; do not do any research, such as consulting dictionaries,

20          searching the Internet or using other reference materials; and do not make any

21          investigation or in any other way try to learn about the case on your own.

22      The law requires these restrictions to ensure the parties have a fair trial based on the same

23   evidence that each party has had an opportunity to address.  A juror who violates these restrictions

24   jeopardizes the fairness of these proceedings f, and a mistrial could result that would require the entire

25   / / /

26   / / /

27   / / /

28   / / /

JOINT PROPOSED JURY INSTRUCTIONS
CR 20-00266 JST                    65

1  trial process to start over}.  If any juror is exposed to any outside information, please notify the court

2  immediately.

3

4  **Authority**

5  NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.20.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STIPULATED JURY INSTRUCTION NO. 38

USE OF NOTES

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.21.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>STIPULATED JURY INSTRUCTION NO. 39</u>

JURY CONSIDERATION OF PUNISHMENT

      The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.22.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>STIPULATED JURY INSTRUCTION NO. 40</u>

VERDICT FORM


A verdict form has been prepared for you.  [*Explain verdict form as needed.*]  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.23.

<u>STIPULATED JURY INSTRUCTION NO. 41</u>

COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the ~~[clerk] [bailiff]~~,<u>Courtroom Deputy</u>, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**Authority**

Ninth Circuit Model Jury Instruction (2022) No. 6.24.

1

**PROPOSED INSTRUCTION AFTER DISCHARGE**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   <u>STIPULATED JURY INSTRUCTION NO. 42</u>
2   POST-DISCHARGE INSTRUCTION

3       Now that the case has been concluded, some of you may have questions about the confidentiality

4   of the proceedings.  Now that the case is over, you are free to discuss it with any person you choose.  By

5   the same token, however, I would advise you that you are under no obligation whatsoever to discuss this

6   case with any person.

7       [If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of

8   solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other

9   jurors or under oath here in open court in the presence of all the parties.]

10      [Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and

11  freely stated their opinions with the understanding they were being expressed in confidence. Please

12  respect the privacy of the views of the other jurors.]

13      [Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure

14  to do so, please feel free to contact the courtroom deputy, who will notify me, and I will assist.]

15

16                              **Authority**

17  NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.31

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS
CR 20-00266 JST                          72