STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

KYLE F. WALDINGER (CABN 298752)
NICHOLAS J. WALSH (CABN 314290)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    Email: Kyle.Waldinger@usdoj.gov
    Email: Nicholas.Walsh@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 20-CR-00266 JST |
| Plaintiff, | JOINT PROPOSED VOIR DIRE |
| v. | |
| MICHAEL BRENT ROTHENBERG, a/k/a MIKE ROTHENBERG, | Trial Date:    October 31, 2022, 8:00 a.m.<br>Pretrial Date:  October 6, 2022, 9:30 a.m.<br>Court:        Hon. Jon S. Tigar, Courtroom 6 |
| Defendant. | |

     The parties respectfully submit the following proposed voir dire questions to be posed by the Court in the above-captioned case. The specific questions and general topics set out below reflect the parties' joint proposal as to the substance of the inquiry that should be made of the members of the venire.

GENERAL BACKGROUND QUESTIONS

     1.     The parties anticipate that the Court will have the venire members of each "six pack" provide basic biographical information about themselves, including information about their city of residence, occupations, any current or former employment in law enforcement, educational background, and hobbies as well as basic information about any spouses, domestic partners, and children. The

parties also anticipate that the Court will inquire as to whether any venire member has had prior jury service, obtain basic information about such jury service, and ask whether such prior jury service might affect the venire member's ability to be a fair and impartial juror in this case. The parties anticipate that much or all of that information will be obtained through the jury questionnaire sent to all prospective jurors.

## ACQUAINTANCE WITH PROSECUTION TEAM, DEFENSE TEAM, DEFENDANT, AND POTENTIAL WITNESSES

2. The United States is represented by Assistant United States Attorneys Kyle Waldinger and Nicholas Walsh. Also at counsel table are Special Agents Jennifer Barnard and Anthony Ghio, and paralegals Beth Margen and Jasmine "Jae" Sanders. Do any of you know any of these persons?

3. The defendant Michael Brent Rothenberg is represented by attorney Hanni Fakhoury. Also at counsel table is paralegal Nathanael Torres. Do you know any of these persons?

4. You will hear evidence that Michael Rothenberg was the founder and manager of an investment company, Rothenberg Ventures Management Company or RVMC. Are any of you, or any relatives or members of your household, employed or formerly employed by RVMC? Have you, or any relatives or members of your household, invested in RVMC or any funds managed by RVMC?

5. Do you know or are you familiar with any of the following individuals, who may be witnesses in this case? [The Court is respectfully requested to read the government's and defendant's witness lists.]

6. The lender in this case is Silicon Valley Bank. Are any of you, or any relatives or members of your household, employed or formerly employed by Silicon Valley Bank, or have you ever banked at, or obtained a loan from, Silicon Valley Bank?

    a. If so, is there anything about that fact that would affect your ability to be a fair and impartial juror in this case?

7. Do any of you have any knowledge about the facts in this case or about any of the attorneys, Michael Rothenberg, RVMC, any of the witnesses, or Silicon Valley Bank other than what you have learned today?

ATTITUDE TOWARD AND EXPERIENCE WITH MORTGAGE LENDERS

8. Have any of you ever purchased a home or real property? For those who answer in the affirmative:

    a. Was the property your own home? For someone else? Was it commercial property? Was it for investment purposes?

    b. In doing so, did you apply for a mortgage loan from a lender? Did you obtain the loan?

    c. Knowing that this trial will involve testimony about someone obtaining a mortgage loan and testimony from people who work for a lender, is there anything about your experience in applying for a mortgage loan that would affect your ability to be fair and impartial in this trial?

    d. Have you ever had a mortgage loan that was in default, have you ever faced foreclosure, or have you been through foreclosure? Is there anything about that experience with your lender or any other party to those events that would affect your ability to be fair and impartial in this trial?

ATTITUDE TOWARD THE GOVERNMENT

9. This is a prosecution brought by the United States government against the defendant. Do you have any feelings or opinions about the United States government, in general, that you believe would affect your ability to be fair and impartial toward the government or toward the defendant in this case?

    a. If so, please tell us about your feelings and opinions and why you believe they might affect your ability to be fair and impartial.

ATTITUDE TOWARD AND EXPERIENCE WITH THE JUDICIAL SYSTEM

10. Have you ever worked for any court or for any prosecution or criminal defense office, including a district attorney's office, United States Attorney's Office, public defender's office, or a private criminal defense attorney's office?

    a. Do any of your close friends or family work for any of the above-mentioned offices?

      b.    Is there anything about this prior experience or association that might affect your ability to be a fair and impartial juror in this case?

11. Have you ever testified in court?

      a.    Was the case criminal or civil?

      b.    In what capacity did you testify – as a witness, victim, defendant, expert, or other?

      c.    Is there anything about this experience that might affect your ability to be a fair and impartial juror in this case?

