MOEEL LAH FAKHOURY LLP
Hanni M. Fakhoury (State Bar No. 252629)
1300 Clay Street, Suite 600
Oakland, CA 94612
Telephone:   (510) 500-9994
Email:   hanni@mlf-llp.com

Attorneys for Michael Rothenberg

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL ROTHENBERG,<br><br>　　　　Defendant. | Case No.: 3:20-CR-00266-JST<br><br>**DEFENDANT'S PRETRIAL CONFERENCE STATEMENT FOR TRIAL ON COUNTS ONE AND TWO**<br><br>**Court:**　　Courtroom 6, 2nd Floor<br>**Hearing Date:**　October 6, 2022<br>**Hearing Time:**　9:30 a.m. |

**INTRODUCTION**

Pursuant to this Court's Standing Order and Criminal Local Rule 17.1-1(b), defendant Michael Rothenberg submits this Pretrial Conference Statement in connection with jury trial on Counts One and Two of the superseding indictment, set to begin on October 31, 2022.

1. **Statements or Reports of Witnesses.**

   While the government has produced numerous reports containing witness statements, it has not explicitly indicated whether it has produced all statements covered under the *Jencks* Act.

2. **Grand Jury Testimony.**

   The government has not yet disclosed the grand jury testimony of any witnesses. The government has informed defense counsel that the only witness who testified before the grand jury was will not be called as a witness at trial and therefore it does not intend to produce the grand jury transcript.

3. **Exculpatory or Other Favorable Evidence.**

   The government has produced a voluminous amount of discovery but has not explicitly indicated whether required disclosure of exculpatory and other evidence favorable to the defendant on the issue of guilt or punishment is complete.

4. **Stipulations of Facts.**

   The parties have not agreed to any stipulations of fact.

5. **Court Appointed Interpreters.**

   No interpreters will be needed in this case.

6. **Dismissal of Counts.**

   The government has not indicated any intention to dismiss any of the charges in the superseding indictment.

7. **Joinder and Severance.**

   Counts One and Two have been severed from the remainder of the counts in the superseding indictment, which is scheduled for jury trial in July 2023.

8. **Informers, Identification Evidence and Evidence of Prior Convictions.**

   The government has not indicated any intention to present testimony by informers, lineup or

identification evidence, or evidence of prior convictions by any witnesses. Mr. Rothenberg has no prior convictions.

9. **Witness Lists.**

The government provided Mr. Rothenberg with an informal witness list on August 25, 2022, identifying 23 potential witnesses it intended to call at trial. Consistent with his right to an effective defense, Mr. Rothenberg has advised the government he has not determined what non-expert witnesses, if any, he will call in his case-in-chief, should he choose to present one. Neither side has provided expert witness notice.

10. **Exhibit Lists.**

The government filed its exhibit list on September 15, 2022. Dkt. 147. Consistent with his right to an effective defense, Mr. Rothenberg reserves the right to supplement the exhibits he chooses to use in his case-in-chief, should he choose to present one, to rebut evidence presented in the government's case-in-chief.

11. **Pretrial Resolution of Objections to Exhibits or Testimony.**

The parties have filed extensive motions *in limine*, oppositions and replies. Dkt. 143, 144, 145, 146, 148, 149. Mr. Rothenberg's motions *in limine* were filed before he received the government's exhibit list and exhibits. After receiving the government's exhibit list, Mr. Rothenberg raised several issues with government counsel. After meeting and conferring, those issues have mostly been resolved except for the following two issues:

    A.   **Mr. Rothenberg's personal identifying information should be redacted from all exhibits.**

Many of the exhibits produced by the government contain Mr. Rothenberg's social security number and date of birth. Mr. Rothenberg requested the government redact this information from exhibits, particularly as they are likely to be published in open court and given to jurors to review while they are deliberating; the government declined. This Court should order the government to redact this sensitive personal information in its exhibits. Redacting the information does not prejudice the government, as this is not a case where identity will be at issue. Conversely, having this extremely sensitive personal information—which must be redacted in any public paper or electronic

1  filing per Federal Rule of Criminal Procedure 49.1—is extremely prejudicial to Mr. Rothenberg,
2  rendering him susceptible to identity theft.

