STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

KYLE F. WALDINGER (CABN 298752)
NICHOLAS J. WALSH (CABN 314290)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    Email: Kyle.Waldinger@usdoj.gov
    Email: Nicholas.Walsh@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 20-00266 JST |
| Plaintiff, | JOINT PROPOSED REVISED JURY INSTRUCTION NO. 2 |
| v. | |
| MICHAEL BRENT ROTHENBERG, | Trial Date: October 31, 2022, 8:00 a.m. |
| Defendant. | Court: Hon. Jon S. Tigar, Courtroom 6 |

    The parties hereby submit their Joint Proposed Jury Instruction No. 2 to incorporate the Court's ruling regarding Disputed Instructions Nos. 4 and 5. *See* Dkt. 161. In its ruling, the Court stated that it would "include the following language in its false statement [Count Two] instruction: First, the defendant made a false statement or report to a federally insured bank, specifically Silicon Valley Bank, and all of you agree as to the specific false statement or report.'" In order the reflect the Court's ruling regarding the elements of the false statement charge in Count Two, the parties believe that the preliminary instruction that the Court gives to the jury at the outset of the case should be revised to reflect the inclusion of this language.

    As before, modifications or additions to the Ninth Circuit Model Jury Instruction are generally

JOINT PROPOSED REVISED JURY INSTRUCTION NO. 2
CR 20-00266 JST

1 noted with ~~strikethrough~~ for deletions and <u>underlining</u> for additions in the Joint Proposed Revised Jury Instruction No. 2.  The addition recommended by the parties is marked in **bold**.

DATED:  October 28, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

_____/s/_____
KYLE F. WALDINGER
NICHOLAS J. WALSH
Assistant United States Attorneys

_____/s/_____
HANNI M. FAKHOURY
Attorney for Defendant Michael Rothenberg

<u>REVISED STIPULATED JURY INSTRUCTION NO. 2</u>

THE CHARGES – PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government. The government charges the defendant with Bank Fraud and False Statements to a Financial Institution. The charges against the defendant are contained in the <u>Indictment</u>. The <u>Indictment</u> simply describes the charges the government brings against the defendant. The <u>Indictment</u> is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove <u>his</u> innocence or present any evidence.

[To help you follow the evidence, I will now give you a brief summary of the elements of the crimes that the government must prove to make its case: [supply brief statement of elements of crime[s]].] <u>The government has charged the defendant with two crimes in this trial.</u>

<u>The defendant is charged in Count One with Bank Fraud. To prove that crime, the government must prove:</u>

<u>*First*, that the defendant knowingly executed or attempted to execute a scheme to defraud a financial institution as to something of value, or a scheme or plan to obtain money or property from the financial institution by making false statements or promises,</u>

<u>*Second*, that the defendant knew that the statements or promises were false,</u>

<u>*Third*, that the statements or promises were material; that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property,</u>

<u>*Fourth*, that the defendant did so with the intent to defraud, meaning with the intent to deceive and cheat, and</u>

<u>*Fifth*, the financial institution was insured by the Federal Deposit Insurance Corporation ("FDIC"), or was an organization which finances or refinances any debt secured by an interest in real estate, including private mortgage companies and any subsidiaries of such organizations, and whose activities affect interstate or foreign commerce.</u>

The defendant is charged in Count Two with Making False Statements to a Financial Institution. To prove that crime, the government must prove:

*First*, the defendant made a false statement or report to a federally insured financial institution**, with all of the jurors agreeing as to the specific false statement or report**;

*Second*, the defendant made the false statement or report knowing it was false; and

*Third*, the defendant did so for the purpose of influencing in any way the action of the financial institution. It is not necessary, however, to prove that the financial institution was, in fact, influenced or misled, or that the financial institution was exposed to a risk of loss. What must be proved is that the defendant intended to influence the financial institution by the false statement.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTIONS (2022) NOS. 1.2, 15.36, 15.39 (*modified*); 15.41 (*modified*); *United States v. Miller,* 953 F.3d 1095, 1101 (9th Cir. 2020); 18 U.S.C. §§ 20(1), 20(10), and 27.

CR 20-00266 JST

4