STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

KYLE F. WALDINGER (CABN 298752)
NICHOLAS J. WALSH (CABN 314290)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    Email: Kyle.Waldinger@usdoj.gov
    Email: Nicholas.Walsh@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 20-CR-00266 JST |
| | ) | |
| Plaintiff, | ) | JOINT STATUS REPORT REGARDING THE UNITED STATES' PROPOSED AMENDED JURY INSTRUCTION |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL BRENT ROTHENBERG, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**INTRODUCTION**

    The parties, having met and conferred on the issues discussed herein, jointly file this Status

Report Regarding the United States' Proposed Amended Jury Instruction for the Court's consideration.

As with previous pleadings filed with the Court during trial, the parties have each laid out their

respective positions below in anticipation of the charging conference scheduled for Thursday, November

10, 2022, at 1:00 p.m., by video conference.

**REQUEST OF THE UNITED STATES**

1

2       The United States hereby submits the following amended jury instruction for the trial in the

3  above-captioned case.  The attached instruction is based on the Court's Proposed Jury Instruction 15.36,

4  which was already the subject of dispute between the parties and an Order from the Court resolving the

5  dispute.  *See* Dkt. 152 (Joint Proposed Jury Instructions); Dkt. 161 (Order re: Disputed Jury

6  Instructions); Dkt. 192 (Proposed Jury Instructions) at 15.  Modifications or additions to the Court's

7  Proposed Jury Instruction 15.36 are noted with ~~strikethrough~~ for deletions and <u>underlining</u> for additions.

8       The United States is proposing the additional language in this instruction because of the content

9  of the Defendant's Opening Statement and the content of the Defendant's cross-examination questions

10  of various witnesses at trial.  In particular, during the Defendant's Opening Statement, the Defendant

11  asserted:

12              So you'll see that part of the reason we're here is because Silicon Valley
               Bank couldn't be bothered to completely and correctly fill out its own
13              form.

14  Tr. 11/1/2014 at 342, lns. 22-24.  The Defendant also asserted that:

15              The facts will show it was SVB that made the mistake on the form this
               entire case is built upon, even though the loan itself wasn't built upon that
16              information from that form.

17  Tr. 11/1/2014 at 350, lns. 11-13.  Further, during cross-examination questioning, the Defendant made

18  inquiries of witnesses that appear to be designed to lay a foundation for a closing argument based on

19  lack of diligence by Silicon Valley Bank in checking the information the Defendant submitted to Silicon

20  Valley Bank in support of his cash-out mortgage refinance application.  For example, the Defendant

21  made the following inquiries of former Silicon Valley Bank employee Michelle Jandu, while showing

22  her Exhibit 4, in evidence, the "Certification and Authorization" form signed by the Defendant in

23  connection with his application:

24              Q [Mr. Fakhoury]. Okay. And it's addressed "To Whom It May Concern,"

25               right?

26              A [Ms. Jandu]. Yes.

27              Q. The first paragraph, we're going to start here

28              (indicating), the first paragraph is basically explaining to

1       someone else, right --

2       A. Uh-huh.

3       Q. -- that the applicant, Mr. Rothenberg's applied for a loan

4       with Silicon Valley Bank, right?

5       A. Yes.

6       Q. And it's instructing whoever receives this form that they

7       may verify information that Mr. Rothenberg provided to the

8       lender, right?

9       A. Yes.

10      Q. Let's take a look at paragraph 2. Paragraph -- in

11      paragraph 2, the applicant -- so again, Mr. Rothenberg -- is

12      authorizing whatever third party gets this form to release

13      information, right?

14      A. Yes.

15      Q. And sort of like on the top half of that form, this lists

16      some examples of information that could be verified, right?

17      A. Yes.

18      Q. So it includes -- and we're kind of talking about the

19      bottom part of that paragraph -- income, bank, money market,

20      similar account balances, credit history, and tax returns,

21      right?

22      A. Yes.

23      Q. And again, it's – it's pretty broad, right? It says the

24      information may include but is not limited to that

25      information, right?

