STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

KYLE F. WALDINGER (CABN 298752)
NICHOLAS J. WALSH (CABN 314290)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    Email: Kyle.Waldinger@usdoj.gov
    Email: Nicholas.Walsh@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 20-CR-00266 JST |
| Plaintiff, | UNITED STATES' PROPOSED REVISED DISPUTED JURY INSTRUCTION NO. 15.36 |
| v. | |
| MICHAEL BRENT ROTHENBERG, a/k/a MIKE ROTHENBERG, | |
| Defendant. | |

    At an appearance today, November 10, 2022, the Court held a hearing on the parties' Joint Status Report Regarding the United States' Proposed Amended Jury Instruction. Dkt. 195. At the conclusion of the hearing, the Court ordered the United States to submit a revised Jury Instruction 15.36. Dkt. 196.

    The United States has modified the instruction that it submitted as part of the parties' Joint Status Report, and now submits the following Proposed Revised Disputed Jury Instruction No. 15.36. The United States has met and conferred with counsel for the Defendant Michael Rothenberg regarding the revisions it has made. The parties believe that the following instruction reflects the version of the instruction that the Court indicated it would give on the record:

**REVISED DISPUTED JURY INSTRUCTION NO. 15.36**

**COUNT ONE: BANK FRAUD (18 U.S.C. § 1344(1) AND (2))**

The defendant is charged in Count One of the Indictment with Bank Fraud in violation of Section 1344(1) and (2) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following beyond a reasonable doubt:

First, the defendant knowingly executed, or attempted to execute, a scheme to defraud Silicon Valley Bank, a financial institution, as to something of value, or a scheme or plan to obtain money or property from Silicon Valley Bank by making false statements or promises;

Second, the defendant knew that the statements or promises were false;

Third, the statements or promises were material; that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property;

Fourth, the defendant acted with the intent to defraud Silicon Valley Bank, that is, with the intent to deceive and cheat;

Fifth, Silicon Valley Bank was insured by the Federal Deposit Insurance Corporation ("FDIC"), or, was an organization which finances or refinances any debt secured by an interest in real estate, including private mortgage companies and any subsidiaries of such organizations, and whose activities affect interstate or foreign commerce.

An act is done "knowingly" if the defendant is aware of the act and does not act (or fail to act) through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the

USA'S PROPOSED REVISED DISPUTED
JURY INSTRUCTION NO. 15.36
20-CR-00266 JST                                          2

defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

A "scheme to defraud" means any deliberate plan of action or course of conduct by which someone intends to deceive and cheat a financial institution and deprive it of something of value.  It is not necessary for the government to prove that a financial institution was the only or sole victim of the scheme to defraud.  It is also not necessary for the government to prove that the defendant was actually successful in defrauding any financial institution.  Finally, it is not necessary for the government to prove that any financial institution lost any money or property as a result of the scheme to defraud.

It is not a defense that Silicon Valley Bank may have been gullible or careless, or that Silicon Valley Bank could have been more diligent. Whether Silicon Valley Bank should have known that submissions to Silicon Valley Bank were false or fraudulent, if at all, is not a defense. Finally, whether Silicon Valley Bank was motivated by profit or did, in fact, profit from the loans or other transactions involved in this case also is not a defense.

The United States will revise the proposed instruction further if it does not fully accord with what the Court proposed on the record earlier today.

DATED:  November 10, 2022        Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

　　　　/s/
KYLE F. WALDINGER
NICHOLAS J. WALSH
Assistant United States Attorneys

USA'S PROPOSED REVISED DISPUTED
JURY INSTRUCTION NO. 15.36
20-CR-00266 JST                3