UNITED STATES DISTRICT COURT        *ORIGINAL*

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable JON S. TIGAR, Judge

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **Jury Trial** |
| | ) | |
| Plaintiff, | ) | **Volume 10** |
| | ) | |
| vs. | ) | NO. CR 20-00266JST |
| | ) | |
| MICHAEL BRENT ROTHENBERG, a/k/a MIKE ROTHENBERG, | ) ) | Pages 1570 - 1584 |
| | ) | |
| Defendant. | ) | Oakland, California |
| _____ | ) | Wednesday, November 16, 2022 |

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:        STEPHANIE M. HINDS, ESQ.
                      United States Attorney
                      1301 Clay Street, Suite 340S
                      Oakland, California  94612
                  BY: KYLE F. WALDINGER,
                      NICHOLAS J. WALSH,
                      ASSISTANT UNITED STATES ATTORNEYS

For DEFENDANT:        Moeel Lah Fakhoury LLP
                      1300 Clay Street, Suite 600
                      Oakland, California  94612-1427
                  BY: HANNI M. FAKHOURY, ATTORNEY AT LAW

Reported By:          Raynee H. Mercado
                      CSR. No. 8258


    Proceedings reported by electronic/mechanical stenography; transcript produced by computer-aided transcription.

*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR, CCRR (510) 565-7228*

```
 1    Wednesday, November 16, 2022                         8:05 a.m.
 2                       P R O C E E D I N G S
 3       (The following proceedings were heard out of the presence
 4    of the jury:)
 5            THE COURT:  Let's go on the record.  We're outside
 6    the presence of the jury.
 7       Would counsel state their appearances, please.
 8            MR. WALDINGER:  Good morning, Your Honor.  Kyle
 9    Waldinger and Nicholas Walsh for the United States.  And
10    Special Agent Barnard is sticking with us.  She's still here.
11            THE COURT:  Very good.
12            MR. FAKHOURY:  Good morning, Your Honor.  Hanni
13    Fakhoury on behalf of Mr. Rothenberg.  He's present.  And
14    Mr. Torres is here as well, Your Honor.
15            THE COURT:  Very good.  Good morning to everyone.
16       Who wants to go first?
17            MR. WALDINGER:  I can go first on the first question
18    of the legal definition of "cheat."  Your Honor, I think that
19    the Ninth Circuit, in a case quoted by Judge Beistline in
20    *U.S. v. Miller*, is the controlling authority on what "cheat"
21    means.
22       I think that the -- and I don't know if Your Honor has
23    that case.  I have an extra copy if you want it.
24            THE COURT:  I don't.  And I would.
25            MR. WALDINGER:  Your Honor, that's a wire fraud case,
```

