UNITED STATES DISTRICT COURT                    *ORIGINAL*

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable JON S. TIGAR, Judge

```
UNITED STATES OF AMERICA,     )    Jury Trial
                              )
          Plaintiff,          )    Volume 7
                              )
   vs.                        )    NO. CR 20-00266JST
                              )
MICHAEL BRENT ROTHENBERG,     )    Pages 1214 - 1223
a/k/a MIKE ROTHENBERG,        )
                              )
          Defendant.          )    Oakland, California
_____)    Thursday, November 10, 2022
```

**REPORTER'S TRANSCRIPT OF ZOOM WEBINAR PROCEEDINGS**

**APPEARANCES VIA ZOOM WEBINAR:**

For Plaintiff:              STEPHANIE M. HINDS, ESQ.
                            United States Attorney
                            1301 Clay Street, Suite 340S
                            Oakland, California  94612
                      BY:   KYLE F. WALDINGER,
                            NICHOLAS J. WALSH,
                            ASSISTANT UNITED STATES ATTORNEYS


For DEFENDANT:              Moeel Lah Fakhoury LLP
                            1300 Clay Street, Suite 600
                            Oakland, California  94612-1427
                      BY:   HANNI M. FAKHOURY, ATTORNEY AT LAW


Reported By:                Raynee H. Mercado
                            CSR. No. 8258


    Proceedings reported by electronic/mechanical stenography;
transcript produced by computer-aided transcription.

**RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR, CCRR (510) 565-7228**

```
 1    Thursday, November 10, 2022                    1:04 P.M.

 2                      P R O C E E D I N G S

 3                         (Zoom Webinar)

 4                            --o0o--

 5         (The following proceedings were heard out of the presence

 6    of the jury:)

 7              THE CLERK:  Your Honor, now calling criminal matter

 8    20-266, United States v. Michael Brent Rothenberg.

 9         If counsel could please state their appearances for the

10    record, starting with the government.

11              MR. WALDINGER:  Good afternoon, Your Honor.  Kyle

12    Waldinger and Nicholas Walsh for the United States.

13              MR. FAKHOURY:  And good afternoon, Your Honor.  Hanni

14    Fakhoury on behalf of Mr. Rothenberg.  He's present by video

15    and consents to video appearance this afternoon.

16              THE COURT:  Very good.  Welcome to all of you.

17         I read the parties' joint status statement that they filed

18    yesterday.  I appreciate that the parties are still so capable

19    of filing things jointly.

20         I'm ready to take any additional argument that the parties

21    want to make.

22         There really are two simple questions contained in the

23    joint status report.  One is whether the Court should give --

24    or should give some version of the proposed jury instruction

25    about Silicon Valley Bank and its negligence or lack thereof,
```

*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR, CCRR (510) 565-7228*

 1     et cetera.  And the other is Mr. Fakhoury's request that if I

 2     do give such an instruction, that I give an instruction about

 3     good faith, modeled on the *Molinaro* case.

 4         Mr. Waldinger or Mr. Walsh, would either of you like to

 5     make any additional argument beyond what's contained in the

 6     brief?

 7               **MR. WALDINGER:**  Only briefly, Your Honor.

 8         The proposed additions to the instruction I think

 9     accurately are a statement of the law.  We are asking for them

10     because I think the -- we think the bell has been rung in

11     terms of SVB's lack of diligence or negligence by the

12     questions that have been asked.  And so I think it's fair to

13     give that instruction to guide the jury.

14         They may -- you know, that evidence may be relevant for

15     some other purpose, and Mr. Fakhoury says that there is some

16     other purpose.  He's not required to -- to tell us what that

17     is.  But I think given that the bell has been rung, it's fair

18     to advise the jury about that.

19         With respect to the good faith instruction, I don't really

20     see how the two go hand in hand in terms of the defendant's

21     good faith on the one hand and SVB's negligence or lack of

22     diligence on the other.  I think they're two separate issues.

23     And I think -- I still don't see the basis for giving a good

24     faith instruction.

25         And with that, I think we would submit.

1          **THE COURT:**  Thanks, Mr. Waldinger.

2      Mr. Fakhoury?

3          **MR. FAKHOURY:**  I'll just -- I'll just briefly respond

4  to Mr. Waldinger's comments.  And I'll start with the second

5  one.

