**Pages 1 - 10**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Jon S. Tigar, Judge

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> VS. ) <br> ) <br> MICHAEL BRENT ROTHENBERG, ) <br> ) <br> Defendant. ) <br> _____) | NO. CR 20-00266-1-JST |

Oakland, California
Friday, December 16, 2022

**TRANSCRIPT OF ZOOM PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:
        OFFICE OF THE UNITED STATES ATTORNEY
        450 Golden Gate Avenue
        San Francisco, California  94102
  BY: **KYLE F. WALDINGER**
      **NICHOLAS J. WALSH**
      **ASSISTANT UNITED STATES ATTORNEYS**

For Defendant:
        MOEEL LAH FAKHOURY LLP
        1300 Clay Street, Suite 600
        Oakland, CA  94612
  BY: **HANNI M. FAKHOURY, ESQUIRE**

Reported By:  Pamela Batalo-Hebel, CSR No. 3953, RMR, FCRR
             Official Reporter

| | |
|---|---|
| 1 | **Friday - December 16, 2022**                                  9:57 a.m. |
| 2 | **P R O C E E D I N G S** |
| 3 | ---oOo--- |
| 4 | **THE CLERK:** Your Honor, now calling CR 20-266, United |
| 5 | States vs. Michael Brent Rothenberg. |
| 6 | If counsel could please state their appearances for the |
| 7 | record, starting with the Government. |
| 8 | **MR. WALDINGER:** Good morning again, Your Honor.  Kyle |
| 9 | Waldinger and Nicholas Walsh for the United States. |
| 10 | **MR. FAKHOURY:** Good morning again, Your Honor.  Hanni |
| 11 | Fakhoury on behalf of Mr. Rothenberg.  He's present and |
| 12 | consents to a video appearance this morning. |
| 13 | **THE COURT:** Very good.  Good morning to all of you. |
| 14 | We are still in the midst of the COVID pandemic.  It's not |
| 15 | safe for us to conduct the majority of our proceedings in |
| 16 | person without jeopardizing the health of the parties, the |
| 17 | lawyers, the Court, court staff, and the general public, so |
| 18 | we -- it's in the interests of justice that we proceed by video |
| 19 | this morning, and that is what we're going to do. |
| 20 | Mr. Waldinger, I think the microphone's yours.  The |
| 21 | purpose of the hearing, I think, was to determine whether the |
| 22 | United States will retry the case as to which the Court |
| 23 | recently declared a mistrial. |
| 24 | **MR. WALDINGER:** What the Government would propose, |
| 25 | Your Honor, because we're set now for the end of July for the |

1  other counts, is to kick these counts for now until after the
2  other trial, but I also think that Mr. Fakhoury has a separate
3  proposal with respect to filing additional motions regarding
4  those two counts.
5      So that would be the Government's proposal at this point,
6  Your Honor, given the need for both parties to prepare for the
7  July trial.
8          **THE COURT:**  Mr. Fakhoury.
9          **MR. FAKHOURY:**  Thank you, Your Honor.
10     I agree with Mr. Waldinger about setting -- well, not
11 setting the other two counts for trial at this time.  What he
12 was referring to in terms of motions is I -- what I was -- in
13 addition to not setting those first two counts for trial, what
14 I wanted to propose to the Court was if we could set a briefing
15 schedule on a post-trial Rule 29 motion, and we could agree on
16 a mutually agreeable briefing schedule as to that.
17     I think I could get my brief filed in three weeks and the
18 Government -- we could set a schedule that works for the
19 Government and the Court accordingly.
20     So beyond that, Your Honor, I don't have much else to add,
21 though.
22         **MR. WALDINGER:**  Your Honor, if I may be heard on the
23 Rule 29.
24     As I read the rule, Mr. Fakhoury had 14 days to file a
25 renewed Rule 29 motion after the Court discharged the jury, and

