Pages 1 - 13

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Jon S. Tigar, Judge

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | NO. CR 20-00266-1-JST |
| | ) | |
| MICHAEL BRENT ROTHENBERG, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Oakland, California
Friday, April 7, 2023

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:
        OFFICE OF THE UNITED STATES ATTORNEY
        450 Golden Gate Avenue
        San Francisco, California  94102
  **BY: KYLE F. WALDINGER**
       **NICHOLAS J. WALSH**
       **ASSISTANT UNITED STATES ATTORNEYS**

For Defendant:
        MOEEL LAH FAKHOURY LLP
        1300 Clay Street, Suite 600
        Oakland, CA  94612
  **BY: HANNI M. FAKHOURY, ESQUIRE**

        LAW OFFICE OF NATHANIEL J. TORRES
        338 Fillmore Street, No. 4
        San Francisco, CA  94117
  **BY: NATHANIEL J. TORRES, ESQUIRE**

Reported By: Pamela Batalo-Hebel, CSR No. 3953, RMR, FCRR
          Official Reporter

```
1    Friday - December 16, 2022                              9:57 a.m.
2                        P R O C E E D I N G S
3                              ---oOo---
4         THE CLERK:  Your Honor, now calling CR 20-266-JST-1,
5    United States vs. Michael Brent Rothenberg.
6        If counsel could please come forward and state their
7    appearances for the record, starting with the Government.
8         MR. WALSH:  Good morning, Your Honor.  Nicholas Walsh
9    and Kyle Waldinger for the United States.
10        THE COURT:  Yes.
11        MR. FAKHOURY:  Good morning, Your Honor.  Hanni
12   Fakhoury and Nate Torres on behalf of Mr. Rothenberg.  He is
13   present.  He is out of custody, Your Honor.
14        THE COURT:  Good morning.
15       Well, it's a status conference.  What's the status?
16        MR. WALSH:  So, Your Honor, we had -- first of all,
17   we're working cooperatively, discussing issues for trial,
18   things are going swimmingly; however, we wanted to discuss with
19   you the possibility of moving the case, the trial date.
20        THE COURT:  I think you put something about that on
21   the docket, and I decided is it -- I'm doing this by memory,
22   which is often a mistake.  My recollection is that you brought
23   this up, that's something you filed on the docket, and I
24   thought well, let me just see everyone.
25        MR. WALSH:  Nearly.  We actually reached out to
```

1  Ms. Lee and explored the possibility of whether we should file
2  something on the docket and then we set the status date.
3           **THE COURT:**  Okay.  So here we are.
4           **MR. WALSH:**  So there is nothing on the docket, but
5  your recollection is largely correct.
6      So we are seeking time first because this second trial is
7  much bigger than the first trial, as Your Honor is aware.
8  There's lots of issues we're working through.  Those we are
9  working through, but there are still a number that we're
10 dealing with.
11     Second, you have no doubt seen Silicon Valley Bank has had
12 a change in circumstances since --
13          **THE COURT:**  That institution has been in the news a
14 little bit lately.
15          **MR. WALSH:**  Hasn't it, though?  Who knew in the first
16 trial when we were putting on the FDIC about Silicon Valley
17 Bank it would be so prescient and timely.
18          **THE COURT:**  That will make jury selection more fun.
19          **MR. WALSH:**  Exactly.
20     Jury selection is an issue that also is a reason, as we've
21 reflected on our current trial date, which Your Honor knows is
22 July 24th.
23     As we've been reaching out to our witnesses, many of them
24 have vacation plans during August and July, and we anticipate
25 that our jurors are going to have the exact same problem, that

1   is, it's going to be hard to pick a jury for the length of
2   trial when the length of trial goes during vacation season.
3   And so it just seems -- it seemed to us, as we were discussing
4   the matter, that putting the matter into the fall would
5   alleviate at least that difficulty --
6           **THE COURT:** Is your length of trial five weeks?
7           **MR. WALSH:** Well, there is a difference --
8           **THE COURT:** On the calendar right now, I mean? Is
9   that the length, roughly?
10          **MR. WALSH:** I think it might actually only be four on
11  the calendar.
12          **THE COURT:** I see. Okay.
13          **MR. WALSH:** It might be five, Your Honor. Your
14  calendar, of course, doesn't go online past June, so it's a --
15          **THE COURT:** It's four.
16          **MR. WALSH:** Yeah. That's what my recollection was.
17          **THE COURT:** Okay.
18          **MR. WALSH:** There is a difference of opinion between
19  the parties here. We're thinking -- and I think we alerted --
20  I know we alerted you that we thought the last time we were
21  before you that it would be more like six weeks. Mr. Fakhoury
22  thinks longer, so there's a difference there between the
23  parties. I believe -- I won't speak for him, but I think he
24  thinks it's eight weeks. I don't think so, but he could be
25  right. These things do happen.

