| | |
|---|---|
| 1 | THOMAS A. COLTHURST (CABN 99493)<br>Attorney for the United States |
| 2 | Acting under Authority Conferred by 28 U.S.C. § 515 |
| 3 | KATHERINE L. WAWRZYNIAK (CABN 252751)<br>Acting Chief, Criminal Division |
| 4 | |
| 5 | KYLE F. WALDINGER (CABN 298752)<br>NICHOLAS J. WALSH (CABN 314290)<br>Assistant United States Attorneys |
| 6 | |
| 7 | 450 Golden Gate Avenue, Box 36055<br>San Francisco, California 94102-3495<br>Telephone: (415) 436-7200 |
| 8 | Fax: (415) 436-7234<br>Email: kyle.waldinger@usdoj.gov |
| 9 | Email: nicholas.walsh@usdoj.gov |
| 10 | Attorneys for the United States of America |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br>  v.<br>MICHAEL BRENT ROTHENBERG,<br>  a/k/a MIKE ROTHENBERG,<br>  Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | **CASE NO. CR 20-00266 JST**<br><br>**JOINT REQUEST FOR (1) ADDITIONAL JURY QUESTIONNAIRE QUESTIONS AND (2) DELETION OF CERTAIN STANDARD JURY QUESTIONNAIRE QUESTIONS**<br><br>Trial Date:     October 2, 2023<br>Pretrial Date: September 15, 2023<br><br>Judge:          Hon. Jon S. Tigar |

The parties understand that the Court intends to ask potential jurors to fill out a juror questionnaire that will include both standard questions and additional questions submitted by the parties. Pursuant to the Court's order of August 4, 2023, *see* dkt. 240, the parties have met and conferred and respectfully request that the Court (1) pose additional questions to the potential jurors and (2) delete certain questions from the Court's standard questionnaire. The proposed additions and proposed deletions are set out below. With respect to the proposed additional questions, the parties have attempted to mirror the format of the Court's standard questionnaire.

JOINT REQUEST RE: JURY QUESTIONNAIRE
CR 20-00266 JST

Joint Request for Additional Questions

1. Have you ever had any education or training or have you had work experience in the following areas? Please check all that apply:

- ☐ Accounting/Forensic Accounting
- ☐ Banking/Finance
- ☐ Entrepreneurship and Startups
- ☐ Private Wealth Management (*e.g.*, a "Family Office")
- ☐ Securities/Investments/Stock or Options Trading
- ☐ Venture Capital

Please describe your experience in any of the areas you checked above:

2. Have you, your spouse/partner, or any close relatives or friends been employed by, associated with, or otherwise affiliated with the United States Attorney's Office for the Northern District of California, the Federal Bureau of Investigation, the Internal Revenue Service, the United States Securities and Exchange Commission, the Federal Reserve Bank, or the Federal Deposit Insurance Corporation?

- ☐ No
- ☐ Yes

If yes, please describe:

/ / /
/ / /

3.      The Court estimates that the trial of this case will last as long as eight weeks.  Do you have any specific problem of a serious nature that might prevent you from serving as a juror in this case?

☐      No

☐      Yes

If yes, please explain the nature of the problem:

```
┌─────────────────────────────────────────────────────────────┐
│                                                             │
│                                                             │
│                                                             │
│                                                             │
└─────────────────────────────────────────────────────────────┘
```

The parties note that they considered whether to include a question or questions regarding Silicon Valley Bank ("SVB").  Although the case will involve SVB, although SVB has been the subject of news coverage, and although the failure of SVB may have affected potential jurors, the parties have met and conferred and believe that the better course is to address juror attitudes and potential biases regarding SVB during the *voir dire* process.  The parties believe this because there are no allegations, and the parties agree there will be no proof or argument offered, that the alleged criminal conduct in this case pertaining to SVB led to or proximately caused SVB's failure.  Furthermore, the parties also agree that focusing on SVB in any particular questionnaire question may lead potential jurors to believe that the case for which they are being summonsed relates to SVB's failure and could prompt potential jurors to conduct internet research and thereby learn about the facts of this particular case.  Finally, because the standard questions and the parties proposed questions seek information about potential jurors' employment and employment history, including in the "banking/finance" field, the parties believe that there will be sufficient information upon which to conduct *voir dire* regarding SVB issues.

<u>Joint Request for Deletion of Questions</u>

The parties believe that the Court should delete the questions in the standard questionnaire regarding "feelings about awarding money to the winning party in a civil case" (Background Question #7) and regarding COVID-19 vaccination status (Final Question #2).  The parties have met and conferred and believe that the civil case question is not needed in this criminal matter.  Furthermore, the parties believe that, at this point, inquiry regarding COVID-19 vaccination status is not likely to elicit

answers as to which the Court and the parties can make decisions and take actions.

DATED: August 17, 2023          Respectfully submitted,

THOMAS A. COLTHURST
Attorney for the United States
Acting under Authority Conferred by 28 U.S.C. § 515

    /s/
KYLE F. WALDINGER
NICHOLAS J. WALSH
Assistant United States Attorneys

    /s/
HANNI M. FAKHOURY
NATHANIEL TORRES
Counsel for Defendant Michael Rothenberg