Michael B. Rothenberg
mrothenberg@rothenberg.co
712 Bryant Street, Unit #6
San Francisco, California 94107
Telephone:     (415) 761-1062

*PRO SE* DEFENDANT

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 3:18-cv-05080-JST |
| Plaintiff, | |
| vs. | DEFENDANT, MICHAEL B. ROTHENBERG'S RESPONSES TO PLAINTIFF SEC'S FIRST SET OF REQUESTS FOR PRODUCTION |
| MICHAEL B. ROTHENBERG, and ROTHENBERG VENTURES LLC (f/k/a FRONTIER TECHNOLOGY VENTURE CAPITAL, LLC and ROTHENBERG VENTURES MANAGEMENT COMPANY LLC), | |
| Defendants. | |

PROPOUNDING PARTY:    PLAINTIFF SECURITIES AND EXCHANGE COMMISSION

RESPONDING PARTY:    MICHAEL B. ROTHENBERG

SET NO.:    One

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Michael B. Rothenberg ("Mr. Rothenberg" or "Responding Party") hereby responds to Plaintiff Securities and Exchange Commission's (the "SEC") First Set of Requests for Production, served December 18, 2018. Discovery is ongoing and Responding Party reserves the right to amend its responses.

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action.  Mr. Rothenberg's investigation and development of all facts and circumstances relating to this case is ongoing.  Mr. Rothenberg's responses are based on the facts and circumstances known to Mr. Rothenberg as of the date of these responses.  Mr. Rothenberg is under no obligation to supplement its responses based on later discovered facts or circumstances, but otherwise expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein.  These responses and objections are made without prejudice to, and are not a waiver of, Mr. Rothenberg's right to rely on other facts or documents at trial.

By making the accompanying responses and objections to the Document Requests, Mr. Rothenberg does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege.  Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby.

Mr. Rothenberg's responses and objections are not intended to be, and shall not be construed as, an agreement with the SEC's characterization of any facts, circumstances or legal obligations.  Mr. Rothenberg reserves the right to contest any such characterization as inaccurate.  Mr. Rothenberg reserves the right to move for protective relief, if necessary.

1

**Specific Responses**

2  **DOCUMENT REQUEST NO. 1:**

3       Please produce all documents reviewed, considered, or relied upon in responding to the

4  SEC's First Set of Interrogatories to you.

5  **RESPONSE TO DOCUMENT REQUEST NO. 1:**

6       I specifically object to this document request on the grounds that it seeks material

7  protected by the attorney/client privilege and work product doctrine. Though I am not currently

8  represented by counsel in this case, there are many documents prepared for me by former counsel

9  of record or other former or current counsel that may be responsive to this request.

10      Subject to my preliminary statement and specific objections, I respond as follows:

11      Other than documents which are privileged, the governing documents for RVMC and the

12  Rothenberg Funds, and the settlement agreement between the SEC and me are responsive to this

13  request, each of which has already been produced during the investigation leading up to this case

14  and/or during this case or is otherwise already in the SEC's possession.

15

16  **DOCUMENT REQUEST NO. 2:**

17      Please produce the articles of incorporation or formation and bylaws of any entity in which

18  you owned any interest between January 1, 2015, and the present.

19  **RESPONSE TO DOCUMENT REQUEST NO. 2:**

20      I specifically object to this document request on the grounds that it is unduly burdensome

21  and oppressive, especially considering that the SEC has already received governing documents for

22  each of the entities involved in this case. I further object to this request on the grounds that it seeks

23  material that is not relevant to the matters remaining in controversy in this case, as such governing

24  documents have no bearing on the calculation of disgorgement for the SEC's claims that have

25  already been deemed true for purposes of this case.

26      Subject to my preliminary statement and specific objections, I respond as follows:

27      I do not currently have or did not receive articles of incorporation, formation documents or

28  bylaws for all of the entities in which I have owned an interest between January 1, 2015, and the

-3-

present. However, I believe that all of the formation documents for RVMC and each of the Rothenberg Funds have been provided to the SEC during the investigation leading up to this case and/or during this case. I will produce non-privileged documents responsive to this request that have not already been produced to the SEC during its investigation, if any.

**DOCUMENT REQUEST NO. 3:**

Please produce all agreements relating to any debt currently owed to or by you.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

I specifically object to this document request on the grounds that it seeks material that is not relevant to the matters remaining in controversy in this case, as my personal debts have no bearing on the calculation of disgorgement for the SEC's claims that have already been deemed true for purposes of this case.

Subject to my preliminary statement and specific objections, I respond as follows:

I will produce non-privileged documents responsive to this request that have not already been produced to the SEC during its investigation, if any.

**DOCUMENT REQUEST NO. 4:**

For the time period January 1, 2017, to the present, please produce the statements for all of your credit cards.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

I specifically object to this document request on the grounds that it seeks material that is not relevant to the matters remaining in controversy in this case. Furthermore, I object on the grounds that this request is unduly burdensome and oppressive, especially considering that the SEC has issued subpoenas to my credit issuers with the same or similar requests.

