

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

# Document Scanning Lead Sheet

Aug-30-2016  4:09 pm

Case Number: CGC-16-553970

Filing Date: Aug-30-2016 4:05

Filed by:  BOWMAN LIU

Image: 05534755

COMPLAINT

DAVID HASSE VS. ROTHENBERG VENTURES MANAGEMENT COMPANY LLC
ET AL

001C05534755

**Instructions:**
Please place this sheet on top of the document to be scanned.

US-001551

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Rothenberg Ventures Management Company LLC, Rothenberg Ventures
LLC, River Studios LLC, and Michael Rothenberg, and DOES 1-50,

**YOU ARE BEING SUED BY PLAINTIFF:**                      Inclusive,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

David Hasse

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* San Francisco County Superior Court | CASE NUMBER: <br> *(Número del Caso):* **CGC-16.553970** |
|---|---|

400 McAllister Street
San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Patrick Terry, Counsel Force P.C., 456 Montgomery St. #1400, San Francisco, CA 94104 (415) 365.0543

| DATE: **AUG 3 0 2016** <br> *(Fecha)* | **DEPUTY CLE** Clerk, by <br> *(Secretario)* | , Deputy <br> *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

**BY FAX**

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1 <br> Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov <br> www.access-law.com |
|---|---|---|

US-001552

1  Patrick M. Terry (SBN 184055)
   COUNSEL FORCE P.C.
2  456 Montgomery Street, Suite 1400
   San Francisco, CA 94104
3  Telephone: (415) 365-0543
4  Facsimile: (415) 344-0075

**F I L E D**
Superior Court of California
County of San Francisco

AUG 3 0 2016

CLERK OF THE COURT
BY: _____
Deputy Clerk
BOWMAN LIU

5

6

7  # SUPERIOR COURT OF THE STATE OF CALIFORNIA

8  ## FOR THE COUNTY OF SAN FRANCISCO

9

10  DAVID HASSE,

11          Plaintiff,

12      vs.

13  ROTHENBERG VENTURES
14  MANAGEMENT COMPANY LLC,
    ROTHENBERG VENTURES LLC, RIVER
15  STUDIOS LLC, and MICHAEL
    ROTHENBERG; and DOES 1 through 50,
16  Inclusive,

17

18          Defendants.

19

20

Case No.:  **CGC - 16 . 553970**

**COMPLAINT**

**(1) BREACH OF CONTRACT**

**(2) CONVERSION**

**(3) QUANTUM MERUIT**

**(4) VIOLATION OF CALIFORNIA LABOR CODE §2802**

**(5) UNFAIR BUSINESS PRACTICES (Violation of California Business & Professions Code §17200 et seq.)**

**(6) FRAUD**

# BY FAX

21      Plaintiff David Hasse (hereinafter referred to as "Plaintiff"), hereby submits this

22  Complaint against Defendants Rothenberg Ventures Management Company LLC, Rothenberg

23
24  Ventures LLC, River Studios LLC, Michael Rothenberg, and Does 1-50 (hereinafter collectively

25  referred to as "Defendants"), as follows:

26  ## INTRODUCTION

27      1.  Plaintiff brings this action seeking to recover monies owed to Plaintiff by Defendants

28  stemming from the wrongful breach of the Defendants' obligation to pay business expenses

1

**COMPLAINT**

US-001553

incurred by Plaintiff on Defendants' behalf.  Defendants' actions are a deliberate violation of California Labor Code §2802 and an intentional breach of contract.  Plaintiff has incurred significant damages by Defendants' intentional, fraudulent, unfair and deceitful actions as further set forth herein.

## JURISDICTION AND VENUE

2.  The Court has jurisdiction over the violations of California Labor Code §§2802, California Business and Professions Code § 17200, et seq., (Unfair Practices Act) and the other causes of action stated herein.

3.  Venue is proper because the alleged wrongs occurred in San Francisco County. Defendants are located within California and San Francisco County.  Plaintiff worked for Defendants in San Francisco County.  The events that are the subject of this action took place in San Francisco County.

## PARTIES

4.  Plaintiff was employed by Defendant Rothenberg Ventures Management Company LLC (hereinafter referred to as "RVM") beginning in April, 2016.

