

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

# Document Scanning Lead Sheet

Sep-30-2016 2:52 pm

Case Number: CGC-16-554609

Filing Date: Sep-30-2016 2:48

Filed by:  MADONNA CARANTO

Image: 05575625

COMPLAINT

KATIE FANELLI VS. ROTHENERG VENTURES MANAGEMENT COMPANY LLC
ET AL

001C05575625

**Instructions:**
Please place this sheet on top of the document to be scanned.

US-001565

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>John Glugoski {SBN 191551}<br>RIGHETTI GLUGOSKI, P.C.<br>456 Montgomery St., Suite 1400<br>San Francisco, CA 94109<br>  TELEPHONE NO.: 415-983-0900   FAX NO.: 415-397-9005<br>ATTORNEY FOR *(Name):* Plaintiff, Katie Fanelli | **FOR COURT USE ONLY**<br>**F I L E D**<br>Superior Court of California<br>County of San Francisco<br><br>SEP 3 0 2016<br><br>CLERK OF THE COURT<br>BY: _____<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS:
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

CASE NAME:
Katie Fanelli, et al. v Rothenberg Ventures Management Company, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ✓ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402). | | CGC-16-554609<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
✓ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ✓ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* 6
5. This case ✓ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 30, 2016
John Glugoski
_____    _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

BY FAX

US-001566

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller
    - Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Rothenberg Ventures Management Company LLC, and DOES 1 through 50 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Katie Fanelli, an individual and on behalf of all others similarly situated,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  San Francisco County Superior Court | CASE NUMBER:<br>*(Número del Caso):* **CGC-16-554609** |
|---|---|

400 McAllister Street
San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

John Glugoski, Righetti Glugoski, P.C., 456 Montgomery St. #1400, San Francisco, CA 94104 (415) 983.0900

| DATE: **SEP 30 2016** | CLERK OF THE COURT | Clerk, by _____ , Deputy |
|---|---|---|
| *(Fecha)* | | *(Secretario)* (Adjunto) |

MADONNA CARANTO

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

BY FAX

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

            ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov*<br>*www.accesslaw.com* |
|---|---|---|

US-001568

Matthew Righetti, Esq., SBN 121012
John Glugoski, Esq., SBN 191551
Michael Righetti, Esq., SBN 258541
Righetti Glugoski, P.C.
456 Montgomery St., Suite 1400
San Francisco, CA 94104
Telephone: (415) 983-0900
Facsimile:  (415) 397-9005

**F I L E D**
Superior Court of California
County of San Francisco

SEP 30 2016

CLERK OF THE COURT
BY: _____
Deputy Clerk

Attorneys for Plaintiff

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| Katie Fanelli, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROTHENBERG VENTURES MANAGEMENT COMPANY LLC, and DOES 1 through 50 inclusive,<br><br>Defendants. | **CLASS ACTION**<br><br>Case No. **CGC-16-554609**<br><br>**COMPLAINT FOR:**<br><br>1. **Violation of California Labor Code**<br>2. **Failure to Pay Overtime**<br>3. **Violation of B & P § 17200, et seq;**<br>4. **Failure to Make Payments Within the Require Time**<br>5. **Failure to Indemnify Employees for Expenditures**<br>6. **Failure to Pay Vested PTO** |

BY FAX

1
COMPLAINT

US-001569

# 1.

## INTRODUCTION

COMES NOW, Plaintiff, an individual over the age of eighteen (18), and bring this challenge to defendant's lucrative, repressive and unlawful business practices on behalf of themselves and a class of others similarly situated and for a Cause of Action against defendants, ROTHENBERG VENTURES MANAGEMENT COMPANY LLC, and DOES 1-50, inclusive, (hereinafter defendants) and each of them alleges as follows:

## THE PARTIES, JURISDICTION AND VENUE

### 2.

This class action is brought pursuant to §382 of the California Code of Civil Procedure. The claims of individual class members, including Plaintiff, are under the $75,000 jurisdictional threshold for federal court.  For example, a class member who was or has been employed for a relatively brief period could never reasonably be expected to receive a recovery of $75,000 or more. Further there is no federal question at issue, as all the issues related to payment of wages alleged herein are based solely on California law and statutes, including the Labor Code, Civil Code, Code of Civil Procedure, and Business and Professions Code.

