1    MOEL LAH FAKHOURY LLP
     Hanni M. Fakhoury (State Bar No. 252629)
2    1300 Clay Street, Suite 600
     Oakland, CA 94612
3    Telephone:   (510) 500-9994
     Email:       hanni@mlf-llp.com
4

5    LAW OFFICE OF NATHANIEL J. TORRES (State Bar No. 253968)
     338 Fillmore Street, #4
6    San Francisco, CA 94117
     Telephone:   (415) 290-6290
7    Email:       nathanieltorres3131@gmail.com

8

9    Attorneys for Michael Rothenberg

10

11                  IN THE UNITED STATES DISTRICT COURT

12               FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                          OAKLAND DIVISION

14

15   UNITED STATES OF AMERICA,          **Case No.:** 4:20-CR-00266-JST

16              Plaintiff,              **DEFENDANT'S RESPONSE TO UNITED
                                        STATES' MOTIONS IN LIMINE RE
17         v.                           TRIAL ON COUNTS 3-23**

18   MICHAEL ROTHENBERG,                **Court:**        Courtroom 6, 2nd Floor
                                        **Hearing Date:** September 15, 2023
19              Defendant.              **Hearing Time:** 2:00 p.m.

20

21

22

23

24

25

26

27

28

1

2

3

**INTRODUCTION**

Michael Rothenberg files this response to the United States' Motions *in Limine*, filed on

August 31, 2023, concerning trial on Counts 3-23. *See* Dkt. 247 ("Gov. In Lims")

4

**ARGUMENT**

5

6

A.     **Actions taken by SVB and investors are relevant to the issue of "materiality" and thus admissible.**

7

8

9

The government's first motion *in limine* seeks to preclude Mr. Rothenberg from presenting

evidence and argument that alleged victims were negligent in their dealings with Mr. Rothenberg.

Gov. In Lims at 4-10. Its motion should be denied.

10

11

12

13

14

15

16

17

"Whether grounded in the Sixth Amendment's guarantee of compulsory process or in the more

general Fifth Amendment guarantee of due process, the Constitution guarantees criminal defendants a

meaningful opportunity to present a complete defense." *United States v. Stever*, 603 F.3d 747, 755

(9th Cir. 2010) (internal citations and quotation marks omitted). That includes the right to present

evidence at trial and the right to argue one's defense to the jury in closing argument. *See United

States v. Brown*, 859 F.3d 730, 737 (9th Cir. 2017) ("[P]reventing a defendant from arguing a

legitimate defense theory constitutes structural error" requiring reversal) (internal quotation marks

and citations omitted).

18

19

20

21

22

The government focuses on the element of materiality, arguing that "the Court could not admit

evidence or allow argument regarding what SVB or the investors should have done in the face of

Rothenberg's statements (as opposed to evidence of whether those statements had the capability of

influencing decisions) without accepting the faulty premise that the materiality element requires

proof of actual reliance." Gov. In Lims at 9. But it is the government's premise that is flawed.

23

24

25

26

27

28

Because materiality is an "objective test…courts have said that how a particular decision maker

would have reacted to particular statements is relevant to whether those statements were material."

*United States v. Yang*, 5:16-CR-00334-LHK, 2019 WL 5536213, at *2 (N.D. Cal. Oct. 25, 2019)

(citing *United States v. Peterson*, 538 F.3d 1064, 1073 (9th Cir. 2008)). "In order to decide whether

the false statements had a natural tendency to influence, or were capable of influencing, the decisions

of the lenders, the jury must know something about the lenders' decision-making process." *United*

DEFENDANT'S RESPONSE TO UNITED STATES' MOTIONS IN LIMINE RE TRIAL ON COUNTS 3-23
*United States v. Rothenberg*, 4:20-CR-00266-JST

1

1    *States v. Maximov*, 10-CR-00822-PHX-DGC, 2011 WL 4915162, at *3 (D. Ariz. Oct. 17, 2011).

2    "[M]ateriality must be assessed in the context in which the communications occurred; in

3    consequence, industry practices, agreements between the parties, and other information known to the

4    parties at the time of the allegedly false statements are relevant to assessing those statements'

5    materiality." *United States v. Bogucki*, 18-CR-00021-CRB, 2019 WL 1024959, at *2 (N.D. Cal. Mar.

6    4, 2019) (citing *United States v. Green*, 698 F. App'x 879, 880 (9th Cir. 2017)).

