MOEL LAH FAKHOURY LLP
Hanni M. Fakhoury (State Bar No. 252629)
1300 Clay Street, Suite 600
Oakland, CA 94612
Telephone:   (510) 500-9994
Email:       hanni@mlf-llp.com

LAW OFFICE OF NATHANIEL J. TORRES (State Bar No. 253968)
338 Fillmore Street, #4
San Francisco, CA 94117
Telephone:   (415) 290-6290
Email:       nathanieltorres3131@gmail.com


Attorneys for Michael Rothenberg

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ROTHENBERG,<br><br>Defendant. | **Case No.:** 4:20-CR-00266-JST<br><br>**DEFENDANT'S PRETRIAL CONFERENCE STATEMENT FOR TRIAL ON COUNTS 3-23**<br><br>**Court:**          Courtroom 6, 2nd Floor<br>**Hearing Date:**   September 15, 2023<br>**Hearing Time:**   2:00 p.m. |

1

**INTRODUCTION**

2       Pursuant to this Court's Standing Order and Criminal Local Rule 17.1-1(b), defendant Michael

3   Rothenberg submits this Pretrial Conference Statement in connection with jury trial on Counts 3-23

4   of the superseding indictment, set to begin on October 2, 2023.

5   **1.      Statements or Reports of Witnesses.**

6       While the government has produced numerous reports containing witness statements, it has not

7   explicitly indicated whether it has produced all statements covered under the *Jencks* Act.

8   **2.      Grand Jury Testimony.**

9       The government has not yet disclosed the grand jury testimony of any witnesses. The

10  government has informed defense counsel that the only witness who testified before the grand jury

11  will not be called as a witness at trial and therefore it does not intend to produce the grand jury

12  transcript.

13  **3.      Exculpatory or Other Favorable Evidence.**

14      The government has produced a voluminous amount of discovery but has not explicitly

15  indicated whether required disclosure of exculpatory and other evidence favorable to the defendant

16  on the issue of guilt or punishment is complete. The parties have agreed to a discovery production

17  deadline of September 1, 2023 with any discovery obtained after September 1, 2023 to be produced

18  to the opposing side no later than 48 hours after receipt of that discovery. Dkt. 243.

19  **4.      Stipulations of Facts.**

20      The parties have not agreed to any stipulations of fact.

21  **5.      Court Appointed Interpreters.**

22      No interpreters will be needed in this case.

23  **6.      Dismissal of Counts.**

24      The government has not indicated any intention to dismiss any of the charges in the

25  superseding indictment.

26  **7.      Joinder and Severance.**

27      Counts One and Two were severed from the remainder of the counts in the superseding

28  indictment. Those counts went to trial in the fall of 2022 and resulted in a mistrial on November 17,

2022, when jurors were deadlocked and unable to reach a unanimous verdict. Dkt. 205. Retrial on those two counts is trailing the trial on the remaining counts.

**8.    Informers, Identification Evidence and Evidence of Prior Convictions.**

The government has not indicated any intention to present testimony by informers, lineup or identification evidence, or evidence of prior convictions by any witnesses. Mr. Rothenberg has no prior convictions.

**9.    Witness Lists.**

As of this filing, the government has yet to produce a witness list, though it has given notice of its intent to call an expert witness, forensic accountant Gerald Fujimoto. Consistent with his right to an effective defense, Mr. Rothenberg has advised the government he has not determined what non-expert witnesses, if any, he will call in his case-in-chief, should he choose to present one. Mr. Rothenberg does not plan to call an expert witness.

**10.    Exhibit Lists.**

The government filed its exhibit list on August 25, 2023, marking 524 exhibits. Dkt. 245. Consistent with his right to an effective defense, Mr. Rothenberg reserves the right to supplement the exhibits he chooses to use in his case-in-chief, should he choose to present one, to rebut evidence presented in the government's case-in-chief.

**11.    Pretrial Resolution of Objections to Exhibits or Testimony.**

The parties have filed motions *in limine* and oppositions. Dkt. 247, 248. Beyond the issues raised in the motions *in limine*, there are no outstanding objections to exhibits at the moment, though that may change if and when the government provides additional discovery or marks additional exhibits beyond those in their initial exhibit list. Additionally, Mr. Rothenberg's motions *in limine* were filed before he received the government's witness list, and he may need to file additional motions *in limine* in connection with potential witnesses appearing on the government's witness list.

**12.    Controverted Points of Law.**

There are several outstanding motions *in limine* that need to be addressed at the pretrial conference. In addition, there are several disputes about the jury instructions concerning the substantive counts that have been raised in the parties jointly filed stipulated and disputed jury

instructions.

**13.**   **Scheduling of Trial and Witnesses.**

Jury selection is scheduled to begin on October 3, 2023. The parties anticipate the trial will last approximately six to eight weeks.

**14.**   **Questionnaires, Voir Dire, Peremptory and Cause Challenges, and Instructions.**

Beyond the standard jury questionnaire issued by the Clerk's Office, the parties jointly proposed a few specific questions to include in the online questionnaire. Dkt. 244. The parties agree on most of the jury instructions apart from the few disputed instructions concerning the elements of the offenses contained in the parties jointly filed stipulated and disputed jury instructions.

**15.**   **Other Matters Tending to Promote a Fair and Expeditious Trial.**

There are two additional items that should be addressed by the Court at the pretrial conference.

**1.**     **Renumbering Counts**

Because Counts One and Two are not before the jury, Mr. Rothenberg suggests that the counts be renumbered solely for the purposes of trial, with Count Three renumbered to Count One, Count Fourt renumbered to Count Two, and so on. Doing so avoids having to instruct the jury to disregard the fact Counts One and Two are not before them, an admonition that in and of itself will likely cause the jury to speculate about the presence or absence of Counts One and Two.

The Honorable Yvonne Gonzalez Rogers recently did precisely this in a case handled by defense counsel earlier this year. In *United States v. Mulligan*, 4:21-CR-00200-YGR, the government dismissed Count Two of a five count indictment before trial, and so the counts were renumbered solely for trial in order to eliminate the need to instruct the jury to ignore the missing Count.

Mr. Rothenberg proposed renumbering the Counts to the government, but it declined.

**2.**     **Statement of the Case**

On September 7, 2023, the government sent defense counsel a proposed statement of the case to read to the jury venire. Mr. Rothenberg requested two changes which the government made, and the removal of one paragraph which the government declined to remove. Thus, Mr. Rothenberg has no objection to the statement of the case filed by the government with the exception of the second to last paragraph which reads:

The Indictment alleges that between September 2012 and September 2018, Mr. Rothenberg raised and obtained approximately $58.9 million dollars from around 200 investors and invested approximately $30.9 million dollars in various early-stage companies. The Indictment alleges that, setting aside management fees, distribution to investors, and cash-on-hand, Mr. Rothenberg had a shortfall of more than $18 million dollars which he had misappropriated and spent on various business and personal expenses.

Mr. Rothenberg objects to reading this (or similar language) to the jury venire. The statement of the case should be a neutral, matter of fact summary of the pending charges. This proposed statement veers closer to argument and raises facts that are irrelevant to the jury's determination of the case against Mr. Rothenberg. The indictment spans conduct occurring in 2015 to 2016, and so the amount of money raised between 2012 and 2018 is irrelevant. Moreover, the jury will not be asked to decide the amount of loss. The government is free to argue whatever it wishes in closing argument, but the Court should not read an argumentative statement to the entire jury venire.

Dated:    September 8, 2023                      Respectfully submitted,


Hanni M. Fakhoury
Nathaniel M. Torres
Attorneys for Michael Rothenberg