THOMAS A. COLTHURST (CABN 99493)
Attorney for the United States
Acting under Authority Conferred by 28 U.S.C. § 515

KATHERINE L. WAWRZYNIAK (CABN 252751)
Acting Chief, Criminal Division

BENJAMIN K. KLEINMAN (NYBN 5358189)
KYLE F. WALDINGER (CABN 298752)
NICHOLAS J. WALSH (CABN 314290)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    Email: benjamin.kleinman2@usdoj.gov
    Email: kyle.waldinger@usdoj.gov
    Email: nicholas.walsh@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL BRENT ROTHENBERG, <br><br> Defendant. | NO. 20-CR-00266 JST <br><br> **UNITED STATES' PRETRIAL CONFERENCE STATEMENT** <br><br> Trial Date:     October 3, 2023, 8:30 a.m. <br> Pretrial Date: September 15, 2023, 2:00 p.m. <br> Court:         Hon. Jon S. Tigar, Courtroom 6 |

Trial in this matter is set for October 3, 2023. The parties are scheduled to appear before the Court on September 15, 2023, at 2:00 p.m. for a pretrial conference. In anticipation of that pretrial conference, the United States respectfully submits this Pretrial Conference Statement addressing the matters set forth in Criminal Local Rule 17.1-1(b).

**I.      MATTERS CONCERNING THE CONDUCT OF THE TRIAL.**

  **A.** **Proposed Summary of the Indictment**: In order to establish a context for the *voir dire* questions that will be asked of the prospective jurors, the United States proposes that the Court give the following summary of the Indictment to the jury venire at the outset of jury selection. The parties have met and conferred in an attempt to reach agreement regarding a joint proposed summary of the Indictment. The parties have been largely successful, with the exception of one summary paragraph, underlined below, that the United States seeks to have included in the summary of the Indictment, and to which the defendant objects. The remaining text set out below is agreed-upon between the parties:

> The defendant, Michael Brent Rothenberg, is charged with crimes in a document called an Indictment. The charges at issue in this trial are in counts numbered Three through Twenty-Three.
>
> Count Three alleges that Mr. Rothenberg committed the crime of Bank Fraud. That count alleges that, in or about December 2015, Mr. Rothenberg knowingly, and with the intent to defraud, engaged in a scheme to defraud a financial institution, Silicon Valley Bank. In essence, Count Three alleges that Mr. Rothenberg created and implemented a plan intended to deceive Silicon Valley Bank into issuing a $4 million line of credit to his company, Rothenberg Ventures Management Company, LLC.
>
> Count Four alleges that Mr. Rothenberg committed the crime of False Statements to a Financial Institution. That count alleges that, between on or about December 23, 2015, and December 30, 2015, Mr. Rothenberg knowingly made false statements to Silicon Valley Bank for

the purpose of influencing the actions of Silicon Valley Bank, namely, to approve the $4 million line of credit that is also the subject of Count Three of the Indictment.

Counts Five through Seven allege that Mr. Rothenberg committed the crime of Wire Fraud. These counts allege that, beginning in or about October 2015, and continuing to at least August 2016, Mr. Rothenberg knowingly devised a fraudulent scheme to obtain money from an investor, Pilot Grove Management LLC, and its related entity Transcend VR LLC, by making false representations and concealing material facts to induce Pilot Grove Management/Transcend VR to invest $2 million in River Studios, a virtual reality content production company controlled by Mr. Rothenberg.

Counts Eight through Eleven allege that Mr. Rothenberg engaged in monetary transactions after he received the $2 million investment from Pilot Grove Management/Transcend VR, which was criminally derived in that he obtained it through the fraudulent scheme alleged in Counts Five through Seven.

Counts Twelve through Fifteen allege that Mr. Rothenberg committed the crime of Wire Fraud. These counts of the Indictment allege that beginning in or about July 2016, and continuing to at least September 2016, Mr. Rothenberg fraudulently solicited and obtained approximately $1.3 million dollars in investors' funds based on false representations that the funds would be invested in the non-publicly traded, privately held stock of a software company called Unity Software, Inc., which did business under the name Unity or Unity Technologies. The Indictment alleges that, upon receiving the investments intended for the purchase of Unity stock, Mr. Rothenberg used those funds for other purposes and never purchased stock in Unity.

