1 THOMAS A. COLTHURST (CABN 99493)
Attorney for the United States
2 Acting under Authority Conferred by 28 U.S.C. § 515

3 KATHERINE L. WAWRZYNIAK (CABN 252751)
Acting Chief, Criminal Division
4
BENJAMIN K. KLEINMAN (NYBN 5358189)
5 KYLE F. WALDINGER (CABN 298752)
NICHOLAS J. WALSH (CABN 314290)
6 Assistant United States Attorneys

7      450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102-3495
8      Telephone: (415) 436-7200
     Fax: (415) 436-7234
9      Email: benjamin.kleinman2@usdoj.gov
     Email: kyle.waldinger@usdoj.gov
10      Email: nicholas.walsh@usdoj.gov

11 Attorneys for the United States of America

12                       UNITED STATES DISTRICT COURT

13                      NORTHERN DISTRICT OF CALIFORNIA

14                             OAKLAND DIVISION

15 UNITED STATES OF AMERICA,          )  No. CR 20-00266 JST
                                     )
16         Plaintiff,                 )  **JOINT PROPOSED JURY INSTRUCTIONS**
                                     )  **AND DISPUTED JURY INSTRUCTIONS**
17      v.                           )
                                     )
18 MICHAEL BRENT ROTHENBERG,          )  Trial Date:    October 3, 2023, 8:30 a.m.
                                     )  Pretrial Date: September 15, 2023, 2:00 p.m.
19         Defendant.                 )  Court:         Hon. Jon S. Tigar, Courtroom 6
                                     )
20 ─────────────────────────────────── )

21

22         The parties hereby submit the following set of jury instructions for the trial in the above-

23 captioned case.

24         Modifications or additions to the Ninth Circuit Model Jury Instructions are noted with

25 ~~strikethrough~~ for deletions and <u>underlining</u> for additions.  Bracketed language indicates that the parties

26 are uncertain, at this time, which version of the model language will apply.

27         Instructions that may or may not be applicable are marked "if applicable."

28

1    In instances where the parties could not reach agreement on an instruction, the instruction is

2    marked as "Disputed", and each party's argument or objection regarding the disputed instruction is set

3    forth.

4

5    DATED:  September 8, 2023                    Respectfully submitted,

6                                                THOMAS A. COLTHURST
                                                 Attorney for the United States
7                                                pursuant to 28 U.S.C. § 515

8

9                                                _____/s/_____

10                                               BENJAMIN K. KLEINMAN
                                                 KYLE F. WALDINGER
11                                               NICHOLAS J. WALSH
                                                 Assistant United States Attorneys
12

13

14                                               _____/s/_____
                                                 HANNI M. FAKHOURY
15                                               NATHANIEL J. TORRES
                                                 Attorneys for Defendant Michael Rothenberg
16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS
CR 20-00266 JST                    2

| Stipulated Instruction | Disputed Instruction | Model Instruction No. | DESCRIPTION |
|---|---|---|---|
| **Proposed Preliminary Instructions** | | | |
| 1 | | 1.1 | DUTY OF JURY |
| | 2 | Disputed | THE CHARGES – PRESUMPTION OF INNOCENCE |
| 3 | | 1.3 | WHAT IS EVIDENCE |
| 4 | | 1.4 | WHAT IS NOT EVIDENCE |
| 5 | | 1.5 | DIRECT AND CIRCUMSTANTIAL EVIDENCE |
| 6 | | 1.6 | RULING ON OBJECTIONS |
| 7 | | 1.7 | CREDIBILITY OF WITNESSES |
| 8 | | 1.8 | CONDUCT OF THE JURY |
| 9 | | 1.9 | NO TRANSCRIPT AVAILABLE TO JURY |
| 10 | | 1.10 | TAKING NOTES |
| 11 | | 1.11 | OUTLINE OF TRIAL |
| 12 | | 1.14 | QUESTIONS TO WITNESSES TO JURORS DURING TRIAL |
| 13 | | 1.16 | BENCH CONFERENCES AND RECESSES |
| **Proposed Instructions During the Course of Trial [As Applicable]** | | | |
| 14 | | 2.1 | CAUTIONARY INSTRUCTION |
| 15 | | 2.2 [if applicable] | STIPULATED TESTIMONY |
| 16 | | 2.3 [if applicable] | STIPULATIONS OF FACT |
| 17 | | 2.4 [if applicable] | JUDICIAL NOTICE |
| 18 | | 2.10 [if applicable] | OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT |
| 19 | | 2.12 [if applicable] | EVIDENCE FOR A LIMITED PURPOSE |
| | 20 | Disputed | DISMISSAL OF SOME CHARGES AGAINST DEFENDANT |
| 21 | | 2.16 [if applicable] | DEFENDANT'S PREVIOUS TRIAL |
| | 22 | Disputed | STATEMENTS BY DEFENDANT |
| 23 | | 3.3 [if applicable] | OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT |
| 24 | | 3.14 | OPINION EVIDENCE, EXPERT WITNESS |
| 25 | | 3.16 [if applicable] | CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE |
| 26 | | 3.17 [if applicable] | CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE |
| **Proposed Instructions at the Close of Trial (Jury Deliberations)** | | | |
| 27 | | 6.1 | DUTIES OF THE JURY TO FIND FACTS AND FOLLOW THE LAW |
| 28 | | 6.2 | PRESUMPTION OF INNOCENCE – BURDEN OF PROOF |
| 29 | | 6.3 [if applicable] | DEFENDANT'S DECISION NOT TO TESTIFY |

| | | | |
|---|---|---|---|
| 30 | | 6.4 [if applicable] | DEFENDANT'S DECISION TO TESTIFY |
| 31 | | 6.5 | REASONABLE DOUBT – DEFINED |
| 32 | | 6.6 | WHAT IS EVIDENCE |
| 33 | | 6.7 | WHAT IS NOT EVIDENCE |
| 34 | | 6.8 | DIRECT AND CIRCUMSTANTIAL EVIDENCE |
| 35 | | 6.9 | CREDIBILITY OF WITNESSES |
| 36 | | 6.10 | ACTIVITIES NOT CHARGED |
| 37 | | 6.11 | SEPARATE CONSIDERATION OF MULTIPLE COUNTS – SINGLE DEFENDANT |
| 38 | | 6.18 | IN OR ABOUT AND ON OR ABOUT – DEFINED |
| | 39 | Disputed | COUNT THREE: BANK FRAUD (18 U.S.C. § 1344(1) AND (2)) |
| 40 | | 4.8, 15.51 | COUNT FOUR: FALSE STATEMENTS TO A FINANCIAL INSTITUTION (18 U.S.C. § 1014) |
| | 41 | Disputed | COUNTS FIVE TO SEVEN: WIRE FRAUD WITHOUT OMISSIONS THEORY (18 U.S.C. § 1343) |
| 42 | | 18.7 | COUNTS EIGHT TO ELEVEN: MONEY LAUNDERING (18 U.S.C. § 1957) |
| | 43 | Disputed | COUNTS TWELVE TO TWENTY-THREE: WIRE FRAUD (18 U.S.C. § 1343) WITH OMISSIONS THEORY |
| 44 | | 4.2 | AIDING AND ABETTING (18 U.S.C. § 2(B)) |
| | 45 | Disputed | GOOD FAITH |
| 46 | | 6.19 | DUTY TO DELIBERATE |
| 47 | | 6.20 | CONSIDERATION OF THE EVIDENCE – CONDUCT OF THE JURY |
| 48 | | 6.21 | USE OF NOTES |
| 49 | | 6.22 | JURY CONSIDERATION OF PUNISHMENT |
| 50 | | 6.23 | VERDICT FORM |
| 51 | | 6.24 | COMMUNICATION WITH COURT |
| **Proposed Instruction After Discharge** | | | |
| 52 | | 6.31 | POST-DISCHARGE INSTRUCTION |

**PROPOSED PRELIMINARY INSTRUCTIONS**

STIPULATED JURY INSTRUCTION NO. 1

DUTY OF JURY

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial, I will give you more detailed [written] instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially.  You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.1.

DISPUTED JURY INSTRUCTION NO. 2

**Government Proposed Instruction**

THE CHARGES – PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government.  The government charges the defendant with Bank Fraud, False Statements to a Financial Institution, Wire Fraud, and Engaging in Monetary Transactions in Property Derived from the Specified Unlawful Activity of Wire Fraud.  The charges against the defendant are contained in the Indictment.  The Indictment simply describes the charges the government brings against the defendant.  The Indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has the right to remain silent and never has to prove his innocence or present any evidence.

[To help you follow the evidence, I will now give you a brief summary of the elements of the crimes that the government must prove to make its case. [*supply brief statement of elements of crime[s]*].] Before I discuss these charges, I will note that, for reasons that do not concern you, the Indictment starts with Charge Three, which is also sometimes referred to as Count Three, rather than Count or Charge One.  Do not speculate about why the Indictment starts at Three.  The defendant is on trial only for the charges numbered Three through Twenty-Three.

Now, turning as I said I would to the alleged crimes in the Indictment, the government has charged the defendant with twenty-one crimes in this trial, but many of them are the same crime applied to different specific alleged acts.  These twenty-one crimes can therefore be broken down into five types of specific charges.

**The first type of crime is Bank Fraud.**  The defendant is charged in Count Three with Bank Fraud.  As you have already heard in my brief description of the case, the bank in question is Silicon Valley Bank.  Because there are two distinct methods by which this crime can be committed, in order for the defendant to be found guilty of that charge, the government must prove beyond a reasonable doubt each of the elements in Method A, or Method B, or both.

JOINT PROPOSED JURY INSTRUCTIONS
CR 20-00266 JST                                    7

Method A requires the government to prove beyond a reasonable doubt:

First, the defendant knowingly executed a scheme to defraud <u>Silicon Valley Bank,</u> a financial institution, as to a material matter;

Second, the defendant acted with the intent to defraud <u>Silicon Valley Bank</u> ~~the financial institution~~, <u>that is, with the intent to deceive and cheat; and</u>; and

Third, ~~the financial institution~~ <u>Silicon Valley Bank</u> was insured by the Federal Deposit Insurance Corporation.

