THOMAS A. COLTHURST (CABN 99493)
Attorney for the United States
Acting under Authority Conferred by 28 U.S.C. § 515

BENJAMIN K. KLEINMAN (NYBN 5358189)
KYLE F. WALDINGER (CABN 298752)
NICHOLAS J. WALSH (CABN 314290)
Assistant United States Attorneys

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Fax: (415) 436-7234
Email: benjamin.kleinman2@usdoj.gov
Email: kyle.waldinger@usdoj.gov
Email: nicholas.walsh@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 20-CR-00266 JST |
| Plaintiff, | [PROPOSED] ORDER RE: MOTIONS *IN LIMINE* AND PRETRIAL CONFERENCE REPORT MATTERS |
| v. | |
| MICHAEL BRENT ROTHENBERG, a/k/a MIKE ROTHENBERG, | |
| Defendant. | |

1   On September 15, 2023, the Court conducted the Pretrial Conference in this case. At the request
2 of the Court, the parties have met and conferred and agree that the below [Proposed] Order
3 memorializes the rulings that the Court made during the course of that hearing.

5 DATED: September 18, 2023              Respectfully submitted,

                                        THOMAS A. COLTHURST
                                        Attorney for the United States
                                        pursuant to 28 U.S.C. § 515


                                              /s/
                                        BENJAMIN K. KLEINMAN
                                        KYLE F. WALDINGER
                                        NICHOLAS J. WALSH
                                        Assistant United States Attorneys


                                              /s/
                                        HANNI M. FAKHOURY
                                        NATHANIEL J. TORRES
                                        Attorneys for Defendant Michael Rothenberg

[PROPOSED] ORDER                  2
20-CR-00266 JST

**[PROPOSED] ORDER**

Based upon the argument of counsel and the memorandum in support and in opposition to the United States Motions *in Limine* (Dkt. 247) and the Defendant's Motions *in Limine* (Dkt. 248), as discussed during a hearing on September 15, 2023, and for good cause shown, the Court HEREBY ORDERS:

**I.  United States' Motions *in Limine***

    **1.  United States' Motion *in Limine* No. 1 – DEFERRED.**

The Court did not make a final ruling on the United States' Motion *in Limine* No. 1. The parties are ORDERED to meet and confer as to whether they can reach an agreement regarding the scope of the defense's questions of bank and investor witnesses as to the issue of materiality. The parties will notify the Court by September 22, 2023, whether they have reached an agreement, and the Court will issue an order thereafter.

    **2.  United States Motion *in Limine* No. 2 – GRANTED.**

The United States' Motion *in Limine* No. 2 is granted. The Court orders that all witnesses will be excluded from the courtroom except for IRS-CI Special Agent Anthony Ghio and the government's expert witness Gerald T. Fujimoto.

    **3.  United States Motion *in Limine* No. 3 – GRANTED ~~IN PART~~.**

The United States' Motion *in Limine* No. 3 is granted. ~~in part. The Court orders that no references shall be made in front of the jury to any potential sentence or punishment the defendant may receive. However, the defense is permitted to refer to the fact that the case has "consequences" or is a "serious case" for the defendant.~~ "It is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" *Shannon v. United States*, 512 U.S. 573, 579 (1994) (quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975)) (footnote omitted). "Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Id.* Similarly, the Ninth Circuit has held that "it is inappropriate for a jury to consider or be informed of the consequences of their verdict." *United States v. Frank*, 956 F.2d 872, 878 (9th Cir. 1991).

Accordingly, references to punishment or any specific collateral consequence are prohibited. However, the Court will allow statements such as "this case has serious consequences for the defendant." See *United States v. Williams*, No. 3:13-CR-00764-WHO-1, 2017 WL 4310712, at *8 (N.D. Cal. Sept. 28, 2017) (permitting the defendant to use subtle references such as "this case has serious consequences for the defendant").

### 4. United States Motion *in Limine* No. 4 – DEFERRED.

The Court did not make a final ruling on the United States Motion *in Limine* No. 4. The United States is ORDERED to identify for the defense the specific statements of the defendant from the SEC investigation and case filings that the United States wishes to introduce at trial. The parties will then summarize those statements in table format indicating the areas of disagreement and the basis of the defendant's objection and submit that annotated table to the Court by September 22, 2023.

