UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,

v.

MICHAEL BRENT ROTHENBERG,
Defendant.

Case No. 20-cr-00266-JST-1

**ORDER RE: JURY INSTRUCTION CONCERNING 18 U.S.C. § 1344**

Re: ECF No. 255

At the September 22, 2023 pretrial conference, the Court took under submission the question of whether to give the Government's or the Defendant's proposed instruction concerning the substantive elements of bank fraud, 18 U.S.C. § 1344. *See* ECF No. 255 at 59–67.

A criminal defendant has a right to a unanimous jury verdict in federal court. *Ramos v. Louisiana*, ––– U.S. ––––, 140 S. Ct. 1390, 1394, 206 L.Ed.2d 583 (2020). Although jurors must unanimously find the defendant guilty or not guilty of an offense, their decision regarding the means of committing that offense does not have to be unanimous. *United States v. Barai*, 55 F.4th 1245, 1250 (9th Cir. 2022); *United States v. Gonzalez*, 786 F.3d 714, 718 (9th Cir. 2015); *United States v. Knapp*, 15 F.3d 1092 (9th Cir. 1994). The issue before the Court turns on whether Sections 1344(1) and (2) charge two separate offenses, as Defendant contends, or whether they are two means of demonstrating the same offense.

Courts in this circuit and others have found that Section 1344 is a single offense with subsections (1) and (2) providing different means of committing bank fraud. In *United States v. Crisci*, the Second Circuit joined other circuits in finding that "a single count of an indictment may charge bank fraud under both subsections (1) and (2) and that proof of the violation of either subsection is sufficient to support a conviction." 273 F.3d 235, 239 (2d Cir. 2001) (citing *United*

United States District Court
Northern District of California

*States v. LeDonne*, 21 F.3d 1418, 1427 (7th Cir. 1994); *United States v. Barakett*, 994 F.2d 1107, 1110 n. 10 (5th Cir. 1993); *United States v. Stone*, 954 F.2d 1187, 1192 (6th Cir. 1992); *United States v. Fontana*, 948 F.2d 796, 801–02 (1st Cir.1991); *United States v. Celesia*, 945 F.2d 756, 758–59 (4th Cir. 1991); *United States v. Schwartz*, 899 F.2d 243, 246 (3d Cir. 1990)). Similarly, and recently, in *United States v. Safahi*, Judge Illston rejected a duplicity challenge to including both section 1344(1) and 1344(2) in the indictment. She found that "[t]he bank fraud statute is disjunctive, permitting conviction upon proof of either Section 1344(1) or 1344(2)." No. 19-CR-00404-SI-1, 2022 WL 2356769, at *17 (N.D. Cal. June 30, 2022).

Accordingly, the Court concludes that this count of the indictment is not duplicitous, and will give the Government's proposed instruction.

By October 2, 2023, the Government shall file a complete set of jury instructions, amended to reflect the Court's decisions regarding the parties' disputes.

**IT IS SO ORDERED.**

Dated: September 28, 2023



JON S. TIGAR
United States District Judge