THOMAS A. COLTHURST (CABN 99493)
Attorney for the United States
Acting under Authority Conferred by 28 U.S.C. § 515

MATTHEW M. YELOVICH (NYBN 4897013)
Acting Deputy Chief, Criminal Division

BENJAMIN K. KLEINMAN (NYBN 5358189)
KYLE F. WALDINGER (CABN 298752)
NICHOLAS J. WALSH (CABN 314290)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    Email: benjamin.kleinman2@usdoj.gov
    Email: kyle.waldinger@usdoj.gov
    Email: nicholas.walsh@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL BRENT ROTHENBERG,<br><br>    Defendant. | No. CR 20-00266 JST<br><br>**JOINT PROPOSED FINAL JURY INSTRUCTIONS**<br><br>Trial Date:    October 3, 2023, 8:30 a.m.<br>Court:        Hon. Jon S. Tigar, Courtroom 6 |

      The parties hereby submit for the trial in the above-captioned case the following set of jury instructions that reflects the parties' understanding of the Court's rulings on the various disputed matters at the jury instruction hearing held on September 22, 2023, and by Order thereafter. *See* Dkt. 273.  The parties each continue to make their objections as set out in the Joint Proposed Jury Instructions and Disputed Jury Instructions. *See* Dkt. 255.

      Modifications or additions to the Ninth Circuit Model Jury Instructions are noted with ~~strikethrough~~ for deletions and <u>underlining</u> for additions.  Bracketed language indicates that the parties

1    are uncertain, at this time, which version of the model language will apply.

2         Instructions that may or may not be applicable are marked "if applicable."

3

4    DATED:  October 2, 2023                    Respectfully submitted,

5                                               THOMAS A. COLTHURST
                                                Attorney for the United States
6                                               pursuant to 28 U.S.C. § 515

7

8                                       _____
                                               /s/
9                                       BENJAMIN K. KLEINMAN
                                        KYLE F. WALDINGER
10                                      NICHOLAS J. WALSH
                                        Assistant United States Attorneys
11

12

13                                      _____
                                               /s/
14                                      HANNI M. FAKHOURY
                                        NATHANIEL J. TORRES
15                                      Attorneys for Defendant Michael Rothenberg

16

17

18

19

20

21

22

23

24

25

26

27

28

| Stipulated Instruction | Model Instruction No. | DESCRIPTION |
|---|---|---|
|  | **Preliminary Instructions** | |
| 1 | 1.1 | DUTY OF JURY |
| 2 | 1.2 | THE CHARGES – PRESUMPTION OF INNOCENCE |
| 3 | 1.3 | WHAT IS EVIDENCE |
| 4 | 1.4 | WHAT IS NOT EVIDENCE |
| 5 | 1.5 | DIRECT AND CIRCUMSTANTIAL EVIDENCE |
| 6 | 1.6 | RULING ON OBJECTIONS |
| 7 | 1.7 | CREDIBILITY OF WITNESSES |
| 8 | 1.8 | CONDUCT OF THE JURY |
| 9 | 1.9 | NO TRANSCRIPT AVAILABLE TO JURY |
| 10 | 1.10 | TAKING NOTES |
| 11 | 1.11 | OUTLINE OF TRIAL |
| 12 | 1.14 | QUESTIONS TO WITNESSES TO JURORS DURING TRIAL |
| 13 | 1.16 | BENCH CONFERENCES AND RECESSES |
| | **Instructions During the Course of Trial [As Applicable]** | |
| 14 | 2.1 | CAUTIONARY INSTRUCTION |
| 15 | 2.2 [if applicable] | STIPULATED TESTIMONY |
| 16 | 2.3 [if applicable] | STIPULATIONS OF FACT |
| 17 | 2.4 [if applicable] | JUDICIAL NOTICE |
| 18 | 2.10 [if applicable] | OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT |
| 19 | 2.12 [if applicable] | EVIDENCE FOR A LIMITED PURPOSE |

| Stipulated Instruction | Model Instruction No. | DESCRIPTION |
|---|---|---|
| 20 | 2.16 [if applicable] | DEFENDANT'S PREVIOUS TRIAL |
| 21 | 3.3 [if applicable] | OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT |
| 22 | 3.14 | OPINION EVIDENCE, EXPERT WITNESS |
| 23 | 3.16 [if applicable] | CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE |
| 24 | 3.17 [if applicable] | CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE |
| **Instructions at the Close of Trial (Jury Deliberations)** | | |
| 25 | 6.1 | DUTIES OF THE JURY TO FIND FACTS AND FOLLOW THE LAW |
| 26 | 6.2 | PRESUMPTION OF INNOCENCE – BURDEN OF PROOF |
| 27 | 6.3 [if applicable] | DEFENDANT'S DECISION NOT TO TESTIFY |
| 28 | 6.4 [if applicable] | DEFENDANT'S DECISION TO TESTIFY |
| 29 | 6.5 | REASONABLE DOUBT – DEFINED |
| 30 | 6.6 | WHAT IS EVIDENCE |
| 31 | 6.7 | WHAT IS NOT EVIDENCE |
| 32 | 6.8 | DIRECT AND CIRCUMSTANTIAL EVIDENCE |
| 33 | 6.9 | CREDIBILITY OF WITNESSES |
| 34 | 6.10 | ACTIVITIES NOT CHARGED |
| 35 | 6.11 | SEPARATE CONSIDERATION OF MULTIPLE COUNTS – SINGLE DEFENDANT |
| 36 | 6.18 | IN OR ABOUT AND ON OR ABOUT – DEFINED |
| 37 | 4.8, 15.34, 15.35, 15.36, 15.39 | COUNT THREE: BANK FRAUD (18 U.S.C. § 1344(1) AND (2)) |
| 38 | 4.8, 15.51 | COUNT FOUR: FALSE STATEMENTS TO A FINANCIAL INSTITUTION (18 U.S.C. § 1014) |
| 39 | 4.8, 4.13, 15.35 | COUNTS FIVE TO SEVEN: WIRE FRAUD WITHOUT OMISSIONS THEORY (18 U.S.C. § 1343) |

