THOMAS A. COLTHURST (CABN 99493)
Attorney for the United States
Acting under Authority Conferred by 28 U.S.C. § 515

MATTHEW M. YELOVICH (NYBN 4897013)
Acting Deputy Chief, Criminal Division

BENJAMIN K. KLEINMAN (NYBN 5358189)
KYLE F. WALDINGER (CABN 298752)
NICHOLAS J. WALSH (CABN 314290)
Assistant United States Attorneys

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-7200
   Fax: (415) 436-7234
   Email: benjamin.kleinman2@usdoj.gov
   Email: kyle.waldinger@usdoj.gov
   Email: nicholas.walsh@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 20-CR-00266 JST |
| Plaintiff, | PARTIES' NOTICE REGARDING DEFENDANT'S OBJECTIONS TO TRIAL EXHIBITS 525 TO 596 |
| v. | |
| MICHAEL BRENT ROTHENBERG, a/k/a MIKE ROTHENBERG, | |
| Defendant. | |

On October 5, 2023, at the conclusion of trial testimony for the day, the Court ordered the defendant to review and state any objections to Trial Exhibits 525 to 590 enumerated in the United States' Amended Exhibit List. Dkt. 276. The Court ordered the parties to summarize any objections in table format indicating the basis of the defendant's objection and to submit that annotated table to the Court by 4:00 p.m. on October 6, 2023.

Pursuant to the Court's Order, the parties attach hereto the requested table as Exhibit 1. The United States has added additional Exhibits 591 to 596, which are also addressed by the table.

DATED: October 6, 2023

Respectfully submitted,

THOMAS A. COLTHURST
Attorney for the United States
pursuant to 28 U.S.C. § 515

_____/s/_____
BENJAMIN K. KLEINMAN
KYLE F. WALDINGER
NICHOLAS J. WALSH
Assistant United States Attorneys

_____/s/_____
HANNI M. FAKHOURY
NATHANIEL J. TORRES
Attorneys for Defendant Michael Rothenberg

# **EXHIBIT 1**

Exhibit 1: Trial Exhibit Objections

| EXHIBIT NO. | DESCRIPTION | GOVERNMENT'S ASSERTED BASIS FOR ADMISSION OR USE | DEFENSE OBJECTION |
|---|---|---|---|
| 525 | Chart showing amounts invested in each fund by outside investors, the amount invested by the funds, distributions to investors, and funds fair market value | This exhibit will be used only to refresh a witness's recollection, if at all. | Assuming it is authenticated and meets the requirements of FRE 1006, the defense objects to the spreadsheet being admitted into evidence; this is an inadmissible "pedagogical device;" *United States v. Anekwu*, 695 F.3d 967, 981 (9th Cir. 2012) ("we do not approve of receiving summary exhibits of material already in evidence.") (quotation and citation omitted); *United States v. Wood*, 943 F.2d 1048, 1053 (9th Cir. 1991) ("pedagogical devices should be used only as a testimonial aid, and should not be admitted into evidence or otherwise be used by the jury during deliberations."). The defense understands tha the United States is not currently seeking to admit this exhibit. |
| 528 | Email for trip to China for August 19, 2015 | This email is a business record of Rothenberg Ventures Management Company. It involves internal business discussions regarding RVMC's business activities. | Hearsay: no statement by Mr. Rothenberg so not a party opponent admission under 801(d)(2); emails sent amongst employees not necessarily a business record; *United States v. Daneshvar*, 925 F.3d 766, 777 (6th Cir. 2019). |

| EXHIBIT NO. | DESCRIPTION | GOVERNMENT'S ASSERTED BASIS FOR ADMISSION OR USE | DEFENSE OBJECTION |
|---|---|---|---|
| 532 | Email from Burke Robinson to Mike Rothenberg and Tommy Leep - 6/3/15 | While the government believes that this is a business record, it no longer anticipates seeking to admit this exhibit. | Hearsay: The defense agrees that Mr. Rothenberg's statement is admissible but Burke Robinson's response is not a party opponent admission under 801(d)(2) and thus inadmissible; the email from Burke Robinson is not a business record, *United States v. Daneshvar*, 925 F.3d 766, 777 (6th Cir. 2019). |

