MOEEL LAH FAKHOURY LLP
Hanni M. Fakhoury (State Bar No. 252629)
1300 Clay Street, Suite 600
Oakland, CA 94612
Telephone:   (510) 500-9994
Email:          hanni@mlf-llp.com

LAW OFFICE OF NATHANIEL J. TORRES (State Bar No. 253968)
338 Fillmore Street, #4
San Francisco, CA 94117
Telephone:   (415) 290-6290
Email:          nathanieltorres3131@gmail.com

Attorneys for Michael Rothenberg

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 4:20-CR-00266-JST |
| Plaintiff, | **DEFENDANT'S MOTION IN LIMINE TO EXCLUDE REFERENCES TO TRIP TO MEXICO** |
| v. | |
| MICHAEL ROTHENBERG, | **Hearing Date:**   October 10, 2023 |
| Defendant. | **Hearing Time:**   8:00 a.m. |

Defendant Michael Rothenberg moves this Court for an order excluding references to a purported trip to Mexico mentioned by the government in its opening statement.

On October 5, 2023, in its opening statement, the government told jurors that "the evidence in this case is going to show that Mr. Rothenberg resorted to lying to his investors in order to get them to give him money to pay for all of his spending." Reporter's Transcript ("RT") Vol. 3 at 526:9-12. It continued that Mr. Rothenberg "spent too much money on everything" and "held far too many fancy events." *Id.* at 526:21-22. It proceeded to list several alleged expenses, specifically referencing the cost of hiring people to work at Rothenberg Ventures, a sponsored race car team, and tickets for sporting events. *Id.* at 527:1-528:9. But one specific example stood out amongst the others: the

1  government's claim that Mr. Rothenberg "took about ten women, including his girlfriend, down to
2  Cabo San Lucas." *Id.* at 527:6-7.

3      The government elaborated to defense counsel after court that it anticipates soliciting this
4  testimony from witness Savanah Leggett, a former Rothenberg Ventures Management Company
5  employee and one of the two witnesses added to the government's amended witness list filed on
6  October 2, 2023. *Compare* Dkt. 257 *with* Dkt. 276. As of this filing, the government has not marked
7  any exhibits concerning this trip, and has not yet produced any interview report documenting its
8  interview with Ms. Leggett. The allegation has never been raised in any of the government pretrial
9  filings in this case, or referenced in the SEC case that preceded the criminal case.

10     Mr. Rothenberg respectfully requests this Court exclude any testimony concerning this trip.

11     First, the evidence is irrelevant. Thus far, the government has not provided any evidence that
12 this trip was labelled a Rothenberg Ventures event rather than a personal trip, or that allegedly
13 misappropriated money was used to pay for this trip.

14     Second, the evidence is inadmissible bad character evidence under Federal Rule of Evidence
15 404(a). The "government may not, under Rule 404(a), prove that the defendant is a bad person,
16 simply to show that in all likelihood he acted criminally on the occasion at issue." *United States v.*
17 *Martinez*, 182 F.3d 1107, 1111 (9th Cir. 1999). The salacious connotations that Mr. Rothenberg took
18 ten women to Mexico is different than the other acts referenced by the government in its opening
19 statement concerning sporting events, sponsorship of a racing car team and hiring decisions made by
20 Rothenberg Ventures. The only purpose of the evidence is to reinforce the theme that Mr. Rothenberg
21 was a sleazy "party animal" as the government told the jury, a reference to the *Bloomberg* article
22 titled "The Valley's Party Animal" the Court already ruled was inadmissible at trial and had to be
23 "address[ed]…outside of the presence of the jury" before evidence about the article could be
24 admitted. *See* RT Vol. 3 at 528:13 (government stating in opening that spending "made Mr.
25 Rothenberg Silicon Valley's party animal"); *see also* Dkt. 266 at 4 (granting defense motion *in limine*
26 #2); Dkt. 248-2, Defendant's Motions *in Limine,* Exh. A, May 28, 2015 *Bloomberg* article, "The
27 Valley's Party Animal."

28

Finally, any probative value of this evidence is outweighed by the danger of unfair prejudice and should be excluded under Rule 403. Again, as explained above, the trip and the salacious connotations associated with it are different in kind than the other allegations concerning spending made by the government in this case. "[R]eferences to specific purchases or details" that are unconnected to the alleged scheme to defraud are inadmissible. *United States v. Holmes*, 2021 WL 2044470, *5 (N.D. Cal. May 22, 2021) (ruling government "may introduce evidence that Holmes enjoyed a lifestyle as Theranos CEO that is comparable to those of other tech company CEOs. This includes salary, travel, celebrity, and other perks and benefits commensurate with the position. However, references to specific purchases or details reflecting branding of clothing, hotels, or other personal items is not relevant, and the prejudicial effect of that evidence outweighs any probative value."). Moreover, the evidence is cumulative of other evidence concerning Mr. Rothenberg's spending that the jury had already heard about and will continue to hear about during the trial.

Evidence concerning this trip should thus be excluded.

Dated:   October 8, 2023                                Respectfully submitted,

                                                        Hanni M. Fakhoury
                                                        Nathaniel J. Torres
                                                        Attorneys for Michael Rothenberg