UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 20-cr-00266-JST-1 |
|---|---|
| Plaintiff, | |
| v. | **ORDER RE: TRIAL EXHIBITS** |
| MICHAEL BRENT ROTHENBERG, | Re: ECF No. 282 |
| Defendant. | |

The Court now rules as follows on the objections to trial exhibits submitted by the parties on October 6, 2023, ECF No. 282:

| Exh. No. | Description | Objection | Ruling |
|---|---|---|---|
| 525 | Chart showing amounts invested in each fund by outside investors, the amount invested by the funds, distributions to investors, and funds fair market value | "Pedagogical evidence" | No ruling necessary in light of government's representation that it will use this document solely to refresh recollection |
| 528 | Email dated August 19, 2015 from Katie Fanelli to multiple persons concerning trip to China | Hearsay | "Under the *Deepwater Horizon* [*In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on Apr. 20, 2010*, No. MDL 2179, 2012 WL 85447 (E.D. La. Jan. 11, 2012)] framework, an email is an admissible business record only if: (1) it was sent or received contemporaneously with the event(s) described in the email; (2) it was sent by someone with knowledge of the event(s) documented in the email; (3) it was sent or received in the course of a regular business activity; (4) |

| Exh. No. | Description | Objection | Ruling |
|---|---|---|---|
| | | | it is 'the producing defendant's regular practice to send or receive emails that record the type of event(s) documented in the email[;]' and (5) a custodian or qualified witness attests that these conditions have been fulfilled." *Mays v. United Ass'n Loc. 290 Apprenticeship & Journeymen Training Tr. Fund*, 407 F. Supp. 3d 1121, 1142 (D. Or. 2019) (citing *Rogers v. Oregon Trail Elec. Consumers Co-op., Inc.*, No. 3:10-CV-1337-AC, 2012 WL 1635127, at *9 (D. Or. May 8, 2012)).<br><br>Assuming a witness authenticates this email, it satisfies the *Deepwater Horizon* criteria set forth above. The objection is overruled. |
| 532 | Email dated June 3, 2015 from Burke Robinson to Mike Rothenberg and Tommy Leep | Hearsay | No ruling necessary in light of government's representation that it does not seek to admit this exhibit |
| 562 | Email chain dated July 21, 2015 to August 6, 2015 among Mike Rothenberg, Lynne McMillan, and John Dzida | Hearsay; objection to pages 1-2 only | It appears this document is being offered to show that the statements in question were made. "If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay." Fed. R. Evid. 801 advisory committee's note to 1972 amendment; *see also United States v. Anfield*, 539 F.2d 674, 678 (9th Cir. 1976) ("The hearsay rule does not operate to render inadmissible every statement repeated by a witness as made by another person. It does not exclude evidence offered to prove the fact that a statement was made, rather than the truth.").<br><br>The document is also a business record.<br><br>The objection is overruled. |

| Exh. No. | Description | Objection | Ruling |
|---|---|---|---|
| 563 | Draft email from Lynne McMillan dated July 20, 2015 | Hearsay | No ruling necessary in light of government's representation that it will use this document solely to (1) refresh a witness's recollection; (2) establish a past recollection recorded; or (3) demonstrate a prior consistent statement. |
| 564 | Draft email from Lynne McMillan dated December 13, 2015 | Hearsay | No ruling necessary in light of government's representation that it will use this document solely to (1) refresh a witness's recollection; (2) establish a past recollection recorded; or (3) demonstrate a prior consistent statement. |
| 565 | Draft email from Lynne McMillan dated December 17, 2015 | Hearsay | No ruling necessary in light of government's representation that it will use this document solely to (1) refresh a witness's recollection; (2) establish a past recollection recorded; or (3) demonstrate a prior consistent statement. |
| 566 | Draft email Lynne McMillan dated December 27, 2015 | Hearsay | No ruling necessary in light of government's representation that it will use this document solely to (1) refresh a witness's recollection; (2) establish a past recollection recorded; or (3) demonstrate a prior consistent statement. |
| 567 | Email dated September 29, 2015 from Lynne McMillan to Mike Rothenberg re: "Bend Reality/RV Mgmt Co Allocation for Sept", attaching "September Bend Reality Allocation.xlsx" spreadsheet | Hearsay | This document is a business record of Rothenberg Ventures Management Company. The objection is overruled. |
| 575 | Email dated February 22, 2016 from Lynne McMillan to Tom Leep re: "2/29 Payroll Notes," attaching Excel spreadsheet | Hearsay | This document is a business record of Rothenberg Ventures Management Company. The objection is overruled. |
| 583 | Email dated May 28, 2015 from Mike Rothenberg to Brandon Farwell re: "Quick few | Fed R. Evid. 402, 403; violates the | Most of the statements in this document were made by the defendant and therefore are not |

| Exh. No. | Description | Objection | Ruling |
|---|---|---|---|
|  | questions – please respond," forwarding email correspondence with Adam Satariano at Bloomberg | Court's in limine ruling | hearsay. Fed. R. Evid. 801(d)(2); *United States v. Grogg*, 312 F. App'x 889, 890 (9th Cir. 2009).<br><br>None of the balance of the statements is being offered for the truth of the matter asserted.<br><br>The objection is overruled. |
| 587 | Email chain dated December 17, 2015 to December 21, 2015 among Tom Leep, Lynne McMillan, Mike Rothenberg, and Neil Devani re: "Transfer of Supan Shares," attaching "151215 Fund II Balances.xlsx" spreadsheet | Hearsay | This document is a business record of Rothenberg Ventures Management Company. The objection is overruled. |
| 588 | Tom Leep document titled "Operating Companies' Finances" |  | No ruling necessary in light of government's representation that it will use this document solely to (1) refresh a witness's recollection; (2) establish a past recollection recorded; or (3) demonstrate a prior consistent statement. |
| 589 | Super Bowl 50 email chain – Suite Experience Group | Hearsay | This document is a business record of Rothenberg Ventures Management Company. The objection is overruled. |
| 591 | Email dated December 7, 2015 from Tommy Leep to Lynne McMillan, cc: Mike Rothenberg re: "Fwd: updated agreement," attached three pdfs re: Rose Bowl | Hearsay | This document is a business record of Rothenberg Ventures Management Company. The objection is overruled. |
| 592 | Email dated December 7, 2015 from Lynne McMillan to Mike Rothenberg re: "updated agreement" | Hearsay | This document is a business record of Rothenberg Ventures Management Company. The objection is overruled. |

**IT IS SO ORDERED.**

Dated: October 9, 2023



_____
JON S. TIGAR
United States District Judge

4