UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL BRENT ROTHENBERG,

Defendant.

Case No. 20-cr-00266-JST-1

**JURY INSTRUCTIONS**

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 1

### DUTIES OF THE JURY TO FIND FACTS AND FOLLOW THE LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

JURY INSTRUCTION NO. 2

PRESUMPTION OF INNOCENCE—BURDEN OF PROOF

The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.   In addition, the defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

United States District Court
Northern District of California

JURY INSTRUCTION NO. 3

DEFENDANT'S DECISION TO TESTIFY

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

## JURY INSTRUCTION NO. 4

### REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 5

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits received in evidence; and

Third, any facts to which the parties have agreed or stipulated.

## JURY INSTRUCTION NO. 6

### WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony received, the parties' agreed-upon stipulations, and exhibits placed in evidence.  The following things are not evidence, and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

United States District Court
Northern District of California

JURY INSTRUCTION NO. 7

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw, heard, or did.  Circumstantial evidence is indirect evidence; that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## JURY INSTRUCTION NO. 8

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and,

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

/ / /

/ / /

/ / /

United States District Court
Northern District of California

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 9

### OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from Gerald T. Fujimoto who testified about his opinions and the reasons for those opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

United States District Court
Northern District of California

JURY INSTRUCTION NO. 10

CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE


During the trial, certain charts and summaries were shown to you to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

## JURY INSTRUCTION NO. 11

### ACTIVITIES NOT CHARGED

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

United States District Court
Northern District of California

JURY INSTRUCTION NO. 12

SEPARATE CONSIDERATION OF MULTIPLE COUNTS— SINGLE DEFENDANT


A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

## JURY INSTRUCTION NO. 13

### IN OR ABOUT AND ON OR ABOUT—DEFINED

The indictment charges that the offenses alleged were committed "in or about" or "on or about" certain dates. Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

JURY INSTRUCTION NO. 14

COUNT THREE: BANK FRAUD (18 U.S.C. § 1344(1) AND (2))

The defendant is charged in Count Three of the indictment with bank fraud in violation of Section 1344 of Title 18 of the United States Code.  Because there are two distinct methods by which this crime can be committed, in order for the defendant to be found guilty of that charge, the government must prove beyond a reasonable doubt each of the elements in Method A, or Method B, or both.

Method A

First, the defendant knowingly executed a scheme to defraud Silicon Valley Bank, a financial institution, as to a material matter;

Second, the defendant acted with the intent to defraud Silicon Valley Bank, that is, with the intent to deceive and cheat; and

Third, Silicon Valley Bank was insured by the Federal Deposit Insurance Corporation.

A "scheme to defraud" means any deliberate plan of action or course of conduct by which someone intends to deceive and cheat, in other words to deprive the victim of money or property by means of deception.  It is not necessary for the government to prove that a financial institution was the only or sole victim of the scheme to defraud.  It is also not necessary for the government to prove that the defendant was actually successful in defrauding any financial institution.  Finally, it is not necessary for the government to prove that any financial institution lost any money or property as a result of the scheme to defraud.

Method B

First, the defendant knowingly carried out a scheme or plan to obtain money or property from Silicon Valley Bank, a financial institution, by making false statements or promises;

Second, the defendant knew that the statements or promises were false;

Third, the statements or promises were material; that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property;

Fourth, the defendant acted with the intent to defraud Silicon Valley Bank, that is, with the

1  intent to deceive and cheat; and

2        Fifth, Silicon Valley Bank was insured by the Federal Deposit Insurance Corporation.

3        An act is done "knowingly" for this charge if the defendant is aware of the act and does not

4  act (or fail to act) through ignorance, mistake, or accident.  The government is not required to

5  prove that the defendant knew that his acts or omissions were unlawful.  You may consider

6  evidence of the defendant's words, acts, or omissions, along with all the other evidence, in

7  deciding whether the defendant acted knowingly.

