1

MOEL LAH FAKHOURY LLP
Hanni M. Fakhoury (State Bar No. 252629)
2006 Kala Bagai Way, Suite 16
Berkeley, CA 94704
Telephone:   (510) 500-9994
Email:        hanni@mlf-llp.com

2

3

4

5

LAW OFFICE OF NATHANIEL J. TORRES (State Bar No. 253968)
338 Fillmore Street, #4
San Francisco, CA 94117
Telephone:   (415) 290-6290
Email:        nathanieltorres3131@gmail.com

6

7

8

Attorneys for Michael Rothenberg

9

IN THE UNITED STATES DISTRICT COURT

10

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

OAKLAND DIVISION

12

13

UNITED STATES OF AMERICA,

**Case No.:** 4:20-CR-00266-JST

14

Plaintiff,

**DEFENDANT'S RENEWED RULE 29
MOTION FOR ACQUITTAL ON
COUNTS 3 AND 5-23 AND RULE 33
MOTION FOR NEW TRIAL**

15

v.

16

MICHAEL ROTHENBERG,

| | |
|---|---|
| **Court:** | Courtroom 6, 2nd Floor |
| **Hearing Date:** | May 17, 2024 |
| **Hearing Time:** | 9:30 a.m. |

17

Defendant.

18

19

**TO:  MATTHEW M. YELOVICH, UNITED STATES ATTORNEY UNDER 28 U.S.C. § 515;
KYLE F. WALDINGER, ASSISTANT UNITED STATES ATTORNEY;
NICHOLAS J. WALSH, ASSISTANT UNITED STATES ATTORNEY; AND
BENJAMIN K. KLEINMAN, ASSISTANT UNITED STATES ATTORNEY.**

20

21

22

PLEASE TAKE NOTICE that Defendant Michael Rothenberg hereby moves this Court for a

23

judgment of acquittal on Counts Three and Five through Twenty-Three of the Superseding

24

Indictment or, alternatively, for a new trial. This motion is based upon this memorandum of points

25

and authorities and accompanying exhibits, Federal Rules of Criminal Procedure 29 and 33, *United*

26

*States v. Milheiser*, ___ F.4th ___, 2024 WL 1517377 (9th Cir. 2024), and all other applicable

27

constitutional, statutory, and case authority, and all evidence and argument that may be presented at

28

the hearing of this motion, to be heard on May 17, 2024, at 9:30 a.m.

# **TABLE OF CONTENTS**

TABLE OF CONTENTS .............................................................................................................i

TABLE OF AUTHORITIES .....................................................................................................ii

INTRODUCTION ......................................................................................................................1

STATEMENT OF FACTS .........................................................................................................2

    A.    The line of credit with SVB. ..............................................................................2

    B.    The Pilot Grove, Unity and 2015 and 2016 Fund investors. ...........................3

    C.    The jury instructions and closing arguments. ...................................................3

    D.    The Ninth Circuit decides *Milheiser* after this Court denies post-verdict motions. .........5

ARGUMENT ..............................................................................................................................7

    A.    Following *Milheiser*, a judgment of acquittal must be entered on Counts 3 and 5-23. .....8

        1.    There was insufficient evidence that any purported statements to SVB in connection with the line of credit went to the "nature of the bargain." ................8

        2.    There was insufficient evidence that statements made to Pilot Grove, Unity and the 2015 and 2016 Fund investors went to the "nature of the bargain." ........10

    B.    Alternatively, under Rule 33 this Court should grant Mr. Rothenberg a new trial because the jury was given erroneous jury instructions .................................11

CONCLUSION ..........................................................................................................................12

DEFENDANT'S RENEWED RULE 29 MOTION FOR ACQUITTAL AND RULE 33 MOTION FOR NEW TRIAL
*United States v. Rothenberg*, 4:20-CR-00266-JST

i

# TABLE OF AUTHORITIES

## Cases

*Griffin v. United States*, 502 U.S. 46 (1991) ....................................................................... 10

*Jackson v. Virginia*, 443 U.S. 307 (1979) ............................................................................. 8

*Juan H. v. Allen*, 408 F.3d 1262 (9th Cir. 2005) ................................................................. 8

*Kelly v. United States*, ___ U.S. ___, 140 S. Ct. 1565 (2020) ............................................. 6

*Skilling v. United States*, 561 U.S. 358 (2010) ................................................................... 10

*United States v. A. Lanoy Alston, D.M.D., P.C.*, 974 F.2d 1206 (9th Cir. 1992) ............... 11

*United States v. Bruchhausen*, 977 F.2d 464 (9th Cir. 1992) ............................................. 9

