RAVI T. NARAYAN (CABN 331858)
Attorney for the United States,
Acting Under Authority Conferred by 28 U.S.C. § 515

BENJAMIN K. KLEINMAN (NYBN 5358189)
NICHOLAS J. WALSH (CABN 314290)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Email: benjamin.kleinman2@usdoj.gov
    Email: nicholas.walsh@usdoj.gov

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>   v.<br><br>MICHAEL BRENT ROTHENBERG,<br>    a/k/a MIKE ROTHENBERG,<br><br>    Defendant. | No. 20-CR-00266 JST<br><br>**UNITED STATES' OPPOSITION TO MOTION TO CONTINUE SENTENCING**<br><br>Hearing Date: November 8, 2024<br>Time: 9:30 a.m.. |

    The defendant Michael Rothenberg has filed a Motion to Continue Sentencing. Dkt. 407. In short, the United States opposes the motion, and it prefers that the sentencing hearing proceed on November 8, 2024.

    *As an initial matter*, the defendant has been aware since at least February 2024 that the government may argue that the defendant's offense level should be enhanced by multiple levels based on the amount of loss in this case. For example, on February 12, 2024, the defense received a copy of a letter sent by the government to the assigned Probation Officer. In that letter, the government informed the Probation Officer of its position that the defendant's offense level should be increased by 20 levels, based on a loss amount of more than $9.5 million. Then, on April 12, 2024, the Probation Office issued the Draft PSR in this case. The Draft PSR calculated a total loss of more than $20 million, and, accordingly, included a Guidelines enhancement of 20 levels. The Draft PSR made clear that the loss amount was based on losses allegedly suffered by Pilot Grove ($2 million) and by investors in

Rothenberg's annual Funds ($18+ million).  Accordingly, it has been clear for many months that issues of loss calculation would be important in the sentencing process.

*Second*, after discussions with defense counsel, closer review of Section 2B1.1 of the Guidelines, and a review of Ninth Circuit case law (including *United States v. Geringer*, 672 Fed. App'x 651 (9th Cir. 2016)), the United States concluded that the particular losses suffered by the annual Fund investors did not meet the definition of "loss" as defined in the Guidelines and as interpreted by the case law.  Accordingly, on August 23, 2024, the government informed the Probation Officer that it was withdrawing its request for a finding of loss with respect to the investors in the Rothenberg's annual Funds.  Accordingly, the only loss amount at issue in that suffered by Pilot Grove with respect to its $2 million investment in River Studios in February 2016.  Therefore, the disputed issues regarding loss amount are narrow and relate only to whether Pilot Grove suffered any losses.

*Third*, with respect to Pilot Grove, a large volume of discovery was already produced to the defendant during the course of this case about Pilot Grove and its losses.  To date, it is undisputed that the only thing that Pilot Grove has received for its investment in River Studios are "carry equity units" in the 2015 Fund denominated at $1.2 million, which the defendant Rothenberg provided to Pilot Grove in order to settle Pilot Grove's civil lawsuit.  *But no payments have been made to Pilot Grove* regarding these derivative instruments, nor has Rothenberg Ventures even made any commitment to honoring them.  The additional information submitted by way of declaration from an accounting firm employed by Rothenberg Ventures Management Company makes even more clear that the issue of loss as to Pilot Grove is resolved to a reasonable level of certainty.  Accordingly, the issue about Pilot Grove's losses was both teed up long ago and is not in serious dispute.

DATED: November 1, 2024                     Respectfully submitted,

RAVI T. NARAYAN
Attorney for the United States,
Acting Under Authority Conferred by 28 U.S.C. § 515

/s/
BENJAMIN K. KLEINMAN
NICHOLAS J. WALSH
Assistant United States Attorneys