```
MOEEL LAH FAKHOURY LLP
Hanni M. Fakhoury (State Bar No. 252629)
2006 Kala Bagai Way, Suite 16
Berkeley, CA 94704
Telephone:   (510) 500-9994
Email:       hanni@mlf-llp.com
```

Attorneys for Michael Rothenberg

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ROTHENBERG,<br><br>Defendant. | Case No.: 4:20-CR-00266-JST<br><br>**DEFENDANT'S RESPONSE TO COURT'S ORDER RE SENTENCING HEARING**<br><br>**Court:** Courtroom 6, 2nd Floor<br>**Hearing Date:** November 8, 2024<br>**Hearing time:** 9:30 a.m. |

Mr. Rothenberg submits this brief response to the Court's November 5, 2024 Order re Sentencing Hearing. *See* Dkt. 422.

HTC has suffered no loss. Government witness Praveen Gupta, who was HTC's Vice president of corporate investment and development in 2015, testified HTC recovered "somewhere between 1.5 to 2X" of its $2 million investment:

> Q. Okay. Let me start over. That was a bad question. HTC invested 2 million in the 2015 Fund.
> A. Correct.
> Q. Correct? You also testified that HTC received its money invested and more.
> A. Correct.
> Q. How much more than the $2 million invested did it receive?
> A. I do not recall the exact number. It was somewhere between 1.5 to 2X.
> Q. 1.5 to 2X return?
> A. 1.5 to 2X of the investment. The return was .5 to 1.

Dkt. 300, Reporter's Transcript Vol. 11, 2161:21-2162:5. The records produced by RV pursuant to the subpoena authorized by the Court corroborates the testimony that HTC received closed to a 2x

return on its investment. The records can be provided under seal should the Court wish to review them as the records are covered by a protective order.

As for the Court's second question about "member payments" or "member fees," this appears to be a reference to the Management Agreement between the 2013 Fund and Rothenberg Ventures Management Company ("RVMC"), and specifically paragraph 2(b) of that agreement which states:

> Except as set forth in Section 2(a) above, the Company [the 2013 Fund] shall pay, or reimburse the Management Company [RVMC] for, all other expenses of the Company (or other expenses incurred by the Management Company for or on behalf of the Company), including without limitation, expenses which are incurred in the purchase, holding, sale, exchange or other disposition of investments; commissions or brokerage fees or similar charges incurred in connection with the purchase and sale of securities (including, but not limited to, any merger or transaction fees payable to third parties); extraordinary expenses; fees for certain legal, auditing and accounting services provided to the Company; fees for investment banking, custodial and registration services provided to the Company; and fees and expenses with respect to claims against the Company and related litigation and threatened litigation matters involving the Company.

Exh. 394 at PDF p. 56.[1] The 2014 Fund Management Agreement contains identical language. *See* Exh. 18 at PDF p. 62, ¶ 2(b).[2]

While this language does not specifically use the phrase "member payment" or "member fee," it serves as a catchall allowing the Company (meaning the Fund) to pay certain expenses to the Management Company (meaning RVMC). Since the fund has "members" (meaning investors), it appears this is the contractual language the testimony was about, and there is thus a factual basis for Mr. Rothenberg's testimony on this subject.

Dated: November 7, 2024

Respectfully submitted,

MOEEL LAH FAKHOURY LLP

Hanni M. Fakhoury
Attorneys for Michael Rothenberg

---

[1] Exhibit 394 was not admitted into evidence but Exhibit 11, which is the same document, was admitted.

[2] This exhibit was not admitted into evidence.