MOEEL LAH FAKHOURY LLP
Hanni M. Fakhoury (State Bar No. 252629)
2006 Kala Bagai Way, Suite 16
Berkeley, CA 94704
Telephone: (510) 500-9994
Email: hanni@mlf-llp.com

Attorneys for Michael Rothenberg

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ROTHENBERG,<br><br>Defendant. | Case No.: 4:20-CR-00266-JST<br><br>**MOTION TO WITHDRAW AS COUNSEL**<br><br>**Court:** Courtroom 6, 2nd Floor<br>**Hearing Date:** November 8, 2024<br>**Hearing Time:** 9:30 a.m. |

TO: RAVI T. NARAYAN, UNITED STATES ATTORNEY UNDER 28 U.S.C. § 515; NICHOLAS J. WALSH, ASSISTANT UNITED STATES ATTORNEY; AND BENJAMIN K. KLEINMAN, ASSISTANT UNITED STATES ATTORNEY.

PLEASE TAKE NOTICE that counsel for defendant Michael Rothenberg moves this Court to withdraw from the representation and requests substitute counsel be appointed to represent Mr. Rothenberg. This motion is made pursuant to the Sixth Amendment to the U.S. Constitution, 18 U.S.C. § 3006A and the ex parte under seal declarations filed concurrently with this motion. This motion will be heard November 8, 2024 at 9:30 a.m.

# INTRODUCTION

For the reasons that follow, as well as the ex parte under seal declarations filed in connection with this motion, defense counsel asks this Court to permit him to withdraw.

# STATEMENT OF FACTS

Mr. Rothenberg was charged in a 23-count superseding indictment, issued August 20, 2020, with a variety of fraud offenses. Dkt. 15. The Federal Public Defender was appointed to represent Mr. Rothenberg on November 16, 2020, after Mr. Rothenberg submitted a form CJA23 financial affidavit demonstrating he qualified for court appointed counsel under 18 U.S.C. § 3006A. Dkt. 30. An attorney in the San Francisco Federal Public Defender's office entered her appearance that same day.

On December 8, 2020, this Court related Mr. Rothenberg's criminal case with a prior civil case before this Court, *SEC v. Rothenberg*, 4:18-CV-05080-JST. Dkt. 32. As a result of the case being transferred to the Oakland division, the case was reassigned to undersigned defense counsel while he was employed by the Federal Public Defender, who entered his appearance in the case on January 21, 2021. Dkt. 37. When undersigned counsel left the Federal Public Defender's Office in April 2021 to start his own law firm, he continued to represent Mr. Rothenberg through the Criminal Justice Act, 18 U.S.C. § 3006A. Dkt. 41.

On October 25, 2021, this Court severed Count One, charging Mr. Rothenberg with bank fraud in violation of 18 U.S.C. § 1344, and Count Two, charging false statements to a bank in violation of 18 U.S.C. § 1014, from the remainder of the charges in the superseding indictment for trial. Dkt. 101. Counts One and Two proceeded to trial in November 2022, resulting in a mistrial after jurors were deadlocked and could not reach a unanimous decision. Dkt. 205

Counts Three through Twenty-Three proceeded to a seven-week jury trial held from October 3, 2023 to November 16, 2023. The jury returned a guilty verdict on November 16, 2023. Tr. Vol. 26 at 4569:8-4574:13; Dkt. 337, 339.

On January 12, 2024, undersigned defense counsel moved this Court to appoint advisory counsel or, alternatively, to withdraw from the representation. Dkt. 366. This Court granted the request on March 4, 2024, and appointed advisory counsel "solely for the limited purpose of reviewing the facts of the case and advising Rothenberg regarding the potential for a claim of

ineffective assistance of counsel" by undersigned counsel at trial. Dkt. 377. Attorney James Thomson was appointed as advisory counsel for Mr. Rothenberg on March 6, 2024. Dkt. 379.

Throughout the spring and summer, Mr. Rothenberg's sentencing was continued a number of times by stipulation of the parties in order for Mr. Rothenberg to file renewed post-trial motions, and then as the parties were attempting to resolve issues surrounding the "loss" calculation under the U.S. Sentencing Guidelines. Dkt. 352, 353, 382, 383, 388, 389, 401, 403. In connection with the "loss" calculation, the Court authorized the issuance of two subpoenas to permit Mr. Rothenberg to obtain financial records from Rothenberg Ventures and Pilot Grove Management, LLC, which would be relevant to the issue of "loss" under the Sentencing Guidelines. Dkt. 392, 393, 397, 398.

On October 25, 2024, Mr. Rothenberg filed a motion to continue the sentencing hearing, arguing that he needed time to obtain additional documents relevant to the loss inquiry. Dkt. 407. He also noted that advisory counsel had filed a status report requesting the Court set a status conference to discuss the matter of any potential ineffective assistance of counsel claim, and thus a continuance was also necessary in case Mr. Rothenberg wished to pursue a motion for new trial under Federal Rule of Criminal Procedure 33 on the basis of ineffective assistance of trial counsel. Dkt. 406; *see United States v. Jensen,* 2010 WL 3809988 (E.D. Wash. Sept. 27, 2010) (granting Rule 33 motion for new trial due to ineffective assistance of counsel).

On November 4, 2024, this Court denied the motion to continue sentencing. Dkt. 419. It ruled that it had been "known since at least November 2023 that records concerning the losses suffered by each of Mr. Rothenberg's victims would be relevant. That post-trial motions were made and decided since that time did not prevent counsel from also pursuing discovery or relieve counsel of the obligation to prepare for sentencing." Dkt. 419 at 2. It also ruled that the Court was "unaware of any case, and Rothenberg cites none, continuing a sentencing hearing so that a defendant could pursue an ineffective assistance of counsel claim before final judgment has even been entered." *Id.*

On November 5, 2024, defense counsel met with Mr. Rothenberg in counsel's office in Berkeley to discuss the sentencing hearing. So as not to reveal attorney-client privileged communications to the government, more details of that meeting and its relevance to this request to withdraw are being provided in concurrently filed ex parte under seal declarations.

**ARGUMENT**

The Sixth Amendment guarantees the right of counsel in a criminal case, and under 18 U.S.C. § 3006A(c), a "court may, in the interest of justice, substitute one appointed counsel for another at any stage of the proceedings." Based on the facts provided in the under seal ex parte declarations filed concurrently with this motion, the Court should permit undersigned counsel to withdraw and appoint new counsel to represent Mr. Rothenberg.

Northern District Criminal Local Rule 44-2(b) states that "An attorney who wishes to withdraw must file a motion to withdraw, showing good cause for allowing the attorney to withdraw." Several factors are considered in a "motion for withdrawal, including: (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Atkins v. Bank of Am., N.A.*, 3:15-CV-00051-MEJ, 2015 WL 4150744, at *1 (N.D. Cal. July 9, 2015).

Undersigned counsel respectfully requests this Court permit him to withdraw for the reasons detailed in the ex parte under seal declarations filed with this motion.

**CONCLUSION**

For the reasons above and in the under seal ex parte declarations, counsel requests this Court permit him to withdraw.

Dated:   November 7, 2024         Respectfully submitted,

                                  MOEEL LAH FAKHOURY LLP

                                  Hanni M. Fakhoury
                                  Attorneys for Michael Rothenberg

MOTION TO WITHDRAW
*United States v. Rothenberg*, 4:20-CR-00266-JST

3