GAIL SHIFMAN (SBN 147334)
Law Office of Gail Shifman
2431 Fillmore Street
San Francisco, CA 94115
Tel:    (415) 551-1500
Email: gail@shifmangroup.com

Attorneys for Defendant
MICHAEL ROTHENBERG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

—ooo—

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL ROTHENBERG,<br><br>    Defendants. | Case No.  4:20-cr-00266 JST<br><br>**MOTION TO WITHDRAW AS COUNSEL**<br><br>Date:  September 19, 2025<br>Time:  9:30 a.m.<br>Court: Courtroom 6, 2nd Fl. |

TO:   CRAIG MISSAKIAN, UNITED STATES ATTORNEY; NICHOLAS J. WALSH, AND BENJAMIN K. KLEINMAN, ASSISTANT UNITED STATES ATTORNEYS;

PLEASE TAKE NOTICE that counsel for defendant Michael Rothenberg moves this Court to withdraw from the representation and requests substitute counsel be appointed to represent Mr. Rothenberg. This motion is made pursuant to the Sixth Amendment to the U.S. Constitution, 18 U.S.C. § 3006A, the ex parte under seal declaration filed concurrently with this motion and the hearing on this motion.  Contemporaneously with this request, Mr. Rothenberg requests the modification of the briefing schedule for the filing of any motion for new trial based

MOTION TO WITHDRAW AS COUNSEL        1

on ineffective assistance of counsel to dates that will allow new counsel sufficient time to review, prepare and file the motion so as to prevent undue prejudice to him.

Dated: September 12, 2025               Respectfully submitted,

                                        */s/ Gail Shifman*
                                        _____
                                        Gail Shifman
                                        Attorneys for Defendant
                                        MICHAEL ROTHENBERG

## I. **STATEMENT OF FACTS**

Mr. Rothenberg was charged in a 23-count superseding indictment, issued August 20, 2020, with a variety of fraud offenses. Dkt. 15. The Federal Public Defender was appointed to represent Mr. Rothenberg on November 16, 2020. Dkt. 30. An attorney in the San Francisco Federal Public Defender's office entered her appearance that same day. On December 8, 2020, this Court related Mr. Rothenberg's criminal case with a prior civil case before the Court, *SEC v. Rothenberg*, 4:18-CV-05080-JST. Dkt. 32. As a result of the case being transferred to the Oakland division, the case was internally reassigned to AFPD Hanni M. Fakhoury while he was employed by the Federal Public Defender, who entered his appearance on January 21, 2021, Dkt. 37, who continued his representation of Mr. Rothenberg when he left the Federal Public Defender's Office in April 2021 to start his own law firm, through the Criminal Justice Act, 18 U.S.C. § 3006A. Dkt. 41.

On October 25, 2021, the Court severed Count One, charging Mr. Rothenberg with bank fraud in violation of 18 U.S.C. § 1344, and Count Two, charging false statements to a bank in violation of 18 U.S.C. § 1014, from the remainder of the charges in the superseding indictment for trial. Dkt. 101. Counts One and Two proceeded to trial in November 2022, resulting in a mistrial after jurors were deadlocked and could not reach a unanimous decision. Dkt. 205

Counts Three through Twenty-Three proceeded to a seven-week jury trial held from October 3, 2023 to November 16, 2023. The jury returned a guilty verdict on November 16, 2023. Tr. Vol. 26 at 4569:8-4574:13; Dkt. 337, 339.

On March 4, 2024, the Court appointed advisory counsel "solely for the limited purpose of reviewing the facts of the case and advising Rothenberg regarding the potential for a claim of ineffective assistance of counsel" by undersigned counsel at trial. Dkt. 377. Attorney James Thomson was appointed as advisory counsel for Mr. Rothenberg on March 6, 2024. Dkt. 379.

Throughout the spring and summer, Mr. Rothenberg's sentencing was continued a number of times by stipulation of the parties in order for Mr. Rothenberg to file renewed post-trial motions, and then as the parties worked to resolve issues surrounding the "loss" calculation under the U.S. Sentencing Guidelines. Dkt. 352, 353, 382, 383, 388, 389, 401, 403. In connection with the "loss" calculation, the Court authorized the issuance of two subpoenas to permit Mr.

