UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA  **ORIGINAL**

Before The Honorable JON S. TIGAR, Judge

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **Status Conference** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CR 20-00266JST |
| | ) | |
| MICHAEL BRENT ROTHENBERG, | ) | **Pages 1 - 16** |
| a/k/a MIKE ROTHENBERG, | ) | |
| | ) | |
| Defendant. | ) | Oakland, California |
| _____ | ) | Thursday, November 7, 2024 |

**REPORTER'S TRANSCRIPT OF ZOOM WEBINAR PROCEEDINGS**

**APPEARANCES (VIA ZOOM):**

For Plaintiff:        THOMAS A. COLTHURST, ESQ.
                      Attorney for the United States
                      Acting under Authority conferred by
                      28 USC §515
                      1301 Clay Street, Suite 340S
                      Oakland, California  94612
                  BY: BENJAMIN K. KLEINMAN,
                      NICHOLAS J. WALSH,
                      ASSISTANT UNITED STATES ATTORNEYS

For Defendant:        MOEEL LAH FAKHOURY LLP
                      1300 Clay Street, Suite 600
                      Oakland, California  94612
                  BY: HANNI M. FAKHOURY, ATTORNEY AT LAW

                      Law Office of Nathaniel J. Torres
                      338 Fillmore Street #4
                      San Francisco, California  94117
                  BY: NATHANIEL J. TORRES, ATTORNEY AT LAW

            (Appearances continued next page)

Reported via Zoom By: Raynee H. Mercado
                      CSR. No. 8258

   Proceedings reported by electronic/mechanical stenography;
transcript produced by computer-aided transcription.

*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR, CCRR (510) 565-7228*

**A P P E A R A N C E S (CONT'D.)**

```
For Defendant as        Law Offices of James S. Thomson
Advisory Counsel:       732 Addison Street, Suite A
                        Berkeley, California  94710
                   BY:  JAMES S. THOMSON, ATTORNEY AT LAW
```

--o0o--

```
 1    Thursday, November 7, 2024                              2:59 p.m.
 2                          P R O C E E D I N G S
 3                              (Zoom Webinar)
 4                                 --o0o--
 5
 6         THE CLERK:  The U.S. District Court is now in
 7    session, the Honorable Jon S. Tigar presiding.
 8         Calling criminal case number 20-266-JST-1, United States
 9    of America versus Michael Brent Rothenberg.
10         Counsel, please state your appearances, beginning with the
11    plaintiff.
12         MR. WALSH:  Good afternoon, Your Honor.  Nicholas
13    Walsh and Ben Kleinman for the United States.
14         MR. FAKHOURY:  And good afternoon, Your Honor.  Hanni
15    Fakhoury on behalf of Mr. Rothenberg.
16         Mr. Rothenberg's present.  He's out of custody.
17         We're -- we consent to a Zoom appearance.
18         Also appearing is Mr. Torres, who is my co-counsel.  And I
19    see Mr. Thomson here, and I'll let him make his appearance as
20    well.
21         THE COURT:  Mr. Thomson, your microphone appears to
22    be muted.
23         MR. THOMSON:  Yes, Your Honor.  James Thomson on
24    behalf of Mr. Rothenberg as advisory counsel, I guess I should
25    say.
```

1           **THE COURT:** Thank you.
2       Ms. Polk?
3           **THE PROBATION OFFICER:** Good afternoon, Your Honor,
4   Ashley Polk with U.S. Probation.
5           **THE COURT:** Okay. I think that does it.
6       This proceeding is being reported. We are proceeding by
7   Zoom. I don't think -- we're using the nonpublic line so I
8   don't think that we have any concerns under Federal Rule of
9   Criminal Procedure 53. I note that everyone has consented to
10  proceed by Zoom.
11      I got a motion today. I may or may not decide the motion
12  in this hearing, but that motion implicates a lot of other
13  procedural steps in the case, and depending on what happens
14  with the motion, it may affect scheduling in the future.
15      And so I wanted to -- and also it may affect victims if
16  any victims were planning to appear tomorrow.
17      So for all those reasons, I wanted to have a brief
18  discussion with you. I don't in any way want to make rulings
19  too hastily or do anything that deprives anybody of process
20  they think they're entitled to. So if you think that's
21  happening, you should let me know.
22      Let me start by asking the government to let me know
23  whether you anticipate that victims intend to appear in court
24  for purposes of addressing the Court tomorrow?
25          **MR. WALSH:** Your Honor, I do not believe victims will