<u>ATTITUDE TOWARD AND EXPERIENCE WITH LAW ENFORCEMENT</u>

12. Have you ever been the victim of a crime?

      a.    What type of crime? (You may ask to approach the bench to answer this question if you prefer.)

      b.    Was anyone arrested and/or charged with committing the crime of which you were a victim?

      c.    If so, how do you feel you were treated by law enforcement officers, prosecutors, defense attorneys, and the courts during the case?

      d.    Is there anything about this experience that might affect your ability to be a fair and impartial juror in this case?

13. Have you or any of your close friends or relatives ever been arrested, or charged or convicted of any crime? (You may ask to approach the bench to answer this question if you prefer.)

      a.    If so, has that experience caused you any feelings regarding law enforcement that might make it difficult for you to be a fair and impartial juror in this case?

14. Have you or any of your close friends or relatives ever had any unpleasant or negative experience with law enforcement? (You may ask to approach the bench to answer this question if you prefer.)

      a.    If so, has that experience caused you any feelings regarding law enforcement that might make it difficult for you to be a fair and impartial juror in this case?

15. Do you have any feelings regarding the criminal justice system that might affect your ability to consider the evidence in this case fairly and impartially, and to base your verdict only on the

evidence presented in this case?

16. You may hear testimony in this case from officers, agents, and employees of the Federal Bureau of Investigation ("FBI") and Internal Revenue Service ("IRS"). Is there anything you may have experienced, seen, heard, or read about that would prevent you from fairly assessing the credibility of the agents or employees of those agencies who may testify in this case?

17. Does anyone feel they would give more or less weight to the testimony of a law enforcement officer simply because he or she is a law enforcement officer?

18. Does anyone believe that they will be unable to assess the credibility of a law enforcement witness just like that of any other witness?

## DUTY AS JURORS

19. Do you understand that the Court will instruct you on the law, but that you, as jurors, are the exclusive judges of the facts?

20. Do you understand that as a juror you must accept and apply the law as it is explained to you by the Court, even if you believe the law should be different?

   a. Does anyone believe that they will be unable follow this instruction? If so, please explain.

21. The defendant in this case has been charged with crimes in an Indictment. The fact that a defendant has been charged with a crime by Indictment is entitled to no weight in your analysis. Does anyone think that because the defendant has been charged here he must have done something wrong?

22. The defendant is presumed innocent until proven guilty by the prosecution beyond a reasonable doubt. Does the fact that the defendant has been charged with crimes and must now stand trial affect your view now about whether or not the defendant is presumed innocent?

23. The government must prove the defendant guilty beyond a reasonable doubt. The burden of proof beyond a reasonable doubt remains with the prosecution throughout the trial. If, after hearing all the evidence, you thought the defendant was probably guilty, but also believed the prosecution did not prove its case beyond a reasonable doubt, how would you vote?

   a. If after hearing all the evidence, you believe the prosecution has proved that the defendant is guilty beyond a reasonable doubt, would you have any trouble voting

to convict the defendant?

24. Do you understand that the defendant has a constitutional right not to testify at trial and nothing can be inferred from him not testifying?

    b. If the defendant decides not to testify in this case, would you have any trouble presuming that he is innocent, and that his decision not to testify is consistent with being innocent?

    c. If the defendant decides not to testify in this case might you in any way relieve the government of its burden of proving guilt with evidence beyond a reasonable doubt?

## PUNISHMENT AND SYMPATHY

25. Do you have any reservations about sitting in judgment of any person and returning a verdict?

26. Knowing what you now know about this case, do you have any reservations about your ability to hear the evidence, deliberate and return a fair and impartial verdict?

27. Do you have any personal feelings or religious convictions that might make it difficult for you to sit in judgment of another person?

28. If the Court instructs you that your verdict must not be based on sympathy, passion, or prejudice, but only on the evidence presented in this case and on the law as the Court instructs you on it, will you be able to follow that instruction?

29. If you are selected as a juror in this case, will you be able to hear the evidence, deliberate with your fellow jurors, and apply the law as the Court instructs you on it without speculating about whatever punishment may or may not be imposed in this case?

30. Is there anything not covered by these questions that could affect your ability to be a fair and impartial juror?

## COVID-19 PRECAUTIONS

The parties are aware that jurors will complete a screening questionnaire before attending the trial and anticipate that the Court will make a number of remarks about what COVID-19 procedures will be followed during the trial. The parties therefore propose only a few voir dire questions on the topic.

31. Are you comfortable wearing a mask and following the COVID-19 precautions I have described while serving as a juror?

32. Do you have specific health concerns that make you feel uncomfortable serving as a juror in this case?

33. As I have described, if you are selected to serve as a juror, you will be required to sit in the jury box surrounded by other masked members of the jury. Do you have any COVID-related concerns about your health under those circumstances?

34. As I have described, if you are selected to serve as a juror, you will be required to deliberate in a jury room with other masked members of the jury. Do you have any COVID-related concerns about your health under those circumstances?

DATED:  September 29, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

_____/s/_____
KYLE F. WALDINGER
NICHOLAS J. WALSH
Assistant United States Attorneys

_____/s/_____
HANNI M. FAKHOURY
Attorney for Defendant Michael Rothenberg