3       **B.    Internal Merrill Lynch correspondence contained in Exhibit 97 is inadmissible.**

4       Government Exhibit 97 is labelled "Merrill Lynch Activity History," and consists of 100 pages
5  of Merrill Lynch records concerning Mr. Rothenberg and specifically the two accounts he held with
6  that institution at issue in this case: a checking account, referred to as "-052 CMA Account" in the
7  superseding indictment, and a credit line account, "referred to as -054 LMA Account" in the
8  superseding indictment. *See* Dkt. 15, ¶ 28(b). Within these records are internal communications
9  between Merrill Lynch employees about the account and Mr. Rothenberg, including emails between
10 employees taking place in 2015, months after the transaction at issue in this trial had been completed.

11      These internal communications are inadmissible and should be excluded. As an initial matter,
12 the internal communications are hearsay and do not fall within the business records exception in
13 Federal Rule of Evidence 803(6). The Ninth Circuit has already found that an email from an
14 employee to his superior is not a business record under Rule 803(6). *Monotype Corp. PLC v.*
15 *International Typeface Corp.*, 43 F.3d 443, 450 (9th Cir. 1994). As the Sixth Circuit has elaborated,
16 "[a]n email is not a business record for purposes of the relevant hearsay exception simply because it
17 was sent between two employees in a company or because employees regularly conduct business
18 through emails; such evidence alone is insufficient to show that the email is a record, made as 'a
19 regular practice' of the company, Fed. R. Evid. 803(6)(C), and that 'the record was kept in the course
20 of a regularly conducted activity of a business,' *id.* at 803(6)(B)." *United States v. Daneshvar*, 925
21 F.3d 766, 777 (6th Cir. 2019). Here specifically, the Government has presented no evidence that the
22 employer of each declarant imposed a business duty to make and maintain any records and
23 conversations through email. Thus, these internal emails are inadmissible hearsay.

24      Even if this Court disagrees, the emails are still inadmissible under Federal Rule of Evidence
25 403. The emails are irrelevant because they are not connected with, nor discuss, the transaction with
26 Silicon Valley Bank (SVB") that are the basis of this trial; indeed the communications take place in
27 2015, after the SVB loans were issued in 2014. Moreover, the emails are unduly prejudicial as they
28 discuss purported "suspicious activity" on the account and a decision to place Mr. Rothenberg on an

"economic sanctions list," subjective and undefined terms that suggest Mr. Rothenberg had engaged in financial misconduct in connection with his Merrill Lynch accounts, an accusation that has never been made nor substantiated and is not part of this criminal case. Thus, these internal email records should be excluded and removed from Exhibit 97.

**12. Controverted Points of Law.**

There are several outstanding motions *in limine* that need to be addressed at the pretrial conference. In addition, there are disputes about jury instructions related to the elements of bank fraud, whether a specific unanimity instruction is required for the false statement charge, and whether Mr. Rothenberg is entitled to a good faith defense instruction.

**13. Scheduling of Trial and Witnesses.**

Jury selection is scheduled to begin on October 31, 2022. The parties anticipate the trial will last approximately ten court days.

**14. Questionnaires, Voir Dire, Peremptory and Cause Challenges, and Instructions.**

Beyond the standard jury questionnaire issued by the Clerk's Office, no case specific questionnaire has been requested by Mr. Rothenberg or the government. The parties have, however, submitted joint proposed *voir dire* questions for the Court to ask jurors. The parties agree on most of the jury instructions apart from the few disputed instructions concerning the elements of the offenses as described above.

**15. Other Matters Tending to Promote a Fair and Expeditious Trial.**

Other than the matters outlined in Mr. Rothenberg's motions *in limine* and proposed jury instructions, as well as the additional issues raised here concerning the government's exhibits, Mr. Rothenberg is unaware of any other matters needing to be resolved by the Court at this time.

1
2   Dated:    September 29, 2022                Respectfully submitted,
3                                               MOEEL LAH FAKHOURY LLP
4
5                                               Hanni M. Fakhoury
                                                Attorneys for Michael Rothenberg
6
7
8
...
28

DEFENDANT'S PRETRIAL CONFERENCE STATEMENT FOR TRIAL ON COUNTS ONE AND TWO
*United States v. Rothenberg*, 4:20-CR-00266-JST

5