26      A. Yes.

27      Q. Now, Mr. Rothenberg signed this form, right?

28      A. Yes.

JOINT STATUS REPORT REGARDING THE UNITED STATES'
PROPOSED AMENDED JURY INSTRUCTION
20-CR-00266 JST                    3

Tr. 11/7/2014 at 856 ln. 7 to 857 ln. 13.  There would seem to be no purpose to these questions, and similar questions made to other witnesses at trial, other than to suggest a lack of diligence or negligence by Silicon Valley Bank.  All of this information suggests that the Defendant has put at issue the conduct of Silicon Valley Bank *in particular* during trial and that the Defendant anticipates arguing in closing a defense based, at least in part, on negligence, lack of due diligence, and errors made by Silicon Valley Bank.

The Court has already adjudicated the issue by granting the United States' Motion *in Limine* No. 1 and ordering that the Defendant is precluded from making such an argument.  *See* Dkt.157 (Pretrial Conference Meeting Minutes noting ruling on the record).  *See also United States v. Lindsey,* 850 F.3d 1009, 1015–16 (9th Cir. 2017) (holding "(1) negligence is not a defense to wire fraud, and evidence of lender negligence is not admissible as a defense to mortgage fraud; (2) intentional disregard of relevant information is not a defense to wire fraud, and evidence of intentional disregard by lenders is not admissible as a defense to mortgage fraud; (3) evidence of individual lender behavior is not admissible to disprove materiality, but evidence of general lending standards in the mortgage industry is admissible to disprove materiality….").  The United States avers that the proposed amendment to the Court's Proposed Jury Instruction 15.36 will correctly instruct the jury, prevent confusion during the jury's deliberations, and protect the United States' interest in a verdict based in the law.

In particular, the United States proposes the following jury instruction be given:

### 15.36 COUNT ONE: BANK FRAUD (18 U.S.C. § 1344(1) AND (2))

The defendant is charged in Count One of the indictment with Bank Fraud in violation of Section 1344(1) and (2) of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following beyond a reasonable doubt:

First, the defendant knowingly executed, or attempted to execute, a scheme to defraud Silicon Valley Bank, a financial institution, as to something of value, or a scheme or plan to obtain money or property from Silicon Valley Bank by making false statements or promises;

Second, the defendant knew that the statements or promises were false;

JOINT STATUS REPORT REGARDING THE UNITED STATES'
PROPOSED AMENDED JURY INSTRUCTION
20-CR-00266 JST                                    4

1        Third, the statements or promises were material; that is, they had a natural tendency to influence,

2 or were capable of influencing, a financial institution to part with money or property;

3        Fourth, the defendant acted with the intent to defraud Silicon Valley Bank, that is, with the intent

4 to deceive and cheat.

5        Fifth, Silicon Valley Bank was insured by the Federal Deposit Insurance Corporation ("FDIC"),

6 or, was an organization which finances or refinances any debt secured by an interest in real estate,

7 including private mortgage companies and any subsidiaries of such organizations, and whose activities

8 affect interstate or foreign commerce.

9        An act is done "knowingly" if the defendant is aware of the act and does not act (or fail to act)

10 through ignorance, mistake, or accident.  The government is not required to prove that the defendant

11 knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words,

12 acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

13        A "scheme to defraud" means any deliberate plan of action or course of conduct by which

14 someone intends to deceive or cheat a financial institution and deprive it of something of value.  It is not

15 necessary for the government to prove that a financial institution was the only or sole victim of the

16 scheme to defraud.  It is also not necessary for the government to prove that the defendant was actually

17 successful in defrauding any financial institution.  Finally, it is not necessary for the government to

18 prove that any financial institution lost any money or property as a result of the scheme to defraud.

19        <u>It is not a defense that Silicon Valley Bank may have been gullible, careless, naïve, or negligent,</u>

20 <u>or that Silicon Valley Bank could have been more diligent.  Whether Silicon Valley Bank knew or</u>

21 <u>should have known that submissions to Silicon Valley Bank were false or fraudulent, if at all, is not a</u>

22 <u>defense.  Finally, whether Silicon Valley Bank was motivated by profit or did, in fact, profit from the</u>

23 <u>loans or other transactions involved in this case also is not a defense.</u>

24

25                **Authority for Additions**

26        *United States v. Ellison*, 704 Fed. Appx. 616, 620 (9th Cir. 2017) (unpublished) (holding that

27 instruction stating, "It is also not a defense to charges of securities fraud and wire fraud that the

28

JOINT STATUS REPORT REGARDING THE UNITED STATES'
PROPOSED AMENDED JURY INSTRUCTION
20-CR-00266 JST                  5

1    investors may have been gullible, careless, naive or negligent," "correctly stated the law because

2    materiality is determined objectively, so that a victim's negligence is not a defense.").