|  |  |
|---|---|
| 1 | but as we know, the Ninth Circuit applies similar principles |
| 2 | between mail fraud and wire fraud and bank fraud. |
| 3 | At the top of -- this would be on -- at least on page 6 of |
| 4 | this printout where it begins discussion, the Ninth Circuit |
| 5 | quotes the same *Merriam-Webster's Collegiate Dictionary* |
| 6 | definition that Your Honor quoted. |
| 7 | **THE COURT:**  Yes. |
| 8 | **MR. WALDINGER:**  And it seems -- and then right before |
| 9 | headnote 4 on the next page, the court concludes and says, "In |
| 10 | light of *Shaw*, we therefore overrule our prior cases on this |
| 11 | question and hold that wire fraud requires the intent to |
| 12 | deceive *and* cheat -- in other words, to deprive the victim of |
| 13 | money or property by means of deception." |
| 14 | And I think if you look at the beginning of that section |
| 15 | on page 6, even though it's -- even though it seems redundant, |
| 16 | it seems to me that the Ninth Circuit defines "deceive" and |
| 17 | "cheat" separately and that cheat also includes in their |
| 18 | definition the idea of deceit.  So it's a little bit redundant |
| 19 | but the long story short is I think it's fine for the Court to |
| 20 | give that Merriam Webster instruction or the -- or the |
| 21 | definition that is there at the -- right before headnote 4. |
| 22 | Now, Mr. Fakhoury has pointed out to us that the bank |
| 23 | fraud instruction that we have says that a scheme to defraud |
| 24 | means any deliberate plan of action or course of conduct by |
| 25 | which someone intends to deceive and cheat a financial |

```
 1   institution and deprive it of something of value.
 2       So again, you know, if we're defining "cheat" as set forth
 3   in Miller, I guess that makes -- makes it all a little bit
 4   repetitive or redundant, but I don't think that that's
 5   confusing and I think it's accurate and I think it reflects
 6   the Ninth Circuit law on what "cheat" means and certainly what
 7   the phrase "deceive and cheat" means in toto.
 8           THE COURT:  Thanks.
 9       Mr. Fakhoury?
10           MR. FAKHOURY:  Thank you, Your Honor.
11       I guess I would say --
12           THE COURT:  Very helpful to me if you would start by
13   telling me what definition you're proposing --
14           MR. FAKHOURY:  Sure.
15           THE COURT:   -- I give the jury.
16           MR. FAKHOURY:  I would propose the definition in
17   Avery.  This was the case the Court gave to the parties
18   yesterday, the little blurb, the District of Alaska case.
19       And my proposal would be --
20               (Off-the-record discussion.)
21           THE COURT:  Well, Judge Beistline gives many
22   definitions and you probably have a favorite.
23           MR. FAKHOURY:  I do.
24           THE COURT:  What is it?
25           MR. FAKHOURY:  It's the *Oxford English Dictionary*
```

|    |    |
|---|---|
| 1  | definition, "to act dishonestly or unfairly in order to gain |
| 2  | an advantage." |
| 3  | And the reason I would propose that language, Your Honor, |
| 4  | is for two reasons.  One is we've already given the jury the |
| 5  | *Miller* instruction.  And as Mr. Waldinger indicated, it's |
| 6  | contained within section -- within instruction 15.36. |
| 7  | So rather than give them another instruction, I would -- I |
| 8  | would start by saying if we're going to define "deceive and |
| 9  | cheat," the general phrase, we should just cite them back to |
| 10 | the instruction they've already been given. |
| 11 | The second thing is it's -- they've asked about the |
| 12 | definition of "cheat."  And it's clear from *Miller* that |
| 13 | deceive and cheat are two separate concepts. |
| 14 | So I think the *OED* definition Judge Beistline has -- |
| 15 | that's cited in his order defines the word "cheat" and answers |
| 16 | their question more directly than referring back to other |
| 17 | concepts they haven't asked about, particularly where some of |
| 18 | the language about scheme to defraud means an intent to -- |
| 19 | like -- in other words, if we define "cheat" by citing to |
| 20 | scheme to defraud more generally, it's a little redundant and |
| 21 | circular. |
| 22 | So I think we should directly answer their question, use |
| 23 | the OED definition.  And if the Court wants to also regive |
| 24 | 15.36, I don't have an issue with that. |
| 25 | **THE COURT:**  Submitted? |

1            **MR. WALDINGER:**  Submitted, Your Honor.

2            **MR. FAKHOURY:**  Yes, Your Honor.

3            **THE COURT:**  The Court will give the definition

4  directly from the *Merriam-Webster Dictionary* that I read

5  yesterday.

6      I love the *Oxford English Dictionary*.  It began as a

7  glimmer in the eye of lexicographers in London in 1857 and

8  finally it came forth as a work late in the 19th century.

9  It's fundamentally English in its outlook.  And so although it

10 might be the favorite definition of the defendant, I'm not

11 confident that it's the best definition capturing American

12 usage.

13     I think there is some redundancy there.  But that is

14 something that the Ninth Circuit has decided that we're all to

15 live with.  The Ninth Circuit doesn't create the redundancy by

16 saying that we're going to have both of -- I mean, the -- it's

17 not the job of the court to try to eliminate a redundancy that

18 has been automatically created by what the Ninth Circuit did.