6      I think my feeling is or my position is I think the model

7  instruction lays out the law and addresses the government's

8  concerns.  And if the Court is not inclined -- well, if the

9  Court is inclined to add in additional statements of the law

10  to give to the jury, then I think a good faith instruction,

11  also not in the model instruction, but yet a state -- correct

12  statement of the law should also be given so that the jury is

13  getting sort of like all of the law, if that's the road we're

14  going to go down.

15      Alternatively that -- you know, my alternative suggestion

16  would be just stick to the model instruction and leave it at

17  that.

18      And then as to the first point, I indicated in my -- my

19  position, I'm happy to provide the Court with an -- like

20  ex-parte offer of proof if the Court wants it, but I will say,

21  you know, I will not be arguing negligence.  I've said that in

22  the papers.  I know the Court has already excluded that

23  argument anyway, and I abide by court orders.  So that's not

24  going to be how that issue is going to come up.

25      But if the Court needs more specifics, I'm happy to

1   provide them.  I just don't want to preview my closing

2   argument on Zoom to the government.

3          **THE COURT:**  Very good.

4      Mr. Waldinger, anything more to say, or is the matter

5   submitted?

6          **MR. WALDINGER:**  Submitted, Your Honor.

7          **THE COURT:**  The Court will rule as follows:  First, I

8   won't take any evidence or argument in camera on this issue

9   from any party.  I don't like to take anything in camera if I

10  can avoid it.  By definition, matters that are received in

11  camera that are submitted by only one party are not known to

12  the other side.  And nothing about the facts of this

13  particular dispute strike me as requiring the Court to do

14  that.

15     I am going to give a version of the additional language

16  that the government wants to give.  "Naive" is gone.  We're

17  not going to do the law of naivete in this trial.  We're going

18  to let another court develop the law of naivete.  And you can

19  choose "careless" or "negligent," I don't care which one, but

20  they're redundant.  So we're going to have two of those four

21  words.

22     And I'll order the government to submit a form of

23  instruction, to file it on the docket as a PDF, but to send it

24  to Ms. Lee as a Microsoft Word document so it can easily be

25  incorporated into our existing instructions, and to run that

1     document by Mr. Fakhoury before you file it so that the Court

2     can know that, although Mr. Fakhoury might not agree with the

3     instruction, he has approved it as to form.

4          Getting back to the reasons for the Court's ruling, I do

5     think that the instruction is an accurate statement of the

6     law.  I perceive no prejudice whatsoever to the defendant

7     because, as Mr. Fakhoury just finished explaining, he isn't

8     going to argue that Silicon Valley Bank is negligent.  So not

9     is it only a correct statement of the law, it doesn't appear

10    to me to injure any interest that the defendant has.

11         I agree that the bell has been rung.  Regardless of

12    whether -- and by "bell has been rung," I agree that a juror

13    of any sophistication, and we do have such jurors, might

14    conclude that Silicon Valley Bank could have asked more

15    questions or otherwise been more diligent in its evaluation of

16    Mr. Rothenberg's loan applications.

17         That being said, that being true, it seems to me that this

18    modest addition to the instruction is appropriate.

19         To -- I am not going to give what we have been calling

20    disputed instruction number 3.  Mr. Fakhoury has said if

21    you're going to add some instructions, essentially, how about

22    if you add one of mine.  That's not how it works.

23         But more fundamentally on the merits, there is subsequent

24    Ninth Circuit case law to -- I think it's the *Molinaro* case

25    cited by defendant, in which the Ninth Circuit noted, "Our

1    case law is well settled that a criminal defendant has 'no

2    right' to *any* good faith instruction when the jury has been

3    adequately instructed with regard to the intent required to be

4    found guilty of the crime charged, notwithstanding the normal

5    rules governing 'theory of defense' requests."  That's *United*

6    *States v. Shipsey*, S-H-I-P-S-E-Y, 363 F.3d 962 at 967 (9th

7    Cir. 2004).  That case was overruled on other grounds by

8    *United States v. Miller*, 953 F.3d 1095 (9th Cir. 2020).

9         Without providing the specific quotations, I would say

10   that two other cases are to the same effect.  And those cases

11   are *United States v. Dees*, D-E-E  -- I might have said three

12   e's there -- D-E-E-S, 34 F.3d 838 at 842 (9th Cir. 1994).  And

13   *United States v. Frega*, 179 F.3d 793 at page 804 (9th Cir.

14   1999).