1  we're way past that date, and so I don't think that's a viable
2  motion at this point.
3         **THE COURT:**  I think I know what Mr. Fakhoury is going
4  to say, but I'll let him say it.
5         **MR. FAKHOURY:**  Well, I recognize there is a 14-day
6  deadline.  There is a provision that allows extension of those
7  deadlines upon a showing of excusable neglect.  I think,
8  frankly, rather than trying to argue that right now, perhaps I
9  could brief it, and then the Government can raise whatever
10  defense or challenge it wants to raise, and then obviously the
11  Court will resolve that.
12         **THE COURT:**  Mr. Fakhoury, is it possible that you
13  would be able to recall the date on which you made your motion
14  in court?
15         **MR. FAKHOURY:**  I believe it would have been -- I can
16  pull up -- I have the docket in front of me if you give me one
17  second, Your Honor.
18         **THE COURT:**  Sure.
19         **MR. WALDINGER:**  Your Honor, we believe it was
20  November 14th.
21         **MR. FAKHOURY:**  I believe that's right.
22         **THE COURT:**  Let me pull up the transcript, and
23  hopefully I can provide some further comment about this
24  timeliness issue.
25         **MR. WALDINGER:**  We think it's on pages 1410 --

|     |     |
| --- | --- |
| 1   | **THE COURT:**  Oh, I've got it.  Okay.  I -- because in |
| 2   | Rule 29(b) -- what we've been talking about this morning is |
| 3   | Rule 29(c). |
| 4   | In Rule 29(b), it says that the Court can reserve ruling |
| 5   | and then make a ruling later.  And in a 29(b) situation, I do |
| 6   | not believe the 14-day limit applies because the Court is the |
| 7   | one that's taking the motion. |
| 8   | **MR. WALDINGER:**  That's correct. |
| 9   | **THE COURT:**  But I denied the motion from the bench at |
| 10  | trial, so the 14-day limit then does apply.  Okay. |
| 11  | In civil cases, I reserve a ruling, so that's why I had to |
| 12  | look that up. |
| 13  | Well, I don't have any objection, Mr. Fakhoury, if you |
| 14  | think you've got a way around that 14-day limit.  I don't see |
| 15  | any -- I don't see why the Court would attempt to prevent you |
| 16  | from filing a motion. |
| 17  | And if you agree with the Government, that other than |
| 18  | setting the filing of that motion, there isn't further -- there |
| 19  | is not a need for the Court to further address these counts |
| 20  | right now, and that we can take up the setting of those counts |
| 21  | following our summer trial, that's also fine with me. |
| 22  | **MR. FAKHOURY:**  That would be my request, Your Honor. |
| 23  | Thank you. |
| 24  | **THE COURT:**  Okay. |
| 25  | So, gentlemen, remind me of the trial date for the |

1  remaining counts.
2      Mr. Waldinger --
3          **MR. WALDINGER:**  I believe it's July 24th, Your Honor.
4          **THE COURT:**  Okay.
5          **MR. WALDINGER:**  We have one more issue, I think.
6  Given the complexity of this first trial, I think the
7  second trial is not going to be less complex.  We have four
8  schemes to defraud.
9      We have spoken about this with Mr. Fakhoury.  I know the
10 Court has four weeks blocked out.  I think the parties would
11 like to just give the Court a heads-up that we think we're
12 going to go beyond that.
13         **THE COURT:**  Okay.
14         **MR. WALDINGER:**  I think and Mr. Walsh thinks it's more
15 of a six-week trial.  I think Mr. Fakhoury thinks it's a
16 two-month trial.  But we wanted to give you the heads-up on
17 that, Your Honor.
18         **THE COURT:**  Okay.  Good.  Actually, I appreciate that
19 because I'm in the process of trying to figure out the
20 remainder of my year next year.
21         **MR. WALDINGER:**  Okay.  Yeah.  I think on the -- the
22 last docket entry had it going to something like August 17th,
23 and I -- it seems fair to me to go through at least -- I have
24 it blocked out through the end of August, and it sound like
25 Mr. Fakhoury's recommendation, based on my conversations with

1   him, would be to the middle of September.
2           **THE COURT:**  Okay.  I'll bear that in mind.
3           **MR. WALDINGER:**  All right.  Otherwise --
4           **THE COURT:**  Unless -- go ahead.
5           **MR. WALDINGER:**  Do we want to set a briefing schedule,
6   or do you want us to just speak with Mr. Fakhoury?  I think we
7   would like --
8           **THE COURT:**  Why don't you all -- if you haven't
9   already had that discussion, why don't you have it so that --
10  there's obviously not a rush, and so if, you know, the parties
11  want to negotiate a day or two here or there or a week here or
12  there, they should be able to have those discussions offline.
13  And then you can just present the stipulation to the Court.  If
14  there's an issue with the stipulation, I'll let you know.
15          **MR. WALDINGER:**  And do you prefer that to be set on a
16  day where you have a live calendar as opposed to a Zoom
17  calendar?
18          **THE COURT:**  It's not important to me -- that's the
19  wrong phrasing.  It doesn't matter to me, but I'm happy to
20  accommodate counsel's wish.  I have to say that I'm -- I had
21  just started thinking about wanting to have more in-person
22  proceedings and then, of course, now there's a COVID surge,
23  so -- but I don't -- at the moment, I think approximately half
24  of my criminal calendar dates will be in person in 2023.  I
25  think that's what it's going to be going forward.