1       So it is a long period of time, and it would take up
2  certainly all of August, which is prime vacation season.
3       Our witnesses, of course, have often just a week here or
4  there, and we can probably plan around it, but a juror, of
5  course -- we can't plan around the jurors' vacations, right?
6       So we think that an additional period of time will allow
7  us to have a better, easier witness production, better jury
8  selection, better preparation on our parts.  Just from our
9  perspective, it feels like it's the right thing to do to make
10 this an efficient case for Your Honor.
11      So we don't have the benefit of your schedule to know
12 exactly when to fit it in so --
13      **THE COURT:**  One of the problems that I face is that I
14 don't have the benefit of my schedule.  These trials require me
15 to anticipate plans I often haven't had a chance to make yet.
16      **MR. WALSH:**  Yes.
17      **THE COURT:**  So what -- in a perfect world, what
18 approximate length of continuance would you seek?
19      **MR. WALSH:**  Well, we're trying to balance a lot of
20 things.  We had tentatively thought approximately the beginning
21 of October, but, you know, there's nothing magic about that.
22 It could be a little earlier, it could be a little later,
23 depending on whatever Your Honor's schedule is.  We just don't
24 know.
25      I do have a little bit of a window into the criminal cases

1  before Your Honor, and I know there is one in August already,
2  unless that's moved since I last looked, but I have no idea
3  about any of the civil trials and the rest of it, so...
4     **THE COURT:** Mr. Fakhoury?
5     **MR. FAKHOURY:** Your Honor, I think Mr. Walsh has --
6  the reasons articulated by Mr. Walsh I share.
7     And in terms of the timing, I had been operating on the
8  Government's assertion that the trial would take six weeks, and
9  I sort of thought well, I think maybe an eight-week estimate
10 would account for any defense case that gets put on.
11    Obviously, I think that's very much an over-estimate, and
12 I tend to think that it's probably a little bit better to
13 over-estimate, particularly for jurors, than to under-estimate,
14 so that's where that timing is coming from.  But I share in
15 Mr. Walsh's concerns with the trial date.
16    I also wanted to stress to the Court that I think the
17 additional time, beyond just accounting for scheduling issues
18 with jurors and witnesses -- I do think given the -- the fact
19 that this trial will be a bit larger than the first trial,
20 baking in a little bit of extra time to handle some of the
21 pretrial pleadings, exhibit lists and that sort of thing, would
22 be beneficial as well because I think this -- the scope of this
23 trial will be a lot larger than the first trial.  So I think
24 having that extra time also aids in that endeavor, which will
25 ultimately end up, I think, having a more efficient and

1  streamlined trial where people aren't filing things at midnight
2  and that sort of thing.  So I would join in the request.
3      In terms of the specific timing, we had sort of
4  tentatively talked about early October, if that's available,
5  but, again, a couple weeks before or a couple weeks after I
6  think would be fine.  It's obviously going to depend on the
7  Court's schedule.
8      **THE COURT:**  The setting of a criminal trial usually
9  blows up whatever else is on the trial calendar, unless it's
10 another criminal case.  And during the time period you're
11 discussing, I don't believe there any competing criminal
12 trials.
13     I just want to think out loud for a moment about the fact
14 of Silicon Valley Bank having put itself in the news and the
15 length of trial that you're suggesting and the possibility or
16 even the likelihood that if you begin a trial of that length in
17 October, you will run into people's Thanksgiving plans.
18     During -- or since the inception of the COVID pandemic --
19 and I think we experienced this in your trial, we had -- we
20 have had, as a court, much higher numbers of failures to
21 appear.  We have a greater number of what I view as legitimate
22 hardship requests.  And now we're looking at picking a jury for
23 a trial that will last six to eight weeks at which there will
24 be some discussion of, you know, Silicon Valley Bank.
25     As I understand it, all of the depositors at Silicon