Subject to my preliminary statement and specific objections, I respond as follows:

I will produce non-privileged documents responsive to this request that have not already been produced to the SEC during its investigation, if any.

1  **DOCUMENT REQUEST NO. 5:**

2       Please produce all agreements between you and RVMC that relate to employment,

3  compensation, expense reimbursement, fund management, or the SEC.

4  **RESPONSE TO DOCUMENT REQUEST NO. 5:**

5       I specifically object to this document request on the grounds that it seeks material that is

6  not relevant to the matters remaining in controversy in this case.

7       Subject to my preliminary statement and specific objections, I respond as follows:

8       I will produce non-privileged documents responsive to this request that have not already

9  been produced to the SEC during its investigation, if any.

10

11 **DOCUMENT REQUEST NO. 6:**

12      Please produce all agreements between you and each Rothenberg Fund that relate to

13 employment, compensation, expense reimbursement, fund management, or the SEC.

14 **RESPONSE TO DOCUMENT REQUEST NO. 6:**

15      I specifically object to this document request on the grounds that it seeks material that is

16 not relevant to the matters remaining in controversy in this case.

17      Subject to my preliminary statement and specific objections, I respond as follows:

18      I will produce non-privileged documents responsive to this request that have not already

19 been produced to the SEC during its investigation, if any.

20

21 **DOCUMENT REQUEST NO. 7:**

22      For the time period July 1, 2016, to the present, please produce all documents reflecting

23 communications between you and J.R. Eppler or Burke Robinson that relate to any Rothenberg

24 Fund, RVMC, or SVB.

25 **RESPONSE TO DOCUMENT REQUEST NO. 7:**

26      I specifically object to this document request on the grounds that it seeks material

27 protected by the attorney/client privilege and work product doctrine with respect to J.R. Eppler,

28 who served as outside counsel to RVMC and me. Mr. Eppler has provided counsel to me

regarding SVB, the Rothenberg Funds, RVMC, the latter of which is also a party to this litigation and was jointly represented until recently. Mr. Eppler, as a manager of RVMC, is under joint representation with me and the Rothenberg Funds in litigation against SVB. Additionally, Burke Robinson, as a manager of RVMC, is under joint representation with me and the Rothenberg Funds in litigation against SVB.

Subject to my preliminary statement and specific objections, I respond as follows:

With respect to communications between Burke Robinson and me, I will produce non-privileged documents responsive to this request that are not privileged and have not already been produced to the SEC during its investigation, if any.

**DOCUMENT REQUEST NO. 8:**

For the time period from July 1, 2016, to the present, please produce all documents reflecting communications with any person relating to any of the following topics:

    a.      the SEC's investigation that preceded this litigation;

            valuation, acquisition, sale, or disposition of any assets on behalf of the Rothenberg Funds;

    b.      valuation, acquisition, sale, or disposition of any assets on behalf of RVMC;

    c.      valuation, acquisition, sale, or disposition of any assets on behalf of you;

            reimbursement of expenses incurred by you on behalf of RVMC or any Rothenberg Fund;

    f.      payment of legal fees;

    g.      extraordinary expenses;

    h.      indemnification;

    i.      management fees, management expenses, administrative fees, or administrative expenses;

j.      employment compensation for any current or former RVMC manager or prospective manager;

k.      employment compensation for any current RVMC employee;

l.      distributions to Rothenberg Fund or RVMC investors;

m.      gifts, transfers of money, or loans to you or RVMC;

n.      loans or line(s) of credit at SVB or any financial institution;

o.      or changes in management or ownership of RVMC.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

I specifically object to this request on the grounds that it is over broad, unduly burdensome and oppressive. I object to requests for communications regarding employment compensation, changes in management or ownership of RVMC, legal fees and indemnification because such requests are not relevant to the matters remaining in controversy in this case. Additionally, I object to requests for communications regarding the SEC investigation, legal fees, indemnification, employment compensation, loans and lines of credit because such requests seek material protected by the attorney/client privilege and work product doctrine.

Subject to my preliminary statement and specific objections, I respond as follows:

To the extent this request complies with Rule 26 of the Federal Rules of Civil Procedure with respect to relevance, I will produce non-privileged documents responsive to this request that have not already been produced to the SEC during its investigation, if any.

**DOCUMENT REQUEST NO. 9:**

Please produce all agreements between you and any other person relating to:

a.      any assets of the Rothenberg Funds;

b.      any assets of RVMC;

c.      any of your assets;

d.      transfers of real estate or interests in real estate;

e.      reimbursement of expenses;

1       f.      payment of legal fees;

2       g.      payment of any extraordinary expense;

3       h.      indemnification;

4       i.      distributions to Rothenberg Fund or RVMC investors;

5       j.      gifts, transfers of money, or loans to you or RVMC;

6       k.      loans or line(s) of credit at SVB or any financial institution; or

7       l.      management or ownership of RVMC.