5.  Plaintiff's duties as an employee of RVM included providing various services of a Chief Financial Officer for RVM, while also doing work for the benefit of RVM affiliates, including Rothenberg Ventures LLC, and River Studios LLC.  Plaintiff was never formally appointed an officer of any of the corporate entity defendants including his immediate employer RVM.

6.  Plaintiff is informed and believes and based thereon alleges that Defendant RVM is a Delaware Limited Liability Company doing business in the State of California with its principal place of business in San Francisco County, California, and is wholly owned and controlled by Defendant Michael Rothenberg.

7.  Plaintiff is informed and believes and based thereon alleges that Defendant River Studios LLC is a Delaware Limited Liability Company doing business in the State of California

2

**COMPLAINT**

1  with its principal place of business in San Francisco County and is wholly owned and controlled
2  by Defendant Michael Rothenberg.

3      **8.**   Plaintiff is informed and believes and based thereon alleges Defendant Rothenberg
4  Ventures LLC is a Delaware Limited Liability Company doing business in the State of California
5  with its principal place of business in San Francisco County and is wholly owned and controlled
6  by Defendant Michael Rothenberg.

7      **9.**   Plaintiff is informed and believes and based thereon alleges Defendant Michael
8  Rothenberg an individual, is the sole owner and controls the other Defendants, and is a domiciled
9  in San Francisco County.

10      **10.**   Plaintiff worked in San Francisco County and was employed by Defendant RVM at
11  all times relevant to this complaint.

12      **11.**   Plaintiff is informed and believes and based thereon alleges that at all times herein
13  mentioned Defendants and DOES 1 through 50, are and were corporations, limited liability
14  companies, investment funds, business entities, individuals, and partnerships, licensed to do
15  business and actually doing business in the State of California.

16      **12.**   Plaintiff does not know the true names or capacities, whether individual, partner or
17  corporate, of the Defendants sued herein as DOES 1 through 50, inclusive, and for that reason,
18  said Defendants are sued under such fictitious names, and Plaintiffs pray leave to amend this
19  complaint when the true names and capacities are known. Plaintiffs are informed and believe
20  and based thereon allege that each of said fictitious Defendants were responsible in some way for
21  the matters alleged herein and proximately caused Plaintiffs to be subject to the illegal
22  employment practices, wrongs and injuries complained of herein.

23      **13.**   Plaintiff is informed and believes and based thereon alleges that at all times herein
24  mentioned, each of said Defendants participated in the acts hereinafter alleged to have been done
25  by the named Defendants; and furthermore, the Defendants, and each of them, were the agents,
26  servants and employees of each of the other Defendants, as well as the agents of all Defendants,
27  and at all times herein mentioned, were acting within the course and scope of said agency and
28  employment.

3

**COMPLAINT**

US-001555

14.   Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity.  To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendant.

15.   Plaintiff is informed and believes and based thereon alleges that at all times material hereto, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

16.   At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.

17.   At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## FACTUAL ALLEGATIONS RELEVANT TO CAUSES OF ACTION

18.   In May of 2016, Plaintiff, acting within the scope of his duties for RVM, opened an account with American Express for the benefit of RVM and its affiliates.  The opening of the account was approved by Defendant Michael Rothenberg for the purpose of acting as a credit line for the day to day business expenses incurred by RVM, including business expenses charged by Defendant Michael Rothenberg's numerous administrative assistants at his direct request. The expenditures made with the credit account benefited all Defendants in the course of operating their various businesses.

19.   Plaintiff administered the American Express account on behalf of RVM and the

4

**COMPLAINT**

1 Defendants.

2     **20.** Defendant Michael Rothenberg authorized the payments of business expenses using

3 the American Express account for RVM and the other Defendants.

4     **21.** The account is currently overdue in the amount of $109,352.20 (One Hundred and

5 Nine Thousand Three Hundred and Fifty-Two Dollars and Twenty Cents).

6     **22.** On or about August 24, Defendant Michael Rothenberg on behalf of himself and

7 the other Defendants wrongfully and capriciously refused to pay the business expense debt owed

8 to American Express on Plaintiff's account, leaving Plaintiff with the debt of $109,352.20, which

9 is subject to the accumulation of interest and which has caused and will continue to case damage

10 to Plaintiff's reputation and credit worthiness.