### 3.

Plaintiff Katie Fanelli ("Plaintiff") brings this action against ROTHENBERG VENTURES MANAGEMENT COMPANY LLC, (collectively "Defendants") for engaging in a uniform policy and systematic scheme of wage abuse against their employees in California. This scheme involved, inter alia, failing to pay employees all wages earned for all hours worked.  As a result of Defendant's systematic and clandestine scheme of failing to properly pay their employees wages

US-001570

for all hours worked throughout California, Defendants have violated California common and statutory laws as described more particularly below.

4.

Defendants own and operate an industry, business and establishment in within the State of California, including San Francisco County under the name of Rothenberg Ventures Management Company LLC, for the purpose of forming, funding and managing investment funds to invest in virtual reality and related technology companies. As such, and based upon all the facts and circumstances incident to defendant's business in California, defendants are subject to California Labor Code Sections 1194, et seq., 500, et seq., California Business and Professions Code Section 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission. At least some of the acts complained of herein occurred in San Francisco County as defendants do business in San Francisco County area.  Plaintiff is informed and believes and thereon alleges that at all times herein mentioned defendants are and were corporations licensed to do business and actually doing business in the State of California.

5.

Defendants own and operate an industry, business and establishment in within the State of California, including San Francisco County under the name of ROTHENBERG VENTURES MANAGEMENT COMPANY LLC, for the purpose of forming, funding and managing investment funds to invest in virtual reality and related technology companies. Venue is proper in this county under California Business and Professions Code §17203 and California Code of Civil Procedure §§395(a) and 395.5.  As such, and based upon all the facts and circumstances incident to defendant's business in California, defendants are subject to California Labor Code Sections 1194, et seq., 500, et seq., California Business and Professions Code Section 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission.  At

US-001571

1    least some of the acts complained of herein occurred in San Francisco County as defendants do

2    business in San Francisco County area.  Plaintiff is informed and believes and thereon alleges that

3    at all times herein mentioned defendants are and were corporations licensed to do business and

4    actually doing business in the State of California.

5

6                              **6.**

7         Plaintiff does not know the true names or capacities, whether individual, partner or

8    corporate, of the defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said

9    defendants are sued under such fictitious names, and Plaintiff prays leave to amend this complaint

10   when the true names and capacities are known.  Plaintiff is informed and believes and thereon

11   alleges that each of said fictitious defendants was responsible in some way for the matters alleged

12

13   herein and proximately caused Plaintiff and members of the class to be subject to the illegal

14   employment practices, wrongs and injuries complained of herein.

15                              **7.**

16        At all times herein mentioned, each of said defendants participated in the doing of the acts

17   hereinafter alleged to have been done by the named defendants; and furthermore, the defendants,

18   and each of them, were the agents, servants and employees of each of the other defendants, as well

19   as the agents of all defendants, and at all times herein mentioned, were acting within the course and

20   scope of said agency and employment.

21

22                              **8.**

23        Plaintiff Katie Fanelli, was a California resident at all pertinent times herein who worked

24   for Defendants.  During her employment as an employee, Defendant required Plaintiff to work

25   hours for which she was never paid. Specifically Defendant terminated Plaintiff's employment and

26   failed to provide her with the final paycheck covering the hours worked in her final pay period.

27   Plaintiff, ("Plaintiff") was employed in California by ROTHENBERG VENTURES

28

US-001572

MANAGEMENT COMPANY LLC.  Plaintiff has worked for defendants within four years prior to the filing of this Complaint.

### 9.

The true names and capacities, whether is individual, corporate, associate, representative, or otherwise, of Defendants named herein as DOES 1 through 50 are unknown to Plaintiff at this time, and they are therefore sued by such fictitious names pursuant to California Code of Civil Procedure §474. Plaintiff will amend this Complaint to allege the true names and capacities of DOES 1 through 50 when Plaintiff knows them. Each of DOES 1 through 50 is in some manner legally responsible for the violations of law alleged herein.

### 10.

The acts charged in this Complaint as having been done by Defendant was authorized, ordered, or done by their officers, agents, employees, or representatives, while actively engaged in the management of the Defendant's businesses or affairs.