7            Thus, "evidence of the circumstances surrounding a victim's entanglement in the fraudulent

8    scheme may be admissible" in "determining materiality," as there is a "necessity of evaluating the

9    information available to victims in order to determine if the alleged false statements had the capacity

10   to mislead." *United States v. Holmes*, 5:18-CR-00258-EJD-1, 2021 WL 2044470, at *48 (N.D. Cal.

11   May 22, 2021). Additionally and separately, "a victim's knowledge of the fraud could serve as

12   relevant impeachment evidence," as "the way 'victims reacted to alleged misrepresentations…is

13   highly relevant to their credibility.'" *Id.* (quoting *Yang*, 2019 WL 5536213, at *3).

14          The government's motion *in limine* should thus be denied, or alternatively, deferred until trial

15   when the Court can rule on specific objections raised by the government to testimony or argument

16   presented by Mr. Rothenberg. *See Maximov*, 2011 WL 4915162, at *3 ("Drawing a line between

17   evidence presented to establish an improper defense and evidence relevant to the question of

18   materiality may not be easy in this case. Many of those lines will have to be drawn during the course

19   of trial when the Court is more familiar with the evidence and arguments being made by the

20   parties.").

21   **B.    One case agent should be exempt from exclusion under Rule 615, but all other fact
           witnesses, including expert Gerald Fujimoto, should be excluded.**

22

23          The government requests the Court exclude all fact witnesses under Federal Rule of Evidence

24   615. Gov. In Lims at 10. Mr. Rothenberg made a similar request in his motions *in limine*, and so does

25   not object to the government's request. *See* Dkt. 248, Defendant's Motions in Limine for Trial on

26   Counts 3-23 ("Def. In Lims") at 15. The government also requests two exceptions from this blanket

27   rule.

28

### 1. Only one case agent should be exempt from exclusion.

The government first requests IRS CI Special Agent Anthony Ghio, who has been designated one of three government "case agents," be allowed to be present in the courtroom prior to his testimony. Gov. In Lims at 10. Mr. Rothenberg has no objection to the government designating *one* case agent for purposes of Rule 615 who may be present in court before testifying.

A federal agent, or a local law enforcement officer working with federal agents, qualifies for exemption from an exclusion order under Federal Rule of Evidence 615(b). *See United States v. Thomas*, 835 F.2d 219, 222-23 (9th Cir. 1987) (trial court did not err in allowing FBI agent who also testified to sit at counsel table throughout trial, since agent qualified as officer representing the government). The plain language of Rule 615(b), however, as well as the notes of the Advisory Committee, indicate that only *one* agent can be exempted under this provision. *United States v. Pulley*, 922 F.2d 1283, 1286 (6th Cir. 1991) ("'[a]' representative, like 'a' natural person, . . . and 'an' officer or employee, is singular. . . we can discern no reason to convert the singular into the plural.").

The government explains that two designated FBI case agents "are not expected to testify at trial." Gov. In Lims at 10. If the government does not in fact call them as witnesses, then there is no defense objection to having Agent Ghio exempt from sequestration under Rule 615. But if the government ultimately decides to call more than one law enforcement case agent witness, then only one of those witnesses can be present in court before testifying.

### 2. Expert witness Gerald Fujimoto should be excluded.

The government also requests its expert forensic accountant, Gerald Fujimoto, be exempt from sequestration under Rule 615. Mr. Rothenberg objects to this request.

While expert witnesses will be exempt from sequestration in "many circumstances," the Ninth Circuit has "decline[d] to conclude, however, that an expert witness will *always* meet the criteria of Rule 615(3)." *United States v. Seschillie*, 310 F.3d 1208, 1213 (9th Cir. 2002) (emphasis in original). The "burden…remains on the party requesting the Rule 615(3) exception to make a 'fair showing' that 'the expert witness is in fact required for the management of the case.'" *Id.* (quoting *Morvant v. Construction Aggregates Corp.*, 570 F.2d 626, 630 (6th Cir. 1978)).