Counts Sixteen through Twenty-Three allege that Mr. Rothenberg committed the crime of Wire Fraud. In essence, these counts of the Indictment allege that beginning in or about April 2015, and continuing to at least August 2016, Mr. Rothenberg induced certain investors to contribute money to his 2015 and 2016 venture capital funds by making false and misleading representations. The Indictment alleges that Mr. Rothenberg did not use the investors' money for the agreed-upon purposes.

The Indictment alleges that between September 2012 and September 2018, Mr. Rothenberg raised and obtained approximately $58.9 million dollars from around 200 investors and invested approximately $30.9 million dollars in various early-stage companies. The Indictment alleges that, setting aside management fees, distribution to investors, and cash-on-hand, Mr. Rothenberg had a shortfall of more than $18 million dollars which he had misappropriated and spent on various business and personal expenses.

Mr. Rothenberg has pleaded not guilty to the charges.

The Indictment is simply the description of the charges made by the government against the defendant; it is not evidence of anything. The defendant has pleaded not guilty to the charges and is presumed innocent unless and until proved guilty beyond a reasonable doubt. A defendant in a criminal case has the absolute right to rely on this presumption. He may remain silent and is not required to prove his innocence or present any evidence on his behalf.

B. **JENCKS ACT, GRAND JURY, *BRADY*, AND *GIGLIO* DISCLOSURES (Crim. L. R. 17.1-1(b)(1–3)).**

1. **United States' Discovery**

On August 14, 2023, the Court issued an order requiring all discovery required under the Federal Rules of Criminal Procedure then in possession of the parties be produced to the opposing side by September 1, 2023. *See* Dkt. 243. The United States represents it has provided to the defendant copies of all currently available reports of law enforcement authorities regarding the crimes, scheme, and events alleged in the Indictment. As it prepares for trial, the government will be generating, collecting, and Bates-numbering additional law enforcement reports of witness interviews. As new final reports, business records, and other documents are obtained, they will be provided to the defense as appropriate.

At present, the United States does not believe that any witnesses called to testify before the grand jury also will be called to testify at trial. If the United States determines that it will call a witness at trial that previously gave sworn testimony before the grand jury, the United States will produce to the defendant the grand jury testimony of that witness. The United States will submit an *ex parte* application to the Court seeking authority to disclose any such testimony.

The United States believes that it has supplied all materials that may be *Brady* material, and it recognizes its obligation to continue to provide any such materials within its possession, custody, or control. The United States also understands its continuing duty to comply with Rule 16 and will do so.

As of this date, the United States is not aware of any exculpatory material or impeachment information concerning the witnesses expected to testify in its case-in-chief that would be subject to disclosure pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Bagley*, 473 U.S. 667 (1985), and/or *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), that is not already in the possession of, or available to, the defense. The United States continues to review the materials in its possession for exculpatory or impeachment information.

2. **Reciprocal Discovery from the Defendant**

On August 14, 2023, the Court issued an order requiring all discovery required under the Federal Rules of Criminal Procedure then in possession of the parties be produced to the opposing side by September 1, 2023. *See* Dkt. 243. The United States has requested, but has not received, reciprocal

discovery from the defendant pursuant to Federal Rule of Criminal Procedure 16(b). Additionally, the United States has received no witness statements from the defendant pursuant to Federal Rule of Criminal Procedure 26.2.

### C.     STIPULATIONS (Crim. L.R. 17.1-1(b)(4)).

To date, the parties have not agreed to any stipulations of facts or stipulations of testimony. The United States will endeavor to reach stipulations regarding certain facts and evidentiary matters that are not in dispute in an effort to eliminate the need to call multiple foundation witnesses and multiple records custodians, or to call witnesses to establish facts that will not be disputed by the defendant. Any stipulations reached by the parties will be reduced to writing, signed by the parties, filed with the Court, and published to the jury at the appropriate time during the trial.

### D.     NEED FOR INTERPRETERS (Crim. L.R. 17.1-1(b)(5)).

At present, the United States does not anticipate requiring interpreters for any of its witnesses.