Alternatively, the government may prove the defendant committed Bank Fraud by proving beyond a reasonable doubt the elements of Method B:

First, the defendant knowingly carried out a scheme or plan to obtain money or property from <u>Silicon Valley Bank,</u> a financial institution, by making false statements or promises;

Second, the defendant knew that the statements or promises were false;

Third, the statements or promises were material; that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property;

Fourth, the defendant acted with the intent to defraud <u>Silicon Valley Bank</u> ~~the financial institution~~, <u>that is, with the intent to deceive and cheat;</u> and

Fifth, ~~the financial institution~~ <u>Silicon Valley Bank</u> was insured by the Federal Deposit Insurance Corporation.

**<u>The second type of crime alleged is Making False Statements to a Financial Institution</u>**.  <u>The defendant is charged in Count Four with Making False Statements to a Financial Institution.  To prove that crime, the government must prove:</u>

First, the defendant made a false statement or report to a ~~federally insured~~ financial institution <u>insured by the Federal Deposit Insurance Corporation ("FDIC")</u>, specifically, Silicon Valley Bank;

Second, the defendant made the false statement or report to Silicon Valley Bank knowing it was false, <u>with all of you agreeing as to the specific false statement or report</u>; and

Third, the defendant did so for the purpose of influencing in any way the action of Silicon Valley Bank.

It is not necessary, however, to prove that Silicon Valley Bank was, in fact, influenced or misled, or that Silicon Valley Bank was exposed to a risk of loss.  What must be proved is that the defendant intended to influence Silicon Valley Bank by the false statement.

**The third type of crime alleged is Wire Fraud**.  The defendant is charged in Counts Five to Seven with Wire Fraud.  To prove that crime, the government must prove:

First, the defendant knowingly [participated in,] [devised,] [ and intended to devise] a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises. [, or omitted facts.] [Deceitful statements of half-truths may constitute false or fraudulent representations];

Second, the statements made [or facts omitted] as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, an interstate [or foreign] wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements but also the circumstances in which they are used as a whole.

**The fourth type of crime alleged is Money Laundering**.  The defendant is charged in Counts Eight to Eleven with Money Laundering.  To prove that crime, the government must prove:

First, the defendant knowingly engaged or attempted to engage in a monetary transaction;

Second, the defendant knew the transaction involved criminally derived property;

Third, the property had a value greater than $10,000;

Fourth, the property was, in fact, derived from the wire fraud scheme alleged in Counts Five to Seven; and

Fifth, the transaction occurred [[in the [United States]

**Finally, the fifth type of crime alleged is Wire Fraud**, which you recall was also the third type of crime I already described to you for Counts Five to Seven.  The defendant is charged in Counts Twelve to Twenty-Three with Wire Fraud.  However, these last charges alleged in the Indictment differ

slightly from those laid out in Counts Five to Seven.  To prove these charges, the government must prove:

First, the defendant knowingly [participated in,] [devised,] [ and intended to devise] a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises [, **or omitted facts.**] [Deceitful statements of half-truths may constitute false or fraudulent representations];

Second, the statements made [or facts omitted] as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, an interstate [or foreign] wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements but also the circumstances in which they are used as a whole.

[To convict the defendant of wire fraud based on omission[s] of material fact[s], you must find that the defendant had a duty to disclose the omitted fact[s] arising out of a relationship of trust.  That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance that it would ordinarily exercise.]

Now that I have explained the elements of the charges that the government must prove in this case, I can turn to instructions regarding the evidence in the case.

## Authority

NINTH CIRCUIT MODEL JURY INSTRUCTIONS (2022) NOS. 1.2, 2.14, 4.13, 15.35, 15.36, 15.39; 15.41, 18.7; *United States v. Miller,* 953 F.3d 1095, 1101 (9th Cir. 2020); 18 U.S.C. §§ 20(1).

## Government Argument

The United States' proposed instruction simply incorporates the elements as the United States

1     lays out in the substantive instructions below: Disputed Instructions 39, 41, and 43, as well as Stipulated

2     Instructions 40 and 42.  The United States refers the Court to the argument for those instructions below

3     for the United States' reasoning.  As the defendant has acknowledged, the government has disclaimed an

4     "omissions theory" as to Counts Three, Five, Six, and Seven, and the Court has already rejected the

5     defendant's position that they do include an omissions theory.  *See* Dkt. 94 (Government's Briefing), at

6     4:5-17; Dkt. 114 (Court's Order) at 4.  Thus, the defendant's attempt to rewrite the Indictment is ill-

7     founded.

8         Finally, the defendant objects to the government's proposed organizing phrases categorizing the

9     crimes alleged in this trial.  The government believes that the purpose of jury instructions is to be clear

10    and promote understanding of the law, and that organizing the many charges and elements serves that

11    goal.  Merely reading off many charges with many elements, as the defendant proposes, will confuse,

12    rather than aid, the jury in understanding the evidence at trial.  There is no prejudice to the defendant by

13    stating what is manifestly true: that there are five types of crimes alleged in the Indictment and which

14    the jury will have to deliberate on after the close of evidence.  If the defendant's objection is merely that

15    the choice of the word "types" is problematic, the government would agree with another word choice

16    such as "kinds" or "sorts" or "varieties" or similar.

17

18                               **Defense Objection**

19        The defendant has incorporated his objection to the government proposed instruction with his

20    argument in support of the defendant's proposed instruction.

21

22

23

24

25

26

27

28

DISPUTED JURY INSTRUCTION NO. 2

**Defendant's Proposed Instruction**

THE CHARGES – PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government. The government charges the defendant with [specify crime[s] charged] bank fraud, false statements to a financial institution, wire fraud, and money laundering. The charge[s] against the defendant [is] [are] contained in the indictment. The indictment simply describes the charge[s] the government brings against the defendant. The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charge[s] and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or present any evidence. [To help you follow the evidence, I will now give you a brief summary of the elements of the crime[s] that the government must prove to make its case: [supply brief statement of elements of crime[s]].]

Before I discuss these charges, I will note that, for reasons that do not concern you, the Indictment starts with Charge Three, which is also sometimes referred to as Count Three, rather than Count or Charge One.  Do not speculate about why the Indictment starts at Three. The defendant is on trial only for the charges numbered Three through Twenty-Three.

The defendant is charged in Count Three with bank fraud. To prove that crime, the government must prove beyond a reasonable doubt:

First, the defendant knowingly carried out a scheme or plan to obtain money or property from the Silicon Valley Bank by making false statements or promises or omitting facts;

Second, the defendant knew that the statements or promises were false or knew he was omitting facts;

Third, the statements, or promises or facts omitted were material; that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property;

Fourth, the defendant acted with the intent to defraud; and

JOINT PROPOSED JURY INSTRUCTIONS
CR 20-00266 JST                                      12

Fifth, Silicon Valley Bank was federally insured.

To convict the defendant of bank fraud based on omissions of material facts, you must find that the defendant had a duty to disclose the omitted facts arising out of a relationship of trust. That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance that it would ordinarily exercise.

The defendant is charged in Count Four with making false statements to a financial institution. To prove that crime, the government must prove beyond a reasonable doubt:

First, the defendant made a false statement or report to a federally insured financial institution insured by the Federal Deposit Insurance Corporation ("FDIC"), specifically, Silicon Valley Bank;

Second, the defendant made the false statement or report to Silicon Valley Bank knowing it was false, with all of you agreeing as to the specific false statement or report; and

Third, the defendant did so for the purpose of influencing in any way the action of Silicon Valley Bank.

It is not necessary, however, to prove that Silicon Valley Bank was, in fact, influenced or misled, or that Silicon Valley Bank was exposed to a risk of loss. What must be proved is that the defendant intended to influence Silicon Valley Bank by the false statement.

The defendant is charged in Counts Five to Seven, and Twelve to Twenty-Three with Wire Fraud. To prove these charges, the government must prove:

First, the defendant knowingly [participated in,] [devised,] [ and intended to devise] a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises [, or omitted facts.] [Deceitful statements of half-truths may constitute false or fraudulent representations];

Second, the statements made [or facts omitted] as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, an interstate [or foreign] wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements but also the circumstances in which they are used as a whole.

To convict the defendant of bank fraud based on omissions of material facts, you must find that the defendant had a duty to disclose the omitted facts arising out of a relationship of trust. That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance that it would ordinarily exercise.

The defendant is charged in Counts Eight to Eleven with Money Laundering.  To prove that crime, the government must prove beyond a reasonable doubt:

First, the defendant knowingly engaged or attempted to engage in a monetary transaction;

Second, the defendant knew the transaction involved criminally derived property;

Third, the property had a value greater than $10,000;

Fourth, the property was, in fact, derived from the wire fraud scheme alleged in Counts Five to Seven; and

Fifth, the transaction occurred [[in the [United States].

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTIONS (2022) NOS. 1.2, 15.39, 15.41, 15.34, 15.35, 18.7.

**Defense Argument**

The government's proposed preliminary instruction summarizing the charges contains extraneous information about the "type of crime" and breaks the case into five "types." Mr. Rothenberg proposes a straightforward instruction referring only to the specific counts and what they charge is sufficient to allow the jury to follow the numerous charges in this case.

Additionally, it is Mr. Rothenberg's position that Counts 3, 5, 6 and 7 allege an omissions theory of criminal fraud liability, which requires the government prove Mr. Rothenberg owed a duty to

1   Silicon Valley Bank and Pilot Grove, LLC respectively. *See* Dkt. 85 at 3-4; *see also United States v.*
2   *Shields*, 844 F.3d 819, 822 (9th Cir. 2016). The government has only included the omissions theory in
3   its wire fraud instructions for Counts 12-23. Thus, the bank fraud instruction for Count 3 has been
4   modified to include language concerning the omissions theory. And the wire fraud charges in Counts
5   5-7 have been combined with the remaining wire fraud charges in Counts 12-23. Because Model
6   Instruction 15.35 uses the term "fiduciary duty" without defining it, Mr. Rothenberg proposes the
7   Court give the definition of "fiduciary duty" contained in Model Instruction 15.34. The comments to
8   instruction 15.35 specifically refer to the instruction in 15.34 for a definition of "fiduciary duty." While
9   this Court has rejected the argument, Mr. Rothenberg is nonetheless making the request to preserve the
10  issue for further appellate review. *See* Dkt. 114 at 4.