### 5. United States Motion *in Limine* No. 5 – GRANTED.

The United States' Motion *in Limine* No. 5 is granted, subject to the defendant's right to object at the time that the certified records are offered in evidence that the certified records are inadmissible under Rule 402, Rule 403 or some other ground beyond lack of authentication.

## II. Defendant's Motions *in Limine*

### 1. Defendant's Motion *in Limine* #1 – DENIED.

The defendant's Motion *in Limine* #1 is denied, subject to the defendant's right to object at the time that the documents are offered in evidence that the documents are inadmissible under Rule 402 and / or Rule 403.

### 2. Defendant's Motion *in Limine* #2 – GRANTED.

The defendant's Motion *in Limine* #2 is granted. The Court rules that the press articles at issue are hearsay. Accordingly, the Court rules that the articles may not be introduced in evidence (although the United States may use them to refresh recollection). It may be that, at trial, the United States will be able to identify a proper purpose for the admission of these press articles. In such instances, however, the United States must address that issue with the Court outside of the presence of the jury in advance of offering the articles.

**3.     Defendant's Motion *in Limine* #3 – GRANTED IN PART.**

The defendant's Motion *in Limine* #3 is granted in part. The United States may not refer to the prior trial, to the allegations of Counts One and Two of the Indictment, or introduce evidence that the defendant allegedly committed the crimes of bank fraud and making false statements to a financial institution in 2014. However, in light of its ruling with respect to the Defendant's Motion *in Limine* #1, the Court rules that the United States may be able to introduce proposed Trial Exhibit 116 into evidence or offer other evidence that was used with regard to Counts One and Two of the Indictment for other purposes, subject to the defendant's right to object at the time that the documents are offered in evidence that the documents are inadmissible under Rule 402 and / or Rule 403.

**4.     Defendant's Motion *in Limine* #4 – DENIED WITHOUT PREJUDICE IN PART AND DEFERRED IN PART.**

The defendant's Motion *in Limine* #4 is denied without prejudice in part and deferred in part. With regard to (1) the *SEC v. Rothenberg* matter, (3) the *Haase v. RVMC* matter, and (4) the *Fanelli v. RVMC* matter, the defendant's motion is denied without prejudice, subject to the defendant's right to object at the time that the evidence is offered that the evidence is inadmissible under Rule 402 and / or Rule 403. Further, the evidence in these matters, and in (2) the *Transcend VR v. Rothenberg* shall be subject to further review in the table ordered to be produced as described in the Court's deferred decision on the United States' Motion *in Limine* No. 4. ~~With regard to (2) the *Transcend VR v. Rothenberg* matter, the matter is taken under submission by the Court.~~ It is ORDERED that any evidence offered from other litigation shall be offered in a sanitized format that does not refer to where the evidence came from or otherwise refers to the prior litigation.

**5.     Defendant's Motion *in Limine* #5 – GRANTED IN PART.**

The defendant's Motion *in Limine* #5 is granted in part. The government's expert witness Gerald T. Fujimoto's shall not opine whether a particular transaction made "business sense" or whether the defendant "knew" certain things or that certain things were "clear" to him.

**6.    Defendant's Motion *in Limine* #6 – DENIED.**

The defendant's Motion *in Limine* #6 is denied. The Court orders that all witnesses will be excluded from the courtroom except for IRS-CI Special Agent Anthony Ghio and the government's expert witness Gerald T. Fujimoto.

**7.    Defendant's Motion *in Limine* #7 – GRANTED.**

The defendant's Motion *in Limine* #7 is granted. The Indictment will not be provided to the jury.

### III.    Matters Raised in the Parties' Pretrial Conference Reports

At the hearing on September 15, 2023, the Court also considered (1) the defendant's request to renumber the counts of the Indictment, *see* Dkt. 252, at 3:12-22, and (2) the parties' competing versions of the Statement of the Case to be read to the jury venire, specifically, whether the paragraph to which the defendant objects should be included in that Statement, *see* Dkt. 252, at 3:23-4:11 & Dkt. 254, at 5:9-16.

For the reasons stated on the record, the Court DENIES the defendant's request to renumber the counts of the Indictment.

For the reasons stated on the record, the Court GRANTS the defendant's request to delete the objected-to paragraph from the proposed Statement of the Case. However, the government will be allowed to include such facts in its opening statement, so long as it does not say that the "Indictment alleges" those facts.

IT IS SO ORDERED.

DATED: September 21, 2023

THE HONORABLE JON S. TIGAR
UNITED STATES DISTRICT JUDGE