| Stipulated Instruction | Model Instruction No. | DESCRIPTION |
|---|---|---|
| 40 | 18.7 | COUNTS EIGHT TO ELEVEN: MONEY LAUNDERING (18 U.S.C. § 1957) |
| 41 | 4.8, 4.13, 15.34, 15.35 | COUNTS TWELVE TO TWENTY-THREE: WIRE FRAUD (18 U.S.C. § 1343) WITH OMISSIONS THEORY |
| 42 | 4.2 | AIDING AND ABETTING (18 U.S.C. § 2(B)) |
| 43 | 6.19 | DUTY TO DELIBERATE |
| 44 | 6.20 | CONSIDERATION OF THE EVIDENCE – CONDUCT OF THE JURY |
| 45 | 6.21 | USE OF NOTES |
| 46 | 6.22 | JURY CONSIDERATION OF PUNISHMENT |
| 47 | 6.23 | VERDICT FORM |
| 48 | 6.24 | COMMUNICATION WITH COURT |
| | | **Instruction After Discharge** |
| 49 | 6.31 | POST-DISCHARGE INSTRUCTION |

JOINT PROPOSED JURY INSTRUCTIONS

**PRELIMINARY INSTRUCTIONS**

JURY INSTRUCTION NO. 1

DUTY OF JURY

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial, I will give you more detailed [written] instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially.  You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.1.

JOINT PROPOSED JURY INSTRUCTIONS
CR 20-00266 JST                              7

JURY INSTRUCTION NO. 2

THE CHARGES – PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government.  The government charges the defendant with Bank Fraud, False Statements to a Financial Institution, Wire Fraud, and Engaging in Monetary Transactions in Property Derived from the Specified Unlawful Activity of Wire Fraud.  The charges against the defendant are contained in the Indictment.  The Indictment simply describes the charges the government brings against the defendant.  The Indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has the right to remain silent and never has to prove his innocence or present any evidence.

[To help you follow the evidence, I will now give you a brief summary of the elements of the crimes that the government must prove to make its case. [supply brief statement of elements of crime[s]].] Before I discuss these charges, I will note that, for reasons that do not concern you, the Indictment starts with Charge Three, which is also sometimes referred to as Count Three, rather than Count or Charge One.  Do not speculate about why the Indictment starts at Three.  The defendant is on trial only for the charges numbered Three through Twenty-Three.

Now, turning as I said I would to the alleged crimes in the Indictment, the government has charged the defendant with twenty-one crimes in this trial, but many of them are the same crime applied to different specific alleged acts.  These twenty-one crimes can therefore be broken down into five types of specific charges.

**The first type of crime is Bank Fraud.**  The defendant is charged in Count Three with Bank Fraud.  As you have already heard in my brief description of the case, the bank in question is Silicon Valley Bank.  Because there are two distinct methods by which this crime can be committed, in order for the defendant to be found guilty of that charge, the government must prove beyond a reasonable doubt each of the elements in Method A, or Method B, or both.

Method A requires the government to prove beyond a reasonable doubt:

JOINT PROPOSED JURY INSTRUCTIONS
CR 20-00266 JST                          8

First, the defendant knowingly executed a scheme to defraud <u>Silicon Valley Bank,</u> a financial institution, as to a material matter;

Second, the defendant acted with the intent to defraud <u>Silicon Valley Bank</u> ~~the financial institution~~, <u>that is, with the intent to deceive and cheat; and</u>; and

Third, ~~the financial institution~~ <u>Silicon Valley Bank</u> was insured by the Federal Deposit Insurance Corporation.

Alternatively, the government may prove the defendant committed Bank Fraud by proving beyond a reasonable doubt the elements of Method B:

First, the defendant knowingly carried out a scheme or plan to obtain money or property from <u>Silicon Valley Bank,</u> a financial institution, by making false statements or promises;

Second, the defendant knew that the statements or promises were false;

Third, the statements or promises were material; that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property;

Fourth, the defendant acted with the intent to defraud <u>Silicon Valley Bank</u> ~~the financial institution~~, <u>that is, with the intent to deceive and cheat;</u> and

Fifth, ~~the financial institution~~ <u>Silicon Valley Bank</u> was insured by the Federal Deposit Insurance Corporation.