| EXHIBIT NO. | DESCRIPTION | GOVERNMENT'S ASSERTED BASIS FOR ADMISSION OR USE | DEFENSE OBJECTION |
|---|---|---|---|
| 562 | 7/21/2015 to 8/6/2015 email chain involving Mike Rothenberg, Lynne McMillan, and John Dzida | This email is a business record of the Bank of San Francisco. It is supported by a certification of a custodian of records. The email chain arose out of the defendant's attempt to secure a commercial loan from the Bank of San Francisco to purchase the building where RVMC was located.<br><br>In addition to being a business record, this exhibit contains statements of the defendant in emails and so is admissible as containing the statements of a party-opponent. The statements in the email chain made by other individuals are not being offered for the truth of the matter asserted, but rather to explain the defendant's statements. The emails in pages 1-2 are admissible because they show that the defendant did not respond to the various statements from the bank representative noting various "red flags." That fact is relevant because other evidence will show that, shortly after this email chain, the defendant withdrew all of Rothenberg Ventures' funds from the Bank of San Francisco and pursued a commercial loan from a "hard money" lender. | The first two pages contain no statement by Mr. Rothenberg so not a party opponent admission under 801(d)(2); emails sent amongst employees not necessarily a business record; *United States v. Daneshvar*, 925 F.3d 766, 777 (6th Cir. 2019); the defense is not opposed to the admission of pages 3-10 since they have Mr. Rothenberg's statements in them. |

| EXHIBIT NO. | DESCRIPTION | GOVERNMENT'S ASSERTED BASIS FOR ADMISSION OR USE | DEFENSE OBJECTION |
|---|---|---|---|
| 563 | 7/20/2015 draft email by Lynne McMillan | This exhibit will be used only (1) to refresh a witness's recollection; (2) to establish a past recollection recorded; or (3) to demonstrate a prior consistent statement. | Hearsay; *see Clark v. City of Los Angeles*, 650 F.2d 1033 (9th Cir. 1981) (diary entries offered by non-adverse party was inadmissible as a business record because it was "not made to be used in [the] business," was "not prepared in the regular course of a business activity, nor was it used in the routine operation of the business or agency" and was "replete with instances of hearsay and multiple hearsay and non-expert opinion which is not independently admissible") . |
| 564 | 12/13/2015 draft email by Lynne McMillan | This exhibit will be used only, if needed and if appropriate, (1) to refresh a witness's recollection; (2) to establish a past recollection recorded; or (3) to demonstrate a prior consistent statement. | Hearsay; *see Clark v. City of Los Angeles*, 650 F.2d 1033 (9th Cir. 1981) (diary entries offered by non-adverse party was inadmissible as a business record because it was "not made to be used in [the] business," was "not prepared in the regular course of a business activity, nor was it used in the routine operation of the business or agency" and was "replete with instances of hearsay and multiple hearsay and non-expert opinion which is not independently admissible") . |

| EXHIBIT NO. | DESCRIPTION | GOVERNMENT'S ASSERTED BASIS FOR ADMISSION OR USE | DEFENSE OBJECTION |
|---|---|---|---|
| 565 | 12/17/2015 draft email by Lynne McMillan | This exhibit will be used only, if needed and if appropriate, (1) to refresh a witness's recollection; (2) to establish a past recollection recorded; or (3) to demonstrate a prior consistent statement. | Hearsay; *see Clark v. City of Los Angeles*, 650 F.2d 1033 (9th Cir. 1981) (diary entries offered by non-adverse party was inadmissible as a business record because it was "not made to be used in [the] business," was "not prepared in the regular course of a business activity, nor was it used in the routine operation of the business or agency" and was "replete with instances of hearsay and multiple hearsay and non-expert opinion which is not independently admissible") . |
| 566 | 12/27/2015 draft email by Lynne McMillan | This exhibit will be used only, if needed and if appropriate, (1) to refresh a witness's recollection; (2) to establish a past recollection recorded; or (3) to demonstrate a prior consistent statement. | Hearsay; *see Clark v. City of Los Angeles*, 650 F.2d 1033 (9th Cir. 1981) (diary entries offered by non-adverse party was inadmissible as a business record because it was "not made to be used in [the] business," was "not prepared in the regular course of a business activity, nor was it used in the routine operation of the business or agency" and was "replete with instances of hearsay and multiple hearsay and non-expert opinion which is not independently admissible") . |