8        A "scheme to defraud" means any deliberate plan of action or course of conduct by which

9  someone intends to deceive and cheat, in other words to deprive the victim of money or property

10  by means of deception.  It is not necessary for the government to prove that a financial institution

11  was the only or sole victim of the scheme to defraud.  It is also not necessary for the government

12  to prove that the defendant was actually successful in defrauding any financial institution.  Finally,

13  it is not necessary for the government to prove that any financial institution lost any money or

14  property as a result of the scheme to defraud.

*United States District Court*
*Northern District of California*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JURY INSTRUCTION NO. 15

COUNT FOUR: FALSE STATEMENTS TO A FINANCIAL INSTITUTION (18 U.S.C. § 1014)

The defendant is charged in Count Four of the indictment with making false statements to a federally insured financial institution, Silicon Valley Bank, for the purpose of influencing Silicon Valley Bank in violation of Section 1014 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made a false statement or report to a financial institution insured by the Federal Deposit Insurance Corporation ("FDIC"), specifically, Silicon Valley Bank;

Second, the defendant made the false statement or report to Silicon Valley Bank knowing it was false, with all of you agreeing as to the specific false statement or report; and

Third, the defendant did so for the purpose of influencing in any way the action of Silicon Valley Bank.

It is not necessary, however, to prove that Silicon Valley Bank was, in fact, influenced or misled, or that Silicon Valley Bank was exposed to a risk of loss. What must be proved is that the defendant intended to influence Silicon Valley Bank by the false statement.

An act is done "knowingly" for this charge if the defendant is aware of the act and does not act (or fail to act) through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JURY INSTRUCTION NO. 16

COUNTS FIVE TO SEVEN: WIRE FRAUD WITHOUT OMISSIONS THEORY

(18 U.S.C. § 1343)

The defendant is charged in Counts Five to Seven of the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in, devised, and intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises.  Deceitful statements of half-truths may constitute false or fraudulent representations;

Second, the statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

The government need not prove that the defendant caused the actual loss of money or property.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements but also the circumstances in which they are used as a whole.

An act is done "knowingly" for these charges if the defendant is aware of the act and does not act (or fail to act) through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

A wiring is caused when one knows that a wire will be used in the ordinary course of

business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate or foreign in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate or foreign wire communication must have actually occurred in furtherance of the scheme.

United States District Court
Northern District of California

JURY INSTRUCTION NO. 17

COUNTS EIGHT TO ELEVEN: MONEY LAUNDERING (18 U.S.C. § 1957)

The defendant is charged in Counts Eight to Eleven of the indictment with money laundering in violation of Section 1957 of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly engaged or attempted to engage in a monetary transaction;

Second, the defendant knew the transaction involved criminally derived property;

Third, the property had a value greater than $10,000;

Fourth, the property was, in fact, derived from the wire fraud scheme alleged in Counts Five to Seven; and

Fifth, the transaction occurred in the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer, exchange, in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "financial institution" means, for these counts, a bank insured by the Federal Deposit Insurance Corporation ("FDIC").

The term "criminally derived property" means any property constituting, or derived from, the proceeds obtained from a criminal offense.  The government must prove that the defendant knew that the property involved in the monetary transaction constituted, or was derived from, proceeds obtained by some criminal offense.  The government does not have to prove that the defendant knew the precise nature of that criminal offense, or knew the property involved in the transaction represented the proceeds of the wire fraud scheme alleged in Counts Five to Seven.

Although the government must prove that, of the property at issue, more than $10,000 was criminally derived, the government does not have to prove that all the property at issue was criminally derived.

21

1

United States District Court
Northern District of California

JURY INSTRUCTION NO. 18

COUNTS TWELVE TO TWENTY-THREE: WIRE FRAUD WITH OMISSIONS THEORY

(18 U.S.C. § 1343)

The defendant is charged in Counts Twelve to Twenty-Three of the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code.  These Counts are slightly different than the wire fraud Counts I explained to you for Counts Five to Seven.  For the defendant to be found guilty of one of these wire fraud charges, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in, devised, and intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or omitted facts.  Deceitful statements of half-truths may constitute false or fraudulent representations;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

The government need not prove that the defendant caused the actual loss of money or property.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements but also the circumstances in which they are used as a whole.