*United States v. Guertin*, 67 F.4th 445 (D.C. Cir. 2023) ................................................... 10

*United States v. Kramer*, 5:16-CR-00322-EJD, 2020 WL 5408165 (N.D. Cal. Sep. 9, 2020) ........... 11

*United States v. LeVeque*, 283 F.3d 1098 (9th Cir. 2002) .................................................... 6

*United States v. Milheiser*, ___ F.4th ___, 2024 WL 1517377 (9th Cir. Apr. 9, 2024) ............... *passim*

*United States v. Miller*, 953 F.3d 1095 (9th Cir. 2020) ....................................................... 7

*United States v. Nevils*, 598 F.3d 1158 (9th Cir. 2010) (en banc) ....................................... 8

*United States v. Nukida*, 8 F.3d 665 (9th Cir. 1993) ........................................................... 8

*United States v. Wilkes*, 662 F.3d 524 (9th Cir. 2011) ....................................................... 11

*United States v. Yates*, 16 F.4th 256 (9th Cir. 2021) ................................................... 7, 8, 10

## Statutes

18 U.S.C. § 1343 ..................................................................................................................... 1

18 U.S.C. § 1344 ................................................................................................................. 1, 2

18 U.S.C. § 1957 ..................................................................................................................... 1

## Rules

Federal Rule of Criminal Procedure 29 ............................................................................ 1, 8

Federal Rule of Criminal Procedure 33 .......................................................................... 1, 11

## Ninth Circuit Manual of Model Criminal Jury Instructions

15.35 - Wire Fraud (18 U.S.C. § 1343) ............................................................................... 12

15.36 - Bank Fraud—Scheme to Defraud Bank (18 U.S.C. § 1344(1)) ................................ 12

DEFENDANT'S RENEWED RULE 29 MOTION FOR ACQUITTAL AND RULE 33 MOTION FOR NEW TRIAL
*United States v. Rothenberg*, 4:20-CR-00266-JST

ii

15.39 - Bank Fraud—Scheme to Defraud by False Promises (18 U.S.C. § 1344(2))...........................12

1

## <u>INTRODUCTION</u>

2        Pursuant to Federal Rules of Criminal Procedure 29 and 33, Michael Rothenberg again moves

3   this Court to enter a judgment of acquittal on Counts Three and Five through Twenty-Three of the

4   superseding indictment, or alternatively grant him a new trial. This motion follows the guilty verdict

5   returned by the jury on these counts on November 16, 2023, and the denial of previously filed Rule

6   29 and 33 motions by this Court on March 6 and 14, 2024. Dkt. 337, 339, 378, 380.

7        These renewed motions are based on the Ninth Circuit's intervening decision in *United States*

8   *v. Milheiser*, ___ F.4th ___, 2024 WL 1517377 (9th Cir. Apr. 9, 2024), issued after this Court denied

9   Mr. Rothenberg's previously filed motions. *Milheiser* provides new guidance on the definition of

10  "materiality" in the federal fraud statutes, and effectively ruled that the Ninth Circuit's model jury

11  instructions defining "materiality"—instructions given to the jury in Mr. Rothenberg's trial—are no

12  longer correct statements of the law.

13       As detailed below, following *Milheiser*, there was insufficient evidence to convict Mr.

14  Rothenberg of bank fraud (18 U.S.C. § 1344) and wire fraud (18 U.S.C. § 1343) based on the

15  evidence presented by the government at trial. This Court should thus enter a judgment of acquittal

16  on Counts Three and Five through Twenty-Three.[1]

17       Alternatively, a new trial is warranted because *Milheiser* effectively ruled that the Ninth

18  Circuit's model jury instruction defining "materiality" given to the jury in this case do not accurately

19  state the law.

20

21

22

23

---

24  [1] Counts 8-11 accused Mr. Rothenberg of money laundering, in violation of 18 U.S.C. § 1957. Dkt.

25  15 at ¶¶ 40-41. To convict, the government was required to prove beyond a reasonable doubt that the money "constitute[ed]" or was "derived from, the proceeds" of the wire fraud charged in Counts 5-7.

26  Dkt. 338, Final Jury Instruction No. 17; Tr. Vol. 23 at 4346:24-4347:1. Because, as described below, there was insufficient evidence of wire fraud to support a conviction in Counts 5-7, there necessarily was insufficient evidence of money laundering, and thus a judgment of acquittal must also be entered

27  on Counts 8-11. The same logic applies to the alternative request under Rule 33 for a new trial: since the jury instructions defining "materiality" for the wire fraud charged in Counts 5-7 were incorrect,

28  the convictions in Counts 8-11 for money laundering must also be vacated, and a new trial ordered on those Counts as well.