Rothenberg to obtain financial records from Rothenberg Ventures and Pilot Grove Management, LLC, which would be relevant to the issue of "loss" under the Sentencing Guidelines. Dkt. 392, 393, 397, 398.

On October 25, 2024, Mr. Rothenberg filed a motion to continue the sentencing hearing, arguing that he needed time to obtain additional documents relevant to the loss inquiry. Dkt. 407. He also noted that advisory counsel had filed a status report requesting the Court set a status conference to discuss the matter of any potential ineffective assistance of counsel claim, and thus a continuance was also necessary in case Mr. Rothenberg wished to pursue a motion for new trial under Federal Rule of Criminal Procedure 33 on the basis of ineffective assistance of trial counsel. Dkt. 406; *see United States v. Jensen,* 2010 WL 3809988 (E.D. Wash. Sept. 27, 2010) (granting Rule 33 motion for new trial due to ineffective assistance of counsel).

On November 4, 2024, this Court denied the motion to continue sentencing. Dkt. 419. It ruled that it had been "known since at least November 2023 that records concerning the losses suffered by each of Mr. Rothenberg's victims would be relevant. That post-trial motions were made and decided since that time did not prevent counsel from also pursuing discovery or relieve counsel of the obligation to prepare for sentencing." Dkt. 419 at 2. It also ruled that the Court was "unaware of any case, and Rothenberg cites none, continuing a sentencing hearing so that a defendant could pursue an ineffective assistance of counsel claim before final judgment has even been entered." *Id.*

On November 7, 2024, Mr. Fakhoury filed a motion to withdraw, Dkt. 426, which was granted by the Court the same day. Dkt. 430. Undersigned counsel was appointed to represent Mr. Rothenberg in this case on January 17, 2025, Dkt. 431. On May 7, 2025, the Court granted a continuance of a status hearing because counsel continued to review trial transcripts, relevant exhibits, and discovery. Dkt. 433.

Then on May 30, 2025, a status hearing was held, and a briefing schedule was set for an anticipated motion based on ineffective assistance of counsel while undersigned counsel continued her review and analysis of relevant transcripts, discovery, exhibits and materials. Dkt. 434. On September 2, 2025, the Court granted a stipulated modification and extension of the filing dates

and hearing, if any, for a motion for new trial based on ineffective assistance of counsel requested for the reason that undersigned defense counsel erred in the accurate calendaring of the briefing schedule dates. Dkt. 436.

On today's date, September 12, 2025, a complete breakdown in the attorney-client relationship occurred between Mr. Rothenberg and undersigned counsel and a discharge of undersigned counsel resulting in the filing of this motion. The breach of the attorney-client relationship is irreconcilable and undersigned counsel's inability to provide effective representation as required by the Sixth Amendment no longer exists.

## II.  ARGUMENT

The Sixth Amendment guarantees the right of counsel in a criminal case, and under 18 U.S.C. § 3006A(c), a "court may, in the interest of justice, substitute one appointed counsel for another at any stage of the proceedings." Where, as here, an irreconcilable conflict exists between counsel and defendant, depriving the defendant of the guarantees of the Sixth Amendment, counsel is required to move to withdraw from representation and request that the Court substitute new counsel to represent the defendant.

This Memorandum addresses the issues to be determined by the Court and is filed to assist the Court during an ex-parte sealed inquiry, which is requested in this matter. Three factors must be addressed in the Court's inquiry: the adequacy of the district court's inquiry, the extent of any conflict, and the timeliness of the filing of the motion seeking new counsel. See *United States v. Musa*, 220 F.3d 1096, 1102 (9th Cir. 2000); *United States v. Corona-Garcia*, 210 F.3d 973, 976 (9th Cir. 2000); *United States of America v. Adelzo-Gonzalez*, 268 F.3d 772 (9th Cir. 2001); see also *United States v. Moore*, 159 F.3d 1154, 1158-59 & n.3 (9th Cir. 1998).