1    be appearing tomorrow.
2         **THE COURT:** Okay.  Well, that simplifies things to
3    some extent.
4         The motion that was filed today is -- is Mr. Fakhoury's
5    motion to withdraw.  And I signed an order permitting the
6    declarations accompanying that motion to be filed under seal
7    and on an ex-parte basis.
8         If that motion were granted, Mr. Thomson, would you be
9    willing to take over representation of the case in its
10   entirety as Mr. Rothenberg's lawyer?
11        **MR. THOMSON:** I don't think I could take it over in
12   its entirety, Your Honor.  I mean I -- I'm not sufficiently
13   aware of the -- of the full aspects of the case to do anything
14   with respect to sentencing.
15        **THE COURT:** Yes.  So let's assume the following
16   hypothetical facts.
17        The motion -- well, first of all, if the motion to
18   withdraw is granted, we're not going forward with sentencing
19   tomorrow.  That will not occur.
20        Mr. Rothenberg has not made a *Faretta* motion.  He has not
21   indicated any intent to represent himself.  And I'm not going
22   to allow a defendant to go through a sentencing hearing
23   unrepresented.
24        So if the reason for your response, Mr. Thomson, is that
25   you could not be ready for a sentencing tomorrow, you can

1    assume that if the Court were appointing you, there would not
2    be a sentencing tomorrow.
3        Would that change your answer?
4            **MR. THOMSON:** It -- it might, Your Honor. And it
5    would only depend on what the then schedule would be if the
6    Court is actually asking me to step in and conduct the
7    sentencing. Because that's a voluminous amount of work so I
8    don't --
9            **THE COURT:** Yes.
10           **MR. THOMSON:** -- want to say yes without thinking
11   about -- without knowing what that schedule would be.
12           **THE COURT:** Fair enough.
13       I think I might be just about done. Although before we
14   conclude the hearing, I'll go around and ask counsel if
15   there's anything they want to say.
16       Mr. Fakhoury, if the Court's indicated ruling were to
17   grant the motion to withdraw, are you requesting a hearing on
18   the motion to withdraw?
19           **MR. FAKHOURY:** If the Court's -- if the indication --
20           **THE COURT:** The Court's tentative ruling is to grant
21   the motion to withdraw. Are you requesting a hearing on that
22   motion?
23           **MR. FAKHOURY:** No, Your Honor.
24           **THE COURT:** Mr. Walsh, would you like to be heard --
25   well, would you like to be heard with regard to any issue that

1    has been raised thus far in the hearing?

2    **MR. WALSH:** Your Honor, the only -- obviously the
3    government does not have the information to have any awareness
4    of the nature of the motion other than its goal.  So the
5    government doesn't take any position on that.

6    I will point out, though, that Mr. Torres, at least on its
7    face of that motion, is not the subject of the motion to
8    withdraw.  And Mr. Torres, in theory, could go forward
9    tomorrow even if Mr. Fakhoury was to withdraw.

10   Now it, of course, depends on what the nature of the
11   reasoning for the motion to withdraw is.  So I just point that
12   out, Your Honor.

13   **THE COURT:** All right.  Let's put that to one side
14   for a moment.

15   Mr. Thomson, you were appointed by the Court to serve as
16   advisory counsel for the purpose of advising Mr. Rothenberg
17   regarding whether he might have a meritorious motion for a new
18   trial based on ineffective assistance of counsel.

19   Have I accurately captured the basis of your appointment?

20   **MR. THOMSON:** I think, Your Honor, I -- I was
21   appointed not as a -- like a possible 2255 counsel, if you
22   will, or not as a -- as a *Strickland* expert in terms of
23   whether I thought that there was some basis for it, but I was
24   appointed for the purposes of advising him as to what he would
25   do were he to pursue his -- his motion or his litigation

1    with -- with regard to his representation by Mr. Fakhoury and
2    perhaps by Mr. Torres, I'm not aware.  And I've done that.
3    I've advised him.
4         But I have not -- I've not looked at it in terms of either
5    a *Strickland* expert or as a 2255 counsel.  So I don't know if
6    that slight nuance -- I mean I have some opinions obviously
7    and some ideas about the issues that were presented to me by
8    Mr. Rothenberg, and I'm glad to express those.  I think that
9    might be in camera.
10        But in terms of the way that the Court characterized my
11   appointment, I don't think that's quite what I had in mind.
12            **THE COURT:**  I see.  All right.
13        Perhaps I have one more question for Mr. Fakhoury.
14        And, Mr. Fakhoury, in light of the pendency of the motion
15   to withdraw, you could -- you could say to me that you were
16   unable to answer the question based on the pendency of that
17   motion, I suppose.
18        You recently filed a motion to continue sentencing on the
19   grounds that you were in the process of obtaining additional
20   documents concerning an investor called Pilot Grove, and you
21   wished to have more time to complete obtaining those
22   documents.  And the Court denied the motion.
23        If the Court grants the motion to withdraw, it will
24   necessarily have the effect of continuing the sentencing date,
25   which accordingly will create more time that could be used to