3        *United States v. Kachkar*, 2022 WL 2704358 at *6 (11th Cir. July 12, 2022) ("As for the two

4    supplemental instructions, the district court's language was legally correct. The first instruction said,

5    "Whether the financial institutions in this case knew or should have known that submissions to the

6    financial institutions were fraudulent, if at all, is not a defense." The second one stated, "Whether the

7    financial institutions were motivated by profit or did, in fact, profit from the loans or other transactions

8    involved in this case also is not a defense." Kachkar argues that these instructions undermined his

9    defense because the bank's knowledge and profit motive bore on his intent to defraud.  Both

10   supplemental instructions accurately reflect the law for the same reason: the fraud statute looks to only

11   the defendant's state of mind.").

12       *United States v. Kaufman*, 617 Fed. Appx. 50, 52 (2d Cir. 2015) (unpublished summary order)

13   (holding that instruction in bank fraud case stating that "[v]ictim negligence, carelessness or gullibility is

14   no defense to a charge of such fraud" "was a proper statement of the law").

15       *United States v. Peterson*, 823 F.3d 1113, 1123 (7th Cir. 2016) (holding that "[t]he judge was

16   right to give the instruction" stating that "[a] bank's negligence or lack of diligence in uncovering the

17   fraud is not a defense to the crime charged" was appropriate where defendant "put the conduct of the

18   banks at issue throughout the trial").

19       *United States v. Babajian*, CR 07-00755, 2009 WL 412333, at *5 (C.D. Cal. Feb. 17, 2009)

20   (Pregerson, J.), *aff'd in part sub nom. United States v. Rizk*, 660 F.3d 1125 (9th Cir. 2011) (holding that

21   "there needs to be an instruction informing the jury that negligence is not an affirmative defense to

22   fraud"); *see also United States v. Babajian*, CR 07-00755, Dkt. 287, at 27 (C.D. Cal.) (instruction stating

23   that "Evidence that a bank or banks alleged to be victims may have been negligent or careless for the

24   losses they allegedly sustained is not a defense to a charge of bank fraud or loan fraud.").

25

26                                              * * *

27

28

JOINT STATUS REPORT REGARDING THE UNITED STATES'
PROPOSED AMENDED JURY INSTRUCTION

**POSITION OF THE DEFENDANT**

This Court previously indicated its preference for Ninth Circuit Model Jury Instructions; it should maintain that position and reject the government's request to add language to the model instruction.

First, the government's requested instruction strays from the pattern instruction to add in unnecessary language that is adequately conveyed by the Model Jury Instruction, specifically Model Instructions 15.36 and 15.39, both of which were revised *after* the Ninth Circuit issued its decision in *United States v. Lindsey,* 850 F.3d 1009 (9th Cir. 2017). *See* Ninth Circuit Model Instruction 15.36 (Revised June 2022); Ninth Circuit Model Instruction 15.39 (Revised June 2021). Those instructions make clear the government does not have to prove "that a financial institution was the only or sole victim of the scheme to defraud," "the defendant was actually successful in defrauding any financial institution," or that "any financial institution lost any money or property as a result of the scheme to defraud." Dkt. 192, Court's Proposed Jury Instructions at 15.

Analogizing the Ninth Circuit's jury instruction committee to a legislative body, courts engaging in statutory interpretation generally "cannot simply assume an omission was 'unintentional,'" *Shoner v. Carrier Corp.*, 30 F.4th 1144, 1149 (9th Cir. 2022), and instead "all omissions should be understood as exclusions." *Silvers v. Sony Pictures Entertainment, Inc.*, 402 F.3d 881, 885 (9th Cir. 2005) (quotations and citation omitted). This Court should credit the Ninth Circuit's decision not to include the government's proposed language in the model bank fraud instruction.