19     I think that to deceive somebody, in this context, means

20 to fool them.  To cheat them means to get something because

21 you fooled them.  That's essentially the difference.

22     Now because there's an aspect of fooling somebody inherent

23 in both of those definitions, there's some overlap.  But it

24 isn't just my preference for American usage that causes me to

25 rule that way.  It's because it's the definition adopted by

1  the Ninth Circuit in *Miller* at 953 F.3d 1095 at page 1101.  So
2  that's what I'm going to do.
3      Let's talk about these other two questions from the jury.
4      **MR. WALDINGER:**  I believe that we have general
5  agreement on that, Your Honor.  And I -- what the government
6  would suggest is that Your Honor tell the jury that the
7  evidence consists of the sworn testimony, exhibits received,
8  and any facts to which the parties have agreed.  That's
9  instruction 6.6.
10     And then also to tell the jury that its recollection and
11 understanding of the testimony controls and should be
12 considered in the context of all the evidence presented.
13     We also believe that because the jurors' question relates
14 the Fund II, the Court should reread the instruction --
15     **THE COURT:**  The limiting instruction?
16     **MR. WALDINGER:**  The limiting instruction, as well as
17 instruction 6.10 which is for activities not charged.  So that
18 would be 6.10 and 2.12.
19     That would be the government's recommendation.
20     **THE COURT:**  Okay.  Let me hear from Mr. Fakhoury.
21 And then I want to actually write it down, you know, get the
22 exact wording that I'll give the jury.
23     Mr. Fakhoury.
24     **MR. FAKHOURY:**  I'm sorry, Your Honor.  I have no
25 issue with that.  I think that's fine.

1   **THE COURT:** Okay, so let's --

2              (Pause in the proceedings.)

3   **THE COURT:** And when I'm using -- when I'm giving the definition of "cheat," should I say to deprive someone of something valuable?  Or should I, as the court did in *Miller*, insert "Silicon Valley Bank."  So should I say "to deprive Silicon Valley Bank of something valuable"?

8   **MR. WALDINGER:** That's what the government would recommend, Your Honor.

10  **THE COURT:** I don't want them to convict Mr. Rothenberg if they think he tried to deprive somebody else of something valuable.  So I do think probably it's better to just put SVB in there.

    Mr. Fakhoury, do you want to be heard?

15  **MR. FAKHOURY:** That's fine, Your Honor.

16  **THE COURT:** So my understanding of the parties' proposal regarding the other two questions is to include all the text from instruction 6.6, add the sentence "Your recollection of the testimony controls," and to add the limiting instruction which is 2.12, as well as the activities not charged instruction which is 6.10.

22  **MR. WALDINGER:** Correct.

23  **MR. FAKHOURY:** Yes, Your Honor.

24  **THE COURT:** Would counsel prefer that I answer their question in writing and just send the note back, which is my

```
 1   typical practice, or bring all the jurors into the court, say
 2   what I'm going to say and then send them back to the jury
 3   room?
 4           MR. WALDINGER:  I think the government would have a
 5   slight preference for bringing them in, Your Honor.  But I
 6   defer to Your Honor.
 7           THE COURT:  Mr. Fakhoury?
 8           MR. FAKHOURY:  I -- I also tend to have a preference
 9   to bring them in, if that's okay.
10           THE COURT:  Well, let's do it.  That's fine.
11      I think for reasons I can't identify, much less
12   articulate, I only send back a written note if the parties
13   stipulate.  I didn't hear a stipulation.  I mean I sort of
14   did.  But it didn't have a lot of oomph behind it.  So let's
15   bring them in when they get here, and I'll do that.
16      And I'll just put those instructions in order so I'm
17   ready.
18           MR. WALDINGER:  And so the extra phrase that Your
19   Honor is going to provide is to instruct the jury that its
20   recollection and understanding of the testimony controls and
21   should be considered in the context of all the evidence
22   presented?
23           THE COURT:  I'm going to need to write that down.
24           MR. WALDINGER:  Okay.
25           THE COURT:  But sure.
```