15        So those will be the Court's rulings.

16        Now, gentlemen, since we're all on screen together and

17   we're on the verge of a three-day weekend, is there anything

18   else that we should be addressing?

19        Mr. Waldinger, you have your hand up.

20             **MR. WALDINGER:**  Yes.  I'm sorry, I should have

21   brought this up before.  I think the government would -- I

22   hear -- we have to choose, we're leaving out "naive," and we

23   can choose --

24                        (Simultaneous colloquy.)

25             **THE COURT:**  I don't know what the word "naive" means

1    legally.  Yes, we're leaving that one out.

2        I'm sorry.  And you can choose between "careless" and

3    "negligent."

4            MR. WALDINGER:  So it can say "gullible or careless"

5    or "gullible or negligent."

6            THE COURT:  Correct.

7            MR. WALDINGER:  The other thing, because this focuses

8    on negligence or gullibility, I -- in looking closer at what

9    we've proposed, I think in the next sentence, the government

10   would prefer to drop the phrase "knew or" because knowing

11   something does not indicate negligence.

12       And so I think what we would like to do is just have that

13   next phrase say -- the next sentence say "whether

14   Silicon Valley Bank should have known," and so that I think

15   that would -- we'll make those two changes, but I just wanted

16   to let Your Honor know about that.

17           THE COURT:  Well, normally, of course I would say why

18   don't you talk to Mr. Fakhoury and let me know how that comes

19   out.  But in this instance the proposed change is so minor, we

20   can at least begin the conversation and perhaps finish it.

21       I can't imagine that anybody is going to think or that any

22   lawyer is going to suggest that Silicon Valley Bank knew that

23   the application was fraudulent.

24       I don't know.  Mr. Fakhoury, what do you think about this

25   request?

1        **MR. FAKHOURY:**  I'm processing it.  One second, Your

2   Honor.

3                    (Pause in the proceedings.)

4        **MR. FAKHOURY:**  I mean if the request is to get rid of

5   Silicon Valley Bank -- to make it read whether Silicon Valley

6   Bank should have known that submissions to SVB were false or

7   fraudulent, I mean, without waiving my objection to including

8   any of this language, I don't really have an issue with that

9   change if this is the language that's coming in.

10       **THE COURT:**  That's my understanding of the request.

11  And I think --

12       **MR. FAKHOURY:**  Okay.

13       **THE COURT:**  -- substantively for purposes of

14  defending the case, the two things are the same.

15       **MR. FAKHOURY:**  I think that's right.

16       **THE COURT:**  And you're not waiving your objection to

17  the request in toto -- excuse me -- to the instruction

18  in toto.

19     So the Court will go ahead and adopt that modification.

20       **MR. WALDINGER:**  Very good.

21     So we'll -- we'll file the proposed instruction and send

22  Ms. Lee a Word version of that, Your Honor.

23       **THE COURT:**  Terrific.

24     Mr. Waldinger, do you have anything else on your list?

25       **MR. WALDINGER:**  I don't believe we found any -- I'm

1    sure there will be a typo, but we haven't found any in the

2    rest of the instructions.  And we don't have any issues with

3    any of the other instructions, Your Honor.

4            THE COURT:  I see.

5        Mr. Fakhoury, is there anything else we should be

6    discussing now that we're all here?

7            MR. FAKHOURY:  No, Your Honor.  Thank you.

8            THE COURT:  All right.  Thank you.

9        I will say I did something that I don't normally do, and

10   that is I had one of my law clerks proofread the instructions

11   before I sent them to you.  The reason I don't -- haven't done

12   that in the past is that they're so busy working on

13   substantive matters.  But one of them volunteered and I

14   couldn't resist.  So it may be that there won't be a typo this

15   time.  We'll have to see.

16       All right, gentlemen, thank you.

17       When you're not working in preparation for the conclusion

18   of our trial next week, I hope everyone has a good three-day

19   weekend.  I'll see you all on Monday.

20           THE CLERK:  Thank you.

21           MR. WALDINGER:  Thank you, Your Honor.

22           MR. FAKHOURY:  Thank you, Your Honor.

23           (Proceedings were concluded at 1:17 P.M.)

24                      --o0o--

25

**CERTIFICATE OF REPORTER**

      I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter. I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken, and further that I am not financially nor otherwise interested in the outcome of the action.

_____

Raynee H. Mercado, CSR, RMR, CRR, FCRR, CCRR

Thursday, November 10, 2022