1        Whatever counsel prefers is fine.
2            **MR. WALDINGER:** All right.  Thank you, Your Honor.
3        I think that's it from the Government's side, Your Honor.
4            **THE COURT:** All right.  Very good.  We've already
5    excluded time through the trial, I know, on the remaining
6    counts, so I don't think there is any more time exclusion to be
7    done this morning.
8            **MR. WALDINGER:** Yeah.  I mean, I'm assuming,
9    Your Honor, that the exclusion of time works with respect to
10   Counts 1 and 2, but out of abundance of caution, given that
11   Mr. Fakhoury needs to prepare this motion and --
12           **THE COURT:** And also that he needs to prepare for
13   trial on the remaining counts.
14           **MR. WALDINGER:** Right.  So I think it would be
15   appropriate to exclude time for all of the counts in the case
16   at this point, at least through the trial date, if it hasn't
17   been clearly done on the record.
18           **THE COURT:** It doesn't injure anyone's interests to
19   keep excluding time.
20       Mr. Fakhoury, any objection?
21           **MR. FAKHOURY:** No, Your Honor.
22           **THE COURT:** That will be the Court's order.
23           **MR. FAKHOURY:** Did the Court want -- let me put it
24   this way.  I think it might be a good idea, in addition to
25   whatever briefing schedule we agree on, to perhaps set a status

1   conference on the remaining counts.

2   One of the things that I sort of anticipate, given the
3   broader scope of that case and the complexity of it, is I may
4   be requesting later like a discovery cutoff or some other
5   issues.  I just think it might be a good idea to have a status
6   conference so we can kind of check in on how things are going
7   on the other counts.

8   I think our next court date, short of the jury trial, is a
9   pretrial conference in June, but I think it might make sense to
10  have us come in a little bit earlier, maybe in early February,
11  would be my suggestion, so if there is a different day that
12  works for the Court and Mr. Waldinger and Mr. Walsh, I think
13  that's fine.

14  **THE COURT:**  I think that's an excellent idea.  I
15  think -- in my civil cases, I'm probably a little better about
16  establishing internal deadlines, kind of creating a skeleton
17  for the case.  The parties have been given a lot of time in
18  this case.  A lot.  And I would not want it to be the case that
19  later somebody was heard to complain that they were not able to
20  get something done.  So status conferences are the best way of
21  preventing that.

22  Early February is fine because, of course, we can always
23  have more after that if we want to.

24  **MR. WALDINGER:**  I would -- well, I would recommend
25  later.  I would recommend the 24th.  If it is early February, I

1   would try to stay away from the 17th, which hope springs
2   eternal on taking a four-day weekend that weekend, Your Honor.
3   So we would -- the next recommendation would be the 10th after
4   the 24th.
5           **THE COURT:**  No objection to the 24th, Mr. Fakhoury?
6           **MR. FAKHOURY:**  Your Honor, my only concern with the
7   24th is I actually -- I'm actually starting a jury trial before
8   Judge Gonzalez Rogers on the 27th, and so my preference would
9   be earlier, so I'm okay skipping the 17th.  Maybe we could do
10  February 10th.
11          **MR. WALDINGER:**  That's fine, Your Honor.
12          **THE COURT:**  The beauty of positional bargaining.
13  February 10th it is.
14          **MR. WALDINGER:**  Would Your Honor like a proposed order
15  for the exclusion of time, or do you think it's sufficient --
16          **THE COURT:**  I would.
17          **MR. WALDINGER:**  We'll prepare that.
18          **THE COURT:**  Yes.  Thank you.
19      Have a good holiday.  We'll see you in February.
20          **MR. FAKHOURY:**  Thank you, Your Honor.
21          **MR. WALDINGER:**  Thank you, Your Honor.
22                  (Proceedings adjourned at 10:10 a.m.)

CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:    Monday, July 10, 2023

_____
Pamela Batalo Hebel, CSR No. 3593, RMR, FCRR
U.S. Court Reporter