1  Valley Bank were made whole so we're not going to have the
2  problem of a lot of people who have friends or relatives in the
3  tech space whose deposits were wiped out because there are no
4  such people, but, nevertheless, it will be an issue for
5  discussion with our jurors, all of which is to say I think jury
6  selection in this case could take significantly longer than it
7  normally does, that there will need to be more advanced
8  planning just so that we can get time-qualified jurors in here,
9  which will require a bigger effort on the part of the court.
10  So I would want to build that in to whatever time estimate we
11  constructed.
12      I think what I want to do is go ahead and continue the
13  trial into early October tentatively and then put you back on
14  calendar after I've done whatever research into my own
15  circumstances I need to do if the date is a problem.  I mean,
16  everyone is standing here in front of me now.  Let's pick a
17  date, and then I'll give some thought -- I'll talk to our jury
18  office about all these issues, and I'll give some thought to
19  what other steps we need to take.
20      I can tell you now that I will not -- I'm likely not to be
21  here on October 16th.
22          **MR. WALSH:**  Your Honor, the day or the week of the
23  16th?
24          **THE COURT:**  The day.
25          **MR. WALSH:**  The day.  Got it.

|   |   |
|---|---|
| 1 | **THE COURT:** Yeah. I'm performing a wedding that |
| 2 | weekend, prior weekend. I'll be traveling back. |
| 3 | **MR. WALDINGER:** And the prior Monday is a holiday. |
| 4 | **THE COURT:** Correct. So maybe October 2nd, very first |
| 5 | Monday in October. |
| 6 | **MR. WALSH:** Subject to Your Honor's investigation, |
| 7 | that seems like a reasonable date. |
| 8 | **THE COURT:** For calendaring purposes only, I'm going |
| 9 | to put you on through December 8th. I hope you don't need all |
| 10 | that time, but my guess is that if we get to Thanksgiving week, |
| 11 | we might be in session on a Monday, but we're not going to |
| 12 | otherwise be in session that week, so that week isn't real, and |
| 13 | then that -- what I just said gives you the eight weeks that |
| 14 | we -- that is Mr. Fakhoury's outside estimate. |
| 15 | **MR. FAKHOURY:** Your Honor, would October 2nd be the |
| 16 | start of jury selection or -- |
| 17 | **THE COURT:** Yes. |
| 18 | **MR. FAKHOURY:** Okay. Thank you. |
| 19 | **THE COURT:** Yes, it would. And what we'll do, as I |
| 20 | believe we did in your prior trial, is we'll send out |
| 21 | questionnaires well in advance, and then we'll have a day where |
| 22 | we can all get together in advance of October 2nd and just |
| 23 | release the people that we all agree are not going to be good |
| 24 | jurors. |
| 25 | Let's set some intermittent deadlines while we're at it. |

|   |   |
|---|---|
| 1 | **MR. WALSH:** One thing to note, Your Honor, as you are |
| 2 | about to do that, we have another status that, independent of |
| 3 | this, we had already set for April 21st. |
| 4 | **THE COURT:** Oh. |
| 5 | **MR. WALSH:** Which we could either keep or cancel, |
| 6 | subject to what your thoughts were about setting a status in a |
| 7 | little while. |
| 8 | **THE COURT:** I think let's continue it. |
| 9 | **MR. FAKHOURY:** That was going to be my request, |
| 10 | Your Honor. |
| 11 | **THE COURT:** It's always good to have a next date on |
| 12 | calendar, but that's too soon to be useful.  I'm gone for a |
| 13 | little while in June.  Maybe June 23rd.  How does that sound? |
| 14 | **MR. FAKHOURY:** Your Honor, I'm going to be out of the |
| 15 | district on that day.  I could do earlier -- |
| 16 | **THE COURT:** How about June 30th? |
| 17 | **MR. FAKHOURY:** June 30th is fine with me, Your Honor. |
| 18 | **MR. WALSH:** One moment, Your Honor. |
| 19 | **THE COURT:** Does that work for the Government?  That's |
| 20 | a Zoom-only date, but that's fine. |
| 21 | **MR. WALSH:** Zoom only.  I think that works.  Yes. |
| 22 | **MR. WALDINGER:** That's a status date, Your Honor? |
| 23 | **THE COURT:** Yes, sir. |
| 24 | **MR. WALSH:** Your Honor, in the interim between now and |
| 25 | then, I think we will kibitz and come up with dates for |