8 **RESPONSE TO DOCUMENT REQUEST NO. 9:**

9      I specifically object to this request on the grounds that it is over broad, unduly burdensome

10 and oppressive. I furthermore object to requests for agreements regarding my assets, real estate

11 transfers, employment compensation, changes in management or ownership of RVMC, legal fees

12 and indemnification because such requests are not relevant to the matters remaining in controversy

13 in this case. Additionally, and with the exception of the governing documents for RVMC and the

14 Funds which have already been produced, I object to requests for agreements regarding legal fees

15 or indemnification because such requests seek material protected by the attorney/client privilege

16 and work product doctrine.

17      Subject to my preliminary statement and specific objections, I respond as follows:

18      I will produce non-privileged documents responsive to this request that have not already

19 been produced to the SEC during its investigation, if any.

20

21 **DOCUMENT REQUEST NO. 10:**

22      For the time period from July 1, 2016, to the present, please produce all documents

23 reflecting communications with investors or potential investors in any venture capital fund

24 managed by RVMC.

25 **RESPONSE TO DOCUMENT REQUEST NO. 10:**

26      I specifically object to this document request on the grounds that it seeks material that is

27 not relevant to the matters remaining in controversy in this case because my communications with

28 investors or potential investors are not relevant to the calculation of disgorgement.

Subject to my preliminary statement and specific objections, I respond as follows:

I will produce non-privileged documents responsive to this request that have not already been produced to the SEC during its investigation, if any.

**DOCUMENT REQUEST NO. 11:**

For the time period from July 1, 2016, to the present, please produce all documents reflecting communications with any of the following persons that relate to the assets, investments, finances, or expenses of any Rothenberg Fund, RVMC or you:

a.    Firdavs Abdunazarov;

b.    Justin Allamano;

c.    Neil Devani;

d.    Brandon Farwell;

e.    Justin Grooms;

f.    Dave Haase;

g.    Fran Hauser;

h.    Tom Leep;

i.    Tommy Leep;

j.    Lynne McMillan;

k.    Francisco Riordan;

l.    Adam Sachs;

m.    Ishmael Simpson;

n.    Ibrahim Elshamy;

o.    Martin Mayo;

p.    Geoffrey Rapoport;

q.    David Rothenberg;

r.    Robert Rothenberg;

s.    Eric McKean;

t.    Brandon Molina;

1    u.    Joe Pepin;

2    v.    Matt Tabbert; or

3    w.    Tobias Wittman.

4  **RESPONSE TO DOCUMENT REQUEST NO. 11:**

5         I specifically object to this request on the grounds that it is over broad, unduly burdensome

6  and oppressive. I furthermore object to requests for communications with any of the persons listed

7  above because such requests are not relevant to the matters remaining in controversy in this case,

8  as such communications are not relevant to the calculation of disgorgement. Additionally, I object

9  to requests for communications with Geoffrey Rapoport because such requests seek material

10 protected by the attorney/client privilege and work product doctrine.

11        Subject to my preliminary statement and specific objections, I respond as follows:

12        I will produce non-privileged documents responsive to this request that have not already

13 been produced to the SEC during its investigation, if any.

14

15 **DOCUMENT REQUEST NO. 12:**

16        Please produce all documents reflecting any valuation of assets held by any Rothenberg

17 Fund, RVMC or you.

18 **RESPONSE TO DOCUMENT REQUEST NO. 12:**

19        I specifically object to this request with respect to assets held by RVMC or me because

20 such requests are not relevant to the matters remaining in controversy in this case, as such

21 documents are not relevant to the calculation of disgorgement.

22        Subject to my preliminary statement and specific objections, I respond as follows:

23        To the extent this request complies with Rule 26 of the Federal Rules of Civil Procedure

24 with respect to relevance, I will produce non-privileged documents responsive to this request

25 regarding assets held by the Rothenberg Funds that have not already been produced to the SEC

26 during its investigation, if any.

27

28 **DOCUMENT REQUEST NO. 13:**

1    Please produce all warrant agreements entered into by you.

2   **RESPONSE TO DOCUMENT REQUEST NO. 13:**

3    I specifically object to this request with respect to warrant agreements other than those to

4   which one or more of the Funds is a party because such requests are not relevant to the matters

5   remaining in controversy in this case, as such documents are not relevant to the calculation of

6   disgorgement.

7    Subject to my preliminary statement and specific objections, I respond as follows:

8    I will produce warrant agreements to which a Rothenberg Fund is a party that have not

9   already been produced to the SEC during its investigation, if any.

10

11  **DOCUMENT REQUEST NO. 14:**

12   Please produce all documents you intend to file in opposition to the SEC's Motion.

13  **RESPONSE TO DOCUMENT REQUEST NO. 14:**

14   I specifically object to this request on the grounds that it seeks material protected by the

15  attorney/client privilege and work product doctrine

16   Subject to my preliminary statement and specific objections, I respond as follows:

17   I have not yet formed an intent as to the selection of documents to file in opposition to the

18  SEC's Motion.

19

20

21  DATED:  April 26, 2019                    Respectfully submitted,

22

23

24                                    By _____

25                                       Michael Rothenberg

26

27

28