11     **23.** For his part, Defendant Michael Rothenberg has disavowed any responsibility on

12 the part of RVM or any of the Defendants to pay the outstanding amount and to bring the

13 account current, despite having previously paid approximately $140,000 toward expenditures

14 made on the account.

15

16     **24.** Plaintiff is informed and believes and based thereon alleges that at all times material

17 hereto, Defendants RVM, Rothenberg Ventures LLC and River Studios LLC were controlled by

18 Defendant Michael Rothenberg, that Michael Rothenberg commingled the accounts of said

19 Defendants, and with those of other Doe Defendants, and treated such accounts as personal

20 accounts, to such an extent that such business entities were in fact his alter ego.

21     **25.** Plaintiff is further informed and believes and based thereon alleges that at all times

22 material hereto, Michael Rothenberg, by commingling the accounts of the Defendants,

23 mismanaged the funds of RVM and the Defendants, using RVM funds that should have been

24 paid to Plaintiff to pay the American Express account for other purposes unrelated to RVM, to

25 the detriment of the Plaintiff.

26 

**FIRST CAUSE OF ACTION**

27 

**(BREACH OF CONTRACT)**

28     **26.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 as though

5

**COMPLAINT**

fully set for herein.

27.   Defendants, by their conduct of requesting and authorizing Plaintiff in his role as an employee of RVM to open and use the American Express account for the joint benefit, convenience and business purposes of the Defendants, entered into an implied contract with Plaintiff that such expenses incurred on the account would be paid by RVM or other Defendants as applicable.

28.   Plaintiff, having opened the American Express account in his name for the joint benefit, convenience and business purposes of the Defendants, performed under the implied contract.

29.   Defendants, including Defendant Michael Rothenberg, and each of them, by their further conduct and actions of charging and paying for business expenses incurred on the American Express account opened by Plaintiff for Defendants, ratified the implied contract with Plaintiff.

30.   Defendants, and each of them, have breached the contract by failing to pay Plaintiff the amount of $109,352.20 plus interest owed on the American Express account.

31.   As a result of Defendants' breach of the contract, Plaintiff has been damaged and continues to be damaged in the amount of $109,352.20 and additional amounts to be proven at trial.

## SECOND CAUSE OF ACTION

### (FOR CONVERSION)

32.   Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

33.   By requiring Plaintiff without his consent to use his own funds to pay for the expenditures of the Defendants, and forcing Plaintiff to retire the debt rightfully owed by Defendants without reimbursement, Defendants are exercising control over and wrongfully using Plaintiff's funds for their own purposes.

34.   Defendants have refused to return or reimburse Plaintiff's funds causing Plaintiff

6

COMPLAINT

serious and substantial financial harm.

### THIRD CAUSE OF ACTION

### (QUANTUM MERUIT)

35.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

36.     Defendants requested and authorized Plaintiff to open the American Express account and to use the account to fund business expenses.

37.     Plaintiff opened the American Express account and paid for business expenses using the account as requested.

38.     The reasonable value of the funds incurred by the Plaintiff is $109,352.20, as is established by the account.

39.     Defendants owe the Plaintiff $109,352.20, which in equity and good conscious should be returned to the Plaintiff.

### FOURTH CAUSE OF ACTION

### (FOR VIOLATION OF CALIFORNIA LABOR CODE §2802)

40.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

41.     Defendants, and each of them, have failed to indemnify Plaintiff for $109,352.20 in business expenses incurred by Plaintiff, while acting within the scope of his employment and as authorized by Defendants.

42.     Defendants' failure to indemnify the Plaintiff is in violation of California Labor Code §2802 and Plaintiff has been damaged thereby in the amount of $109,352.20 plus interest and costs.

### FIFTH CAUSE OF ACTION

### (FOR VIOLATIONS OF BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.)

43.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

COMPLAINT

44.   Defendants, and each of them, have engaged and continue to engage in unfair business practices in California by practicing, employing and utilizing the employment practices outlined above, inclusive of, to wit, the deliberate failure to reimburse Plaintiff for business expenses incurred on behalf of the Defendants in violation of California Labor Code §2802.