### CLASS ACTION ALLEGATIONS

### 11.

Plaintiff brings this action on behalf of herself and as a class action on behalf of all persons similarly situated pursuant to California Code of Civil Procedure §382, Civil Code §1781, and the procedural provisions of Rule 23 of the Federal Rules of Civil Procedure as they have been adopted for use, referenced, and interpreted by this State's courts. Plaintiff seeks to represent and to certify the following class:

> All California based employees who worked at any time during the four years preceding the filing of this Complaint up until the date of class certification for Defendants in the State of California and were not paid their final paycheck upon separation and/or termination from Defendant's employment.

US-001573

The Class excludes Defendant, its subsidiaries, affiliates, dealers, officers, directors, members of Defendant's affiliates, officers, dealers' and directors' immediate families, any entities in which Defendant has a controlling interest, and the officers, directors, affiliates, legal representatives, heirs, successors and/or assigns of any of the individuals or entities mentioned in this paragraph, and any judge assigned to hear this action.

**12.**

This action has been brought and may properly be maintained as a class action pursuant to California Code of Civil Procedure §382, Civil Code §1781, as well as under Federal Rule of Civil Procedure 23(a)(l)-(4), 23 (b)(l), (2), or (3), and case law there under, to which the California trial courts have been directed by the California Supreme Court to look for guidance.

**13.**

Plaintiff believes there are at least fifty employees in the Class. Given Defendant's massive size and the systematic nature of Defendant's failure to comply with California employment law and common law, the members of the Class are so numerous that joinder of all members is impractical.

**14.**

Plaintiff's claims are typical of the claims of the members of the Class because she was an employee who, like the members of the Class, were impacted by the conduct complained of herein and sustained damages and other loss arising out of the Defendant's campaign to fail to properly compensate them for all hours worked, and failure to properly maintain accurate records of the actual hours and/or days worked by Plaintiff and the members of the Class.

**15.**

Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff has retained counsel competent and experienced in complex, class action litigation.

US-001574

**16.**

Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to Plaintiff and the Class are:

      a.     Whether Defendant has engaged in a pattern and/or practice in California of failing to properly compensate the Plaintiff and the Class for all hours worked;

      b.     Whether Defendant failed to pay Plaintiff and the Class for the work Defendant required them to perform;

      c.     Whether Defendant violated Cal. Lab. Code §§ 1194 et seq., 1197, 1198, §510, §512, §551, §552, §§201-203, §§226, 226.7;

      d.     Whether Defendant violated California Industrial Welfare Commission Orders;

      e.     Whether Plaintiff and the Class are entitled to restitution under Cal. Bus. & Prof. Code §17200 et seq.

      f.     The nature and extent of class-wide injury and the measure of damages for the injury, and;

      g.     Whether the Class is entitled to injunctive relief.

**17.**

A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

      a.     A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Class are so numerous that joinder of all members is, at a minimum, impractical, and probably impossible.

US-001575

b.      The damages suffered by individual Class members are relatively small compared to the expense and burden of prosecuting this complex case against a well-financed corporation. Consequently, this class action is the only way that every Class member can redress the harm and damage caused by Defendant's conduct.

c.      Should this Court require individual Class members to bring separate actions, this Court would face a multiplicity of lawsuits, which would unduly burden both the California court system and the litigants. The prosecution of separate actions will create a risk of inconsistent rulings and contradictory judgments which might dispose of other Class members' interests who are not parties to the adjudication, thereby impeding and impairing Class members' ability to protect their interests.  Inconsistent results will magnify the delay and expense to all parties and to the California court system. By contrast, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

18.

In the alternative, this action is certifiable under the provisions of Rule 23(b)(1)(2) and/or (b)(2) of the Federal Rule of Civil Procedure, which have been found applicable to the State of California, because:

a.      The prosecution of separate actions by individual Class members will create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for Defendant;

b.      The prosecution of separate actions by individual Class members will create a risk of adjudications with respect to the Class which might, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair other Class members' ability to protect their interests; and

US-001576

US-001577

c.    Defendant has acted or refused to act on grounds generally applicable to the Class thereby making appropriate final injunctive relief with respect to all Class members.

### 19.

A class action will cause an orderly and expeditious administration of the claims of the Class. Economies of time, effort and expense will be fostered and uniformity of decisions will be insured.

### 20.

Plaintiff anticipates little, if any, difficulty in the management of this litigation.

## SUMMARY OF ALLEGATIONS

### 21.

Defendant offered the Plaintiff and each Class member employment as employees, which each Plaintiff and Class member accepted, thereby entering into an employment relationship governed by the California Labor Code and its implementing regulations and orders.