DEFENDANT'S RESPONSE TO UNITED STATES' MOTIONS IN LIMINE RE TRIAL ON COUNTS 3-23
*United States v. Rothenberg*, 4:20-CR-00266-JST

3

1    The government fails to carry its burden here. First, the government has not demonstrated that

2    Fujimoto's presence when other witnesses is testifying is "required for the management of the case."

3    *Seschillie*, 310 F.3d at 1213 (quotations and citations omitted). Given the two comprehensive reports

4    prepared by Fujimoto, it is unlikely that any witness testimony from a government witness is

5    necessary for its management of the case. The situation would be different if Mr. Rothenberg was

6    calling an expert witness of his own. In that circumstance, courts have allowed one party's expert

7    witness to be present while the opposing side's expert witness was testifying to render an opinion

8    about the opposing side's expert testimony. *See, e.g., United States v. Baras*, 11-CR-00523-YGR,

9    2013 WL 6502846, at *4 (N.D. Cal. Dec. 11, 2013) (ruling "that a party's medical expert(s) may be

10   present during the testimony of an opposing party's medical expert."). But that is not the case here,

11   where Mr. Rothenberg does not plan to call an expert witness.

12       Moreover, the lack of an absolute rule allowing experts to remain in court during other

13   testimony is not just because the plain text of Rule 615 does not provide a blanket exemption for

14   experts, but also because "there are circumstances in which an expert may also give factual

15   testimony." *Seschillie*, 310 F.3d at 1213. That is precisely the case here. The government's expert

16   witness notice, as well as the substance of Fujimoto's report, provides that he plans to give factual

17   testimony concerning the movement of money in and out of various bank accounts. *See* Dkt. 248-16,

18   Def. In Lims Exh. O, Dkt. 248-17, Def. In Lims Exh. P.

19       Thus, the government's request to permit Fujimoto to remain in court during the testimony of

20   other witnesses should be denied.

21   **C.    Mr. Rothenberg will not reference punishment before the jury.**

22       The government requests this Court exclude references to punishment in front of the jury. Gov.

23   In Lims at 14. As an initial point, defense counsel is well aware he cannot reference punishment

24   before the jury—and has already been admonished on that point by this Court at the first trial—and

25   has no plans to do so.

26       But the government's request is too broad. It claims that statements like "this case has serious

27   consequences" are "subtle" references to punishment. Numerous judges have disagreed with the

28   government's characterization. *See, e.g., United States v. Schena*, 5:20-CR-00425-EJD, 2022 WL

DEFENDANT'S RESPONSE TO UNITED STATES' MOTIONS IN LIMINE RE TRIAL ON COUNTS 3-23
*United States v. Rothenberg*, 4:20-CR-00266-JST

4

1    2910185, at *6 (N.D. Cal. July 23, 2022) ("The Court will allow the defense to make subtle

2    references like, "this case has serious consequences for the defendant," and will also allow the

3    defense to remind the jury of their duties and their responsibility of holding the government to their

4    burden of proof."); *United States v. Williams*, 3:13-CR-00764-WHO, 2017 WL 4310712, at *8 (N.D.

5    Cal. Sept. 28, 2017) (denying government's request to exclude statement "this case has serious

6    consequences for the defendant" because "Subtle references such as the one mentioned above are not

7    really referencing punishment.").

8         Thus, the government's broad request should be denied.

9    **D.     Statements in the Wells submission should be excluded.**

10        The government moves this Court for an order that prior statements made by Mr. Rothenberg

11   are admissible non-hearsay under Federal Rule of Evidence 801(d)(2). Gov. In Lims at 15. Mr.

12   Rothenberg acknowledges the government can offer his statements under Rule 801(d)(2), though he

13   reserves the right to object to specific statements on other non-hearsay grounds, including the fact

14   that statements may be irrelevant, or their admission unduly prejudicial under Federal Rule of

15   Evidence 403.

16        The government draws attention to a Wells submission made to the SEC in 2018 by Mr.

17   Rothenberg's prior attorneys, arguing that such statements are admissible under Rule 801(d)(2)(D) as

18   a statement made by the party's agent. Gov. In Lims at 17. Mr. Rothenberg raised in his motions *in*

19   *limine* that no evidence about the SEC matter should be introduced at trial. *See* Def. In Lims at 9. He

20   also argued in his motions *in limine* that the Wells submissions specifically should be excluded under

21   Federal Rule of Evidence 408 as a statement made during negotiations, and excluded under Federal

22   Rule of Evidence 403 as any probative value to the statements are substantially outweighed by the

23   danger of unfair prejudice, confusion of issues, undue delay, and the needless presentation of

24   cumulative evidence. *Id.* at 8-11. Regardless of whether the Wells submissions are hearsay or not,

25   this evidence should be excluded for the reasons detailed in Mr. Rothenberg's motions *in limine*.