### E.     DISMISSAL OF COUNTS AND ELIMINATION OF CERTAIN ISSUES (Crim. L.R. 17.1-1(b)(6).

The United States does not anticipate dismissing any counts. Other than the parties' possible stipulations to testimony and/or facts, to foundational evidentiary issues, or to the admissibility of certain records, the United States is not aware of other issues that can be eliminated prior to trial.

### F.     JOINDER/SEVERANCE ISSUES (Crim. L.R. 17.1-1(b)(7)).

The Court previously severed Counts One and Two from the other counts in the Indictment. There are no remaining joinder or severance issues. Trial is proceeding on Counts Three through Twenty-Three in the Indictment.

**G.     INFORMANTS/IDENTIFICATION EVIDENCE/PRIOR CONVICTIONS (Crim. L.R. 17-1(b)(8)).**

The United States will not rely on any informants or cooperating defendants in this matter. The government does not believe that the identity of the defendant is at issue. At present, the United States is not aware that the defendant or any of the government's witnesses have prior convictions.

**H.     WITNESS LISTS (Crim. L.R. 17.1-1(b)(9)).**

The government will file its Witness List separately today, September 8, 2023. The United States reserves its right to amend its Witness List as appropriate as trial preparations progress.

The government has not received a witness list from the defense.

**I.     EXHIBITS AND OTHER DOCUMENTS (Crim. L.R. 17.1-1(b)(10)).**

The United States is using exhibits beginning at Exhibit No. 1. The defendant is using exhibits beginning at Exhibit No. 2000.

The United States filed its Exhibit List on August 25, 2023. Some of the exhibits on the Exhibit List may be used only for the purpose of refreshing the witness's recollection, on re-direct examination if the defendant's cross-examination opens the door to any issues, or in the government's rebuttal case (if any). The Bates numbers and other descriptors set forth on the United States' Exhibit List are for defense counsel's reference at this pretrial stage of proceedings; the United States may use "clean" copies of the documents listed on its Exhibit List at trial (*i.e.*, documents without Bates numbers and/or *un*redacted documents). The United States may mark and use additional exhibits at trial, and it reserves its right to amend or supplement its list as appropriate as trial preparations progress. The United States has provided the defense with digital copies of the Trial Exhibits through the normal course of discovery.

The United States will provide the Court with binders (three sets) containing its proposed Trial Exhibits at least five days before trial, pursuant to this Court's standing order.[1] After meeting and

---

[1] Alternatively, given the number of United States' Trial Exhibits and because the Trial Exhibits will consist of thousands of pages and many binders, the United States can provide the Court with digital copies of the Trial Exhibits.

UNITED STATES' PRETRIAL CONF. STMT.
CR 22-00266 JST                                              8

conferring, the parties have agreed that the United States will provide the defense only digital copies of the Trial Exhibits rather than physical binders. To the extent the Court requires permission for the parties to deviate from the Court's standing order regarding the production of binders, the parties hereby seek leave of Court to do so.

The United States may present summary financial exhibits to the jury through Internal Revenue Service – Criminal Investigation Special Agent Anthony Ghio or Forensic Account Gerald T. Fujimoto. The United States will provide the defense with copies of any such summary exhibits prior to Agent Ghio's or Mr. Fujimoto's testimony.

In its opening statement, the United States may show the jury several of the Trial Exhibits that it expects to introduce in evidence. Government counsel will advise defense counsel of the Trial Exhibits that they anticipate using during the opening statement.

### J.     OBJECTIONS TO EXHIBITS OR TESTIMONY (Crim. L.R. 17.1-1(b)(11)).

Except as explained below, the United States is not aware of any objections that the defendant has to any of its proposed exhibits or witnesses, other than those set forth in the defendants' Motions *in Limine*. There is one exception. The United States is aware of one defense objection that can be eliminated prior to trial: the resolution of whether the assertion of attorney-client privilege by the defendant over one or more documents is warranted.