11

12                                   **Government Objection**

13          The government has incorporated its objection to the defendant's proposed instruction with its
14  argument in support of the government's proposed instruction.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS
CR 20-00266 JST                              15

1

<u>STIPULATED JURY INSTRUCTION NO. 3</u>

2

WHAT IS EVIDENCE

3

4

The evidence you are to consider in deciding what the facts are consists of:

5

First, the sworn testimony of any witness; ~~[and]~~

6

Second, the exhibits that are received in evidence~~[.]~~[; and]

7

Third, any facts to which the parties ~~agree.]~~ <u>have stipulated</u>.

8

9

**Authority**

10

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) No. 1.3.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STIPULATED JURY INSTRUCTION NO. 4

### WHAT IS NOT EVIDENCE

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

First, statements and arguments of the attorneys;

Second, questions and objections of the attorneys;

Third, testimony that I instruct you to disregard; and

Fourth, anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.4.

<u>STIPULATED JURY INSTRUCTION NO. 5</u>

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.5.

## STIPULATED JURY INSTRUCTION NO. 6

### RULING ON OBJECTIONS

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.6.

1     <u>STIPULATED JURY INSTRUCTION NO. 7</u>

2     CREDIBILITY OF WITNESSES

3

4     In deciding the facts in this case, you may have to decide which testimony to believe and which

5     testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

6     In considering the testimony of any witness, you may take into account:

7     First, the witness's opportunity and ability to see or hear or know the things testified to;

8     Second, the witness's memory;

9     Third, the witness's manner while testifying;

10    Fourth, the witness's interest in the outcome of the case, if any;

11    Fifth, the witness's bias or prejudice, if any;

12    Sixth, whether other evidence contradicted the witness's testimony;

13    Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

14    Eighth, any other factors that bear on believability.

15    You must avoid bias, conscious or unconscious, based on a witness's race, color, religious

16    beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your

17    determination of credibility.

18    The weight of the evidence as to a fact does not necessarily depend on the number of witnesses

19    who testify about it.  What is important is how believable the witnesses are, and how much weight you

20    think their testimony deserves.

21

22    **Authority**

23    NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.7.

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS
CR 20-00266 JST                    20

STIPULATED JURY INSTRUCTION NO. 8

CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter. In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting

dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.8.

## STIPULATED JURY INSTRUCTION NO. 9

### NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.   I urge you to pay close attention to the testimony as it is given.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.9.

STIPULATED JURY INSTRUCTION NO. 10

TAKING NOTES

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.10.

STIPULATED JURY INSTRUCTION NO. 11

OUTLINE OF TRIAL

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.11.

STIPULATED JURY INSTRUCTION NO. 12

QUESTIONS TO WITNESSES BY JURORS DURING TRIAL

*Option 1*

Only the lawyers and I are allowed to ask questions of witnesses.  A juror is not permitted to ask questions of witnesses.  [*Specific reasons for not allowing jurors to ask questions may be explained.*]  If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

*Option 2*

~~When attorneys have finished their examination of a witness, you may ask questions of the witness.  [*Describe procedure to be used*.]  If the rules of evidence do not permit a particular question, I will advise you.  After your questions, if any, the attorneys may ask additional questions.~~

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.14 (Option 1).

STIPULATED JURY INSTRUCTION NO. 13

BENCH CONFERENCES AND RECESSES

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.16.

**PROPOSED INSTRUCTIONS DURING THE COURSE OF TRIAL [AS APPLICABLE]**

<u>STIPULATED JURY INSTRUCTION NO. 14</u>

CAUTIONARY INSTRUCTION

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the Internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

[ALTERNATIVE 1 (in open court): if you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.]

[ALTERNATIVE 2 (during voir dire with each juror, individually): Have you learned about or shared any information about this case outside of this courtroom? . . . Thank you for your careful adherence to my instructions.]

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 2.1.

JOINT PROPOSED JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>STIPULATED JURY INSTRUCTION NO. 15</u> **[if applicable]**

STIPULATED TESTIMONY

The parties have agreed what [*name of witness*]'s testimony would be if called as a witness.  You should consider that testimony in the same way as if it had been given here in court.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 2.2.

1

STIPULATED JURY INSTRUCTION NO. 16 **[if applicable]**

2

STIPULATIONS OF FACT

3

4          The parties have agreed to certain facts that have been stated to you.  Those facts are now

5   conclusively established.

6

7                                    **Authority**

8   NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 2.3.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED JURY INSTRUCTION NO. 17 [**if applicable**]

JUDICIAL NOTICE

I have decided to accept as proved the fact that [*insert fact noticed*], even though no evidence was presented on this point [,] [because this fact is of such common knowledge].  You may accept this fact as true, but you are not required to do so.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 2.4.

SITPULATED JURY INSTRUCTION NO. 18 **[if applicable]**

OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT

You [[are about to hear] [have heard] testimony] [[are about to see] [have seen] evidence] that the defendant [summarize other act evidence]. This evidence of other acts [was] [will be] admitted only for [a] limited purpose[s]. You may consider this evidence only for the purpose of deciding whether the defendant:

[had the state of mind, knowledge, or intent necessary to commit the crimes charged in the Indictment;]

    or

[had a motive or the opportunity to commit the acts charged in the Indictment;]

    or

[was preparing or planning to commit the acts charged in the Indictment;]

    or

[acted with a method of operation as evidenced by a unique pattern [describe pattern];]

    or

[did not commit the acts for which the defendant is on trial by accident or mistake;]

    or

[is the person who committed the crime charged in the Indictment. You may consider this evidence to help you decide [describe how the evidence will be used to prove identity];]

    or

[describe other purpose for which other act evidence was admitted.]

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the ~~crime[s]~~ crimes charged.

You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes.  Specifically, you may not use this evidence to conclude that because the defendant may have committed the other act[s], [he] [she] must also have committed the ~~act[s]~~ acts charged in the Indictment.

Remember that the defendant is on trial here only for ~~[state charges]~~ the specific charges in the Indictment, in particular <u>Bank Fraud, Making False Statements to a Financial Institution, two types of Wire Fraud, and Money Laundering</u>, not for these other acts.  Do not return a guilty verdict unless the government proves the crime[s] charged in the Indictment beyond a reasonable doubt.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 2.10.

1

<u>STIPULATED JURY INSTRUCTION NO. 19</u> [**if applicable**]

2

EVIDENCE FOR A LIMITED PURPOSE

3

You are about to hear evidence that [describe evidence to be received for limited purpose].   I

4

instruct you that this evidence is admitted only for the limited purpose of [describe purpose] and,

5

therefore, you must consider it only for that limited purpose and not for any other purpose.

6

7

**Authority**

8

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 2.12.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS
CR 20-00266 JST                                   35

DISPUTED JURY INSTRUCTION NO. 20

**Defendant's Proposed Instruction**

DISMISSAL OF SOME CHARGES AGAINST DEFENDANT

At the beginning of the trial, I described the charge[s] against the defendant.  For reasons that do not concern you, [Counts One and Two] are ~~no longer~~ not before you.  Do not speculate about why the charge[s] ~~[is]~~ [are] ~~no longer~~ not part of this trial.

The defendant is on trial only for the charge[s] [Three to Twenty-Three].  You may consider the evidence presented only as it relates to ~~the remaining~~ these count[s].

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 2.14.

**Defense Argument**

Counts One and Two of the indictment have already gone to trial, resulting in a hung jury, and are not before the jury. But the jury will know that there was at some point (and continues to be) a Count One and Two because the jury instructions and verdict form notably begin at Count Three. The jury should be instructed to not consider the fact that there is no Count One or Two before them, and to only consider the evidence in connection with the charges proceeding to trial. That is particularly crucial not just at the beginning of the case, but at the end of the case as well when the jury will hear argument about the remaining counts, and be presented with a verdict form that begins at Count Three.

Alternatively, Mr. Rothenberg proposed to the government that the counts be renumbered solely for purposes of trial, meaning Count Three would be Count One, Count Four would be Count Two, and so on. That approach obviates the need for the Court to give any instruction concerning counts not before the jury, and a similar approach was taken in a recent case tried by defense counsel in *United States v. Mulligan*, 4:21-CR-00200-YGR, when Count Two of a five count indictment was dismissed by the government before trial, and the charges renumbered solely for jury trial. The government declined that proposal.

1

2                              **Government Objection**

3          The United States avers that a separate instruction on this topic is not necessary in this case for

4   two reasons: (1) the defendant's proposed instruction does not fit the facts of this case; and (2) the

5   substance of this instruction has already been proposed in both parties' proposed Instruction 2 ("The

6   Charges – Presumption of Innocence").

7          First, the jury will not be instructed as to Counts One and Two "at the beginning of trial," and

8   thus, Counts One and Two will never be "no longer before" the jury.

9          Second, both parties have proposed that the Court simply explain the issue in Instruction 2:

10  "Before I discuss these charges, I will note that, for reasons that do not concern you, the Indictment

11  starts with Charge Three, which is also sometimes referred to as Count Three, rather than Count or

12  Charge One.  Do not speculate about why the Indictment starts at Three.  The defendant is on trial only

13  for the charges numbered Three through Twenty-Three."  The topic is therefore covered.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

<u>STIPULATED JURY INSTRUCTION NO. 21 [**if applicable**]</u>

DEFENDANT'S PREVIOUS TRIAL

You have heard evidence that the defendant has been tried before. Keep in mind, however, that you must decide this case solely on the evidence presented to you in this trial. You are not to consider the fact of a previous trial in deciding this case.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 2.16.

DISPUTED JURY INSTRUCTION NO. 22

**Defendant's Proposed Instruction**

STATEMENTS BY DEFENDANT


You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 3.1.


**Defense Argument**

While this instruction is primarily aimed at "confessions" or other post-arrest statements made to law enforcement, the language of the instruction is still applicable here. Moreso than in the first trial, the jury is likely to hear from witnesses who allegedly spoke with Mr. Rothenberg and will likely testify about statements made by Mr. Rothenberg that are not memorialized. In other words, Mr. Rothenberg's statements are likely to be admitted through more than just written records like email, signed contracts or legal pleadings.