**<u>The second type of crime alleged is Making False Statements to a Financial Institution</u>**.  <u>The defendant is charged in Count Four with Making False Statements to a Financial Institution.  To prove that crime, the government must prove:</u>

First, the defendant made a false statement or report to a ~~federally insured~~ financial institution <u>insured by the Federal Deposit Insurance Corporation ("FDIC")</u>, specifically, <u>Silicon Valley Bank</u>;

Second, the defendant made the false statement or report to <u>Silicon Valley Bank</u> knowing it was false, <u>with all of you agreeing as to the specific false statement or report;</u> and

Third, the defendant did so for the purpose of influencing in any way the action of <u>Silicon Valley Bank</u>.

It is not necessary, however, to prove that <u>Silicon Valley Bank</u> was, in fact, influenced or misled, or that <u>Silicon Valley Bank</u> was exposed to a risk of loss.  What must be proved is that the defendant intended to influence <u>Silicon Valley Bank</u> by the false statement.

**The third type of crime alleged is Wire Fraud**.  The defendant is charged in Counts Five to Seven with Wire Fraud.  To prove that crime, the government must prove:

First, the defendant knowingly [participated in,] [devised,] [ and intended to devise] a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises. [, or omitted facts.] [Deceitful statements of half-truths may constitute false or fraudulent representations];

Second, the statements made [or facts omitted] as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, an interstate [or foreign] wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements but also the circumstances in which they are used as a whole.

**The fourth type of crime alleged is Money Laundering**.  The defendant is charged in Counts Eight to Eleven with Money Laundering.  To prove that crime, the government must prove:

First, the defendant knowingly engaged or attempted to engage in a monetary transaction;

Second, the defendant knew the transaction involved criminally derived property;

Third, the property had a value greater than $10,000;

Fourth, the property was, in fact, derived from <u>the wire fraud scheme alleged in Counts Five to Seven</u>; and

Fifth, the transaction occurred [[in the [United States]

**Finally, the fifth type of crime alleged is Wire Fraud**, which you recall was also the third type of crime I already described to you for Counts Five to Seven.  The defendant is charged in Counts Twelve to Twenty-Three with Wire Fraud.  However, these last charges alleged in the Indictment differ

1   slightly from those laid out in Counts Five to Seven.  To prove these charges, the government must

2   prove:

3   First, the defendant knowingly [participated in,] [devised,] [ and intended to devise] a scheme or

4   plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent

5   pretenses, representations, or promises [, **or omitted facts.**] [Deceitful statements of half-truths may

6   constitute false or fraudulent representations];

7   Second, the statements made [or facts omitted] as part of the scheme were material; that is, they

8   had a natural tendency to influence, or were capable of influencing, a person to part with money or

9   property;

10   Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

11   Fourth, the defendant used, or caused to be used, an interstate [or foreign] wire communication

12   to carry out or attempt to carry out an essential part of the scheme.

13   In determining whether a scheme to defraud exists, you may consider not only the defendant's

14   words and statements but also the circumstances in which they are used as a whole.

15   [To convict the defendant of wire fraud based on omission[s] of material fact[s], you must find

16   that the defendant had a duty to disclose the omitted fact[s] arising out of a relationship of trust.  That

17   duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which

18   one party acts for the benefit of another and induces the trusting party to relax the care and vigilance that

19   it would ordinarily exercise.]

20   Now that I have explained the elements of the charges that the government must prove in this

21   case, I can turn to instructions regarding the evidence in the case.

22

23   **Authority**

24   NINTH CIRCUIT MODEL JURY INSTRUCTIONS (2022) NOS. 1.2, 2.14, 4.13, 15.35, 15.36, 15.39; 15.41,

25   18.7; *United States v. Miller,* 953 F.3d 1095, 1101 (9th Cir. 2020); 18 U.S.C. §§ 20(1).

26

27

28

JURY INSTRUCTION NO. 3

WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness; [and]

Second, the exhibits that are received in evidence[.] [; and]

Third, any facts to which the parties ~~agree.]~~ have stipulated.

**Authority**

Nɪɴᴛʜ Cɪʀᴄᴜɪᴛ Mᴏᴅᴇʟ Jᴜʀʏ Iɴꜱᴛʀᴜᴄᴛɪᴏɴ (2022) Nᴏ. 1.3.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>JURY INSTRUCTION NO. 4</u>

WHAT IS NOT EVIDENCE

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

First, statements and arguments of the attorneys;

Second, questions and objections of the attorneys;

Third, testimony that I instruct you to disregard; and

Fourth, anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.4.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>JURY INSTRUCTION NO. 5</u>

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.5.

JURY INSTRUCTION NO. 6

RULING ON OBJECTIONS

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.   If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Authority**

Ninth Circuit Model Jury Instruction (2022) No. 1.6.

1

2

3

<u>JURY INSTRUCTION NO. 7</u>

CREDIBILITY OF WITNESSES

4

5

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

6

In considering the testimony of any witness, you may take into account:

7

First, the witness's opportunity and ability to see or hear or know the things testified to;

8

Second, the witness's memory;

9

Third, the witness's manner while testifying;

10

Fourth, the witness's interest in the outcome of the case, if any;

11

Fifth, the witness's bias or prejudice, if any;

12

Sixth, whether other evidence contradicted the witness's testimony;

13

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

14

Eighth, any other factors that bear on believability.

15

16

17

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

18

19

20

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

21

22

**Authority**

23

Ninth Circuit Model Jury Instruction (2022) No. 1.7.