| EXHIBIT NO. | DESCRIPTION | GOVERNMENT'S ASSERTED BASIS FOR ADMISSION OR USE | DEFENSE OBJECTION |
|---|---|---|---|
| 567 | 9/29/2015 email from Lynne McMillan to Mike Rothenberg re: "Bend Reality/RV Mgmt Co Allocation for Sept", attaching "September Bend Reality Allocation.xlsx" spreadsheet | This will be offered as a business record of Rothenberg Ventures Management Company. | Hearsay; no statement by Mr. Rothenberg so not a party opponent admission under 801(d)(2); emails sent amongst employees not necessarily a business record; *United States v. Daneshvar*, 925 F.3d 766, 777 (6th Cir. 2019). |
| 575 | 2/22/2016 email from Lynne McMillan to Tom Leep re: "2/29 Payroll Notes", attaching Excel spreadsheet | This will be offered as a business record of Rothenberg Ventures Management Company. | Hearsay; no statement by Mr. Rothenberg so not a party opponent admission under 801(d)(2); emails sent amongst employees not necessarily a business record; *United States v. Daneshvar*, 925 F.3d 766, 777 (6th Cir. 2019). |
| 583 | 5/28/2015 article from Mike Rothenberg to Brandon Farwell re: "Quick few questions - please respond", forwarding email correspondence with Adam Satariano at Bloomberg | This is admissible as a business record of RVMC because it is an email from Rothenberg to another RVMC employee.<br><br>The email also contains numerous statements by the defendant. Although the Bloomberg article is currently excluded, there has been tesitmony and will be testimony about Rothenberg'sreaction to the article and these statments are relevant to his intent and state of mind. Rothenberg also makes various statements about his business. | Irrelevant and FRE 403: court has excluded the content of the Bloomberg article (Exh. 374) in its prior in lims rulings (Dkt. 266 at 4). |

| EXHIBIT NO. | DESCRIPTION | GOVERNMENT'S ASSERTED BASIS FOR ADMISSION OR USE | DEFENSE OBJECTION |
|---|---|---|---|
| 587 | 12/17/2015 to 12/21/2015 email chain involving Tom Leep, Lynne McMillan, Mike Rothenberg, and Neil Devani re: "Transfer of Supan Shares", attaching "151215 Fund II Balances.xlsx" spreadsheet | This is admissible as a business record of RVMC. It discusses various aspects of Rothenberg's business, including how much cash was available to distribute in the Fund II. This issue is relevant to this case because that cash that was available to distributed to investors in Fund II was used in December 2015 to fund the account collateralizing RVMC's line of credit from SVB. | Hearsay: no statement by Mr. Rothenberg so not a party opponent admission under 801(d)(2); emails sent amongst employees not necessarily a business record; *United States v. Daneshvar*, 925 F.3d 766, 777 (6th Cir. 2019) |
| 588 | Tom Leep document titled "Operating Companies' Finances" | This exhibit will be used only, if needed and if appropriate, (1) to refresh a witness's recollection; (2) to establish a past recollection recorded; or (3) to demonstrate a prior consistent statement. | Hearsay; *see Clark v. City of Los Angeles*, 650 F.2d 1033 (9th Cir. 1981) (diary entries offered by non-adverse party was inadmissible as a business record because it was "not made to be used in [the] business," was "not prepared in the regular course of a business activity, nor was it used in the routine operation of the business or agency" and was "replete with instances of hearsay and multiple hearsay and non-expert opinion which is not independently admissible") |
| 589 | Super Bowl 50 email chain - Suite Experience Group | This is a business record of RVMC. It discusses the company's rental of a Super Bowl Suite in February 2016. | Hearsay: no statement by Mr. Rothenberg so not a party opponent admission under 801(d)(2); emails sent amongst employees not necessarily a business record; *United States v. Daneshvar*, 925 F.3d 766, 777 (6th Cir. 2019) |

Exhibit 1: Trial Exhibit Objections

| EXHIBIT NO. | DESCRIPTION | GOVERNMENT'S ASSERTED BASIS FOR ADMISSION OR USE | DEFENSE OBJECTION |
|---|---|---|---|
| 591 | 12/07/2015, 1:56pm email from Tommy Leep to Lynne McMillan, cc: Mike Rothenberg re: "Fwd: updated agreement", attached three pdfs re: Rose Bowl | The government will seek to admit this email as a business record. It is a communication between employees of RVMC regarding the expenditure of RVMC funds to purchase a suite at the Rose Bowl in January 2016.<br><br>This email is also admissible to show the defendant's knowledge of the cost of the event. | Hearsay; no statement by Mr. Rothenberg so not a party opponent admission under 801(d)(2); emails sent amongst employees not necessarily a business record; *United States v. Daneshvar*, 925 F.3d 766, 777 (6th Cir. 2019). |
| 592 | 12/07/2015, 2:35pm email from Lynne McMillan to Mike Rothenberg re: "updated agreement" | The government will seek to admit this email as a business record. It is a communication between employees of RVMC regarding the expenditure of RVMC funds to purchase a suite at the Rose Bowl in January 2016.<br><br>This email is also admissible to show the defendant's knowledge of the cost of the event and his knowledge that there may not be insufficient funds to pay for the event. | Hearsay; no statement by Mr. Rothenberg so not a party opponent admission under 801(d)(2); emails sent amongst employees not necessarily a business record; *United States v. Daneshvar*, 925 F.3d 766, 777 (6th Cir. 2019). |