An act is done "knowingly" for these charges if the defendant is aware of the act and does not act (or fail to act) through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in

1   deciding whether the defendant acted knowingly.

2        To convict the defendant of wire fraud based on omissions of material facts, you must find

3   that the defendant had a duty to disclose the omitted facts arising out of a relationship of

4   trust.  That duty can arise either out of a formal fiduciary relationship, or an informal, trusting

5   relationship in which one party acts for the benefit of another and induces the trusting party to

6   relax the care and vigilance that it would ordinarily exercise.

7        A "fiduciary" duty exists whenever one entity places special trust and confidence in

8   another person—the fiduciary—in reliance that the fiduciary will exercise his discretion and

9   expertise with the utmost honesty and forthrightness in the interests of the entity, such that the

10  entity relaxes the care and vigilance that it would ordinarily exercise, and the fiduciary

11  knowingly accepts that special trust and confidence and thereafter undertakes to act on behalf of

12  the other person based on such reliance.

13       The mere fact that a business relationship arises between two persons does not mean that

14  either owes a fiduciary duty to the other.  If one person engages or employs another and

15  thereafter directs, supervises, or approves the other's actions, the person so employed is not

16  necessarily a fiduciary.  Rather, as previously stated, it is only when one party places, and the

17  other accepts, a special trust and confidence—usually involving the exercise of professional

18  expertise and discretion—that a fiduciary relationship exists.

19       A wiring is caused when one knows that a wire will be used in the ordinary course of

20  business or when one can reasonably foresee such use.

21       It need not have been reasonably foreseeable to the defendant that the wire communication

22  would be interstate or foreign in nature.  Rather, it must have been reasonably foreseeable to the

23  defendant that some wire communication would occur in furtherance of the scheme, and an

24  interstate or foreign wire communication must have actually occurred in furtherance of the

25  scheme.

26

27

28

23

## JURY INSTRUCTION NO. 19

### AIDING AND ABETTING

A defendant may be found guilty of the crimes charged even if the defendant did not personally commit the acts constituting the crime if the defendant willfully caused an act to be done that if directly performed by him would be an offense against the United States. A defendant who puts in motion or causes the commission of an indispensable element of the offense may be found guilty as if he had committed this element himself.

JURY INSTRUCTION NO. 20

BELIEF IN THE TRUTH OF A STATEMENT

You may determine whether the defendant had an honest, good faith belief in the truth of the specific misrepresentations alleged in the indictment in determining whether or not the defendant acted with intent to defraud.  However, a defendant's belief that the victim of the fraud will be paid in the future or will sustain no economic loss is no defense to the crimes charged in the indictment.

JURY INSTRUCTION NO. 21

SECURITIES AND EXCHANGE INVESTIGATION

You have heard testimony that the Securities and Exchange Commission ("SEC") conducted an inquiry into the finances of Rothenberg Ventures Management Company and/or one of more of the Rothenberg Funds.  This evidence was admitted solely as it pertains to Mr. Rothenberg's motive or intent and is to be considered by you solely for that purpose.  The fact that the SEC conducted an inquiry is not evidence that Mr. Rothenberg did any of the acts charged in the indictment.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### JURY INSTRUCTION NO. 22