DEFENDANT'S RENEWED RULE 29 MOTION FOR ACQUITTAL AND RULE 33 MOTION FOR NEW TRIAL
*United States v. Rothenberg*, 4:20-CR-00266-JST

1

1
                                      **STATEMENT OF FACTS**[2]

2
        Mr. Rothenberg was charged in a 23-count superseding indictment, issued August 20, 2020,

3
with a variety of fraud offenses. Dkt. 15. Counts Three through Twenty-Three proceeded to a seven-

4
week jury trial held from October 3, 2023 to November 16, 2023. The government alleged four

5
different "schemes to defraud," concerning (1) an approximately $4 million line of credit issued by

6
Silicon Valley Bank ("SVB") in December 2015; (2) a $2 million investment by Pilot Grove

7
Management Company into River Studios in February 2016; (3) July 2016 investments into a co-

8
investment fund hoping to buy privately held, pre-IPO shares of Unity Software, Inc.; and (4)

9
investments made by certain investors into Rothenberg Ventures' ("RV") 2015 and 2016 Funds.

10
**A.**     **The line of credit with SVB.**

11
        Count 3 charged Mr. Rothenberg with bank fraud, in violation of 18 U.S.C. § 1344. As the

12
government summarized in its opposition to Mr. Rothenberg's first filed Rule 29 motion, it alleged

13
that Mr. Rothenberg "deceived [SVB] to obtain a $4 million loan by pledging as collateral $4.25

14
million made up of what he told the bank was available prepaid fees from investors in the 2015

15
Fund." Dkt. 371, United States' Opposition to Defendant's Rule 29(c) Motion for Judgment of

16
Acquittal on Counts 3-23 at 3. There was no dispute that $4.25 million was in fact deposited with

17
SVB as collateral for the line of credit.

18
        The government's theory was that Mr. Rothenberg "lied to the bank about (1) the amount of

19
funds raised by the 2015 Fund that would explain the existence of the cash collateral; and (2) the

20
source of the cash itself." *Id.* at 5. According to trial witness and former SVB banker Frank Amoroso,

21
the bank "would not have approved and underwritten the loan" if it "knew the fund size was not

22
$23.6 million, but rather $13 million" or "if the bank knew the source of the collateral came from the

23
2013 and 2014 Funds." *Id.* at 39. Ultimately, as Amoroso testified, SVB executed on the loan and

24
seized the cash in the collateral account. Tr. Vol. 6 at 1113:17-19. SVB thus suffered no loss.

25

26

27
                       ————————————

28
[2] Mr. Rothenberg incorporates by reference the statement of facts contained in his previously filed Rule 29 motion. *See* Dkt. 364, Defendant's Rule 29(c) Motion for Judgment of Acquittal at 4-11. What follows are specific facts relevant to the issues presented in this motion based on *Milheiser.*

DEFENDANT'S RENEWED RULE 29 MOTION FOR ACQUITTAL AND RULE 33 MOTION FOR NEW TRIAL
*United States v. Rothenberg,* 4:20-CR-00266-JST

2

**B.**   **The Pilot Grove, Unity and 2015 and 2016 Fund investors.**

For the remaining wire fraud counts, the government's theory was that Mr. Rothenberg made misstatements to various investors to obtain money.

With respect to Pilot Grove's $2 million investment into River Studios, the government alleged Mr. Rothenberg made two false statements. First, "He said that he had self-funded and fully owned, meaning owned it all, River Studios." Tr. Vol. 23 at 4405:21-23. Second, the government claimed Mr. Rothenberg "also lied when he said how the $2 million would be used." Tr. Vol. 23 at 4406:2-3.

Concerning the Unity investment, the government's premise was that Mr. Rothenberg "lied to the investors to obtain a total of $1.35 million" that "was used for other purposes." Tr. Vol. 23 at 4414:13-16. Every investor who provided money for the potential Unity deal had their money returned to them.

Finally, concerning the 2015 and 2016 Fund investors, the government claimed Mr. Rothenberg "consistently lied to them all and failed to tell them important facts about how their money would be used," including "that he was investing the 2015 and 2016 Fund investors' money into River Studios." Tr. Vol. 23 at 4424:21-23; *id.* at 4418:22-25. Like the potential Unity investors, the testifying 2015 and 2016 Fund investors explained to the jury they had made a return greater than their investment; in other words, these investors did not lose any money.