Northern District Criminal Local Rule 44-2(b) states that "An attorney who wishes to withdraw must file a motion to withdraw, showing good cause for allowing the attorney to withdraw." Several factors are considered in a "motion for withdrawal, including: (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants;

(3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Atkins v. Bank of Am., N.A.*, 3:15-CV-00051-MEJ, 2015 WL 4150744, at *1 (N.D. Cal. July 9, 2015).

### The Ex-Parte Inquiry and the Extent of the Conflict

Before ruling on a motion to substitute counsel due to an irreconcilable conflict, a district court must conduct "such necessary inquiry as might ease the defendant's dissatisfaction, distrust and concern." *United States v. Garcia*, 924 F.2d 925, 926 (9th Cir. 1991) (internal quotation and citation omitted); see also *Brown v. Craven*, 424 F.2d 1166, 1170 (9th Cir. 1970). The inquiry must also provide a "sufficient basis for reaching an informed decision." *United States v. McClendon*, 782 F.2d 785, 789 (9th Cir. 1986).

The questions need not focus on counsel's ability to provide adequate representation but instead must focus on the status and quality of the attorney-client relationship. See *Musa*, 220 F.3d at 1102 ("Even if a defendant's counsel is competent, a serious breakdown in communication can result in an inadequate defense."); *D'Amore*, 56 F.3d at 1206 ("[A] court may not deny a substitution motion simply because it thinks current counsel's representation is adequate.") See *United States v. Nguyen*, 262 F.3d 998 (9th Cir. 2001). Where the relationship between attorney and client is antagonistic, lacking in trust, and quarrelsome, it will be error to deny the substitution of counsel. *See United States v. Williams*, 594 F.2d 1258, 1260 (9th Cir.1979) (sufficient conflict where defendant "was forced into trial with a particular lawyer with whom he was dissatisfied, with whom he would not cooperate, and with whom he would not, in any manner whatsoever, communicate"). An irreconcilable conflict that exists between a defendant and his counsel substantially interferes with counsel's ability to provide adequate representation.

Where, as here, the conflict is based on more than a dispute regarding trial tactics, *United States v. Carter*, 560 F.3d 1107 (9th Cir. 2009); *United States v. McKenna*, 327 F.3d 830, 844 (9th Cir. 2003) courts have granted a motion to substitute. *See, e.g., United States v. Adelzo-Gonzalez*,

268 F.3d 772, 779 (9th Cir. 2001); *United States v. Moore*, 159 F.3d 1154, 1160 (9th Cir. 1998); *United States v. Walker*, 915 F.2d 480, 483-84 (9th Cir. 1990).

This motion is made immediately following the breakdown in the attorney client relationship. It is not made for purposes of delay but is instead being made because of the complete breakdown in the attorney client relationship. Given the fundamental nature of this constitutionally protected right, it is essential that a charged defendant be afforded counsel who can guarantee the delivery of effective assistance.

Based on the facts provided in the under-seal ex-parte declaration filed concurrently with this motion, and those heard at the ex-parte hearing in this matter, the Court should permit undersigned counsel to withdraw and appoint new counsel to represent Mr. Rothenberg and provide new counsel with the opportunity to review the record, prepare, and file, a motion for new trial, if any, based on ineffective assistance of counsel.

### III. CONCLUSION

For the reasons above and in the underseal ex parte declaration, counsel requests this Court permit her to withdraw and modify and extend the filing and hearing dates to permit new counsel sufficient time to review, analyze and prepare the motion for new trial based on ineffective assistance of counsel should s/he determine its appropriateness.

Dated: September 12, 2025            Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　 */s/ Gail Shifman*
　　　　　　　　　　　　　　　　　　　　　　 ―――――――――――――――――
　　　　　　　　　　　　　　　　　　　　　　 Gail Shifman
　　　　　　　　　　　　　　　　　　　　　　 Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　　　 MICHAEL ROTHENBERG