1  obtain documents about Pilot Grove.
2      And my question for you -- well, never mind.  I think I --
3  I'm not even going to finish the question.  I think I know the
4  answer to the question.
5      Okay.  Well, Mr. Thomson, it sounds like you have not
6  considered whether you would be appointed as Mr. Rothenberg's
7  principal counsel in the case.  And my -- I guess my question
8  for you is whether you would like an opportunity to consider
9  whether you would accept such an appointment or whether you
10 know now that you would not accept that appointment?
11         **MR. THOMSON:**  Well, Your Honor, I mean I never -- the
12 purpose of me being advisory counsel was really to advise
13 Mr. Rothenberg of -- like he, for example -- and I guess I can
14 say this generically.  He had a number of issues that he
15 believed needed to be considered with respect to his -- the
16 representation he received.
17     I went over that list with him.  I reviewed lots of
18 documents.  I had many discussions with him.  I had
19 discussions with the government.  I had discussions with
20 Mr. Fakhoury regarding the case.
21     And based upon that, I think I was able to advise
22 Mr. Rothenberg as to the, if you will, for lack of better
23 term, the merits of those issues in terms of whether they
24 should go, some of which I simply said these are not issues
25 that -- that you could pursue or in my opinion you would be

1    able to pursue in the avenue that you're looking forward to.
2        And then as to other ones, I had some discussion with him.
3    And then I had some notes about, you know, how he might go
4    about handling that, which is through talking to his counsel,
5    Mr. Fakhoury.  And then ultimately if he decided he wanted to
6    pursue this, that to let counsel know, and then counsel would
7    make a decision as to what pleading to file, if any, and
8    whether a declaration was to be attached or anything else.
9        So that -- that was kind of my -- my purpose.  So in terms
10   of looking at this as to take it over, I wasn't looking to
11   accept a case.  I don't know any -- enough about the case to
12   take any position about, yes, I could or, no, I couldn't,
13   without really thinking about it, and without knowing the
14   schedule that the Court might, you know, impose.
15       There are other counsel obviously that are just as
16   qualified as I am that could help if the Court wants to assign
17   another counsel.
18       I'm certainly willing to help the Court and Mr. Rothenberg
19   if that were the case.  But I don't want to commit to
20   something that is going to require a lot of work that I may
21   not have time for, in which case Mr. Rothenberg is not in any
22   better situation than he might be now.
23           **THE COURT:**  All right.  I grant the motion to
24   withdraw.  I make no appointment now concerning
25   Mr. Rothenberg's new counsel.  I refer the case to the

1  magistrate court for the appointment of new counsel.  The
2  magistrate judge and the panel can make a determination in
3  their own judgment as to appropriate substitute counsel.
4       Mr. Thomson, we've scheduled this question for hearing
5  tomorrow, and we could -- I don't need to advance the hearing
6  if it disadvantages your interests in any way.  But I issued
7  notice that at tomorrow's hearing, I would need to be shown
8  that your appointment in the advisory basis that you have
9  described needs to continue past tomorrow.
10       And my question for you is does it?
11          **MR. THOMSON:**  Not if the Court has assigned the
12  matter to the CJA panel for determination and appointment of
13  new counsel, it doesn't.
14          **THE COURT:**  Yeah.  You've made plain today that you
15  were not appointed to write a motion for new trial --
16          **MR. THOMSON:**  That's correct.
17          **THE COURT:**  -- based on ineffective assistance of
18  counsel.  And based on that representation, I don't think -- I
19  don't see any reason why that appointment needs to be
20  continued.
21       I thank you for your work.  I will say in front of
22  everyone here you're among the most highly regarded lawyers on
23  our panel, and so I'm sure that Mr. Rothenberg got good advice
24  on this question.
25       But at this point going forward, I think he needs somebody

1    who can finish the case in terms of sentencing.  And I don't
2    know what role appointed counsel might or might not have in
3    filing a motion for new trial.  That's a decision someone else
4    will make at some other time.  But I think that your work on
5    the case is done, and I -- I thank you for it.  But I relieve
6    you of that appointment.
7              **MR. THOMSON:**  Thank you, Your Honor.
8              **THE COURT:**  I will set a backstop case management
9    conference date, understanding that new counsel has not been
10   appointed but wanting very much to keep my eye on the schedule
11   of this case.
12        I can anticipate, for example, setting a date by which a
13   motion for new trial based on ineffective assistance of
14   counsel either needs to be filed or that a notice be filed
15   that no such motion will be filed just so it can be known one
16   way or another.
17        I will observe, for what it's worth, that in this period
18   of time prior to sentencing, whenever that occurs, all of the
19   documents concerning Pilot Grove may come in.
20        And if they do, there will be an opportunity for
21   Mr. Rothenberg's new lawyers and the government to determine
22   whether those documents have any effect on the sentencing
23   guidelines.  And that may have a spillover effect to many of
24   the issues that we discussed today.  That's not the reason for
25   the Court's ruling, but it's a collateral effect.