Tellingly, the government cites to no Ninth Circuit case authorizing the insertion of its proposed language into a bank fraud case. The *only* Ninth Circuit case cited in its request, *United States v. Ellison*, 704 Fed. Appx. 616 (9th Cir. 2017), concerned a securities fraud prosecution; notably the model instruction for securities fraud, instruction 15.47, does not include this language either. That omission is particularly revealing because the securities fraud instruction specifically instructs that "A fact is material if there is a substantial likelihood that a *reasonable investor* would consider it important in making the decision" to purchase or sell securities. Ninth Circuit Model Instruction 15.47 (emphasis added). Considering that the securities fraud instructions used the general language of negligence,

1  perhaps such an instruction would be appropriate in a securities fraud case. But here, where the bank

2  fraud instruction does not speak about a "reasonable" bank, such an instruction is unnecessary.

3  Unsurprisingly, the government's proposed language was not included in the final jury instructions

4  given in a recent bank fraud case tried before Judge Seeborg earlier this year. *See United States v.*

5  *Makras*, 3:21-CR-00402-RS, Dkt. 154 at 18 (Final Instruction 17 defining elements of bank fraud).

6      Second, contrary to the government's claim, Mr. Rothenberg has not—and will not—argue that

7  Silicon Valley Bank was negligent in issuing the loans. As an initial point, defense counsel is well aware

8  of the Court's pretrial ruling precluding that argument and intends—as always—to abide by the orders

9  of the Court. Additionally, it was the government that put SVB's lending practices at issue when it

10  introduced detailed evidence of its lending practices through testimony and admission of the bank's

11  entire loan file, which included the bank's analysis and rationale for issuing the loan. Moreover, in its

12  motions *in limine* pleadings the government itself "recognize[d]…that the defendant should not be

13  precluded from cross-examining witnesses about 'general lending standards' and about the

14  decisionmaking process of the particular decisionmaker here, Silicon Valley Bank." Dkt. 148, United

15  States' Reply Brief in Support of its Motions in Limine at 2. It cannot complain now when Mr.

16  Rothenberg has done precisely what the government agreed he could do.

17      On the merits, there is ample purpose to the questions beyond some freestanding claim the bank

18  was negligent in issuing the loans. Because Mr. Rothenberg is not obligated to preview his defense to

19  the government before closing argument, he is willing to present a more specific offer of proof ex parte

20  and under seal if requested by the Court. *See United States v. Sleugh*, 896 F.3d 1007, 1017 (9th Cir.

21  2018) (noting co-defendant's request to unseal subpoena applications "could reveal [other co-

22  defendant's] defense theories to the state and federal government for any future trial" and "the prospect

23  of undermining the confidentiality of Boyd's defense strategies justified sealing these materials in the

24  first place" and "is no different" on appeal).

25      At this point, however, it is clear that "the conduct of Silicon Valley Bank in particular" is

26  directly relevant to every single element of the bank fraud charge apart from FDIC status. The bank's

27  conduct is directly relevant to whether Mr. Rothenberg knowingly executed a scheme to defraud SVB

28

and had the intent to deceive and cheat SVB, which obviously must be informed by his interactions with the bank specifically. The conduct of the bank is also relevant to the element of whether Mr. Rothenberg knowingly made false statements or promises when the government's case is premised, in part, on forms Mr. Rothenberg signed but were generated by the bank itself. Finally, the conduct of the bank is relevant to materiality which Mr. Rothenberg is entitled to refute by pointing to the way lenders would consider the specific kinds of loans at issue here, particularly a capital call line of credit.

Thus, the Court should stick to the model jury instructions and deny the government's request. If the Court disagrees and modifies the model jury instruction to add the government's proposed language, then Mr. Rothenberg requests the jury also be given the good faith instruction he proposed as Disputed Instruction No 3, which is a statement of the law and has been previously approved by the Ninth Circuit. *See United States v. Molinaro*, 11 F.3d 853, 863 (9th Cir. 1993); *see* Dkt. 152 at 56.

### CONCLUSION

Given these differing positions, the parties request the Court issue a decision regarding the United States' request for the proposed amended jury instruction 15.36.

DATED:  November 9, 2022                    Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney


_____/s/_____
KYLE F. WALDINGER
NICHOLAS J. WALSH
Assistant United States Attorneys


_____/s/_____
HANNI M. FAKHOURY
Attorney for Defendant Michael Rothenberg