|    |    |
|----|----|
| 1  | Say it again.  "Your recollection...." |
| 2  | **MR. WALDINGER:**  "And understanding of the testimony." |
| 3  | **THE COURT:**  Hold on. |
| 4  | **MR. WALDINGER:**  So it's "Your recollection and |
| 5  | understanding" -- |
| 6  | **THE COURT:**  Yes. |
| 7  | **MR. WALDINGER:**  -- "of the testimony controls and |
| 8  | should be considered in the context of all the evidence |
| 9  | presented." |
| 10 | **THE COURT:**  All right. |
| 11 | **MR. WALDINGER:**  Thank you, Your Honor. |
| 12 | **THE COURT:**  All right.  Very good. |
| 13 | Well, hopefully our jurors will be on time this morning. |
| 14 | All right.  Anything else to discuss before they get here? |
| 15 | **MR. WALDINGER:**  I don't think so, Your Honor, other |
| 16 | than going off the comment you made before. |
| 17 | Did you read the book about the beginnings of the *Oxford* |
| 18 | *English Dictionary*? |
| 19 | **THE COURT:**  I didn't.  I just took a -- I did what |
| 20 | most people do these days.  I looked at Wikipedia for a couple |
| 21 | minutes. |
| 22 | **MR. WALDINGER:**  Okay.  There's a very good book.  I |
| 23 | don't know if you heard about it, but it's -- it's a good |
| 24 | story about how that guy started the whole thing. |
| 25 | **THE COURT:**  Hmm. |

1     **MR. WALDINGER:**  I'd recommend it.

2     **THE COURT:**  Thanks.

3  You and I had a discussion a few years ago about *Desert Solitaire*.

5     **MR. WALDINGER:**  I remember you were going to Arches.

6     **THE COURT:**  By Edward Abbey.  I did go to Arches.

7  This can be off the record.

8             (Off-the-record discussion.)

9  (Recess taken at 8:21 A.M.; proceedings resumed at 8:37 A.M.)

11  (The following proceedings were heard out of the presence of the jury:)

13     **THE COURT:**  We're on the record.  We're outside the presence of the jury.

15  Mr. Rothenberg, I want you to put that phone in your pocket.  I already talked to you about this once.  I expect I'm not going to have to talk to you about that phone again because I'm not going to see it.

19  Do you understand what I'm saying?

20     **THE DEFENDANT:**  Yes, Your Honor.

21     **THE COURT:**  Thank you.

22  Let's bring the jury in.

23     **THE CLERK:**  Please rise for the jurors.

24  / / /

25  / / /

|   |   |
|---|---|
| 1 | (The following proceedings were heard in the presence of |
| 2 | the jury:) |
| 3 | **THE CLERK:** You may be seated. |
| 4 | **THE COURT:** All right. Let's go on the record. |
| 5 | All the jurors are in their assigned seats. Our alternate |
| 6 | juror is on telephone standby. |
| 7 | All the parties and counsel are at counsel table. |
| 8 | Good morning, Jurors. |
| 9 | **JURORS:** Good morning. |
| 10 | **THE COURT:** Have you all elected a presiding juror? |
| 11 | **JURORS:** Yes. |
| 12 | **THE COURT:** Is that Mr. Hailey? |
| 13 | **PRESIDING JUROR:** Yes. |
| 14 | **THE COURT:** Good morning, Mr. Hailey. |
| 15 | **PRESIDING JUROR:** Good morning. |
| 16 | **THE COURT:** Thank you all for your hard work in |
| 17 | deliberating so far. |
| 18 | You sent out a question right at the end of your workday |
| 19 | yesterday. It has three parts. You asked: |
| 20 | What is the legal definition of cheat? |
| 21 | Are there any restrictions on Mike Rothenberg moving funds |
| 22 | from Fund II to his personal account? |
| 23 | And: Are funds from Fund II encumbered? |
| 24 | I'm going to answer those questions to the extent I'm able |
| 25 | to answer them. |