1    pretrial -- your standing order obviously sets them out, but we
2    can also adjust them and work together to submit something.
3         **THE COURT:**  Well, what I would like to have is -- I
4    don't always allow -- I don't always remember to allow enough
5    time for this, but I'd like to have the parties submit proposed
6    jury questionnaire questions, and what I've been doing in my
7    other cases is the Court has a form jury questionnaire to which
8    we can append up to 10 -- we, the judges, can append up to 10
9    questions that we've been sending out, but in this case, I
10   think I want more than 10 questions, and I think I want that
11   questionnaire pushed out over the internet in advance, so I
12   need to discuss that with the jury office, but I'd love for you
13   to build in a time by which you're just going to get me your
14   proposed questions on each side.
15        **MR. WALSH:**  That makes perfect sense, Your Honor.  Do
16   you think the June 30th date is a safe date for us to discuss
17   the deadline for that?
18        **THE COURT:**  Yes.
19        **MR. WALSH:**  Okay.  Great.
20        **THE COURT:**  Ms. Lee, I think the minutes can reflect
21   that there was a joint oral motion to continue the trial
22   date --
23        **THE CLERK:**  Yes, sir.
24        **THE COURT:**  -- due to witness availability and the
25   need for counsel to have additional preparation time, and the

```
 1   Court found good cause and granted the motion.
 2           THE CLERK:  Yes, sir.
 3           MR. WALSH:  Your Honor, I think we would also like to
 4   exclude time until October 2nd.  It is excluded now until
 5   July 24th under prior rulings.
 6           THE COURT:  Mr. Fakhoury, do you want to be heard?
 7           MR. FAKHOURY:  No, Your Honor.  Thank you.
 8           THE COURT:  The Court will exclude time until that
 9   date for the effective preparation of counsel for the trial.
10           MR. WALSH:  Does Your Honor wish a draft order --
11           THE COURT:  I would like such an order.
12           MR. WALSH:  I will prepare that for the Court.
13           MR. FAKHOURY:  Just to make sure I have the dates
14   correct, we have vacated the April 21st status conference and
15   set a status conference on June 30th at 9:30?
16           THE COURT:  Correct.
17           THE CLERK:  Via Zoom.
18           MR. FAKHOURY:  Zoom.  Okay.  Thank you.
19           MR. WALSH:  I think that's it, from our perspective,
20   Your Honor.
21           THE COURT:  Very good.
22      Mr. Fakhoury, anything further?
23           MR. FAKHOURY:  No, Your Honor.  Thank you.
24           THE COURT:  Thank you all.
25           MR. WALDINGER:  We were previously set for June 30th
```

```
 1   for the pretrial conference at 2:00, so I think that would have
 2   to be vacated.
 3           THE COURT:  That date also will be vacated.  Let's set
 4   a pretrial conference now.
 5           MR. WALDINGER:  Do you want to do that on a Friday,
 6   Your Honor?
 7           THE COURT:  I do.  I'm just looking at what our
 8   options are.  Somebody is going to get bumped on the civil
 9   side.  Maybe September 8th at 2:00.  Just leave ourselves a
10   little room in case there is something that we need to deal
11   with substantively before October 2nd.
12           MR. WALDINGER:  I think that works for the Government.
13           THE COURT:  Mr. Fakhoury?
14           MR. FAKHOURY:  That works, Your Honor.  Thank you.
15           THE COURT:  Very good.  Pretrial conference
16   September 8th at 2:00 p.m.  That will be in person.  Thank you.
17           MR. WALSH:  Thank you, Your Honor.
18           MR. WALDINGER:  Thank you, Your Honor.
19                   (Proceedings adjourned at 10:16 a.m.)
20
21
22
23
24
25
```

CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:   Tuesday, July 18, 2023

*Pamela Batalo Hebel*
_____
Pamela Batalo Hebel, CSR No. 3593, RMR, FCRR
U.S. Court Reporter