45.   Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendants' competitors.

46.   Plaintiff seeks full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

47.   Plaintiff seeks an injunction to prohibit Defendants from continuing to engage in the unfair business practices complained of herein.

48.   The restitution sought hereunder includes the equivalent of all business expenses incurred by Plaintiff, including interest thereon.

## SIXTH CAUSE OF ACTION

### (For FRAUD)

49.   Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

50.   Plaintiff is informed and believes, and on that basis alleges, that Defendant Michael Rothenberg authorized Plaintiff to open the American Express account to pay Rothenberg's and the other Defendants' business expenses.

51.   Defendant Michael Rothenberg represented to Plaintiff that Defendant RVM would reimburse Plaintiff for any expenditures fronted by the Plaintiff using the American Express account.

52.   Plaintiff is informed and believes and on that basis alleges that Defendant Michael Rothenberg was aware that the funds were not available to cover the full business expenses fronted by the Plaintiff and that Defendant Rothenberg authorized expenditures that could not be repaid by Plaintiffs' employer RVM or the other Defendants.

8

COMPLAINT

US-001560

53. Plaintiff is informed and believes and on that basis alleges that Defendant Michael Rothenberg intentionally misled Plaintiff as to the Defendants' ability to repay the business expenses fronted by the Plaintiff.

54. Plaintiff is informed and believes and on that basis alleges that Defendant Michael Rothenberg and the other Defendants fraudulently diverted funds, that should have been used to pay the business expenses of RVM and the other Defendants, to other purposes, leaving the Defendants unable to pay the business expenses charged to the Plaintiff's American Express account.

55. Plaintiff relied upon Defendant Michael Rothenberg's misrepresentations when he opened the American Express account and would not have opened such an account but for the assurances made by Defendant Michael Rothenberg that business expenses charged to the account would be paid by Defendants.

56. As a result of Defendants' fraudulent conduct and misrepresentations, Plaintiff has been damaged and continues to be damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on their own behalves prays for judgment as follows:

1. For damages in the amount of $109,352.20 plus interest;

2. Upon the First Cause of Action, consequential damages according to proof;

3. Upon the Second, Fifth and Sixth Causes of Action, for punitive and exemplary damages according to proof;

4. Upon the Fifth Cause of Action, for restitution to Plaintiff of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be violative of the mandate established by California Business and Professions Code § 17200 et seq.;

5. Upon the Fourth and Fifth Cause of Action, for an injunction to prohibit Defendants from engaging in the unfair business practices complained of herein;

COMPLAINT

US-001561

6. For pre-judgment interest, including as allowed by California <u>Civil Code</u> § 3287;

7. For reasonable attorneys' fees, expenses and costs, including as provided by California <u>Labor Code</u> §§2802(c) and 218.5;

8. For costs of suit; and

9. For such other and further relief the court may deem just and proper.

Dated:  **August 30, 2016**

**COUNSEL FORCE P.C.**

By: _P. Terry_

Patrick M. Terry
Attorneys for Plaintiff

10

**COMPLAINT**

US-001562

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Patrick M. Terry {SBN 184055] | |
| COUNSEL FORCE P.C. | **F I L E D** |
| 456 Montgomery St., 14th Flr., | Superior Court of California |
| San Francisco, CA 94109 | County of San Francisco |
| TELEPHONE NO.: 415-365-0543   FAX NO.: 415-344-0075 | **AUG 3 0 2016** |
| ATTORNEY FOR *(Name):* Plaintiff, David Hasse | CLERK OF THE COURT |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS:
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

BY: _____ Deputy Clerk
BOWMAN LAI

CASE NAME:
David Hasse vs. Rothenberg Ventures Management Company, et al.,

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited  ☐ Limited | ☐ Counter   ☐ Joinder | CGC-16-553970 |
| (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:    DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☑ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):*  5
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: August 30, 2016
Patrick Terry
_____
(TYPE OR PRINT NAME)    ► _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**BY FAX**

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

US-001563

 

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

US-001564