### 22.

At the time Plaintiff and members of the Class accepted employment with Defendant, they were expressly told the rate they would earn for each hour worked.

### 23.

One of ROTHENBERG VENTURES MANAGEMENT COMPANY's, largest expenses is the payroll of its hourly employees. A basis for ROTHENBERG VENTURES MANAGEMENT COMPANY, profitability is its creation and implementation of a uniform policy and system that requires employees to work hours for which Defendant will not compensate.

### 24.

Beginning at a date unknown to Plaintiff, but at least as early as four years preceding the filling of this Complaint, Defendant committed, and continue to commit, acts of wage abuse

US-001578

1  against their employees by failing to properly compensate ROTHENBERG VENTURES

2  MANAGEMENT COMPANY's, employees throughout California by failing to provide the

3  employees with their final paycheck and thereby denying them payment for all hours worked.

4

5                                              25.

6      Defendant's clandestine program of failing to pay its employees for all hours worked is, in

7  part, carried out through its culture. Defendant gives employees work assignments. The employees

8  perform the work and the Defendant severs and/or terminates their employment without

9  compensating them for all hours worked by failing to provide them with their final pages to cover

10  wages earned.

11

12                                             26.

13      Defendant ROTHENBERG VENTURES MANAGEMENT COMPANY LLC has adopted

14  and is using unfair business practices to hold down pay to employees, including the Plaintiff and

15  the Class. Among these unfair business practices are failure to pay employees for all hours worked

16  as required under California law.

17

18                                             27.

19      Indeed, Defendant's corporate practice is to pay as little as possible in earned wages.

20  Defendant ROTHENBERG VENTURES MANAGEMENT COMPANY LLC, meets this cost-

21  saving goal by systematically having employees work hours for which they will not pay through

22  the issuance of the final paycheck.

23

24                 **FIRST CAUSE OF ACTION**
                  **Failure to Pay Minimum Wage**

25        **Violation of Cal. Lab. Codes §§1194, 1194.2, 1197**

26                                             28.

27      Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the

28  preceding paragraphs.

US-001579

**29.**

The Class Period for this cause of action is four years from the filing of the complaint.

**30.**

Cal. Lab. Code §1197 provides, "the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

**31.**

Cal. Lab. Code §1194 provides in relevant part that any employee receiving less than the legal minimum wage applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage, including interest thereon, reasonable attorneys' fees, and costs of suit.

**32.**

Cal. Lab. Code § 1194.2 provides in relevant part that: "In any action under ... Section 1194 to recover wages because of a payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon. "

**33.**

As alleged herein, Defendant required Plaintiff and the Class members to work without compensating them for all hours worked in violation of California law, including the failure to provide them with their final paycheck at the time of discharge, termination and or separation. By these actions, Defendant violated Cal. Lab. Code § 1197 and is liable to Plaintiff and the Class.

**34.**

As a result of the unlawful acts of Defendant, Plaintiff and the Class members have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such

US-001580

amounts, including interest thereon, attorneys' fees, costs, and any other damages as set forth under

California law, including statutory penalties under Cal. Labor Code §2699.

### SECOND CAUSE OF ACTION

**Failure to Pay Overtime Wages**
**Violations of Cal. Lab. Code §§ 510, 1194 et seq., 1198**

#### 35.

Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the

preceding paragraphs.

#### 36.

The Class Period for this cause of action is four years from the filing of the complaint.

#### 37.

Cal. Lab. Code §510, "Day's work" provides in relevant part:

Eight hours of labor constitutes a day's work

* * * *

Any work in excess of eight hours in one workday and any work in excess of 40 hours in anyone workweek and the first eight hours worked on the seventh day of work in anyone workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

#### 38.

Cal. Lab. Code § 1194 provides in relevant part that: "any employee receiving less than the

minimum wage or the legal overtime compensation applicable to the employee is entitled to

recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime

compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

#### 39.

---

US-001581

Cal. Lab. Code § 1198 provides in relevant part, "the employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

**40.**

Industrial Welfare Commission Order No. 7-2001(3)(A)(I) provides in relevant part:

> [E]mployees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 1/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:
>
> (a)     One and one-half (1 1/2) times the employees' regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and
>
> (b)     Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

**41.**

As alleged herein, Defendant required Plaintiff and Class members to work overtime without receiving overtime compensation for any hours worked over eight per day or forty per week.