26        Additionally, the evidence the government highlights in the Wells submission is irrelevant. The

27   government claims the submissions—made in 2018—included "(1) Warrants Agreements that

28   RVMC had acquired in companies that participated in the River Accelerator program and (2) Warrant

DEFENDANT'S RESPONSE TO UNITED STATES' MOTIONS IN LIMINE RE TRIAL ON COUNTS 3-23
*United States v. Rothenberg*, 4:20-CR-00266-JST

5

1    Purchase and Sales Agreements documenting RVMC's exercise of the warrants and sale of the

2    warrants to the 2015 Fund on December 31, 2016." Gov. In Lims at 16. Both the statements and the

3    underlying transactions concerning RVMC's exercise and sale of warrants in December 2016, were

4    made well after the transactions charged in the indictment, which ended in August 2016. Because this

5    evidence is irrelevant, the statements in the Wells submissions should be excluded.

6    **E.    Merely self-authenticating business records does not necessarily render them admissible.**

7         The government seeks to self-authenticate certain business and public records under Federal

8    Rule of Evidence 902(11). Gov. In Lims at 19. Mr. Rothenberg acknowledges the government may

9    self-authenticate under Rule 902 and has so far received custodian certificates from (1) American

10   Express corresponding to Exhibits 126 and 131; (2) Bank of America corresponding with Exhibits

11   97-111;(3) Silicon Valley Bank corresponding to exhibits 62-95; and (4) Suite Experience Group

12   corresponding to exhibit 504. He has no objection as to the form of those certificates.

13        Mr. Rothenberg has yet to receive or locate within discovery certificates corresponding to (1)

14   American Express for exhibits 118-125, 127-130; (2) Bank of America for exhibits 112-115; (3)

15   Bank of San Francisco; (4) the Federal Reserve Bank; (5) Merrill Lynch for exhibits 116-117; (6)

16   Owen Financial and Owens Realty; (7) Robinhood; (8) Silicon Valley Bank for exhibits 154-161,

17   165-182 and 186; and (9) Thrive Capital Partners. Mr. Rothenberg and the government have been

18   discussing these certificates, and will aim to resolve any issues with the adequacy of the certificates

19   between the parties, before raising them with the Court.

20        But although the government may satisfy the requirements of Rule 902(11), that does not mean

21   the records are necessarily admissible. The government itself recognizes that its "motion *in limine*

22   assumes that the records are relevant under Rule 402 and not excludable under Rule 403," "is not

23   seeking a pretrial ruling on Rule 402 and Rule 403 issues, and acknowledges that, even if the Court

24   grants the instant motion, the defendant could still raise objections to the admissibility of records at

25   issue." Gov. In Lims at 19 n. 7. Indeed, Mr. Rothenberg has already raised in his motions *in limine*

26   objections to specific exhibits on relevancy and Rule 403 grounds. *See* Def. In Lims at 1-2, 6-7.

27        The Court should thus defer ruling on the admissibility of the business records and decide

28   them on a case-by-case basis as the government seeks admission.

DEFENDANT'S RESPONSE TO UNITED STATES' MOTIONS IN LIMINE RE TRIAL ON COUNTS 3-23
*United States v. Rothenberg*, 4:20-CR-00266-JST

6

1

## **CONCLUSION**

2      For the foregoing reasons, Mr. Rothenberg respectfully requests the Court (1) deny government

3  motion *in limine* one or defer ruling until trial; (2) grant government motion *in limine* two as it

4  pertains to allowing *one* case agent remain in court before testifying, but deny government motion *in*

5  *limine* two as it pertains to expert witness Gerald Fujimoto; (3) deny government motion *in limine*

6  three as overbroad; (4) defer ruling on government motion *in limine* four concerning Mr.

7  Rothenberg's statements generally, and deny motion *in limine* four concerning the Wells

8  submissions; and (5) defer ruling on government's motion *in limine* five concerning admissibility of

9  self-authenticating business and public records.

10      He also requests leave to file additional motions *in limine* once the government files its witness

11  list.

12

13      Dated:    September 8, 2023                 Respectfully submitted,

14

15

16                                                Hanni M. Fakhoury
                                                  Nathaniel J. Torres
17                                                Attorneys for Michael Rothenberg

18

19

20

21

22

23

24

25

26

27

28