By way of background, a government filter team reviewed some of the documents obtained during the investigation of this case to screen out any potentially privileged documents from use by the government's trial team. As part of that process, counsel for the defendant and a filter Assistant United States Attorney interacted and made agreements as to most of the materials. The government trial team has since been in possession of screened documents that were the result of those discussions, and the defense is in possession all of the documents. The government's trial team is aware of the existence (but not the precise content) of at least one more document that counsel for the defendant and the filter AUSA have not yet reached an agreement on how to resolve the assertion of privilege by the defendant. It is possible that the filter AUSA and counsel for the defendant will need the assistance of the Court in determining the applicability of the asserted privilege. It is the government's trial team's understanding

that discussions are ongoing, and that the Court may be informed at the Pretrial Conference on September 15, 2023, about how the filter AUSA and counsel for the defendant wish to proceed.

The United States has not been apprised of the defendant's exhibits or witnesses, and, therefore, is not in a position to raise any objections at this time.

**K.      LEGAL ISSUES LIKELY TO ARISE AT TRIAL (Crim. L.R. 17.1-1(b)(12)).**

Other than the issues set forth in the parties' motions *in limine*, the United States is not aware of any other significant legal issues likely to arise at trial.

The parties filed motions *in limine* on August 31, 2023. Responses and/or oppositions to the motions *in limine* will be filed today, September 8, 2023. The government anticipates that the Court will hear any argument on those motions at the pretrial conference on September 15, 2023.

**L.      SCHEDULING OF THE TRIAL AND OF WITNESSES (Crim. L.R. 17.1-1(b)(13)).**

The United States anticipates that jury selection will be completed on the first day of trial, October 3, 2023, but is aware of the possibility that it may conclude the next day, October 4, 2023. Because of the uncertainty around the amount of time it takes to pick a jury, the United States requests guidance from the Court about when it should be prepared to give its opening statement. Because of logistical issues, the United States requests that the testimony of witnesses begin the day after jury selection has been completed.

The government advises the Court that due to witness scheduling issues (including pre-planned vacations or trips on the part of witnesses), the government may request that some witnesses testify out of order (*e.g.*, during or immediately after the direct examination of another witness or at a time that does not necessarily make sense in the timeline of events).

The parties understand that this Court's trial schedule will be from 8:30 a.m. to 1:30 p.m., Monday through Thursday, and that the attorneys for the parties should be present in the courtroom beginning at 8:00 a.m. The United States believes that its case-in-chief will conclude no later than on or around November 30, 2023.

**M.     PROPOSED VOIR DIRE, JURY INSTRUCTIONS, AND VERDICT FORMS (Crim. L.R. 17.1-1(b)(14)).**

The courtroom deputy provided the parties with the standard jury questionnaire that will be sent out to prospective jurors. On August 17, 2023, the parties submitted their Joint Request for (1) Additional Jury Questionnaire Questions and (2) Deletion of Certain Standard Jury Questionnaire Questions. Dkt. 244. The United States does not intend to submit additional *voir dire* questions beyond requesting that the potential jurors notify the Court if they know any counsel, party witnesses, or anyone else who may be in the courtroom, such as paralegals and case agents. The United States respectfully requests that the parties be afforded an opportunity to address the jury directly if either side believes that the need arises during *voir dire.*

The parties will file a list of joint proposed and disputed jury instructions today, September 8, 2023. The United States is not proposing any forfeiture jury instructions. Although the Indictment contains a forfeiture allegation, the United States intends only to seek a forfeiture money judgment upon any conviction for any of the Counts in the Indictment. The Ninth Circuit has held that "Federal Rule of Criminal Procedure 32.2 does not require a jury determination for forfeiture in the form of a personal money judgment." *United States v. Christensen*, 828 F.3d 763 (9th Cir. 2015) (citing *United States v. Phillips*, 704 F.3d 754 (9th Cir. 2012)); *see also* Fed. R. Crim. P. 32.2(b)(1)(A) ("If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay."); Fed. R. Crim. P. 32.2(b)(5)(A) ("[T]he court must determine before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of *specific property* if it returns a guilty verdict.") (emphasis added).

Finally, the parties will jointly file a proposed verdict form today, September 8, 2023.

DATED: September 8, 2023                                         Respectfully submitted,

THOMAS A. COLTHURST
Attorney for the United States
pursuant to 28 U.S.C. § 515

_____/s/_____
BENJAMIN K. KLEINMAN
KYLE F. WALDINGER
NICHOLAS J. WALSH
Assistant United States Attorneys