Given that circumstance, it is important for the jury to be informed that it will have to decide whether Mr. Rothenberg made the statement and how much weight to give it. While there is a model jury instruction regarding witness credibility, that does not give the jury guidance on how to assess Mr. Rothenberg's purported statement; it just gives guidance on how to evaluate the testimony of the witness—who is necessarily not Mr. Rothenberg. The government's complaint that the instruction draws "unnecessary attention to the topic" of Mr. Rothenberg's statements is unavailing, particularly when Mr. Rothenberg's statements—what was said and what was meant—are going to be the central issue in the case, which requires the government to prove Mr. Rothenberg knowingly made materially false or misleading statements, knowingly omitted material facts, and had the specific intent to defraud.

JOINT PROPOSED JURY INSTRUCTIONS

**Government Objection**

The United States avers that a separate instruction on this topic is not necessary in this case for two reasons: (1) the defendant's proposed instruction does not fit the facts of this case; and (2) the substance of this instruction draws too much attention to the topic and is adequately dealt with by the general instruction on assessing the credibility of a witness.

First, Ninth Circuit Model Jury Instruction 3.1, as the Comments to that instruction make clear, is aimed at post-arrest confessions to the police, not statements of the defendant in other contexts.  The defendant did not make such a statement in this case.  Instead, the statements of the defendant that may be offered in evidence in this trial are those made during the course of his criminal activities through email, video, and oral statements to investors and other non-law-enforcement individuals.

Second, how the jury should assess the credibility of a witness is explained in better detail than this instruction in proposed Instruction 7, entitled "Credibility of Witnesses."  The topic is therefore covered.  Adding this instruction draws unnecessary attention to the topic.

1

<u>STIPULATED JURY INSTRUCTION NO. 23</u> **[if applicable]**

2

OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT

3

4

You have heard evidence that the defendant committed other [crimes] [wrongs] [acts] not

5

charged here.  You may consider this evidence only for its bearing, if any, on the question of the

6

defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of

7

mistake] [absence of accident] and for no other purpose.  [You may not consider this evidence as

8

evidence of guilt of the crime for which the defendant is now on trial.]

9

10

**Authority**

11

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) No. 3.3.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STIPULATED JURY INSTRUCTION NO. 24

### OPINION EVIDENCE, EXPERT WITNESS

You [have heard] [are about to hear] testimony from <u>Gerald T. Fujimoto</u> who [testified] [will testify] about [his] [her] opinions and the reasons for those opinions.  This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 3.14.

## STIPULATED JURY INSTRUCTION NO. 25 **[if applicable]**

CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 3.16.

STIPULATED JURY INSTRUCTION NO. 26 **[if applicable]**

CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE

Certain charts and summaries have been admitted into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 3.17.

**PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL (JURY DELIBERATIONS)**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STIPULATED JURY INSTRUCTION NO. 27

### DUTIES OF THE JURY TO FIND FACTS AND FOLLOW THE LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.1.

STIPULATED JURY INSTRUCTION NO. 28

PRESUMPTION OF INNOCENCE – BURDEN OF PROOF

The ~~indictment~~ Indictment is not evidence.  The defendant has pleaded not guilty to the ~~charge[s].~~ charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.   In addition, the defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence; the government has the burden of proving every element of the ~~charge[s]~~ charges beyond a reasonable doubt.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.2.

<u>STIPULATED JURY INSTRUCTION NO. 29 [**if applicable**]</u>

DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.3.

1

<u>STIPULATED JURY INSTRUCTION NO. 30 [**if applicable**</u>]

2

DEFENDANT'S DECISION TO TESTIFY

3

4       The defendant has testified.  You should treat this testimony just as you would the testimony of

5  any other witness.

6

7                    **Authority**

8  NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) No. 6.4.

STIPULATED JURY INSTRUCTION NO. 31

REASONABLE DOUBT – DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.5.

## STIPULATED JURY INSTRUCTION NO. 32

### WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness; [and]

Second, the exhibits received in evidence[.] [; and]

[Third, any facts to which the parties have ~~agreed.~~] stipulated.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) No. 6.6.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>STIPULATED JURY INSTRUCTION NO. 33</u>

WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony received, the parties' agreed-upon stipulations, and exhibits ~~received in~~ placed in evidence.  The following things are not evidence, and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments, and [have said] at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Authority**

Ninth Circuit Model Jury Instruction (2022) No. 6.7.

1
2
3

## STIPULATED JURY INSTRUCTION NO. 34

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

4       Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as

5   testimony by a witness about what that witness personally saw, heard, or did.  Circumstantial evidence is

6   indirect evidence; that is, it is proof of one or more facts from which you can find another fact.

7       You are to consider both direct and circumstantial evidence.  Either can be used to prove any

8   fact.  The law makes no distinction between the weight to be given to either direct or circumstantial

9   evidence.  It is for you to decide how much weight to give to any evidence.

10
11                                          **Authority**

12   NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.8.

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## STIPULATED JURY INSTRUCTION NO. 35

### CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and,

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

/ / /

/ / /

/ / /

/ / /

/ / /

JOINT PROPOSED JURY INSTRUCTIONS
CR 20-00266 JST                          54

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Authority**

Ninth Circuit Model Jury Instruction (2022) No. 6.9.

STIPULATED JURY INSTRUCTION NO. 36

ACTIVITIES NOT CHARGED

You are here only to determine whether the defendant is guilty or not guilty of the ~~charge[s]~~ charges in the ~~indictment~~ Indictment.  The defendant is not on trial for any conduct or offense not charged in the ~~indictment~~ Indictment.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.10.

## STIPULATED JURY INSTRUCTION NO. 37

### SEPARATE CONSIDERATION OF MULTIPLE COUNTS – SINGLE DEFENDANT

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.11.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>STIPULATED JURY INSTRUCTION NO. 38</u>

IN OR ABOUT AND ON OR ABOUT – DEFINED

The ~~indictment~~ <u>Indictment</u> charges that the ~~offense~~ <u>offenses</u> alleged ~~[in Count _____] was~~ <u>were</u> committed <u>"in or about" or</u> "on or about" ~~a~~ certain date<u>s</u>.  Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in ~~[Count _____]~~ the ~~indictment~~ <u>Indictment</u>, it is not necessary for the government to prove that the offense was committed precisely on the date charged.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.18.

<u>DISPUTED JURY INSTRUCTION NO. 39</u>

**Government Proposed Instruction**

COUNT THREE: BANK FRAUD (18 U.S.C. § 1344(1) AND (2))

The defendant is charged in [<u>Count Three</u>] of the <u>Indictment</u> with bank fraud in violation of Section 1344 of Title 18 of the United States Code.  Because there are two distinct methods by which this crime can be committed, in order for the defendant to be found guilty of that charge, the government must prove beyond a reasonable doubt each of the elements in Method A, or Method B, or both.

**Method A**

First, the defendant knowingly executed a scheme to defraud <u>Silicon Valley Bank,</u> a financial institution, as to a material matter;

Second, the defendant acted with the intent to defraud <u>Silicon Valley Bank</u> ~~the financial institution~~, <u>that is, with the intent to deceive and cheat; and</u>; and

Third, ~~the financial institution~~ <u>Silicon Valley Bank</u> was insured by the Federal Deposit Insurance Corporation.

A "scheme to defraud" means any deliberate plan of action or course of conduct by which someone intends to deceive and cheat, in other words to deprive the victim of money or property by means of deception.  It is not necessary for the government to prove that a financial institution was the only or sole victim of the scheme to defraud.  It is also not necessary for the government to prove that the defendant was actually successful in defrauding any financial institution.  Finally, it is not necessary for the government to prove that any financial institution lost any money or property as a result of the scheme to defraud.

**Method B**

First, the defendant knowingly carried out a scheme or plan to obtain money or property from <u>Silicon Valley Bank,</u> a financial institution, by making false statements or promises;

Second, the defendant knew that the statements or promises were false;

JOINT PROPOSED JURY INSTRUCTIONS

1    Third, the statements or promises were material; that is, they had a natural tendency to influence,

2    or were capable of influencing, a financial institution to part with money or property;

3    Fourth, the defendant acted with the intent to defraud Silicon Valley Bank ~~the financial~~

4    ~~institution~~, that is, with the intent to deceive and cheat; and

5    Fifth, ~~the financial institution~~ Silicon Valley Bank was insured by the Federal Deposit Insurance

6    Corporation.

7    An act is done "knowingly" for this charge if the defendant is aware of the act and does not act

8    (or fail to act) through ignorance, mistake, or accident.  The government is not required to prove that the

9    defendant knew that his acts or omissions were unlawful.  You may consider evidence of the

10   defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the

11   defendant acted knowingly.

12   A "scheme to defraud" means any deliberate plan of action or course of conduct by which

13   someone intends to deceive and cheat, in other words to deprive the victim of money or property by

14   means of deception.  It is not necessary for the government to prove that a financial institution was the

15   only or sole victim of the scheme to defraud.  It is also not necessary for the government to prove that

16   the defendant was actually successful in defrauding any financial institution.  Finally, it is not necessary

17   for the government to prove that any financial institution lost any money or property as a result of the

18   scheme to defraud.

19   ~~An "intent to defraud" means to act willfully and with the specific intent to deceive and cheat.~~

20

21                                    **Authority**

22   Ninth Circuit Model Jury Instruction (2022) Nos. 4.8, 4.13, 15.36, 15.39; *United States v. Miller*,

23   953 F.3d 1095, 1101 (9th Cir. 2020); 18 U.S.C. §§ 20(1).

24

25                                **Government Argument**

26   ***Combination of Model Instructions 15.36 and 15.39 to Reflect Each Prong of Section 1344***

27   On a broad scale, the United States' proposed instruction represents a melding of Model

28   Instructions 15.36 and 15.39.  Because Count Three of the Indictment alleges both prongs/subsections of

JOINT PROPOSED JURY INSTRUCTIONS

1   Section 1344 (despite the defendant's improper attempt to rewrite the Indictment to suit his purposes),

2   and because there are separate Ninth Circuit Model Jury Instructions for each of those

3   prongs/subsections (Instruction 15.36 as to Section 1344(1) and Instruction 15.39 as to Section 1344(2)),

4   the government has endeavored to fashion an instruction that addresses both prongs of the bank fraud

5   statute.  Although the government proposed a slightly different Bank Fraud instruction for the last trial

6   in this case, further reflection and discussion has led it to the conclusion that a different formulation is

7   appropriate in light of the language of Section 1344.  The instruction proffered by the government is

8   substantially similar to the instruction given in a bank fraud trial in this District that was brought

9   pursuant to both Section 1344(1) and (2).  *See United States v. Cutting, et al.*, 17-CR-00139 SI, Dkt. 205

10  at 16 (Instruction 27); *see also United States v. Safahi*, 19-CR-00404 SI, Dkt. 63 at 4 (Instruction 1)

11  (United States' Proposed Jury Instructions submitted before case became a bench trial).