24

25

26

27

28

## JURY INSTRUCTION NO. 8

### CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter.  In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting

dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Authority**

Ninth Circuit Model Jury Instruction (2022) No. 1.8.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>JURY INSTRUCTION NO. 9</u>

NO TRANSCRIPT AVAILABLE TO JURY


At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.   I urge you to pay close attention to the testimony as it is given.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.9.

1

2

JURY INSTRUCTION NO. 10

TAKING NOTES

3

4      If you wish, you may take notes to help you remember the evidence.  If you do take notes, please

5   keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let

6   note-taking distract you from being attentive.  When you leave court for recesses, your notes should be

7   left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.

8      Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are

9   only to assist your memory.  You should not be overly influenced by your notes or those of your fellow

10  jurors.

11

12                                **Authority**

13  NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.10.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JURY INSTRUCTION NO. 11

OUTLINE OF TRIAL

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.11.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# JURY INSTRUCTION NO. 12

## QUESTIONS TO WITNESSES BY JURORS DURING TRIAL

### ~~Option 1~~

Only the lawyers and I are allowed to ask questions of witnesses.  A juror is not permitted to ask questions of witnesses.  [*Specific reasons for not allowing jurors to ask questions may be explained.*]  If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

### ~~Option 2~~

~~When attorneys have finished their examination of a witness, you may ask questions of the witness.  [*Describe procedure to be used.*]  If the rules of evidence do not permit a particular question, I will advise you.  After your questions, if any, the attorneys may ask additional questions.~~

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.14 (Option 1).

JURY INSTRUCTION NO. 13

BENCH CONFERENCES AND RECESSES

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.16.

1   **INSTRUCTIONS DURING THE COURSE OF TRIAL [AS APPLICABLE]**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

JURY INSTRUCTION NO. 14

2

CAUTIONARY INSTRUCTION

3

4 **At the End of Each Day of the Case:**

5     As I indicated before this trial started, you as jurors will decide this case based solely on the

6 evidence presented in this courtroom.  This means that after you leave here for the night, you must not

7 conduct any independent research about this case, the matters in the case, the legal issues in the case, or

8 the individuals or other entities involved in the case.  This is important for the same reasons that jurors

9 have long been instructed to limit their exposure to traditional forms of media information such as

10 television and newspapers.  You also must not communicate with anyone, in any way, about this case.

11 And you must ignore any information about the case that you might see while browsing the Internet or

12 your social media feeds.

13 **At the Beginning of Each Day of the Case:**

14     As I reminded you yesterday and continue to emphasize to you today, it is important that you

15 decide this case based solely on the evidence and the law presented here.  So you must not learn any

16 additional information about the case from sources outside the courtroom.  To ensure fairness to all

17 parties in this trial, I will now ask each of you whether you have learned about or shared any information

18 about this case outside of this courtroom, even if it was accidental.

19

20     [ALTERNATIVE 1 (in open court): if you think that you might have done so, please let me know

21     now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would

22     prefer to talk to the court privately in response to this question, please notify a member of the

23     court's staff at the next break. Thank you for your careful adherence to my instructions.]

24     [ALTERNATIVE 2 (during voir dire with each juror, individually): Have you learned about or

25     shared any information about this case outside of this courtroom? . . . Thank you for your careful

26     adherence to my instructions.]

27                              **Authority**

28 NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 2.1.

JOINT PROPOSED JURY INSTRUCTIONS
CR 20-00266 JST                         25

1

2

JURY INSTRUCTION NO. 15 **[if applicable]**

STIPULATED TESTIMONY

3

4

5

The parties have agreed what [*name of witness*]'s testimony would be if called as a witness.  You should consider that testimony in the same way as if it had been given here in court.

6

7

**Authority**

8

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) No. 2.2.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

JURY INSTRUCTION NO. 16 **[if applicable]**

2

STIPULATIONS OF FACT

3

4       The parties have agreed to certain facts that have been stated to you.  Those facts are now

5   conclusively established.

6

7   **Authority**

8   Ninth Circuit Model Jury Instruction (2022) No. 2.3.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JURY INSTRUCTION NO. 17 [**if applicable**]

JUDICIAL NOTICE

I have decided to accept as proved the fact that [*insert fact noticed*], even though no evidence was presented on this point [,] [because this fact is of such common knowledge].  You may accept this fact as true, but you are not required to do so.

**Authority**

Ninth Circuit Model Jury Instruction (2022) No. 2.4.

1

<u>JURY INSTRUCTION NO. 18</u> **[if applicable]**

2

OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT

3

4        You [[are about to hear] [have heard] testimony] [[are about to see] [have seen] evidence] that

5    the defendant [summarize other act evidence].  This evidence of other acts [was] [will be] admitted only

6    for [a] limited purpose[s].  You may consider this evidence only for the purpose of deciding whether the

7    defendant:

8            [had the state of mind, knowledge, or intent necessary to commit the crime<u>s</u> charged in the

9            <u>I</u>ndictment;]

10                or

11           [had a motive or the opportunity to commit the acts charged in the <u>I</u>ndictment;]

12                or

13           [was preparing or planning to commit the acts charged in the <u>I</u>ndictment;]

14                or

15           [acted with a method of operation as evidenced by a unique pattern [describe pattern];]

16                or

17           [did not commit the acts for which the defendant is on trial by accident or mistake;]

18                or

19           [is the person who committed the crime charged in the <u>I</u>ndictment.  You may consider this

20           evidence to help you decide [describe how the evidence will be used to prove identity];]

21                or

22           [describe other purpose for which other act evidence was admitted.]