#### WIRE FRAUD—ALLEGED VICTIM'S CONDUCT

An alleged victim's negligence or carelessness is not a defense to wire fraud.  You have heard evidence regarding investors' processes for deciding whether to invest money in one or more entities associated with Michael Rothenberg, including the Rothenberg Ventures Funds, River Studios, Bend Reality, and /or Frontier Tech.  You are to consider this evidence to the extent that it helps you determine whether Mr. Rothenberg made false or fraudulent statements, representations, or promises as part of a scheme or plan to defraud, as explained in the separate instruction regarding wire fraud.  You may also consider this evidence to the extent that it helps you determine whether the statements made as part of the alleged scheme were material; that is, whether they had a natural tendency to influence, or were capable of influencing, a person to part with money or property.  If you find that the government has proven the elements of wire fraud, then whether there were additional things the investors could have done to avoid being impacted by the alleged misstatements and/or omissions is irrelevant to your verdict.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

JURY INSTRUCTION NO. 23

BANK FRAUD AND FALSE STATEMENTS TO A FINANCIAL INSTITUTION—ALLEGED
VICTIM'S CONDUCT

An alleged victim's negligence or carelessness is not a defense to the crimes of bank fraud
or making false statements to a financial institution.  You have heard evidence regarding Silicon
Valley Bank's processes for deciding whether to lend money.  You are to consider this evidence to
the extent that it helps you determine whether Mr. Rothenberg made false or fraudulent
statements, representations, or promises.  You may also consider this evidence to the extent that it
helps you determine whether the statements were material; that is, whether they had a natural
tendency to influence, or were capable of influencing, a financial institution to part with money or
property.  If you find that the government has proven the elements of bank fraud, then whether
there were additional things Silicon Valley Bank could have done to avoid being impacted by the
alleged misstatements is irrelevant to your verdict.  Similarly, if you find that the government has
proven the elements of making false statements to a financial institution, then whether there were
additional things Silicon Valley Bank could have done to avoid being impacted by the alleged
misstatements is irrelevant to your verdict.

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 24

### DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your presiding juror who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

JURY INSTRUCTION NO. 25

CONSIDERATION OF THE EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 26

## USE OF NOTES

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

United States District Court
Northern District of California

JURY INSTRUCTION NO. 27

JURY CONSIDERATION OF PUNISHMENT


The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

## JURY INSTRUCTION NO. 28

### VERDICT FORM

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.

## JURY INSTRUCTION NO. 29

### COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

1

2

3

4

5

6

7

8

9 **PRELIMINARY INSTRUCTIONS**

10

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## JURY INSTRUCTION A

2

DUTY OF JURY

3

4      Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you

5   something about your duties as jurors and to give you some preliminary instructions.  At the end

6   of the trial, I will give you more detailed written instructions that will control your deliberations.

7      When you deliberate, it will be your duty to weigh and to evaluate all the evidence

8   received in the case and, in that process, to decide the facts.  To the facts as you find them, you

9   will apply the law as I give it to you, whether you agree with the law or not.  You must decide the

10   case solely on the evidence and the law before you.

11      Perform these duties fairly and impartially.  You should not be influenced by any person's

12   race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or

13   economic circumstances.  Also, do not allow yourself to be influenced by personal likes or

14   dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.

15   Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject

16   but may be expressed without conscious awareness, control, or intention.  Like conscious bias,

17   unconscious bias can affect how we evaluate information and make decisions.

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION B**

**THE CHARGES—PRESUMPTION OF INNOCENCE**

This is a criminal case brought by the United States government.  The government charges the defendant with bank fraud, false statements to a financial institution, wire fraud, and engaging in monetary transactions in property derived from the specified unlawful activity of wire fraud.  The charges against the defendant are contained in the indictment.  The indictment simply describes the charges the government brings against the defendant.  The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has the right to remain silent and never has to prove his innocence or present any evidence.

To help you follow the evidence, I will now give you a brief summary of the elements of the crimes that the government must prove to make its case.  Before I discuss these charges, I will note that, for reasons that do not concern you, the indictment starts with Charge Three, which is also sometimes referred to as Count Three, rather than Count or Charge One.  Do not speculate about why the indictment starts at Three.  The defendant is on trial only for the charges numbered Three through Twenty-Three.