**C.**   **The jury instructions and closing arguments.**

At the close of evidence, the Court instructed the jury on the law. Relevant here were the instructions concerning the element of materiality.

For the crime of bank fraud, charged in Count 3, the Court instructed the jury with respect to Method A, in part, that "a 'scheme to defraud' means any deliberate plan of action or course of conduct by which someone intends to deceive and cheat, in other words to deprive the victim of money or property by means of deception." Dkt. 338, Final Jury Instruction No. 14; Tr. Vol. 23 at 4341:6-9. With respect to Method B, the Court instructed the jury, in part, that it had to find Mr. Rothenberg made false "statements or promises [that] were material; that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property." Dkt. 338, Final Jury Instruction No. 14; Tr. Vol. 23 at 4341:25-4342:3.

DEFENDANT'S RENEWED RULE 29 MOTION FOR ACQUITTAL AND RULE 33 MOTION FOR NEW TRIAL
*United States v. Rothenberg*, 4:20-CR-00266-JST

3

1   With respect to the wire fraud charges (Counts 5-7, 12-23), the Court instructed the jury in part

2   that it needed to find beyond a reasonable doubt that Mr. Rothenberg made false statements that

3   "were material: that is, they had a natural tendency to influence, or were capable of influencing, a

4   person to part with money or property." Dkt. 338, Final Jury Instruction Nos. 16, 18; Tr. Vol. 23 at

5   4344:23-4345:1; 4348:7-10.[3]

6   The Court also gave the jury an additional instruction, titled "wire fraud—alleged victim's

7   conduct" which stated, in part, that "evidence regarding investors' processes for deciding whether to

8   invest money" could be considered "to the extent that it helps you determine whether the statements

9   made as part of the alleged scheme were material; that is, whether they had a natural tendency to

10  influence, or were capable of influencing, a person to part with money or property." Dkt. 338, Final

11  Jury Instruction No. 22; Tr. Vol. 23 at 4351:14-4352:3. A similar instruction, with similar language,

12  was given concerning SVB, instructing the jury it could consider "evidence regarding Silicon Valley

13  Bank's processes for deciding whether to lend money" to help determine whether statements made by

14  Mr. Rothenberg "were material; that is, whether they had a natural tendency to influence, or were

15  capable of influencing, a financial institution to part with money or property." Dkt. 338, Final Jury

16  Instruction No. 23; Tr. Vol. 23 at 4352:12-21.

17  In its closing argument, the government told the jury "At its core…the fraud in this case [were]

18  the defendant's lies for money." Tr. Vol. 23 at 4360:15-16. Concerning the bank fraud charged in

19  Count 3, the government argued "materiality is one of the elements. Lying about the fund, is

20  significant? 'It would be very significant.' Frank Amoroso. 'For this amount, would you have

21  approved this specific loan if the fund size was 13.1 million?' 'No.' That's materiality right there. He

22  told you. No." Tr. Vol. 23 at 4396:13-19. It continued: "'If the source of the cash from the collateral

23  funds came from the 2013 and 2014 Funds,' and not the prefunded fees, 'would you have approved

24  this loan?' 'No.'" Tr. Vol. 23 at 4396:21-24.

25

26

27  [3] There were two separate instructions given for the wire fraud charges; Instruction 16 covered
    Counts 5-7, which involved Pilot Grove's investment into River Studios and which did not include an
28  omissions theory of fraud liability. Instruction 18 covered Counts 12-23, which involved the Unity
    and 2015 and 2016 Fund investors, and which did include an omissions theory of fraud liability.

DEFENDANT'S RENEWED RULE 29 MOTION FOR ACQUITTAL AND RULE 33 MOTION FOR NEW TRIAL
*United States v. Rothenberg*, 4:20-CR-00266-JST

4

As to the remaining counts concerning the Pilot Grove, Unity and 2015 and 2016 Fund investors, the government argued Mr. Rothenberg made false statements—and in some cases omitted facts—to investors about the ownership of various entities and the way investor money would be used. It argued investors testified "they would want to see that cap table," "want to know who the other owners are," and "told [the jury] I wouldn't invest, I would need to know…what are the controls?" Tr. Vol. 23 at 4410:1-10. It continued, "that's why we asked over and over again: Would you have invested if you knew that he was going to move the money to a company that he wholly owned, operated and controlled? No, absolutely not. There would be no controls. There would be a conflict." Tr. Vol. 23 at 4419:10-15.

After three days of deliberations, the jury returned a guilty verdict on November 16, 2023. Tr. Vol. 26 at 4569:8-4574:13; Dkt. 337, 339.