1           I would propose setting the matter at 9:30 a.m. on
2    January 17th, 2025.  It's two months from now.  It's a little
3    far away, but we've got some holidays coming up.  By that time
4    I would expect that new counsel will have a very good idea
5    what's going on and we will be in a position to more fully
6    schedule the case.
7           **MR. THOMSON:**  And I take it from the Court's ruling,
8    I'm not -- not expected to be there at that date.
9           **THE COURT:**  Well, it's a public proceeding.
10          **MR. THOMSON:**  Thank you.
11          **THE COURT:**  But -- but I don't -- unless -- unless
12   you suggest to the panel that you are available for
13   appointment or you are appointed otherwise, you will no longer
14   have -- you will no longer be counsel of record in any
15   capacity on the case.  In fact, that will be true at 4:00 p.m.
16   today.
17          **MR. THOMSON:**  That's great, Your Honor.  Thank you.
18          **THE COURT:**  That date of January 17, 2025, is
19   obviously subject to being continued or advanced once
20   Mr. Rothenberg has new counsel and the parties have had an
21   opportunity to meet and confer.
22          I will also state, just to put a bow on it, that I
23   considered Mr. Walsh's comments regarding the possibility of
24   Mr. Torres' continuing with Mr. Rothenberg's representation.
25   And based on the motion that was filed, I don't believe that

1  would be a prudent course of action.  And so I have not -- I
2  considered that possibility because Mr. Walsh raised it, but I
3  don't think it's realistic so I've not done that.
4      Well, I -- this is among the sentencing hearings I was
5  most prepared for.  I'm sure many of the people on the screen
6  can say the same thing.  But it is what it is.
7      That's all I have for today.  Any further comments from
8  anyone?
9          **MR. WALSH:**  Your Honor, you indicated you were going
10 to refer it to the magistrate court for appointment.  Is that
11 in terms of setting a date for appearance of counsel?  Or
12 we'll just hear through the -- through the court that a new
13 counsel has been appointed?
14         **THE COURT:**  That's a good question.  I'm going to
15 betray my ignorance.  Normally when I get to that part of the
16 hearing, I just sort of mumble and then someone makes all the
17 things happen that need to happen to make sure that someone's
18 rights are being adequately protected and the case is being
19 appropriately scheduled.
20     Ms. Shoblo, can you be Christian to my Cyrano and help me
21 answer Mr. Walsh's question?
22         **THE CLERK:**  Yes.  Parties will be notified on the
23 docket once a magistrate judge is appoint -- it will be in the
24 minutes, and it gets referred to the magistrate judge for
25 appointment of counsel.

1           **MR. FAKHOURY:** I'm don't mean to interrupt, but if
2    the Court wants, I'm happy to reach out to Mr. Deang who is
3    the panel administrator, the Federal Public Defender's office,
4    and just let him know that new counsel is needed. And he
5    would then be the one who would identify new counsel, and then
6    could prepare like a proposed order that would be submitted to
7    the court appointing counsel.
8           And we could tell him that new counsel needs to be in
9    place before the January status conference. And usually he
10   works pretty promptly. So I'm happy to do that if that's what
11   the Court wants.
12          **THE COURT:** I think you'd be helping the Court and
13   the parties if you did that.
14          **MR. FAKHOURY:** Not a problem. Happy to do it, Your
15   Honor.
16          **THE COURT:** All right. Anything further?
17       That concludes --
18          **MR. FAKHOURY:** So --
19          **THE COURT:** Thank you.
20          **MR. FAKHOURY:** I'm sorry, Your Honor. So I take it
21   there -- the sentencing hearing is now -- the one tomorrow is
22   vacated.
23          **THE COURT:** The sentencing hearing is vacated.
24          **MR. FAKHOURY:** Understood.
25          **THE COURT:** It will be reset -- hopefully it will be

1  reset at the hearing on January 17.
2          **MR. FAKHOURY:**  Understood.
3          **THE COURT:**  If it isn't, it will be because we're
4  scheduling other proceedings.
5          **MR. FAKHOURY:**  Understood.  Thank you, Your Honor.
6          **THE COURT:**  Thank you.
7          **MR. WALSH:**  Thank you, Your Honor.
8              (Proceedings were concluded at 3:19 P.M.)
9                              --o0o--
10
11
12                      **CERTIFICATE OF REPORTER**
13
14          I certify that the foregoing is a correct transcript
15  from the record of proceedings in the above-entitled matter.
16  I further certify that I am neither counsel for, related to,
17  nor employed by any of the parties to the action in which this
18  hearing was taken, and further that I am not financially nor
19  otherwise interested in the outcome of the action.
20
21          _____
22          Raynee H. Mercado, CSR, RMR, CRR, FCRR, CCRR
23                  Sunday, November 2, 2025
24
25