1     The word "cheat" does not have a special legal definition.
2  It has its ordinary dictionary definition.  The definition of
3  "cheat" as applied to this case means "to deprive
4  Silicon Valley Bank of something valuable by the use of deceit
5  or fraud."  I'll say it again.
6     As applied to this case, to cheat means "to deprive
7  Silicon Valley Bank of something valuable by the use of deceit
8  or fraud."
9     Mr. Hailey, do you think it would be useful to your group
10 if I were to just reduce that to writing, as I have with all
11 the other instructions, and send it back to the jury room?
12         **PRESIDING JUROR:**  I think it would be helpful, yes.
13         **THE COURT:**  That's what I'll do.  So I don't think
14 that will take very long, and we'll send back enough copies
15 for everybody.
16     With regard to your other two questions, mostly what I'm
17 going to do is just read some existing jury instructions to
18 you, although I'll add a sentence.  Because it's these
19 instructions that, if you follow them, will enable your group
20 to answer these questions.
21     The evidence you're to consider in this case in deciding
22 what the facts are consists of, first, the sworn testimony of
23 any witness; second, the exhibits received in evidence; and,
24 third, any facts to which the parties have stipulated.  Your
25 recollection and understanding of the testimony controls and

1    should be considered by you in the context of all the evidence
2    presented.
3        You heard evidence that the defendant transferred or
4    caused to be transferred money from the bank account of
5    Rothenberg Ventures Fund II LLC to the bank account of
6    Rothenberg Ventures Management Company LLC and then on to his
7    personal Bank of America and Merrill Lynch accounts, or that
8    the defendant transferred or caused to be transferred money
9    from one of his Merrill Lynch accounts to his personal Bank of
10   America account and then on to the bank account of Rothenberg
11   Ventures Management Company LLC and/or the bank account of
12   Rothenberg Ventures Fund II LLC.
13       I instruct you that you may consider this evidence only
14   for the limited purpose of determining whether the defendant
15   acted with the intent to defraud Silicon Valley Bank, devised
16   a scheme to defraud Silicon Valley Bank, and/or executed a
17   scheme to defraud Silicon Valley Bank.  You must consider it
18   only for that limited purpose and not for any other purpose.
19       You're here only to determine whether the defendant is
20   guilty or not guilty of the charges in the indictment.  The
21   defendant is not on trial for any conduct or offense not
22   charged in the indictment.
23       That's the Court's answer to your questions to the best of
24   my ability within the limits of my authority.
25       So I'll ask Ms. Lee to return you to the jury room.  Thank

1  you.
2  **THE CLERK:**  Please rise for the jury.
3  (The following proceedings were heard out of the presence
4  of the jury:)
5  **THE COURT:**  All right.
6  We're outside the presence of the jury.
7  Again, I'm going to just type this up.  I'll have Ms. Lee
8  or Mr. DeGuglielmo bring it out for everybody to look at to
9  make sure I didn't put any typos in there, and then we'll make
10 a bunch of copies for the jurors and copies for you.
11 Court is in recess.
12 **MR. WALDINGER:**  Very good.  Thank you, Your Honor.
13 **MR. FAKHOURY:**  Thank you, Your Honor.
14 **MR. WALSH:**  Thank you, Your Honor.
15 (Court in recess at 8:44 A.M. while the jury deliberates.)
16 (No further proceedings on the record; court adjourned at
17 1:30 P.M.)
18                            --o0o--

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter. I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken, and further that I am not financially nor otherwise interested in the outcome of the action.

_____

Raynee H. Mercado, CSR, RMR, CRR, FCRR, CCRR

Wednesday, November 16, 2022