**42.**

By their actions alleged above, Defendant violated the provisions of §§ 510, 1194 and 1198 of the California Labor Code and is liable to Plaintiff and the Class.

**43.**

As a result of the unlawful acts of Defendant, Plaintiff and the Class have been deprived of overtime compensation in amounts to be determined at trial, injunctive relief and are entitled to recovery of such amounts, including interest thereon, attorneys' fees, costs, and penalties.

US-001582

US-001583

## THIRD CAUSE OF ACTION

**Unfair Competition**
**Violations of Cal. Bus. & Prof. Code §17200 et seq.**

**44.**

Plaintiff re-alleges and incorporate by reference each and every allegation set forth in the preceding paragraphs.

**45.**

The Class period for this cause of action is four years from the filing of the complaint.

**46.**

Section 17200 of the California Business & Professions Code prohibits any unlawful, unfair, or fraudulent business acts or practice.

**47.**

As used in this Complaint and in §17200, "unfair competition" means an unlawful, unfair or fraudulent business act or practice. This conduct is actionable pursuant to Business and Professions Code §§ 17200, 17203.

**48.**

Through the actions alleged herein, Defendant has engaged in unfair competition within the meaning of Cal. Bus. & Prof. Code § 17200, because Defendant's conduct has violated state wage and hour laws and the California common law as herein described.  Indeed, Defendant's conduct as herein alleged has damaged Plaintiff and the Class by wrongfully denying them earned wages and therefore was substantially injurious to Plaintiff and the Class.

**49.**

Beginning at a date unknown to Plaintiff, but at least as early as four years preceding the filing of this lawsuit, Defendant committed, and continues to commit, acts of unfair competition, as

US-001584

US-001585

defined by § 17200 et seq. of the California Business and Professions Code, by, among other things, engaging in the acts and practices described above.

**50.**

Defendant engaged in unfair competition in violation of Cal. Bus. & Prof. Code § 17200 et seq. by violating, inter alia, each of the following, each of which constitutes an independent and separate violation of Cal. Bus. & Prof. Code § 17200 et seq.:

      a.      Failure to pay wages for all hours worked;

      b.      Cal. Lab. Code §§201,202, 204 et seq.;

      c.      Cal. Lab. Code §§226;

      d.      Cal. Lab. Code §510;

      e.      Cal. Lab. Code Section 512;

      f.      Cal. Lab. Code §551, which provides that "[e]very person employed in any occupation of labor is entitled to one day's rest there from in seven."

      g.      Cal. Lab. Code §552, which provides that "No employer of labor shall cause his employees to work more than six days in seven."

      h.      Cal. Lab. Code § 1182. 11, which provides the minimum wage for all industries;

      i.      Cal. Lab. Code § 1194 et seq.;

      j.      Cal. Lab. Code § 1197, 1198;

      j.      Cal. Lab. Code § 2802;

      k.      California Industrial Welfare Commission Order

**51.**

US-001586

US-001587

Defendants' course of conduct, acts, and practices in violation of the California laws mentioned in each paragraph above constitute a separate and independent violation of §17200, et seq., of the California Business and Professions Code.

**52.**

The harm to Plaintiff and the Class in being wrongfully denied lawfully earned wages outweighs the utility, if any, of Defendant's policy/practices and, therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of California Business and Professions Code §17200.

**53.**

Further, Defendants failed to provide Plaintiffs and Class Members with their legally required meal break, and Plaintiff and Class Members seek to recover by way of restitution the wages owed to them for Defendants' violations of Labor Code § 226.7 and Wage Order provisions for meal periods, which constituted unfair business practices.

Defendant's conduct described herein constitutes an incipient violation of state wage and hour laws and the California and/or violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

**54.**

Defendant's course of conduct also violates Cal. Bus. & Prof. Code § 17200 in that it is fraudulent and improper.

**55.**

The unlawful, unfair, and fraudulent business practices and acts of Defendants, and each of them, as described above, have injured Plaintiff and members of the Class in that they were wrongfully denied the payment of all wages owed as required under California law.