12

13  ***Incorporation of Definition of "Knowingly" Following Recitation of the Offense Elements***

14          The United States' proposed instruction for the false statements charge includes the definition of

15  "knowingly" from Model Instruction 4.8, rather than proposing that the Court issue a standalone

16  instruction.  This is particularly important in this case because the Indictment also includes money

17  laundering charges, and a general standalone "knowingly" charge may confuse the jury as to the

18  standard for the money laundering charges, which requires that the defendant knows that the money

19  being laundered was proceeds of criminal transactions.  *United States v. Stein*, 37 F.3d 1407, 1410 (9th

20  Cir. 1994); *see also United States v. Turman*, 122 F.3d 1167, 1169 (9th Cir. 1997)

21  (applying *Stein* retroactively), *abrogated on other grounds by Henderson v. United States*, 568 U.S. 266

22  (2013).  *But see United States v. Lonich*, 23 F.4th 881, 899-901 (9th Cir. 2022) (concluding district court

23  did not err by using general "knowingly" instruction in money laundering case because district court

24  modified instruction to clarify that it applies only to act of engaging in monetary transactions); *see also*

25  *United States v. Jaimez*, 45 F.4th 1118, 1123 (9th Cir. 2022).

26

27  ***Incorporation of "Intent to Defraud" in the Second and Fourth Elements***

28

The United States' proposed instruction also further defines "intent to defraud" in the second and fourth elements by including the definition of "intent to defraud" found in recent Ninth Circuit cases, *i.e.*, the intent to deceive **and** cheat. *See United States v. Miller*, 953 F.3d 1095, 1102-03 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1085 (2021) ("wire fraud requires the intent to deceive *and* cheat") (emphasis in original). *Miller* was a wire fraud case, but the decision was based on the reasoning of a bank fraud case, *Shaw v. United States*, 580 U.S. 63, 137 S. Ct. 462 (2016). *Miller* held:

> In *Shaw*, the Supreme Court considered a jury instruction defining "scheme to defraud" for the purpose of the bank fraud statute as "any deliberate plan of action or course of conduct by which someone intends to deceive, cheat, or deprive a financial institution of something of value." [*Shaw*, 137 S. Ct.] at 469. The Court cast serious doubt on the accuracy of this instruction on the ground that "the scheme must be one to deceive the bank and deprive it of something of value." *Id.* We think that this language and reasoning clearly control here. Although the wording of Shaw's instruction was not identical to Miller's, both arguably allowed a jury to convict "if it found no more than that [the defendant's] scheme was one to deceive the [victim] but not to '*deprive*' the [victim] of anything of value." *Id.* In light of *Shaw*, we therefore overrule our prior cases on this question and hold that wire fraud requires the intent to deceive *and* cheat — in other words, to deprive the victim of money or property by means of deception.

*Miller*, 953 F.3d at 1102-03 (emphasis in original).

### Deletion of Final Paragraph of Model Instruction 15.36

The United States' proposed instruction for bank fraud does not include the final paragraph from Model Instruction 15.36 regarding "intent to defraud." As an initial matter, as discussed further above, recent Supreme Court (*Shaw*) and Ninth Circuit (*Miller*) case law supports the conclusion that an instruction that simply states that "intent to defraud" means an "intent to deceive and cheat" accurately captures the meaning of the term "intent to defraud." Furthermore, there are at least two other problems with the deleted paragraph. First, it includes the term "willfully." It is undisputed that "willfulness" is not an element of the bank fraud statute, and that the government is not required to show that the defendant acted "willfully." Second, the paragraph that the government suggests deleting uses the term "specific intent." The Rules Committee of the Ninth Circuit recommends in Model Instruction 4.5,

> avoiding instructions that distinguish between "specific intent" and "general intent." The Ninth Circuit has stated: "Both the manual [on jury trial procedures] accompanying the Model Instructions and our case law discourage the use of generic intent instructions." *United States v. Bell*,

1
2

> 303 F.3d 1187, 1191 (9th Cir. 2002).  The "preferred practice" is to give
> an intent instruction that reflects the intent requirements of the offense
> charged.  *Id.*"

3  Here, the government proposes to define "intent to defraud" as suggested in *Miller*.  Because the

4  proposed definition of "intent to defraud" "reflects the intent requirements of the offense charged," the

5  Court should not include the language in the paragraph that the government suggests deleting.

6       Based on the government's research, it appears that language in the deleted paragraph comes

7  from *United States v. Cloud*, 872 F.2d 846, 852 n.6 (9th Cir. 1989) ("To act with the 'intent to defraud'

8  means to act willfully, and with the specific intent to deceive or cheat for the purpose of either causing

9  some financial loss to another, or bringing about some financial gain to oneself.").  But the Ninth Circuit

10  has clarified that this use of the term "willfully" was "colloquial" and preceded the Supreme Court's

11  construction of the term "willfully" to mean "intent to violate the law" in *Bryan v. United States*, 524

12  U.S. 184, 191-92 (1998).  *See, e.g.*, *United States v. Larsen*, 810 F. Appx. 508, 509-10 & n.1 (9th Cir.

13  2020) (collecting cases).

14

15  ***No Inclusion of Language Regarding "Omissions" Theory of Fraud***

16       The United States' proposed instruction does not include any language regarding an "omissions"

17  theory.  As the government previously argued, it is not proceeding on an "omissions" theory with

18  respect to Count Three.  To the extent that the government intends to show that Rothenberg "concealed"

19  material facts from Silicon Valley Bank, it "intends to show that Rothenberg accomplished that

20  concealment by taking affirmative acts of concealment or making affirmative statements that served to

21  conceal material facts and to mislead the victims (such as statements involving half-truths)" and by

22  "present[ing] evidence that Rothenberg deceived the victim[] by devising [a] scheme[] reasonably

23  calculated to deceive."  Dkt. 94, at 4:5-17.  The Court has already rejected the defendant's position that

24  Count Three includes an omissions theory.  *See* Dkt. 114 (Court's Order) at 4.

25

26                                        **Defense Objection**

27       The defendant has incorporated his objection to the government proposed instruction with his

28  argument in support of the defendant's proposed instruction.

JOINT PROPOSED JURY INSTRUCTIONS

DISPUTED JURY INSTRUCTION NO. 39

**Defendant's Proposed Instruction**

BANK FRAUD – SCHEME TO DEFRAUD BY FALSE PROMISES

The defendant is charged in Count Three of the indictment with bank fraud in violation of Section 1344(2) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly carried out a scheme or plan to obtain money or property from ~~the~~ Silicon Valley Bank by making false statements or promises or omitting facts;

Second, the defendant knew that the statements, or promises were false, or knew he was omitting facts;

Third, the statements, ~~or~~ promises or facts omitted were material; that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property;

Fourth, the defendant acted with the intent to defraud; and

Fifth, Silicon Valley Bank was federally insured.

An "intent to defraud" means to act willfully and with the specific intent to deceive and cheat.

An act is done knowingly if the defendant is aware of the act and does not act (or fail to act) through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

To convict the defendant of bank fraud based on omissions of material facts, you must find that the defendant had a duty to disclose the omitted facts arising out of a relationship of trust. That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance that it would ordinarily exercise.

A "fiduciary" duty exists whenever one entity places special trust and confidence in another person—the fiduciary—in reliance that the fiduciary will exercise his discretion and expertise with the utmost honesty and forthrightness in the interests of the entity, such that the entity relaxes the care and vigilance that it would ordinarily exercise, and the fiduciary knowingly accepts that special trust and confidence and thereafter undertakes to act on behalf of the other person based on such reliance.

The mere fact that a business relationship arises between two persons does not mean that either owes a fiduciary duty to the other. If one person engages or employs another and thereafter directs, supervises, or approves the other's actions, the person so employed is not necessarily a fiduciary. Rather, as previously stated, it is only when one party places, and the other accepts, a special trust and confidence—usually involving the exercise of professional expertise and discretion—that a fiduciary relationship exists.

### Authority

Ninth Circuit Model Jury Instructions (2022) Nos. 4.8, 15.34, 15.35, 15.36, 15.39.

### Defense Argument

The government's proposed bank fraud jury instruction gives the jury two different "methods" by which it could convict Mr. Rothenberg of bank fraud, and then provides the two different Ninth Circuit Model Jury Instructions for bank fraud, specifically Instruction 15.36, which defines bank fraud under 18 U.S.C. § 1344(1), and Instruction 15.39, which defines bank fraud under 18 U.S.C. § 1344(2).

While the indictment does not indicate which subsection of 18 U.S.C. § 1344 the government is relying on in this prosecution, it is clear the indictment alleges a bank fraud under 18 U.S.C. § 1344(2). The indictment alleges:

> In or about December 2015, in the Northern District of California, and elsewhere, the defendant, MICHAEL BRENT ROTHENBERG, a/k/a MIKE ROTHENBERG, knowingly, and with intent to defraud, devised and executed a scheme and artifice to defraud SVB as to a material matter and to obtain moneys, funds, credits, assets, and other property owned by, and under the custody or control of, SVB by means of material false and fraudulent pretenses, representations, and promises, and by concealment of material facts. In sum and substance, ROTHENBERG devised and

1
2

> executed a scheme and artifice to provide SVB with materially false and
> fraudulent information as part of the application process to obtain a $4
> million line of credit from SVB, all for the purpose of inducing SVB to
> provide that line of credit.