23           Do not consider this evidence for any other purpose.

24           Of course, it is for you to determine whether you believe this evidence and, if you do believe it,

25    whether you accept it for the purpose offered.  You may give it such weight as you feel it deserves, but

26    only for the limited purpose that I described to you.

27           The defendant is not on trial for committing these other acts.  You may not consider the evidence

28    of these other acts as a substitute for proof that the defendant committed the ~~crime[s]~~ <u>crimes</u> charged.

**JOINT PROPOSED JURY INSTRUCTIONS**

You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes.  Specifically, you may not use this evidence to conclude that because the defendant may have committed the other act[s], ~~[he]~~ ~~[she]~~ must also have committed the ~~act[s]~~ acts charged in the Indictment.

Remember that the defendant is on trial here only for ~~[state charges]~~ the specific charges in the Indictment, in particular <u>Bank Fraud, Making False Statements to a Financial Institution, two types of Wire Fraud, and Money Laundering</u>, not for these other acts.  Do not return a guilty verdict unless the government proves the crime[s] charged in the Indictment beyond a reasonable doubt.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 2.10.

1

<u>JURY INSTRUCTION NO. 19</u> [**if applicable**]

2

EVIDENCE FOR A LIMITED PURPOSE

3

       You are about to hear evidence that [describe evidence to be received for limited purpose].    I

4

instruct you that this evidence is admitted only for the limited purpose of [describe purpose] and,

5

therefore, you must consider it only for that limited purpose and not for any other purpose.

6

7

**Authority**

8

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO.  2.12.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JURY INSTRUCTION NO. 20 [**if applicable**]

DEFENDANT'S PREVIOUS TRIAL

You have heard evidence that the defendant has been tried before. Keep in mind, however, that you must decide this case solely on the evidence presented to you in this trial. You are not to consider the fact of a previous trial in deciding this case.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 2.16.

JURY INSTRUCTION NO. 21 **[if applicable]**

OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT

You have heard evidence that the defendant committed other [crimes] [wrongs] [acts] not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident] and for no other purpose.  [You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.]

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 3.3.

1

2

3

JURY INSTRUCTION NO. 22

OPINION EVIDENCE, EXPERT WITNESS

4

5

6

You [have heard] [are about to hear] testimony from <u>Gerald T. Fujimoto</u> who [testified] [will testify] about [his] [her] opinions and the reasons for those opinions.  This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

7

8

9

10

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

11

12

**Authority**

13

Ninth Circuit Model Jury Instruction (2022) No. 3.14.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JURY INSTRUCTION NO. 23 **[if applicable]**

CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE

     During the trial, certain charts and summaries were shown to you to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) No. 3.16.

JURY INSTRUCTION NO. 24 **[if applicable]**

CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE

Certain charts and summaries have been admitted into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 3.17.

1   **INSTRUCTIONS AT THE CLOSE OF TRIAL (JURY DELIBERATIONS)**

1

2

3

## JURY INSTRUCTION NO. 25

### DUTIES OF THE JURY TO FIND FACTS AND FOLLOW THE LAW

4   Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on

5   the law that applies to this case.  A copy of these instructions will be available in the jury room for you

6   to consult.

7   It is your duty to weigh and to evaluate all the evidence received in the case and, in that process,

8   to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them,

9   whether you agree with the law or not.  You must decide the case solely on the evidence and the law.

10   You will recall that you took an oath promising to do so at the beginning of the case.  You should also

11   not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation,

12   gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by

13   personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious

14   biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject

15   but may be expressed without conscious awareness, control, or intention.

16   You must follow all these instructions and not single out some and ignore others; they are all

17   important.  Please do not read into these instructions or into anything I may have said or done any

18   suggestion as to what verdict you should return—that is a matter entirely up to you.

19

20   **Authority**

21   Ninth Circuit Model Jury Instruction (2022) No. 6.1.

22

23

24

25

26

27

28

1

JURY INSTRUCTION NO. 26

2

PRESUMPTION OF INNOCENCE – BURDEN OF PROOF

3

4
      The ~~indictment~~ Indictment is not evidence.  The defendant has pleaded not guilty to the

5
~~charge[s].~~ charges. The defendant is presumed to be innocent unless and until the government proves the

6
defendant guilty beyond a reasonable doubt.   In addition, the defendant does not have to testify or

7
present any evidence.  The defendant does not have to prove innocence; the government has the burden

8
of proving every element of the ~~charge[s]~~ charges beyond a reasonable doubt.

9

10
                       **Authority**

11
NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.2.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>JURY INSTRUCTION NO. 27</u> [**if applicable**]

2

DEFENDANT'S DECISION NOT TO TESTIFY

3

4      A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict,

5 the law prohibits you from considering in any manner that the defendant did not testify.

6

7                                **Authority**

8 NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) No. 6.3.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JURY INSTRUCTION NO. 28 [**if applicable**]

DEFENDANT'S DECISION TO TESTIFY

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) No. 6.4.

JURY INSTRUCTION NO. 29

REASONABLE DOUBT – DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) No. 6.5.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JURY INSTRUCTION NO. 30

WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness; [and]

Second, the exhibits received in evidence[.] [; and]

[Third, any facts to which the parties have agreed.] stipulated.

**Authority**

Ninth Circuit Model Jury Instruction (2022) No. 6.6.