Now, turning as I said I would to the alleged crimes in the indictment, the government has charged the defendant with twenty-one crimes in this trial, but many of them are the same crime applied to different specific alleged acts.  These twenty-one crimes can therefore be broken down into five types of specific charges.

The first type of crime is bank fraud.  The defendant is charged in Count Three with bank fraud.  As you have already heard in my brief description of the case, the bank in question is Silicon Valley Bank.  Because there are two distinct methods by which this crime can be committed, in order for the defendant to be found guilty of that charge, the government must prove beyond a reasonable doubt each of the elements in Method A, or Method B, or both.

37

United States District Court
Northern District of California

1   Method A requires the government to prove beyond a reasonable doubt:

2   First, the defendant knowingly executed a scheme to defraud Silicon Valley Bank, a

3   financial institution, as to a material matter;

4   Second, the defendant acted with the intent to defraud Silicon Valley Bank, that is, with

5   the intent to deceive and cheat; and

6   Third, Silicon Valley Bank was insured by the Federal Deposit Insurance Corporation.

7   Alternatively, the government may prove the defendant committed bank fraud by proving

8   beyond a reasonable doubt the elements of Method B:

9   First, the defendant knowingly carried out a scheme or plan to obtain money or property

10   from Silicon Valley Bank, a financial institution, by making false statements or promises;

11   Second, the defendant knew that the statements or promises were false;

12   Third, the statements or promises were material; that is, they had a natural tendency to

13   influence, or were capable of influencing, a financial institution to part with money or property;

14   Fourth, the defendant acted with the intent to defraud Silicon Valley Bank, that is, with the

15   intent to deceive and cheat; and

16   Fifth, Silicon Valley Bank was insured by the Federal Deposit Insurance Corporation.

17   The second type of crime alleged is making false statements to a financial institution.  The

18   defendant is charged in Count Four with making false statements to a financial institution.  To

19   prove that crime, the government must prove:

20   First, the defendant made a false statement or report to a financial institution insured by the

21   Federal Deposit Insurance Corporation ("FDIC"), specifically, Silicon Valley Bank;

22   Second, the defendant made the false statement or report to Silicon Valley Bank knowing

23   it was false, with all of you agreeing as to the specific false statement or report; and

24   Third, the defendant did so for the purpose of influencing in any way the action of Silicon

25   Valley Bank.

26   It is not necessary, however, to prove that Silicon Valley Bank was, in fact, influenced or

27   misled, or that Silicon Valley Bank was exposed to a risk of loss.  What must be proved is that the

28   defendant intended to influence Silicon Valley Bank by the false statement.

United States District Court
Northern District of California

38

United States District Court
Northern District of California

1   The third type of crime alleged is wire fraud.  The defendant is charged in Counts Five to

2   Seven with wire fraud.  To prove that crime, the government must prove:

3   First, the defendant knowingly participated in, devised, and intended to devise a scheme or

4   plan to defraud, or a scheme or plan for obtaining money or property by means of false or

5   fraudulent pretenses, representations, or promises.  Deceitful statements of half-truths may

6   constitute false or fraudulent representations;

7   Second, the statements made as part of the scheme were material; that is, they had a natural

8   tendency to influence, or were capable of influencing, a person to part with money or property;

9   Third, the defendant acted with the intent to defraud, that is, the intent to deceive and

10   cheat; and

11   Fourth, the defendant used, or caused to be used, an interstate or foreign wire

12   communication to carry out or attempt to carry out an essential part of the scheme.

13   In determining whether a scheme to defraud exists, you may consider not only the

14   defendant's words and statements but also the circumstances in which they are used as a whole.