On January 12, 2024, Mr. Rothenberg filed a Rule 29 motion for a judgment of acquittal and a Rule 33 motion for new trial. Dkt. 364, 365. This Court denied the motion for new trial on March 6, 2024, and the motion for a judgment of acquittal on March 14, 2024. Dkt. 378, 380.

**D.    The Ninth Circuit decides _Milheiser_ after this Court denies post-verdict motions.**

On April 9, 2024, the Ninth Circuit issued its decision in _Milheiser_, ruling for the first time "that not just any lie that secures a sale constitutes fraud, and that the lie must instead go to the nature of the bargain." 2024 WL 1517377, at *7.

The defendants in _Milheiser_ owned and managed companies that sold printer toner. _Id._ at *2. The government accused the defendants of running a telemarketing fraud scheme that deceived customers into buying toner from their companies by falsely claiming to be representatives or employees from the customers' regular supplier of toner, or by falsely claiming that the price of toner was increasing but if they placed an order immediately, they could lock in a lower price. _Id._ at *2-3. At trial, there was no evidence the businesses did not receive the toner they ordered, or that the toner was defective. _Id._ at *3. Customers also testified at trial they would not have ordered with the defendant's companies "if they had realized they were not dealing with their regular supplier," or knew the "price of toner was not increasing." _Id._

At the close of the government's case, the defendants moved for a judgment of acquittal under Rule 29, arguing that "even if a misrepresentation causes someone to enter into a transaction she otherwise would not have entered, that alone is not sufficient to constitute mail fraud—rather, the misrepresentation must go to the heart of the bargain." *Id.* The district court denied the motion.

The defendants also proposed a jury instruction that "specifically would have required that the misrepresentation go to the nature of the bargain." *Id.* The government opposed, arguing that fraud "can be sustained based on a material misrepresentation that induces a victim to part with money, even though the misrepresentation concerns something other than price or quality." *Id.* at *4 (quotations omitted). Quoting a Ninth Circuit case, the government also argued that "[A]ny kind of false promise, statement, or representation can be 'material if it is made to induce action or reliance by another or has a natural tendency to influence or is capable of influencing another's decision.'" *Id.* (quoting *United States v. LeVeque*, 283 F.3d 1098, 1103-04 (9th Cir. 2002)). The district court agreed with the government, and instructed the jury it had to find "the statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property." *Milheiser*, 2024 WL 1517377, at *4.

In its closing argument, the government "defined mail fraud as making a misrepresentation that would be expected to and does cause a person to part with money." *Id.* It elaborated, "The heart of it is when you lie to somebody on an important fact that causes them to give you money, you have defrauded them. That is mail fraud in a nutshell…So it's a scheme that has to be material. That's just a lawyer word for it's important. It's important in the sense that it's something I would say to you that would cause you to part with money. Right? That's all it means." *Id.* The jury convicted the defendants on all counts; post-trial motions for a new trial or acquittal were denied by the district court. *Id.* at *5.

The Ninth Circuit reversed the convictions and remanded for a new trial, finding that "the government presented an overbroad theory of fraud to the jury." *Id.* The Ninth Circuit explained that the federal fraud statutes "prohibit[] only deceptive 'schemes to deprive the victim of money or property.'" *Id.* at *5 (quoting *Kelly v. United States*, ___ U.S. ___, 140 S. Ct. 1565, 1571 (2020)). It "rejected the notion that depriving an individual of accurate information alone constitutes fraud," and

DEFENDANT'S RENEWED RULE 29 MOTION FOR ACQUITTAL AND RULE 33 MOTION FOR NEW TRIAL
*United States v. Rothenberg*, 4:20-CR-00266-JST

6

that "the loss of 'the right to make an informed business decision' cannot constitute the loss of 'something of value.'" *Milheiser*, 2024 WL 1517377, at *5 (quoting *United States v. Yates*, 16 F.4th 256, 263 (9th Cir. 2021)). Furthermore, "even if misrepresentations result in money or property changing hands, they still may not necessarily constitute fraud." *Milheiser*, 2024 WL 1517377, at *6. Noting decisions from other Circuits, the Ninth Circuit concluded "not just any lie that secures a sale constitutes fraud, and that the lie must instead go to the nature of the bargain." *Id.* at *7 (citing cases). It elaborated that a "misrepresentation will go to the nature of the bargain if it goes to price or quality, or otherwise to essential aspects of the transaction, which "may depend on the specific transaction at issue." *Id.*

Turning to the facts, the Ninth Circuit believed the government presented an overbroad theory to the jury when it "argued that a conviction for mail fraud requires only that a defendant make a false statement that would be expected to and did cause someone to turn over money—not that the false statement went to the nature of the bargain." *Id.* It also found that "the jury instructions did not remedy the problem" because they "did not tell the jury that, to support a conviction for fraud, a false statement must directly or indirectly deceive the victim about the nature of the bargain." *Id.* It reversed the convictions and remanded for a new trial. *Id.* at *10.