US-001588

US-001589

**56.**

Pursuant to Business and Professions Code § 17203, the Court may impose injunctive relief against any conduct found to constitute unfair competition pursuant to Business and Professions Code § 17200. The court may also make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Plaintiffs are informed and believe that for the last four years, Defendants have intentionally and improperly violated the Labor Laws and Regulations for Plaintiffs and Class Members as alleged herein, and have induced and directed its officers, managers, supervisors and/or other employees or agents to engage in violations including (1) failing and refusing to pay all wages owed for hours worked; and (2) failing to pay compensation due in a timely manner upon termination, and (3) failing to provide thirty-minute, uninterrupted, off-duty time for meal periods, which constitute unfair business practices in violation of California Business & Professions Code Sections 17200, *et seq*

### FOURTH CAUSE OF ACTION

**Failure to Make Payment Within the Required Time
Violations of Cal. Lab. Code §§201-203, 226**

**57.**

Plaintiff re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

**58.**

The Class Period for this cause of action is four year from the filing of the complaint.

**59.**

---

17
COMPLAINT

US-001590

Cal. Lab. Code §201 provides in relevant part, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

**60.**

Cal. Lab. Code §202 provides in relevant part, " [i]f an employee not having a written contract for a definite period quits his or his employment, his or his wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or his intention to quit, in which case the employee is entitled to his or his wages at the time of quitting."

**61.**

As alleged herein, Defendant failed to pay earned wages to Plaintiff and the Class who are former employees of ROTHENBERG VENTURES MANAGEMENT COMPANY LLC, at the time they became due and payable. Thus, Defendant violated Cal. Lab. Code §§201 and 202.

**62.**

As a result of Defendant's unlawful acts, Plaintiff and the Class who are former employees of ROTHENBERG VENTURES MANAGEMENT COMPANY LLC, are entitled to recover, pursuant to Cal. Lab. Code §203, continuing wages as a penalty from the due date thereof at the same rate until paid or until this action was commenced; but for no more than 30 days.

**63.**

In addition, Cal. Lab. Code §226(a) provides in relevant part that" Every employer shall furnish each of his or his employees ... an itemized statement in writing showing ... total hours worked by the employee ... and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." Cal. Lab. Code §226(b) then provides in relevant part: "Any employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the

US-001591

1    greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation

2    occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period,

3    not exceeding an aggregate penalty of four thousand dollars ($4,000) and shall be entitled to an

4    award of costs and reasonable attorney's fees." Plaintiff and the Class are entitled to recover

5    accordingly.

6

7                                    **FIFTH CAUSE OF ACTION**

8                          **(Failure to Indemnify Employees for Expenditures:**
                              **California Labor Code Sections 2802)**
9

10                                              **64.**
         Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the

11   preceding paragraphs.

12
                                                **65.**
13

14       California Labor Code Section 2802 provides in relevant part, "An employer shall

15   indemnify his or her employee for all necessary expenditures or losses incurred by the employee in

16   direct consequence of the discharge of his or her duties, or of his or her obedience to the directions

17   of the employer, even though unlawful, unless the employee, at the time of obeying the directions,

18   believed them to be unlawful."

19
                                                **66.**
20

21       As alleged herein, Plaintiffs and the class incurred necessary expenditures or losses in direct

22   consequence of the discharge of their duties, or of their obedience to the directions of the employer.

23   Defendants failed to indemnify Plaintiff and the class members for all business expenses and/or

24   losses as required under Labor Code Section 2802 and *Gattuso v. Harte-Hanke Shoppers, Inc.*

25   incurred while working under the direction of Defendants.

26                                              **67.**

27

28

US-001592

US-001593

As a result of the unlawful acts of Defendants, Plaintiff and the Class members have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, including interest thereon, attorneys' fees, costs, and any other damages as set forth under California Law.

### SIXTH CAUSE OF ACTION

**(Failure to Pay Out Vested Vacation At The Time of Termination
California Labor Code Sections 227.3)**

**68.**

Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination. The Labor Commissioner or a designated representative, in the resolution of any dispute with regard to vested vacation time, shall apply the principles of equity and fairness.

**69.**

As alleged herein, Plaintiffs and the class had vested vacation that was to be paid to them at the time of termination and/or separation from Defendant's employment. In addition to failing to pay out their final wages, Defendants failed to payout Plaintiff and the class members' vested vacation as required under Labor Code Section 227.3.