3

4

Dkt. 15, Superseding Indictment at ¶ 32. This language closely tracks 18 U.S.C. § 1344(2), which

5

criminalizes anyone who "knowingly executes, or attempts to execute, a scheme or artifice— to obtain

6

any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody

7

or control of, a financial institution, by means of false or fraudulent pretenses, representations, or

8

promises." 18 U.S.C. § 1344(2). Because the indictment alleges bank fraud under § 1344(2), Mr.

9

Rothenberg proposes using Ninth Circuit Model Instruction 15.39 which specifically covers bank

10

frauds under § 1344(2).

11

     The government's request to allow the jury to decide which "method" of bank fraud has been

12

proven should be rejected. While § 1344(1) and (2) are similar, the Supreme Court has made clear that

13

one subsection is not "a mere subset" of the other. *Loughrin v. United States*, 573 U.S. 351, 357

14

(2014). The government's claim that multiple offenses are charged in one bank fraud count means

15

Count 3 of the indictment is duplicitous. An indictment is "duplicitous" when a "count allege[s] the

16

two separate and distinct offenses…state[d] in a [statutory] clause." *United States v. Aguilar*, 756 F.2d

17

1418, 1422 (9th Cir. 1985). In addition to violating the Fifth and Sixth Amendment, a duplicitous

18

indictment "carries with it the risk of a non-unanimous verdict on the duplicitous count." *United States*

19

*v. W.R. Grace*, 429 F.Supp.2d 1207, 1217 (9th Cir. 2006). The defect can be cured by requiring the

20

government to elect between theories if the amendment is one "of form (deletion of surplusage)" rather

21

than "substance (altering nature of charge)." *Id.*

22

     Given that 18 U.S.C. § 1344 charges two separate offenses, and the indictment tracks the

23

language of § 1344(2) more closely than the language in § 1344(1), the government should be deemed

24

to have elected to pursue its case under § 1344(2), and so the jury instructed with Model Instruction

25

15.39. *See United States v. Hall*, 979 F.3d 1107, 1117 (6th Cir. 2020) ("assuming that § 1344(1) and

26

(2) are separate offenses" and finding no error when "before closing arguments, the government said

27

that it decided to only pursue § 1344(1)" and "the district court only instructed the jury on the elements

28

of § 1344(1)."); *but see United States v. Crisci*, 273 F.3d 235, 239 (2nd Cir. 2001) (holding, before

1   Supreme Court's decision in *Loughrin*, "that a single count of an indictment may charge bank fraud

2   under both subsections (1) and (2) and that proof of the violation of either subsection is sufficient to

3   support a conviction" and citing cases).

4        Additionally, Mr. Rothenberg's proposal contains three additions to Model Instruction 15.39.

5        First, because Model Instruction 15.39 does not define the term "intent to defraud," that term's

6   definition contained in Model Instruction 15.36 has been included in the proposed instruction.

7        Second, the definition of the term "knowingly" contained in Model Instruction 4.8 has been

8   included in this instruction rather than as a standalone instruction.

9        Third, as detailed in Mr. Rothenberg's previous motion to dismiss, Count 3 alleges an omissions

10  theory of criminal fraud liability, which requires the government prove beyond a reasonable doubt that

11  Mr. Rothenberg owed a duty to Silicon Valley Bank. *See* Dkt. 85 at 3-4; *see also United States v.*

12  *Shields*, 844 F.3d 819, 822 (9th Cir. 2016). Because Model Instruction 15.35 uses the term "fiduciary

13  duty" without defining it, Mr. Rothenberg proposes the Court give the definition of "fiduciary duty"

14  contained in Model Instruction 15.34. The comments to instruction 15.35 specifically refer to the

15  instruction in 15.34 for a definition of "fiduciary duty." While this Court has rejected the argument,

16  Mr. Rothenberg is nonetheless making the request to preserve the issue for further appellate review.

17  *See* Dkt. 114 at 4.

18

19                              **Government Objection**

20       The government has incorporated its objection to the defendant's proposed instruction with its

21  argument in support of the government's proposed instruction.

22

23

24

25

26

27

28

STIPULATED JURY INSTRUCTION NO. 40

COUNT FOUR: FALSE STATEMENTS TO A FINANCIAL INSTITUTION (18 U.S.C. § 1014)

The defendant is charged in [Count _____ of] Count Four of the Indictment with making false statements to a federally insured financial institution, Silicon Valley Bank, for the purpose of influencing Silicon Valley Bank in violation of Section 1014 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made a false statement or report to a ~~federally insured~~ financial institution insured by the Federal Deposit Insurance Corporation ("FDIC"), specifically, Silicon Valley Bank;

Second, the defendant made the false statement or report to Silicon Valley Bank knowing it was false, with all of you agreeing as to the specific false statement or report; and

Third, the defendant did so for the purpose of influencing in any way the action of Silicon Valley Bank.

It is not necessary, however, to prove that Silicon Valley Bank was, in fact, influenced or misled, or that Silicon Valley Bank was exposed to a risk of loss. What must be proved is that the defendant intended to influence Silicon Valley Bank by the false statement.

An act is done "knowingly" for this charge if the defendant is aware of the act and does not act (or fail to act) through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NOS. 4.8, 15.41.

JOINT PROPOSED JURY INSTRUCTIONS
CR 20-00266 JST                    68

1

## Government Explanation

2

### *Incorporation of Definition of "Knowingly" Following Recitation of the Offense Elements*

3      The proposed instruction for the false statements charge includes the definition of "knowingly"

4  from Model Instruction 4.8, rather than proposing that the Court issue a standalone instruction.  This is

5  particularly important in this case because the Indictment also includes money laundering charges, and a

6  general standalone "knowingly" charge may confuse the jury as to the standard for the money

7  laundering charges, which requires that the defendant knows that the money being laundered was

8  proceeds of criminal transactions.  *United States v. Stein*, 37 F.3d 1407, 1410 (9th Cir. 1994); *see also*

9  *United States v. Turman*, 122 F.3d 1167, 1169 (9th Cir. 1997) (applying *Stein* retroactively), *abrogated*

10  *on other grounds by Henderson v. United States*, 568 U.S. 266 (2013).  *But see United States v. Lonich*,

11  23 F.4th 881, 899-901 (9th Cir. 2022) (concluding district court did not err by using general

12  "knowingly" instruction in money laundering case because district court modified instruction to clarify

13  that it applies only to act of engaging in monetary transactions); *see also United States v. Jaimez*, 45

14  F.4th 1118, 1123 (9th Cir. 2022).

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISPUTED JURY INSTRUCTION NO. 41

**Government Proposed Instruction**

COUNTS FIVE TO SEVEN: WIRE FRAUD WITHOUT OMISSIONS THEORY (18 U.S.C. § 1343)


The defendant is charged in [Counts Five to Seven of] the Indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly [participated in,] [devised,] [ and intended to devise] a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises. [, or omitted facts.] [Deceitful statements of half-truths may constitute false or fraudulent representations];

Second, the statements made [or facts omitted] as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, an interstate [or foreign] wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements but also the circumstances in which they are used as a whole.

[To convict the defendant of wire fraud based on omission[s] of material fact[s], you must find that the defendant had a duty to disclose the omitted fact[s] arising out of a relationship of trust.  That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance that it would ordinarily exercise.]

An act is done "knowingly" for these charges if the defendant is aware of the act and does not act (or fail to act) through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the

1  <u>defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the</u>

2  <u>defendant acted knowingly.</u>

3       A wiring is caused when one knows that a wire will be used in the ordinary course of business or

4  when one can reasonably foresee such use.

5       It need not have been reasonably foreseeable to the defendant that the wire communication

6  would be interstate [or foreign] in nature.  Rather, it must have been reasonably foreseeable to the

7  defendant that some wire communication would occur in furtherance of the scheme, and an interstate [or

8  foreign] wire communication must have actually occurred in furtherance of the scheme.

9

10                                      **Authority**

11  Ninth Circuit Model Jury Instruction (2022) Nos. 4.8, 4.13, 15.35.

12

13                                  **Government Argument**

14  ***Incorporation of Definition of "Knowingly" Following Recitation of the Offense Elements***

15       The United States' proposed instruction for the false statements charge includes the definition of

16  "knowingly" from Model Instruction 4.8, rather than proposing that the Court issue a standalone

17  instruction.  This is particularly important in this case because the Indictment also includes money

18  laundering charges, and a general standalone "knowingly" charge may confuse the jury as to the

19  standard for the money laundering charges, which requires that the defendant knows that the money

20  being laundered was proceeds of criminal transactions.  *United States v. Stein*, 37 F.3d 1407, 1410 (9th

21  Cir. 1994); *see also United States v. Turman*, 122 F.3d 1167, 1169 (9th Cir. 1997)

22  (applying *Stein* retroactively), *abrogated on other grounds by Henderson v. United States*, 568 U.S. 266

23  (2013).  *But see United States v. Lonich*, 23 F.4th 881, 899-901 (9th Cir. 2022) (concluding district court

24  did not err by using general "knowingly" instruction in money laundering case because district court

25  modified instruction to clarify that it applies only to act of engaging in monetary transactions); *see also*

26  *United States v. Jaimez*, 45 F.4th 1118, 1123 (9th Cir. 2022).

27

28

JOINT PROPOSED JURY INSTRUCTIONS

*No Inclusion of Language Regarding "Omissions" Theory of Fraud*

The United States' proposed instruction does not include any language regarding an "omissions" theory.  As the government previously argued, it is not proceeding on an "omissions" theory with respect to Counts Five, Six, and Seven.  To the extent that the government intends to show that Rothenberg "concealed" material facts from Pilot Grove Management LLC and its related entity Transcend VR LLC, it "intends to show that Rothenberg accomplished that concealment by taking affirmative acts of concealment or making affirmative statements that served to conceal material facts and to mislead the victims (such as statements involving half-truths)" and by "present[ing] evidence that Rothenberg deceived the victim[] by devising [a] scheme[] reasonably calculated to deceive."  Dkt. 94, at 4:5-17.  The Court has already rejected the defendant's position that Counts Five, Six, and Seven include an omissions theory.  *See* Dkt. 114 (Court's Order) at 4.

**Defense Objection**

The defendant has incorporated his objection to the government proposed instruction with his argument in support of the defendant's proposed instruction.