1

2

3

JURY INSTRUCTION NO. 31

WHAT IS NOT EVIDENCE

4

5

6

In reaching your verdict you may consider only the testimony received, the parties' agreed-upon stipulations, and exhibits ~~received in~~ placed in evidence.  The following things are not evidence, and you may not consider them in deciding what the facts are:

7

8

9

10

11

12

13

1.  Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments, and [have said] at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

14

15

16

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

17

18

3.  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

19

20

**Authority**

21

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.7.

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JURY INSTRUCTION NO. 32

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw, heard, or did.  Circumstantial evidence is indirect evidence; that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.8.

1

2

3

<u>JURY INSTRUCTION NO. 33</u>

CREDIBILITY OF WITNESSES

4      In deciding the facts in this case, you may have to decide which testimony to believe and which

5  testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

6      In considering the testimony of any witness, you may take into account the following:

7      First, the opportunity and ability of the witness to see or hear or know the things testified to;

8      Second, the witness's memory;

9      Third, the witness's manner while testifying;

10     Fourth, the witness's interest in the outcome of the case, if any;

11     Fifth, the witness's bias or prejudice, if any;

12     Sixth, whether other evidence contradicted the witness's testimony;

13     Seventh, the reasonableness of the witness's testimony in light of all the evidence; and,

14     Eighth, any other factors that bear on believability.

15     Sometimes a witness may say something that is not consistent with something else he or she

16  said.  Sometimes different witnesses will give different versions of what happened. People often forget

17  things or make mistakes in what they remember.  Also, two people may see the same event but

18  remember it differently.  You may consider these differences, but do not decide that testimony is untrue

19  just because it differs from other testimony.

20     However, if you decide that a witness has deliberately testified untruthfully about something

21  important, you may choose not to believe anything that witness said.  On the other hand, if you think the

22  witness testified untruthfully about some things but told the truth about others, you may accept the part

23  you think is true and ignore the rest.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

JOINT PROPOSED JURY INSTRUCTIONS
CR 20-00266 JST                                46

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.9.

JURY INSTRUCTION NO. 34

ACTIVITIES NOT CHARGED

You are here only to determine whether the defendant is guilty or not guilty of the ~~charge[s]~~ charges in the ~~indictment~~ Indictment.  The defendant is not on trial for any conduct or offense not charged in the ~~indictment~~ Indictment.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.10.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JURY INSTRUCTION NO. 35

SEPARATE CONSIDERATION OF MULTIPLE COUNTS – SINGLE DEFENDANT

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

**Authority**

Ninth Circuit Model Jury Instruction (2022) No. 6.11.

JURY INSTRUCTION NO. 36

IN OR ABOUT AND ON OR ABOUT – DEFINED

The ~~indictment~~ Indictment charges that the ~~offense~~ offenses alleged ~~[in Count _____]~~ ~~was~~ were committed "in or about" or "on or about" ~~a~~ certain date~~s~~.  Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in ~~[Count _____]~~ the ~~indictment~~ Indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) No. 6.18.

JURY INSTRUCTION NO. 37

COUNT THREE: BANK FRAUD (18 U.S.C. § 1344(1) AND (2))

The defendant is charged in [Count Three] of the Indictment with bank fraud in violation of Section 1344 of Title 18 of the United States Code. Because there are two distinct methods by which this crime can be committed, in order for the defendant to be found guilty of that charge, the government must prove beyond a reasonable doubt each of the elements in Method A, or Method B, or both.

**Method A**

First, the defendant knowingly executed a scheme to defraud Silicon Valley Bank, a financial institution, as to a material matter;

Second, the defendant acted with the intent to defraud Silicon Valley Bank ~~the financial institution~~, that is, with the intent to deceive and cheat; and

Third, ~~the financial institution~~ Silicon Valley Bank was insured by the Federal Deposit Insurance Corporation.

A "scheme to defraud" means any deliberate plan of action or course of conduct by which someone intends to deceive and cheat, in other words to deprive the victim of money or property by means of deception. It is not necessary for the government to prove that a financial institution was the only or sole victim of the scheme to defraud. It is also not necessary for the government to prove that the defendant was actually successful in defrauding any financial institution. Finally, it is not necessary for the government to prove that any financial institution lost any money or property as a result of the scheme to defraud.

**Method B**

First, the defendant knowingly carried out a scheme or plan to obtain money or property from Silicon Valley Bank, a financial institution, by making false statements or promises;

Second, the defendant knew that the statements or promises were false;

Third, the statements or promises were material; that is, they had a natural tendency to influence,

1 || or were capable of influencing, a financial institution to part with money or property;

2 ||       Fourth, the defendant acted with the intent to defraud Silicon Valley Bank ~~the financial~~

3 || ~~institution~~, that is, with the intent to deceive and cheat; and

4 ||       Fifth, ~~the financial institution~~ Silicon Valley Bank was insured by the Federal Deposit Insurance

5 || Corporation.

6 ||       An act is done "knowingly" for this charge if the defendant is aware of the act and does not act

7 || (or fail to act) through ignorance, mistake, or accident.  The government is not required to prove that the

8 || defendant knew that his acts or omissions were unlawful.  You may consider evidence of the

9 || defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the

10 || defendant acted knowingly.