15   The fourth type of crime alleged is money laundering.  The defendant is charged in Counts

16   Eight to Eleven with money laundering.  To prove that crime, the government must prove:

17   First, the defendant knowingly engaged or attempted to engage in a monetary transaction;

18   Second, the defendant knew the transaction involved criminally derived property;

19   Third, the property had a value greater than $10,000;

20   Fourth, the property was, in fact, derived from the wire fraud scheme alleged in Counts

21   Five to Seven; and

22   Fifth, the transaction occurred in the United States.

23   Finally, the fifth type of crime alleged is wire fraud, which you recall was also the third

24   type of crime I already described to you for Counts Five to Seven.  The defendant is charged in

25   Counts Twelve to Twenty-Three with wire fraud.  However, these last charges alleged in the

26   indictment differ slightly from those laid out in Counts Five to Seven.  To prove these charges, the

27   government must prove:

28   First, the defendant knowingly participated in, devised, and intended to devise a scheme or

1  plan to defraud, or a scheme or plan for obtaining money or property by means of false or

2  fraudulent pretenses, representations, or promises, or omitted facts.  Deceitful statements of half-

3  truths may constitute false or fraudulent representations;

4          Second, the statements made or facts omitted as part of the scheme were material; that is,

5  they had a natural tendency to influence, or were capable of influencing, a person to part with

6  money or property;

7          Third, the defendant acted with the intent to defraud, that is, the intent to deceive and

8  cheat; and

9          Fourth, the defendant used, or caused to be used, an interstate or foreign wire

10  communication to carry out or attempt to carry out an essential part of the scheme.

11          In determining whether a scheme to defraud exists, you may consider not only the

12  defendant's words and statements but also the circumstances in which they are used as a whole.

13          To convict the defendant of wire fraud based on omissions of material facts, you must find

14  that the defendant had a duty to disclose the omitted facts arising out of a relationship of

15  trust.  That duty can arise either out of a formal fiduciary relationship, or an informal, trusting

16  relationship in which one party acts for the benefit of another and induces the trusting party to

17  relax the care and vigilance that it would ordinarily exercise.

18          Now that I have explained the elements of the charges that the government must prove in

19  this case, I can turn to instructions regarding the evidence in the case.

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION C

### WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits that are received in evidence; and

Third, any facts to which the parties have agreed or stipulated.

# JURY INSTRUCTION D

## WHAT IS NOT EVIDENCE

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

First, statements and arguments of the attorneys;

Second, questions and objections of the attorneys;

Third, testimony that I instruct you to disregard; and

Fourth, anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

## JURY INSTRUCTION E

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## JURY INSTRUCTION F

## RULING ON OBJECTIONS

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered, or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

JURY INSTRUCTION G

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

JURY INSTRUCTION NO. H

CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter. In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or

1   investigation outside the courtroom, or gain any information through improper communications,

2   then your verdict may be influenced by inaccurate, incomplete or misleading information that has

3   not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial

4   jury, and if you decide the case based on information not presented in court, you will have denied

5   the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very

6   important that you follow these rules.

7          A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a

8   mistrial could result that would require the entire trial process to start over. If any juror is exposed

9   to any outside information, please notify the court immediately.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## JURY INSTRUCTION I

### NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.   I urge you to pay close attention to the testimony as it is given.

## JURY INSTRUCTION J

### TAKING NOTES

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

JURY INSTRUCTION K

OUTLINE OF TRIAL

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

## JURY INSTRUCTION L

### QUESTIONS TO WITNESSES BY JURORS DURING TRIAL

Only the lawyers and I are allowed to ask questions of witnesses.  A juror is not permitted to ask questions of witnesses.  If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

United States District Court
Northern District of California

## JURY INSTRUCTION M

### BENCH CONFERENCES AND RECESSES

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

## JURY INSTRUCTION N

### INSTRUCTION TO ALTERNATE JURORS

As alternate jurors, you are bound by the same rules that govern the conduct of the jurors who are sitting on the panel.  You will observe the same trial and should pay attention to all of my instructions just as if you were sitting on the panel.  Sometimes a juror needs to be excused during a trial for illness or some other reason.  If that happens, an alternate will be selected to take that juror's place.

United States District Court
Northern District of California