## ARGUMENT

Following *Milheiser*, this Court should grant Mr. Rothenberg a judgment of acquittal on Counts 3 and 5-23 because there was insufficient evidence that any misrepresentations went to the "nature of the bargain."[4] Alternatively, a new trial should be granted because the jury instructions here, like the instructions in *Milheiser*, did not inform the jury that "to support a conviction for fraud, a false statement must directly or indirectly deceive the victim about the nature of the bargain." *Milheiser*, 2024 WL 1517377, at *10.

---

[4] Although *Milheiser* was interpreting the mail fraud statute, 18 U.S.C. § 1341, it noted "'the bank, mail, and wire fraud statutes all use highly similar language" and so it "reference[s] caselaw on federal bank, mail, and wire fraud interchangeably." *Milhiser*, 2024 WL 1517377, at *5, n. 4 (quoting *United States v. Miller*, 953 F.3d 1095, 1102 n. 7 (9th Cir. 2020)).

DEFENDANT'S RENEWED RULE 29 MOTION FOR ACQUITTAL AND RULE 33 MOTION FOR NEW TRIAL
*United States v. Rothenberg*, 4:20-CR-00266-JST

7

1

**A.  Following _Milheiser_, a judgment of acquittal must be entered on Counts 3 and 5-23.**

2      Federal Rule of Criminal Procedure 29 requires a trial court to enter a judgment of acquittal if

3   "the evidence is insufficient to sustain the conviction." Fed. R. Crim. P. 29(a). A court must enter a

4   judgment of acquittal if the evidence, viewed in the light most favorable to the government, would

5   not permit any rational trier of fact to conclude that the defendant was guilty beyond a reasonable

6   doubt. _Jackson v. Virginia_, 443 U.S. 307, 318–19 (1979). The Court may also enter a judgment of

7   acquittal "after a guilty verdict or after the court discharges the jury." Fed. R. Cim. P. 29(c)(1).

8      Rule 29 "is an important safeguard to the defendant" that "tests the sufficiency of the evidence

9   against him, and avoids the risk that a jury may capriciously find him guilty though there is no legally

10   sufficient evidence of his guilt." _United States v. Nukida_, 8 F.3d 665, 670 (9th Cir. 1993) (quotations

11   and citations omitted). "[E]vidence is insufficient to support a verdict where mere speculation, rather

12   than reasonable inference, supports the government's case." _United States v. Nevils_, 598 F.3d 1158,

13   1167 (9th Cir. 2010) (en banc). "A 'reasonable' inference is one that is supported by a chain of logic,

14   rather than…mere speculation dressed up in the guise of evidence." _Juan H. v. Allen_, 408 F.3d 1262,

15   1277 (9th Cir. 2005).

16      Here, following the Ninth Circuit's decision in _Milhiser_, a judgment of acquittal must be

17   entered on Counts 3 and 5-23.

18      **1.    There was insufficient evidence that any purported statements to SVB in
         connection with the line of credit went to the "nature of the bargain."**
19

20      The government's theory of fraud in connection with the line of credit with SVB suffer from

21   the same flaw as its theory of fraud in _Milheiser_: any statements by Mr. Rothenberg about the size of

22   the fund and the source of the collateral did not go to the "nature of the bargain" between RV and

23   SVB.[5] _Milheiser_ makes clear that "the right to accurate information or to make an informed business

24   decision does not constitute something of value under the federal criminal fraud statutes." 2024 WL

25   1517377, at *7 (citing _Yates_, 16 F.4th at 265). _Milheiser_ also explained "that deception does not

26

27   _____

28   [5] To be clear, and as explained in the first Rule 29 motion, Mr. Rothenberg continues to maintain
     there was insufficient evidence he knowingly made a false statement to SVB. _See_ Dkt. 364,
     Defendant's Rule 29(c) Motion for Judgment of Acquittal at 6-7.

DEFENDANT'S RENEWED RULE 29 MOTION FOR ACQUITTAL AND RULE 33 MOTION FOR NEW TRIAL
_United States v. Rothenberg_, 4:20-CR-00266-JST

8

1    amount to fraud simply because it results in money changing hands." 2024 WL 1517377, at \*7 (citing

2    *United States v. Bruchhausen*, 977 F.2d 464, 467-68 (9th Cir. 1992)).