**70.**

As a result of the unlawful acts of Defendants, Plaintiff and the Class members have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such

US-001594

US-001595

amounts, including interest thereon, attorneys' fees, costs, and any other damages as set forth under

California Law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of themselves and the members of the Class, pray for

judgment against the Defendant as follows:

1. Determining that this action may proceed and be maintained as a class action;

2. On the First Cause of Action:

    a. A declaratory judgment that Defendant has violated Cal. Lab. Code §§1194, 1194.2 and 1197;

    b. An award to Plaintiff and the Class of damages for the balance of unpaid overtime compensation, including interest thereon, and penalties subject to proof;

    c. An award to Plaintiff and the Class of reasonable attorneys' fees and costs pursuant to Cal. Lab. Code § 1194 and/or other applicable state laws;

    d. An award to Plaintiff and the Class of liquidated damages, pursuant to Cal. Lab. Code § 1194.2;

    e. Awarding the Named Plaintiff and the Class pre-judgment interest at the highest legal rate, on all unpaid wages from the date such wages were earned and due;

3. For the Second Cause of Action:

    a. A declaratory judgment that Defendant has violated Cal. Lab. Code

    b. An award to Plaintiff and the Class of damages for the amount of unpaid overtime compensation, including interest thereon, and penalties subject to proof;

    c. An award to Plaintiff and the Class of reasonable attorneys' fees and costs pursuant to Cal. Lab. Code § 1194 and/or other applicable state laws;

4. For the Third Cause of Action:

    a. Ordering Defendant, its agents, servants, and employees, and all persons acting, directly or indirectly, in concert with it, to restore and disgorge all funds to each member of the Class acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and therefore constitute unfair competition under § 17200 et seq. of the California Business and Professions Code;

US-001596

US-001597

b. For injunctive relief pursuant to California Business & Professions Code § 17203, consisting of, inter alia: (1) a declaration that Defendant has engaged in unlawful and unfair business acts and practices in violation of California Business & Professions Code § 17200 et seq.; (2) a preliminary and/or permanent injunction enjoining Defendant and its respective successors, agents, servants, officers, directors, employees and all persons acting in concert with them from pursuing the policies, acts and practices complained of herein and prohibiting Defendant from continuing such acts of unfair and illegal business acts and practices;

5. For the Fourth Cause of Action:

a. A declaratory judgment that Defendant has violated Cal. Lab. Code §§201, 202 and 226;

b. An award to Plaintiff and the Class who are former employees of continuing wages as a penalty from the due date thereof at the same rate until paid or until this action was commenced; but for no more than 30 days;

c. An award to Plaintiff and the Class of interest, which shall accrue from the date that the wages were due and payable, pursuant to Cat Lab. Code §218.6.

d. An award to Plaintiff and the Class of reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §1194 and/or other applicable state laws;

e. An award to Plaintiff and the Class of actual damages as well as an award of costs and reasonable attorneys' fees, pursuant to Cal. Lab. Code §226;

6. For the Fifth Cause of Action:

a. A declaratory judgment that Defendants have violated Labor Code Section 2802;

b. An award to Plaintiff and the Class of compensatory damages to be paid by Defendant for failure to indemnify Plaintiff and the Class for all necessary expenditures or losses incurred by the employee in direct consequence of the    discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of   obeying the directions, believed them to be unlawful;

c. An award to Plaintiff and the Class of reasonable attorneys' fees and costs pursuant to Labor Code Section 2802;

d. An award of all accrued interest from the date that the compensation was due and payable at the interest rate specified in subdivision (b) or Section 3289 of the Civil Code;

7. For the Sixth Cause of Action:

US-001598

US-001599

a.   A declaratory judgment that Defendants have violated Labor Code Section 227.3;

b.   An award to Plaintiff and the Class of compensatory damages to be paid by Defendant for failure to payout vested vacation at the time of termination and/or separation;

c.   An award to Plaintiff and the Class of reasonable attorneys' fees and costs;

d.   An award of all accrued interest from the date that the compensation was due and payable at the interest rate specified in subdivision (b) or Section 3289 of the Civil Code; and

8.   Awarding Plaintiff and the Class their attorneys' fees and costs of suit to the extent permitted by law;

9.   All other relief as this Court may deem proper.


Dated:  September 30, 2016                         Respectfully submitted,
                                                   **RIGHETTI GLUGOSKI, P.C.**



                                                   John Glugoski
                                                   Attorneys for Plaintiff

US-001600