DISPUTED JURY INSTRUCTION NO. 41

**Defendant's Proposed Instruction**

WIRE FRAUD

The defendant is charged in [Counts Five through Seven and Twelve through Twenty-Three of] the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly [participated in] [devised] [intended to devise] a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises [, or omitted facts.] [Deceitful statements of half-truths may constitute false or fraudulent representations];

Second, the statements made [or facts omitted] as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, an interstate [or foreign] wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements but also the circumstances in which they are used as a whole.

An act is done knowingly if the defendant is aware of the act and does not act (or fail to act) through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

[To convict the defendant of wire fraud based on omission[s] of material fact[s], you must find that the defendant had a duty to disclose the omitted fact[s] arising out of a relationship of trust. That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in

1    which one party acts for the benefit of another and induces the trusting party to relax the care and

2    vigilance that it would ordinarily exercise.]

3         A "fiduciary" duty exists whenever one entity places special trust and confidence in another

4    person—the fiduciary—in reliance that the fiduciary will exercise his discretion and expertise with the

5    utmost honesty and forthrightness in the interests of the entity, such that the entity relaxes the care and

6    vigilance that it would ordinarily exercise, and the fiduciary knowingly accepts that special trust and

7    confidence and thereafter undertakes to act on behalf of the other person based on such reliance.

8         The mere fact that a business relationship arises between two persons does not mean that either

9    owes a fiduciary duty to the other. If one person engages or employs another and thereafter directs,

10   supervises, or approves the other's actions, the person so employed is not necessarily a fiduciary.

11   Rather, as previously stated, it is only when one party places, and the other accepts, a special trust and

12   confidence—usually involving the exercise of professional expertise and discretion—that a fiduciary

13   relationship exists.

14        A wiring is caused when one knows that a wire will be used in the ordinary course of business or

15   when one can reasonably foresee such use.

16        It need not have been reasonably foreseeable to the defendant that the wire communication

17   would be interstate [or foreign] in nature. Rather, it must have been reasonably foreseeable to the

18   defendant that some wire communication would occur in furtherance of the scheme, and an interstate

19   [or foreign] wire communication must have actually occurred in furtherance of the scheme.

20

21                                    **Authority**

22   NINTH CIRCUIT MODEL JURY INSTRUCTIONS (2022) NOS. 4.8, 15.34, 15.35.

23

24                                **Defense Argument**

25        As explained earlier, it is Mr. Rothenberg's position that Counts 5, 6 and 7 allege an omissions

26   theory of criminal fraud liability, which requires the government prove Mr. Rothenberg owed a duty to

27   Pilot Grove, LLC. *See* Dkt. 85 at 3-4; *see also United States v. Shields*, 844 F.3d 819, 822 (9th Cir.

28   2016). The government has only included the omissions theory in its wire fraud instructions for Counts

JOINT PROPOSED JURY INSTRUCTIONS

12-23. Thus, the wire fraud charges in Counts 5-7 have been combined with the remaining wire fraud charges in Counts 12-23. While this Court has rejected the argument, Mr. Rothenberg is nonetheless making the request to preserve the issue for further appellate review. *See* Dkt. 114 at 4.

Because Model Instruction 15.35 uses the term "fiduciary duty" without defining it, Mr. Rothenberg proposes the Court give the definition of "fiduciary duty" contained in Model Instruction 15.34. The comments to instruction 15.35 specifically refer to the instruction in 15.34 for a definition of "fiduciary duty."

As with Mr. Rothenberg's proposed bank fraud instruction, the definition of the term "knowingly" contained in Model Instruction 4.8 has been included in this instruction rather than as a standalone instruction.

## Government Objection

The government has incorporated its objection to the defendant's proposed instruction with its argument in support of the government's proposed instruction.

STIPULATED JURY INSTRUCTION NO. 42

COUNTS EIGHT TO ELEVEN: MONEY LAUNDERING (18 U.S.C. § 1957)

The defendant is charged in [Counts Eight to Eleven of] the Indictment with money laundering in violation of Section 1957 of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly engaged or attempted to engage in a monetary transaction;

Second, the defendant knew the transaction involved criminally derived property;

Third, the property had a value greater than $10,000;

Fourth, the property was, in fact, derived from the wire fraud scheme alleged in Counts Five to Seven; and

Fifth, the transaction occurred [[in the [United States] [special maritime and territorial jurisdiction of the United States]] [*specify defendant's status which qualifies under 18 U.S.C. § 1957(d)(2)*].

The term "monetary transaction" means the [deposit, ][withdrawal, ][transfer, ][exchange], in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution. [The term "monetary transaction" does not include any transaction necessary to preserve a person's right to representation as guaranteed by the Sixth Amendment to the Constitution.

The term "financial institution" means, for these counts, a bank insured by the Federal Deposit Insurance Corporation ("FDIC").

The term "criminally derived property" means any property constituting, or derived from, the proceeds obtained from a criminal offense. The government must prove that the defendant knew that the property involved in the monetary transaction constituted, or was derived from, proceeds obtained by some criminal offense. The government does not have to prove that the defendant knew the precise nature of that criminal offense, or knew the property involved in the transaction represented the proceeds of the wire fraud scheme alleged in Counts Five to Seven.

1    Although the government must prove that, of the property at issue, more than $10,000 was

2    criminally derived, the government does not have to prove that all the property at issue was criminally

3    derived.

4

5                                              **Authority**

6    NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 18.7.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>DISPUTED JURY INSTRUCTION NO. 43</u>

**Government Proposed Instruction**

COUNTS TWELVE TO TWENTY-THREE: WIRE FRAUD WITH OMISSIONS THEORY

(18 U.S.C. § 1343)

The defendant is charged in [<u>Counts Twelve to Twenty-Three </u>of] the <u>Indictment</u> with wire fraud in violation of Section 1343 of Title 18 of the United States Code.  <u>These Counts are slightly different than the Wire Fraud Counts I explained to you for Counts Five to Seven.</u>  For the defendant to be found guilty of <u>one of these Wire Fraud</u> charges, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly [participated in,] [devised,] [ and intended to devise] a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises [, or omitted facts.] [Deceitful statements of half-truths may constitute false or fraudulent representations];

Second, the statements made [or facts omitted] as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, an interstate [or foreign] wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements but also the circumstances in which they are used as a whole.

[To convict the defendant of wire fraud based on omission[s] of material fact[s], you must find that the defendant had a duty to disclose the omitted fact[s] arising out of a relationship of trust.  That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance that it would ordinarily exercise.]

1    <u>An act is done "knowingly" for these charges if the defendant is aware of the act and does not act</u>

2    <u>(or fail to act) through ignorance, mistake, or accident.  The government is not required to prove that the</u>

3    <u>defendant knew that his acts or omissions were unlawful.  You may consider evidence of the</u>

4    <u>defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the</u>

5    <u>defendant acted knowingly.</u>

6    A wiring is caused when one knows that a wire will be used in the ordinary course of business or

7    when one can reasonably foresee such use.

8    It need not have been reasonably foreseeable to the defendant that the wire communication

9    would be interstate [or foreign] in nature.  Rather, it must have been reasonably foreseeable to the

10   defendant that some wire communication would occur in furtherance of the scheme, and an interstate [or

11   foreign] wire communication must have actually occurred in furtherance of the scheme.

12

13                                  **Authority**

14   Ninth Circuit Model Jury Instruction (2022) Nos. 4.8, 4.13, 15.35.

15

16                              **Government Argument**

17   ***Incorporation of Definition of "Knowingly" Following Recitation of the Offense Elements***

18   The proposed instruction for the false statements charge includes the definition of "knowingly"

19   from Model Instruction 4.8, rather than proposing that the Court issue a standalone instruction.  This is

20   particularly important in this case because the Indictment also includes money laundering charges, and a

21   general standalone "knowingly" charge may confuse the jury as to the standard for the money

22   laundering charges, which requires that the defendant knows that the money being laundered was

23   proceeds of criminal transactions.  *United States v. Stein*, 37 F.3d 1407, 1410 (9th Cir. 1994); *see also*

24   *United States v. Turman*, 122 F.3d 1167, 1169 (9th Cir. 1997) (applying *Stein* retroactively), *abrogated*

25   *on other grounds by Henderson v. United States*, 568 U.S. 266 (2013).  *But see United States v. Lonich*,

26   23 F.4th 881, 899-901 (9th Cir. 2022) (concluding district court did not err by using general

27   "knowingly" instruction in money laundering case because district court modified instruction to clarify

28

that it applies only to act of engaging in monetary transactions); *see also United States v. Jaimez*, 45 F.4th 1118, 1123 (9th Cir. 2022).

### Inclusion of Language Regarding "Omissions" Theory of Fraud

The United States' proposed instruction includes the language regarding an "omissions" theory. As the government previously argued, it is proceeding on an "omissions" theory with respect to Counts Twelve to Twenty-Three. With regard to these counts, "the government intends to present evidence that one way that Rothenberg defrauded investors was by *omitting* to tell them certain facts when he had a duty to provide that information…. With respect to these counts, and consistent with the other allegations in those counts, the government also intends to present evidence that Rothenberg deceived investors by making affirmative false statements – including statements of half-truths – and by devising schemes reasonably calculated to deceive investors." Dkt. 94, at 4:20-27. The Court has already determined that this approach is properly pleaded in the Indictment. *See* Dkt. 114 (Court's Order) at 4-5.

### Omission of Language Defining "Fiduciary"

The United States' proposed instruction does not include language defining "fiduciary" drawn from Ninth Circuit Model Jury Instruction No. 15.34, unlike the defendant's proposed instruction. While the definition could be added, the United States contends that adding that language from a crime that *requires* a fiduciary duty – namely a Mail Fraud Scheme to Defraud Involving a Deprivation of Intangible Right of Honest Services – to a crime that does not – namely traditional Wire Fraud – improperly makes the crime of Wire Fraud appear to *require* a fiduciary relationship. As both parties' proposed instructions for Wire Fraud with an omissions theory state: "you must find that the defendant had a duty to disclose the omitted facts arising out of a relationship of trust." Ninth Circuit Model Jury Instruction No. 15.35. That is not necessarily a fiduciary duty. As both parties' proposed instructions state, "That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance that it would ordinarily exercise." *Id.* The government believes the standard wire fraud instruction adequately explains what is required and does not need supplemental language.