11 ||      A "scheme to defraud" means any deliberate plan of action or course of conduct by which

12 || someone intends to deceive and cheat, in other words to deprive the victim of money or property by

13 || means of deception.  It is not necessary for the government to prove that a financial institution was the

14 || only or sole victim of the scheme to defraud.  It is also not necessary for the government to prove that

15 || the defendant was actually successful in defrauding any financial institution.  Finally, it is not necessary

16 || for the government to prove that any financial institution lost any money or property as a result of the

17 || scheme to defraud.

18 ||      ~~An "intent to defraud" means to act willfully and with the specific intent to deceive and cheat.~~

19 ||

20 || **Authority**

21 || NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NOS. 4.8, 4.13, 15.36, 15.39; *United States v. Miller*,

22 || 953 F.3d 1095, 1101 (9th Cir. 2020); 18 U.S.C. §§ 20(1).

23 ||

24 ||

25 ||

26 ||

27 ||

28 ||

JURY INSTRUCTION NO. 38

COUNT FOUR: FALSE STATEMENTS TO A FINANCIAL INSTITUTION (18 U.S.C. § 1014)

The defendant is charged in ~~[Count _____ of]~~ Count Four of the Indictment with making false statements to a federally insured financial institution, Silicon Valley Bank, for the purpose of influencing Silicon Valley Bank in violation of Section 1014 of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made a false statement or report to a ~~federally insured~~ financial institution insured by the Federal Deposit Insurance Corporation ("FDIC"), specifically, Silicon Valley Bank;

Second, the defendant made the false statement or report to Silicon Valley Bank knowing it was false, with all of you agreeing as to the specific false statement or report; and

Third, the defendant did so for the purpose of influencing in any way the action of Silicon Valley Bank.

It is not necessary, however, to prove that Silicon Valley Bank was, in fact, influenced or misled, or that Silicon Valley Bank was exposed to a risk of loss.  What must be proved is that the defendant intended to influence Silicon Valley Bank by the false statement.

An act is done "knowingly" for this charge if the defendant is aware of the act and does not act (or fail to act) through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NOS. 4.8, 15.41.

1    JURY INSTRUCTION NO. 39

2    COUNTS FIVE TO SEVEN: WIRE FRAUD WITHOUT OMISSIONS THEORY (18 U.S.C. § 1343)

3

4    The defendant is charged in [Counts Five to Seven of] the Indictment with wire fraud in violation

5    of Section 1343 of Title 18 of the United States Code.  For the defendant to be found guilty of that

6    charge, the government must prove each of the following elements beyond a reasonable doubt:

7    First, the defendant knowingly [participated in,] [devised,] [ and intended to devise] a scheme or

8    plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent

9    pretenses, representations, or promises. [, or omitted facts.] [Deceitful statements of half-truths may

10   constitute false or fraudulent representations];

11   Second, the statements made [or facts omitted] as part of the scheme were material; that is, they

12   had a natural tendency to influence, or were capable of influencing, a person to part with money or

13   property;

14   Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

15   Fourth, the defendant used, or caused to be used, an interstate [or foreign] wire communication

16   to carry out or attempt to carry out an essential part of the scheme.

17   In determining whether a scheme to defraud exists, you may consider not only the defendant's

18   words and statements but also the circumstances in which they are used as a whole.

19   [To convict the defendant of wire fraud based on omission[s] of material fact[s], you must find

20   that the defendant had a duty to disclose the omitted fact[s] arising out of a relationship of trust.  That

21   duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which

22   one party acts for the benefit of another and induces the trusting party to relax the care and vigilance that

23   it would ordinarily exercise.]

24   An act is done "knowingly" for these charges if the defendant is aware of the act and does not act

25   (or fail to act) through ignorance, mistake, or accident.  The government is not required to prove that the

26   defendant knew that his acts or omissions were unlawful.  You may consider evidence of the

27   defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the

28   defendant acted knowingly.

JOINT PROPOSED JURY INSTRUCTIONS
CR 20-00266 JST                                    54

1    A wiring is caused when one knows that a wire will be used in the ordinary course of business or

2    when one can reasonably foresee such use.

3    It need not have been reasonably foreseeable to the defendant that the wire communication

4    would be interstate [or foreign] in nature.  Rather, it must have been reasonably foreseeable to the

5    defendant that some wire communication would occur in furtherance of the scheme, and an interstate [or

6    foreign] wire communication must have actually occurred in furtherance of the scheme.

7

8                                    **Authority**

9    NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NOS. 4.8, 4.13, 15.35.

1

JURY INSTRUCTION NO. 40

2

COUNTS EIGHT TO ELEVEN: MONEY LAUNDERING (18 U.S.C. § 1957)

3

4      The defendant is charged in [Counts Eight to Eleven of] the Indictment with money laundering

5  in violation of Section 1957 of Title 18 of the United States Code.  For the defendant to be found guilty

6  of that charge, the government must prove each of the following elements beyond a reasonable doubt:

7      First, the defendant knowingly engaged or attempted to engage in a monetary transaction;

8      Second, the defendant knew the transaction involved criminally derived property;

9      Third, the property had a value greater than $10,000;

10     Fourth, the property was, in fact, derived from the wire fraud scheme alleged in Counts Five to

11 Seven; and

12     Fifth, the transaction occurred [[in the [United States] [special maritime and territorial

13 jurisdiction of the United States]] [specify defendant's status which qualifies under 18 U.S.C. §

14 1957(d)(2)]].