3         The "nature of the bargain requirement properly excludes from liability cases in which a

4    defendant's misrepresentations about collateral matters may have led to the transaction but the buyer

5    still got the product that she expected at the price she expected." *Milheiser*, 2024 WL 1517377, at \*7.

6    That is the case here: the evidence presented at trial demonstrated that the "bargain" was SVB would

7    issue a line of credit provided \$4.25 million was placed in a collateral account. SVB got its bargain:

8    money was placed in a collateral account and so it extended a line of credit.

9         Even if the purported statements about the size of the fund or the source of the collateral were

10   important to SVB, that is not enough.[6] *Milheiser* rejected the government's argument that "when you

11   lie to somebody on an important fact that causes them to give you money, you have defrauded them."

12   *Id.* But that is exactly what the government told the jury here, arguing "materiality is one of the

13   elements. Lying about the fund, is significant? 'It would be very significant.' Frank Amoroso. 'For

14   this amount, would you have approved this specific loan if the fund size was 13.1 million?' 'No.'

15   That's materiality right there. He told you. No." Tr. Vol. 23 at 4396:13-19. *Milheiser* rejected that

16   argument, explaining "a false statement…which would be expected to and did cause people to part

17   with property…could *not* support a conviction for fraud." *Id.* at \*8 (citing *Bruchhausen*, 977 F.3d at

18   467-68) (emphasis in original).[7]

19        Following *Milheiser*, there was insufficient evidence here to support a conviction for bank

20   fraud, and a judgment of acquittal must be entered on Count 3.

21

22

23

---

24   [6] And again, as explained in the first Rule 29 motion, Mr. Rothenberg continues to maintain these
     statements were not "material" to the bank's decision making process in any event. *See* Dkt. 364,
25   Defendant's Rule 29(c) Motion for Judgment of Acquittal at 7-8.

26   [7] *Bruchhausen* involved a defendant convicted of fraud for telling manufacturers that technology he
     purchased would be used in the United States when it was actually exported to the Soviet Bloc. 977
27   F.2d at 466. In rejecting the government's theory of fraud, the Ninth Circuit noted "the manufacturers
     received the full sale price for their product" and so "clearly suffered no monetary loss." *Id.* at 467.
28   Similarly here, as Amoroso testified, the bank executed on the line of credit and seized the entire
     amount of collateral, and so did not suffer any loss. Tr. Vol. 6 at 1113:17-19.

DEFENDANT'S RENEWED RULE 29 MOTION FOR ACQUITTAL AND RULE 33 MOTION FOR NEW TRIAL
*United States v. Rothenberg*, 4:20-CR-00266-JST

9

**2.      There was insufficient evidence that statements made to Pilot Grove, Unity and the 2015 and 2016 Fund investors went to the "nature of the bargain."**

Like the bank fraud charged in Count 3, the wire fraud charged in Counts 5-7 and 12-23 are overbroad under *Milheiser* because statements made to solicit investments did not speak to the "nature of the bargain."

The government presented, effectively, two theories in connection with the Pilot Grove, Unity and 2015 and 2016 Fund investors: that Mr. Rothenberg made misrepresentations concerning (1) the ownership of River Studios and (2) how investors' money would be used. The first theory—concerning the ownership of River Studios—did not speak to the "nature of the bargain." Even if investors, as the government told the jury, "would want to see that cap table," "want to know who the other owners are," and "need to know…what are the controls?" that is not enough to support a fraud conviction. As explained in *Milheiser*, making a false statement that causes someone "'to engage in transactions it would otherwise avoid'" is not a violation of "'the mail or wire fraud statutes.'" *Milheiser*, 2024 WL 1517377, at *6 (quoting *United States v. Guertin*, 67 F.4th 445, 452 (D.C. Cir. 2023)).

The government's second theory—that there were misrepresentations made about how solicited funds would be used—might be closer to satisfying the "nature of the bargain" requirement. But the problem is that "a verdict that may be based on a legally invalid ground must ordinarily be set aside." *United States v. Christensen*, 828 F.3d 763, 788 (9th Cir. 2015) (citing *Griffin v. United States*, 502 U.S. 46, 58 (1991)); *see also* Yates, 16 F.4th at 269 ("The Supreme Court has held that 'constitutional error occurs' when a jury 'returns a general verdict that may rest on a legally invalid theory.'") (quoting *Skilling v. United States*, 561 U.S. 358, 414 (2010)).