**Defense Objection**

The defendant has incorporated his objection to the government proposed instruction with his argument in support of the defendant's proposed Instruction 41.

<u>DISPUTED JURY INSTRUCTION NO. 43</u>

**Defense Proposed Instruction**

COUNTS TWELVE TO TWENTY-THREE: WIRE FRAUD WITH OMISSIONS THEORY

(18 U.S.C. § 1343)

The defendant is charged in [Counts <u>Twelve through Twenty-Three</u> of] the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly [participated in] [devised] [intended to devise] a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises [, or omitted facts.] [Deceitful statements of half-truths may constitute false or fraudulent representations];

Second, the statements made [or facts omitted] as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, an interstate [or foreign] wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements but also the circumstances in which they are used as a whole.

<u>An act is done knowingly if the defendant is aware of the act and does not act (or fail to act) through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.</u>

[To convict the defendant of wire fraud based on omission[s] of material fact[s], you must find that the defendant had a duty to disclose the omitted fact[s] arising out of a relationship of trust. That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in

1   which one party acts for the benefit of another and induces the trusting party to relax the care and

2   vigilance that it would ordinarily exercise.]

3       A "fiduciary" duty exists whenever one entity places special trust and confidence in another

4   person—the fiduciary—in reliance that the fiduciary will exercise his discretion and expertise with the

5   utmost honesty and forthrightness in the interests of the entity, such that the entity relaxes the care and

6   vigilance that it would ordinarily exercise, and the fiduciary knowingly accepts that special trust and

7   confidence and thereafter undertakes to act on behalf of the other person based on such reliance.

8       The mere fact that a business relationship arises between two persons does not mean that either

9   owes a fiduciary duty to the other. If one person engages or employs another and thereafter directs,

10  supervises, or approves the other's actions, the person so employed is not necessarily a fiduciary.

11  Rather, as previously stated, it is only when one party places, and the other accepts, a special trust and

12  confidence—usually involving the exercise of professional expertise and discretion—that a fiduciary

13  relationship exists.

14      A wiring is caused when one knows that a wire will be used in the ordinary course of business or

15  when one can reasonably foresee such use.

16      It need not have been reasonably foreseeable to the defendant that the wire communication

17  would be interstate [or foreign] in nature. Rather, it must have been reasonably foreseeable to the

18  defendant that some wire communication would occur in furtherance of the scheme, and an interstate

19  [or foreign] wire communication must have actually occurred in furtherance of the scheme.

20

21                                      **Authority**

22  NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NOS. 4.8, 15.34, 15.35

23

24                                  **Defense Argument**

25      Assuming the Court rejects Mr. Rothenberg's position that Counts 5, 6 and 7 allege an omissions

26  theory of criminal fraud liability, Mr. Rothenberg nonetheless requests the Court define the term

27  "fiduciary duty," which is not defined in Model Instruction 15.35. Thus, Mr. Rothenberg proposes the

28

JOINT PROPOSED JURY INSTRUCTIONS

Court include the definition of "fiduciary duty" contained in Model Instruction 15.34. The comments to instruction 15.35 specifically refer to the instruction in 15.34 for a definition of "fiduciary duty."

Additionally, Mr. Rothenberg's proposes the Court's wire fraud instruction includes the definition of the term "knowingly" contained in Model Instruction 4.8, rather than use provide the definition as a standalone instruction.

**Government Objection**

The government has incorporated its objection to the defendant's proposed instruction with its argument in support of the government's proposed instruction.

## STIPULATED JURY INSTRUCTION NO. 44

### AIDING AND ABETTING

A defendant may be found guilty of the ~~crime(s)~~ crimes charged even if the defendant did not personally commit the ~~act(s)~~ acts constituting the crime if the defendant willfully caused an act to be done that if directly performed by him would be an offense against the United States.  A defendant who puts in motion or causes the commission of an indispensable element of the offense may be found guilty as if he had committed this element himself.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 4.2.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISPUTED JURY INSTRUCTION NO. 45

**Defendant's Proposed Instruction**

GOOD FAITH


To convict Mr. Rothenberg of bank fraud and wire fraud, the government must prove beyond a reasonable doubt that Mr. Rothenberg acted with the intent to defraud, that is, the intent to deceive and cheat. An honest, good faith belief in the truth of the specific misrepresentations alleged in the Indictment is inconsistent with a finding that Mr. Rothenberg acted with the intent to defraud.

Thus, you may determine whether Mr. Rothenberg had an honest, good faith belief in the truth of the specific misrepresentations alleged in the indictment in determining whether or not he acted with the intent to defraud. If the evidence in the case leaves you with a reasonable doubt about whether Mr. Rothenberg acted with the intent to defraud, or instead whether he possessed a good-faith belief that the alleged false statements were in fact accurate, you must find him not guilty of bank fraud and wire fraud.


**Defense Argument**

The Ninth Circuit approved a similar instruction in *United States v. Molinaro*, 11 F.3d 853 (9th Cir. 1993); *see also* Ninth Circuit Model Instruction 15.39 – Bank Fraud (citing *Molinaro*). The issue there was whether the defendant acted in good faith, and therefore did not act with an intend to defraud. The instruction read as follows: "You may determine whether a defendant had an honest, good faith belief in the truth of the specific misrepresentations alleged in the indictment in determining whether or not the defendant acted with intent to defraud." *Id.* at 863; *see also* United States v. Gering, 716 F.2d 615, 622 (9th Cir. 1983).

Here, as in *Molinaro*, a central issue will be whether Mr. Rothenberg acted in good faith when he made the alleged statements to Silicon Valley Bank and other investors. Courts have issued similar instructions in comparable circumstances. *See, e.g., United States v. Reyes*, No. CR 06-0556-1 CRB (ECF No. 1158), 2010 WL 1623968 (N.D. Cal. Mar. 23, 2010). In *Reyes*, for instance, the Court gave the following instruction: "It is the government's burden to prove beyond a reasonable doubt that Mr.

Reyes acted with an intent to commit the offenses charged. Good faith on the part of Mr. Reyes is inconsistent with a finding that Mr. Reyes knowingly or willfully committed any of the alleged offenses. Thus, if the evidence in the case leaves you with a reasonable doubt about whether Mr. Reyes acted with intent to commit the crime alleged in a particular count, or instead whether he possessed a good-faith belief that the alleged false or misleading statements were in fact accurate, you must find Mr. Reyes not guilty on that count."

This Court should issue a similar instruction.

### Government Objection

A defendant is not entitled to a good faith instruction, nor should one be given, when the jury was properly instructed on the intent element. *United States v. Shipsey*, 363 F.3d 962, 967 (9th Cir. 2004) ("Our case law is well settled that a criminal defendant has 'no right' to *any* good faith instruction when the jury has been adequately instructed with regard to the intent required to be found guilty of the crime charged, notwithstanding the normal rules governing "theory of defense" requests."); *see also United States v. Belcher*, 857 Fed. Appx. 390, 392 (9th Cir. 2021) ("[t] here was no abuse of discretion in the district court's refusal to give the defendants' requested instructions on good faith, because the jury instructions adequately laid out the crimes' intent requirements)." Defendant cites to *United States v. Molinaro*, 11 F.3d 853 (9th Cir. 1993), but the Ninth Circuit in that case approved a limited, specific instruction tailored to the facts of that case, related to whether the defendant believed that the victim would suffer no loss. That instruction is inapposite here. *See id.* at 856 ("The court's instruction accurately stated the law. 'While an honest, good-faith belief in the truth of the misrepresentations may negate intent to defraud, a good-faith belief that the victim will be repaid and will sustain no loss is no defense at all.'").

Furthermore, no good faith instruction is warranted at this juncture because the evidence that the government has seen does not provide a basis for Rothenberg's good faith instruction. "A defendant is entitled to jury instructions presenting his theory of defense as long as the instructions are supported by the law *and have a basis in the evidence presented to the jury*." *United States v. Fuentes*, 967 F.2d 593 (9th Cir. 1992) (emphasis added).

Accordingly, the government submits that Rothenberg's request for language about good faith be denied, as it is at best premature at this juncture.

<u>STIPULATED JURY INSTRUCTION NO. 46</u>

DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your [presiding juror] [foreperson] who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

**Authority**

Ninth Circuit Model Jury Instruction (2022) No. 6.19

JOINT PROPOSED JURY INSTRUCTIONS
CR 20-00266 JST                                    89

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED JURY INSTRUCTION NO. 47

CONSIDERATION OF THE EVIDENCE – CONDUCT OF THE JURY

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.  Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings ̶ , and a mistrial could result that would require the entire

/ / /

/ / /

/ / /

/ / /

JOINT PROPOSED JURY INSTRUCTIONS
CR 20-00266 JST                                    90

trial process to start over}.  If any juror is exposed to any outside information, please notify the court immediately.

**Authority**

Ninth Circuit Model Jury Instruction (2022) No. 6.20.

## STIPULATED JURY INSTRUCTION NO. 48

### USE OF NOTES

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**Authority**

Ninth Circuit Model Jury Instruction (2022) No. 6.21.

1

<u>STIPULATED JURY INSTRUCTION NO. 49</u>

2

JURY CONSIDERATION OF PUNISHMENT

3

4

The punishment provided by law for this crime is for the court to decide.  You may not consider

5

punishment in deciding whether the government has proved its case against the defendant beyond a

6

reasonable doubt.

7

8

**Authority**

9

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.22.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>STIPULATED JURY INSTRUCTION NO. 50</u>

VERDICT FORM

A verdict form has been prepared for you.  [*Explain verdict form as needed.*]  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) No. 6.23.

## STIPULATED JURY INSTRUCTION NO. 51

COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the ~~[clerk] [bailiff],~~ Courtroom Deputy, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.24.

**PROPOSED INSTRUCTION AFTER DISCHARGE**

## STIPULATED JURY INSTRUCTION NO. 52

### POST-DISCHARGE INSTRUCTION

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings.  Now that the case is over, you are free to discuss it with any person you choose.  By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

[If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.]

[Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.]

[Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me, and I will assist.]

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.31

JOINT PROPOSED JURY INSTRUCTIONS
CR 20-00266 JST                                    97