15     The term "monetary transaction" means the [deposit, ][withdrawal, ][transfer, ][exchange], in

16 or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial

17 institution. [The term "monetary transaction" does not include any transaction necessary to preserve a

18 person's right to representation as guaranteed by the Sixth Amendment to the Constitution.

19     The term "financial institution" means, for these counts, a bank insured by the Federal Deposit

20 Insurance Corporation ("FDIC").

21     The term "criminally derived property" means any property constituting, or derived from, the

22 proceeds obtained from a criminal offense. The government must prove that the defendant knew that the

23 property involved in the monetary transaction constituted, or was derived from, proceeds obtained by

24 some criminal offense. The government does not have to prove that the defendant knew the precise

25 nature of that criminal offense, or knew the property involved in the transaction represented the proceeds

26 of the wire fraud scheme alleged in Counts Five to Seven.

27

28

1       Although the government must prove that, of the property at issue, more than $10,000 was

2   criminally derived, the government does not have to prove that all the property at issue was criminally

3   derived.

4

5                                          **Authority**

6   NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 18.7.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JURY INSTRUCTION NO. 41

COUNTS TWELVE TO TWENTY-THREE: WIRE FRAUD WITH OMISSIONS THEORY

(18 U.S.C. § 1343)


The defendant is charged in [Counts Twelve to Twenty-Three of] the Indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code.  These Counts are slightly different than the Wire Fraud Counts I explained to you for Counts Five to Seven.  For the defendant to be found guilty of one of these Wire Fraud charges, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly [participated in,] [devised,] [ and intended to devise] a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises [, or omitted facts.] [Deceitful statements of half-truths may constitute false or fraudulent representations];

Second, the statements made [or facts omitted] as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, an interstate [or foreign] wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements but also the circumstances in which they are used as a whole.

An act is done "knowingly" for these charges if the defendant is aware of the act and does not act (or fail to act) through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

[To convict the defendant of wire fraud based on omission[s] of material fact[s], you must find that the defendant had a duty to disclose the omitted fact[s] arising out of a relationship of trust.  That

1  duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which

2  one party acts for the benefit of another and induces the trusting party to relax the care and vigilance that

3  it would ordinarily exercise.]

4     A "fiduciary" duty exists whenever one entity places special trust and confidence in another

5  person—the fiduciary—in reliance that the fiduciary will exercise his discretion and expertise with the

6  utmost honesty and forthrightness in the interests of the entity, such that the entity relaxes the care and

7  vigilance that it would ordinarily exercise, and the fiduciary knowingly accepts that special trust and

8  confidence and thereafter undertakes to act on behalf of the other person based on such reliance.

9     The mere fact that a business relationship arises between two persons does not mean that either

10 owes a fiduciary duty to the other. If one person engages or employs another and thereafter directs,

11 supervises, or approves the other's actions, the person so employed is not necessarily a fiduciary.

12 Rather, as previously stated, it is only when one party places, and the other accepts, a special trust and

13 confidence—usually involving the exercise of professional expertise and discretion—that a fiduciary

14 relationship exists.

15    A wiring is caused when one knows that a wire will be used in the ordinary course of business or

16 when one can reasonably foresee such use.

17    It need not have been reasonably foreseeable to the defendant that the wire communication

18 would be interstate [or foreign] in nature.  Rather, it must have been reasonably foreseeable to the

19 defendant that some wire communication would occur in furtherance of the scheme, and an interstate [or

20 foreign] wire communication must have actually occurred in furtherance of the scheme.

21

22                                    **Authority**

23 NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NOS. 4.8, 4.13, 15.34, 15.35.

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JURY INSTRUCTION NO. 42

AIDING AND ABETTING

A defendant may be found guilty of the ~~crime(s)~~ crimes charged even if the defendant did not personally commit the ~~act(s)~~ acts constituting the crime if the defendant willfully caused an act to be done that if directly performed by him would be an offense against the United States.  A defendant who puts in motion or causes the commission of an indispensable element of the offense may be found guilty as if he had committed this element himself.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 4.2.

JURY INSTRUCTION NO. 43

DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your [presiding juror] [foreperson] who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.19

JOINT PROPOSED JURY INSTRUCTIONS

JURY INSTRUCTION NO. 44

CONSIDERATION OF THE EVIDENCE – CONDUCT OF THE JURY

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.  Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings , and a mistrial could result that would require the entire

/ / /

/ / /

/ / /

/ / /

1   trial process to start over].  If any juror is exposed to any outside information, please notify the court

2   immediately.

3

4                                              **Authority**

5   NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.20.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>JURY INSTRUCTION NO. 45</u>

USE OF NOTES


     Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.21.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JURY INSTRUCTION NO. 46

JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.22.

JURY INSTRUCTION NO. 47

VERDICT FORM

A verdict form has been prepared for you.  [*Explain verdict form as needed.*]  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.23.

JURY INSTRUCTION NO. 48

COMMUNICATION WITH COURT


If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], Courtroom Deputy, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.24.

1

**INSTRUCTION AFTER DISCHARGE**

JURY INSTRUCTION NO. 49

POST-DISCHARGE INSTRUCTION

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings.  Now that the case is over, you are free to discuss it with any person you choose.  By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

[If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.]

[Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.]

[Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me, and I will assist.]

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.31