Since the jury was not required to make a specific finding as to which of the two theories it was relying on when it convicted, the verdict may rest on a legally invalid theory. Thus, like Count 3 as explained above, Counts 5-23 must be set aside and a judgment of acquittal entered on those counts.

DEFENDANT'S RENEWED RULE 29 MOTION FOR ACQUITTAL AND RULE 33 MOTION FOR NEW TRIAL
*United States v. Rothenberg*, 4:20-CR-00266-JST

10

1    **B.    Alternatively, under Rule 33 this Court should grant Mr. Rothenberg a new trial because**
2         **the jury was given erroneous jury instructions.**

3         "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the

4    interest of justice so requires." Fed. R. Crim. P. 33(a). "A district court's power to grant a motion for

5    a new trial is much broader than its power to grant a motion for judgment of acquittal," and the

6    "district court need not view the evidence in the light most favorable to the verdict;" if it concludes

7    "that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence

8    preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have

9    occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by

10   another jury." *United States v. A. Lanoy Alston, D.M.D., P.C.*, 974 F.2d 1206, 1211–12 (9th Cir.

11   1992) (quotations and citations omitted).

12        "Any omission or misstatement of an element of an offense in the jury instructions is

13   constitutional error and, therefore, requires reversal." *United States v. Wilkes*, 662 F.3d 524, 544 (9th

14   Cir. 2011) (quotations and citations omitted). Thus, "a motion for new trial under Rule 33 may be

15   granted for failure to give proper jury instructions." *United States v. Kramer*, 5:16-CR-00322-EJD,

16   2020 WL 5408165, at *5 (N.D. Cal. Sep. 9, 2020).

17        Here, the jury instructions defined the element of "materiality" for bank fraud as a statement

18   that "had a natural tendency to influence, or were capable of influencing, a financial institution to part

19   with money or property." Dkt. 338, Final Jury Instruction 14; Tr. Vol. 23 at 4341:25-4342:3. For the

20   wire fraud counts, the jury instructions were similar, explaining the statements had to be "material:

21   that is, they had a natural tendency to influence, or were capable of influencing, a person to part with

22   money or property." Dkt. 338, Final Jury Instruction 16, 18; Tr. Vol. 23 at 4344:23-4345:1; 4348:7-

23   10.

24        This language, taken from the Ninth Circuit's model jury instructions, is identical to the

25   language given to the jury in *Milheiser*, which required the jury to find "the statements made as part

26   of the scheme were material; that is, they had a natural tendency to influence, or were capable of

27   influencing, a person to part with money or property." *Milheiser*, 2024 WL 1517377, at *4.[8] Despite

28   _____

[8] *See generally* Ninth Circuit Manual of Model Criminal Jury Instructions 15.35 (Wire Fraud (18

DEFENDANT'S RENEWED RULE 29 MOTION FOR ACQUITTAL AND RULE 33 MOTION FOR NEW TRIAL
*United States v. Rothenberg*, 4:20-CR-00266-JST

11

1   the fact this language came from the Ninth Circuit's own model jury instructions, the court in

2   *Milheiser* found the instruction problematic because they "did not tell the jury that, to support a

3   conviction for fraud, a false statement *must* directly or indirectly deceive the victim about the nature

4   of the bargain." *Id.* at *7 (emphasis added). It thus vacated the convictions and remanded for a new

5   trial.

6      The same should happen in this case. Because the jury instructions here misstated a crucial

7   element of the offense, a new trial with jury instructions that correctly explain that fraud requires a

8   false statement that deceives the victim about the "nature of the bargain" is necessary.

9                                          <u>**CONCLUSION**</u>

10     Mr. Rothenberg respectfully requests this Court grant him a judgment of acquittal on Counts 3

11  and 5-23 or, alternatively, grant him a new trial.

12

13      Dated:    April 19, 2024                        Respectfully submitted,

14                                                       MOEEL LAH FAKHOURY LLP

15

16

17                                                       Hanni M. Fakhoury
                                                         Nathaniel J. Torres
18                                                       Attorneys for Michael Rothenberg

19

20

21

22

23

24

25

26

27   ────────────────

28   U.S.C. § 1343)); 15.36 (Bank Fraud—Scheme to Defraud Bank (18 U.S.C. § 1344(1)); 15.39 (Bank
     Fraud—Scheme to Defraud by False Promises (18 U.S.C. § 1344(2))).

DEFENDANT'S RENEWED RULE 29 MOTION FOR ACQUITTAL AND RULE 33 MOTION FOR NEW TRIAL
*United States v. Rothenberg*, 4:20-CR-00266-JST

12